UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., DOMINION VOTING SYSTEMS, INC., and DOMINION VOTING SYSTEMS CORPORATION,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>PATRICK BYRNE,<br><br>    *Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Case No. 1:21-cv-2131 (CJN)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**JOINT MEET AND CONFER REPORT
UNDER LOCAL CIVIL RULE 16.3**

This Meet and Confer Report ("Rule 16 Report") is submitted pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 16.3(c), and the Court's May 12, 2022 Order requiring the Parties to submit a joint meet-and-confer statement. The Parties met and conferred telephonically on May 18, 2022, and by email between and after that date. The Parties' positions on the issues identified in Local Civil Rule 16.3(c) are outlined below. At the end of this Rule 16 Report, the Parties provide their respective views on a proposed scheduling order under Local Civil Rule 16.3(d).

    **A.  Parties' Positions on Issues Raised by Local Civil Rule 16.3(c)**

**(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the Parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

    Plaintiffs' Position: The Court has denied Byrne's motions to dismiss in full. (ECF No. 33.) Byrne did not appeal this Court's denial of his motion to dismiss. This case is not likely to be disposed of in full by dispositive motion, although Plaintiffs reserve the right to seek summary judgment in whole or in part, depending on how discovery develops.

1

Byrne's Position: There are presently no dispositive motions pending before the Court. Byrne is prepared to commence discovery, and as the matter proceeds, he will seek summary judgment in whole or in part at the appropriate phase of the case, or if necessary, defend this case on the merits before a properly instructed jury.

**(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

The Parties do not currently foresee the need to amend the pleadings or add other parties. The Parties reserve all rights to seek to add parties or amend the pleadings as provided under the Federal Rules of Civil Procedure as the Parties' ongoing investigation into factual issues related to this case unfolds. The Parties do not currently agree on the operative facts and law. However, the Parties will endeavor to attempt to narrow the scope of disputed issues as the case proceeds.

**(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

Pursuant to Local Rule 16.3(d), "the parties' report shall not indicate their respective positions on assignment to a magistrate judge unless all parties agree to such assignment." Because all parties do not agree to such assignment, this report shall not indicate the Submitting Parties' respective positions.

**(4) Whether there is a realistic possibility of settling the case.**

Plaintiffs' Position: Given the devastating harm to Plaintiffs, and the lack of remorse shown by Byrne, Plaintiffs do not believe any realistic possibility of settlement exists.

Byrne's Position: Setting aside Plaintiffs' characterizations of the merits, which Byrne denies, the Parties have not engaged in settlement discussions and it is unclear at this time whether there is a realistic possibility of settlement.

**(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

The Parties do not believe this case would benefit from the Court's alternative dispute resolution procedures at this time.

**(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

This Court has already denied Byrne's motion to dismiss. Plaintiffs and Byrne intend to seek summary judgment in whole or in part at the appropriate phase of the case. The Parties agree to the following briefing schedule for the Parties' motions for summary judgment:

- Deadline to File Dispositive Motions: November 3, 2023
- Deadline to File Oppositions to Dispositive Motions: December 18, 2023
- Deadline to File Replies in Support of Dispositive Motions: January 17, 2024

**(7) Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The Parties agree to exchange initial disclosures on June 24, 2022.

**(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

The Parties agree that the pleadings, pre-answer motion to dismiss briefing, claims, defenses, allegations, and other germane issues asserted in this case set forth the scope and subjects of discovery. The Parties agree that discovery will include written discovery, depositions, and discovery from the named parties themselves as well as many third parties. The Parties agree that a protective order governing certain discovery material is necessary, and they will work together to agree on appropriate terms. As reflected in the attached Proposed Scheduling Order, the Parties

suggest a deadline of April 14, 2023 for fact discovery and a deadline of September 22, 2023 for the completion of expert discovery. As to any limits on discovery, the Parties independently add the following:

Plaintiff's Position:

- **Proposed limits on discovery:** Plaintiffs do not propose any limits on discovery beyond those in the Rules of Civil Procedure.

Byrne's Position:

- **Proposed limits on discovery:** Byrne proposes that the Parties also follow the limits on discovery pursuant to applicable Federal Rules of Civil Procedure, to include, among others, those limits regarding depositions (no more than 10 by plaintiffs and 10 by defendant) as set forth in Fed. R. Civ. P. 30(a)(2), and limits regarding written interrogatories (no more than 25 on any other party) as set forth in Fed. R. Civ. P. 33(a)(1). Byrne is amenable to modifying these limits by agreement, as long as any such modification is reciprocal.

**(9) Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The Parties are willing to agree to a reasonable ESI search and production protocol.

**(10) Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production— whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

The Parties agree to confer on the manner and timing for asserting a privilege claim, including in the case of inadvertent disclosure under Federal Rule of Evidence 502. The Parties agree that any agreement reached be included in any protective order the Court enters.

**(11) Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2), should be modified, and whether and when depositions of experts should occur.**

The Parties agree not to modify the requirement of exchange of expert witness reports. Proponents should designate experts and produce expert reports on May 26, 2023. Opponents should designate experts and produce rebuttal expert reports on June 30, 2023. Proponents should produce rebuttal reports by August 4, 2023. Expert depositions should occur after the Parties exchange expert reports on or before September 22, 2023.

**(12) In class actions, appropriate procedures for dealing with Rule 23, Fed. R. Civ. P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

Plaintiffs and Byrne agree this is not applicable.

**(13) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

<u>Plaintiffs' Position</u>: Plaintiffs do not propose bifurcation of discovery. Plaintiffs propose that fact discovery should precede expert discovery. Fact discovery should be completed by April 14, 2023, and expert discovery should be completed by September 22, 2023.

Plaintiffs do not support bifurcation of issues for trial.

<u>Byrne's Position</u>: Byrne does not propose bifurcation for discovery, and Byrne concurs with the timetable for fact and expert discovery suggested by Plaintiffs. With regard to bifurcation at trial, Byrne does not anticipate the need for a bifurcated trial. However, as the case proceeds, Byrne reserves the right to recommend bifurcation of the issues at trial and to move for the same if appropriate and proper.

**(14) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The Parties agree that an in-person status conference on a date of the Court's choosing in October 2023 would be helpful. The Parties suggest deferring the question of when to schedule a final pretrial conference and potential trial dates until this in-person conference.

**(15) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The Parties agree that the Court defer the question of a trial date until discovery has progressed.

**(16) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

Plaintiffs' Position: Plaintiffs believe that this case should be consolidated for discovery purposes with three related cases: *US Dominion, et al. v. My Pillow, Inc., et al.*, No. 1:21-cv-00445 (CJN), *US Dominion, Inc., et al. v. Powell, et al.*, No. 1:210-cv-000040 (CJN); and *US Dominion, Inc., et al. v. Giuliani*, No. 1:21-cv-00213 (CJN) (the "Related Cases"). The parties to the Related Cases have begun discovery and have submitted an initial round of discovery requests, but the parties have not produced a significant amount of documents or noticed a single deposition. Plaintiffs believe that coordinating discovery here with the Related Cases will likely be warranted, since much of the discovery in those cases will overlap with discovery here. Plaintiffs have alleged that Byrne worked directly with the defendants in the Related Cases. (*See, e.g.*, ECF No. 1 at ¶ 2, 4, 7, 16.) Plaintiffs intend to move to consolidate this case with the Related Cases for discovery purposes given the overlapping factual issues. Plaintiffs do not believe that consolidating this case and the Related Cases for discovery purposes will affect the proposed schedule here. Plaintiffs do not believe that Byrne's concerns about delay, confusion, and unfair disadvantage are justified.

Byrne's Position: Byrne opposes consolidation of this case with any other case for any purpose. The cases Plaintiffs seek to consolidate concern different statements made by different actors at different times in different media and under different circumstances. That said, Byrne and his counsel will do everything they can to coordinate with Plaintiffs to be reasonable, economical, and efficient. If Byrne seeks information in discovery that is similar to that sought by other defendants in other cases, Byrne and his counsel will negotiate in good faith to avoid unnecessary duplication of work. However, Plaintiffs filed their case against Byrne as a separate action, and Byrne wishes for it to keep its separate identity. Consolidation with the other cases would result in delay, confusion or conflation of issues, and unfairly disadvantage Byrne.

### B. Parties' Positions as to a Proposed Scheduling Order Under Local Civil Rule 16.3(d)

The Parties are submitting a joint proposed scheduling order under Local Civil Rule 16.3(d). The proposed order contains the following dates:

1. Deadline to Exchange Initial Disclosures under Fed. R. Civ. P. 26(a)(1): **June 24, 2022**

2. Deadline to Serve Document Requests under Fed. R. Civ. P. 34: **December 2, 2022**

3. Deadline for Completion of Fact Discovery: **April 14, 2023**

4. Deadline for Proponents to Designate Expert Witnesses and Produce Expert Reports under Fed. R. Civ. P. 26(a)(2): **May 26, 2023**

5. Deadline for Opponents to Designate Expert Witnesses and Produce Expert Reports under Fed. R. Civ. P. 26(a)(2): **June 30, 2023**

6. Deadline for Proponents to Produce Responsive Expert Reports: **August 4, 2023**

7. Deadline for Expert Depositions: **September 22, 2023**

8. Status Conference: **In-person on a date of the Court's choosing in October 2023**

9. Deadline to File Dispositive Motions: **November 3, 2023**

10. Deadline to File Oppositions to Dispositive Motions: **December 18, 2023**

11. Deadline to File Replies in Support of Dispositive Motions: **January 17, 2024**

Dated: June 3, 2022                              Respectfully submitted,

***Counsel for US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation; and Hamilton Place Strategies, LLC***

/s/ *Mary Kathryn Sammons*
Justin A. Nelson (D.C. Bar No. 490347)
Laranda Walker (D.C. Bar No. TX0028)
Mary Kathryn Sammons (D.C. Bar No. TX0030)
Florence T. Chen (D.C. Bar No. TX0025)
Brittany Fowler (*admitted pro hac vice*)
SUSMAN GODFREY LLP
1000 Louisiana Street, #5100
Houston, Texas 77002
(713) 651-9366
jnelson@susmangodfrey.com
lwalker@susmangodfrey.com
ksammons@susmangodfrey.com
fchen@susmangodfrey.com
bfowler@susmangodfrey.com

Stephen Shackelford, Jr.
(D.C. Bar No. NY0443*)*
Elisha Barron (*admitted pro hac vice*)
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Fl
New York, NY 10019
(212) 336-8330
sshackelford@susmangodfrey.com
ebarron@susmangodfrey.com

Davida Brook (D.C. Bar No. CA00117)
Jordan Rux (D.C. Bar No. CA 00135)
SUSMAN GODFREY LLP
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
(310) 789-3100
dbrook@susmangodfrey.com
jrux@susmangodfrey.com

Stephen E. Morrissey (*admitted pro hac vice)*
SUSMAN GODFREY LLP
1201 Third Avenue, Suite 3800
Seattle, WA  98101
(206) 516-3880
smorrissey@susmangodfrey.com

Thomas A. Clare, P.C. (D.C. Bar No. 461964)
Megan L. Meier (D.C. Bar No. 985553)
Dustin A. Pusch (D.C. Bar No. 1015069)
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
Telephone: (202) 628-7400
tom@clarelocke.com
megan@clarelocke.com
dustin@clarelocke.com

Rodney Smolla (Bar No. 6327)
4601 Concord Pike
Wilmington, DE 19803
rodsmolla@gmail.com
(864) 373-3882

*Counsel for Patrick Byrne*

/s/Robert N. Driscoll
Robert N. Driscoll (DC Bar #486451)
Alfred D. Carry (DC Bar #1011877)
McGlinchey Stafford PLLC
1275 Pennsylvania Avenue NW, Suite 420
Washington, DC 20004
Tel: (202) 802-9999
Fax: (202) 318-1084
rdriscoll@mcglinchey.com
acarry@mcglinchey.com

Daniel Thomas Plunkett (admitted *pro hac vice*)
McGlinchey Stafford PLLC
601 Poydras Street, Suite 1200
New Orleans, LA 70130
Tel: (504) 596-2778
Fax: (504) 910-9542
dplunkett@mcglinchey.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of June 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which I understand to have served counsel for the parties.

*/s/ Mary Kathryn Sammons*
Mary Kathryn Sammons
