IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>PATRICK BYRNE, )<br>)<br>Defendant. )<br>) | Case No. 1:21-cv-02131-CJN |

**MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF AN ORDER
ADOPTING THE DISCOVERY PROTOCOL PROPOSED BY ALL DEFENDANTS**

Dominion seeks over $1 billion in damages for defamation against Patrick Byrne, an individual private citizen for various statements he is alleged to have made in the aftermath of the 2020 presidential election. Because defamation is studied in most first-year law school curriculum on torts, discovery in this case should be a fairly straightforward matter, as contemplated by the federal rules. It should include discovery on what, specifically, are the alleged defamatory statements made by *this defendant*; what evidence does Dominion have to support its allegations that the statements in question made by *this defendant* are false; what evidence does Dominion possess to show that *this defendant* either knew his statements in question were false or demonstrated reckless disregard (actual malice) as to their falsity at the time the statements were made; and what proof of damages does Dominion have.

Dominion, however, has taken it upon itself to attempt to impose a discovery process that abrogates the federal rules and seeks a discovery protocol in which, rather than provide relevant and responsive documents, it may fulfill its discovery obligations by producing an undifferentiated mass of millions of pages of documents that were produced in *different* defamation cases involving *different* defendants who made *different* statements under *different*

1

circumstances, leaving a private individual citizen to sort through these millions of pages at considerable time and expense to determine for himself which if any of these documents are relevant and responsive to one of his particular requests.

Because Dominion's proposal ignores the plain fact that Rules 26 and 34 of the Federal Rules of Civil Procedure obligate Dominion to provide relevant documents that are responsive to a request for production, not millions of documents from which the responsive documents might conceivably be culled, its proposed discovery protocol should be rejected and the Defendants' proposal adopted, as the latter comports with the federal rules. To be sure, although Byrne's case remains separate from the other related Dominion defamation cases that are before this Court, Byrne has readily agreed to coordinate discovery processes and protocols with the other cases to avoid duplication of work, waste, and to minimize unnecessarily burdensome obligations for Dominion. But there is a limit. It is Dominion that chose to sue numerous defendants in separate cases for billions of dollars. It is Dominion that knows what its basis was for choosing which parties to sue and what evidence it has to support its claims as to each defendant. It is not unduly burdensome, but instead is indeed required by the federal rules for Dominion to provide *this defendant* with the discrete discovery that is relevant to *this case* and the claims and defenses asserted therein.

What Dominion proposes is a dump truck of discovery. And while its framework might make sense for parties who agree to that, such as a corporate entity faced with multiple virtually identical complex product liability claims (e.g., a tobacco manufacturer). In such an instance, providing every opposing party with an identical set of documents relating to the safety of the injurious product or design, and corporate knowledge of the risks of the same, might make sense. But this case isn't a complex product liability matter. It is a defamation case—a case that

requires individualized discovery into, among other things, the plaintiff's purported facts and evidence of what it contends *this defendant* said, what *this defendant* caused in damages, and what *this defendant* actually knew or was subjectively aware of at the time the challenged statements were made, not what some other party knew or what a plaintiff thinks he should have known. For these and other reasons discussed below, Byrne's motion should be granted.

## I.   BACKGROUND

On September 21, 2023, the Court held a telephonic status conference during which the parties discussed the possible entry of an order governing the handling of electronic discovery, document discovery, and other certain discovery matters in the related Dominion defamation cases.[1] The parties were directed to meet and confer to attempt to create an agreeable discovery protocol for all parties. Any agreed protocol was to be submitted to the Court for approval. Absent agreement, however, each party could file a motion seeking approval of its own proposed discovery protocol. The parties could not agree on all of the provisions of a discovery protocol, but they have endeavored to reduce the remaining points of dispute to two competing proposals: one from Dominion and one from Defendants. Among other issues, their disputes concern:

- (1) language regarding a party's discovery obligation to search for and produce electronic and paper documents that are reasonably accessible, relevant, and responsive within the meaning of the federal rules;

---

[1] Plaintiffs US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation ("Plaintiffs" or "Dominion"), and the Defendants Sidney Powell, Sidney Powell, P.C., Defending the Republic, Inc., Rudolph W. Giuliani, Michael J. Lindell, My Pillow, Inc., Patrick Byrne, Herring Networks, Inc. d/b/a One America News Network, Charles Herring, Robert Herring, Sr., Chanel Rion, and Christina Bobb ("Defendants"), whose cases—i.e., *US Dominion Inc., et al. v. Powell, et al.*, No. 1:21-cv-0040-CJN (D.D.C.); *US Dominion Inc., et al. v. Giuliani*, No. 1:21-cv-213-CJN (D.D.C.); *US Dominion Inc., et al. v. MyPillow, Inc., et al.*, No. 1:21-cv-00445-CJN (D.D.C.); *US Dominion, Inc., et al. v. Herring Networks, et al.*, No 1:21-cv-02130-CJN (D.D.C.); and *US Dominion Inc., et al. v. Patrick Byrne*, No. 1:21-cv-02131-CJN (D.D.C.)—are either formally consolidated or voluntarily coordinated for purposes of discovery only, are collectively referred to herein as "the parties."

- (2) the use of search terms and whether a party may relieve itself of its discovery obligation to review the documents so retrieved for responsiveness and relevance in order to produce only those documents that are responsive to a pending request; and relatedly, whether Dominion, absent a formal stipulation by all parties, can unilaterally impose a discovery procedure on Defendants that would permit Dominion to simply produce "hits" to search terms and result in the dumping of both responsive and numerous other unrelated, nonresponsive materials on Defendants; and

- (3) whether Dominion is permitted to conduct discovery on discovery by requiring Defendants to produce search-term hit reports.

Byrne addresses some of these issues below.

## II. LEGAL STANDARD

District courts enjoy broad discretion in managing their respective dockets as efficiently as possible. *See, e.g.*, *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 151 (D.C. Cir. 1996). This considerable discretion affords district judges the ability to manage discovery as they see fit. *Stella v. Mineta*, 284 F.3d 135, 147 (D.C. Cir. 2002) (noting district courts' "substantial discretion to manage discovery as they see fit"). Yet, this discretion is not without limits. Unless the parties agree to a variation of discovery procedures, the federal rules "govern the procedure in all civil actions." Fed. R. Civ. P. 1. While litigants are free to stipulate that discovery procedures governing or limiting discovery be modified, *see* Fed. R. Civ. P. 29(b), it is hornbook law that "[a]bsent formal stipulations confirming the agreements reached by counsel" district courts are to "disregard any arguments concerning the limitations of discovery . . . and proceed under the discovery rules." Alexa Ashworth, et al., FEDERAL PROCEDURE, LAWYER'S EDITION § 26:34, 10 Fed. Proc., L. Ed. § 26:34 (Aug. 2023 Update).

Rules 26 and 34 require parties to conduct a reasonable search for documents that are relevant to the claims and defenses. Pursuant to Rule 26(b)(1), a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Similarly, "Rule 34 governs document production and provides that a party may request that any other party produce

4

documents within the scope of Rule 26(b)." *DL v. District of Columbia*, 274 F.R.D. 320, 324 (D.D.C. 2011) (citing Fed. R. Civ. P. 34(a)). The producing party bears the burden "to select and produce the items requested rather than simply dumping large quantities of unrequested materials onto the discovery party along with the items actually sought under Rule 34." Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 2213, 8B Fed. Prac. & Proc. Civ. § 2213 (3d ed.).

### III.  ARGUMENT

Pursuant to the federal rules, a responding party "must conduct a diligent search [for responsive documents], which involves developing a reasonably comprehensive search strategy." *Treppel v. Biovail Corp.,* 233 F.R.D. 363, 374 (S.D.N.Y. 2006) (internal citations omitted). "The Rules require that when a party responds to a request for production, it should only produce those documents responsive to the document requests." *Breaux v. Halliburton Energy Servs.*, 2006 WL 8442584, at *2 (E.D. La. Oct. 27, 2006). A party may not relieve itself of its discovery obligation to search through documents and produce only those responsive to requests by dumping both responsive and "numerous other unrelated, nonresponsive materials." *Rothman v. Emory Univ.,* 123 F.3d 446, 455 (7th Cir. 1997). Instead, the producing party must sort through its own documents first "and then produce only those responsive to the document requests." *In re Thomas Consol. Indus., Inc.*, 2005 WL 3776322, at *8 (N.D. Ill. May 19, 2005).

Dominion wishes to produce millions of pages of documents based on "hits" to search terms and nothing more. A party's use of specified search terms, however, does not constitute a responsiveness and relevancy review. *Palmer v. Cognizant Tech. Solutions Corp.*, 2021 WL 3145982, at *9 (C.D. Cal. 2021) (recognizing that the production of "any document simply because it contains a search term, whether or not it is responsive to the discovery request, or . . . whether or not it is relevant and proportional to the needs of the action" would not satisfy Rule

5

26). And although parties may agree otherwise, Byrne does not agree to conduct discovery in this way.

Search terms are just a well-recognized method to try to winnow documents requiring review by the producing party. Search terms "work in tandem with the [producing party's] obligations under the Federal Rules and do not replace [its] independent obligation to produce electronic (or paper) documents that are reasonably accessible, relevant, and responsive within the meaning of Rule 34." *Raine Grp. LLC v. Reign Cap., LLC*, 2022 WL 538336, at *1 (S.D.N.Y. Feb. 22, 2022).

In other words, contrary to Dominion's view, the production of "all documents hit upon without reviewing a single document prior to production . . . does not satisfy [a party's] discovery obligations." *Youngevity Int'l Corp. v. Smith*, 2017 WL 6541106, at *10 (S.D. Cal. Dec. 21, 2017). Even if the documents requested are "likely contained within [the production], [the requesting party] should not have to sort through all of [the producing party's] records to find the responsive documents." *Haughton v. District of Columbia*, 315 F.R.D. 424, 429-30 (D.D.C. 2014). The burden is on the producing party to sort through its own documents and produce those that are responsive. *Rothman v. Emory Univ.*, 1996 WL 377049, *2 (N.D. Ill. July 1, 1996). To allow otherwise would permit the document dumping that Rule 34 and the federal rules are designed to prevent. *See, e.g.*, *Neale v. Coloplast Corp.*, 2020 WL 6948361, at *6 (E.D. Tenn. Nov. 2, 2020) ("A 'document dump' . . . does not comply with a party's discovery obligations.") (citing *Stooksbury v. Ross*, 528 F. App'x 547, 550 (6th Cir. 2013)).

* * *

The cumulative effect of Dominion's proposal is to extinguish all of Byrne's requests for production rendering them and Rule 34 a dead letter. According to Dominion, it can replace

Byrne's targeted requests for production with effectively one document request: 'produce all documents that hit on a specified search term,' whether or not any particular document is relevant and responsive. Further, Dominion believes it can shift the burden to Byrne to conduct Dominion's required relevance and responsiveness review for them—at a cost of hundreds of thousands of dollars—to find the likely vanishingly small subset of documents that are actually responsive to Byrne's requests. Dominion's proposal violates both the letter and spirit of the federal rules and asks this Court to countenance the exact type of abusive discovery conduct that the federal rules are intended to stop: a multimillion dollar corporation burying an individual defendant with millions of pages of nonresponsive documents to increase costs and make defending the case Dominion filed as punitive as any judgment.

## IV.  CONCLUSION

The choice to sue many different parties regarding different alleged defamatory statements in various state and federal jurisdictions was Dominion's choice, not Byrne's, and that choice carries consequences and burdens that Dominion must bear. When a plaintiff seeks over a billion dollars in damages, that plaintiff undertakes the obligation to review its own documents and to produce relevant and responsive documents that respond to each defendant's specific discovery requests in each particular case.

Dominion cannot "frustrate the spirit of the discovery rules by producing a flood of documents it never reviewed . . . and thus bury responsive documents among millions of produced pages." *Youngevity Int'l Corp.*, 2017 WL 6511106, at *10 (D.D. Cal. Dec. 21, 2017). Byrne simply asks that Dominion meet its obligations with respect to this particular case and not bury him with documents from cases against multimillion dollar media companies and other defendants about different statements that were made under different circumstances and have no overlap with Byrne. And it is not too much to ask that Dominion conduct an appropriate

7

document review as envisioned by the federal rules, so that Byrne may conduct meaningful discovery, versus being forced to scour through an enormous amount of documents at great expense to attempt to locate those documents that are actually relevant and responsive to his specific document requests.

        The Court should adopt and enter the Defendants' proposed discovery protocol, attached as <u>Exhibit A</u>.

Dated: October 20, 2023                            Respectfully submitted,

                                                          /s/Alfred D. Carry
                                                          Robert N. Driscoll (DC Bar #486451)
                                                          Alfred D. Carry (DC Bar #1011877)
                                                          McGlinchey Stafford PLLC
                                                          1275 Pennsylvania Avenue NW, Suite 420
                                                          Washington, DC 20004
                                                          Tel: (202) 802-9999
                                                          Fax: (202) 318-1084
                                                          rdriscoll@mcglinchey.com
                                                          acarry@mcglinchey.com

                                                          Daniel Thomas Plunkett (admitted *pro hac vice*)
                                                          McGlinchey Stafford PLLC
                                                          601 Poydras Street, Suite 1200
                                                          New Orleans, LA 70130
                                                          Tel: (504) 596-2778
                                                          Fax: (504) 910-9542
                                                          dplunkett@mcglinchey.com

                                                          *Counsel for Defendant Patrick Byrne*