IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 1:21-cv-02131-CJN |
| | ) |
| PATRICK BYRNE, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MOTION FOR ENTRY OF AN ORDER ADOPTING
THE DEPOSITION PROTOCOL PROPOSED BY ALL DEFENDANTS**

Defendant Patrick Byrne ("Byrne") moves this Court for the entry of the deposition protocol proposed by all Defendants, a copy of which is attached as Exhibit A.[1] As grounds for this motion—and in the interest of economy—Byrne joins in all aspects of the Motion for Entry of Opposed Deposition Protocol filed by the Herring Networks Defendants at Record Document 152 in Case No. 1:21-cv-00040-CJN (D.D.C.), which applies with equal force here.

Like the Herring Networks Defendants, Byrne wishes to be able to notice in-person depositions as is his right under the federal rules. Dominion wishes to strip away that right by seeking blanket authorization that every deposition, including depositions of fact witnesses who

---

[1] Plaintiffs US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation ("Plaintiffs" or "Dominion"), and the Defendants Sidney Powell, Sidney Powell, P.C., Defending the Republic, Inc., Rudolph W. Giuliani, Michael J. Lindell, My Pillow, Inc., Patrick Byrne, Herring Networks, Inc. d/b/a One America News Network, Charles Herring, Robert Herring, Sr., Chanel Rion, and Christina Bobb ("Defendants"), whose cases—i.e., (1) *US Dominion Inc., et al. v. Powell, et al.*, No. 1:21-cv-0040-CJN (D.D.C.); (2) *US Dominion Inc., et al. v. Giuliani*, No. 1:21-cv-213-CJN (D.D.C.); (3) *US Dominion Inc., et al. v. MyPillow, Inc., et al.*, No. 1:21-cv-00445-CJN (D.D.C.); (4) *US Dominion, Inc., et al. v. Herring Networks, et al.*, No 1:21-cv-02130-CJN (D.D.C.); and (5) *US Dominion Inc., et al. v. Patrick Byrne*, No. 1:21-cv-02131-CJN (D.D.C.)—are either formally consolidated or voluntarily coordinated for purposes of discovery only, are collectively referred to herein as "the parties."

1

are not yet identified, be conducted remotely as opposed to Dominion seeking permission to conduct a specific deposition by remote means. Dominion's position has no foothold within the federal rules governing discovery.

While the parties "may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means," Fed. R. Civ. P. 30(b)(4), Dominion is not entitled to a blanket order that all depositions occur remotely. *See e.g.*, *Rennenger v. Aquawood LLC*, 2022 WL 20854177, at *4 (S.D. Iowa Dec. 20, 2022) ("Plaintiffs' request for an order requiring all depositions be taken by remote means is . . . denied without prejudice to individual deponents seeking accommodation based on validated concerns"); *United States v. Balega*, 2022 WL 20100634, at *3 (D. Minn. Mar. 10, 2022) (denying Plaintiff's blanket request that "every hypothetical, future deposition" at some "unspecified future time" be taken remotely).

For the foregoing reasons and those that may be presented at a hearing on this matter, Byrne respectfully requests that the Court enter the Defendants' proposed deposition protocol, a copy of which is attached as Exhibit A. A proposed order granting this motion is submitted herewith.

Dated: November 8, 2023         Respectfully submitted,

/s/Alfred D. Carry
Robert N. Driscoll (DC Bar #486451)
Alfred D. Carry (DC Bar #1011877)
McGlinchey Stafford PLLC
1275 Pennsylvania Avenue NW, Suite 420
Washington, DC 20004
Tel: (202) 802-9999
Fax: (202) 318-1084
rdriscoll@mcglinchey.com
acarry@mcglinchey.com

Daniel Thomas Plunkett (admitted *pro hac vice*)
McGlinchey Stafford PLLC
601 Poydras Street, Suite 1200
New Orleans, LA 70130
Tel: (504) 596-2778
Fax: (504) 910-9542
dplunkett@mcglinchey.com

*Counsel for Defendant Patrick Byrne*