IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 1:21-cv-02131-CJN |
| ) | |
| PATRICK BYRNE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER

This matter comes before the Court on Defendant Patrick Byrne ("Byrne")'s Motion for Entry of an Oder Adopting the Deposition Protocol Proposed by All Defendants (the "Motion"). (Doc. 69.) Byrne requests that the Court adopt and enter the Defendants' proposed deposition protocol to govern the handling of certain fact witness depositions in this case and in the other related Dominion defamation litigation.[1] Plaintiffs submit an alternative proposed deposition protocol. Upon consideration of the briefing of the parties, the competing protocols, the applicable rules of civil procedure, and relevant law, the Court finds that Defendants' proposed deposition protocol should be adopted and entered.

Accordingly,

---

[1] Plaintiffs US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation ("Plaintiffs" or "Dominion"), and the Defendants Sidney Powell, Sidney Powell, P.C., Defending the Republic, Inc., Rudolph W. Giuliani, Michael J. Lindell, My Pillow, Inc., Patrick Byrne, Herring Networks, Inc. d/b/a One America News Network, Charles Herring, Robert Herring, Sr., Chanel Rion, and Christina Bobb ("Defendants"), whose cases—i.e., (1) *US Dominion Inc., et al. v. Powell, et al.*, No. 1:21-cv-0040-CJN (D.D.C.); (2) *US Dominion Inc., et al. v. Giuliani*, No. 1:21-cv-213-CJN (D.D.C.); (3) *US Dominion Inc., et al. v. MyPillow, Inc., et al.*, No. 1:21-cv-00445-CJN (D.D.C.); (4) *US Dominion, Inc., et al. v. Herring Networks, et al.*, No 1:21-cv-02130-CJN (D.D.C.); and (5) *US Dominion Inc., et al. v. Patrick Byrne*, No. 1:21-cv-02131-CJN (D.D.C.)—are either formally consolidated or voluntarily coordinated for purposes of discovery only, are collectively referred to herein as "the parties."

1

It is hereby **ORDERED** that the Motion is **GRANTED** and that the Defendants' proposed deposition protocol shall be binding in this case.

In this respect, it is further **ORDERED** that:

This protocol applies to fact witness depositions, excluding party 30(b)(6) depositions. Expert witness depositions are governed by the parties' Expert Stipulation and the Federal Rules of Civil Procedure.

| | |
|---|---|
| **Total Deposition Hours** | The below total number of hours applies to depositions of party and third-party fact witnesses:<br><br>• Dominion: 350 hours total<br>• Defendants: 500 hours total<br><br>However, no Defendant group (the set of Defendants from a particular case) can take more than a total of 200 deposition hours. Dominion can take no more than 200 deposition hours of one Defendant group. |
| **Length of Party Depositions** | • Party depositions are presumptively limited to <u>5 hours</u> on the tape for Plaintiffs and <u>9 hours</u> on the tape for Defendants. However, no Defendant group (the set of Defendants from a particular case) can take more than 5 hours with any one witness unless exercising the Extended Time Party Deponent designation as set forth below.<br><br>• The witness has the right to complete their deposition in one day, or if the deposition exceeds 7 hours, the witness may elect to continue on the second day. |

| | |
|---|---|
| **"Extended Time Party Deponents"** | • For each case, each side in that case, except as specified in the following paragraph, can choose 1 party deponent for whom that side has additional time on the tape (an "Extended Time Party Deponent"). Third-parties cannot be Extended Time Party Deponents. Counsel in the case designating a particular party deponent as an "Extended Time Party Deponent" shall receive an additional 5 hours on the tape for that deponent.<br><br>• Notwithstanding the above, Christina Bobb and Defending the Republic may each designate an Extended Time Party Deponent of their own. Dominion may designate an additional two Extended Time Party Deponents as follows: one in its case against the Herring Parties and Bobb, and one in its case against the Powell Parties and Defending the Republic<br><br>• The parties will reserve two consecutive business days for all Extended Time Deponent depositions, although the deponent at his or her election may choose to sit for the entire deposition on one day. |
| **Scheduling of Party depositions** | • The parties will meet and confer to work out scheduling of all party depositions under this protocol.<br><br>• **Depositions of Dominion witnesses and former Dominion employees (if represented by counsel for Dominion):** If the parties are unable to reach agreement on the date for a deposition of a Dominion witness, or former Dominion employee represented by counsel for Dominion, then Dominion (in coordination with the witness) will offer three different week-day days (or, for an Extended Time Deponent, three different two-business-day periods) for that deposition. If the parties are still unable to agree on one of the three offered days, Dominion (in coordination with the witness) will select the date (or consecutive business days) for the deposition, choosing from one of the three offered days.<br><br>**Depositions of Defendant witnesses and former employees of Defendant (if represented by counsel for Defendant):** If the parties are unable to reach agreement on the date for a deposition of a Defendant witness, or former employee of a Defendant represented by counsel for a Defendant, then the Defendant for that witness (in coordination with the witness) will offer three different week-day days (or, for an Extended Time Deponent, three |

3

| | |
|---|---|
| | different two- business-day periods) for that deposition. If Dominion noticed the deposition or subpoenaed the witness, then Dominion will choose from the days offered. If Dominion did not notice the deposition or subpoena the witness, then the Defendant who noticed the deposition or subpoenaed the witness will choose from the days offered. If more than one Defendant (but not Dominion) noticed the deposition or subpoenaed the witness, they will work together to select a date. If they cannot agree on a date, then the Defendant for that witness will select the date (or consecutive business days) for the deposition, choosing from one of the three offered. |
| **Location of depositions** | • All depositions will be taken in-person unless otherwise agreed by the noticing/subpoenaing party and the witness or Ordered by the Court.  For good cause shown, any party may move for the deposition to proceed via zoom. |
| **Use of deposition transcripts/videos** | • Any depositions taken pursuant to this protocol will be deemed to have been taken in all of the five cases, and thus will be usable in each of the five cases pursuant to the applicable rules and all applicable protective orders. |

The clerk is kindly directed to file a copy of this Order electronically to notify all counsel of record.

It is **SO ORDERED**.

Date: November ____, 2023  

_____  
CARL J. NICHOLS  
United States District Court Judge

4