Exhibit 15

STEFANIE LAMBERT

LAW OFFICES OF STEFANIE L. LAMBERT, PLLC

*Criminal and Civil Litigation Specializing in Constitutional Law, Civil Rights and Election Law Violations*

400 RENAISSANCE DRIVE
FLOOR 26
DETROIT, MI 48243

_____

WWW.STEFANIELAMBERT.COM
attorneylambert@protonmail.com

*Admitted to Practice in the District of Columbia, United States District Courts for the Eastern and Western Districts, and the State of Michigan*

**March 15, 2024**

*Via Email or As Directed To:*

Eric.parish@innovativedriven.com
Eric Parish
Innovative Driven

Re:     Letter from Susman Godfrey, LLP Regarding *U.S. Dominion v. Patrick Byrne*, Case No. 1:21-cv-02131

Dear Mr. Parish:

This is in response to and addresses correspondence sent on March 14, 2024, by Jonathan Ross of Susman Godfrey LLP to Innovative Driven, demanding that Innovative Driven "cease and desist" providing discovery to undersigned counsel for Patrick Byrne. In his letter, Mr. Ross claims that we are in breach of the protective order in *U.S. Dominion v. Patrick Byrne*, Case No. 1:21-cv-02131.

Through the production of documents in the case, Mr. Byrne has come into possession of email communications produced by Dominion during discovery (some written in Serbian) from top level Dominion employees directing and tasking Serbian foreign nationals to remotely access voting machines utilized in the United States during the November 3, 2020 election. The remote access by these Serbian foreign nationals occurred while the states were still counting votes, determining a final tally, and prior to certification of the results. These email communications to and from Serbian foreign nationals are evidence of criminal violations, and further support charges of, inter alia, perjury, foreign interference in a U.S. election, honest services fraud, and wire fraud.

These communications are not covered by the Amended Protective Order, but they are subject to disclosure under the rules of civil procedure in the litigation. In any event, because these documents evidence criminal violations, they have been turned over to law enforcement for investigation in accordance with my obligations as an attorney and officer of the court.

Furthermore, Dominion has no legal right to order you to "cease and desist" your obligations to produce documents in the ordinary course of discovery in Mr. Byrne's civil trial, as doing so would itself be a violation of the Rules of Civil Procedure and the Local Rules of District Court. See, e.g., Fed. R. Civ. P. 34(2)(B)(e)(1) (parties have an obligation to produce documents kept in the ordinary course of their business). The discovery orders in this case reflect the obligations of

LAW OFFICES OF STEFANIE L. LAMBERT, PLLC

Page 2

RE:    Letter from Susman Godfrey, LLP Regarding *U.S. Dominion v. Patrick Byrne*, Case No.
       1:21-cv-02131

March 15, 2024

production, and these rules apply equally to Innovative Driven as the third-party entity handling the production of documents in this case.  Any attempt to "cease and desist" providing Mr. Byrne with discovery would also be a de facto violation of his rights to prepare his defense in his case.

Finally, and perhaps most importantly, attempts by Dominion, and any entity that collaborates with them to withhold discovery and to interfere with the disclosure of evidence in the case would be obstructing justice, and would therefore be accessories after the fact to criminal acts.

Therefore, we are demanding that you do not "cease and desist" production of discovery in Mr. Byrne's case as there has been no court order for you to do so, and Dominion does not have the jurisdiction or authority, or the right to interfere with the procedures of the court.

Sincerely,


Stefanie Lambert


cc:    Jonathan Ross, Esq., Susman Godfrey, LLP,
       jross@susmangodfrey.com