# Exhibit 19

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

County of Fulton, Fulton County Board  :
of Elections, Stuart L. Ulsh, in his  :
official capacity as County  :
Commissioner of Fulton County and  :   No. 277 M.D. 2021
in his capacity as a resident, taxpayer  :   No. 3 MAP 2022
and elector in Fulton County, and Randy :
H. Bunch, in his official capacity as  :
County Commissioner of Fulton County :
and in his capacity as a resident,  :
taxpayer and elector of Fulton County,  :
           Petitioners/Appellees  :
                           :
       v.                   :
                           :
Secretary of the Commonwealth,     :
           Respondent/Appellant:

## O R D E R

NOW, January 10, 2024, upon consideration of Intervenor Dominion Voting Systems, Inc.'s (Dominion) Emergency Application to Enforce Supreme Court Order and for Hearing to Hold Petitioners in Contempt (Emergency Application), and whereas the Emergency Application requests, *inter alia*, a hearing regarding whether Petitioners are in contempt of the Supreme Court of Pennsylvania's April 19, 2023 Opinion and Order[1] (Supreme Court Order), in order to preserve the status quo, the Emergency Application is **GRANTED IN PART**, to the extent it requests emergency injunctive relief[2] as follows:

Pending further order of the Supreme Court of Pennsylvania, Petitioners are hereby **ENJOINED** from disseminating to third parties any of the information or

---

[1] *See County of Fulton v. Sec'y of Commonwealth*, 292 A.3d 974 (Pa. 2023), *cert. denied sub nom. Fulton County, Pennsylvania v. Sec'y of the Commonwealth of Pa.*, 144 S. Ct. 283 (2023).

[2] (*See* Emergency Application ¶ 58.)

evidence in their possession that formed the basis of the February 19, 2021 Wake TSI Report and the September 15, 2022 Speckin Forensic Report, including, but not limited to, any dissemination of Dominion's Confidential Information (as defined in the Dominion Lease Agreement, which is also defined in the Special Master's Report as referenced and included in *County of Fulton v. Secretary of the Commonwealth*, 292 A.3d 974, 1045 (Pa. 2023), *cert. denied sub nom. Fulton County, Pennsylvania v. Secretary of the Commonwealth of Pennsylvania,* 144 S. Ct. 283 (2023)).

Further, pending further order of the Supreme Court of Pennsylvania, Petitioners are hereby **ENJOINED** from taking any action pursuant to the Motion carried at the December 27, 2023, meeting of the Fulton County Commissioners, as follows:

> Motion by Commissioner Ulsh, at the capacity of the Commissioners, to allow utilization of the February 29, 2021 Wake TSI Report, the September 15, 2022 Speckin Forensic Report, Wake TSI Experts and Speckin Forensic Experts, and evidence used to form expert opinions to be utilized by clients of Stefanie Lambert with common interests. Motion carried on a 2-1 vote. Commissioner Ulsh-Yay; Commissioner Bunch-Ya[y]; Commissioner Shives-Nay.

(Emergency Application, Ex. A., at 312.)

The Emergency Application is **TRANSFERRED** to the Supreme Court of Pennsylvania to the extent it seeks enforcement of and a hearing on the Supreme Court Order.[3]  *See* 42 Pa.C.S. § 5103(a).

_____
**RENÉE COHN JUBELIRER,** President Judge of the Commonwealth Court of Pennsylvania Appointed as Special Master

Order Exit
01/10/2024

_____

[3] *See, e.g.*, *Gray v. Petoseed Co., Inc.*, 985 F. Supp. 625, 628 (D.S.C. 1996) (collecting cases and stating that "[i]t is elementary that the court against which a contempt is committed has exclusive jurisdiction to punish for such contempt") (quoting *United States v. Barnett*, 330 F.2d 369, 385 (5th Cir. 1963)).

3