# ATTACHMENT 4

Dominion's Motion for Protective Order Regarding Certain Third Party Subpoenas, *U.S. Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation v. My Pillow, Inc., et al.*, Case No. 1:21-cv-00445, Document 145

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| US DOMINION, INC., DOMINION VOTING SYSTEMS, INC., and DOMINION VOTING SYSTEMS CORPORATION, | ) ) ) ) | |
| *Plaintiffs/Counter-Defendants*, | ) ) | |
| v. | ) ) ) | |
| MY PILLOW, INC., and MICHAEL J. LINDELL, | ) ) ) ) | |
| *Defendants/Counter and Third- Party Plaintiffs,* | ) ) ) | Civil Case No. 1:21-cv-00445 (CJN) |
| *v.* | ) ) ) | |
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., SGO CORPORATION LIMITED, AND HAMILTON PLACE STRATEGIES, LLC, | ) ) ) ) ) ) | |
| *Third-Party Defendants.* | ) ) | |

## DOMINION'S MOTION FOR PROTECTIVE ORDER REGARDING THIRD PARTY SUBPOENAS

Pursuant to Federal Rule of Civil Procedure 26(c), U.S. Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation ("Dominion") respectfully move for a protective order in response to certain third party subpoenas issued by Defendants Michael J. Lindell and MyPillow, Inc. The points and authorities supporting Dominion's motion are set forth in the accompanying memorandum. This motion and memorandum comply with the local rules and this Court's Standing Order for Civil Cases (ECF No. 11).

Dated: September 30, 2022

Respectfully submitted,

/s/ Laranda Walker
Justin A. Nelson (D.C. Bar No. 490347)
Laranda Walker (D.C. Bar No. TX0028)
Florence T. Chen (D.C. Bar No. TX0025)
Katie Sammons (D.C. Bar No. TX0030)
Brittany Fowler (*admitted pro hac vice*)
SUSMAN GODFREY LLP
1000 Louisiana Street, #5100
Houston, Texas 77002
(713) 651-9366
jnelson@susmangodfrey.com
lwalker@susmangodfrey.com
fchen@susmangodfrey.com
ksammons@susmangodfrey.com
bfowler@susmangodfrey.com

Stephen Shackelford, Jr.
(D.C. Bar No. NY0443*)*
Elisha Barron (*admitted pro hac vice*)
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Fl
New York, NY 10019
(212) 336-8330
sshackelford@susmangodfrey.com
ebarron@susmangodfrey.com

Davida Brook (D.C. Bar No. CA00117*)*
SUSMAN GODFREY LLP
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
(310) 789-3100
dbrook@susmangodfrey.com

Stephen E. Morrissey (*admitted pro hac vice)*
SUSMAN GODFREY LLP
1201 Third Avenue, Suite 3800
Seattle, WA  98101
(206) 516-3880
smorrissey@susmangodfrey.com

Thomas A. Clare, P.C. (D.C. Bar No. 461964)

Megan L. Meier (D.C. Bar No. 985553)
Dustin A. Pusch (D.C. Bar No. 1015069)
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
Telephone: (202) 628-7400
tom@clarelocke.com
megan@clarelocke.com
dustin@clarelocke.com

Rodney Smolla (Bar No. 6327)
4601 Concord Pike
Wilmington, DE 19803
rodsmolla@gmail.com
(864) 373-3882

***Attorneys for Plaintiffs/Counter-Defendants US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation; and Third-Party Defendant Hamilton Place Strategies, LLC***

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| US DOMINION, INC., DOMINION VOTING SYSTEMS, INC., and DOMINION VOTING SYSTEMS CORPORATION, | ) ) ) ) | |
| *Plaintiffs/Counter-Defendants*, | ) ) ) | |
| v. | ) ) ) | |
| MY PILLOW, INC., and MICHAEL J. LINDELL, | ) ) ) ) | |
| *Defendants/Counter and Third- Party Plaintiffs,* | ) ) ) | Civil Case No. 1:21-cv-00445 (CJN) |
| *v.* | ) ) ) | |
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., SGO CORPORATION LIMITED, AND HAMILTON PLACE STRATEGIES, LLC, | ) ) ) ) ) ) | |
| *Third-Party Defendants.* | ) ) | |

## <u>MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR PROTECTIVE ORDER REGARDING THIRD PARTY SUBPOENAS</u>

Plaintiff U.S. Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation ("Dominion") submit this memorandum in support of their motion seeking a protective order under Rule 26 of the Federal Rules of Civil Procedure in response to certain third party subpoenas issued by Defendants Michael J. Lindell and MyPillow, Inc. (collectively "Defendants").

Through these subpoenas, Defendants seek to obtain "forensic copies" and "forensic images" of various materials that are confidential and proprietary to Dominion. Defendants first

sought these types of materials from Dominion through requests for production, and Dominion objected on the basis that the materials are irrelevant to the claims and defenses in this litigation, confidential and proprietary, and that there is currently no protective order in place that would prohibit Defendants from publicly sharing Dominion's confidential information—something Defendant Lindell has repeatedly and publicly promised to do. Rather than seek a ruling from this Court on whether the requested materials are discoverable and, if so, the appropriate protocols for producing same, Defendants instead served third party subpoenas on Dominion's customers, asking dozens of nonparties to produce the same type of confidential and proprietary materials to which Dominion has already objected. Good cause exists for the Court to enter a protective order prohibiting Defendants from using third party subpoenas to pursue Dominion's confidential and proprietary information.

## **BACKGROUND**

Dominion brought this lawsuit in February 2021 after Lindell and his company, MyPillow, made demonstrably false statements that Dominion stole the 2020 Election. Lindell falsely claimed, for example, that Dominion voting machines were "built to steal elections," that President Trump received so many votes that he "broke the algorithm" that had been programmed to give "1.3 to Biden and 0.7 to the [P]resident," and that Lindell had evidence—"100 % proof"—that Dominion committed voter fraud. *See*, *e.g.*, Compl. ¶¶ 165 (b) (k) (p) (u) (v) (w). Lindell continued making such defamatory statements even after receiving retraction letters from Dominion putting him on notice of publicly available information and evidence disproving his lies. In fact, Lindell doubled down and dared Dominion to sue him, claiming his so-called "evidence" would then get out even sooner. Compl. ¶¶ 101, 160, 161, 165(u).

Defendants moved to dismiss Dominion's complaint, and after the Court denied their motions to dismiss, Defendants moved to certify two questions for interlocutory appeal. At the same time, Defendants noticed an appeal from the Court's order to the United States Court of Appeals for the District of Columbia Circuit. The Court of Appeals dismissed Defendants' appeal for lack of jurisdiction, and this Court denied Defendants' motion for certification to the D.C. Circuit. On June 17, 2022, Lindell filed a petition for writ of certiorari on this Court's denial of his motion to dismiss, which remains pending. *See MyPillow, Inc. v. US Dominion, Inc. et al*, No. 21-1580.

While their appeals to the D.C. Circuit were pending, Defendants asserted a slew of counterclaims against Dominion for (1) abuse of process, (2) defamation, (3) RICO violations, (4) violations of the Support or Advocacy Clause, (5) Section 1983 claim for First Amendment retaliation, (6) Section 1983 claim for equal protection violation, (7) Section 1983 claim for view point discrimination, (8) Section 1983 claim for violation of substantive due process, (9) tortious interference with prospective economic advantage, and (10) civil conspiracy. The Court dismissed all of Defendants' counterclaims.

In the meantime, the Court ordered that Dominion's suit against Lindell and MyPillow be consolidated for discovery purposes with two related lawsuits that Dominion filed against Rudy Giuliani, Sidney Powell, and Defending the Republic. Discovery is underway in the three consolidated cases. But the parties have been unable to reach agreement on a protective order, and there is currently no protective order in place, as the Court has taken the matter under consideration. One of the contested issues with respect to a protective order is whether and the extent to which documents and information gathered through discovery should be treated as confidential. Dominion has advocated that all documents and information be treated as

confidential, given the confidential and proprietary nature of the voting systems and software at issue and Lindell's repeated promises that he will obtain Dominion's voting machines to put them on public display; the Powell and Lindell defendants disagree with Dominion's proposal that all documents and information be treated as confidential; and Giuliani has not taken a position.

On September 1, 2022, MyPillow and Lindell began issuing subpoenas duces tecum[1] (the "Subpoenas") to dozens of Dominion's customers—local elections officials in various states across the country. As of the filing of this motion, thirty-nine (39) Dominion customers[2] (the "Subpoenaed Customers") in sixteen (16) jurisdictions have received subpoenas seeking production of a wide range of election-related materials and information, some of which is confidential and proprietary to Dominion and classified by the Election Assistance Commission (EAC) as critical election infrastructure.

The Subpoenas broadly seek: forensic images of various drives attached to Dominion voting equipment used during the November 2020 election; forensic images of slog.txt and .dvd files generated from tabulators and ballot marking devices; forensic images of all election records related to the November 2020 election subject to 22 U.S.C. § 20701; network diagrams, credentials, and network logs from electronic election equipment; the identity of certain election personnel; copies of any reports, documents, and spreadsheets made in relation to the November

---

[1] The notices and third-party subpoenas are attached as Exhibit 1.

[2] The Subpoenaed Parties are Montrose County Clerk, Weld County Clerk and Recorder, Pueblo County Clerk and Recorder, El Paso County Clerk, St. Lucie County Supervisor of Elections, Monroe County Supervisor of Elections, Houston County Board of Elections, Peach County Board of Elections & Registration, Burke County Board of Elections & Registration, Fulton County Department of Registration and Elections, Forsyth County Voter Registrations and Elections Department, Fayette County Elections & Voter Registration Department, Saginaw County Clerk, Wayne County Clerk, Kent County Clerk, Calhoun County Clerk, Berrien County Clerk, Sherburne County Auditor/Treasurer, Dakota County Voting & Elections Administration Center, Scott County Elections Department, Crow Wing County Elections & Voting, Washoe County Registrar of Voters, Clark County Elections Department, San Juan County Clerk, Otero County Clerk, Valencia County Clerk, Pike County Clerk, Luzerne County Bureau of Elections, Erie County Elections Department, Hamilton County Election Commission, Williamson County Administrator of Elections, Racine County Clerk, Ozaukee County Clerk, Winnebago County Clerk, Walworth County Clerk, Fond du Lac County, Green County Clerk, Grant County Clerk, and Arizona Secretary of State.

2020 election; documents related to any indication of any intrusion attempt into the election systems; copies of cellular bills and connections supporting ballot scanners/devices; copies of all contracts with suppliers of any electronic election system equipment, devices, software, or support services; and copies of all contracts related to network security, network monitoring, or cybersecurity concerning all or any part of the customer's electronic election system.

Many of the Subpoenaed Customers have served written objections to the Subpoenas[3], noting that the overly broad requests unduly burden their offices as they are preparing for mid-term elections and that the Subpoenas ask them to be produce highly sensitive election data and materials, as well as software and information that is confidential and proprietary to Dominion.

## **APPLICABLE LAW**

Rule 26 generally permits a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). But even relevant information may not be discoverable if it is not proportionate to the needs of the case. "The Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The Court's protective order may "[require] that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G).

---

[3] Some of the subpoenaed parties have also indicated that they will move to quash the subpoenas.

Rule 26's limitations on the scope of discovery also apply to subpoenas issued to nonparties under Rule 45. *See Coleman v. District of Columbia*, 275 F.R.D. 33, 36–37 (D.D.C. 2011) ("[I]t is settled that a subpoena is limited in scope by Rule 26(b)(1) of the Federal Rules of Civil Procedure"*)*. And because nonparties are "'strangers to the litigation" who have "no dog in [the] fight," the standard of review for a nonparty subpoena is higher than that used to assess discovery requests to litigants. *Gilmore v. Jones*, 339 F.R.D. 111, 119–20 (W.D. Va. 2021) (citations omitted).

"A party can . . . move for a protective order in regard to a subpoena issued to a non-party if it believes its own interest is jeopardized by discovery sought from a third party and has standing under Rule 26(c) to seek a protective order regarding subpoenas issued to non-parties which seek irrelevant information." *G.K. Las Vegas Ltd. P'ship v. Simon Prop. Group, Inc.*, 2:04-CV-01199-DAE, 2007 WL 119148, at *3 (D. Nev. Jan. 9, 2007) (citing *Auto–Owners Insurance Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005); *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 22 (D.D.C.2005) (deeming a party's motion to quash subpoenas issued to non-parties as a motion for protective order under Rule 26(c)). The party requesting a protective order bears the burden of showing good cause for the order exists. *Jennings v. Family Mgmt.*, 201 F.R.D. 272, 274–75 (D.D.C. 2001). "In assessing good cause, a district court must exercise its discretion in light of the relevant facts and the circumstances of the particular case." *Univ. of Mass. v. Roslin Inst.*, 437 F.Supp.2d 57, 60 (D.D.C. 2006). Protective orders may "deny discovery completely, limit the conditions, time, place, or topics of discovery, or limit the manner in which the confidential information is to be revealed." *Id.*

## **ARGUMENT**

Good cause exists for the Court to enter a protective order prohibiting Defendants from using third party subpoenas to pursue certain documents and information that are confidential and proprietary to Dominion. The confidential and proprietary materials sought through the subpoenas span well beyond what is relevant to the claims and defenses in this action. To the extent the materials are even arguably relevant, the potential harm that would result from the disclosure of such confidential and proprietary information—when balanced against (1) Defendants' marginal need for the information and (2) the significant burden its production would place on the dozens of nonparty public entities subpoenaed—weighs heavily in favor of prohibiting disclosure or, at the very least, requiring Defendants to pursue the materials from Dominion, rather than from third parties. That is all the more true here, where Defendants are trying to use the subpoena process as an end-run around Dominion's valid objections to party discovery.

## I.     The Subpoenas Request Documents and Information that is Confidential and Proprietary

Several of the requests contained in the Subpoenas call for software and information that is confidential and proprietary to Dominion. Request Number 1[4] asks the Subpoenaed Customers for:

---

[4] The requests contained in 38 of the 39 subpoenas are identical. The subpoena issued to the Arizona Secretary of State is slightly different. Both Request No. 1 and Request No. 2 of the subpoena issued to the Arizona Secretary of State asks for the same types of documents and information listed here.

1. Forensic images, in EnCase format, of each of the following objects used in connection with the November 2020 Election:

   a. All drives attached to or affiliated with an EMS Server

   b. All drives attached to or affiliated with any workstation used as an EMS Client

   c. All drives attached to or affiliated with any ImageCast Central Workstations

   d. All drives attached to or affiliated with any Adjudication Workstations

   e. All drives attached to or affiliated with the controlling computer for any ballot scanner such as HiPro, Canon, etc.

   f. All drives attached to or affiliated with any device used in conjunction with the election as a communications server or virtual private network server/concentrator

   g. All SD Cards, USB Drives or other storage devices that were inserted into or removed from all tabulators, ballot marking devices or other device that was used for the tabulation of votes

   h. All ImageCast X, ImageCast Precinct, and ImageCast Evolution devices

Request Number 2(a)[5] asks for:

2. The following electronic files:

   a. Forensic copies of all slog.txt files and .dvd files generated from tabulators and ballot marking devices

Although it is unclear what exactly Defendants mean by "Forensic images" and "Forensic copies," there is no doubt that production of the drives, devices, and files requested would require disclosure of Dominion's trade secrets.

Both federal and D.C. laws define "trade secrets" as information that "derives independent economic value . . . from not being generally known" when "the owner . . . has taken reasonable measures to keep such information secret." 18 U.S.C. § 1839(3); *see* D.C. Code § 36–401(4); *see also Meyer Group, Ltd. v. Rayborn*, No. 19-cv-1945, 2020 WL 5763631 at *4 (D.D.C. Sept. 28, 2020). The Court considers six factors when determining whether information should be considered a trade secret:

---

[5] This information is sought through Requests 3(a) and 4(a) of the subpoena served on the Arizona Secretary of State.

> [T]he extent to which the information is known outside of [the] business; (2) the extent to which it is known by employees and others involved in [the] business; (3) the extent of measures taken by [the employer] to guard the secrecy of the information; (4) the value of the information to [the employer] and to his competitors; (5) the amount of effort or money expended by [the employer] in developing the information; [and] (6) the ease or difficulty with which the information could be properly acquired or duplicated by others.

*Meyer Group*, 2020 WL 5763631 at *5 (quoting *Ruesch v. Ruesch Int'l Monetary Servs., Inc.*, 479 A.2d 295, 296 (D.C. 1984)).

Dominion has a tremendous proprietary interest in maintaining the confidentiality of its voting system software and related materials, which have been certified by the EAC and classified by DHS as critical election infrastructure. *See Premier Election Solutions, Inc. v. Systest Labs Inc.*, Civ. No. 09-cv-01822-WDM-KMT, 2009 WL 3075597 at *8 (D. Colo. Sept. 22, 2009) (implementing a protective order to protect voting system trade secrets and noting that "iBeta's proprietary interest in its own processes which have withstood EAC scrutiny are extraordinarily sensitive and valuable to iBeta").

Dominion's consistent efforts to keep its information confidential support a finding that the materials at issue are entitled to protection as trade secret and confidential commercial information. *See Meyer Group*, 2020 WL 5763631 at *5. Each of Dominion's purchasing and licensing agreements (including those with the Subpoenaed Customers) provides that Dominion's software and related materials are considered confidential and prohibits customers from transferring or copying its software onto any other storage device; reverse engineering, disassembling, decompiling, deciphering, or analyzing the software; or altering or modifying the software or copyright notices in any way or preparing any derivative works of the software or any parts of the software without Dominion's prior written permission.[6] Dominion further requires that

---

[6] *See* John Poulos Decl., at ¶ 10, attached as Exhibit 2.

9

once the agreement expires or terminates, the customer must return to Dominion all software in its possession or control, or destroy all such software, and certify in writing to Dominion that it has been destroyed.[7] The agreements also provide that each party must be given the ability to defend the confidentiality of its Confidential Information to the maximum extent allowable under the law prior to disclosure by the other Party.[8]

Again, the materials Defendants seek are not just confidential and proprietary; the federal government has classified Dominion's software and related information as critical to election infrastructure, and access to these systems is highly regulated. Any disclosure and/or testing of these materials should take place in a controlled manner with appropriate safeguards to ensure that Dominion's confidential and proprietary information is not manipulated or further disseminated to unauthorized recipients.

Dominion's concerns over disclosing its confidential and proprietary information are not unwarranted. Lindell has repeatedly and publicly promised that he will obtain Dominion's machines and display them at his "cyber symposiums," as part of his continued efforts to spread false and defamatory allegations about Dominion's voting systems.[9] Lindell has reportedly helped fund the legal defense of former Mesa County, Colorado, Clerk Tina Peters, who was indicted after improperly trying to make copies of Dominion's confidential information.[10] And Lindell recently disclosed (while saying he was explicitly asked *not* to disclose) that on September 13, 2022, federal agents seized his cellphone as part of an official criminal investigation surrounding

---

[7] *Id.*

[8] *Id.*

[9] *See* Zachary Pertrizzo, *Mike Lindell promised Dominion voting machines — but he doesn't have any*, Salon (Aug 14. 2021), https://www.salon.com/2021/08/14/mike-lindell-promised-dominion-voting-machines--but-he-doesnt-have-any/; *see also* Brian Schwartz, *MyPillow CEO Mike Lindell says he spent $25 million to push false pro-Trump election claims: 'I will spend whatever it takes'*, CNBC (Dec 16. 2021), https://www.cnbc.com/2021/12/16/mypillow-ceo-mike-lindell-spent-25-million-to-push-false-pro-trump-election-claims.html.

[10] *Id.*

Peters and the Colorado election security breach. The Court should enter a protective order prohibiting Defendants from pursuing from third parties Dominion's confidential and proprietary information, which Lindell has indicated he intends to share with the public.

## II.   The Subpoenas Request Documents and Information that Are Irrelevant to the Claims and Defenses of this Case

A defendant in a defamation case is entitled to seek discovery of information that would prove the truth of the alleged defamatory statements. But the scope of that discovery is limited to the defamatory statements at issue and should not be used as a fishing expedition. *See Gilmore v. Jones*, 339 F.R.D. 111, 122 (W.D. Va. 2021) (quashing multiple nonparty subpoenas that sought a broad scope of information where the allegations of defamation were fairly narrow). In evaluating whether the scope of a subpoena is overbroad in this context, the Court must ensure that the requested information is relevant to the truth or falsity of the statements at issue. *See Sheindlin v. Brady*, Civ. No. 21-CV-01124, 2021 WL 2075483, at *3–5 (S.D.N.Y. May 24, 2021) (quashing multiple nonparty subpoenas, through which defendant sought evidence to prove that his allegedly defamatory statements were true, because defendant had failed to show that the information sought was relevant and necessary to the claims or defenses in the action).

Defendants plainly intend to use Dominion's lawsuit as a platform to promote their theories that electronic voting machines are vulnerable to cybersecurity attack and should be done away with altogether. That is the narrative Defendants attempted to push through their groundless counterclaims against Dominion. But those counterclaims were dismissed, and Dominion's defamation claims are based on specific false statements Defendants made that Dominion's voting machines were "built to cheat" and "steal elections"; that Dominion stole the election by using an algorithm to flip and weight votes in its machines; that a fake spreadsheet with fake IP and MAC addresses proved that Dominion's machines were hacked; that Dominion's plot was kept secret

because then-Attorney General William Barr had been "compromised"; and that Dominion committed the "biggest crime ever committed in election history against our country and the world." The Court long ago recognized this key distinction. *See* ECF No. 73 (Transcript from June 24, 2012, Hearing on Defendants' Motions to Dismiss, at pgs. 32-33 (Court stating that "Dominion is not arguing that it would have been defamatory to say that Dominion is at risk of being hacked or that there is a risk of election systems generally being hacked" and that "the public debate about election security and statements by various people that there are concerns about election security are not the same as saying a particular company committed voter fraud.")).

The information Defendants seek from the Subpoenaed Customers is not tailored to the statements at issue, nor is it proportionate to the needs of the case. The Requests call for essentially all information the Subpoenaed Customers possess regarding all voting machines used in the 2020 Election. This is clearly a fishing expedition, conducted for Defendants' own purposes that are extraneous to the actual scope of Dominion's defamation claims in this case.

Defendants cannot articulate why they need "forensic copies" or "forensic images" of Dominion software and related materials from 39 of Dominion's customers to prove the truth of the defamatory statements at issue in Dominion's lawsuit. The burden and expense the nonparty public entities would incur producing the information Defendants seek outweighs the nonexistent benefit to Defendants. *See G.K. Las Vegas Ltd. P'ship*, 2007 WL 119148, at *4–5 (granting a party's motion for a protective order regarding numerous subpoenas issued to nonparties seeking information that could possibly be obtained from the party itself instead of from nonparties). Indeed, one of Lindell's defamatory statements is that he *already has evidence* proving that Dominion's machines were hacked. If this statement were true (independent audits and recounts of paper ballots have repeatedly proven that Lindell's statement is *not* true), then Defendants have

no need to access Dominion's proprietary machines and software. Defendants should not be allowed to make demonstrably false and damaging statements about Dominion—including an allegation they *already* have "100 % proof" to support their lies—and then claim they need Dominion's confidential and proprietary information (which they acknowledge they want to publicly share) to prove that what they said is true.

Even if Defendants did need to inspect a Dominion machine to prove the truth of Defendants' statements that Dominion machines were "built to cheat" and "steal elections" or that Dominion put an algorithm in its machines to flip and weight votes—again, flatly false allegations that no evidence in the world will ever support—they should pursue such discovery from Dominion, not its customers.[11] In fact, Defendants have requested from Dominion much of the same confidential and proprietary information it now seeks from the Subpoenaed Customers.[12] For example, Request Number 1 of MyPillow's Second Set of Requests for Production seeks: "An exemplar of each piece of Hardware Supplied or Supported by Dominion that was used to administer the 2020 Presidential Election in any jurisdiction in any State." Dominion objected to the request on the basis that, among other things, the materials requested were not relevant to any claim or defense in this litigation and "Dominion's hardware contains trade secrets and other information, the value of which depends on maintaining confidentiality." *See id.* Dominion further explained, "The risk of unauthorized disclosure is particularly acute because of statements made by Mike Lindell, My Pillow's CEO, about obtaining Dominion machines and publicly sharing them at his conferences." *Id.* Rather than moving to compel production of the requested materials

---

[11] Many of the Subpoenaed Customers have served written objections on the ground that Defendants' requests impose a substantial and undue burden. With upcoming elections in just over a month, diverting county financial, institutional, and temporal resources that would otherwise be used for election preparation towards responding to Defendants' incredibly vague and broad requests significantly burdens both the counties and their citizens.

[12] *See* My Pillow, Inc.'s Second Set of Requests for Production, attached as Exhibit 3.

and allowing this Court to determine whether and, if so, the protocols by which Dominion's confidential and proprietary information should be produced, Defendants seek to evade Dominion's objections by requesting the information from Dominion's customers.

Defendants argue that they must seek the requested materials from Dominion's customers because Dominion responded to Defendants' discovery requests by stating that "Dominion is not responsible for conducting elections, and state and local jurisdictions have exclusive custody and control over the Dominion technology used in those jurisdictions," and "It is Dominion's understanding that the jurisdictions conducting the elections are responsible for receiving, recording, tallying, and reporting the vote totals in their jurisdiction."[13] Defendants take Dominion's statements out of context. As written, certain of Defendants' requests for production suggest that Dominion is responsible for conducting elections (it is not).[14] Dominion made the statements Defendants cite to make clear that, to the extent Defendants' request for production implies that Dominion is responsible for conducting elections, it is in fact *Dominion's customer* that administers elections with the use of Dominion's technology—not Dominion. Dominion was not at all suggesting that its customers are authorized to disclose Dominion's confidential and proprietary information, nor did Dominion tell Defendants to seek Dominion's confidential and proprietary information from its customers.[15] What Dominion told Defendants in response to their request for documents and communications "concerning or related to the vote totals received,

---

[13] *See* September 28, 2022, email from L. Walker requesting telephonic conference, attached as Exhibit 4.
[14] *See, e.g.*, Plaintiffs' Responses and Objections to MyPillow's First Set of Requests for Production at Request No. 11, attached as Exhibit 5.
[15] Dominion maintains a copy of all State and Federally certified software versions, which, again, are confidential and proprietary. To the extent Defendants are seeking the software that was used during the 2020 Election—and can establish its relevance to the claims and defenses at issue-—Dominion is the proper party from which to seek confidential and proprietary information. To the extent Defendants seek the election databases individual jurisdictions used during the 2020 Election, it is nearly impossible that the machines would still be programmed for the 2020 Election, due to the normal use of the voting system by Election Administrators through the multiple elections since 2020, including the 2022 primaries and now the general election.

recorded, tallied, or reported in the 2020 Presidential Election, in any jurisdiction which used Election Equipment Supplied or Supported by Dominion" was that, subject to and without waiving its various objections, it would produce non-privileged, responsive documents and communications it can locate in a reasonable search.[16]

Defendants should not be permitted to abuse the discovery process by unduly burdening nonparty public entities with wide-spanning requests for confidential and proprietary information that, to the extent even relevant at all, should be sought directly from Dominion and produced only in accordance with an order of the Court.

## **CONCLUSION**

There is good cause for the Court to enter a protective order prohibiting Defendants from using third party subpoenas to pursue Dominion's confidential and proprietary information from third parties, specifically the documents and information sought through:

1. Requests 1 (a-h) and 2(a) of the subpoenas issued to Montrose County Clerk, Weld County Clerk and Recorder, Pueblo County Clerk and Recorder, El Paso County Clerk, St. Lucie County Supervisor of Elections, Monroe County Supervisor of Elections, Houston County Board of Elections, Peach County Board of Elections & Registration, Burke County Board of Elections & Registration, Fulton County Department of Registration and Elections, Forsyth County Voter Registrations and Elections Department, Fayette County Elections & Voter Registration Department, Saginaw County Clerk, Wayne County Clerk, Kent County Clerk, Calhoun County Clerk, Berrien County Clerk, Sherburne County Auditor/Treasurer, Dakota County Voting & Elections Administration Center, Scott County Elections Department, Crow Wing County Elections & Voting, Washoe County

---

[16] *See*, *e.g.*, Plaintiffs' Responses and Objections to MyPillow's First Set of Requests for Production at Request No. 11, attached as Exhibit 5.

Registrar of Voters, Clark County Elections Department, San Juan County Clerk, Otero County Clerk, Valencia County Clerk, Pike County Clerk, Luzerne County Bureau of Elections, Erie County Elections Department, Hamilton County Election Commission, Williamson County Administrator of Elections, Racine County Clerk, Ozaukee County Clerk, Winnebago County Clerk, Walworth County Clerk, Fond du Lac County, Green County Clerk, and Grant County Clerk; and

2. Requests 1(a-h), 2(a-h), 3(a), and 4(a) of the subpoena issued to the Arizona Secretary of State.

Dated: September 30, 2022

Respectfully submitted,

/s/ Laranda Walker
Justin A. Nelson (D.C. Bar No. 490347)
Laranda Walker (D.C. Bar No. TX0028)
Florence T. Chen (D.C. Bar No. TX0025)
Katie Sammons (D.C. Bar No. TX0030)
Brittany Fowler (*admitted pro hac vice*)
SUSMAN GODFREY LLP
1000 Louisiana Street, #5100
Houston, Texas 77002
(713) 651-9366
jnelson@susmangodfrey.com
lwalker@susmangodfrey.com
fchen@susmangodfrey.com
ksammons@susmangodfrey.com
bfowler@susmangodfrey.com

Stephen Shackelford, Jr.
(D.C. Bar No. NY0443)
Elisha Barron (*admitted pro hac vice*)
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Fl
New York, NY 10019
(212) 336-8330

sshackelford@susmangodfrey.com
ebarron@susmangodfrey.com

Davida Brook (D.C. Bar No. CA00117)
SUSMAN GODFREY LLP
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
(310) 789-3100
dbrook@susmangodfrey.com

Stephen E. Morrissey (*admitted pro hac vice)*
SUSMAN GODFREY LLP
1201 Third Avenue, Suite 3800
Seattle, WA  98101
(206) 516-3880
smorrissey@susmangodfrey.com

Thomas A. Clare, P.C. (D.C. Bar No. 461964)
Megan L. Meier (D.C. Bar No. 985553)
Dustin A. Pusch (D.C. Bar No. 1015069)
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
Telephone: (202) 628-7400
tom@clarelocke.com
megan@clarelocke.com
dustin@clarelocke.com

Rodney Smolla (Bar No. 6327)
4601 Concord Pike
Wilmington, DE 19803
rodsmolla@gmail.com
(864) 373-3882

***Attorneys for Plaintiffs/Counter-Defendants US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation; and Third-Party Defendant Hamilton Place Strategies, LLC***

# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

US DOMINION, INC., et al.,

      Plaintiffs/Counter-Defendants,

      v.

MY PILLOW, INC., et al.,

      Defendants/Counter-Plaintiffs/
      Third-Party Plaintiffs,

      v.

SMARTMATIC USA CORP., et al.,

      Third-Party Defendants.

Case No. 1:21-cv-00445-CJN
Judge Carl J. Nichols

**Notice of Subpoena**

PLEASE TAKE NOTICE that Defendants My Pillow, Inc. and Michael Lindell intend to serve a subpoena *duces tecum*, pursuant to Fed. R. Civ. P. 45, upon the Berrien County, MI Clerk, 701 Main Street, St. Joseph, MI 49085. A copy of the subpoena and associated exhibit is attached hereto.

Dated: September 1, 2022

**PARKER DANIELS KIBORT LLC**

By */s/ Andrew D. Parker*
    Andrew D. Parker (D.C. Bar No. 63279)
    888 Colwell Building
    123 N. Third Street
    Minneapolis, MN 55401
    Telephone: (612) 355-4100
    Facsimile: (612) 355-4101
    parker@parkerdk.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Columbia

| | | |
|---|---|---|
| US DOMINION, INC., et al., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:21-CV-00445 (CJN) |
| MY PILLOW, INC., et al., | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                       Berrien County Clerk
                              701 Main Street, St. Joseph, MI 49085

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment.

| Place: Berrien County Clerk's Office, 701 Main Street, St. Joseph, MI 49085 Production by electronic transfer or mail is preferred. | Date and Time: September  30, 2022 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

     The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      09/01/2022

                    *CLERK OF COURT*
                                                          OR

_____                    /s/ Andrew D. Parker
     *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*      Defendants
My Pillow, Inc., and Michael J. Lindell                                , who issues or requests this subpoena, are:

Andrew D. Parker, 123 North Third Street, Suite 888, Minneapolis, Minnesota 55401, parker@parkerdk.com, 612-355-4100

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:21-CV-00445 (CJN)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                           *Server's signature*

                                                  _____
                                                           *Printed name and title*

                                                  _____
                                                           *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
**(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
**(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
**(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
**(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
**(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit A**

**Definitions**

1. "Adjudication" refers to the process of reviewing a voter's ballot to determine what votes were intended by the voter who cast the ballot.

2. "Ballot marking device" refers to any electronic device used to complete an electronic ballot which is then printed onto paper.

3. "Ballot scanner" refers to an electronic device that provides optical scanning of ballots to produce a digital image of the ballot and/or to read the votes marked on the ballot.

4. "Client" refers to a computer that connects to a computer server.

5. "Controlling computer" refers to a computer connected to another electronic device, that is used to control the behavior of the connected electronic device.

6. "Document" refers to any writing or electronically stored information stored in any medium from which information can be obtained, including drawings, graphs, charts, photographs, sound recordings, video recordings, images, or other data or data compilations, within the meaning of Fed. R. Civ. P. 34(a)(1)(A).

7. "Drive" or "drives" refers to any medium for the storage of electronic or digital data.

8. "EMS" refers to an Election Management System or any set of electronic equipment used to facilitate the counting, tabulation, and reporting of results in a public election.

9. "Electronic election system" refers to all electronic or computerized devices and equipment used to cast ballots, count votes, tabulate votes, or report results in an election.

10. "EnCase" refers to the digital forensic data collection and investigation technology produced by Guidance Software.

11. "Forensic copy" refers to a file-level exact duplication of electronic data.

12. "Forensic image" refers to a bit-by-bit, sector-by-sector direct copy of a physical storage devices containing electronic data, including all files, folders and unallocated, free, and slack space.

13. "ImageCast Central" or "ICC" refers to the electronic system distributed by Dominion Voting with that name.

14. "ImageCast Evolution" or "ICE" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device and tabulator.

15. "ImageCast Precinct" or "ICP" refers to the electronic device distributed by Dominion Voting, with that name, that can optically scan and tabulate votes from paper ballots.

16. "ImageCast X" or "ICX" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device.

17. "November 2020 Election" refers to the general election in the United States for which Election Day was November 3, 2020.

18. "Server" refers to a computer server or computer that stores, processes, and manages data for other computers or devices on a computer network.

19. "Storage device" refers to any medium for the storage of electronic or digital data.

20. "Tabulator" refers to any electronic device used to count or tabulate votes from paper ballots.

21. "Workstation" refers to an individual computer, which may or may not be connected to a computer network, used to facilitate one or more specific tasks or processes.

22. "You" and "Your" refer to the recipient of this subpoena.

## Items to Produce

Produce the following documents, communications, and electronic data in Your possession, custody, or control:

1. Forensic images, in EnCase format, of each of the following objects used in connection with the November 2020 Election:

   a. All drives attached to or affiliated with an EMS Server

   b. All drives attached to or affiliated with any workstation used as an EMS Client

   c. All drives attached to or affiliated with any ImageCast Central Workstations

   d. All drives attached to or affiliated with any Adjudication Workstations

   e. All drives attached to or affiliated with the controlling computer for any ballot scanner such as HiPro, Canon, etc.

   f. All drives attached to or affiliated with any device used in conjunction with the election as a communications server or virtual private network server/concentrator

   g. All SD Cards, USB Drives or other storage devices that were inserted into or removed from all tabulators, ballot marking devices or other device that was used for the tabulation of votes

   h. All ImageCast X, ImageCast Precinct, and ImageCast Evolution devices

2. The following electronic files:

   a. Forensic copies of all slog.txt files and .dvd files generated from tabulators and ballot marking devices

   b. Forensic copies of all data items related to the November 2020 Election subject to the 22 month voter records retention requirement under U.S. federal law

3. The following information related to electronic election system architecture:

   a. A network diagram including all devices, mac addresses and assigned IP addresses for Your complete electronic election system, including but not limited to the EMS Server, all networked devices on the EMS Server network (routers, switches, communications servers, modems, etc), and all devices attached to the resident network for the voter registration server

   b. For each ballot marking device, ballot scanner, and tabulator, the media access control (MAC) address for each communication device connected to the ballot marking device, ballot scanner, or tabulator at any time between January 1, 2019 and November 30, 2020

   c. Copies of all network logs, PCAPs, netflow data and access control logs from networking devices associated with the EMS

   d. Credentials to permit access through all whole disk or file encryption technologies utilized in any part of Your electronic election system that is produced in response to this subpoena, including but not limited to BitLocker, TrueCrypt, and VeraCrypt technologies

   e. A list of all personnel who had access to the EMS Server or any EMS server-connected computing device for the period January 1, 2019 through November 30, 2020.  Provide the name of the person, the account utilized, the devices accessed and the duration of the access.

4. The following information related to the results of the November 2020 Election:

   a. Copies of all tabulator poll closing reports and tabulator reports generated by each precinct and polling location, detailing with date and time the number of in person voters, the number of same day voter registrations (if applicable), and the final totals for the precinct

   b. Copies of the certified final election results that were used to determine the official outcomes of the election contests

   c. Copies of any document, report, or spreadsheet that was produced in relation to the November 2020 Election

5. All documents related to any indication of any intrusion attempt into Your electronic election system.

6. Copies of all cellular bills and connections supporting Your ballot scanners and ballot marking devices.  These records should include the International Mobile Equipment Identity (IEMI) number, Temporary Mobile Subscriber Identity (TMSI) number, originating phone number, destination phone number, date and time of call origination, and call duration.

7. Copies of all contracts and agreements with the suppliers of any of Your electronic election system equipment, devices, software, or support services.

8. Copies of all contracts and agreements related to network security, network monitoring, or cybersecurity concerning all or any part of Your electronic election system.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| US DOMINION, INC., et al., | Case No. 1:21-cv-00445-CJN |
|     Plaintiffs/Counter-Defendants, | Judge Carl J. Nichols |
|     v. | |
| MY PILLOW, INC., et al., | **Notice of Subpoena** |
|     Defendants/Counter-Plaintiffs/<br>    Third-Party Plaintiffs, | |
|     v. | |
| SMARTMATIC USA CORP., et al., | |
|     Third-Party Defendants. | |

PLEASE TAKE NOTICE that Defendants My Pillow, Inc. and Michael Lindell intend to serve a subpoena *duces tecum*, pursuant to Fed. R. Civ. P. 45, upon the Clark County, NV Election Department, 965 Trade Drive, Suite A, North Las Vegas, NV 89030. A copy of the subpoena and associated exhibit is attached hereto.

Dated: September 1, 2022

                  **PARKER DANIELS KIBORT LLC**

                  By */s/ Andrew D. Parker*
                    Andrew D. Parker (D.C. Bar No. 63279)
                    888 Colwell Building
                    123 N. Third Street
                    Minneapolis, MN 55401
                    Telephone: (612) 355-4100
                    Facsimile: (612) 355-4101
                    parker@parkerdk.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Columbia

| | | |
|---|---|---|
| US DOMINION, INC., et al., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:21-CV-00445 (CJN) |
| MY PILLOW, INC., et al., | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                          Clark County Election Department
965 Trade Drive, Suite A, North Las Vegas, NV 89030

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment.

| | |
|---|---|
| Place: Clark County Election Department, 965 Trade Drive, Suite A, North Las Vegas, NV 89030. Production by electronic transfer or mail is preferred. | Date and Time: September  30, 2022 |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      09/01/2022

|  CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Andrew D. Parker |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*      Defendants
My Pillow, Inc., and Michael J. Lindell                                   , who issues or requests this subpoena, are:

Andrew D. Parker, 123 North Third Street, Suite 888, Minneapolis, Minnesota 55401, parker@parkerdk.com, 612-355-4100

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:21-CV-00445 (CJN)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____                _____
                                                         *Server's signature*

                                                 _____
                                                         *Printed name and title*

                                                 _____
                                                         *Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
 **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
 **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
 **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
 **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
 **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit A**

**Definitions**

1. "Adjudication" refers to the process of reviewing a voter's ballot to determine what votes were intended by the voter who cast the ballot.

2. "Ballot marking device" refers to any electronic device used to complete an electronic ballot which is then printed onto paper.

3. "Ballot scanner" refers to an electronic device that provides optical scanning of ballots to produce a digital image of the ballot and/or to read the votes marked on the ballot.

4. "Client" refers to a computer that connects to a computer server.

5. "Controlling computer" refers to a computer connected to another electronic device, that is used to control the behavior of the connected electronic device.

6. "Document" refers to any writing or electronically stored information stored in any medium from which information can be obtained, including drawings, graphs, charts, photographs, sound recordings, video recordings, images, or other data or data compilations, within the meaning of Fed. R. Civ. P. 34(a)(1)(A).

7. "Drive" or "drives" refers to any medium for the storage of electronic or digital data.

8. "EMS" refers to an Election Management System or any set of electronic equipment used to facilitate the counting, tabulation, and reporting of results in a public election.

9. "Electronic election system" refers to all electronic or computerized devices and equipment used to cast ballots, count votes, tabulate votes, or report results in an election.

10. "EnCase" refers to the digital forensic data collection and investigation technology produced by Guidance Software.

11. "Forensic copy" refers to a file-level exact duplication of electronic data.

12. "Forensic image" refers to a bit-by-bit, sector-by-sector direct copy of a physical storage devices containing electronic data, including all files, folders and unallocated, free, and slack space.

13. "ImageCast Central" or "ICC" refers to the electronic system distributed by Dominion Voting with that name.

14. "ImageCast Evolution" or "ICE" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device and tabulator.

1

15. "ImageCast Precinct" or "ICP" refers to the electronic device distributed by Dominion Voting, with that name, that can optically scan and tabulate votes from paper ballots.

16. "ImageCast X" or "ICX" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device.

17. "November 2020 Election" refers to the general election in the United States for which Election Day was November 3, 2020.

18. "Server" refers to a computer server or computer that stores, processes, and manages data for other computers or devices on a computer network.

19. "Storage device" refers to any medium for the storage of electronic or digital data.

20. "Tabulator" refers to any electronic device used to count or tabulate votes from paper ballots.

21. "Workstation" refers to an individual computer, which may or may not be connected to a computer network, used to facilitate one or more specific tasks or processes.

22. "You" and "Your" refer to the recipient of this subpoena.

## Items to Produce

Produce the following documents, communications, and electronic data in Your possession, custody, or control:

1. Forensic images, in EnCase format, of each of the following objects used in connection with the November 2020 Election:

   a. All drives attached to or affiliated with an EMS Server

   b. All drives attached to or affiliated with any workstation used as an EMS Client

   c. All drives attached to or affiliated with any ImageCast Central Workstations

   d. All drives attached to or affiliated with any Adjudication Workstations

   e. All drives attached to or affiliated with the controlling computer for any ballot scanner such as HiPro, Canon, etc.

   f. All drives attached to or affiliated with any device used in conjunction with the election as a communications server or virtual private network server/concentrator

   g. All SD Cards, USB Drives or other storage devices that were inserted into or removed from all tabulators, ballot marking devices or other device that was used for the tabulation of votes

   h. All ImageCast X, ImageCast Precinct, and ImageCast Evolution devices

2

2. The following electronic files:

    a. Forensic copies of all slog.txt files and .dvd files generated from tabulators and ballot marking devices

    b. Forensic copies of all data items related to the November 2020 Election subject to the 22 month voter records retention requirement under U.S. federal law

3. The following information related to electronic election system architecture:

    a. A network diagram including all devices, mac addresses and assigned IP addresses for Your complete electronic election system, including but not limited to the EMS Server, all networked devices on the EMS Server network (routers, switches, communications servers, modems, etc), and all devices attached to the resident network for the voter registration server

    b. For each ballot marking device, ballot scanner, and tabulator, the media access control (MAC) address for each communication device connected to the ballot marking device, ballot scanner, or tabulator at any time between January 1, 2019 and November 30, 2020

    c. Copies of all network logs, PCAPs, netflow data and access control logs from networking devices associated with the EMS

    d. Credentials to permit access through all whole disk or file encryption technologies utilized in any part of Your electronic election system that is produced in response to this subpoena, including but not limited to BitLocker, TrueCrypt, and VeraCrypt technologies

    e. A list of all personnel who had access to the EMS Server or any EMS server-connected computing device for the period January 1, 2019 through November 30, 2020. Provide the name of the person, the account utilized, the devices accessed and the duration of the access.

4. The following information related to the results of the November 2020 Election:

    a. Copies of all tabulator poll closing reports and tabulator reports generated by each precinct and polling location, detailing with date and time the number of in person voters, the number of same day voter registrations (if applicable), and the final totals for the precinct

    b. Copies of the certified final election results that were used to determine the official outcomes of the election contests

    c. Copies of any document, report, or spreadsheet that was produced in relation to the November 2020 Election

5. All documents related to any indication of any intrusion attempt into Your electronic election system.

6. Copies of all cellular bills and connections supporting Your ballot scanners and ballot marking devices.  These records should include the International Mobile Equipment Identity (IEMI) number, Temporary Mobile Subscriber Identity (TMSI) number, originating phone number, destination phone number, date and time of call origination, and call duration.

7. Copies of all contracts and agreements with the suppliers of any of Your electronic election system equipment, devices, software, or support services.

8. Copies of all contracts and agreements related to network security, network monitoring, or cybersecurity concerning all or any part of Your electronic election system.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| US DOMINION, INC., et al., | Case No. 1:21-cv-00445-CJN |
| Plaintiffs/Counter-Defendants, | Judge Carl J. Nichols |
| v. |  |
| MY PILLOW, INC., et al., | **Notice of Subpoena** |
| Defendants/Counter-Plaintiffs/<br>Third-Party Plaintiffs, |  |
| v. |  |
| SMARTMATIC USA CORP., et al., |  |
| Third-Party Defendants. |  |

PLEASE TAKE NOTICE that Defendants My Pillow, Inc. and Michael Lindell intend to serve a subpoena *duces tecum*, pursuant to Fed. R. Civ. P. 45, upon the Forsyth County, GA Voter Registrations & Elections Department, 1201 Sawnee Drive, Cumming, GA 30040. A copy of the subpoena and associated exhibit is attached hereto.

Dated: September 1, 2022

**PARKER DANIELS KIBORT LLC**

By */s/ Andrew D. Parker*
Andrew D. Parker (D.C. Bar No. 63279)
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
Telephone: (612) 355-4100
Facsimile: (612) 355-4101
parker@parkerdk.com

1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Columbia

| | | |
|---|---|---|
| US DOMINION, INC., et al., | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No. 1:21-CV-00445 (CJN) |
| MY PILLOW, INC., et al., | ) | |
| | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:            Forsyth County Voter Registrations & Elections Department
                    1201 Sawnee Drive, Cumming, GA 30040

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment.

| | |
|---|---|
| Place: Office of the Forsyth County Voter Registrations & Elections Department, 1201 Sawnee Drive, Cumming, GA 30040. Production by electronic transfer or mail is preferred. | Date and Time: September 30, 2022 |

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      09/01/2022

                    CLERK OF COURT
                                                                        OR

_____                    /s/ Andrew D. Parker
_Signature of Clerk or Deputy Clerk_                         _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_      **Defendants**
My Pillow, Inc., and Michael J. Lindell                                      , who issues or requests this subpoena, are:

Andrew D. Parker, 123 North Third Street, Suite 888, Minneapolis, Minnesota 55401, parker@parkerdk.com, 612-355-4100

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:21-CV-00445 (CJN)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                          *Server's signature*

                                                    _____
                                                          *Printed name and title*

                                                    _____
                                                          *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit A

## Definitions

1. "Adjudication" refers to the process of reviewing a voter's ballot to determine what votes were intended by the voter who cast the ballot.

2. "Ballot marking device" refers to any electronic device used to complete an electronic ballot which is then printed onto paper.

3. "Ballot scanner" refers to an electronic device that provides optical scanning of ballots to produce a digital image of the ballot and/or to read the votes marked on the ballot.

4. "Client" refers to a computer that connects to a computer server.

5. "Controlling computer" refers to a computer connected to another electronic device, that is used to control the behavior of the connected electronic device.

6. "Document" refers to any writing or electronically stored information stored in any medium from which information can be obtained, including drawings, graphs, charts, photographs, sound recordings, video recordings, images, or other data or data compilations, within the meaning of Fed. R. Civ. P. 34(a)(1)(A).

7. "Drive" or "drives" refers to any medium for the storage of electronic or digital data.

8. "EMS" refers to an Election Management System or any set of electronic equipment used to facilitate the counting, tabulation, and reporting of results in a public election.

9. "Electronic election system" refers to all electronic or computerized devices and equipment used to cast ballots, count votes, tabulate votes, or report results in an election.

10. "EnCase" refers to the digital forensic data collection and investigation technology produced by Guidance Software.

11. "Forensic copy" refers to a file-level exact duplication of electronic data.

12. "Forensic image" refers to a bit-by-bit, sector-by-sector direct copy of a physical storage devices containing electronic data, including all files, folders and unallocated, free, and slack space.

13. "ImageCast Central" or "ICC" refers to the electronic system distributed by Dominion Voting with that name.

14. "ImageCast Evolution" or "ICE" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device and tabulator.

1

15. "ImageCast Precinct" or "ICP" refers to the electronic device distributed by Dominion Voting, with that name, that can optically scan and tabulate votes from paper ballots.

16. "ImageCast X" or "ICX" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device.

17. "November 2020 Election" refers to the general election in the United States for which Election Day was November 3, 2020.

18. "Server" refers to a computer server or computer that stores, processes, and manages data for other computers or devices on a computer network.

19. "Storage device" refers to any medium for the storage of electronic or digital data.

20. "Tabulator" refers to any electronic device used to count or tabulate votes from paper ballots.

21. "Workstation" refers to an individual computer, which may or may not be connected to a computer network, used to facilitate one or more specific tasks or processes.

22. "You" and "Your" refer to the recipient of this subpoena.

## Items to Produce

Produce the following documents, communications, and electronic data in Your possession, custody, or control:

1. Forensic images, in EnCase format, of each of the following objects used in connection with the November 2020 Election:

   a. All drives attached to or affiliated with an EMS Server

   b. All drives attached to or affiliated with any workstation used as an EMS Client

   c. All drives attached to or affiliated with any ImageCast Central Workstations

   d. All drives attached to or affiliated with any Adjudication Workstations

   e. All drives attached to or affiliated with the controlling computer for any ballot scanner such as HiPro, Canon, etc.

   f. All drives attached to or affiliated with any device used in conjunction with the election as a communications server or virtual private network server/concentrator

   g. All SD Cards, USB Drives or other storage devices that were inserted into or removed from all tabulators, ballot marking devices or other device that was used for the tabulation of votes

   h. All ImageCast X, ImageCast Precinct, and ImageCast Evolution devices

2

2. The following electronic files:

    a. Forensic copies of all slog.txt files and .dvd files generated from tabulators and ballot marking devices

    b. Forensic copies of all data items related to the November 2020 Election subject to the 22 month voter records retention requirement under U.S. federal law

3. The following information related to electronic election system architecture:

    a. A network diagram including all devices, mac addresses and assigned IP addresses for Your complete electronic election system, including but not limited to the EMS Server, all networked devices on the EMS Server network (routers, switches, communications servers, modems, etc), and all devices attached to the resident network for the voter registration server

    b. For each ballot marking device, ballot scanner, and tabulator, the media access control (MAC) address for each communication device connected to the ballot marking device, ballot scanner, or tabulator at any time between January 1, 2019 and November 30, 2020

    c. Copies of all network logs, PCAPs, netflow data and access control logs from networking devices associated with the EMS

    d. Credentials to permit access through all whole disk or file encryption technologies utilized in any part of Your electronic election system that is produced in response to this subpoena, including but not limited to BitLocker, TrueCrypt, and VeraCrypt technologies

    e. A list of all personnel who had access to the EMS Server or any EMS server-connected computing device for the period January 1, 2019 through November 30, 2020. Provide the name of the person, the account utilized, the devices accessed and the duration of the access.

4. The following information related to the results of the November 2020 Election:

    a. Copies of all tabulator poll closing reports and tabulator reports generated by each precinct and polling location, detailing with date and time the number of in person voters, the number of same day voter registrations (if applicable), and the final totals for the precinct

    b. Copies of the certified final election results that were used to determine the official outcomes of the election contests

    c. Copies of any document, report, or spreadsheet that was produced in relation to the November 2020 Election

3

5.  All documents related to any indication of any intrusion attempt into Your electronic election system.

6.  Copies of all cellular bills and connections supporting Your ballot scanners and ballot marking devices.  These records should include the International Mobile Equipment Identity (IEMI) number, Temporary Mobile Subscriber Identity (TMSI) number, originating phone number, destination phone number, date and time of call origination, and call duration.

7.  Copies of all contracts and agreements with the suppliers of any of Your electronic election system equipment, devices, software, or support services.

8.  Copies of all contracts and agreements related to network security, network monitoring, or cybersecurity concerning all or any part of Your electronic election system.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

US DOMINION, INC., et al.,

    Plaintiffs/Counter-Defendants,

    v.

MY PILLOW, INC., et al.,

    Defendants/Counter-Plaintiffs/
    Third-Party Plaintiffs,

    v.

SMARTMATIC USA CORP., et al.,

    Third-Party Defendants.

Case No. 1:21-cv-00445-CJN
Judge Carl J. Nichols

**Notice of Subpoena**

PLEASE TAKE NOTICE that Defendants My Pillow, Inc. and Michael Lindell intend to serve a subpoena *duces tecum*, pursuant to Fed. R. Civ. P. 45, upon the Fulton County, GA Department of Registration and Elections, 130 Peachtree St, Ste 2186, Atlanta, GA 30303. A copy of the subpoena and associated exhibit is attached hereto.

Dated: September 1, 2022

**PARKER DANIELS KIBORT LLC**

By */s/ Andrew D. Parker*
    Andrew D. Parker (D.C. Bar No. 63279)
    888 Colwell Building
    123 N. Third Street
    Minneapolis, MN 55401
    Telephone: (612) 355-4100
    Facsimile: (612) 355-4101
    parker@parkerdk.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Columbia

| | |
|---|---|
| US DOMINION, INC., et al., | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:21-CV-00445 (CJN) |
| MY PILLOW, INC., et al., | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Fulton County Department of Registration and Elections
130 Peachtree St, Ste 2186, Atlanta, GA 30303

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment.

| | |
|---|---|
| Place: Office of the Fulton County Department of Registration and Elections, 130 Peachtree St, Ste 2186, Atlanta, GA 30303. Production by electronic transfer or mail is preferred. | Date and Time: September 30, 2022 |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:          09/01/2022

*CLERK OF COURT*

OR

|                                                  | /s/ Andrew D. Parker |
|--------------------------------------------------|----------------------|
| *Signature of Clerk or Deputy Clerk*             | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* ____Defendants____
My Pillow, Inc., and Michael J. Lindell _____ , who issues or requests this subpoena, are:

Andrew D. Parker, 123 North Third Street, Suite 888, Minneapolis, Minnesota 55401, parker@parkerdk.com, 612-355-4100

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:21-CV-00445 (CJN)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                          *Server's signature*

                                          _____
                                          *Printed name and title*

                                          _____
                                          *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit A

**Definitions**

1. "Adjudication" refers to the process of reviewing a voter's ballot to determine what votes were intended by the voter who cast the ballot.

2. "Ballot marking device" refers to any electronic device used to complete an electronic ballot which is then printed onto paper.

3. "Ballot scanner" refers to an electronic device that provides optical scanning of ballots to produce a digital image of the ballot and/or to read the votes marked on the ballot.

4. "Client" refers to a computer that connects to a computer server.

5. "Controlling computer" refers to a computer connected to another electronic device, that is used to control the behavior of the connected electronic device.

6. "Document" refers to any writing or electronically stored information stored in any medium from which information can be obtained, including drawings, graphs, charts, photographs, sound recordings, video recordings, images, or other data or data compilations, within the meaning of Fed. R. Civ. P. 34(a)(1)(A).

7. "Drive" or "drives" refers to any medium for the storage of electronic or digital data.

8. "EMS" refers to an Election Management System or any set of electronic equipment used to facilitate the counting, tabulation, and reporting of results in a public election.

9. "Electronic election system" refers to all electronic or computerized devices and equipment used to cast ballots, count votes, tabulate votes, or report results in an election.

10. "EnCase" refers to the digital forensic data collection and investigation technology produced by Guidance Software.

11. "Forensic copy" refers to a file-level exact duplication of electronic data.

12. "Forensic image" refers to a bit-by-bit, sector-by-sector direct copy of a physical storage devices containing electronic data, including all files, folders and unallocated, free, and slack space.

13. "ImageCast Central" or "ICC" refers to the electronic system distributed by Dominion Voting with that name.

14. "ImageCast Evolution" or "ICE" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device and tabulator.

1

15. "ImageCast Precinct" or "ICP" refers to the electronic device distributed by Dominion Voting, with that name, that can optically scan and tabulate votes from paper ballots.

16. "ImageCast X" or "ICX" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device.

17. "November 2020 Election" refers to the general election in the United States for which Election Day was November 3, 2020.

18. "Server" refers to a computer server or computer that stores, processes, and manages data for other computers or devices on a computer network.

19. "Storage device" refers to any medium for the storage of electronic or digital data.

20. "Tabulator" refers to any electronic device used to count or tabulate votes from paper ballots.

21. "Workstation" refers to an individual computer, which may or may not be connected to a computer network, used to facilitate one or more specific tasks or processes.

22. "You" and "Your" refer to the recipient of this subpoena.

**Items to Produce**

Produce the following documents, communications, and electronic data in Your possession, custody, or control:

1. Forensic images, in EnCase format, of each of the following objects used in connection with the November 2020 Election:

   a. All drives attached to or affiliated with an EMS Server

   b. All drives attached to or affiliated with any workstation used as an EMS Client

   c. All drives attached to or affiliated with any ImageCast Central Workstations

   d. All drives attached to or affiliated with any Adjudication Workstations

   e. All drives attached to or affiliated with the controlling computer for any ballot scanner such as HiPro, Canon, etc.

   f. All drives attached to or affiliated with any device used in conjunction with the election as a communications server or virtual private network server/concentrator

   g. All SD Cards, USB Drives or other storage devices that were inserted into or removed from all tabulators, ballot marking devices or other device that was used for the tabulation of votes

   h. All ImageCast X, ImageCast Precinct, and ImageCast Evolution devices

2. The following electronic files:

   a. Forensic copies of all slog.txt files and .dvd files generated from tabulators and ballot marking devices

   b. Forensic copies of all data items related to the November 2020 Election subject to the 22 month voter records retention requirement under U.S. federal law

3. The following information related to electronic election system architecture:

   a. A network diagram including all devices, mac addresses and assigned IP addresses for Your complete electronic election system, including but not limited to the EMS Server, all networked devices on the EMS Server network (routers, switches, communications servers, modems, etc), and all devices attached to the resident network for the voter registration server

   b. For each ballot marking device, ballot scanner, and tabulator, the media access control (MAC) address for each communication device connected to the ballot marking device, ballot scanner, or tabulator at any time between January 1, 2019 and November 30, 2020

   c. Copies of all network logs, PCAPs, netflow data and access control logs from networking devices associated with the EMS

   d. Credentials to permit access through all whole disk or file encryption technologies utilized in any part of Your electronic election system that is produced in response to this subpoena, including but not limited to BitLocker, TrueCrypt, and VeraCrypt technologies

   e. A list of all personnel who had access to the EMS Server or any EMS server-connected computing device for the period January 1, 2019 through November 30, 2020.  Provide the name of the person, the account utilized, the devices accessed and the duration of the access.

4. The following information related to the results of the November 2020 Election:

   a. Copies of all tabulator poll closing reports and tabulator reports generated by each precinct and polling location, detailing with date and time the number of in person voters, the number of same day voter registrations (if applicable), and the final totals for the precinct

   b. Copies of the certified final election results that were used to determine the official outcomes of the election contests

   c. Copies of any document, report, or spreadsheet that was produced in relation to the November 2020 Election

3

5. All documents related to any indication of any intrusion attempt into Your electronic election system.

6. Copies of all cellular bills and connections supporting Your ballot scanners and ballot marking devices.  These records should include the International Mobile Equipment Identity (IEMI) number, Temporary Mobile Subscriber Identity (TMSI) number, originating phone number, destination phone number, date and time of call origination, and call duration.

7. Copies of all contracts and agreements with the suppliers of any of Your electronic election system equipment, devices, software, or support services.

8. Copies of all contracts and agreements related to network security, network monitoring, or cybersecurity concerning all or any part of Your electronic election system.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., et al., | Case No. 1:21-cv-00445-CJN |
| Plaintiffs/Counter-Defendants, | Judge Carl J. Nichols |
| v. | |
| MY PILLOW, INC., et al., | **Notice of Subpoena** |
| Defendants/Counter-Plaintiffs/<br>Third-Party Plaintiffs, | |
| v. | |
| SMARTMATIC USA CORP., et al., | |
| Third-Party Defendants. | |

PLEASE TAKE NOTICE that Defendants My Pillow, Inc. and Michael Lindell intend to serve a subpoena duces tecum, pursuant to Fed. R. Civ. P. 45, upon the Houston County, GA Board of Elections, 2030 Kings Chapel, Perry, GA 31069. A copy of the subpoena and associated exhibit is attached hereto.

Dated: September 1, 2022        **PARKER DANIELS KIBORT LLC**

            By */s/ Andrew D. Parker*
            Andrew D. Parker (D.C. Bar No. 63279)
            888 Colwell Building
            123 N. Third Street
            Minneapolis, MN 55401
            Telephone: (612) 355-4100
            Facsimile: (612) 355-4101
            parker@parkerdk.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Columbia

| | | |
|---|---|---|
| US DOMINION, INC., et al., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:21-CV-00445 (CJN) |
| MY PILLOW, INC., et al., | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: 
Houston County Board of Elections
2030 Kings Chapel, Perry, GA 31069

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment.

| Place: Office of the Houston County Board of Elections, 2030 Kings Chapel, Perry, GA 31069. Production by electronic transfer or mail is preferred. | Date and Time: September 30, 2022 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/01/2022

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Andrew D. Parker |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Defendants** My Pillow, Inc., and Michael J. Lindell _____ , who issues or requests this subpoena, are:

Andrew D. Parker, 123 North Third Street, Suite 888, Minneapolis, Minnesota 55401, parker@parkerdk.com, 612-355-4100

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:21-CV-00445 (CJN)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                        *Server's signature*

                                                        _____
                                                        *Printed name and title*

                                                        _____
                                                        *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit A

**Definitions**

1. "Adjudication" refers to the process of reviewing a voter's ballot to determine what votes were intended by the voter who cast the ballot.

2. "Ballot marking device" refers to any electronic device used to complete an electronic ballot which is then printed onto paper.

3. "Ballot scanner" refers to an electronic device that provides optical scanning of ballots to produce a digital image of the ballot and/or to read the votes marked on the ballot.

4. "Client" refers to a computer that connects to a computer server.

5. "Controlling computer" refers to a computer connected to another electronic device, that is used to control the behavior of the connected electronic device.

6. "Document" refers to any writing or electronically stored information stored in any medium from which information can be obtained, including drawings, graphs, charts, photographs, sound recordings, video recordings, images, or other data or data compilations, within the meaning of Fed. R. Civ. P. 34(a)(1)(A).

7. "Drive" or "drives" refers to any medium for the storage of electronic or digital data.

8. "EMS" refers to an Election Management System or any set of electronic equipment used to facilitate the counting, tabulation, and reporting of results in a public election.

9. "Electronic election system" refers to all electronic or computerized devices and equipment used to cast ballots, count votes, tabulate votes, or report results in an election.

10. "EnCase" refers to the digital forensic data collection and investigation technology produced by Guidance Software.

11. "Forensic copy" refers to a file-level exact duplication of electronic data.

12. "Forensic image" refers to a bit-by-bit, sector-by-sector direct copy of a physical storage devices containing electronic data, including all files, folders and unallocated, free, and slack space.

13. "ImageCast Central" or "ICC" refers to the electronic system distributed by Dominion Voting with that name.

14. "ImageCast Evolution" or "ICE" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device and tabulator.

15. "ImageCast Precinct" or "ICP" refers to the electronic device distributed by Dominion Voting, with that name, that can optically scan and tabulate votes from paper ballots.

16. "ImageCast X" or "ICX" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device.

17. "November 2020 Election" refers to the general election in the United States for which Election Day was November 3, 2020.

18. "Server" refers to a computer server or computer that stores, processes, and manages data for other computers or devices on a computer network.

19. "Storage device" refers to any medium for the storage of electronic or digital data.

20. "Tabulator" refers to any electronic device used to count or tabulate votes from paper ballots.

21. "Workstation" refers to an individual computer, which may or may not be connected to a computer network, used to facilitate one or more specific tasks or processes.

22. "You" and "Your" refer to the recipient of this subpoena.

## Items to Produce

Produce the following documents, communications, and electronic data in Your possession, custody, or control:

1. Forensic images, in EnCase format, of each of the following objects used in connection with the November 2020 Election:

   a. All drives attached to or affiliated with an EMS Server

   b. All drives attached to or affiliated with any workstation used as an EMS Client

   c. All drives attached to or affiliated with any ImageCast Central Workstations

   d. All drives attached to or affiliated with any Adjudication Workstations

   e. All drives attached to or affiliated with the controlling computer for any ballot scanner such as HiPro, Canon, etc.

   f. All drives attached to or affiliated with any device used in conjunction with the election as a communications server or virtual private network server/concentrator

   g. All SD Cards, USB Drives or other storage devices that were inserted into or removed from all tabulators, ballot marking devices or other device that was used for the tabulation of votes

   h. All ImageCast X, ImageCast Precinct, and ImageCast Evolution devices

2. The following electronic files:

    a. Forensic copies of all slog.txt files and .dvd files generated from tabulators and ballot marking devices

    b. Forensic copies of all data items related to the November 2020 Election subject to the 22 month voter records retention requirement under U.S. federal law

3. The following information related to electronic election system architecture:

    a. A network diagram including all devices, mac addresses and assigned IP addresses for Your complete electronic election system, including but not limited to the EMS Server, all networked devices on the EMS Server network (routers, switches, communications servers, modems, etc), and all devices attached to the resident network for the voter registration server

    b. For each ballot marking device, ballot scanner, and tabulator, the media access control (MAC) address for each communication device connected to the ballot marking device, ballot scanner, or tabulator at any time between January 1, 2019 and November 30, 2020

    c. Copies of all network logs, PCAPs, netflow data and access control logs from networking devices associated with the EMS

    d. Credentials to permit access through all whole disk or file encryption technologies utilized in any part of Your electronic election system that is produced in response to this subpoena, including but not limited to BitLocker, TrueCrypt, and VeraCrypt technologies

    e. A list of all personnel who had access to the EMS Server or any EMS server-connected computing device for the period January 1, 2019 through November 30, 2020.  Provide the name of the person, the account utilized, the devices accessed and the duration of the access.

4. The following information related to the results of the November 2020 Election:

    a. Copies of all tabulator poll closing reports and tabulator reports generated by each precinct and polling location, detailing with date and time the number of in person voters, the number of same day voter registrations (if applicable), and the final totals for the precinct

    b. Copies of the certified final election results that were used to determine the official outcomes of the election contests

    c. Copies of any document, report, or spreadsheet that was produced in relation to the November 2020 Election

5. All documents related to any indication of any intrusion attempt into Your electronic election system.

6. Copies of all cellular bills and connections supporting Your ballot scanners and ballot marking devices. These records should include the International Mobile Equipment Identity (IEMI) number, Temporary Mobile Subscriber Identity (TMSI) number, originating phone number, destination phone number, date and time of call origination, and call duration.

7. Copies of all contracts and agreements with the suppliers of any of Your electronic election system equipment, devices, software, or support services.

8. Copies of all contracts and agreements related to network security, network monitoring, or cybersecurity concerning all or any part of Your electronic election system.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., et al., | Case No. 1:21-cv-00445-CJN |
| Plaintiffs/Counter-Defendants, | Judge Carl J. Nichols |
| v. | |
| MY PILLOW, INC., et al., | **Notice of Subpoena** |
| Defendants/Counter-Plaintiffs/ Third-Party Plaintiffs, | |
| v. | |
| SMARTMATIC USA CORP., et al., | |
| Third-Party Defendants. | |

PLEASE TAKE NOTICE that Defendants My Pillow, Inc. and Michael Lindell intend to serve a subpoena *duces tecum*, pursuant to Fed. R. Civ. P. 45, upon the Kent County, MI Clerk, 300 Monroe Avenue NW, Grand Rapids, MI 49503. A copy of the subpoena and associated exhibit is attached hereto.

Dated: September 1, 2022

**PARKER DANIELS KIBORT LLC**

By */s/ Andrew D. Parker*
Andrew D. Parker (D.C. Bar No. 63279)
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
Telephone: (612) 355-4100
Facsimile: (612) 355-4101
parker@parkerdk.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Columbia

| | | |
|---|---|---|
| US DOMINION, INC., et al., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:21-CV-00445 (CJN) |
| MY PILLOW, INC., et al., | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                              Kent County Clerk
         Administration Building, 300 Monroe Avenue NW, Grand Rapids, MI 49503-2288

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment.

| | |
|---|---|
| Place: Kent County Clerk's Office, Administration Building, 300 Monroe Avenue NW, Grand Rapids, MI 49503-2288. Production by electronic transfer or mail is preferred. | Date and Time: September 30, 2022 |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  09/01/2022

| | | |
|---|---|---|
| *CLERK OF COURT* | | |
| | OR | |
| | | /s/ Andrew D. Parker |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Defendants
My Pillow, Inc., and Michael J. Lindell                                    , who issues or requests this subpoena, are:

Andrew D. Parker, 123 North Third Street, Suite 888, Minneapolis, Minnesota 55401, parker@parkerdk.com, 612-355-4100

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:21-CV-00445 (CJN)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____                    _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
        **(i)** is a party or a party's officer; or
        **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        **(i)** fails to allow a reasonable time to comply;
        **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
        **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

        **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        **(i)** expressly make the claim; and
        **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit A**

**Definitions**

1. "Adjudication" refers to the process of reviewing a voter's ballot to determine what votes were intended by the voter who cast the ballot.

2. "Ballot marking device" refers to any electronic device used to complete an electronic ballot which is then printed onto paper.

3. "Ballot scanner" refers to an electronic device that provides optical scanning of ballots to produce a digital image of the ballot and/or to read the votes marked on the ballot.

4. "Client" refers to a computer that connects to a computer server.

5. "Controlling computer" refers to a computer connected to another electronic device, that is used to control the behavior of the connected electronic device.

6. "Document" refers to any writing or electronically stored information stored in any medium from which information can be obtained, including drawings, graphs, charts, photographs, sound recordings, video recordings, images, or other data or data compilations, within the meaning of Fed. R. Civ. P. 34(a)(1)(A).

7. "Drive" or "drives" refers to any medium for the storage of electronic or digital data.

8. "EMS" refers to an Election Management System or any set of electronic equipment used to facilitate the counting, tabulation, and reporting of results in a public election.

9. "Electronic election system" refers to all electronic or computerized devices and equipment used to cast ballots, count votes, tabulate votes, or report results in an election.

10. "EnCase" refers to the digital forensic data collection and investigation technology produced by Guidance Software.

11. "Forensic copy" refers to a file-level exact duplication of electronic data.

12. "Forensic image" refers to a bit-by-bit, sector-by-sector direct copy of a physical storage devices containing electronic data, including all files, folders and unallocated, free, and slack space.

13. "ImageCast Central" or "ICC" refers to the electronic system distributed by Dominion Voting with that name.

14. "ImageCast Evolution" or "ICE" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device and tabulator.

1

15. "ImageCast Precinct" or "ICP" refers to the electronic device distributed by Dominion Voting, with that name, that can optically scan and tabulate votes from paper ballots.

16. "ImageCast X" or "ICX" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device.

17. "November 2020 Election" refers to the general election in the United States for which Election Day was November 3, 2020.

18. "Server" refers to a computer server or computer that stores, processes, and manages data for other computers or devices on a computer network.

19. "Storage device" refers to any medium for the storage of electronic or digital data.

20. "Tabulator" refers to any electronic device used to count or tabulate votes from paper ballots.

21. "Workstation" refers to an individual computer, which may or may not be connected to a computer network, used to facilitate one or more specific tasks or processes.

22. "You" and "Your" refer to the recipient of this subpoena.

## Items to Produce

Produce the following documents, communications, and electronic data in Your possession, custody, or control:

1. Forensic images, in EnCase format, of each of the following objects used in connection with the November 2020 Election:

   a. All drives attached to or affiliated with an EMS Server

   b. All drives attached to or affiliated with any workstation used as an EMS Client

   c. All drives attached to or affiliated with any ImageCast Central Workstations

   d. All drives attached to or affiliated with any Adjudication Workstations

   e. All drives attached to or affiliated with the controlling computer for any ballot scanner such as HiPro, Canon, etc.

   f. All drives attached to or affiliated with any device used in conjunction with the election as a communications server or virtual private network server/concentrator

   g. All SD Cards, USB Drives or other storage devices that were inserted into or removed from all tabulators, ballot marking devices or other device that was used for the tabulation of votes

   h. All ImageCast X, ImageCast Precinct, and ImageCast Evolution devices

2. The following electronic files:

    a. Forensic copies of all slog.txt files and .dvd files generated from tabulators and ballot marking devices

    b. Forensic copies of all data items related to the November 2020 Election subject to the 22 month voter records retention requirement under U.S. federal law

3. The following information related to electronic election system architecture:

    a. A network diagram including all devices, mac addresses and assigned IP addresses for Your complete electronic election system, including but not limited to the EMS Server, all networked devices on the EMS Server network (routers, switches, communications servers, modems, etc), and all devices attached to the resident network for the voter registration server

    b. For each ballot marking device, ballot scanner, and tabulator, the media access control (MAC) address for each communication device connected to the ballot marking device, ballot scanner, or tabulator at any time between January 1, 2019 and November 30, 2020

    c. Copies of all network logs, PCAPs, netflow data and access control logs from networking devices associated with the EMS

    d. Credentials to permit access through all whole disk or file encryption technologies utilized in any part of Your electronic election system that is produced in response to this subpoena, including but not limited to BitLocker, TrueCrypt, and VeraCrypt technologies

    e. A list of all personnel who had access to the EMS Server or any EMS server-connected computing device for the period January 1, 2019 through November 30, 2020.  Provide the name of the person, the account utilized, the devices accessed and the duration of the access.

4. The following information related to the results of the November 2020 Election:

    a. Copies of all tabulator poll closing reports and tabulator reports generated by each precinct and polling location, detailing with date and time the number of in person voters, the number of same day voter registrations (if applicable), and the final totals for the precinct

    b. Copies of the certified final election results that were used to determine the official outcomes of the election contests

    c. Copies of any document, report, or spreadsheet that was produced in relation to the November 2020 Election

5. All documents related to any indication of any intrusion attempt into Your electronic election system.

6. Copies of all cellular bills and connections supporting Your ballot scanners and ballot marking devices. These records should include the International Mobile Equipment Identity (IEMI) number, Temporary Mobile Subscriber Identity (TMSI) number, originating phone number, destination phone number, date and time of call origination, and call duration.

7. Copies of all contracts and agreements with the suppliers of any of Your electronic election system equipment, devices, software, or support services.

8. Copies of all contracts and agreements related to network security, network monitoring, or cybersecurity concerning all or any part of Your electronic election system.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., et al., | Case No. 1:21-cv-00445-CJN |
| Plaintiffs/Counter-Defendants, | Judge Carl J. Nichols |
| v. | |
| MY PILLOW, INC., et al., | **Notice of Subpoena** |
| Defendants/Counter-Plaintiffs/<br>Third-Party Plaintiffs, | |
| v. | |
| SMARTMATIC USA CORP., et al., | |
| Third-Party Defendants. | |

PLEASE TAKE NOTICE that Defendants My Pillow, Inc. and Michael Lindell intend to serve a subpoena *duces tecum*, pursuant to Fed. R. Civ. P. 45, upon the Montrose County, CO Clerk & Recorder, 320 South First Street – Room 103, Montrose, CO 81401. A copy of the subpoena and associated exhibit is attached hereto.

Dated: September 1, 2022           **PARKER DANIELS KIBORT LLC**

By */s/ Andrew D. Parker*
Andrew D. Parker (D.C. Bar No. 63279)
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
Telephone: (612) 355-4100
Facsimile: (612) 355-4101
parker@parkerdk.com

1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | | |
|---|---|---|
| US DOMINION, INC., et al., | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.  1:21-CV-00445 (CJN) |
| MY PILLOW, INC., et al., | ) | |
| | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:              Montrose County, CO Clerk & Recorder
             320 South First Street – Room 103, Montrose, CO 81401

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment.

| Place: Office of the Montrose County, CO Clerk & Recorder, 320 South First Street, Room 103, Montrose, CO 81401   Production by electronic transfer or mail is preferred. | Date and Time: September  30, 2022 |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     09/01/2022

               _CLERK OF COURT_

                                           OR

                                                        /s/ Andrew D. Parker
         _Signature of Clerk or Deputy Clerk_                 _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_     Defendants
My Pillow, Inc., and Michael J. Lindell                              , who issues or requests this subpoena, are:

Andrew D. Parker, 123 North Third Street, Suite 888, Minneapolis, Minnesota 55401, parker@parkerdk.com, 612-355-4100

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:21-CV-00445 (CJN)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____                _____
                                                                  *Server's signature*

                                                    _____
                                                                  *Printed name and title*

                                                    _____
                                                                  *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit A

**Definitions**

1. "Adjudication" refers to the process of reviewing a voter's ballot to determine what votes were intended by the voter who cast the ballot.

2. "Ballot marking device" refers to any electronic device used to complete an electronic ballot which is then printed onto paper.

3. "Ballot scanner" refers to an electronic device that provides optical scanning of ballots to produce a digital image of the ballot and/or to read the votes marked on the ballot.

4. "Client" refers to a computer that connects to a computer server.

5. "Controlling computer" refers to a computer connected to another electronic device, that is used to control the behavior of the connected electronic device.

6. "Document" refers to any writing or electronically stored information stored in any medium from which information can be obtained, including drawings, graphs, charts, photographs, sound recordings, video recordings, images, or other data or data compilations, within the meaning of Fed. R. Civ. P. 34(a)(1)(A).

7. "Drive" or "drives" refers to any medium for the storage of electronic or digital data.

8. "EMS" refers to an Election Management System or any set of electronic equipment used to facilitate the counting, tabulation, and reporting of results in a public election.

9. "Electronic election system" refers to all electronic or computerized devices and equipment used to cast ballots, count votes, tabulate votes, or report results in an election.

10. "EnCase" refers to the digital forensic data collection and investigation technology produced by Guidance Software.

11. "Forensic copy" refers to a file-level exact duplication of electronic data.

12. "Forensic image" refers to a bit-by-bit, sector-by-sector direct copy of a physical storage devices containing electronic data, including all files, folders and unallocated, free, and slack space.

13. "ImageCast Central" or "ICC" refers to the electronic system distributed by Dominion Voting with that name.

14. "ImageCast Evolution" or "ICE" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device and tabulator.

15. "ImageCast Precinct" or "ICP" refers to the electronic device distributed by Dominion Voting, with that name, that can optically scan and tabulate votes from paper ballots.

16. "ImageCast X" or "ICX" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device.

17. "November 2020 Election" refers to the general election in the United States for which Election Day was November 3, 2020.

18. "Server" refers to a computer server or computer that stores, processes, and manages data for other computers or devices on a computer network.

19. "Storage device" refers to any medium for the storage of electronic or digital data.

20. "Tabulator" refers to any electronic device used to count or tabulate votes from paper ballots.

21. "Workstation" refers to an individual computer, which may or may not be connected to a computer network, used to facilitate one or more specific tasks or processes.

22. "You" and "Your" refer to the recipient of this subpoena.

## Items to Produce

Produce the following documents, communications, and electronic data in Your possession, custody, or control:

1. Forensic images, in EnCase format, of each of the following objects used in connection with the November 2020 Election:

   a. All drives attached to or affiliated with an EMS Server

   b. All drives attached to or affiliated with any workstation used as an EMS Client

   c. All drives attached to or affiliated with any ImageCast Central Workstations

   d. All drives attached to or affiliated with any Adjudication Workstations

   e. All drives attached to or affiliated with the controlling computer for any ballot scanner such as HiPro, Canon, etc.

   f. All drives attached to or affiliated with any device used in conjunction with the election as a communications server or virtual private network server/concentrator

   g. All SD Cards, USB Drives or other storage devices that were inserted into or removed from all tabulators, ballot marking devices or other device that was used for the tabulation of votes

   h. All ImageCast X, ImageCast Precinct, and ImageCast Evolution devices

2.  The following electronic files:

    a.  Forensic copies of all slog.txt files and .dvd files generated from tabulators and ballot marking devices

    b.  Forensic copies of all data items related to the November 2020 Election subject to the 22 month voter records retention requirement under U.S. federal law

3.  The following information related to electronic election system architecture:

    a.  A network diagram including all devices, mac addresses and assigned IP addresses for Your complete electronic election system, including but not limited to the EMS Server, all networked devices on the EMS Server network (routers, switches, communications servers, modems, etc), and all devices attached to the resident network for the voter registration server

    b.  For each ballot marking device, ballot scanner, and tabulator, the media access control (MAC) address for each communication device connected to the ballot marking device, ballot scanner, or tabulator at any time between January 1, 2019 and November 30, 2020

    c.  Copies of all network logs, PCAPs, netflow data and access control logs from networking devices associated with the EMS

    d.  Credentials to permit access through all whole disk or file encryption technologies utilized in any part of Your electronic election system that is produced in response to this subpoena, including but not limited to BitLocker, TrueCrypt, and VeraCrypt technologies

    e.  A list of all personnel who had access to the EMS Server or any EMS server-connected computing device for the period January 1, 2019 through November 30, 2020.  Provide the name of the person, the account utilized, the devices accessed and the duration of the access.

4.  The following information related to the results of the November 2020 Election:

    a.  Copies of all tabulator poll closing reports and tabulator reports generated by each precinct and polling location, detailing with date and time the number of in person voters, the number of same day voter registrations (if applicable), and the final totals for the precinct

    b.  Copies of the certified final election results that were used to determine the official outcomes of the election contests

    c.  Copies of any document, report, or spreadsheet that was produced in relation to the November 2020 Election

3

5.  All documents related to any indication of any intrusion attempt into Your electronic election system.

6.  Copies of all cellular bills and connections supporting Your ballot scanners and ballot marking devices.  These records should include the International Mobile Equipment Identity (IEMI) number, Temporary Mobile Subscriber Identity (TMSI) number, originating phone number, destination phone number, date and time of call origination, and call duration.

7.  Copies of all contracts and agreements with the suppliers of any of Your electronic election system equipment, devices, software, or support services.

8.  Copies of all contracts and agreements related to network security, network monitoring, or cybersecurity concerning all or any part of Your electronic election system.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., et al., | Case No. 1:21-cv-00445-CJN |
| Plaintiffs/Counter-Defendants, | Judge Carl J. Nichols |
| v. | |
| MY PILLOW, INC., et al., | **Notice of Subpoena** |
| Defendants/Counter-Plaintiffs/<br>Third-Party Plaintiffs, | |
| v. | |
| SMARTMATIC USA CORP., et al., | |
| Third-Party Defendants. | |

PLEASE TAKE NOTICE that Defendants My Pillow, Inc. and Michael Lindell intend to serve a subpoena *duces tecum*, pursuant to Fed. R. Civ. P. 45, upon the Ozaukee County, WI Clerk, 121 W. Main St., P.O. Box 994, Port Washington, WI 53074. A copy of the subpoena and associated exhibit is attached hereto.

Dated: September 1, 2022        **PARKER DANIELS KIBORT LLC**

By */s/ Andrew D. Parker*
Andrew D. Parker (D.C. Bar No. 63279)
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
Telephone: (612) 355-4100
Facsimile: (612) 355-4101
parker@parkerdk.com

1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Columbia

| | |
|---|---|
| US DOMINION, INC., et al., | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  1:21-CV-00445 (CJN) |
| MY PILLOW, INC., et al., | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                          Ozaukee County Clerk
121 W. Main St., P.O. Box 994, Port Washington, WI 53074

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment.

| Place: Office of the Ozaukee County Clerk, 121 W. Main St., P.O. Box 994, Port Washington, WI 53074. Production by electronic transfer or mail is preferred. | Date and Time: September  30, 2022 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:        09/01/2022

        *CLERK OF COURT*

                                                    OR

_____                    /s/ Andrew D. Parker
  *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Defendants
My Pillow, Inc., and Michael J. Lindell_____ , who issues or requests this subpoena, are:

Andrew D. Parker, 123 North Third Street, Suite 888, Minneapolis, Minnesota 55401, parker@parkerdk.com, 612-355-4100

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:21-CV-00445 (CJN)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                              *Server's signature*

                                        _____
                                              *Printed name and title*

                                        _____
                                              *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit A

## Definitions

1. "Adjudication" refers to the process of reviewing a voter's ballot to determine what votes were intended by the voter who cast the ballot.

2. "Ballot marking device" refers to any electronic device used to complete an electronic ballot which is then printed onto paper.

3. "Ballot scanner" refers to an electronic device that provides optical scanning of ballots to produce a digital image of the ballot and/or to read the votes marked on the ballot.

4. "Client" refers to a computer that connects to a computer server.

5. "Controlling computer" refers to a computer connected to another electronic device, that is used to control the behavior of the connected electronic device.

6. "Document" refers to any writing or electronically stored information stored in any medium from which information can be obtained, including drawings, graphs, charts, photographs, sound recordings, video recordings, images, or other data or data compilations, within the meaning of Fed. R. Civ. P. 34(a)(1)(A).

7. "Drive" or "drives" refers to any medium for the storage of electronic or digital data.

8. "EMS" refers to an Election Management System or any set of electronic equipment used to facilitate the counting, tabulation, and reporting of results in a public election.

9. "Electronic election system" refers to all electronic or computerized devices and equipment used to cast ballots, count votes, tabulate votes, or report results in an election.

10. "EnCase" refers to the digital forensic data collection and investigation technology produced by Guidance Software.

11. "Forensic copy" refers to a file-level exact duplication of electronic data.

12. "Forensic image" refers to a bit-by-bit, sector-by-sector direct copy of a physical storage devices containing electronic data, including all files, folders and unallocated, free, and slack space.

13. "ImageCast Central" or "ICC" refers to the electronic system distributed by Dominion Voting with that name.

14. "ImageCast Evolution" or "ICE" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device and tabulator.

15. "ImageCast Precinct" or "ICP" refers to the electronic device distributed by Dominion Voting, with that name, that can optically scan and tabulate votes from paper ballots.

16. "ImageCast X" or "ICX" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device.

17. "November 2020 Election" refers to the general election in the United States for which Election Day was November 3, 2020.

18. "Server" refers to a computer server or computer that stores, processes, and manages data for other computers or devices on a computer network.

19. "Storage device" refers to any medium for the storage of electronic or digital data.

20. "Tabulator" refers to any electronic device used to count or tabulate votes from paper ballots.

21. "Workstation" refers to an individual computer, which may or may not be connected to a computer network, used to facilitate one or more specific tasks or processes.

22. "You" and "Your" refer to the recipient of this subpoena.

## Items to Produce

Produce the following documents, communications, and electronic data in Your possession, custody, or control:

1. Forensic images, in EnCase format, of each of the following objects used in connection with the November 2020 Election:

    a. All drives attached to or affiliated with an EMS Server

    b. All drives attached to or affiliated with any workstation used as an EMS Client

    c. All drives attached to or affiliated with any ImageCast Central Workstations

    d. All drives attached to or affiliated with any Adjudication Workstations

    e. All drives attached to or affiliated with the controlling computer for any ballot scanner such as HiPro, Canon, etc.

    f. All drives attached to or affiliated with any device used in conjunction with the election as a communications server or virtual private network server/concentrator

    g. All SD Cards, USB Drives or other storage devices that were inserted into or removed from all tabulators, ballot marking devices or other device that was used for the tabulation of votes

    h. All ImageCast X, ImageCast Precinct, and ImageCast Evolution devices

2. The following electronic files:

    a. Forensic copies of all slog.txt files and .dvd files generated from tabulators and ballot marking devices

    b. Forensic copies of all data items related to the November 2020 Election subject to the 22 month voter records retention requirement under U.S. federal law

3. The following information related to electronic election system architecture:

    a. A network diagram including all devices, mac addresses and assigned IP addresses for Your complete electronic election system, including but not limited to the EMS Server, all networked devices on the EMS Server network (routers, switches, communications servers, modems, etc), and all devices attached to the resident network for the voter registration server

    b. For each ballot marking device, ballot scanner, and tabulator, the media access control (MAC) address for each communication device connected to the ballot marking device, ballot scanner, or tabulator at any time between January 1, 2019 and November 30, 2020

    c. Copies of all network logs, PCAPs, netflow data and access control logs from networking devices associated with the EMS

    d. Credentials to permit access through all whole disk or file encryption technologies utilized in any part of Your electronic election system that is produced in response to this subpoena, including but not limited to BitLocker, TrueCrypt, and VeraCrypt technologies

    e. A list of all personnel who had access to the EMS Server or any EMS server-connected computing device for the period January 1, 2019 through November 30, 2020.  Provide the name of the person, the account utilized, the devices accessed and the duration of the access.

4. The following information related to the results of the November 2020 Election:

    a. Copies of all tabulator poll closing reports and tabulator reports generated by each precinct and polling location, detailing with date and time the number of in person voters, the number of same day voter registrations (if applicable), and the final totals for the precinct

    b. Copies of the certified final election results that were used to determine the official outcomes of the election contests

    c. Copies of any document, report, or spreadsheet that was produced in relation to the November 2020 Election

5. All documents related to any indication of any intrusion attempt into Your electronic election system.

6. Copies of all cellular bills and connections supporting Your ballot scanners and ballot marking devices. These records should include the International Mobile Equipment Identity (IEMI) number, Temporary Mobile Subscriber Identity (TMSI) number, originating phone number, destination phone number, date and time of call origination, and call duration.

7. Copies of all contracts and agreements with the suppliers of any of Your electronic election system equipment, devices, software, or support services.

8. Copies of all contracts and agreements related to network security, network monitoring, or cybersecurity concerning all or any part of Your electronic election system.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| US DOMINION, INC., et al., | Case No. 1:21-cv-00445-CJN |
| Plaintiffs/Counter-Defendants, | Judge Carl J. Nichols |
| v. | |
| MY PILLOW, INC., et al., | **Notice of Subpoena** |
| Defendants/Counter-Plaintiffs/ Third-Party Plaintiffs, | |
| v. | |
| SMARTMATIC USA CORP., et al., | |
| Third-Party Defendants. | |

PLEASE TAKE NOTICE that Defendants My Pillow, Inc. and Michael Lindell intend to serve a subpoena *duces tecum*, pursuant to Fed. R. Civ. P. 45, upon the Pike County, PA Elections Office, 506 Broad Street, Milford, PA 18337. A copy of the subpoena and associated exhibit is attached hereto.

Dated: September 1, 2022

**PARKER DANIELS KIBORT LLC**

By */s/ Andrew D. Parker*
Andrew D. Parker (D.C. Bar No. 63279)
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
Telephone: (612) 355-4100
Facsimile: (612) 355-4101
parker@parkerdk.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Columbia

| | |
|---|---|
| US DOMINION, INC., et al., | ) |
| *Plaintiff* | ) |
| v. | )  Civil Action No. 1:21-CV-00445 (CJN) |
| MY PILLOW, INC., et al., | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                          Pike County Elections Office
                      506 Broad Street, Milford, PA 18337

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment.

| Place: Pike County Elections Office, 506 Broad Street, Milford, PA 18337. Production by electronic transfer or mail is preferred. | Date and Time: September 30, 2022 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   09/01/2022

                *CLERK OF COURT*
                                        OR
                                                     /s/ Andrew D. Parker
_____          _____
    *Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Defendants
My Pillow, Inc., and Michael J. Lindell _____ , who issues or requests this subpoena, are:

Andrew D. Parker, 123 North Third Street, Suite 888, Minneapolis, Minnesota 55401, parker@parkerdk.com, 612-355-4100

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:21-CV-00445 (CJN)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                      _____
                                                                    *Server's signature*

                                                          _____
                                                                     *Printed name and title*

                                                          _____
                                                                      *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit A**

## Definitions

1. "Adjudication" refers to the process of reviewing a voter's ballot to determine what votes were intended by the voter who cast the ballot.

2. "Ballot marking device" refers to any electronic device used to complete an electronic ballot which is then printed onto paper.

3. "Ballot scanner" refers to an electronic device that provides optical scanning of ballots to produce a digital image of the ballot and/or to read the votes marked on the ballot.

4. "Client" refers to a computer that connects to a computer server.

5. "Controlling computer" refers to a computer connected to another electronic device, that is used to control the behavior of the connected electronic device.

6. "Document" refers to any writing or electronically stored information stored in any medium from which information can be obtained, including drawings, graphs, charts, photographs, sound recordings, video recordings, images, or other data or data compilations, within the meaning of Fed. R. Civ. P. 34(a)(1)(A).

7. "Drive" or "drives" refers to any medium for the storage of electronic or digital data.

8. "EMS" refers to an Election Management System or any set of electronic equipment used to facilitate the counting, tabulation, and reporting of results in a public election.

9. "Electronic election system" refers to all electronic or computerized devices and equipment used to cast ballots, count votes, tabulate votes, or report results in an election.

10. "EnCase" refers to the digital forensic data collection and investigation technology produced by Guidance Software.

11. "Forensic copy" refers to a file-level exact duplication of electronic data.

12. "Forensic image" refers to a bit-by-bit, sector-by-sector direct copy of a physical storage devices containing electronic data, including all files, folders and unallocated, free, and slack space.

13. "ImageCast Central" or "ICC" refers to the electronic system distributed by Dominion Voting with that name.

14. "ImageCast Evolution" or "ICE" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device and tabulator.

1

15. "ImageCast Precinct" or "ICP" refers to the electronic device distributed by Dominion Voting, with that name, that can optically scan and tabulate votes from paper ballots.

16. "ImageCast X" or "ICX" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device.

17. "November 2020 Election" refers to the general election in the United States for which Election Day was November 3, 2020.

18. "Server" refers to a computer server or computer that stores, processes, and manages data for other computers or devices on a computer network.

19. "Storage device" refers to any medium for the storage of electronic or digital data.

20. "Tabulator" refers to any electronic device used to count or tabulate votes from paper ballots.

21. "Workstation" refers to an individual computer, which may or may not be connected to a computer network, used to facilitate one or more specific tasks or processes.

22. "You" and "Your" refer to the recipient of this subpoena.

## Items to Produce

Produce the following documents, communications, and electronic data in Your possession, custody, or control:

1. Forensic images, in EnCase format, of each of the following objects used in connection with the November 2020 Election:

   a. All drives attached to or affiliated with an EMS Server

   b. All drives attached to or affiliated with any workstation used as an EMS Client

   c. All drives attached to or affiliated with any ImageCast Central Workstations

   d. All drives attached to or affiliated with any Adjudication Workstations

   e. All drives attached to or affiliated with the controlling computer for any ballot scanner such as HiPro, Canon, etc.

   f. All drives attached to or affiliated with any device used in conjunction with the election as a communications server or virtual private network server/concentrator

   g. All SD Cards, USB Drives or other storage devices that were inserted into or removed from all tabulators, ballot marking devices or other device that was used for the tabulation of votes

   h. All ImageCast X, ImageCast Precinct, and ImageCast Evolution devices

2. The following electronic files:

   a. Forensic copies of all slog.txt files and .dvd files generated from tabulators and ballot marking devices

   b. Forensic copies of all data items related to the November 2020 Election subject to the 22 month voter records retention requirement under U.S. federal law

3. The following information related to electronic election system architecture:

   a. A network diagram including all devices, mac addresses and assigned IP addresses for Your complete electronic election system, including but not limited to the EMS Server, all networked devices on the EMS Server network (routers, switches, communications servers, modems, etc), and all devices attached to the resident network for the voter registration server

   b. For each ballot marking device, ballot scanner, and tabulator, the media access control (MAC) address for each communication device connected to the ballot marking device, ballot scanner, or tabulator at any time between January 1, 2019 and November 30, 2020

   c. Copies of all network logs, PCAPs, netflow data and access control logs from networking devices associated with the EMS

   d. Credentials to permit access through all whole disk or file encryption technologies utilized in any part of Your electronic election system that is produced in response to this subpoena, including but not limited to BitLocker, TrueCrypt, and VeraCrypt technologies

   e. A list of all personnel who had access to the EMS Server or any EMS server-connected computing device for the period January 1, 2019 through November 30, 2020. Provide the name of the person, the account utilized, the devices accessed and the duration of the access.

4. The following information related to the results of the November 2020 Election:

   a. Copies of all tabulator poll closing reports and tabulator reports generated by each precinct and polling location, detailing with date and time the number of in person voters, the number of same day voter registrations (if applicable), and the final totals for the precinct

   b. Copies of the certified final election results that were used to determine the official outcomes of the election contests

   c. Copies of any document, report, or spreadsheet that was produced in relation to the November 2020 Election

3

5. All documents related to any indication of any intrusion attempt into Your electronic election system.

6. Copies of all cellular bills and connections supporting Your ballot scanners and ballot marking devices. These records should include the International Mobile Equipment Identity (IEMI) number, Temporary Mobile Subscriber Identity (TMSI) number, originating phone number, destination phone number, date and time of call origination, and call duration.

7. Copies of all contracts and agreements with the suppliers of any of Your electronic election system equipment, devices, software, or support services.

8. Copies of all contracts and agreements related to network security, network monitoring, or cybersecurity concerning all or any part of Your electronic election system.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., et al., | Case No. 1:21-cv-00445-CJN |
|     Plaintiffs/Counter-Defendants, | Judge Carl J. Nichols |
|     v. | |
| MY PILLOW, INC., et al., | **Notice of Subpoena** |
|     Defendants/Counter-Plaintiffs/<br>    Third-Party Plaintiffs, | |
|     v. | |
| SMARTMATIC USA CORP., et al., | |
|     Third-Party Defendants. | |

PLEASE TAKE NOTICE that Defendants My Pillow, Inc. and Michael Lindell intend to serve a subpoena *duces tecum*, pursuant to Fed. R. Civ. P. 45, upon the Racine County, WI Clerk, Racine County Courthouse – 1st Floor, North end, 730 Wisconsin Ave, Racine, WI 53403. A copy of the subpoena and associated exhibit is attached hereto.

Dated: September 1, 2022         **PARKER DANIELS KIBORT LLC**

        By */s/ Andrew D. Parker*
          Andrew D. Parker (D.C. Bar No. 63279)
          888 Colwell Building
          123 N. Third Street
          Minneapolis, MN 55401
          Telephone: (612) 355-4100
          Facsimile: (612) 355-4101
          parker@parkerdk.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Columbia

| | | |
|---|---|---|
| US DOMINION, INC., et al., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:21-CV-00445 (CJN) |
| MY PILLOW, INC., et al., | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: 
Racine County Clerk
Racine County Courthouse - 1st Floor, North end, 730 Wisconsin Ave., Racine, WI 53403

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment.

| Place: Office of the Racine County Clerk, Racine County Courthouse, 730 Wisconsin Ave., Racine, WI 53403. Production by electronic transfer or mail is preferred. | Date and Time: September 30, 2022 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/01/2022

*CLERK OF COURT*

OR

_____     /s/ Andrew D. Parker
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants
My Pillow, Inc., and Michael J. Lindell , who issues or requests this subpoena, are:

Andrew D. Parker, 123 North Third Street, Suite 888, Minneapolis, Minnesota 55401, parker@parkerdk.com, 612-355-4100

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:21-CV-00445 (CJN)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit A**

**Definitions**

1. "Adjudication" refers to the process of reviewing a voter's ballot to determine what votes were intended by the voter who cast the ballot.

2. "Ballot marking device" refers to any electronic device used to complete an electronic ballot which is then printed onto paper.

3. "Ballot scanner" refers to an electronic device that provides optical scanning of ballots to produce a digital image of the ballot and/or to read the votes marked on the ballot.

4. "Client" refers to a computer that connects to a computer server.

5. "Controlling computer" refers to a computer connected to another electronic device, that is used to control the behavior of the connected electronic device.

6. "Document" refers to any writing or electronically stored information stored in any medium from which information can be obtained, including drawings, graphs, charts, photographs, sound recordings, video recordings, images, or other data or data compilations, within the meaning of Fed. R. Civ. P. 34(a)(1)(A).

7. "Drive" or "drives" refers to any medium for the storage of electronic or digital data.

8. "EMS" refers to an Election Management System or any set of electronic equipment used to facilitate the counting, tabulation, and reporting of results in a public election.

9. "Electronic election system" refers to all electronic or computerized devices and equipment used to cast ballots, count votes, tabulate votes, or report results in an election.

10. "EnCase" refers to the digital forensic data collection and investigation technology produced by Guidance Software.

11. "Forensic copy" refers to a file-level exact duplication of electronic data.

12. "Forensic image" refers to a bit-by-bit, sector-by-sector direct copy of a physical storage devices containing electronic data, including all files, folders and unallocated, free, and slack space.

13. "ImageCast Central" or "ICC" refers to the electronic system distributed by Dominion Voting with that name.

14. "ImageCast Evolution" or "ICE" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device and tabulator.

15. "ImageCast Precinct" or "ICP" refers to the electronic device distributed by Dominion Voting, with that name, that can optically scan and tabulate votes from paper ballots.

16. "ImageCast X" or "ICX" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device.

17. "November 2020 Election" refers to the general election in the United States for which Election Day was November 3, 2020.

18. "Server" refers to a computer server or computer that stores, processes, and manages data for other computers or devices on a computer network.

19. "Storage device" refers to any medium for the storage of electronic or digital data.

20. "Tabulator" refers to any electronic device used to count or tabulate votes from paper ballots.

21. "Workstation" refers to an individual computer, which may or may not be connected to a computer network, used to facilitate one or more specific tasks or processes.

22. "You" and "Your" refer to the recipient of this subpoena.

## Items to Produce

Produce the following documents, communications, and electronic data in Your possession, custody, or control:

1. Forensic images, in EnCase format, of each of the following objects used in connection with the November 2020 Election:

    a. All drives attached to or affiliated with an EMS Server

    b. All drives attached to or affiliated with any workstation used as an EMS Client

    c. All drives attached to or affiliated with any ImageCast Central Workstations

    d. All drives attached to or affiliated with any Adjudication Workstations

    e. All drives attached to or affiliated with the controlling computer for any ballot scanner such as HiPro, Canon, etc.

    f. All drives attached to or affiliated with any device used in conjunction with the election as a communications server or virtual private network server/concentrator

    g. All SD Cards, USB Drives or other storage devices that were inserted into or removed from all tabulators, ballot marking devices or other device that was used for the tabulation of votes

    h. All ImageCast X, ImageCast Precinct, and ImageCast Evolution devices

2.  The following electronic files:

    a.  Forensic copies of all slog.txt files and .dvd files generated from tabulators and ballot marking devices

    b.  Forensic copies of all data items related to the November 2020 Election subject to the 22 month voter records retention requirement under U.S. federal law

3.  The following information related to electronic election system architecture:

    a.  A network diagram including all devices, mac addresses and assigned IP addresses for Your complete electronic election system, including but not limited to the EMS Server, all networked devices on the EMS Server network (routers, switches, communications servers, modems, etc), and all devices attached to the resident network for the voter registration server

    b.  For each ballot marking device, ballot scanner, and tabulator, the media access control (MAC) address for each communication device connected to the ballot marking device, ballot scanner, or tabulator at any time between January 1, 2019 and November 30, 2020

    c.  Copies of all network logs, PCAPs, netflow data and access control logs from networking devices associated with the EMS

    d.  Credentials to permit access through all whole disk or file encryption technologies utilized in any part of Your electronic election system that is produced in response to this subpoena, including but not limited to BitLocker, TrueCrypt, and VeraCrypt technologies

    e.  A list of all personnel who had access to the EMS Server or any EMS server-connected computing device for the period January 1, 2019 through November 30, 2020.  Provide the name of the person, the account utilized, the devices accessed and the duration of the access.

4.  The following information related to the results of the November 2020 Election:

    a.  Copies of all tabulator poll closing reports and tabulator reports generated by each precinct and polling location, detailing with date and time the number of in person voters, the number of same day voter registrations (if applicable), and the final totals for the precinct

    b.  Copies of the certified final election results that were used to determine the official outcomes of the election contests

    c.  Copies of any document, report, or spreadsheet that was produced in relation to the November 2020 Election

5. All documents related to any indication of any intrusion attempt into Your electronic election system.

6. Copies of all cellular bills and connections supporting Your ballot scanners and ballot marking devices. These records should include the International Mobile Equipment Identity (IEMI) number, Temporary Mobile Subscriber Identity (TMSI) number, originating phone number, destination phone number, date and time of call origination, and call duration.

7. Copies of all contracts and agreements with the suppliers of any of Your electronic election system equipment, devices, software, or support services.

8. Copies of all contracts and agreements related to network security, network monitoring, or cybersecurity concerning all or any part of Your electronic election system.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| US DOMINION, INC., et al., | |
| Plaintiffs/Counter-Defendants, | Case No. 1:21-cv-00445-CJN |
| | Judge Carl J. Nichols |
| v. | |
| MY PILLOW, INC., et al., | |
| | **Notice of Subpoena** |
| Defendants/Counter-Plaintiffs/ Third-Party Plaintiffs, | |
| v. | |
| SMARTMATIC USA CORP., et al., | |
| Third-Party Defendants. | |

PLEASE TAKE NOTICE that Defendants My Pillow, Inc. and Michael Lindell intend to serve a subpoena *duces tecum*, pursuant to Fed. R. Civ. P. 45, upon the San Juan County Clerk, 100 S. Oliver Dr. Suite 200, Aztec, NM 87410. A copy of the subpoena and associated exhibit is attached hereto.

Dated: September 1, 2022

**PARKER DANIELS KIBORT LLC**

By */s/ Andrew D. Parker*
　　Andrew D. Parker (D.C. Bar No. 63279)
　　888 Colwell Building
　　123 N. Third Street
　　Minneapolis, MN 55401
　　Telephone: (612) 355-4100
　　Facsimile: (612) 355-4101
　　parker@parkerdk.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Columbia

| | |
|---|---|
| US DOMINION, INC., et al., | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   1:21-CV-00445 (CJN) |
| MY PILLOW, INC., et al., | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                San Juan County Clerk
                     100 S. Oliver Dr. Suite 200, Aztec, NM 87410

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment.

| | |
|---|---|
| Place: San Juan County Clerk's Office, 100 S. Oliver Dr. Suite 200, Aztec, NM 87410.  Production by electronic transfer or mail is preferred. | Date and Time: September  30, 2022 |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      09/01/2022

                    *CLERK OF COURT*
                                                          OR

                                                                    /s/ Andrew D. Parker
_____                _____
    *Signature of Clerk or Deputy Clerk*                         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Defendants
My Pillow, Inc., and Michael J. Lindell_____ , who issues or requests this subpoena, are:

Andrew D. Parker, 123 North Third Street, Suite 888, Minneapolis, Minnesota 55401, parker@parkerdk.com, 612-355-4100

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:21-CV-00445 (CJN)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3) *Quashing or Modifying a Subpoena.***
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit A**

**Definitions**

1. "Adjudication" refers to the process of reviewing a voter's ballot to determine what votes were intended by the voter who cast the ballot.

2. "Ballot marking device" refers to any electronic device used to complete an electronic ballot which is then printed onto paper.

3. "Ballot scanner" refers to an electronic device that provides optical scanning of ballots to produce a digital image of the ballot and/or to read the votes marked on the ballot.

4. "Client" refers to a computer that connects to a computer server.

5. "Controlling computer" refers to a computer connected to another electronic device, that is used to control the behavior of the connected electronic device.

6. "Document" refers to any writing or electronically stored information stored in any medium from which information can be obtained, including drawings, graphs, charts, photographs, sound recordings, video recordings, images, or other data or data compilations, within the meaning of Fed. R. Civ. P. 34(a)(1)(A).

7. "Drive" or "drives" refers to any medium for the storage of electronic or digital data.

8. "EMS" refers to an Election Management System or any set of electronic equipment used to facilitate the counting, tabulation, and reporting of results in a public election.

9. "Electronic election system" refers to all electronic or computerized devices and equipment used to cast ballots, count votes, tabulate votes, or report results in an election.

10. "EnCase" refers to the digital forensic data collection and investigation technology produced by Guidance Software.

11. "Forensic copy" refers to a file-level exact duplication of electronic data.

12. "Forensic image" refers to a bit-by-bit, sector-by-sector direct copy of a physical storage devices containing electronic data, including all files, folders and unallocated, free, and slack space.

13. "ImageCast Central" or "ICC" refers to the electronic system distributed by Dominion Voting with that name.

14. "ImageCast Evolution" or "ICE" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device and tabulator.

15. "ImageCast Precinct" or "ICP" refers to the electronic device distributed by Dominion Voting, with that name, that can optically scan and tabulate votes from paper ballots.

16. "ImageCast X" or "ICX" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device.

17. "November 2020 Election" refers to the general election in the United States for which Election Day was November 3, 2020.

18. "Server" refers to a computer server or computer that stores, processes, and manages data for other computers or devices on a computer network.

19. "Storage device" refers to any medium for the storage of electronic or digital data.

20. "Tabulator" refers to any electronic device used to count or tabulate votes from paper ballots.

21. "Workstation" refers to an individual computer, which may or may not be connected to a computer network, used to facilitate one or more specific tasks or processes.

22. "You" and "Your" refer to the recipient of this subpoena.

## Items to Produce

Produce the following documents, communications, and electronic data in Your possession, custody, or control:

1. Forensic images, in EnCase format, of each of the following objects used in connection with the November 2020 Election:

    a. All drives attached to or affiliated with an EMS Server

    b. All drives attached to or affiliated with any workstation used as an EMS Client

    c. All drives attached to or affiliated with any ImageCast Central Workstations

    d. All drives attached to or affiliated with any Adjudication Workstations

    e. All drives attached to or affiliated with the controlling computer for any ballot scanner such as HiPro, Canon, etc.

    f. All drives attached to or affiliated with any device used in conjunction with the election as a communications server or virtual private network server/concentrator

    g. All SD Cards, USB Drives or other storage devices that were inserted into or removed from all tabulators, ballot marking devices or other device that was used for the tabulation of votes

    h. All ImageCast X, ImageCast Precinct, and ImageCast Evolution devices

2.  The following electronic files:

    a.  Forensic copies of all slog.txt files and .dvd files generated from tabulators and ballot marking devices

    b.  Forensic copies of all data items related to the November 2020 Election subject to the 22 month voter records retention requirement under U.S. federal law

3.  The following information related to electronic election system architecture:

    a.  A network diagram including all devices, mac addresses and assigned IP addresses for Your complete electronic election system, including but not limited to the EMS Server, all networked devices on the EMS Server network (routers, switches, communications servers, modems, etc), and all devices attached to the resident network for the voter registration server

    b.  For each ballot marking device, ballot scanner, and tabulator, the media access control (MAC) address for each communication device connected to the ballot marking device, ballot scanner, or tabulator at any time between January 1, 2019 and November 30, 2020

    c.  Copies of all network logs, PCAPs, netflow data and access control logs from networking devices associated with the EMS

    d.  Credentials to permit access through all whole disk or file encryption technologies utilized in any part of Your electronic election system that is produced in response to this subpoena, including but not limited to BitLocker, TrueCrypt, and VeraCrypt technologies

    e.  A list of all personnel who had access to the EMS Server or any EMS server-connected computing device for the period January 1, 2019 through November 30, 2020.  Provide the name of the person, the account utilized, the devices accessed and the duration of the access.

4.  The following information related to the results of the November 2020 Election:

    a.  Copies of all tabulator poll closing reports and tabulator reports generated by each precinct and polling location, detailing with date and time the number of in person voters, the number of same day voter registrations (if applicable), and the final totals for the precinct

    b.  Copies of the certified final election results that were used to determine the official outcomes of the election contests

    c.  Copies of any document, report, or spreadsheet that was produced in relation to the November 2020 Election

5. All documents related to any indication of any intrusion attempt into Your electronic election system.

6. Copies of all cellular bills and connections supporting Your ballot scanners and ballot marking devices. These records should include the International Mobile Equipment Identity (IEMI) number, Temporary Mobile Subscriber Identity (TMSI) number, originating phone number, destination phone number, date and time of call origination, and call duration.

7. Copies of all contracts and agreements with the suppliers of any of Your electronic election system equipment, devices, software, or support services.

8. Copies of all contracts and agreements related to network security, network monitoring, or cybersecurity concerning all or any part of Your electronic election system.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., et al., | Case No. 1:21-cv-00445-CJN |
| Plaintiffs/Counter-Defendants, | Judge Carl J. Nichols |
| v. | |
| MY PILLOW, INC., et al., | **Notice of Subpoena** |
| Defendants/Counter-Plaintiffs/ Third-Party Plaintiffs, | |
| v. | |
| SMARTMATIC USA CORP., et al., | |
| Third-Party Defendants. | |

PLEASE TAKE NOTICE that Defendants My Pillow, Inc. and Michael Lindell intend to serve a subpoena *duces tecum*, pursuant to Fed. R. Civ. P. 45, upon the Sherburne County Auditor/Treasurer, 13880 Business Center Drive NW, Elk River, MN 55330. A copy of the subpoena and associated exhibit is attached hereto.

Dated: September 1, 2022

**PARKER DANIELS KIBORT LLC**

By */s/ Andrew D. Parker*
   Andrew D. Parker (D.C. Bar No. 63279)
   888 Colwell Building
   123 N. Third Street
   Minneapolis, MN 55401
   Telephone: (612) 355-4100
   Facsimile: (612) 355-4101
   parker@parkerdk.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### District of Columbia

| | |
|---|---|
| US DOMINION, INC., et al., | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:21-CV-00445 (CJN) |
| MY PILLOW, INC., et al., | ) |
| | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Sherburne County Auditor/Treasurer
13880 Business Center Drive NW, Elk River, MN 55330

*(Name of person to whom this subpoena is directed)*

✓ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment.

| Place: Parker Daniels Kibort LLC, 123 North Third Street, Suite 888, Minneapolis, MN 55401. Production by electronic transfer or mail is preferred. | Date and Time: September 30, 2022 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/01/2022

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Andrew D. Parker |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Defendants**
My Pillow, Inc., and Michael J. Lindell , who issues or requests this subpoena, are:

Andrew D. Parker, 123 North Third Street, Suite 888, Minneapolis, Minnesota 55401, parker@parkerdk.com, 612-355-4100

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:21-CV-00445 (CJN)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                    *Server's signature*

                                             _____
                                                    *Printed name and title*

                                             _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c)  Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d)  Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e)  Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g)  Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit A**

**Definitions**

1. "Adjudication" refers to the process of reviewing a voter's ballot to determine what votes were intended by the voter who cast the ballot.

2. "Ballot marking device" refers to any electronic device used to complete an electronic ballot which is then printed onto paper.

3. "Ballot scanner" refers to an electronic device that provides optical scanning of ballots to produce a digital image of the ballot and/or to read the votes marked on the ballot.

4. "Client" refers to a computer that connects to a computer server.

5. "Controlling computer" refers to a computer connected to another electronic device, that is used to control the behavior of the connected electronic device.

6. "Document" refers to any writing or electronically stored information stored in any medium from which information can be obtained, including drawings, graphs, charts, photographs, sound recordings, video recordings, images, or other data or data compilations, within the meaning of Fed. R. Civ. P. 34(a)(1)(A).

7. "Drive" or "drives" refers to any medium for the storage of electronic or digital data.

8. "EMS" refers to an Election Management System or any set of electronic equipment used to facilitate the counting, tabulation, and reporting of results in a public election.

9. "Electronic election system" refers to all electronic or computerized devices and equipment used to cast ballots, count votes, tabulate votes, or report results in an election.

10. "EnCase" refers to the digital forensic data collection and investigation technology produced by Guidance Software.

11. "Forensic copy" refers to a file-level exact duplication of electronic data.

12. "Forensic image" refers to a bit-by-bit, sector-by-sector direct copy of a physical storage devices containing electronic data, including all files, folders and unallocated, free, and slack space.

13. "ImageCast Central" or "ICC" refers to the electronic system distributed by Dominion Voting with that name.

14. "ImageCast Evolution" or "ICE" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device and tabulator.

1

15. "ImageCast Precinct" or "ICP" refers to the electronic device distributed by Dominion Voting, with that name, that can optically scan and tabulate votes from paper ballots.

16. "ImageCast X" or "ICX" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device.

17. "November 2020 Election" refers to the general election in the United States for which Election Day was November 3, 2020.

18. "Server" refers to a computer server or computer that stores, processes, and manages data for other computers or devices on a computer network.

19. "Storage device" refers to any medium for the storage of electronic or digital data.

20. "Tabulator" refers to any electronic device used to count or tabulate votes from paper ballots.

21. "Workstation" refers to an individual computer, which may or may not be connected to a computer network, used to facilitate one or more specific tasks or processes.

22. "You" and "Your" refer to the recipient of this subpoena.

## Items to Produce

Produce the following documents, communications, and electronic data in Your possession, custody, or control:

1. Forensic images, in EnCase format, of each of the following objects used in connection with the November 2020 Election:

    a. All drives attached to or affiliated with an EMS Server

    b. All drives attached to or affiliated with any workstation used as an EMS Client

    c. All drives attached to or affiliated with any ImageCast Central Workstations

    d. All drives attached to or affiliated with any Adjudication Workstations

    e. All drives attached to or affiliated with the controlling computer for any ballot scanner such as HiPro, Canon, etc.

    f. All drives attached to or affiliated with any device used in conjunction with the election as a communications server or virtual private network server/concentrator

    g. All SD Cards, USB Drives or other storage devices that were inserted into or removed from all tabulators, ballot marking devices or other device that was used for the tabulation of votes

    h. All ImageCast X, ImageCast Precinct, and ImageCast Evolution devices

2

2. The following electronic files:

   a. Forensic copies of all slog.txt files and .dvd files generated from tabulators and ballot marking devices

   b. Forensic copies of all data items related to the November 2020 Election subject to the 22 month voter records retention requirement under U.S. federal law

3. The following information related to electronic election system architecture:

   a. A network diagram including all devices, mac addresses and assigned IP addresses for Your complete electronic election system, including but not limited to the EMS Server, all networked devices on the EMS Server network (routers, switches, communications servers, modems, etc), and all devices attached to the resident network for the voter registration server

   b. For each ballot marking device, ballot scanner, and tabulator, the media access control (MAC) address for each communication device connected to the ballot marking device, ballot scanner, or tabulator at any time between January 1, 2019 and November 30, 2020

   c. Copies of all network logs, PCAPs, netflow data and access control logs from networking devices associated with the EMS

   d. Credentials to permit access through all whole disk or file encryption technologies utilized in any part of Your electronic election system that is produced in response to this subpoena, including but not limited to BitLocker, TrueCrypt, and VeraCrypt technologies

   e. A list of all personnel who had access to the EMS Server or any EMS server-connected computing device for the period January 1, 2019 through November 30, 2020.  Provide the name of the person, the account utilized, the devices accessed and the duration of the access.

4. The following information related to the results of the November 2020 Election:

   a. Copies of all tabulator poll closing reports and tabulator reports generated by each precinct and polling location, detailing with date and time the number of in person voters, the number of same day voter registrations (if applicable), and the final totals for the precinct

   b. Copies of the certified final election results that were used to determine the official outcomes of the election contests

   c. Copies of any document, report, or spreadsheet that was produced in relation to the November 2020 Election

3

5. All documents related to any indication of any intrusion attempt into Your electronic election system.

6. Copies of all cellular bills and connections supporting Your ballot scanners and ballot marking devices. These records should include the International Mobile Equipment Identity (IEMI) number, Temporary Mobile Subscriber Identity (TMSI) number, originating phone number, destination phone number, date and time of call origination, and call duration.

7. Copies of all contracts and agreements with the suppliers of any of Your electronic election system equipment, devices, software, or support services.

8. Copies of all contracts and agreements related to network security, network monitoring, or cybersecurity concerning all or any part of Your electronic election system.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., et al., | Case No. 1:21-cv-00445-CJN |
| Plaintiffs/Counter-Defendants, | Judge Carl J. Nichols |
| v. | |
| MY PILLOW, INC., et al., | **Notice of Subpoena** |
| Defendants/Counter-Plaintiffs/ Third-Party Plaintiffs, | |
| v. | |
| SMARTMATIC USA CORP., et al., | |
| Third-Party Defendants. | |

PLEASE TAKE NOTICE that Defendants My Pillow, Inc. and Michael Lindell intend to serve a subpoena *duces tecum*, pursuant to Fed. R. Civ. P. 45, upon the Washoe County Registrar of Voters, 1001 E. 9th Street, Building A, Reno, NV 89512. A copy of the subpoena and associated exhibit is attached hereto.

Dated: September 1, 2022

**PARKER DANIELS KIBORT LLC**

By */s/ Andrew D. Parker*
Andrew D. Parker (D.C. Bar No. 63279)
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
Telephone: (612) 355-4100
Facsimile: (612) 355-4101
parker@parkerdk.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Columbia

| | |
|---|---|
| US DOMINION, INC., et al., | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:21-CV-00445 (CJN) |
| MY PILLOW, INC., et al., | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: 　　　　　　　　　　　　Washoe County Registrar of Voters
　　　　　　　　　　　　1001 E. 9th Street, Building A, Reno, NV 89512

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment.

| Place: Washoe County Registrar of Voters, 1001 E. 9th Street, Building A, Reno, NV 89512. Production by electronic transfer or mail is preferred. | Date and Time: September  30, 2022 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

　　　　The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:　　09/01/2022

| | | |
|---|---|---|
| *CLERK OF COURT* | OR | |
| | | /s/ Andrew D. Parker |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*　　Defendants
My Pillow, Inc., and Michael J. Lindell　　　　　　　　　　　　　　, who issues or requests this subpoena, are:

Andrew D. Parker, 123 North Third Street, Suite 888, Minneapolis, Minnesota 55401, parker@parkerdk.com, 612-355-4100

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:21-CV-00445 (CJN)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                    *Server's signature*

                                           _____
                                                    *Printed name and title*

                                           _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit A**

**Definitions**

1. "Adjudication" refers to the process of reviewing a voter's ballot to determine what votes were intended by the voter who cast the ballot.

2. "Ballot marking device" refers to any electronic device used to complete an electronic ballot which is then printed onto paper.

3. "Ballot scanner" refers to an electronic device that provides optical scanning of ballots to produce a digital image of the ballot and/or to read the votes marked on the ballot.

4. "Client" refers to a computer that connects to a computer server.

5. "Controlling computer" refers to a computer connected to another electronic device, that is used to control the behavior of the connected electronic device.

6. "Document" refers to any writing or electronically stored information stored in any medium from which information can be obtained, including drawings, graphs, charts, photographs, sound recordings, video recordings, images, or other data or data compilations, within the meaning of Fed. R. Civ. P. 34(a)(1)(A).

7. "Drive" or "drives" refers to any medium for the storage of electronic or digital data.

8. "EMS" refers to an Election Management System or any set of electronic equipment used to facilitate the counting, tabulation, and reporting of results in a public election.

9. "Electronic election system" refers to all electronic or computerized devices and equipment used to cast ballots, count votes, tabulate votes, or report results in an election.

10. "EnCase" refers to the digital forensic data collection and investigation technology produced by Guidance Software.

11. "Forensic copy" refers to a file-level exact duplication of electronic data.

12. "Forensic image" refers to a bit-by-bit, sector-by-sector direct copy of a physical storage devices containing electronic data, including all files, folders and unallocated, free, and slack space.

13. "ImageCast Central" or "ICC" refers to the electronic system distributed by Dominion Voting with that name.

14. "ImageCast Evolution" or "ICE" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device and tabulator.

1

15. "ImageCast Precinct" or "ICP" refers to the electronic device distributed by Dominion Voting, with that name, that can optically scan and tabulate votes from paper ballots.

16. "ImageCast X" or "ICX" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device.

17. "November 2020 Election" refers to the general election in the United States for which Election Day was November 3, 2020.

18. "Server" refers to a computer server or computer that stores, processes, and manages data for other computers or devices on a computer network.

19. "Storage device" refers to any medium for the storage of electronic or digital data.

20. "Tabulator" refers to any electronic device used to count or tabulate votes from paper ballots.

21. "Workstation" refers to an individual computer, which may or may not be connected to a computer network, used to facilitate one or more specific tasks or processes.

22. "You" and "Your" refer to the recipient of this subpoena.

## Items to Produce

Produce the following documents, communications, and electronic data in Your possession, custody, or control:

1. Forensic images, in EnCase format, of each of the following objects used in connection with the November 2020 Election:

    a. All drives attached to or affiliated with an EMS Server

    b. All drives attached to or affiliated with any workstation used as an EMS Client

    c. All drives attached to or affiliated with any ImageCast Central Workstations

    d. All drives attached to or affiliated with any Adjudication Workstations

    e. All drives attached to or affiliated with the controlling computer for any ballot scanner such as HiPro, Canon, etc.

    f. All drives attached to or affiliated with any device used in conjunction with the election as a communications server or virtual private network server/concentrator

    g. All SD Cards, USB Drives or other storage devices that were inserted into or removed from all tabulators, ballot marking devices or other device that was used for the tabulation of votes

    h. All ImageCast X, ImageCast Precinct, and ImageCast Evolution devices

2

2. The following electronic files:

    a. Forensic copies of all slog.txt files and .dvd files generated from tabulators and ballot marking devices

    b. Forensic copies of all data items related to the November 2020 Election subject to the 22 month voter records retention requirement under U.S. federal law

3. The following information related to electronic election system architecture:

    a. A network diagram including all devices, mac addresses and assigned IP addresses for Your complete electronic election system, including but not limited to the EMS Server, all networked devices on the EMS Server network (routers, switches, communications servers, modems, etc), and all devices attached to the resident network for the voter registration server

    b. For each ballot marking device, ballot scanner, and tabulator, the media access control (MAC) address for each communication device connected to the ballot marking device, ballot scanner, or tabulator at any time between January 1, 2019 and November 30, 2020

    c. Copies of all network logs, PCAPs, netflow data and access control logs from networking devices associated with the EMS

    d. Credentials to permit access through all whole disk or file encryption technologies utilized in any part of Your electronic election system that is produced in response to this subpoena, including but not limited to BitLocker, TrueCrypt, and VeraCrypt technologies

    e. A list of all personnel who had access to the EMS Server or any EMS server-connected computing device for the period January 1, 2019 through November 30, 2020.  Provide the name of the person, the account utilized, the devices accessed and the duration of the access.

4. The following information related to the results of the November 2020 Election:

    a. Copies of all tabulator poll closing reports and tabulator reports generated by each precinct and polling location, detailing with date and time the number of in person voters, the number of same day voter registrations (if applicable), and the final totals for the precinct

    b. Copies of the certified final election results that were used to determine the official outcomes of the election contests

    c. Copies of any document, report, or spreadsheet that was produced in relation to the November 2020 Election

3

5. All documents related to any indication of any intrusion attempt into Your electronic election system.

6. Copies of all cellular bills and connections supporting Your ballot scanners and ballot marking devices. These records should include the International Mobile Equipment Identity (IEMI) number, Temporary Mobile Subscriber Identity (TMSI) number, originating phone number, destination phone number, date and time of call origination, and call duration.

7. Copies of all contracts and agreements with the suppliers of any of Your electronic election system equipment, devices, software, or support services.

8. Copies of all contracts and agreements related to network security, network monitoring, or cybersecurity concerning all or any part of Your electronic election system.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

US DOMINION, INC., et al.,

     Plaintiffs/Counter-Defendants,

     v.

MY PILLOW, INC., et al.,

     Defendants/Counter-Plaintiffs/
     Third-Party Plaintiffs,

     v.

SMARTMATIC USA CORP., et al.,

     Third-Party Defendants.

Case No. 1:21-cv-00445-CJN
Judge Carl J. Nichols

**Notice of Subpoena**

---

PLEASE TAKE NOTICE that Defendants My Pillow, Inc. and Michael Lindell intend to serve a subpoena *duces tecum*, pursuant to Fed. R. Civ. P. 45, upon the Weld County, CO Clerk and Recorder, 1250 H Street, Greeley, CO 80631. A copy of the subpoena and associated exhibit is attached hereto.

Dated: September 1, 2022

**PARKER DANIELS KIBORT LLC**

By */s/ Andrew D. Parker*
    Andrew D. Parker (D.C. Bar No. 63279)
    888 Colwell Building
    123 N. Third Street
    Minneapolis, MN 55401
    Telephone: (612) 355-4100
    Facsimile: (612) 355-4101
    parker@parkerdk.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Columbia

| | | |
|---|---|---|
| US DOMINION, INC., et al., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  1:21-CV-00445 (CJN) |
| MY PILLOW, INC., et al., | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                           Weld County Clerk and Recorder
                              1250 H Street, Greeley, CO 80631

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment.

| Place: Office of the Weld County Clerk and Recorder, 1250 H Street, Greeley, CO 80631. Production by electronic transfer or mail is preferred. | Date and Time: September  30, 2022 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     09/01/2022

                    *CLERK OF COURT*
                                                    OR
                                                          /s/ Andrew D. Parker
        _____          _____
        *Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*      Defendants
My Pillow, Inc., and Michael J. Lindell _____ , who issues or requests this subpoena, are:

Andrew D. Parker, 123 North Third Street, Suite 888, Minneapolis, Minnesota 55401, parker@parkerdk.com, 612-355-4100

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:21-CV-00445 (CJN)

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____        _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit A**

**Definitions**

1. "Adjudication" refers to the process of reviewing a voter's ballot to determine what votes were intended by the voter who cast the ballot.

2. "Ballot marking device" refers to any electronic device used to complete an electronic ballot which is then printed onto paper.

3. "Ballot scanner" refers to an electronic device that provides optical scanning of ballots to produce a digital image of the ballot and/or to read the votes marked on the ballot.

4. "Client" refers to a computer that connects to a computer server.

5. "Controlling computer" refers to a computer connected to another electronic device, that is used to control the behavior of the connected electronic device.

6. "Document" refers to any writing or electronically stored information stored in any medium from which information can be obtained, including drawings, graphs, charts, photographs, sound recordings, video recordings, images, or other data or data compilations, within the meaning of Fed. R. Civ. P. 34(a)(1)(A).

7. "Drive" or "drives" refers to any medium for the storage of electronic or digital data.

8. "EMS" refers to an Election Management System or any set of electronic equipment used to facilitate the counting, tabulation, and reporting of results in a public election.

9. "Electronic election system" refers to all electronic or computerized devices and equipment used to cast ballots, count votes, tabulate votes, or report results in an election.

10. "EnCase" refers to the digital forensic data collection and investigation technology produced by Guidance Software.

11. "Forensic copy" refers to a file-level exact duplication of electronic data.

12. "Forensic image" refers to a bit-by-bit, sector-by-sector direct copy of a physical storage devices containing electronic data, including all files, folders and unallocated, free, and slack space.

13. "ImageCast Central" or "ICC" refers to the electronic system distributed by Dominion Voting with that name.

14. "ImageCast Evolution" or "ICE" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device and tabulator.

1

15. "ImageCast Precinct" or "ICP" refers to the electronic device distributed by Dominion Voting, with that name, that can optically scan and tabulate votes from paper ballots.

16. "ImageCast X" or "ICX" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device.

17. "November 2020 Election" refers to the general election in the United States for which Election Day was November 3, 2020.

18. "Server" refers to a computer server or computer that stores, processes, and manages data for other computers or devices on a computer network.

19. "Storage device" refers to any medium for the storage of electronic or digital data.

20. "Tabulator" refers to any electronic device used to count or tabulate votes from paper ballots.

21. "Workstation" refers to an individual computer, which may or may not be connected to a computer network, used to facilitate one or more specific tasks or processes.

22. "You" and "Your" refer to the recipient of this subpoena.

**Items to Produce**

Produce the following documents, communications, and electronic data in Your possession, custody, or control:

1. Forensic images, in EnCase format, of each of the following objects used in connection with the November 2020 Election:

   a. All drives attached to or affiliated with an EMS Server

   b. All drives attached to or affiliated with any workstation used as an EMS Client

   c. All drives attached to or affiliated with any ImageCast Central Workstations

   d. All drives attached to or affiliated with any Adjudication Workstations

   e. All drives attached to or affiliated with the controlling computer for any ballot scanner such as HiPro, Canon, etc.

   f. All drives attached to or affiliated with any device used in conjunction with the election as a communications server or virtual private network server/concentrator

   g. All SD Cards, USB Drives or other storage devices that were inserted into or removed from all tabulators, ballot marking devices or other device that was used for the tabulation of votes

   h. All ImageCast X, ImageCast Precinct, and ImageCast Evolution devices

2. The following electronic files:

    a. Forensic copies of all slog.txt files and .dvd files generated from tabulators and ballot marking devices

    b. Forensic copies of all data items related to the November 2020 Election subject to the 22 month voter records retention requirement under U.S. federal law

3. The following information related to electronic election system architecture:

    a. A network diagram including all devices, mac addresses and assigned IP addresses for Your complete electronic election system, including but not limited to the EMS Server, all networked devices on the EMS Server network (routers, switches, communications servers, modems, etc), and all devices attached to the resident network for the voter registration server

    b. For each ballot marking device, ballot scanner, and tabulator, the media access control (MAC) address for each communication device connected to the ballot marking device, ballot scanner, or tabulator at any time between January 1, 2019 and November 30, 2020

    c. Copies of all network logs, PCAPs, netflow data and access control logs from networking devices associated with the EMS

    d. Credentials to permit access through all whole disk or file encryption technologies utilized in any part of Your electronic election system that is produced in response to this subpoena, including but not limited to BitLocker, TrueCrypt, and VeraCrypt technologies

    e. A list of all personnel who had access to the EMS Server or any EMS server-connected computing device for the period January 1, 2019 through November 30, 2020.  Provide the name of the person, the account utilized, the devices accessed and the duration of the access.

4. The following information related to the results of the November 2020 Election:

    a. Copies of all tabulator poll closing reports and tabulator reports generated by each precinct and polling location, detailing with date and time the number of in person voters, the number of same day voter registrations (if applicable), and the final totals for the precinct

    b. Copies of the certified final election results that were used to determine the official outcomes of the election contests

    c. Copies of any document, report, or spreadsheet that was produced in relation to the November 2020 Election

5.  All documents related to any indication of any intrusion attempt into Your electronic election system.

6.  Copies of all cellular bills and connections supporting Your ballot scanners and ballot marking devices.  These records should include the International Mobile Equipment Identity (IEMI) number, Temporary Mobile Subscriber Identity (TMSI) number, originating phone number, destination phone number, date and time of call origination, and call duration.

7.  Copies of all contracts and agreements with the suppliers of any of Your electronic election system equipment, devices, software, or support services.

8.  Copies of all contracts and agreements related to network security, network monitoring, or cybersecurity concerning all or any part of Your electronic election system.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., et al., | Case No. 1:21-cv-00445-CJN |
| Plaintiffs/Counter-Defendants, | Judge Carl J. Nichols |
| v. | |
| MY PILLOW, INC., et al., | **Notice of Subpoena** |
| Defendants/Counter-Plaintiffs/ Third-Party Plaintiffs, | |
| v. | |
| SMARTMATIC USA CORP., et al., | |
| Third-Party Defendants. | |

PLEASE TAKE NOTICE that Defendants My Pillow, Inc. and Michael Lindell intend to serve a subpoena *duces tecum*, pursuant to Fed. R. Civ. P. 45, upon the Williamson County, TN Administrator of Elections, 405 Downs Blvd, Franklin, TN 37064. A copy of the subpoena and associated exhibit is attached hereto.

Dated: September 1, 2022             **PARKER DANIELS KIBORT LLC**

By */s/ Andrew D. Parker*
Andrew D. Parker (D.C. Bar No. 63279)
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
Telephone: (612) 355-4100
Facsimile: (612) 355-4101
parker@parkerdk.com

1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | | |
|---|---|---|
| US DOMINION, INC., et al., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:21-CV-00445 (CJN) |
| MY PILLOW, INC., et al., | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Williamson County Administrator of Elections
              405 Downs Blvd, Franklin, TN 37064

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment.

| Place: Office of the Williamson County Administrator of Elections, 405 Downs Blvd, Franklin, TN 37064. Production by electronic transfer or mail is preferred. | Date and Time: September 30, 2022 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  09/01/2022

              *CLERK OF COURT*

                                                              OR

_____              /s/ Andrew D. Parker
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Defendants
My Pillow, Inc., and Michael J. Lindell                                    , who issues or requests this subpoena, are:

Andrew D. Parker, 123 North Third Street, Suite 888, Minneapolis, Minnesota 55401, parker@parkerdk.com, 612-355-4100

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:21-CV-00445 (CJN)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                              *Server's signature*

                                       _____
                                              *Printed name and title*

                                       _____
                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
 **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
 **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
 **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
 **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
 **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit A**

**Definitions**

1. "Adjudication" refers to the process of reviewing a voter's ballot to determine what votes were intended by the voter who cast the ballot.

2. "Ballot marking device" refers to any electronic device used to complete an electronic ballot which is then printed onto paper.

3. "Ballot scanner" refers to an electronic device that provides optical scanning of ballots to produce a digital image of the ballot and/or to read the votes marked on the ballot.

4. "Client" refers to a computer that connects to a computer server.

5. "Controlling computer" refers to a computer connected to another electronic device, that is used to control the behavior of the connected electronic device.

6. "Document" refers to any writing or electronically stored information stored in any medium from which information can be obtained, including drawings, graphs, charts, photographs, sound recordings, video recordings, images, or other data or data compilations, within the meaning of Fed. R. Civ. P. 34(a)(1)(A).

7. "Drive" or "drives" refers to any medium for the storage of electronic or digital data.

8. "EMS" refers to an Election Management System or any set of electronic equipment used to facilitate the counting, tabulation, and reporting of results in a public election.

9. "Electronic election system" refers to all electronic or computerized devices and equipment used to cast ballots, count votes, tabulate votes, or report results in an election.

10. "EnCase" refers to the digital forensic data collection and investigation technology produced by Guidance Software.

11. "Forensic copy" refers to a file-level exact duplication of electronic data.

12. "Forensic image" refers to a bit-by-bit, sector-by-sector direct copy of a physical storage devices containing electronic data, including all files, folders and unallocated, free, and slack space.

13. "ImageCast Central" or "ICC" refers to the electronic system distributed by Dominion Voting with that name.

14. "ImageCast Evolution" or "ICE" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device and tabulator.

1

15. "ImageCast Precinct" or "ICP" refers to the electronic device distributed by Dominion Voting, with that name, that can optically scan and tabulate votes from paper ballots.

16. "ImageCast X" or "ICX" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device.

17. "November 2020 Election" refers to the general election in the United States for which Election Day was November 3, 2020.

18. "Server" refers to a computer server or computer that stores, processes, and manages data for other computers or devices on a computer network.

19. "Storage device" refers to any medium for the storage of electronic or digital data.

20. "Tabulator" refers to any electronic device used to count or tabulate votes from paper ballots.

21. "Workstation" refers to an individual computer, which may or may not be connected to a computer network, used to facilitate one or more specific tasks or processes.

22. "You" and "Your" refer to the recipient of this subpoena.

## Items to Produce

Produce the following documents, communications, and electronic data in Your possession, custody, or control:

1. Forensic images, in EnCase format, of each of the following objects used in connection with the November 2020 Election:

   a. All drives attached to or affiliated with an EMS Server

   b. All drives attached to or affiliated with any workstation used as an EMS Client

   c. All drives attached to or affiliated with any ImageCast Central Workstations

   d. All drives attached to or affiliated with any Adjudication Workstations

   e. All drives attached to or affiliated with the controlling computer for any ballot scanner such as HiPro, Canon, etc.

   f. All drives attached to or affiliated with any device used in conjunction with the election as a communications server or virtual private network server/concentrator

   g. All SD Cards, USB Drives or other storage devices that were inserted into or removed from all tabulators, ballot marking devices or other device that was used for the tabulation of votes

   h. All ImageCast X, ImageCast Precinct, and ImageCast Evolution devices

2

2. The following electronic files:

    a. Forensic copies of all slog.txt files and .dvd files generated from tabulators and ballot marking devices

    b. Forensic copies of all data items related to the November 2020 Election subject to the 22 month voter records retention requirement under U.S. federal law

3. The following information related to electronic election system architecture:

    a. A network diagram including all devices, mac addresses and assigned IP addresses for Your complete electronic election system, including but not limited to the EMS Server, all networked devices on the EMS Server network (routers, switches, communications servers, modems, etc), and all devices attached to the resident network for the voter registration server

    b. For each ballot marking device, ballot scanner, and tabulator, the media access control (MAC) address for each communication device connected to the ballot marking device, ballot scanner, or tabulator at any time between January 1, 2019 and November 30, 2020

    c. Copies of all network logs, PCAPs, netflow data and access control logs from networking devices associated with the EMS

    d. Credentials to permit access through all whole disk or file encryption technologies utilized in any part of Your electronic election system that is produced in response to this subpoena, including but not limited to BitLocker, TrueCrypt, and VeraCrypt technologies

    e. A list of all personnel who had access to the EMS Server or any EMS server-connected computing device for the period January 1, 2019 through November 30, 2020.  Provide the name of the person, the account utilized, the devices accessed and the duration of the access.

4. The following information related to the results of the November 2020 Election:

    a. Copies of all tabulator poll closing reports and tabulator reports generated by each precinct and polling location, detailing with date and time the number of in person voters, the number of same day voter registrations (if applicable), and the final totals for the precinct

    b. Copies of the certified final election results that were used to determine the official outcomes of the election contests

    c. Copies of any document, report, or spreadsheet that was produced in relation to the November 2020 Election

5. All documents related to any indication of any intrusion attempt into Your electronic election system.

6. Copies of all cellular bills and connections supporting Your ballot scanners and ballot marking devices. These records should include the International Mobile Equipment Identity (IEMI) number, Temporary Mobile Subscriber Identity (TMSI) number, originating phone number, destination phone number, date and time of call origination, and call duration.

7. Copies of all contracts and agreements with the suppliers of any of Your electronic election system equipment, devices, software, or support services.

8. Copies of all contracts and agreements related to network security, network monitoring, or cybersecurity concerning all or any part of Your electronic election system.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., et al., | Case No. 1:21-cv-00445-CJN |
|     Plaintiffs/Counter-Defendants, | Judge Carl J. Nichols |
|     v. | |
| MY PILLOW, INC., et al., | **Notice of Subpoena** |
|     Defendants/Counter-Plaintiffs/<br>    Third-Party Plaintiffs, | |
|     v. | |
| SMARTMATIC USA CORP., et al., | |
|     Third-Party Defendants. | |

PLEASE TAKE NOTICE that Defendants My Pillow, Inc. and Michael Lindell intend to serve a subpoena *duces tecum*, pursuant to Fed. R. Civ. P. 45, upon the Dakota County, Voting & Elections Administration Center, 1590 Highway 55, Hastings, MN 55033-2372. A copy of the subpoena and associated exhibit is attached hereto.

Dated: September 2, 2022

**PARKER DANIELS KIBORT LLC**

By */s/ Andrew D. Parker*
   Andrew D. Parker (D.C. Bar No. 63279)
   888 Colwell Building
   123 N. Third Street
   Minneapolis, MN 55401
   Telephone: (612) 355-4100
   Facsimile: (612) 355-4101
   parker@parkerdk.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Columbia

| | |
|---|---|
| US DOMINION, INC., et al., | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:21-CV-00445 (CJN) |
| MY PILLOW, INC., et al., | ) |
| | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

Dakota County
To:                    Voting & Elections Administration Center
1590 Highway 55, Hastings, MN 55033-2372
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment.

| | |
|---|---|
| Place: Office of Parker Daniels Kibort, 888 Colwell Building, 123 North Third Street, Minneapolis, MN 55401. Production by electronic transfer or mail is preferred. | Date and Time: September 30, 2022 |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      09/02/2022

CLERK OF COURT
OR

_____          /s/ Andrew D. Parker
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*      Defendants
My Pillow, Inc., and Michael J. Lindell                              , who issues or requests this subpoena, are:

Andrew D. Parker, 123 North Third Street, Suite 888, Minneapolis, Minnesota 55401, parker@parkerdk.com, 612-355-4100

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:21-CV-00445 (CJN)

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit A

## Definitions

1. "Adjudication" refers to the process of reviewing a voter's ballot to determine what votes were intended by the voter who cast the ballot.

2. "Ballot marking device" refers to any electronic device used to complete an electronic ballot which is then printed onto paper.

3. "Ballot scanner" refers to an electronic device that provides optical scanning of ballots to produce a digital image of the ballot and/or to read the votes marked on the ballot.

4. "Client" refers to a computer that connects to a computer server.

5. "Controlling computer" refers to a computer connected to another electronic device, that is used to control the behavior of the connected electronic device.

6. "Document" refers to any writing or electronically stored information stored in any medium from which information can be obtained, including drawings, graphs, charts, photographs, sound recordings, video recordings, images, or other data or data compilations, within the meaning of Fed. R. Civ. P. 34(a)(1)(A).

7. "Drive" or "drives" refers to any medium for the storage of electronic or digital data.

8. "EMS" refers to an Election Management System or any set of electronic equipment used to facilitate the counting, tabulation, and reporting of results in a public election.

9. "Electronic election system" refers to all electronic or computerized devices and equipment used to cast ballots, count votes, tabulate votes, or report results in an election.

10. "EnCase" refers to the digital forensic data collection and investigation technology produced by Guidance Software.

11. "Forensic copy" refers to a file-level exact duplication of electronic data.

12. "Forensic image" refers to a bit-by-bit, sector-by-sector direct copy of a physical storage devices containing electronic data, including all files, folders and unallocated, free, and slack space.

13. "ImageCast Central" or "ICC" refers to the electronic system distributed by Dominion Voting with that name.

14. "ImageCast Evolution" or "ICE" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device and tabulator.

15. "ImageCast Precinct" or "ICP" refers to the electronic device distributed by Dominion Voting, with that name, that can optically scan and tabulate votes from paper ballots.

16. "ImageCast X" or "ICX" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device.

17. "November 2020 Election" refers to the general election in the United States for which Election Day was November 3, 2020.

18. "Server" refers to a computer server or computer that stores, processes, and manages data for other computers or devices on a computer network.

19. "Storage device" refers to any medium for the storage of electronic or digital data.

20. "Tabulator" refers to any electronic device used to count or tabulate votes from paper ballots.

21. "Workstation" refers to an individual computer, which may or may not be connected to a computer network, used to facilitate one or more specific tasks or processes.

22. "You" and "Your" refer to the recipient of this subpoena.

## Items to Produce

Produce the following documents, communications, and electronic data in Your possession, custody, or control:

1. Forensic images, in EnCase format, of each of the following objects used in connection with the November 2020 Election:

   a. All drives attached to or affiliated with an EMS Server

   b. All drives attached to or affiliated with any workstation used as an EMS Client

   c. All drives attached to or affiliated with any ImageCast Central Workstations

   d. All drives attached to or affiliated with any Adjudication Workstations

   e. All drives attached to or affiliated with the controlling computer for any ballot scanner such as HiPro, Canon, etc.

   f. All drives attached to or affiliated with any device used in conjunction with the election as a communications server or virtual private network server/concentrator

   g. All SD Cards, USB Drives or other storage devices that were inserted into or removed from all tabulators, ballot marking devices or other device that was used for the tabulation of votes

   h. All ImageCast X, ImageCast Precinct, and ImageCast Evolution devices

2

2.  The following electronic files:

    a.  Forensic copies of all slog.txt files and .dvd files generated from tabulators and ballot marking devices

    b.  Forensic copies of all data items related to the November 2020 Election subject to the 22 month voter records retention requirement under U.S. federal law

3.  The following information related to electronic election system architecture:

    a.  A network diagram including all devices, mac addresses and assigned IP addresses for Your complete electronic election system, including but not limited to the EMS Server, all networked devices on the EMS Server network (routers, switches, communications servers, modems, etc), and all devices attached to the resident network for the voter registration server

    b.  For each ballot marking device, ballot scanner, and tabulator, the media access control (MAC) address for each communication device connected to the ballot marking device, ballot scanner, or tabulator at any time between January 1, 2019 and November 30, 2020

    c.  Copies of all network logs, PCAPs, netflow data and access control logs from networking devices associated with the EMS

    d.  Credentials to permit access through all whole disk or file encryption technologies utilized in any part of Your electronic election system that is produced in response to this subpoena, including but not limited to BitLocker, TrueCrypt, and VeraCrypt technologies

    e.  A list of all personnel who had access to the EMS Server or any EMS server-connected computing device for the period January 1, 2019 through November 30, 2020.  Provide the name of the person, the account utilized, the devices accessed and the duration of the access.

4.  The following information related to the results of the November 2020 Election:

    a.  Copies of all tabulator poll closing reports and tabulator reports generated by each precinct and polling location, detailing with date and time the number of in person voters, the number of same day voter registrations (if applicable), and the final totals for the precinct

    b.  Copies of the certified final election results that were used to determine the official outcomes of the election contests

    c.  Copies of any document, report, or spreadsheet that was produced in relation to the November 2020 Election

5. All documents related to any indication of any intrusion attempt into Your electronic election system.

6. Copies of all cellular bills and connections supporting Your ballot scanners and ballot marking devices. These records should include the International Mobile Equipment Identity (IEMI) number, Temporary Mobile Subscriber Identity (TMSI) number, originating phone number, destination phone number, date and time of call origination, and call duration.

7. Copies of all contracts and agreements with the suppliers of any of Your electronic election system equipment, devices, software, or support services.

8. Copies of all contracts and agreements related to network security, network monitoring, or cybersecurity concerning all or any part of Your electronic election system.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., et al., | Case No. 1:21-cv-00445-CJN |
| Plaintiffs/Counter-Defendants, | Judge Carl J. Nichols |
| v. | |
| MY PILLOW, INC., et al., | **Notice of Subpoena** |
| Defendants/Counter-Plaintiffs/<br>Third-Party Plaintiffs, | |
| v. | |
| SMARTMATIC USA CORP., et al., | |
| Third-Party Defendants. | |

PLEASE TAKE NOTICE that Defendants My Pillow, Inc. and Michael Lindell intend to serve a subpoena *duces tecum*, pursuant to Fed. R. Civ. P. 45, upon the Arizona Secretary of State, 1700 W. Washington St., Fl 7, Phoenix, Arizona 85007-2808. A copy of the subpoena and associated exhibit is attached hereto.

Dated: September 2, 2022

**PARKER DANIELS KIBORT LLC**

By */s/ Andrew D. Parker*
    Andrew D. Parker (D.C. Bar No. 63279)
    888 Colwell Building
    123 N. Third Street
    Minneapolis, MN 55401
    Telephone: (612) 355-4100
    Facsimile: (612) 355-4101
    parker@parkerdk.com

1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| US DOMINION, INC., et al., | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:21-CV-00445 (CJN) |
| MY PILLOW, INC., et al., | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Arizona Secretary of State
1700 W. Washington St., Fl. 7,
Phoenix, Arizona 85007-2808

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment.

| Place: Office of the Arizona Secretary of State, 1700 W. Washington St., Fl. 7, Phoenix, Arizona 85007-2808. Production by electronic transfer or mail is preferred. | Date and Time: September 30, 2022 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/02/2022

CLERK OF COURT

OR

_____          /s/ Andrew D. Parker
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants
My Pillow, Inc., and Michael J. Lindell _____ , who issues or requests this subpoena, are:

Andrew D. Parker, 123 North Third Street, Suite 888, Minneapolis, Minnesota 55401, parker@parkerdk.com, 612-355-4100

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:21-CV-00445 (CJN)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____            _____
                                              *Server's signature*

                                    _____
                                              *Printed name and title*

                                    _____
                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c)  Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** inspection of premises at the premises to be inspected.

**(d)  Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e)  Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g)  Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit A**

**Definitions**

1. "Adjudication" refers to the process of reviewing a voter's ballot to determine what votes were intended by the voter who cast the ballot.

2. "Ballot marking device" refers to any electronic device used to complete an electronic ballot which is then printed onto paper.

3. "Ballot scanner" refers to an electronic device that provides optical scanning of ballots to produce a digital image of the ballot and/or to read the votes marked on the ballot.

4. "Client" refers to a computer that connects to a computer server.

5. "Controlling computer" refers to a computer connected to another electronic device, that is used to control the behavior of the connected electronic device.

6. "Document" refers to any writing or electronically stored information stored in any medium from which information can be obtained, including drawings, graphs, charts, photographs, sound recordings, video recordings, images, or other data or data compilations, within the meaning of Fed. R. Civ. P. 34(a)(1)(A).

7. "Drive" or "drives" refers to any medium for the storage of electronic or digital data.

8. "EMS" refers to an Election Management System or any set of electronic equipment used to facilitate the counting, tabulation, and reporting of results in a public election.

9. "Electronic election system" refers to all electronic or computerized devices and equipment used to cast ballots, count votes, tabulate votes, or report results in an election.

10. "EnCase" refers to the digital forensic data collection and investigation technology produced by Guidance Software.

11. "Forensic copy" refers to a file-level exact duplication of electronic data.

12. "Forensic image" refers to a bit-by-bit, sector-by-sector direct copy of a physical storage devices containing electronic data, including all files, folders and unallocated, free, and slack space.

13. "ImageCast Central" or "ICC" refers to the electronic system distributed by Dominion Voting with that name.

14. "ImageCast Evolution" or "ICE" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device and tabulator.

1

15. "ImageCast Precinct" or "ICP" refers to the electronic device distributed by Dominion Voting, with that name, that can optically scan and tabulate votes from paper ballots.

16. "ImageCast X" or "ICX" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device.

17. "November 2020 Election" refers to the general election in the United States for which Election Day was November 3, 2020.

18. "Server" refers to a computer server or computer that stores, processes, and manages data for other computers or devices on a computer network.

19. "Storage device" refers to any medium for the storage of electronic or digital data.

20. "Tabulator" refers to any electronic device used to count or tabulate votes from paper ballots.

21. "Workstation" refers to an individual computer, which may or may not be connected to a computer network, used to facilitate one or more specific tasks or processes.

22. "You" and "Your" refer to the recipient of this subpoena.

**Items to Produce**

Produce the following documents, communications, and electronic data in Your possession, custody, or control:

1. Forensic images, in EnCase format, of each of the following objects used in connection with the November 2020 Election in Maricopa County, AZ:

   a. All drives attached to or affiliated with an EMS Server

   b. All drives attached to or affiliated with any workstation used as an EMS Client

   c. All drives attached to or affiliated with any ImageCast Central Workstations

   d. All drives attached to or affiliated with any Adjudication Workstations

   e. All drives attached to or affiliated with the controlling computer for any ballot scanner such as HiPro, Canon, etc.

   f. All drives attached to or affiliated with any device used in conjunction with the election as a communications server or virtual private network server/concentrator

   g. All SD Cards, USB Drives or other storage devices that were inserted into or removed from all tabulators, ballot marking devices or other device that was used for the tabulation of votes

   h. All ImageCast X, ImageCast Precinct, and ImageCast Evolution devices

2

2. Forensic images, in EnCase format, of each of the following objects used in connection with the November 2020 Election in Pima County, AZ:

   a. All drives attached to or affiliated with an EMS Server

   b. All drives attached to or affiliated with any workstation used as an EMS Client

   c. All drives attached to or affiliated with any ImageCast Central Workstations

   d. All drives attached to or affiliated with any Adjudication Workstations

   e. All drives attached to or affiliated with the controlling computer for any ballot scanner such as HiPro, Canon, etc.

   f. All drives attached to or affiliated with any device used in conjunction with the election as a communications server or virtual private network server/concentrator

   g. All SD Cards, USB Drives or other storage devices that were inserted into or removed from all tabulators, ballot marking devices or other device that was used for the tabulation of votes

   h. All ImageCast X, ImageCast Precinct, and ImageCast Evolution devices

3. The following electronic files, related to the November 2020 Election in Maricopa County, AZ:

   a. Forensic copies of all slog.txt files and .dvd files generated from tabulators and ballot marking devices

   b. Forensic copies of all data items related to the November 2020 Election subject to the 22 month voter records retention requirement under U.S. federal law

4. The following electronic files, related to the November 2020 Election in Pima County, AZ:

   a. Forensic copies of all slog.txt files and .dvd files generated from tabulators and ballot marking devices

   b. Forensic copies of all data items related to the November 2020 Election subject to the 22 month voter records retention requirement under U.S. federal law

5. The following information related to the results of the November 2020 Election in Maricopa County, AZ:

   a. Copies of all tabulator poll closing reports and tabulator reports generated by each precinct and polling location, detailing with date and time the number of in person voters, the number of same day voter registrations (if applicable), and the final totals for the precinct

3

      b.   Copies of any document, report, or spreadsheet that was produced in relation to the November 2020 Election

6.   The following information related to the results of the November 2020 Election in Pima County, AZ:

      a.   Copies of all tabulator poll closing reports and tabulator reports generated by each precinct and polling location, detailing with date and time the number of in person voters, the number of same day voter registrations (if applicable), and the final totals for the precinct

      b.   Copies of any document, report, or spreadsheet that was produced in relation to the November 2020 Election

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., et al., | Case No. 1:21-cv-00445-CJN |
| Plaintiffs/Counter-Defendants, | Judge Carl J. Nichols |
| v. | |
| MY PILLOW, INC., et al., | **Notice of Subpoena** |
| Defendants/Counter-Plaintiffs/<br>Third-Party Plaintiffs, | |
| v. | |
| SMARTMATIC USA CORP., et al., | |
| Third-Party Defendants. | |

PLEASE TAKE NOTICE that Defendants My Pillow, Inc. and Michael Lindell intend to serve a subpoena *duces tecum*, pursuant to Fed. R. Civ. P. 45, upon the Burke County, GA Board of Elections & Registration, 602 North Liberty Street, PO Box 923, Waynesboro, GA 30830. A copy of the subpoena and associated exhibit is attached hereto.

Dated: September 2, 2022

**PARKER DANIELS KIBORT LLC**

By */s/ Andrew D. Parker*
Andrew D. Parker (D.C. Bar No. 63279)
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
Telephone: (612) 355-4100
Facsimile: (612) 355-4101
parker@parkerdk.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| US DOMINION, INC., et al., | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  1:21-CV-00445 (CJN) |
| MY PILLOW, INC., et al., | ) |
| | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Burke County, GA Board of Elections & Registration
602 North Liberty Street
PO Box 923
Waynesboro, GA 30830

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment.

| Place: Office of the Burke County, GA Board of Elections & Registration, 602 North Liberty Street, PO Box 923, Waynesboro, GA 30830. Production by electronic transfer or mail is preferred. | Date and Time: September 30, 2022 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  09/02/2022

*CLERK OF COURT*

OR

_____      /s/ Andrew D. Parker
   *Signature of Clerk or Deputy Clerk*                 *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Defendants My Pillow, Inc., and Michael J. Lindell , who issues or requests this subpoena, are:

Andrew D. Parker, 123 North Third Street, Suite 888, Minneapolis, Minnesota 55401, parker@parkerdk.com, 612-355-4100

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:21-CV-00445 (CJN)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____           _____
                                                    *Server's signature*

                                         _____
                                                    *Printed name and title*

                                         _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Exhibit A

**Definitions**

1. "Adjudication" refers to the process of reviewing a voter's ballot to determine what votes were intended by the voter who cast the ballot.

2. "Ballot marking device" refers to any electronic device used to complete an electronic ballot which is then printed onto paper.

3. "Ballot scanner" refers to an electronic device that provides optical scanning of ballots to produce a digital image of the ballot and/or to read the votes marked on the ballot.

4. "Client" refers to a computer that connects to a computer server.

5. "Controlling computer" refers to a computer connected to another electronic device, that is used to control the behavior of the connected electronic device.

6. "Document" refers to any writing or electronically stored information stored in any medium from which information can be obtained, including drawings, graphs, charts, photographs, sound recordings, video recordings, images, or other data or data compilations, within the meaning of Fed. R. Civ. P. 34(a)(1)(A).

7. "Drive" or "drives" refers to any medium for the storage of electronic or digital data.

8. "EMS" refers to an Election Management System or any set of electronic equipment used to facilitate the counting, tabulation, and reporting of results in a public election.

9. "Electronic election system" refers to all electronic or computerized devices and equipment used to cast ballots, count votes, tabulate votes, or report results in an election.

10. "EnCase" refers to the digital forensic data collection and investigation technology produced by Guidance Software.

11. "Forensic copy" refers to a file-level exact duplication of electronic data.

12. "Forensic image" refers to a bit-by-bit, sector-by-sector direct copy of a physical storage devices containing electronic data, including all files, folders and unallocated, free, and slack space.

13. "ImageCast Central" or "ICC" refers to the electronic system distributed by Dominion Voting with that name.

14. "ImageCast Evolution" or "ICE" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device and tabulator.

1

15. "ImageCast Precinct" or "ICP" refers to the electronic device distributed by Dominion Voting, with that name, that can optically scan and tabulate votes from paper ballots.

16. "ImageCast X" or "ICX" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device.

17. "November 2020 Election" refers to the general election in the United States for which Election Day was November 3, 2020.

18. "Server" refers to a computer server or computer that stores, processes, and manages data for other computers or devices on a computer network.

19. "Storage device" refers to any medium for the storage of electronic or digital data.

20. "Tabulator" refers to any electronic device used to count or tabulate votes from paper ballots.

21. "Workstation" refers to an individual computer, which may or may not be connected to a computer network, used to facilitate one or more specific tasks or processes.

22. "You" and "Your" refer to the recipient of this subpoena.

## Items to Produce

Produce the following documents, communications, and electronic data in Your possession, custody, or control:

1. Forensic images, in EnCase format, of each of the following objects used in connection with the November 2020 Election:

   a. All drives attached to or affiliated with an EMS Server

   b. All drives attached to or affiliated with any workstation used as an EMS Client

   c. All drives attached to or affiliated with any ImageCast Central Workstations

   d. All drives attached to or affiliated with any Adjudication Workstations

   e. All drives attached to or affiliated with the controlling computer for any ballot scanner such as HiPro, Canon, etc.

   f. All drives attached to or affiliated with any device used in conjunction with the election as a communications server or virtual private network server/concentrator

   g. All SD Cards, USB Drives or other storage devices that were inserted into or removed from all tabulators, ballot marking devices or other device that was used for the tabulation of votes

   h. All ImageCast X, ImageCast Precinct, and ImageCast Evolution devices

2

2. The following electronic files:

   a. Forensic copies of all slog.txt files and .dvd files generated from tabulators and ballot marking devices

   b. Forensic copies of all data items related to the November 2020 Election subject to the 22 month voter records retention requirement under U.S. federal law

3. The following information related to electronic election system architecture:

   a. A network diagram including all devices, mac addresses and assigned IP addresses for Your complete electronic election system, including but not limited to the EMS Server, all networked devices on the EMS Server network (routers, switches, communications servers, modems, etc), and all devices attached to the resident network for the voter registration server

   b. For each ballot marking device, ballot scanner, and tabulator, the media access control (MAC) address for each communication device connected to the ballot marking device, ballot scanner, or tabulator at any time between January 1, 2019 and November 30, 2020

   c. Copies of all network logs, PCAPs, netflow data and access control logs from networking devices associated with the EMS

   d. Credentials to permit access through all whole disk or file encryption technologies utilized in any part of Your electronic election system that is produced in response to this subpoena, including but not limited to BitLocker, TrueCrypt, and VeraCrypt technologies

   e. A list of all personnel who had access to the EMS Server or any EMS server-connected computing device for the period January 1, 2019 through November 30, 2020.  Provide the name of the person, the account utilized, the devices accessed and the duration of the access.

4. The following information related to the results of the November 2020 Election:

   a. Copies of all tabulator poll closing reports and tabulator reports generated by each precinct and polling location, detailing with date and time the number of in person voters, the number of same day voter registrations (if applicable), and the final totals for the precinct

   b. Copies of the certified final election results that were used to determine the official outcomes of the election contests

   c. Copies of any document, report, or spreadsheet that was produced in relation to the November 2020 Election

5. All documents related to any indication of any intrusion attempt into Your electronic election system.

6. Copies of all cellular bills and connections supporting Your ballot scanners and ballot marking devices. These records should include the International Mobile Equipment Identity (IEMI) number, Temporary Mobile Subscriber Identity (TMSI) number, originating phone number, destination phone number, date and time of call origination, and call duration.

7. Copies of all contracts and agreements with the suppliers of any of Your electronic election system equipment, devices, software, or support services.

8. Copies of all contracts and agreements related to network security, network monitoring, or cybersecurity concerning all or any part of Your electronic election system.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

US DOMINION, INC., et al.,

      Plaintiffs/Counter-Defendants,

      v.

MY PILLOW, INC., et al.,

      Defendants/Counter-Plaintiffs/
      Third-Party Plaintiffs,

      v.

SMARTMATIC USA CORP., et al.,

      Third-Party Defendants.

Case No. 1:21-cv-00445-CJN
Judge Carl J. Nichols

**Notice of Subpoena**

PLEASE TAKE NOTICE that Defendants My Pillow, Inc. and Michael Lindell intend to serve a subpoena *duces tecum*, pursuant to Fed. R. Civ. P. 45, upon the Calhoun County, MI Clerk, Marshall County Building, 315 W. Green St., Marshall, MI 49068. A copy of the subpoena and associated exhibit is attached hereto.

Dated: September 2, 2022

**PARKER DANIELS KIBORT LLC**

By */s/ Andrew D. Parker*
    Andrew D. Parker (D.C. Bar No. 63279)
    888 Colwell Building
    123 N. Third Street
    Minneapolis, MN 55401
    Telephone: (612) 355-4100
    Facsimile: (612) 355-4101
    parker@parkerdk.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Columbia

| | | |
|---|---|---|
| US DOMINION, INC., et al., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:21-CV-00445 (CJN) |
| MY PILLOW, INC., et al., | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Calhoun County, MI Clerk
Marshall County Building
315 W. Green St.
Marshall, MI 49068

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment.

| Place: Office of the Calhoun County, MI Clerk, Marshall County Building, 315 W. Green St., Marshall, MI 49068. Production by electronic transfer or mail is preferred. | Date and Time: September 30, 2022 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/02/2022

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

/s/ Andrew D. Parker
_____
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants My Pillow, Inc., and Michael J. Lindell , who issues or requests this subpoena, are:

Andrew D. Parker, 123 North Third Street, Suite 888, Minneapolis, Minnesota 55401, parker@parkerdk.com, 612-355-4100

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.    1:21-CV-00445 (CJN)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                        *Server's signature*

                                                        _____
                                                        *Printed name and title*

                                                        _____
                                                        *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit A**

**Definitions**

1. "Adjudication" refers to the process of reviewing a voter's ballot to determine what votes were intended by the voter who cast the ballot.

2. "Ballot marking device" refers to any electronic device used to complete an electronic ballot which is then printed onto paper.

3. "Ballot scanner" refers to an electronic device that provides optical scanning of ballots to produce a digital image of the ballot and/or to read the votes marked on the ballot.

4. "Client" refers to a computer that connects to a computer server.

5. "Controlling computer" refers to a computer connected to another electronic device, that is used to control the behavior of the connected electronic device.

6. "Document" refers to any writing or electronically stored information stored in any medium from which information can be obtained, including drawings, graphs, charts, photographs, sound recordings, video recordings, images, or other data or data compilations, within the meaning of Fed. R. Civ. P. 34(a)(1)(A).

7. "Drive" or "drives" refers to any medium for the storage of electronic or digital data.

8. "EMS" refers to an Election Management System or any set of electronic equipment used to facilitate the counting, tabulation, and reporting of results in a public election.

9. "Electronic election system" refers to all electronic or computerized devices and equipment used to cast ballots, count votes, tabulate votes, or report results in an election.

10. "EnCase" refers to the digital forensic data collection and investigation technology produced by Guidance Software.

11. "Forensic copy" refers to a file-level exact duplication of electronic data.

12. "Forensic image" refers to a bit-by-bit, sector-by-sector direct copy of a physical storage devices containing electronic data, including all files, folders and unallocated, free, and slack space.

13. "ImageCast Central" or "ICC" refers to the electronic system distributed by Dominion Voting with that name.

14. "ImageCast Evolution" or "ICE" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device and tabulator.

1

15. "ImageCast Precinct" or "ICP" refers to the electronic device distributed by Dominion Voting, with that name, that can optically scan and tabulate votes from paper ballots.

16. "ImageCast X" or "ICX" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device.

17. "November 2020 Election" refers to the general election in the United States for which Election Day was November 3, 2020.

18. "Server" refers to a computer server or computer that stores, processes, and manages data for other computers or devices on a computer network.

19. "Storage device" refers to any medium for the storage of electronic or digital data.

20. "Tabulator" refers to any electronic device used to count or tabulate votes from paper ballots.

21. "Workstation" refers to an individual computer, which may or may not be connected to a computer network, used to facilitate one or more specific tasks or processes.

22. "You" and "Your" refer to the recipient of this subpoena.

**Items to Produce**

Produce the following documents, communications, and electronic data in Your possession, custody, or control:

1. Forensic images, in EnCase format, of each of the following objects used in connection with the November 2020 Election:

   a. All drives attached to or affiliated with an EMS Server

   b. All drives attached to or affiliated with any workstation used as an EMS Client

   c. All drives attached to or affiliated with any ImageCast Central Workstations

   d. All drives attached to or affiliated with any Adjudication Workstations

   e. All drives attached to or affiliated with the controlling computer for any ballot scanner such as HiPro, Canon, etc.

   f. All drives attached to or affiliated with any device used in conjunction with the election as a communications server or virtual private network server/concentrator

   g. All SD Cards, USB Drives or other storage devices that were inserted into or removed from all tabulators, ballot marking devices or other device that was used for the tabulation of votes

   h. All ImageCast X, ImageCast Precinct, and ImageCast Evolution devices

2. The following electronic files:

    a. Forensic copies of all slog.txt files and .dvd files generated from tabulators and ballot marking devices

    b. Forensic copies of all data items related to the November 2020 Election subject to the 22 month voter records retention requirement under U.S. federal law

3. The following information related to electronic election system architecture:

    a. A network diagram including all devices, mac addresses and assigned IP addresses for Your complete electronic election system, including but not limited to the EMS Server, all networked devices on the EMS Server network (routers, switches, communications servers, modems, etc), and all devices attached to the resident network for the voter registration server

    b. For each ballot marking device, ballot scanner, and tabulator, the media access control (MAC) address for each communication device connected to the ballot marking device, ballot scanner, or tabulator at any time between January 1, 2019 and November 30, 2020

    c. Copies of all network logs, PCAPs, netflow data and access control logs from networking devices associated with the EMS

    d. Credentials to permit access through all whole disk or file encryption technologies utilized in any part of Your electronic election system that is produced in response to this subpoena, including but not limited to BitLocker, TrueCrypt, and VeraCrypt technologies

    e. A list of all personnel who had access to the EMS Server or any EMS server-connected computing device for the period January 1, 2019 through November 30, 2020.  Provide the name of the person, the account utilized, the devices accessed and the duration of the access.

4. The following information related to the results of the November 2020 Election:

    a. Copies of all tabulator poll closing reports and tabulator reports generated by each precinct and polling location, detailing with date and time the number of in person voters, the number of same day voter registrations (if applicable), and the final totals for the precinct

    b. Copies of the certified final election results that were used to determine the official outcomes of the election contests

    c. Copies of any document, report, or spreadsheet that was produced in relation to the November 2020 Election

5. All documents related to any indication of any intrusion attempt into Your electronic election system.

6. Copies of all cellular bills and connections supporting Your ballot scanners and ballot marking devices. These records should include the International Mobile Equipment Identity (IEMI) number, Temporary Mobile Subscriber Identity (TMSI) number, originating phone number, destination phone number, date and time of call origination, and call duration.

7. Copies of all contracts and agreements with the suppliers of any of Your electronic election system equipment, devices, software, or support services.

8. Copies of all contracts and agreements related to network security, network monitoring, or cybersecurity concerning all or any part of Your electronic election system.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., et al., | Case No. 1:21-cv-00445-CJN |
| Plaintiffs/Counter-Defendants, | Judge Carl J. Nichols |
| v. | |
| MY PILLOW, INC., et al., | **Notice of Subpoena** |
| Defendants/Counter-Plaintiffs/<br>Third-Party Plaintiffs, | |
| v. | |
| SMARTMATIC USA CORP., et al., | |
| Third-Party Defendants. | |

PLEASE TAKE NOTICE that Defendants My Pillow, Inc. and Michael Lindell intend to serve a subpoena *duces tecum*, pursuant to Fed. R. Civ. P. 45, upon the Crow Wing County, MN Elections & Voting, Historic Courthouse, 326 Laurel Street – Suite 22, Brainerd, MN 56401. A copy of the subpoena and associated exhibit is attached hereto.

Dated: September 2, 2022    **PARKER DANIELS KIBORT LLC**

        By */s/ Andrew D. Parker*
         Andrew D. Parker (D.C. Bar No. 63279)
         888 Colwell Building
         123 N. Third Street
         Minneapolis, MN 55401
         Telephone: (612) 355-4100
         Facsimile: (612) 355-4101
         parker@parkerdk.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Columbia

| | | |
|---|---|---|
| US DOMINION, INC., et al., | ) | |
| *Plaintiff* | ) | Civil Action No. 1:21-CV-00445 (CJN) |
| v. | ) | |
| MY PILLOW, INC., et al., | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Crow Wing County, MN Elections & Voting
Historic Courthouse
326 Laurel Street - Suite 22
Brainerd, MN 56401

*(Name of person to whom this subpoena is directed)*

✓ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment.

| Place: Office of the Crow Wing County, MN Elections & Voting, Historic Courthouse, 326 Laurel Street – Suite 22, Brainerd, MN 56401. Production by electronic transfer or mail is preferred. | Date and Time: September 30, 2022 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/02/2022

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| | | /s/ Andrew D. Parker |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants My Pillow, Inc., and Michael J. Lindell , who issues or requests this subpoena, are:

Andrew D. Parker, 123 North Third Street, Suite 888, Minneapolis, Minnesota 55401, parker@parkerdk.com, 612-355-4100

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:21-CV-00445 (CJN)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit A**

**Definitions**

1. "Adjudication" refers to the process of reviewing a voter's ballot to determine what votes were intended by the voter who cast the ballot.

2. "Ballot marking device" refers to any electronic device used to complete an electronic ballot which is then printed onto paper.

3. "Ballot scanner" refers to an electronic device that provides optical scanning of ballots to produce a digital image of the ballot and/or to read the votes marked on the ballot.

4. "Client" refers to a computer that connects to a computer server.

5. "Controlling computer" refers to a computer connected to another electronic device, that is used to control the behavior of the connected electronic device.

6. "Document" refers to any writing or electronically stored information stored in any medium from which information can be obtained, including drawings, graphs, charts, photographs, sound recordings, video recordings, images, or other data or data compilations, within the meaning of Fed. R. Civ. P. 34(a)(1)(A).

7. "Drive" or "drives" refers to any medium for the storage of electronic or digital data.

8. "EMS" refers to an Election Management System or any set of electronic equipment used to facilitate the counting, tabulation, and reporting of results in a public election.

9. "Electronic election system" refers to all electronic or computerized devices and equipment used to cast ballots, count votes, tabulate votes, or report results in an election.

10. "EnCase" refers to the digital forensic data collection and investigation technology produced by Guidance Software.

11. "Forensic copy" refers to a file-level exact duplication of electronic data.

12. "Forensic image" refers to a bit-by-bit, sector-by-sector direct copy of a physical storage devices containing electronic data, including all files, folders and unallocated, free, and slack space.

13. "ImageCast Central" or "ICC" refers to the electronic system distributed by Dominion Voting with that name.

14. "ImageCast Evolution" or "ICE" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device and tabulator.

1

15. "ImageCast Precinct" or "ICP" refers to the electronic device distributed by Dominion Voting, with that name, that can optically scan and tabulate votes from paper ballots.

16. "ImageCast X" or "ICX" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device.

17. "November 2020 Election" refers to the general election in the United States for which Election Day was November 3, 2020.

18. "Server" refers to a computer server or computer that stores, processes, and manages data for other computers or devices on a computer network.

19. "Storage device" refers to any medium for the storage of electronic or digital data.

20. "Tabulator" refers to any electronic device used to count or tabulate votes from paper ballots.

21. "Workstation" refers to an individual computer, which may or may not be connected to a computer network, used to facilitate one or more specific tasks or processes.

22. "You" and "Your" refer to the recipient of this subpoena.

## Items to Produce

Produce the following documents, communications, and electronic data in Your possession, custody, or control:

1. Forensic images, in EnCase format, of each of the following objects used in connection with the November 2020 Election:

    a. All drives attached to or affiliated with an EMS Server

    b. All drives attached to or affiliated with any workstation used as an EMS Client

    c. All drives attached to or affiliated with any ImageCast Central Workstations

    d. All drives attached to or affiliated with any Adjudication Workstations

    e. All drives attached to or affiliated with the controlling computer for any ballot scanner such as HiPro, Canon, etc.

    f. All drives attached to or affiliated with any device used in conjunction with the election as a communications server or virtual private network server/concentrator

    g. All SD Cards, USB Drives or other storage devices that were inserted into or removed from all tabulators, ballot marking devices or other device that was used for the tabulation of votes

    h. All ImageCast X, ImageCast Precinct, and ImageCast Evolution devices

2.  The following electronic files:

  a.  Forensic copies of all slog.txt files and .dvd files generated from tabulators and ballot marking devices

  b.  Forensic copies of all data items related to the November 2020 Election subject to the 22 month voter records retention requirement under U.S. federal law

3.  The following information related to electronic election system architecture:

  a.  A network diagram including all devices, mac addresses and assigned IP addresses for Your complete electronic election system, including but not limited to the EMS Server, all networked devices on the EMS Server network (routers, switches, communications servers, modems, etc), and all devices attached to the resident network for the voter registration server

  b.  For each ballot marking device, ballot scanner, and tabulator, the media access control (MAC) address for each communication device connected to the ballot marking device, ballot scanner, or tabulator at any time between January 1, 2019 and November 30, 2020

  c.  Copies of all network logs, PCAPs, netflow data and access control logs from networking devices associated with the EMS

  d.  Credentials to permit access through all whole disk or file encryption technologies utilized in any part of Your electronic election system that is produced in response to this subpoena, including but not limited to BitLocker, TrueCrypt, and VeraCrypt technologies

  e.  A list of all personnel who had access to the EMS Server or any EMS server-connected computing device for the period January 1, 2019 through November 30, 2020.  Provide the name of the person, the account utilized, the devices accessed and the duration of the access.

4.  The following information related to the results of the November 2020 Election:

  a.  Copies of all tabulator poll closing reports and tabulator reports generated by each precinct and polling location, detailing with date and time the number of in person voters, the number of same day voter registrations (if applicable), and the final totals for the precinct

  b.  Copies of the certified final election results that were used to determine the official outcomes of the election contests

  c.  Copies of any document, report, or spreadsheet that was produced in relation to the November 2020 Election

5.   All documents related to any indication of any intrusion attempt into Your electronic election system.

6.   Copies of all cellular bills and connections supporting Your ballot scanners and ballot marking devices.  These records should include the International Mobile Equipment Identity (IEMI) number, Temporary Mobile Subscriber Identity (TMSI) number, originating phone number, destination phone number, date and time of call origination, and call duration.

7.   Copies of all contracts and agreements with the suppliers of any of Your electronic election system equipment, devices, software, or support services.

8.   Copies of all contracts and agreements related to network security, network monitoring, or cybersecurity concerning all or any part of Your electronic election system.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| US DOMINION, INC., et al., | Case No. 1:21-cv-00445-CJN |
| Plaintiffs/Counter-Defendants, | Judge Carl J. Nichols |
| v. | |
| MY PILLOW, INC., et al., | **Notice of Subpoena** |
| Defendants/Counter-Plaintiffs/<br>Third-Party Plaintiffs, | |
| v. | |
| SMARTMATIC USA CORP., et al., | |
| Third-Party Defendants. | |

PLEASE TAKE NOTICE that Defendants My Pillow, Inc. and Michael Lindell intend to serve a subpoena *duces tecum*, pursuant to Fed. R. Civ. P. 45, upon the El Paso County, CO Clerk and Recorder, 1675 W. Garden of the Gods Road, Suite 2201, Colorado Springs, CO 80907. A copy of the subpoena and associated exhibit is attached hereto.

Dated: September 2, 2022

**PARKER DANIELS KIBORT LLC**

By */s/ Andrew D. Parker*
   Andrew D. Parker (D.C. Bar No. 63279)
   888 Colwell Building
   123 N. Third Street
   Minneapolis, MN 55401
   Telephone: (612) 355-4100
   Facsimile: (612) 355-4101
   parker@parkerdk.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Columbia

| | |
|---|---|
| US DOMINION, INC., et al., | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:21-CV-00445 (CJN) |
| MY PILLOW, INC., et al., | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

El Paso County Clerk and Recorder
To: 1675 W. Garden of the Gods Road, Suite 2201
Colorado Springs, CO 80907

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment.

| Place: Office of the El Paso County Clerk and Recorder, 1675 W. Garden of the Gods Road, Suite 2201, Colorado Springs, CO 80907. Production by electronic transfer or mail is preferred. | Date and Time: September 30, 2022 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/02/2022

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | /s/ Andrew D. Parker |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Defendants** My Pillow, Inc., and Michael J. Lindell , who issues or requests this subpoena, are:

Andrew D. Parker, 123 North Third Street, Suite 888, Minneapolis, Minnesota 55401, parker@parkerdk.com, 612-355-4100

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:21-CV-00445 (CJN)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                        *Server's signature*

                               _____
                                        *Printed name and title*

                               _____
                                        *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c)  Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit A

**Definitions**

1. "Adjudication" refers to the process of reviewing a voter's ballot to determine what votes were intended by the voter who cast the ballot.

2. "Ballot marking device" refers to any electronic device used to complete an electronic ballot which is then printed onto paper.

3. "Ballot scanner" refers to an electronic device that provides optical scanning of ballots to produce a digital image of the ballot and/or to read the votes marked on the ballot.

4. "Client" refers to a computer that connects to a computer server.

5. "Controlling computer" refers to a computer connected to another electronic device, that is used to control the behavior of the connected electronic device.

6. "Document" refers to any writing or electronically stored information stored in any medium from which information can be obtained, including drawings, graphs, charts, photographs, sound recordings, video recordings, images, or other data or data compilations, within the meaning of Fed. R. Civ. P. 34(a)(1)(A).

7. "Drive" or "drives" refers to any medium for the storage of electronic or digital data.

8. "EMS" refers to an Election Management System or any set of electronic equipment used to facilitate the counting, tabulation, and reporting of results in a public election.

9. "Electronic election system" refers to all electronic or computerized devices and equipment used to cast ballots, count votes, tabulate votes, or report results in an election.

10. "EnCase" refers to the digital forensic data collection and investigation technology produced by Guidance Software.

11. "Forensic copy" refers to a file-level exact duplication of electronic data.

12. "Forensic image" refers to a bit-by-bit, sector-by-sector direct copy of a physical storage devices containing electronic data, including all files, folders and unallocated, free, and slack space.

13. "ImageCast Central" or "ICC" refers to the electronic system distributed by Dominion Voting with that name.

14. "ImageCast Evolution" or "ICE" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device and tabulator.

15. "ImageCast Precinct" or "ICP" refers to the electronic device distributed by Dominion Voting, with that name, that can optically scan and tabulate votes from paper ballots.

16. "ImageCast X" or "ICX" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device.

17. "November 2020 Election" refers to the general election in the United States for which Election Day was November 3, 2020.

18. "Server" refers to a computer server or computer that stores, processes, and manages data for other computers or devices on a computer network.

19. "Storage device" refers to any medium for the storage of electronic or digital data.

20. "Tabulator" refers to any electronic device used to count or tabulate votes from paper ballots.

21. "Workstation" refers to an individual computer, which may or may not be connected to a computer network, used to facilitate one or more specific tasks or processes.

22. "You" and "Your" refer to the recipient of this subpoena.

## Items to Produce

Produce the following documents, communications, and electronic data in Your possession, custody, or control:

1. Forensic images, in EnCase format, of each of the following objects used in connection with the November 2020 Election:

   a. All drives attached to or affiliated with an EMS Server

   b. All drives attached to or affiliated with any workstation used as an EMS Client

   c. All drives attached to or affiliated with any ImageCast Central Workstations

   d. All drives attached to or affiliated with any Adjudication Workstations

   e. All drives attached to or affiliated with the controlling computer for any ballot scanner such as HiPro, Canon, etc.

   f. All drives attached to or affiliated with any device used in conjunction with the election as a communications server or virtual private network server/concentrator

   g. All SD Cards, USB Drives or other storage devices that were inserted into or removed from all tabulators, ballot marking devices or other device that was used for the tabulation of votes

   h. All ImageCast X, ImageCast Precinct, and ImageCast Evolution devices

2.  The following electronic files:

    a.  Forensic copies of all slog.txt files and .dvd files generated from tabulators and ballot marking devices

    b.  Forensic copies of all data items related to the November 2020 Election subject to the 22 month voter records retention requirement under U.S. federal law

3.  The following information related to electronic election system architecture:

    a.  A network diagram including all devices, mac addresses and assigned IP addresses for Your complete electronic election system, including but not limited to the EMS Server, all networked devices on the EMS Server network (routers, switches, communications servers, modems, etc), and all devices attached to the resident network for the voter registration server

    b.  For each ballot marking device, ballot scanner, and tabulator, the media access control (MAC) address for each communication device connected to the ballot marking device, ballot scanner, or tabulator at any time between January 1, 2019 and November 30, 2020

    c.  Copies of all network logs, PCAPs, netflow data and access control logs from networking devices associated with the EMS

    d.  Credentials to permit access through all whole disk or file encryption technologies utilized in any part of Your electronic election system that is produced in response to this subpoena, including but not limited to BitLocker, TrueCrypt, and VeraCrypt technologies

    e.  A list of all personnel who had access to the EMS Server or any EMS server-connected computing device for the period January 1, 2019 through November 30, 2020.  Provide the name of the person, the account utilized, the devices accessed and the duration of the access.

4.  The following information related to the results of the November 2020 Election:

    a.  Copies of all tabulator poll closing reports and tabulator reports generated by each precinct and polling location, detailing with date and time the number of in person voters, the number of same day voter registrations (if applicable), and the final totals for the precinct

    b.  Copies of the certified final election results that were used to determine the official outcomes of the election contests

    c.  Copies of any document, report, or spreadsheet that was produced in relation to the November 2020 Election

3

5.  All documents related to any indication of any intrusion attempt into Your electronic election system.

6.  Copies of all cellular bills and connections supporting Your ballot scanners and ballot marking devices.  These records should include the International Mobile Equipment Identity (IEMI) number, Temporary Mobile Subscriber Identity (TMSI) number, originating phone number, destination phone number, date and time of call origination, and call duration.

7.  Copies of all contracts and agreements with the suppliers of any of Your electronic election system equipment, devices, software, or support services.

8.  Copies of all contracts and agreements related to network security, network monitoring, or cybersecurity concerning all or any part of Your electronic election system.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., et al., | Case No. 1:21-cv-00445-CJN |
| Plaintiffs/Counter-Defendants, | Judge Carl J. Nichols |
| v. | |
| MY PILLOW, INC., et al., | **Notice of Subpoena** |
| Defendants/Counter-Plaintiffs/ Third-Party Plaintiffs, | |
| v. | |
| SMARTMATIC USA CORP., et al., | |
| Third-Party Defendants. | |

PLEASE TAKE NOTICE that Defendants My Pillow, Inc. and Michael Lindell intend to serve a subpoena *duces tecum*, pursuant to Fed. R. Civ. P. 45, upon the Erie County, PA Elections Department, Erie County Courthouse, 140 West Sixth Street, Room 112, Erie, PA 16501. A copy of the subpoena and associated exhibit is attached hereto.

Dated: September 2, 2022        **PARKER DANIELS KIBORT LLC**

By */s/ Andrew D. Parker*
     Andrew D. Parker (D.C. Bar No. 63279)
     888 Colwell Building
     123 N. Third Street
     Minneapolis, MN 55401
     Telephone: (612) 355-4100
     Facsimile: (612) 355-4101
     parker@parkerdk.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Columbia

| | |
|---|---|
| US DOMINION, INC., et al., | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 1:21-CV-00445 (CJN) |
| MY PILLOW, INC., et al., | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

Erie County, PA Elections Department

To: Erie County Courthouse

140 West Sixth Street, Room 114, Erie, PA 16501

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment.

| | |
|---|---|
| Place: Office of the Erie County, PA Elections Department, Erie County Courthouse, 140 West Sixth Street, Room 112, Erie, PA 16501. Production by electronic transfer or mail is preferred. | Date and Time: September 30, 2022 |

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/02/2022

| _CLERK OF COURT_ | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Andrew D. Parker |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ Defendants My Pillow, Inc., and Michael J. Lindell , who issues or requests this subpoena, are:

Andrew D. Parker, 123 North Third Street, Suite 888, Minneapolis, Minnesota 55401, parker@parkerdk.com, 612-355-4100

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:21-CV-00445 (CJN)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit A**

**Definitions**

1. "Adjudication" refers to the process of reviewing a voter's ballot to determine what votes were intended by the voter who cast the ballot.

2. "Ballot marking device" refers to any electronic device used to complete an electronic ballot which is then printed onto paper.

3. "Ballot scanner" refers to an electronic device that provides optical scanning of ballots to produce a digital image of the ballot and/or to read the votes marked on the ballot.

4. "Client" refers to a computer that connects to a computer server.

5. "Controlling computer" refers to a computer connected to another electronic device, that is used to control the behavior of the connected electronic device.

6. "Document" refers to any writing or electronically stored information stored in any medium from which information can be obtained, including drawings, graphs, charts, photographs, sound recordings, video recordings, images, or other data or data compilations, within the meaning of Fed. R. Civ. P. 34(a)(1)(A).

7. "Drive" or "drives" refers to any medium for the storage of electronic or digital data.

8. "EMS" refers to an Election Management System or any set of electronic equipment used to facilitate the counting, tabulation, and reporting of results in a public election.

9. "Electronic election system" refers to all electronic or computerized devices and equipment used to cast ballots, count votes, tabulate votes, or report results in an election.

10. "EnCase" refers to the digital forensic data collection and investigation technology produced by Guidance Software.

11. "Forensic copy" refers to a file-level exact duplication of electronic data.

12. "Forensic image" refers to a bit-by-bit, sector-by-sector direct copy of a physical storage devices containing electronic data, including all files, folders and unallocated, free, and slack space.

13. "ImageCast Central" or "ICC" refers to the electronic system distributed by Dominion Voting with that name.

14. "ImageCast Evolution" or "ICE" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device and tabulator.

15. "ImageCast Precinct" or "ICP" refers to the electronic device distributed by Dominion Voting, with that name, that can optically scan and tabulate votes from paper ballots.

16. "ImageCast X" or "ICX" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device.

17. "November 2020 Election" refers to the general election in the United States for which Election Day was November 3, 2020.

18. "Server" refers to a computer server or computer that stores, processes, and manages data for other computers or devices on a computer network.

19. "Storage device" refers to any medium for the storage of electronic or digital data.

20. "Tabulator" refers to any electronic device used to count or tabulate votes from paper ballots.

21. "Workstation" refers to an individual computer, which may or may not be connected to a computer network, used to facilitate one or more specific tasks or processes.

22. "You" and "Your" refer to the recipient of this subpoena.

## Items to Produce

Produce the following documents, communications, and electronic data in Your possession, custody, or control:

1. Forensic images, in EnCase format, of each of the following objects used in connection with the November 2020 Election:

    a. All drives attached to or affiliated with an EMS Server

    b. All drives attached to or affiliated with any workstation used as an EMS Client

    c. All drives attached to or affiliated with any ImageCast Central Workstations

    d. All drives attached to or affiliated with any Adjudication Workstations

    e. All drives attached to or affiliated with the controlling computer for any ballot scanner such as HiPro, Canon, etc.

    f. All drives attached to or affiliated with any device used in conjunction with the election as a communications server or virtual private network server/concentrator

    g. All SD Cards, USB Drives or other storage devices that were inserted into or removed from all tabulators, ballot marking devices or other device that was used for the tabulation of votes

    h. All ImageCast X, ImageCast Precinct, and ImageCast Evolution devices

2

2. The following electronic files:

    a. Forensic copies of all slog.txt files and .dvd files generated from tabulators and ballot marking devices

    b. Forensic copies of all data items related to the November 2020 Election subject to the 22 month voter records retention requirement under U.S. federal law

3. The following information related to electronic election system architecture:

    a. A network diagram including all devices, mac addresses and assigned IP addresses for Your complete electronic election system, including but not limited to the EMS Server, all networked devices on the EMS Server network (routers, switches, communications servers, modems, etc), and all devices attached to the resident network for the voter registration server

    b. For each ballot marking device, ballot scanner, and tabulator, the media access control (MAC) address for each communication device connected to the ballot marking device, ballot scanner, or tabulator at any time between January 1, 2019 and November 30, 2020

    c. Copies of all network logs, PCAPs, netflow data and access control logs from networking devices associated with the EMS

    d. Credentials to permit access through all whole disk or file encryption technologies utilized in any part of Your electronic election system that is produced in response to this subpoena, including but not limited to BitLocker, TrueCrypt, and VeraCrypt technologies

    e. A list of all personnel who had access to the EMS Server or any EMS server-connected computing device for the period January 1, 2019 through November 30, 2020. Provide the name of the person, the account utilized, the devices accessed and the duration of the access.

4. The following information related to the results of the November 2020 Election:

    a. Copies of all tabulator poll closing reports and tabulator reports generated by each precinct and polling location, detailing with date and time the number of in person voters, the number of same day voter registrations (if applicable), and the final totals for the precinct

    b. Copies of the certified final election results that were used to determine the official outcomes of the election contests

    c. Copies of any document, report, or spreadsheet that was produced in relation to the November 2020 Election

5. All documents related to any indication of any intrusion attempt into Your electronic election system.

6. Copies of all cellular bills and connections supporting Your ballot scanners and ballot marking devices. These records should include the International Mobile Equipment Identity (IEMI) number, Temporary Mobile Subscriber Identity (TMSI) number, originating phone number, destination phone number, date and time of call origination, and call duration.

7. Copies of all contracts and agreements with the suppliers of any of Your electronic election system equipment, devices, software, or support services.

8. Copies of all contracts and agreements related to network security, network monitoring, or cybersecurity concerning all or any part of Your electronic election system.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., et al., | Case No. 1:21-cv-00445-CJN |
| Plaintiffs/Counter-Defendants, | Judge Carl J. Nichols |
| v. | |
| MY PILLOW, INC., et al., | **Notice of Subpoena** |
| Defendants/Counter-Plaintiffs/<br>Third-Party Plaintiffs, | |
| v. | |
| SMARTMATIC USA CORP., et al., | |
| Third-Party Defendants. | |

PLEASE TAKE NOTICE that Defendants My Pillow, Inc. and Michael Lindell intend to serve a subpoena *duces tecum*, pursuant to Fed. R. Civ. P. 45, upon the Fayette County, GA Elections & Voter Registration Department, 140 Stonewall Avenue West, Suite 208, Fayetteville, GA 30214. A copy of the subpoena and associated exhibit is attached hereto.

Dated: September 2, 2022

**PARKER DANIELS KIBORT LLC**

By */s/ Andrew D. Parker*
Andrew D. Parker (D.C. Bar No. 63279)
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
Telephone: (612) 355-4100
Facsimile: (612) 355-4101
parker@parkerdk.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Columbia

| | | |
|---|---|---|
| US DOMINION, INC., et al., | ) | |
| *Plaintiff* | ) | Civil Action No. 1:21-CV-00445 (CJN) |
| v. | ) | |
| MY PILLOW, INC., et al., | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                 Fayette County, GA Elections & Voter Registration Department
                    140 Stone Wall Avenue West, Suite 208, Fayetteville, GA 30214

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment.

| Place: Office of the Fayette County, GA Elections & Voter Registration Department, 140 Stonewall Avenue West, Suite 208, Fayetteville, GA 30214. Production by electronic transfer or mail is preferred. | Date and Time: September 30, 2022 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      09/02/2022

                    *CLERK OF COURT*
                                                    OR

| | /s/ Andrew D. Parker |
|---|---|
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*      Defendants
My Pillow, Inc., and Michael J. Lindell                                        , who issues or requests this subpoena, are:

Andrew D. Parker, 123 North Third Street, Suite 888, Minneapolis, Minnesota 55401, parker@parkerdk.com, 612-355-4100

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:21-CV-00445 (CJN)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit A**

**Definitions**

1. "Adjudication" refers to the process of reviewing a voter's ballot to determine what votes were intended by the voter who cast the ballot.

2. "Ballot marking device" refers to any electronic device used to complete an electronic ballot which is then printed onto paper.

3. "Ballot scanner" refers to an electronic device that provides optical scanning of ballots to produce a digital image of the ballot and/or to read the votes marked on the ballot.

4. "Client" refers to a computer that connects to a computer server.

5. "Controlling computer" refers to a computer connected to another electronic device, that is used to control the behavior of the connected electronic device.

6. "Document" refers to any writing or electronically stored information stored in any medium from which information can be obtained, including drawings, graphs, charts, photographs, sound recordings, video recordings, images, or other data or data compilations, within the meaning of Fed. R. Civ. P. 34(a)(1)(A).

7. "Drive" or "drives" refers to any medium for the storage of electronic or digital data.

8. "EMS" refers to an Election Management System or any set of electronic equipment used to facilitate the counting, tabulation, and reporting of results in a public election.

9. "Electronic election system" refers to all electronic or computerized devices and equipment used to cast ballots, count votes, tabulate votes, or report results in an election.

10. "EnCase" refers to the digital forensic data collection and investigation technology produced by Guidance Software.

11. "Forensic copy" refers to a file-level exact duplication of electronic data.

12. "Forensic image" refers to a bit-by-bit, sector-by-sector direct copy of a physical storage devices containing electronic data, including all files, folders and unallocated, free, and slack space.

13. "ImageCast Central" or "ICC" refers to the electronic system distributed by Dominion Voting with that name.

14. "ImageCast Evolution" or "ICE" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device and tabulator.

1

15. "ImageCast Precinct" or "ICP" refers to the electronic device distributed by Dominion Voting, with that name, that can optically scan and tabulate votes from paper ballots.

16. "ImageCast X" or "ICX" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device.

17. "November 2020 Election" refers to the general election in the United States for which Election Day was November 3, 2020.

18. "Server" refers to a computer server or computer that stores, processes, and manages data for other computers or devices on a computer network.

19. "Storage device" refers to any medium for the storage of electronic or digital data.

20. "Tabulator" refers to any electronic device used to count or tabulate votes from paper ballots.

21. "Workstation" refers to an individual computer, which may or may not be connected to a computer network, used to facilitate one or more specific tasks or processes.

22. "You" and "Your" refer to the recipient of this subpoena.

## Items to Produce

Produce the following documents, communications, and electronic data in Your possession, custody, or control:

1. Forensic images, in EnCase format, of each of the following objects used in connection with the November 2020 Election:

   a. All drives attached to or affiliated with an EMS Server

   b. All drives attached to or affiliated with any workstation used as an EMS Client

   c. All drives attached to or affiliated with any ImageCast Central Workstations

   d. All drives attached to or affiliated with any Adjudication Workstations

   e. All drives attached to or affiliated with the controlling computer for any ballot scanner such as HiPro, Canon, etc.

   f. All drives attached to or affiliated with any device used in conjunction with the election as a communications server or virtual private network server/concentrator

   g. All SD Cards, USB Drives or other storage devices that were inserted into or removed from all tabulators, ballot marking devices or other device that was used for the tabulation of votes

   h. All ImageCast X, ImageCast Precinct, and ImageCast Evolution devices

2. The following electronic files:

   a. Forensic copies of all slog.txt files and .dvd files generated from tabulators and ballot marking devices

   b. Forensic copies of all data items related to the November 2020 Election subject to the 22 month voter records retention requirement under U.S. federal law

3. The following information related to electronic election system architecture:

   a. A network diagram including all devices, mac addresses and assigned IP addresses for Your complete electronic election system, including but not limited to the EMS Server, all networked devices on the EMS Server network (routers, switches, communications servers, modems, etc), and all devices attached to the resident network for the voter registration server

   b. For each ballot marking device, ballot scanner, and tabulator, the media access control (MAC) address for each communication device connected to the ballot marking device, ballot scanner, or tabulator at any time between January 1, 2019 and November 30, 2020

   c. Copies of all network logs, PCAPs, netflow data and access control logs from networking devices associated with the EMS

   d. Credentials to permit access through all whole disk or file encryption technologies utilized in any part of Your electronic election system that is produced in response to this subpoena, including but not limited to BitLocker, TrueCrypt, and VeraCrypt technologies

   e. A list of all personnel who had access to the EMS Server or any EMS server-connected computing device for the period January 1, 2019 through November 30, 2020.  Provide the name of the person, the account utilized, the devices accessed and the duration of the access.

4. The following information related to the results of the November 2020 Election:

   a. Copies of all tabulator poll closing reports and tabulator reports generated by each precinct and polling location, detailing with date and time the number of in person voters, the number of same day voter registrations (if applicable), and the final totals for the precinct

   b. Copies of the certified final election results that were used to determine the official outcomes of the election contests

   c. Copies of any document, report, or spreadsheet that was produced in relation to the November 2020 Election

3

5. All documents related to any indication of any intrusion attempt into Your electronic election system.

6. Copies of all cellular bills and connections supporting Your ballot scanners and ballot marking devices. These records should include the International Mobile Equipment Identity (IEMI) number, Temporary Mobile Subscriber Identity (TMSI) number, originating phone number, destination phone number, date and time of call origination, and call duration.

7. Copies of all contracts and agreements with the suppliers of any of Your electronic election system equipment, devices, software, or support services.

8. Copies of all contracts and agreements related to network security, network monitoring, or cybersecurity concerning all or any part of Your electronic election system.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., et al., | Case No. 1:21-cv-00445-CJN |
| Plaintiffs/Counter-Defendants, | Judge Carl J. Nichols |
| v. | |
| MY PILLOW, INC., et al., | **Notice of Subpoena** |
| Defendants/Counter-Plaintiffs/ Third-Party Plaintiffs, | |
| v. | |
| SMARTMATIC USA CORP., et al., | |
| Third-Party Defendants. | |

PLEASE TAKE NOTICE that Defendants My Pillow, Inc. and Michael Lindell intend to serve a subpoena *duces tecum*, pursuant to Fed. R. Civ. P. 45, upon the Fond du Lac County, WI Clerk, 160 S. Macy Street – 1st Floor, Fond du Lac, WI 54936-1557. A copy of the subpoena and associated exhibit is attached hereto.

Dated: September 2, 2022

**PARKER DANIELS KIBORT LLC**

By */s/ Andrew D. Parker*
    Andrew D. Parker (D.C. Bar No. 63279)
    888 Colwell Building
    123 N. Third Street
    Minneapolis, MN 55401
    Telephone: (612) 355-4100
    Facsimile: (612) 355-4101
    parker@parkerdk.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

District of Columbia

| | |
|---|---|
| US DOMINION, INC., et al., | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:21-CV-00445 (CJN) |
| MY PILLOW, INC., et al., | ) |
| | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
                      Fond du Lac, WI Clerk
                      160 S. Macy Street - 1st Floor
                      Fond du Lac, WI 54936-1557

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment.

| | |
|---|---|
| Place: Office of the Fond du Lac County, WI Clerk, 160 S. Macy Street – 1st Floor, Fond du Lac, WI 54936-1557. Production by electronic transfer or mail is preferred. | Date and Time: September 30, 2022 |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    09/02/2022

                    *CLERK OF COURT*
                                                    OR

                                                        /s/ Andrew D. Parker
_____          _____
    *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Defendants
My Pillow, Inc., and Michael J. Lindell _____ , who issues or requests this subpoena, are:

Andrew D. Parker, 123 North Third Street, Suite 888, Minneapolis, Minnesota 55401, parker@parkerdk.com, 612-355-4100

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:21-CV-00445 (CJN)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit A**

**Definitions**

1. "Adjudication" refers to the process of reviewing a voter's ballot to determine what votes were intended by the voter who cast the ballot.

2. "Ballot marking device" refers to any electronic device used to complete an electronic ballot which is then printed onto paper.

3. "Ballot scanner" refers to an electronic device that provides optical scanning of ballots to produce a digital image of the ballot and/or to read the votes marked on the ballot.

4. "Client" refers to a computer that connects to a computer server.

5. "Controlling computer" refers to a computer connected to another electronic device, that is used to control the behavior of the connected electronic device.

6. "Document" refers to any writing or electronically stored information stored in any medium from which information can be obtained, including drawings, graphs, charts, photographs, sound recordings, video recordings, images, or other data or data compilations, within the meaning of Fed. R. Civ. P. 34(a)(1)(A).

7. "Drive" or "drives" refers to any medium for the storage of electronic or digital data.

8. "EMS" refers to an Election Management System or any set of electronic equipment used to facilitate the counting, tabulation, and reporting of results in a public election.

9. "Electronic election system" refers to all electronic or computerized devices and equipment used to cast ballots, count votes, tabulate votes, or report results in an election.

10. "EnCase" refers to the digital forensic data collection and investigation technology produced by Guidance Software.

11. "Forensic copy" refers to a file-level exact duplication of electronic data.

12. "Forensic image" refers to a bit-by-bit, sector-by-sector direct copy of a physical storage devices containing electronic data, including all files, folders and unallocated, free, and slack space.

13. "ImageCast Central" or "ICC" refers to the electronic system distributed by Dominion Voting with that name.

14. "ImageCast Evolution" or "ICE" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device and tabulator.

15. "ImageCast Precinct" or "ICP" refers to the electronic device distributed by Dominion Voting, with that name, that can optically scan and tabulate votes from paper ballots.

16. "ImageCast X" or "ICX" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device.

17. "November 2020 Election" refers to the general election in the United States for which Election Day was November 3, 2020.

18. "Server" refers to a computer server or computer that stores, processes, and manages data for other computers or devices on a computer network.

19. "Storage device" refers to any medium for the storage of electronic or digital data.

20. "Tabulator" refers to any electronic device used to count or tabulate votes from paper ballots.

21. "Workstation" refers to an individual computer, which may or may not be connected to a computer network, used to facilitate one or more specific tasks or processes.

22. "You" and "Your" refer to the recipient of this subpoena.

## Items to Produce

Produce the following documents, communications, and electronic data in Your possession, custody, or control:

1. Forensic images, in EnCase format, of each of the following objects used in connection with the November 2020 Election:

    a. All drives attached to or affiliated with an EMS Server

    b. All drives attached to or affiliated with any workstation used as an EMS Client

    c. All drives attached to or affiliated with any ImageCast Central Workstations

    d. All drives attached to or affiliated with any Adjudication Workstations

    e. All drives attached to or affiliated with the controlling computer for any ballot scanner such as HiPro, Canon, etc.

    f. All drives attached to or affiliated with any device used in conjunction with the election as a communications server or virtual private network server/concentrator

    g. All SD Cards, USB Drives or other storage devices that were inserted into or removed from all tabulators, ballot marking devices or other device that was used for the tabulation of votes

    h. All ImageCast X, ImageCast Precinct, and ImageCast Evolution devices

2.  The following electronic files:

    a.  Forensic copies of all slog.txt files and .dvd files generated from tabulators and ballot marking devices

    b.  Forensic copies of all data items related to the November 2020 Election subject to the 22 month voter records retention requirement under U.S. federal law

3.  The following information related to electronic election system architecture:

    a.  A network diagram including all devices, mac addresses and assigned IP addresses for Your complete electronic election system, including but not limited to the EMS Server, all networked devices on the EMS Server network (routers, switches, communications servers, modems, etc), and all devices attached to the resident network for the voter registration server

    b.  For each ballot marking device, ballot scanner, and tabulator, the media access control (MAC) address for each communication device connected to the ballot marking device, ballot scanner, or tabulator at any time between January 1, 2019 and November 30, 2020

    c.  Copies of all network logs, PCAPs, netflow data and access control logs from networking devices associated with the EMS

    d.  Credentials to permit access through all whole disk or file encryption technologies utilized in any part of Your electronic election system that is produced in response to this subpoena, including but not limited to BitLocker, TrueCrypt, and VeraCrypt technologies

    e.  A list of all personnel who had access to the EMS Server or any EMS server-connected computing device for the period January 1, 2019 through November 30, 2020.  Provide the name of the person, the account utilized, the devices accessed and the duration of the access.

4.  The following information related to the results of the November 2020 Election:

    a.  Copies of all tabulator poll closing reports and tabulator reports generated by each precinct and polling location, detailing with date and time the number of in person voters, the number of same day voter registrations (if applicable), and the final totals for the precinct

    b.  Copies of the certified final election results that were used to determine the official outcomes of the election contests

    c.  Copies of any document, report, or spreadsheet that was produced in relation to the November 2020 Election

5. All documents related to any indication of any intrusion attempt into Your electronic election system.

6. Copies of all cellular bills and connections supporting Your ballot scanners and ballot marking devices. These records should include the International Mobile Equipment Identity (IEMI) number, Temporary Mobile Subscriber Identity (TMSI) number, originating phone number, destination phone number, date and time of call origination, and call duration.

7. Copies of all contracts and agreements with the suppliers of any of Your electronic election system equipment, devices, software, or support services.

8. Copies of all contracts and agreements related to network security, network monitoring, or cybersecurity concerning all or any part of Your electronic election system.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., et al., | Case No. 1:21-cv-00445-CJN |
| Plaintiffs/Counter-Defendants, | Judge Carl J. Nichols |
| v. | |
| MY PILLOW, INC., et al., | **Notice of Subpoena** |
| Defendants/Counter-Plaintiffs/<br>Third-Party Plaintiffs, | |
| v. | |
| SMARTMATIC USA CORP., et al., | |
| Third-Party Defendants. | |

PLEASE TAKE NOTICE that Defendants My Pillow, Inc. and Michael Lindell intend to serve a subpoena *duces tecum*, pursuant to Fed. R. Civ. P. 45, upon the Grant County, WI Clerk, 111 S. Jefferson St. Lancaster, WI 53813-0529. A copy of the subpoena and associated exhibit is attached hereto.

Dated: September 2, 2022

**PARKER DANIELS KIBORT LLC**

By */s/ Andrew D. Parker*
Andrew D. Parker (D.C. Bar No. 63279)
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
Telephone: (612) 355-4100
Facsimile: (612) 355-4101
parker@parkerdk.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| US DOMINION, INC., et al., | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:21-CV-00445 (CJN) |
| MY PILLOW, INC., et al., | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

Grant County, WI Clerk
111 S. Jefferson St.
Lancaster, WI 53813-0529

To:

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment.

| Place: Office of the Grant County, WI Clerk, 111 S. Jefferson St. Lancaster, WI 53813-0529. Production by electronic transfer or mail is preferred. | Date and Time: September 30, 2022 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/02/2022

*CLERK OF COURT*

OR

_____          /s/ Andrew D. Parker
*Signature of Clerk or Deputy Clerk*               *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Defendants**
My Pillow, Inc., and Michael J. Lindell_____ , who issues or requests this subpoena, are:

Andrew D. Parker, 123 North Third Street, Suite 888, Minneapolis, Minnesota 55401, parker@parkerdk.com, 612-355-4100

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:21-CV-00445 (CJN)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $       0.00       .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) Quashing or Modifying a Subpoena.**
  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit A**

**Definitions**

1. "Adjudication" refers to the process of reviewing a voter's ballot to determine what votes were intended by the voter who cast the ballot.

2. "Ballot marking device" refers to any electronic device used to complete an electronic ballot which is then printed onto paper.

3. "Ballot scanner" refers to an electronic device that provides optical scanning of ballots to produce a digital image of the ballot and/or to read the votes marked on the ballot.

4. "Client" refers to a computer that connects to a computer server.

5. "Controlling computer" refers to a computer connected to another electronic device, that is used to control the behavior of the connected electronic device.

6. "Document" refers to any writing or electronically stored information stored in any medium from which information can be obtained, including drawings, graphs, charts, photographs, sound recordings, video recordings, images, or other data or data compilations, within the meaning of Fed. R. Civ. P. 34(a)(1)(A).

7. "Drive" or "drives" refers to any medium for the storage of electronic or digital data.

8. "EMS" refers to an Election Management System or any set of electronic equipment used to facilitate the counting, tabulation, and reporting of results in a public election.

9. "Electronic election system" refers to all electronic or computerized devices and equipment used to cast ballots, count votes, tabulate votes, or report results in an election.

10. "EnCase" refers to the digital forensic data collection and investigation technology produced by Guidance Software.

11. "Forensic copy" refers to a file-level exact duplication of electronic data.

12. "Forensic image" refers to a bit-by-bit, sector-by-sector direct copy of a physical storage devices containing electronic data, including all files, folders and unallocated, free, and slack space.

13. "ImageCast Central" or "ICC" refers to the electronic system distributed by Dominion Voting with that name.

14. "ImageCast Evolution" or "ICE" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device and tabulator.

1

15. "ImageCast Precinct" or "ICP" refers to the electronic device distributed by Dominion Voting, with that name, that can optically scan and tabulate votes from paper ballots.

16. "ImageCast X" or "ICX" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device.

17. "November 2020 Election" refers to the general election in the United States for which Election Day was November 3, 2020.

18. "Server" refers to a computer server or computer that stores, processes, and manages data for other computers or devices on a computer network.

19. "Storage device" refers to any medium for the storage of electronic or digital data.

20. "Tabulator" refers to any electronic device used to count or tabulate votes from paper ballots.

21. "Workstation" refers to an individual computer, which may or may not be connected to a computer network, used to facilitate one or more specific tasks or processes.

22. "You" and "Your" refer to the recipient of this subpoena.

## Items to Produce

Produce the following documents, communications, and electronic data in Your possession, custody, or control:

1. Forensic images, in EnCase format, of each of the following objects used in connection with the November 2020 Election:

    a. All drives attached to or affiliated with an EMS Server

    b. All drives attached to or affiliated with any workstation used as an EMS Client

    c. All drives attached to or affiliated with any ImageCast Central Workstations

    d. All drives attached to or affiliated with any Adjudication Workstations

    e. All drives attached to or affiliated with the controlling computer for any ballot scanner such as HiPro, Canon, etc.

    f. All drives attached to or affiliated with any device used in conjunction with the election as a communications server or virtual private network server/concentrator

    g. All SD Cards, USB Drives or other storage devices that were inserted into or removed from all tabulators, ballot marking devices or other device that was used for the tabulation of votes

    h. All ImageCast X, ImageCast Precinct, and ImageCast Evolution devices

2

2. The following electronic files:

    a. Forensic copies of all slog.txt files and .dvd files generated from tabulators and ballot marking devices

    b. Forensic copies of all data items related to the November 2020 Election subject to the 22 month voter records retention requirement under U.S. federal law

3. The following information related to electronic election system architecture:

    a. A network diagram including all devices, mac addresses and assigned IP addresses for Your complete electronic election system, including but not limited to the EMS Server, all networked devices on the EMS Server network (routers, switches, communications servers, modems, etc), and all devices attached to the resident network for the voter registration server

    b. For each ballot marking device, ballot scanner, and tabulator, the media access control (MAC) address for each communication device connected to the ballot marking device, ballot scanner, or tabulator at any time between January 1, 2019 and November 30, 2020

    c. Copies of all network logs, PCAPs, netflow data and access control logs from networking devices associated with the EMS

    d. Credentials to permit access through all whole disk or file encryption technologies utilized in any part of Your electronic election system that is produced in response to this subpoena, including but not limited to BitLocker, TrueCrypt, and VeraCrypt technologies

    e. A list of all personnel who had access to the EMS Server or any EMS server-connected computing device for the period January 1, 2019 through November 30, 2020.  Provide the name of the person, the account utilized, the devices accessed and the duration of the access.

4. The following information related to the results of the November 2020 Election:

    a. Copies of all tabulator poll closing reports and tabulator reports generated by each precinct and polling location, detailing with date and time the number of in person voters, the number of same day voter registrations (if applicable), and the final totals for the precinct

    b. Copies of the certified final election results that were used to determine the official outcomes of the election contests

    c. Copies of any document, report, or spreadsheet that was produced in relation to the November 2020 Election

5. All documents related to any indication of any intrusion attempt into Your electronic election system.

6. Copies of all cellular bills and connections supporting Your ballot scanners and ballot marking devices. These records should include the International Mobile Equipment Identity (IEMI) number, Temporary Mobile Subscriber Identity (TMSI) number, originating phone number, destination phone number, date and time of call origination, and call duration.

7. Copies of all contracts and agreements with the suppliers of any of Your electronic election system equipment, devices, software, or support services.

8. Copies of all contracts and agreements related to network security, network monitoring, or cybersecurity concerning all or any part of Your electronic election system.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| US DOMINION, INC., et al., | Case No. 1:21-cv-00445-CJN |
| Plaintiffs/Counter-Defendants, | Judge Carl J. Nichols |
| v. | |
| MY PILLOW, INC., et al., | **Notice of Subpoena** |
| Defendants/Counter-Plaintiffs/ Third-Party Plaintiffs, | |
| v. | |
| SMARTMATIC USA CORP., et al., | |
| Third-Party Defendants. | |

PLEASE TAKE NOTICE that Defendants My Pillow, Inc. and Michael Lindell intend to serve a subpoena *duces tecum*, pursuant to Fed. R. Civ. P. 45, upon the Green County, WI Clerk, Green County Courthouse, 1016 16th Avenue, Monroe, WI 53566. A copy of the subpoena and associated exhibit is attached hereto.

Dated: September 2, 2022              **PARKER DANIELS KIBORT LLC**

By */s/ Andrew D. Parker*
Andrew D. Parker (D.C. Bar No. 63279)
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
Telephone: (612) 355-4100
Facsimile: (612) 355-4101
parker@parkerdk.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Columbia

| | | |
|---|---|---|
| US DOMINION, INC., et al., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:21-CV-00445 (CJN) |
| MY PILLOW, INC., et al., | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: 
Green County Clerk
Green County Courthouse
1016 16th Avenue, Monroe, WI 53566
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment.

| Place: Office of the Green County Clerk, Green County Courthouse, 1016 16th Avenue, Monroe WI 53566. Production by electronic transfer or mail is preferred. | Date and Time: September 30, 2022 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/02/2022

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| | | /s/ Andrew D. Parker |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants My Pillow, Inc., and Michael J. Lindell , who issues or requests this subpoena, are:

Andrew D. Parker, 123 North Third Street, Suite 888, Minneapolis, Minnesota 55401, parker@parkerdk.com, 612-355-4100

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:21-CV-00445 (CJN)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Exhibit A

**Definitions**

1. "Adjudication" refers to the process of reviewing a voter's ballot to determine what votes were intended by the voter who cast the ballot.

2. "Ballot marking device" refers to any electronic device used to complete an electronic ballot which is then printed onto paper.

3. "Ballot scanner" refers to an electronic device that provides optical scanning of ballots to produce a digital image of the ballot and/or to read the votes marked on the ballot.

4. "Client" refers to a computer that connects to a computer server.

5. "Controlling computer" refers to a computer connected to another electronic device, that is used to control the behavior of the connected electronic device.

6. "Document" refers to any writing or electronically stored information stored in any medium from which information can be obtained, including drawings, graphs, charts, photographs, sound recordings, video recordings, images, or other data or data compilations, within the meaning of Fed. R. Civ. P. 34(a)(1)(A).

7. "Drive" or "drives" refers to any medium for the storage of electronic or digital data.

8. "EMS" refers to an Election Management System or any set of electronic equipment used to facilitate the counting, tabulation, and reporting of results in a public election.

9. "Electronic election system" refers to all electronic or computerized devices and equipment used to cast ballots, count votes, tabulate votes, or report results in an election.

10. "EnCase" refers to the digital forensic data collection and investigation technology produced by Guidance Software.

11. "Forensic copy" refers to a file-level exact duplication of electronic data.

12. "Forensic image" refers to a bit-by-bit, sector-by-sector direct copy of a physical storage devices containing electronic data, including all files, folders and unallocated, free, and slack space.

13. "ImageCast Central" or "ICC" refers to the electronic system distributed by Dominion Voting with that name.

14. "ImageCast Evolution" or "ICE" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device and tabulator.

15. "ImageCast Precinct" or "ICP" refers to the electronic device distributed by Dominion Voting, with that name, that can optically scan and tabulate votes from paper ballots.

16. "ImageCast X" or "ICX" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device.

17. "November 2020 Election" refers to the general election in the United States for which Election Day was November 3, 2020.

18. "Server" refers to a computer server or computer that stores, processes, and manages data for other computers or devices on a computer network.

19. "Storage device" refers to any medium for the storage of electronic or digital data.

20. "Tabulator" refers to any electronic device used to count or tabulate votes from paper ballots.

21. "Workstation" refers to an individual computer, which may or may not be connected to a computer network, used to facilitate one or more specific tasks or processes.

22. "You" and "Your" refer to the recipient of this subpoena.

## Items to Produce

Produce the following documents, communications, and electronic data in Your possession, custody, or control:

1. Forensic images, in EnCase format, of each of the following objects used in connection with the November 2020 Election:

    a. All drives attached to or affiliated with an EMS Server

    b. All drives attached to or affiliated with any workstation used as an EMS Client

    c. All drives attached to or affiliated with any ImageCast Central Workstations

    d. All drives attached to or affiliated with any Adjudication Workstations

    e. All drives attached to or affiliated with the controlling computer for any ballot scanner such as HiPro, Canon, etc.

    f. All drives attached to or affiliated with any device used in conjunction with the election as a communications server or virtual private network server/concentrator

    g. All SD Cards, USB Drives or other storage devices that were inserted into or removed from all tabulators, ballot marking devices or other device that was used for the tabulation of votes

    h. All ImageCast X, ImageCast Precinct, and ImageCast Evolution devices

2

2. The following electronic files:

    a. Forensic copies of all slog.txt files and .dvd files generated from tabulators and ballot marking devices

    b. Forensic copies of all data items related to the November 2020 Election subject to the 22 month voter records retention requirement under U.S. federal law

3. The following information related to electronic election system architecture:

    a. A network diagram including all devices, mac addresses and assigned IP addresses for Your complete electronic election system, including but not limited to the EMS Server, all networked devices on the EMS Server network (routers, switches, communications servers, modems, etc), and all devices attached to the resident network for the voter registration server

    b. For each ballot marking device, ballot scanner, and tabulator, the media access control (MAC) address for each communication device connected to the ballot marking device, ballot scanner, or tabulator at any time between January 1, 2019 and November 30, 2020

    c. Copies of all network logs, PCAPs, netflow data and access control logs from networking devices associated with the EMS

    d. Credentials to permit access through all whole disk or file encryption technologies utilized in any part of Your electronic election system that is produced in response to this subpoena, including but not limited to BitLocker, TrueCrypt, and VeraCrypt technologies

    e. A list of all personnel who had access to the EMS Server or any EMS server-connected computing device for the period January 1, 2019 through November 30, 2020. Provide the name of the person, the account utilized, the devices accessed and the duration of the access.

4. The following information related to the results of the November 2020 Election:

    a. Copies of all tabulator poll closing reports and tabulator reports generated by each precinct and polling location, detailing with date and time the number of in person voters, the number of same day voter registrations (if applicable), and the final totals for the precinct

    b. Copies of the certified final election results that were used to determine the official outcomes of the election contests

    c. Copies of any document, report, or spreadsheet that was produced in relation to the November 2020 Election

5. All documents related to any indication of any intrusion attempt into Your electronic election system.

6. Copies of all cellular bills and connections supporting Your ballot scanners and ballot marking devices. These records should include the International Mobile Equipment Identity (IEMI) number, Temporary Mobile Subscriber Identity (TMSI) number, originating phone number, destination phone number, date and time of call origination, and call duration.

7. Copies of all contracts and agreements with the suppliers of any of Your electronic election system equipment, devices, software, or support services.

8. Copies of all contracts and agreements related to network security, network monitoring, or cybersecurity concerning all or any part of Your electronic election system.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., et al., | Case No. 1:21-cv-00445-CJN |
| Plaintiffs/Counter-Defendants, | Judge Carl J. Nichols |
| v. | |
| MY PILLOW, INC., et al., | **Notice of Subpoena** |
| Defendants/Counter-Plaintiffs/ Third-Party Plaintiffs, | |
| v. | |
| SMARTMATIC USA CORP., et al., | |
| Third-Party Defendants. | |

PLEASE TAKE NOTICE that Defendants My Pillow, Inc. and Michael Lindell intend to serve a subpoena *duces tecum*, pursuant to Fed. R. Civ. P. 45, upon the Hamilton County, TN Election Commission, 700 River Terminal Road, Chattanooga, TN 37406. A copy of the subpoena and associated exhibit is attached hereto.

Dated: September 2, 2022

**PARKER DANIELS KIBORT LLC**

By */s/ Andrew D. Parker*
    Andrew D. Parker (D.C. Bar No. 63279)
    888 Colwell Building
    123 N. Third Street
    Minneapolis, MN 55401
    Telephone: (612) 355-4100
    Facsimile: (612) 355-4101
    parker@parkerdk.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Columbia

| | | |
|---|---|---|
| US DOMINION, INC., et al., | ) | |
| *Plaintiff* | ) | Civil Action No.  1:21-CV-00445 (CJN) |
| v. | ) | |
| MY PILLOW, INC., et al., | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                              Hamilton County, TN Commission
                    700 River Terminal Road, Chattanooga, TN 37406

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment.

| Place: Office of the Hamilton County, TN Election Commission, 700 River Terminal Road, Chattanooga, TN 37406. Production by electronic transfer or mail is preferred. | Date and Time: September  30, 2022 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     09/02/2022

                    *CLERK OF COURT*
                                          OR
                                                   /s/ Andrew D. Parker
        _____          _____
        *Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Defendants
My Pillow, Inc., and Michael J. Lindell _____ , who issues or requests this subpoena, are:

Andrew D. Parker, 123 North Third Street, Suite 888, Minneapolis, Minnesota 55401, parker@parkerdk.com, 612-355-4100

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:21-CV-00445 (CJN)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                    *Server's signature*

                                                    _____
                                                    *Printed name and title*

                                                    _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Exhibit A

**Definitions**

1. "Adjudication" refers to the process of reviewing a voter's ballot to determine what votes were intended by the voter who cast the ballot.

2. "Ballot marking device" refers to any electronic device used to complete an electronic ballot which is then printed onto paper.

3. "Ballot scanner" refers to an electronic device that provides optical scanning of ballots to produce a digital image of the ballot and/or to read the votes marked on the ballot.

4. "Client" refers to a computer that connects to a computer server.

5. "Controlling computer" refers to a computer connected to another electronic device, that is used to control the behavior of the connected electronic device.

6. "Document" refers to any writing or electronically stored information stored in any medium from which information can be obtained, including drawings, graphs, charts, photographs, sound recordings, video recordings, images, or other data or data compilations, within the meaning of Fed. R. Civ. P. 34(a)(1)(A).

7. "Drive" or "drives" refers to any medium for the storage of electronic or digital data.

8. "EMS" refers to an Election Management System or any set of electronic equipment used to facilitate the counting, tabulation, and reporting of results in a public election.

9. "Electronic election system" refers to all electronic or computerized devices and equipment used to cast ballots, count votes, tabulate votes, or report results in an election.

10. "EnCase" refers to the digital forensic data collection and investigation technology produced by Guidance Software.

11. "Forensic copy" refers to a file-level exact duplication of electronic data.

12. "Forensic image" refers to a bit-by-bit, sector-by-sector direct copy of a physical storage devices containing electronic data, including all files, folders and unallocated, free, and slack space.

13. "ImageCast Central" or "ICC" refers to the electronic system distributed by Dominion Voting with that name.

14. "ImageCast Evolution" or "ICE" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device and tabulator.

1

15. "ImageCast Precinct" or "ICP" refers to the electronic device distributed by Dominion Voting, with that name, that can optically scan and tabulate votes from paper ballots.

16. "ImageCast X" or "ICX" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device.

17. "November 2020 Election" refers to the general election in the United States for which Election Day was November 3, 2020.

18. "Server" refers to a computer server or computer that stores, processes, and manages data for other computers or devices on a computer network.

19. "Storage device" refers to any medium for the storage of electronic or digital data.

20. "Tabulator" refers to any electronic device used to count or tabulate votes from paper ballots.

21. "Workstation" refers to an individual computer, which may or may not be connected to a computer network, used to facilitate one or more specific tasks or processes.

22. "You" and "Your" refer to the recipient of this subpoena.

**Items to Produce**

Produce the following documents, communications, and electronic data in Your possession, custody, or control:

1. Forensic images, in EnCase format, of each of the following objects used in connection with the November 2020 Election:

   a. All drives attached to or affiliated with an EMS Server

   b. All drives attached to or affiliated with any workstation used as an EMS Client

   c. All drives attached to or affiliated with any ImageCast Central Workstations

   d. All drives attached to or affiliated with any Adjudication Workstations

   e. All drives attached to or affiliated with the controlling computer for any ballot scanner such as HiPro, Canon, etc.

   f. All drives attached to or affiliated with any device used in conjunction with the election as a communications server or virtual private network server/concentrator

   g. All SD Cards, USB Drives or other storage devices that were inserted into or removed from all tabulators, ballot marking devices or other device that was used for the tabulation of votes

   h. All ImageCast X, ImageCast Precinct, and ImageCast Evolution devices

2. The following electronic files:

    a. Forensic copies of all slog.txt files and .dvd files generated from tabulators and ballot marking devices

    b. Forensic copies of all data items related to the November 2020 Election subject to the 22 month voter records retention requirement under U.S. federal law

3. The following information related to electronic election system architecture:

    a. A network diagram including all devices, mac addresses and assigned IP addresses for Your complete electronic election system, including but not limited to the EMS Server, all networked devices on the EMS Server network (routers, switches, communications servers, modems, etc), and all devices attached to the resident network for the voter registration server

    b. For each ballot marking device, ballot scanner, and tabulator, the media access control (MAC) address for each communication device connected to the ballot marking device, ballot scanner, or tabulator at any time between January 1, 2019 and November 30, 2020

    c. Copies of all network logs, PCAPs, netflow data and access control logs from networking devices associated with the EMS

    d. Credentials to permit access through all whole disk or file encryption technologies utilized in any part of Your electronic election system that is produced in response to this subpoena, including but not limited to BitLocker, TrueCrypt, and VeraCrypt technologies

    e. A list of all personnel who had access to the EMS Server or any EMS server-connected computing device for the period January 1, 2019 through November 30, 2020.  Provide the name of the person, the account utilized, the devices accessed and the duration of the access.

4. The following information related to the results of the November 2020 Election:

    a. Copies of all tabulator poll closing reports and tabulator reports generated by each precinct and polling location, detailing with date and time the number of in person voters, the number of same day voter registrations (if applicable), and the final totals for the precinct

    b. Copies of the certified final election results that were used to determine the official outcomes of the election contests

    c. Copies of any document, report, or spreadsheet that was produced in relation to the November 2020 Election

3

5.  All documents related to any indication of any intrusion attempt into Your electronic election system.

6.  Copies of all cellular bills and connections supporting Your ballot scanners and ballot marking devices.  These records should include the International Mobile Equipment Identity (IEMI) number, Temporary Mobile Subscriber Identity (TMSI) number, originating phone number, destination phone number, date and time of call origination, and call duration.

7.  Copies of all contracts and agreements with the suppliers of any of Your electronic election system equipment, devices, software, or support services.

8.  Copies of all contracts and agreements related to network security, network monitoring, or cybersecurity concerning all or any part of Your electronic election system.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| US DOMINION, INC., et al., | Case No. 1:21-cv-00445-CJN |
|     Plaintiffs/Counter-Defendants, | Judge Carl J. Nichols |
|     v. |  |
| MY PILLOW, INC., et al., | **Notice of Subpoena** |
|     Defendants/Counter-Plaintiffs/<br>    Third-Party Plaintiffs, |  |
|     v. |  |
| SMARTMATIC USA CORP., et al., |  |
|     Third-Party Defendants. |  |

PLEASE TAKE NOTICE that Defendants My Pillow, Inc. and Michael Lindell intend to serve a subpoena *duces tecum*, pursuant to Fed. R. Civ. P. 45, upon the Luzerne County, PA Bureau of Elections, 20 N Pennsylvania Avenue, Wilkes-Barre, PA 18701. A copy of the subpoena and associated exhibit is attached hereto.

Dated: September 2, 2022          **PARKER DANIELS KIBORT LLC**

                         By */s/ Andrew D. Parker*
                           Andrew D. Parker (D.C. Bar No. 63279)
                           888 Colwell Building
                           123 N. Third Street
                           Minneapolis, MN 55401
                           Telephone: (612) 355-4100
                           Facsimile: (612) 355-4101
                           parker@parkerdk.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Columbia

| | |
|---|---|
| US DOMINION, INC., et al., | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 1:21-CV-00445 (CJN) |
| MY PILLOW, INC., et al., | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: 
Luzerne County, PA Bureau of Elections,
20 N Pennsylvania Avenue, Wilkes-Barre, PA 18701

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment.

| Place: Office of the Luzerne County, PA Bureau of Elections, 20 N Pennsylvania Avenue, Wilkes-Barre, PA 18701. Production by electronic transfer or mail is preferred. | Date and Time: September 30, 2022 |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/02/2022

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Andrew D. Parker |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ Defendants My Pillow, Inc., and Michael J. Lindell , who issues or requests this subpoena, are:

Andrew D. Parker, 123 North Third Street, Suite 888, Minneapolis, Minnesota 55401, parker@parkerdk.com, 612-355-4100

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:21-CV-00445 (CJN)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Exhibit A

**Definitions**

1. "Adjudication" refers to the process of reviewing a voter's ballot to determine what votes were intended by the voter who cast the ballot.

2. "Ballot marking device" refers to any electronic device used to complete an electronic ballot which is then printed onto paper.

3. "Ballot scanner" refers to an electronic device that provides optical scanning of ballots to produce a digital image of the ballot and/or to read the votes marked on the ballot.

4. "Client" refers to a computer that connects to a computer server.

5. "Controlling computer" refers to a computer connected to another electronic device, that is used to control the behavior of the connected electronic device.

6. "Document" refers to any writing or electronically stored information stored in any medium from which information can be obtained, including drawings, graphs, charts, photographs, sound recordings, video recordings, images, or other data or data compilations, within the meaning of Fed. R. Civ. P. 34(a)(1)(A).

7. "Drive" or "drives" refers to any medium for the storage of electronic or digital data.

8. "EMS" refers to an Election Management System or any set of electronic equipment used to facilitate the counting, tabulation, and reporting of results in a public election.

9. "Electronic election system" refers to all electronic or computerized devices and equipment used to cast ballots, count votes, tabulate votes, or report results in an election.

10. "EnCase" refers to the digital forensic data collection and investigation technology produced by Guidance Software.

11. "Forensic copy" refers to a file-level exact duplication of electronic data.

12. "Forensic image" refers to a bit-by-bit, sector-by-sector direct copy of a physical storage devices containing electronic data, including all files, folders and unallocated, free, and slack space.

13. "ImageCast Central" or "ICC" refers to the electronic system distributed by Dominion Voting with that name.

14. "ImageCast Evolution" or "ICE" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device and tabulator.

15. "ImageCast Precinct" or "ICP" refers to the electronic device distributed by Dominion Voting, with that name, that can optically scan and tabulate votes from paper ballots.

16. "ImageCast X" or "ICX" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device.

17. "November 2020 Election" refers to the general election in the United States for which Election Day was November 3, 2020.

18. "Server" refers to a computer server or computer that stores, processes, and manages data for other computers or devices on a computer network.

19. "Storage device" refers to any medium for the storage of electronic or digital data.

20. "Tabulator" refers to any electronic device used to count or tabulate votes from paper ballots.

21. "Workstation" refers to an individual computer, which may or may not be connected to a computer network, used to facilitate one or more specific tasks or processes.

22. "You" and "Your" refer to the recipient of this subpoena.

**Items to Produce**

Produce the following documents, communications, and electronic data in Your possession, custody, or control:

1. Forensic images, in EnCase format, of each of the following objects used in connection with the November 2020 Election:

   a. All drives attached to or affiliated with an EMS Server

   b. All drives attached to or affiliated with any workstation used as an EMS Client

   c. All drives attached to or affiliated with any ImageCast Central Workstations

   d. All drives attached to or affiliated with any Adjudication Workstations

   e. All drives attached to or affiliated with the controlling computer for any ballot scanner such as HiPro, Canon, etc.

   f. All drives attached to or affiliated with any device used in conjunction with the election as a communications server or virtual private network server/concentrator

   g. All SD Cards, USB Drives or other storage devices that were inserted into or removed from all tabulators, ballot marking devices or other device that was used for the tabulation of votes

   h. All ImageCast X, ImageCast Precinct, and ImageCast Evolution devices

2

2. The following electronic files:

   a. Forensic copies of all slog.txt files and .dvd files generated from tabulators and ballot marking devices

   b. Forensic copies of all data items related to the November 2020 Election subject to the 22 month voter records retention requirement under U.S. federal law

3. The following information related to electronic election system architecture:

   a. A network diagram including all devices, mac addresses and assigned IP addresses for Your complete electronic election system, including but not limited to the EMS Server, all networked devices on the EMS Server network (routers, switches, communications servers, modems, etc), and all devices attached to the resident network for the voter registration server

   b. For each ballot marking device, ballot scanner, and tabulator, the media access control (MAC) address for each communication device connected to the ballot marking device, ballot scanner, or tabulator at any time between January 1, 2019 and November 30, 2020

   c. Copies of all network logs, PCAPs, netflow data and access control logs from networking devices associated with the EMS

   d. Credentials to permit access through all whole disk or file encryption technologies utilized in any part of Your electronic election system that is produced in response to this subpoena, including but not limited to BitLocker, TrueCrypt, and VeraCrypt technologies

   e. A list of all personnel who had access to the EMS Server or any EMS server-connected computing device for the period January 1, 2019 through November 30, 2020.  Provide the name of the person, the account utilized, the devices accessed and the duration of the access.

4. The following information related to the results of the November 2020 Election:

   a. Copies of all tabulator poll closing reports and tabulator reports generated by each precinct and polling location, detailing with date and time the number of in person voters, the number of same day voter registrations (if applicable), and the final totals for the precinct

   b. Copies of the certified final election results that were used to determine the official outcomes of the election contests

   c. Copies of any document, report, or spreadsheet that was produced in relation to the November 2020 Election

3

5. All documents related to any indication of any intrusion attempt into Your electronic election system.

6. Copies of all cellular bills and connections supporting Your ballot scanners and ballot marking devices. These records should include the International Mobile Equipment Identity (IEMI) number, Temporary Mobile Subscriber Identity (TMSI) number, originating phone number, destination phone number, date and time of call origination, and call duration.

7. Copies of all contracts and agreements with the suppliers of any of Your electronic election system equipment, devices, software, or support services.

8. Copies of all contracts and agreements related to network security, network monitoring, or cybersecurity concerning all or any part of Your electronic election system.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., et al., | Case No. 1:21-cv-00445-CJN |
| Plaintiffs/Counter-Defendants, | Judge Carl J. Nichols |
| v. | |
| MY PILLOW, INC., et al., | **Notice of Subpoena** |
| Defendants/Counter-Plaintiffs/ Third-Party Plaintiffs, | |
| v. | |
| SMARTMATIC USA CORP., et al., | |
| Third-Party Defendants. | |

PLEASE TAKE NOTICE that Defendants My Pillow, Inc. and Michael Lindell intend to serve a subpoena *duces tecum*, pursuant to Fed. R. Civ. P. 45, upon the Monroe County, FL Supervisor of Elections, 530 Whitehead Street #101, Key West, FL 33040-6577. A copy of the subpoena and associated exhibit is attached hereto.

Dated: September 2, 2022

**PARKER DANIELS KIBORT LLC**

By */s/ Andrew D. Parker*
　　Andrew D. Parker (D.C. Bar No. 63279)
　　888 Colwell Building
　　123 N. Third Street
　　Minneapolis, MN 55401
　　Telephone: (612) 355-4100
　　Facsimile: (612) 355-4101
　　parker@parkerdk.com

1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| US DOMINION, INC., et al., | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:21-CV-00445 (CJN) |
| MY PILLOW, INC., et al., | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:　　　　　　　　　　　Monroe County, FL Supervisor of Elections
　　　　　　　　　　530 Whitehead Street #101, Key West, FL 33040-6577

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment.

| Place: Office of the Monroe County, FL Supervisor of Elections, 530 Whitehead Street #101, Key West, FL 33040-6577. Production by electronic transfer or mail is preferred. | Date and Time: September 30, 2022 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:　　09/02/2022

　　　　　　　　*CLERK OF COURT*

　　　　　　　　　　　　　　　　　　OR

_____　　　　/s/ Andrew D. Parker
　*Signature of Clerk or Deputy Clerk*　　　　　　*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*　　**Defendants**
My Pillow, Inc., and Michael J. Lindell　　　　　　　　　　, who issues or requests this subpoena, are:

Andrew D. Parker, 123 North Third Street, Suite 888, Minneapolis, Minnesota 55401, parker@parkerdk.com, 612-355-4100

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:21-CV-00445 (CJN)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                      *Server's signature*

                                          _____
                                                      *Printed name and title*

                                          _____
                                                      *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Exhibit A

**Definitions**

1. "Adjudication" refers to the process of reviewing a voter's ballot to determine what votes were intended by the voter who cast the ballot.

2. "Ballot marking device" refers to any electronic device used to complete an electronic ballot which is then printed onto paper.

3. "Ballot scanner" refers to an electronic device that provides optical scanning of ballots to produce a digital image of the ballot and/or to read the votes marked on the ballot.

4. "Client" refers to a computer that connects to a computer server.

5. "Controlling computer" refers to a computer connected to another electronic device, that is used to control the behavior of the connected electronic device.

6. "Document" refers to any writing or electronically stored information stored in any medium from which information can be obtained, including drawings, graphs, charts, photographs, sound recordings, video recordings, images, or other data or data compilations, within the meaning of Fed. R. Civ. P. 34(a)(1)(A).

7. "Drive" or "drives" refers to any medium for the storage of electronic or digital data.

8. "EMS" refers to an Election Management System or any set of electronic equipment used to facilitate the counting, tabulation, and reporting of results in a public election.

9. "Electronic election system" refers to all electronic or computerized devices and equipment used to cast ballots, count votes, tabulate votes, or report results in an election.

10. "EnCase" refers to the digital forensic data collection and investigation technology produced by Guidance Software.

11. "Forensic copy" refers to a file-level exact duplication of electronic data.

12. "Forensic image" refers to a bit-by-bit, sector-by-sector direct copy of a physical storage devices containing electronic data, including all files, folders and unallocated, free, and slack space.

13. "ImageCast Central" or "ICC" refers to the electronic system distributed by Dominion Voting with that name.

14. "ImageCast Evolution" or "ICE" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device and tabulator.

15. "ImageCast Precinct" or "ICP" refers to the electronic device distributed by Dominion Voting, with that name, that can optically scan and tabulate votes from paper ballots.

16. "ImageCast X" or "ICX" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device.

17. "November 2020 Election" refers to the general election in the United States for which Election Day was November 3, 2020.

18. "Server" refers to a computer server or computer that stores, processes, and manages data for other computers or devices on a computer network.

19. "Storage device" refers to any medium for the storage of electronic or digital data.

20. "Tabulator" refers to any electronic device used to count or tabulate votes from paper ballots.

21. "Workstation" refers to an individual computer, which may or may not be connected to a computer network, used to facilitate one or more specific tasks or processes.

22. "You" and "Your" refer to the recipient of this subpoena.

## Items to Produce

Produce the following documents, communications, and electronic data in Your possession, custody, or control:

1. Forensic images, in EnCase format, of each of the following objects used in connection with the November 2020 Election:

   a. All drives attached to or affiliated with an EMS Server

   b. All drives attached to or affiliated with any workstation used as an EMS Client

   c. All drives attached to or affiliated with any ImageCast Central Workstations

   d. All drives attached to or affiliated with any Adjudication Workstations

   e. All drives attached to or affiliated with the controlling computer for any ballot scanner such as HiPro, Canon, etc.

   f. All drives attached to or affiliated with any device used in conjunction with the election as a communications server or virtual private network server/concentrator

   g. All SD Cards, USB Drives or other storage devices that were inserted into or removed from all tabulators, ballot marking devices or other device that was used for the tabulation of votes

   h. All ImageCast X, ImageCast Precinct, and ImageCast Evolution devices

2

2.  The following electronic files:

    a.  Forensic copies of all slog.txt files and .dvd files generated from tabulators and ballot marking devices

    b.  Forensic copies of all data items related to the November 2020 Election subject to the 22 month voter records retention requirement under U.S. federal law

3.  The following information related to electronic election system architecture:

    a.  A network diagram including all devices, mac addresses and assigned IP addresses for Your complete electronic election system, including but not limited to the EMS Server, all networked devices on the EMS Server network (routers, switches, communications servers, modems, etc), and all devices attached to the resident network for the voter registration server

    b.  For each ballot marking device, ballot scanner, and tabulator, the media access control (MAC) address for each communication device connected to the ballot marking device, ballot scanner, or tabulator at any time between January 1, 2019 and November 30, 2020

    c.  Copies of all network logs, PCAPs, netflow data and access control logs from networking devices associated with the EMS

    d.  Credentials to permit access through all whole disk or file encryption technologies utilized in any part of Your electronic election system that is produced in response to this subpoena, including but not limited to BitLocker, TrueCrypt, and VeraCrypt technologies

    e.  A list of all personnel who had access to the EMS Server or any EMS server-connected computing device for the period January 1, 2019 through November 30, 2020.  Provide the name of the person, the account utilized, the devices accessed and the duration of the access.

4.  The following information related to the results of the November 2020 Election:

    a.  Copies of all tabulator poll closing reports and tabulator reports generated by each precinct and polling location, detailing with date and time the number of in person voters, the number of same day voter registrations (if applicable), and the final totals for the precinct

    b.  Copies of the certified final election results that were used to determine the official outcomes of the election contests

    c.  Copies of any document, report, or spreadsheet that was produced in relation to the November 2020 Election

3

5.  All documents related to any indication of any intrusion attempt into Your electronic election system.

6.  Copies of all cellular bills and connections supporting Your ballot scanners and ballot marking devices.  These records should include the International Mobile Equipment Identity (IEMI) number, Temporary Mobile Subscriber Identity (TMSI) number, originating phone number, destination phone number, date and time of call origination, and call duration.

7.  Copies of all contracts and agreements with the suppliers of any of Your electronic election system equipment, devices, software, or support services.

8.  Copies of all contracts and agreements related to network security, network monitoring, or cybersecurity concerning all or any part of Your electronic election system.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., et al., | Case No. 1:21-cv-00445-CJN |
| Plaintiffs/Counter-Defendants, | Judge Carl J. Nichols |
| v. | |
| MY PILLOW, INC., et al., | **Notice of Subpoena** |
| Defendants/Counter-Plaintiffs/ Third-Party Plaintiffs, | |
| v. | |
| SMARTMATIC USA CORP., et al., | |
| Third-Party Defendants. | |

PLEASE TAKE NOTICE that Defendants My Pillow, Inc. and Michael Lindell intend to serve a subpoena *duces tecum*, pursuant to Fed. R. Civ. P. 45, upon the Otero County, NM Clerk, 1104 N White Sands Blvd., Suite C, Alamogordo, NM 88310. A copy of the subpoena and associated exhibit is attached hereto.

Dated: September 2, 2022

**PARKER DANIELS KIBORT LLC**

By */s/ Andrew D. Parker*
    Andrew D. Parker (D.C. Bar No. 63279)
    888 Colwell Building
    123 N. Third Street
    Minneapolis, MN 55401
    Telephone: (612) 355-4100
    Facsimile: (612) 355-4101
    parker@parkerdk.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | | |
|---|---|---|
| US DOMINION, INC., et al., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:21-CV-00445 (CJN) |
| MY PILLOW, INC., et al., | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                          Otero County, NM Clerk,
          1104 N White Sands Blvd., Suite C, Alamogordo, NM 88310

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment.

| Place: Office of the Otero County, NM Clerk, 1104 N White Sands Blvd., Suite C, Alamogordo, NM 88310. Production by electronic transfer or mail is preferred. | Date and Time: September  30, 2022 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    09/02/2022

         *CLERK OF COURT*

                                        OR

_____          /s/ Andrew D. Parker
   *Signature of Clerk or Deputy Clerk*          _____
                                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Defendants
My Pillow, Inc., and Michael J. Lindell                              , who issues or requests this subpoena, are:

Andrew D. Parker, 123 North Third Street, Suite 888, Minneapolis, Minnesota 55401, parker@parkerdk.com, 612-355-4100

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:21-CV-00445 (CJN)

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____       _____
                                                *Server's signature*

                                  _____
                                                *Printed name and title*

                                  _____
                                                *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit A**

**Definitions**

1. "Adjudication" refers to the process of reviewing a voter's ballot to determine what votes were intended by the voter who cast the ballot.

2. "Ballot marking device" refers to any electronic device used to complete an electronic ballot which is then printed onto paper.

3. "Ballot scanner" refers to an electronic device that provides optical scanning of ballots to produce a digital image of the ballot and/or to read the votes marked on the ballot.

4. "Client" refers to a computer that connects to a computer server.

5. "Controlling computer" refers to a computer connected to another electronic device, that is used to control the behavior of the connected electronic device.

6. "Document" refers to any writing or electronically stored information stored in any medium from which information can be obtained, including drawings, graphs, charts, photographs, sound recordings, video recordings, images, or other data or data compilations, within the meaning of Fed. R. Civ. P. 34(a)(1)(A).

7. "Drive" or "drives" refers to any medium for the storage of electronic or digital data.

8. "EMS" refers to an Election Management System or any set of electronic equipment used to facilitate the counting, tabulation, and reporting of results in a public election.

9. "Electronic election system" refers to all electronic or computerized devices and equipment used to cast ballots, count votes, tabulate votes, or report results in an election.

10. "EnCase" refers to the digital forensic data collection and investigation technology produced by Guidance Software.

11. "Forensic copy" refers to a file-level exact duplication of electronic data.

12. "Forensic image" refers to a bit-by-bit, sector-by-sector direct copy of a physical storage devices containing electronic data, including all files, folders and unallocated, free, and slack space.

13. "ImageCast Central" or "ICC" refers to the electronic system distributed by Dominion Voting with that name.

14. "ImageCast Evolution" or "ICE" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device and tabulator.

1

15. "ImageCast Precinct" or "ICP" refers to the electronic device distributed by Dominion Voting, with that name, that can optically scan and tabulate votes from paper ballots.

16. "ImageCast X" or "ICX" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device.

17. "November 2020 Election" refers to the general election in the United States for which Election Day was November 3, 2020.

18. "Server" refers to a computer server or computer that stores, processes, and manages data for other computers or devices on a computer network.

19. "Storage device" refers to any medium for the storage of electronic or digital data.

20. "Tabulator" refers to any electronic device used to count or tabulate votes from paper ballots.

21. "Workstation" refers to an individual computer, which may or may not be connected to a computer network, used to facilitate one or more specific tasks or processes.

22. "You" and "Your" refer to the recipient of this subpoena.

## Items to Produce

Produce the following documents, communications, and electronic data in Your possession, custody, or control:

1. Forensic images, in EnCase format, of each of the following objects used in connection with the November 2020 Election:

   a. All drives attached to or affiliated with an EMS Server

   b. All drives attached to or affiliated with any workstation used as an EMS Client

   c. All drives attached to or affiliated with any ImageCast Central Workstations

   d. All drives attached to or affiliated with any Adjudication Workstations

   e. All drives attached to or affiliated with the controlling computer for any ballot scanner such as HiPro, Canon, etc.

   f. All drives attached to or affiliated with any device used in conjunction with the election as a communications server or virtual private network server/concentrator

   g. All SD Cards, USB Drives or other storage devices that were inserted into or removed from all tabulators, ballot marking devices or other device that was used for the tabulation of votes

   h. All ImageCast X, ImageCast Precinct, and ImageCast Evolution devices

2

2. The following electronic files:

    a. Forensic copies of all slog.txt files and .dvd files generated from tabulators and ballot marking devices

    b. Forensic copies of all data items related to the November 2020 Election subject to the 22 month voter records retention requirement under U.S. federal law

3. The following information related to electronic election system architecture:

    a. A network diagram including all devices, mac addresses and assigned IP addresses for Your complete electronic election system, including but not limited to the EMS Server, all networked devices on the EMS Server network (routers, switches, communications servers, modems, etc), and all devices attached to the resident network for the voter registration server

    b. For each ballot marking device, ballot scanner, and tabulator, the media access control (MAC) address for each communication device connected to the ballot marking device, ballot scanner, or tabulator at any time between January 1, 2019 and November 30, 2020

    c. Copies of all network logs, PCAPs, netflow data and access control logs from networking devices associated with the EMS

    d. Credentials to permit access through all whole disk or file encryption technologies utilized in any part of Your electronic election system that is produced in response to this subpoena, including but not limited to BitLocker, TrueCrypt, and VeraCrypt technologies

    e. A list of all personnel who had access to the EMS Server or any EMS server-connected computing device for the period January 1, 2019 through November 30, 2020. Provide the name of the person, the account utilized, the devices accessed and the duration of the access.

4. The following information related to the results of the November 2020 Election:

    a. Copies of all tabulator poll closing reports and tabulator reports generated by each precinct and polling location, detailing with date and time the number of in person voters, the number of same day voter registrations (if applicable), and the final totals for the precinct

    b. Copies of the certified final election results that were used to determine the official outcomes of the election contests

    c. Copies of any document, report, or spreadsheet that was produced in relation to the November 2020 Election

3

5. All documents related to any indication of any intrusion attempt into Your electronic election system.

6. Copies of all cellular bills and connections supporting Your ballot scanners and ballot marking devices.  These records should include the International Mobile Equipment Identity (IEMI) number, Temporary Mobile Subscriber Identity (TMSI) number, originating phone number, destination phone number, date and time of call origination, and call duration.

7. Copies of all contracts and agreements with the suppliers of any of Your electronic election system equipment, devices, software, or support services.

8. Copies of all contracts and agreements related to network security, network monitoring, or cybersecurity concerning all or any part of Your electronic election system.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., et al., | Case No. 1:21-cv-00445-CJN |
| Plaintiffs/Counter-Defendants, | Judge Carl J. Nichols |
| v. | |
| MY PILLOW, INC., et al., | **Notice of Subpoena** |
| Defendants/Counter-Plaintiffs/ Third-Party Plaintiffs, | |
| v. | |
| SMARTMATIC USA CORP., et al., | |
| Third-Party Defendants. | |

PLEASE TAKE NOTICE that Defendants My Pillow, Inc. and Michael Lindell intend to serve a subpoena *duces tecum*, pursuant to Fed. R. Civ. P. 45, upon the Peach County, GA Board of Elections & Registration, 205 W. Church St., Suite 201, Ft. Valley, GA 31030-0853. A copy of the subpoena and associated exhibit is attached hereto.

Dated: September 2, 2022         **PARKER DANIELS KIBORT LLC**

By */s/ Andrew D. Parker*
Andrew D. Parker (D.C. Bar No. 63279)
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
Telephone: (612) 355-4100
Facsimile: (612) 355-4101
parker@parkerdk.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Columbia

| | |
|---|---|
| US DOMINION, INC., et al., | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:21-CV-00445 (CJN) |
| MY PILLOW, INC., et al., | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Peach County, GA Board of Elections & Registration,
205 W. Church St., Suite 201, Ft. Valley, GA 31030-0853

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment.

| Place: Office of the Peach County, GA Board of Elections & Registration, 205 W. Church St., Suite 201, Ft. Valley, GA 31030-0853. Production by electronic transfer or mail is preferred. | Date and Time: September 30, 2022 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/02/2022

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Andrew D. Parker |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants
My Pillow, Inc., and Michael J. Lindell _____, who issues or requests this subpoena, are:

Andrew D. Parker, 123 North Third Street, Suite 888, Minneapolis, Minnesota 55401, parker@parkerdk.com, 612-355-4100

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:21-CV-00445 (CJN)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                          *Server's signature*

                                 _____
                                          *Printed name and title*

                                 _____
                                          *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit A**

**Definitions**

1. "Adjudication" refers to the process of reviewing a voter's ballot to determine what votes were intended by the voter who cast the ballot.

2. "Ballot marking device" refers to any electronic device used to complete an electronic ballot which is then printed onto paper.

3. "Ballot scanner" refers to an electronic device that provides optical scanning of ballots to produce a digital image of the ballot and/or to read the votes marked on the ballot.

4. "Client" refers to a computer that connects to a computer server.

5. "Controlling computer" refers to a computer connected to another electronic device, that is used to control the behavior of the connected electronic device.

6. "Document" refers to any writing or electronically stored information stored in any medium from which information can be obtained, including drawings, graphs, charts, photographs, sound recordings, video recordings, images, or other data or data compilations, within the meaning of Fed. R. Civ. P. 34(a)(1)(A).

7. "Drive" or "drives" refers to any medium for the storage of electronic or digital data.

8. "EMS" refers to an Election Management System or any set of electronic equipment used to facilitate the counting, tabulation, and reporting of results in a public election.

9. "Electronic election system" refers to all electronic or computerized devices and equipment used to cast ballots, count votes, tabulate votes, or report results in an election.

10. "EnCase" refers to the digital forensic data collection and investigation technology produced by Guidance Software.

11. "Forensic copy" refers to a file-level exact duplication of electronic data.

12. "Forensic image" refers to a bit-by-bit, sector-by-sector direct copy of a physical storage devices containing electronic data, including all files, folders and unallocated, free, and slack space.

13. "ImageCast Central" or "ICC" refers to the electronic system distributed by Dominion Voting with that name.

14. "ImageCast Evolution" or "ICE" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device and tabulator.

1

15. "ImageCast Precinct" or "ICP" refers to the electronic device distributed by Dominion Voting, with that name, that can optically scan and tabulate votes from paper ballots.

16. "ImageCast X" or "ICX" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device.

17. "November 2020 Election" refers to the general election in the United States for which Election Day was November 3, 2020.

18. "Server" refers to a computer server or computer that stores, processes, and manages data for other computers or devices on a computer network.

19. "Storage device" refers to any medium for the storage of electronic or digital data.

20. "Tabulator" refers to any electronic device used to count or tabulate votes from paper ballots.

21. "Workstation" refers to an individual computer, which may or may not be connected to a computer network, used to facilitate one or more specific tasks or processes.

22. "You" and "Your" refer to the recipient of this subpoena.

## Items to Produce

Produce the following documents, communications, and electronic data in Your possession, custody, or control:

1. Forensic images, in EnCase format, of each of the following objects used in connection with the November 2020 Election:

    a. All drives attached to or affiliated with an EMS Server

    b. All drives attached to or affiliated with any workstation used as an EMS Client

    c. All drives attached to or affiliated with any ImageCast Central Workstations

    d. All drives attached to or affiliated with any Adjudication Workstations

    e. All drives attached to or affiliated with the controlling computer for any ballot scanner such as HiPro, Canon, etc.

    f. All drives attached to or affiliated with any device used in conjunction with the election as a communications server or virtual private network server/concentrator

    g. All SD Cards, USB Drives or other storage devices that were inserted into or removed from all tabulators, ballot marking devices or other device that was used for the tabulation of votes

    h. All ImageCast X, ImageCast Precinct, and ImageCast Evolution devices

2

2. The following electronic files:

    a. Forensic copies of all slog.txt files and .dvd files generated from tabulators and ballot marking devices

    b. Forensic copies of all data items related to the November 2020 Election subject to the 22 month voter records retention requirement under U.S. federal law

3. The following information related to electronic election system architecture:

    a. A network diagram including all devices, mac addresses and assigned IP addresses for Your complete electronic election system, including but not limited to the EMS Server, all networked devices on the EMS Server network (routers, switches, communications servers, modems, etc), and all devices attached to the resident network for the voter registration server

    b. For each ballot marking device, ballot scanner, and tabulator, the media access control (MAC) address for each communication device connected to the ballot marking device, ballot scanner, or tabulator at any time between January 1, 2019 and November 30, 2020

    c. Copies of all network logs, PCAPs, netflow data and access control logs from networking devices associated with the EMS

    d. Credentials to permit access through all whole disk or file encryption technologies utilized in any part of Your electronic election system that is produced in response to this subpoena, including but not limited to BitLocker, TrueCrypt, and VeraCrypt technologies

    e. A list of all personnel who had access to the EMS Server or any EMS server-connected computing device for the period January 1, 2019 through November 30, 2020.  Provide the name of the person, the account utilized, the devices accessed and the duration of the access.

4. The following information related to the results of the November 2020 Election:

    a. Copies of all tabulator poll closing reports and tabulator reports generated by each precinct and polling location, detailing with date and time the number of in person voters, the number of same day voter registrations (if applicable), and the final totals for the precinct

    b. Copies of the certified final election results that were used to determine the official outcomes of the election contests

    c. Copies of any document, report, or spreadsheet that was produced in relation to the November 2020 Election

5. All documents related to any indication of any intrusion attempt into Your electronic election system.

6. Copies of all cellular bills and connections supporting Your ballot scanners and ballot marking devices. These records should include the International Mobile Equipment Identity (IEMI) number, Temporary Mobile Subscriber Identity (TMSI) number, originating phone number, destination phone number, date and time of call origination, and call duration.

7. Copies of all contracts and agreements with the suppliers of any of Your electronic election system equipment, devices, software, or support services.

8. Copies of all contracts and agreements related to network security, network monitoring, or cybersecurity concerning all or any part of Your electronic election system.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

US DOMINION, INC., et al.,

    Plaintiffs/Counter-Defendants,

    v.

MY PILLOW, INC., et al.,

    Defendants/Counter-Plaintiffs/
    Third-Party Plaintiffs,

    v.

SMARTMATIC USA CORP., et al.,

    Third-Party Defendants.

Case No. 1:21-cv-00445-CJN
Judge Carl J. Nichols

**Notice of Subpoena**

PLEASE TAKE NOTICE that Defendants My Pillow, Inc. and Michael Lindell intend to serve a subpoena *duces tecum*, pursuant to Fed. R. Civ. P. 45, upon the Pueblo County, CO Clerk and Recorder, Pueblo County Historical Courthouse, 215 W. 10 Street, Pueblo, CO 81003. A copy of the subpoena and associated exhibit is attached hereto.

Dated: September 2, 2022

**PARKER DANIELS KIBORT LLC**

By */s/ Andrew D. Parker*
    Andrew D. Parker (D.C. Bar No. 63279)
    888 Colwell Building
    123 N. Third Street
    Minneapolis, MN 55401
    Telephone: (612) 355-4100
    Facsimile: (612) 355-4101
    parker@parkerdk.com

1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Columbia

| | |
|---|---|
| US DOMINION, INC., et al., | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.  1:21-CV-00445 (CJN) |
| MY PILLOW, INC., et al., | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Pueblo County Clerk and Recorder
Pueblo County Historical Courthouse
215 W. 10 Street, Pueblo, CO 81003

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment.

| Place: Office of the Pueblo County Clerk and Recorder, Pueblo County Historical Courthouse, 215 W. 10th Street, Pueblo, CO 81003. Production by electronic transfer or mail is preferred. | Date and Time: September 30, 2022 |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/02/2022

| _CLERK OF COURT_ | OR | |
|---|---|---|
| | | /s/ Andrew D. Parker |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_  Defendants
My Pillow, Inc., and Michael J. Lindell                                    , who issues or requests this subpoena, are:

Andrew D. Parker, 123 North Third Street, Suite 888, Minneapolis, Minnesota 55401, parker@parkerdk.com, 612-355-4100

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:21-CV-00445 (CJN)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Exhibit A

**Definitions**

1. "Adjudication" refers to the process of reviewing a voter's ballot to determine what votes were intended by the voter who cast the ballot.

2. "Ballot marking device" refers to any electronic device used to complete an electronic ballot which is then printed onto paper.

3. "Ballot scanner" refers to an electronic device that provides optical scanning of ballots to produce a digital image of the ballot and/or to read the votes marked on the ballot.

4. "Client" refers to a computer that connects to a computer server.

5. "Controlling computer" refers to a computer connected to another electronic device, that is used to control the behavior of the connected electronic device.

6. "Document" refers to any writing or electronically stored information stored in any medium from which information can be obtained, including drawings, graphs, charts, photographs, sound recordings, video recordings, images, or other data or data compilations, within the meaning of Fed. R. Civ. P. 34(a)(1)(A).

7. "Drive" or "drives" refers to any medium for the storage of electronic or digital data.

8. "EMS" refers to an Election Management System or any set of electronic equipment used to facilitate the counting, tabulation, and reporting of results in a public election.

9. "Electronic election system" refers to all electronic or computerized devices and equipment used to cast ballots, count votes, tabulate votes, or report results in an election.

10. "EnCase" refers to the digital forensic data collection and investigation technology produced by Guidance Software.

11. "Forensic copy" refers to a file-level exact duplication of electronic data.

12. "Forensic image" refers to a bit-by-bit, sector-by-sector direct copy of a physical storage devices containing electronic data, including all files, folders and unallocated, free, and slack space.

13. "ImageCast Central" or "ICC" refers to the electronic system distributed by Dominion Voting with that name.

14. "ImageCast Evolution" or "ICE" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device and tabulator.

15. "ImageCast Precinct" or "ICP" refers to the electronic device distributed by Dominion Voting, with that name, that can optically scan and tabulate votes from paper ballots.

16. "ImageCast X" or "ICX" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device.

17. "November 2020 Election" refers to the general election in the United States for which Election Day was November 3, 2020.

18. "Server" refers to a computer server or computer that stores, processes, and manages data for other computers or devices on a computer network.

19. "Storage device" refers to any medium for the storage of electronic or digital data.

20. "Tabulator" refers to any electronic device used to count or tabulate votes from paper ballots.

21. "Workstation" refers to an individual computer, which may or may not be connected to a computer network, used to facilitate one or more specific tasks or processes.

22. "You" and "Your" refer to the recipient of this subpoena.

## Items to Produce

Produce the following documents, communications, and electronic data in Your possession, custody, or control:

1. Forensic images, in EnCase format, of each of the following objects used in connection with the November 2020 Election:

   a. All drives attached to or affiliated with an EMS Server

   b. All drives attached to or affiliated with any workstation used as an EMS Client

   c. All drives attached to or affiliated with any ImageCast Central Workstations

   d. All drives attached to or affiliated with any Adjudication Workstations

   e. All drives attached to or affiliated with the controlling computer for any ballot scanner such as HiPro, Canon, etc.

   f. All drives attached to or affiliated with any device used in conjunction with the election as a communications server or virtual private network server/concentrator

   g. All SD Cards, USB Drives or other storage devices that were inserted into or removed from all tabulators, ballot marking devices or other device that was used for the tabulation of votes

   h. All ImageCast X, ImageCast Precinct, and ImageCast Evolution devices

2

2. The following electronic files:

    a.   Forensic copies of all slog.txt files and .dvd files generated from tabulators and ballot marking devices

    b.   Forensic copies of all data items related to the November 2020 Election subject to the 22 month voter records retention requirement under U.S. federal law

3. The following information related to electronic election system architecture:

    a.   A network diagram including all devices, mac addresses and assigned IP addresses for Your complete electronic election system, including but not limited to the EMS Server, all networked devices on the EMS Server network (routers, switches, communications servers, modems, etc), and all devices attached to the resident network for the voter registration server

    b.   For each ballot marking device, ballot scanner, and tabulator, the media access control (MAC) address for each communication device connected to the ballot marking device, ballot scanner, or tabulator at any time between January 1, 2019 and November 30, 2020

    c.   Copies of all network logs, PCAPs, netflow data and access control logs from networking devices associated with the EMS

    d.   Credentials to permit access through all whole disk or file encryption technologies utilized in any part of Your electronic election system that is produced in response to this subpoena, including but not limited to BitLocker, TrueCrypt, and VeraCrypt technologies

    e.   A list of all personnel who had access to the EMS Server or any EMS server-connected computing device for the period January 1, 2019 through November 30, 2020.  Provide the name of the person, the account utilized, the devices accessed and the duration of the access.

4. The following information related to the results of the November 2020 Election:

    a.   Copies of all tabulator poll closing reports and tabulator reports generated by each precinct and polling location, detailing with date and time the number of in person voters, the number of same day voter registrations (if applicable), and the final totals for the precinct

    b.   Copies of the certified final election results that were used to determine the official outcomes of the election contests

    c.   Copies of any document, report, or spreadsheet that was produced in relation to the November 2020 Election

5. All documents related to any indication of any intrusion attempt into Your electronic election system.

6. Copies of all cellular bills and connections supporting Your ballot scanners and ballot marking devices. These records should include the International Mobile Equipment Identity (IEMI) number, Temporary Mobile Subscriber Identity (TMSI) number, originating phone number, destination phone number, date and time of call origination, and call duration.

7. Copies of all contracts and agreements with the suppliers of any of Your electronic election system equipment, devices, software, or support services.

8. Copies of all contracts and agreements related to network security, network monitoring, or cybersecurity concerning all or any part of Your electronic election system.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., et al., | Case No. 1:21-cv-00445-CJN |
| Plaintiffs/Counter-Defendants, | Judge Carl J. Nichols |
| v. | |
| MY PILLOW, INC., et al., | **Notice of Subpoena** |
| Defendants/Counter-Plaintiffs/ Third-Party Plaintiffs, | |
| v. | |
| SMARTMATIC USA CORP., et al., | |
| Third-Party Defendants. | |

PLEASE TAKE NOTICE that Defendants My Pillow, Inc. and Michael Lindell intend to serve a subpoena *duces tecum*, pursuant to Fed. R. Civ. P. 45, upon the Saginaw County, MI Clerk, 111 S. Michigan Avenue, Room 101, Saginaw, MI 48602. A copy of the subpoena and associated exhibit is attached hereto.

Dated: September 2, 2022

**PARKER DANIELS KIBORT LLC**

By */s/ Andrew D. Parker*
Andrew D. Parker (D.C. Bar No. 63279)
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
Telephone: (612) 355-4100
Facsimile: (612) 355-4101
parker@parkerdk.com

1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Columbia

| | | |
|---|---|---|
| US DOMINION, INC., et al., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:21-CV-00445 (CJN) |
| MY PILLOW, INC., et al., | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: 
Saginaw County Clerk
111 S. Michigan Avenue, Room 101, Saginaw, MI 48602

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment.

| Place: Office of the Saginaw County Clerk, 111 S. Michigan Avenue, Room 101, Saginaw, MI 48602 Production by electronic transfer or mail is preferred. | Date and Time: September 30, 2022 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/02/2022

*CLERK OF COURT*

OR

_____
*Signature of Clerk or Deputy Clerk*

/s/ Andrew D. Parker
_____
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants
My Pillow, Inc., and Michael J. Lindell _____ , who issues or requests this subpoena, are:

Andrew D. Parker, 123 North Third Street, Suite 888, Minneapolis, Minnesota 55401, parker@parkerdk.com, 612-355-4100

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:21-CV-00445 (CJN)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit A

**Definitions**

1. "Adjudication" refers to the process of reviewing a voter's ballot to determine what votes were intended by the voter who cast the ballot.

2. "Ballot marking device" refers to any electronic device used to complete an electronic ballot which is then printed onto paper.

3. "Ballot scanner" refers to an electronic device that provides optical scanning of ballots to produce a digital image of the ballot and/or to read the votes marked on the ballot.

4. "Client" refers to a computer that connects to a computer server.

5. "Controlling computer" refers to a computer connected to another electronic device, that is used to control the behavior of the connected electronic device.

6. "Document" refers to any writing or electronically stored information stored in any medium from which information can be obtained, including drawings, graphs, charts, photographs, sound recordings, video recordings, images, or other data or data compilations, within the meaning of Fed. R. Civ. P. 34(a)(1)(A).

7. "Drive" or "drives" refers to any medium for the storage of electronic or digital data.

8. "EMS" refers to an Election Management System or any set of electronic equipment used to facilitate the counting, tabulation, and reporting of results in a public election.

9. "Electronic election system" refers to all electronic or computerized devices and equipment used to cast ballots, count votes, tabulate votes, or report results in an election.

10. "EnCase" refers to the digital forensic data collection and investigation technology produced by Guidance Software.

11. "Forensic copy" refers to a file-level exact duplication of electronic data.

12. "Forensic image" refers to a bit-by-bit, sector-by-sector direct copy of a physical storage devices containing electronic data, including all files, folders and unallocated, free, and slack space.

13. "ImageCast Central" or "ICC" refers to the electronic system distributed by Dominion Voting with that name.

14. "ImageCast Evolution" or "ICE" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device and tabulator.

1

15. "ImageCast Precinct" or "ICP" refers to the electronic device distributed by Dominion Voting, with that name, that can optically scan and tabulate votes from paper ballots.

16. "ImageCast X" or "ICX" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device.

17. "November 2020 Election" refers to the general election in the United States for which Election Day was November 3, 2020.

18. "Server" refers to a computer server or computer that stores, processes, and manages data for other computers or devices on a computer network.

19. "Storage device" refers to any medium for the storage of electronic or digital data.

20. "Tabulator" refers to any electronic device used to count or tabulate votes from paper ballots.

21. "Workstation" refers to an individual computer, which may or may not be connected to a computer network, used to facilitate one or more specific tasks or processes.

22. "You" and "Your" refer to the recipient of this subpoena.

## Items to Produce

Produce the following documents, communications, and electronic data in Your possession, custody, or control:

1. Forensic images, in EnCase format, of each of the following objects used in connection with the November 2020 Election:

    a. All drives attached to or affiliated with an EMS Server

    b. All drives attached to or affiliated with any workstation used as an EMS Client

    c. All drives attached to or affiliated with any ImageCast Central Workstations

    d. All drives attached to or affiliated with any Adjudication Workstations

    e. All drives attached to or affiliated with the controlling computer for any ballot scanner such as HiPro, Canon, etc.

    f. All drives attached to or affiliated with any device used in conjunction with the election as a communications server or virtual private network server/concentrator

    g. All SD Cards, USB Drives or other storage devices that were inserted into or removed from all tabulators, ballot marking devices or other device that was used for the tabulation of votes

    h. All ImageCast X, ImageCast Precinct, and ImageCast Evolution devices

2. The following electronic files:

    a. Forensic copies of all slog.txt files and .dvd files generated from tabulators and ballot marking devices

    b. Forensic copies of all data items related to the November 2020 Election subject to the 22 month voter records retention requirement under U.S. federal law

3. The following information related to electronic election system architecture:

    a. A network diagram including all devices, mac addresses and assigned IP addresses for Your complete electronic election system, including but not limited to the EMS Server, all networked devices on the EMS Server network (routers, switches, communications servers, modems, etc), and all devices attached to the resident network for the voter registration server

    b. For each ballot marking device, ballot scanner, and tabulator, the media access control (MAC) address for each communication device connected to the ballot marking device, ballot scanner, or tabulator at any time between January 1, 2019 and November 30, 2020

    c. Copies of all network logs, PCAPs, netflow data and access control logs from networking devices associated with the EMS

    d. Credentials to permit access through all whole disk or file encryption technologies utilized in any part of Your electronic election system that is produced in response to this subpoena, including but not limited to BitLocker, TrueCrypt, and VeraCrypt technologies

    e. A list of all personnel who had access to the EMS Server or any EMS server-connected computing device for the period January 1, 2019 through November 30, 2020.  Provide the name of the person, the account utilized, the devices accessed and the duration of the access.

4. The following information related to the results of the November 2020 Election:

    a. Copies of all tabulator poll closing reports and tabulator reports generated by each precinct and polling location, detailing with date and time the number of in person voters, the number of same day voter registrations (if applicable), and the final totals for the precinct

    b. Copies of the certified final election results that were used to determine the official outcomes of the election contests

    c. Copies of any document, report, or spreadsheet that was produced in relation to the November 2020 Election

5.  All documents related to any indication of any intrusion attempt into Your electronic election system.

6.  Copies of all cellular bills and connections supporting Your ballot scanners and ballot marking devices.  These records should include the International Mobile Equipment Identity (IEMI) number, Temporary Mobile Subscriber Identity (TMSI) number, originating phone number, destination phone number, date and time of call origination, and call duration.

7.  Copies of all contracts and agreements with the suppliers of any of Your electronic election system equipment, devices, software, or support services.

8.  Copies of all contracts and agreements related to network security, network monitoring, or cybersecurity concerning all or any part of Your electronic election system.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

US DOMINION, INC., et al.,

     Plaintiffs/Counter-Defendants,

     v.

MY PILLOW, INC., et al.,

     Defendants/Counter-Plaintiffs/
     Third-Party Plaintiffs,

     v.

SMARTMATIC USA CORP., et al.,

     Third-Party Defendants.

Case No. 1:21-cv-00445-CJN
Judge Carl J. Nichols

**Notice of Subpoena**

PLEASE TAKE NOTICE that Defendants My Pillow, Inc. and Michael Lindell intend to serve a subpoena *duces tecum*, pursuant to Fed. R. Civ. P. 45, upon the Scott County, MN Elections Department, 200 4th Avenue W., Shakopee, MN 55379. A copy of the subpoena and associated exhibit is attached hereto.

Dated: September 2, 2022

**PARKER DANIELS KIBORT LLC**

By */s/ Andrew D. Parker*
    Andrew D. Parker (D.C. Bar No. 63279)
    888 Colwell Building
    123 N. Third Street
    Minneapolis, MN 55401
    Telephone: (612) 355-4100
    Facsimile: (612) 355-4101
    parker@parkerdk.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Columbia

| | | |
|---|---|---|
| US DOMINION, INC., et al., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:21-CV-00445 (CJN) |
| MY PILLOW, INC., et al., | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Scott County, MN Elections Department
200 4th Avenue W., Shakopee, MN 55379

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment.

| Place: Office of the Parker Daniels Kibort, 888 Colwell Building, 123 North Third Street, Minneapolis, MN 55401. Production by electronic transfer or mail is preferred. | Date and Time: September 30, 2022 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/02/2022

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| | | /s/ Andrew D. Parker |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants My Pillow, Inc., and Michael J. Lindell , who issues or requests this subpoena, are:

Andrew D. Parker, 123 North Third Street, Suite 888, Minneapolis, Minnesota 55401, parker@parkerdk.com, 612-355-4100

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:21-CV-00445 (CJN)

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $       0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit A**

**Definitions**

1. "Adjudication" refers to the process of reviewing a voter's ballot to determine what votes were intended by the voter who cast the ballot.

2. "Ballot marking device" refers to any electronic device used to complete an electronic ballot which is then printed onto paper.

3. "Ballot scanner" refers to an electronic device that provides optical scanning of ballots to produce a digital image of the ballot and/or to read the votes marked on the ballot.

4. "Client" refers to a computer that connects to a computer server.

5. "Controlling computer" refers to a computer connected to another electronic device, that is used to control the behavior of the connected electronic device.

6. "Document" refers to any writing or electronically stored information stored in any medium from which information can be obtained, including drawings, graphs, charts, photographs, sound recordings, video recordings, images, or other data or data compilations, within the meaning of Fed. R. Civ. P. 34(a)(1)(A).

7. "Drive" or "drives" refers to any medium for the storage of electronic or digital data.

8. "EMS" refers to an Election Management System or any set of electronic equipment used to facilitate the counting, tabulation, and reporting of results in a public election.

9. "Electronic election system" refers to all electronic or computerized devices and equipment used to cast ballots, count votes, tabulate votes, or report results in an election.

10. "EnCase" refers to the digital forensic data collection and investigation technology produced by Guidance Software.

11. "Forensic copy" refers to a file-level exact duplication of electronic data.

12. "Forensic image" refers to a bit-by-bit, sector-by-sector direct copy of a physical storage devices containing electronic data, including all files, folders and unallocated, free, and slack space.

13. "ImageCast Central" or "ICC" refers to the electronic system distributed by Dominion Voting with that name.

14. "ImageCast Evolution" or "ICE" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device and tabulator.

15. "ImageCast Precinct" or "ICP" refers to the electronic device distributed by Dominion Voting, with that name, that can optically scan and tabulate votes from paper ballots.

16. "ImageCast X" or "ICX" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device.

17. "November 2020 Election" refers to the general election in the United States for which Election Day was November 3, 2020.

18. "Server" refers to a computer server or computer that stores, processes, and manages data for other computers or devices on a computer network.

19. "Storage device" refers to any medium for the storage of electronic or digital data.

20. "Tabulator" refers to any electronic device used to count or tabulate votes from paper ballots.

21. "Workstation" refers to an individual computer, which may or may not be connected to a computer network, used to facilitate one or more specific tasks or processes.

22. "You" and "Your" refer to the recipient of this subpoena.

## Items to Produce

Produce the following documents, communications, and electronic data in Your possession, custody, or control:

1. Forensic images, in EnCase format, of each of the following objects used in connection with the November 2020 Election:

   a. All drives attached to or affiliated with an EMS Server

   b. All drives attached to or affiliated with any workstation used as an EMS Client

   c. All drives attached to or affiliated with any ImageCast Central Workstations

   d. All drives attached to or affiliated with any Adjudication Workstations

   e. All drives attached to or affiliated with the controlling computer for any ballot scanner such as HiPro, Canon, etc.

   f. All drives attached to or affiliated with any device used in conjunction with the election as a communications server or virtual private network server/concentrator

   g. All SD Cards, USB Drives or other storage devices that were inserted into or removed from all tabulators, ballot marking devices or other device that was used for the tabulation of votes

   h. All ImageCast X, ImageCast Precinct, and ImageCast Evolution devices

2. The following electronic files:

   a. Forensic copies of all slog.txt files and .dvd files generated from tabulators and ballot marking devices

   b. Forensic copies of all data items related to the November 2020 Election subject to the 22 month voter records retention requirement under U.S. federal law

3. The following information related to electronic election system architecture:

   a. A network diagram including all devices, mac addresses and assigned IP addresses for Your complete electronic election system, including but not limited to the EMS Server, all networked devices on the EMS Server network (routers, switches, communications servers, modems, etc), and all devices attached to the resident network for the voter registration server

   b. For each ballot marking device, ballot scanner, and tabulator, the media access control (MAC) address for each communication device connected to the ballot marking device, ballot scanner, or tabulator at any time between January 1, 2019 and November 30, 2020

   c. Copies of all network logs, PCAPs, netflow data and access control logs from networking devices associated with the EMS

   d. Credentials to permit access through all whole disk or file encryption technologies utilized in any part of Your electronic election system that is produced in response to this subpoena, including but not limited to BitLocker, TrueCrypt, and VeraCrypt technologies

   e. A list of all personnel who had access to the EMS Server or any EMS server-connected computing device for the period January 1, 2019 through November 30, 2020. Provide the name of the person, the account utilized, the devices accessed and the duration of the access.

4. The following information related to the results of the November 2020 Election:

   a. Copies of all tabulator poll closing reports and tabulator reports generated by each precinct and polling location, detailing with date and time the number of in person voters, the number of same day voter registrations (if applicable), and the final totals for the precinct

   b. Copies of the certified final election results that were used to determine the official outcomes of the election contests

   c. Copies of any document, report, or spreadsheet that was produced in relation to the November 2020 Election

5. All documents related to any indication of any intrusion attempt into Your electronic election system.

6. Copies of all cellular bills and connections supporting Your ballot scanners and ballot marking devices. These records should include the International Mobile Equipment Identity (IEMI) number, Temporary Mobile Subscriber Identity (TMSI) number, originating phone number, destination phone number, date and time of call origination, and call duration.

7. Copies of all contracts and agreements with the suppliers of any of Your electronic election system equipment, devices, software, or support services.

8. Copies of all contracts and agreements related to network security, network monitoring, or cybersecurity concerning all or any part of Your electronic election system.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., et al., | Case No. 1:21-cv-00445-CJN |
| Plaintiffs/Counter-Defendants, | Judge Carl J. Nichols |
| v. | |
| MY PILLOW, INC., et al., | **Notice of Subpoena** |
| Defendants/Counter-Plaintiffs/<br>Third-Party Plaintiffs, | |
| v. | |
| SMARTMATIC USA CORP., et al., | |
| Third-Party Defendants. | |

PLEASE TAKE NOTICE that Defendants My Pillow, Inc. and Michael Lindell intend to serve a subpoena *duces tecum*, pursuant to Fed. R. Civ. P. 45, upon the St. Lucie County, FL Supervisor of Elections, Orange Blossom Business Center, 4132 Okeechobee Rd. Fort Pierce, FL 34947. A copy of the subpoena and associated exhibit is attached hereto.

Dated: September 2, 2022

**PARKER DANIELS KIBORT LLC**

By */s/ Andrew D. Parker*
Andrew D. Parker (D.C. Bar No. 63279)
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
Telephone: (612) 355-4100
Facsimile: (612) 355-4101
parker@parkerdk.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Columbia

| | |
|---|---|
| US DOMINION, INC., et al., | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 1:21-CV-00445 (CJN) |
| MY PILLOW, INC., et al., | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
St. Lucie County, FL Supervisor of Elections
Orange Blossom Business Center
4132 Okeechobee Rd. Fort Pierce, FL 34947
_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment.

| | |
|---|---|
| Place: Office of the St. Lucie County, FL Supervisor of Elections, Orange Blossom Business Center, 4132 Okeechobee Rd. Fort Pierce, FL 34947. Production by electronic transfer or mail is preferred. | Date and Time: September 30, 2022 |

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/02/2022

| _CLERK OF COURT_ | OR | |
|---|---|---|
| | | /s/ Andrew D. Parker |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ **Defendants**
My Pillow, Inc., and Michael J. Lindell _____ , who issues or requests this subpoena, are:

Andrew D. Parker, 123 North Third Street, Suite 888, Minneapolis, Minnesota 55401, parker@parkerdk.com, 612-355-4100

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:21-CV-00445 (CJN)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit A

**Definitions**

1. "Adjudication" refers to the process of reviewing a voter's ballot to determine what votes were intended by the voter who cast the ballot.

2. "Ballot marking device" refers to any electronic device used to complete an electronic ballot which is then printed onto paper.

3. "Ballot scanner" refers to an electronic device that provides optical scanning of ballots to produce a digital image of the ballot and/or to read the votes marked on the ballot.

4. "Client" refers to a computer that connects to a computer server.

5. "Controlling computer" refers to a computer connected to another electronic device, that is used to control the behavior of the connected electronic device.

6. "Document" refers to any writing or electronically stored information stored in any medium from which information can be obtained, including drawings, graphs, charts, photographs, sound recordings, video recordings, images, or other data or data compilations, within the meaning of Fed. R. Civ. P. 34(a)(1)(A).

7. "Drive" or "drives" refers to any medium for the storage of electronic or digital data.

8. "EMS" refers to an Election Management System or any set of electronic equipment used to facilitate the counting, tabulation, and reporting of results in a public election.

9. "Electronic election system" refers to all electronic or computerized devices and equipment used to cast ballots, count votes, tabulate votes, or report results in an election.

10. "EnCase" refers to the digital forensic data collection and investigation technology produced by Guidance Software.

11. "Forensic copy" refers to a file-level exact duplication of electronic data.

12. "Forensic image" refers to a bit-by-bit, sector-by-sector direct copy of a physical storage devices containing electronic data, including all files, folders and unallocated, free, and slack space.

13. "ImageCast Central" or "ICC" refers to the electronic system distributed by Dominion Voting with that name.

14. "ImageCast Evolution" or "ICE" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device and tabulator.

15. "ImageCast Precinct" or "ICP" refers to the electronic device distributed by Dominion Voting, with that name, that can optically scan and tabulate votes from paper ballots.

16. "ImageCast X" or "ICX" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device.

17. "November 2020 Election" refers to the general election in the United States for which Election Day was November 3, 2020.

18. "Server" refers to a computer server or computer that stores, processes, and manages data for other computers or devices on a computer network.

19. "Storage device" refers to any medium for the storage of electronic or digital data.

20. "Tabulator" refers to any electronic device used to count or tabulate votes from paper ballots.

21. "Workstation" refers to an individual computer, which may or may not be connected to a computer network, used to facilitate one or more specific tasks or processes.

22. "You" and "Your" refer to the recipient of this subpoena.

**Items to Produce**

Produce the following documents, communications, and electronic data in Your possession, custody, or control:

1. Forensic images, in EnCase format, of each of the following objects used in connection with the November 2020 Election:

   a. All drives attached to or affiliated with an EMS Server

   b. All drives attached to or affiliated with any workstation used as an EMS Client

   c. All drives attached to or affiliated with any ImageCast Central Workstations

   d. All drives attached to or affiliated with any Adjudication Workstations

   e. All drives attached to or affiliated with the controlling computer for any ballot scanner such as HiPro, Canon, etc.

   f. All drives attached to or affiliated with any device used in conjunction with the election as a communications server or virtual private network server/concentrator

   g. All SD Cards, USB Drives or other storage devices that were inserted into or removed from all tabulators, ballot marking devices or other device that was used for the tabulation of votes

   h. All ImageCast X, ImageCast Precinct, and ImageCast Evolution devices

2

2. The following electronic files:

    a. Forensic copies of all slog.txt files and .dvd files generated from tabulators and ballot marking devices

    b. Forensic copies of all data items related to the November 2020 Election subject to the 22 month voter records retention requirement under U.S. federal law

3. The following information related to electronic election system architecture:

    a. A network diagram including all devices, mac addresses and assigned IP addresses for Your complete electronic election system, including but not limited to the EMS Server, all networked devices on the EMS Server network (routers, switches, communications servers, modems, etc), and all devices attached to the resident network for the voter registration server

    b. For each ballot marking device, ballot scanner, and tabulator, the media access control (MAC) address for each communication device connected to the ballot marking device, ballot scanner, or tabulator at any time between January 1, 2019 and November 30, 2020

    c. Copies of all network logs, PCAPs, netflow data and access control logs from networking devices associated with the EMS

    d. Credentials to permit access through all whole disk or file encryption technologies utilized in any part of Your electronic election system that is produced in response to this subpoena, including but not limited to BitLocker, TrueCrypt, and VeraCrypt technologies

    e. A list of all personnel who had access to the EMS Server or any EMS server-connected computing device for the period January 1, 2019 through November 30, 2020.  Provide the name of the person, the account utilized, the devices accessed and the duration of the access.

4. The following information related to the results of the November 2020 Election:

    a. Copies of all tabulator poll closing reports and tabulator reports generated by each precinct and polling location, detailing with date and time the number of in person voters, the number of same day voter registrations (if applicable), and the final totals for the precinct

    b. Copies of the certified final election results that were used to determine the official outcomes of the election contests

    c. Copies of any document, report, or spreadsheet that was produced in relation to the November 2020 Election

5. All documents related to any indication of any intrusion attempt into Your electronic election system.

6. Copies of all cellular bills and connections supporting Your ballot scanners and ballot marking devices. These records should include the International Mobile Equipment Identity (IEMI) number, Temporary Mobile Subscriber Identity (TMSI) number, originating phone number, destination phone number, date and time of call origination, and call duration.

7. Copies of all contracts and agreements with the suppliers of any of Your electronic election system equipment, devices, software, or support services.

8. Copies of all contracts and agreements related to network security, network monitoring, or cybersecurity concerning all or any part of Your electronic election system.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., et al., | Case No. 1:21-cv-00445-CJN |
| Plaintiffs/Counter-Defendants, | Judge Carl J. Nichols |
| v. | |
| MY PILLOW, INC., et al., | **Notice of Subpoena** |
| Defendants/Counter-Plaintiffs/ Third-Party Plaintiffs, | |
| v. | |
| SMARTMATIC USA CORP., et al., | |
| Third-Party Defendants. | |

PLEASE TAKE NOTICE that Defendants My Pillow, Inc. and Michael Lindell intend to serve a subpoena *duces tecum*, pursuant to Fed. R. Civ. P. 45, upon the Valencia County, NM Clerk, 444 Luna Avenue, Los Lunas, NM 87031. A copy of the subpoena and associated exhibit is attached hereto.

Dated: September 2, 2022    **PARKER DANIELS KIBORT LLC**

By */s/ Andrew D. Parker*
Andrew D. Parker (D.C. Bar No. 63279)
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
Telephone: (612) 355-4100
Facsimile: (612) 355-4101
parker@parkerdk.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Columbia

| US DOMINION, INC., et al., | ) |
| :--- | :--- |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:21-CV-00445 (CJN) |
| MY PILLOW, INC., et al., | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:       Valencia County, NM Clerk
444 Luna Avenue, Los Lunas, NM 87031

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment.

| Place: Office of the Valencia County, NM Clerk, 444 Luna Avenue, Los Lunas, NM 87031. Production by electronic transfer or mail is preferred. | Date and Time: September  30, 2022 |
| :--- | :--- |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
| :--- | :--- |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     09/02/2022

| *CLERK OF COURT* | | |
| :--- | :--- | :--- |
| | OR | |
| _____ | | /s/ Andrew D. Parker |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Defendants
My Pillow, Inc., and Michael J. Lindell                              , who issues or requests this subpoena, are:

Andrew D. Parker, 123 North Third Street, Suite 888, Minneapolis, Minnesota 55401, parker@parkerdk.com, 612-355-4100

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:21-CV-00445 (CJN)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit A**

**Definitions**

1. "Adjudication" refers to the process of reviewing a voter's ballot to determine what votes were intended by the voter who cast the ballot.

2. "Ballot marking device" refers to any electronic device used to complete an electronic ballot which is then printed onto paper.

3. "Ballot scanner" refers to an electronic device that provides optical scanning of ballots to produce a digital image of the ballot and/or to read the votes marked on the ballot.

4. "Client" refers to a computer that connects to a computer server.

5. "Controlling computer" refers to a computer connected to another electronic device, that is used to control the behavior of the connected electronic device.

6. "Document" refers to any writing or electronically stored information stored in any medium from which information can be obtained, including drawings, graphs, charts, photographs, sound recordings, video recordings, images, or other data or data compilations, within the meaning of Fed. R. Civ. P. 34(a)(1)(A).

7. "Drive" or "drives" refers to any medium for the storage of electronic or digital data.

8. "EMS" refers to an Election Management System or any set of electronic equipment used to facilitate the counting, tabulation, and reporting of results in a public election.

9. "Electronic election system" refers to all electronic or computerized devices and equipment used to cast ballots, count votes, tabulate votes, or report results in an election.

10. "EnCase" refers to the digital forensic data collection and investigation technology produced by Guidance Software.

11. "Forensic copy" refers to a file-level exact duplication of electronic data.

12. "Forensic image" refers to a bit-by-bit, sector-by-sector direct copy of a physical storage devices containing electronic data, including all files, folders and unallocated, free, and slack space.

13. "ImageCast Central" or "ICC" refers to the electronic system distributed by Dominion Voting with that name.

14. "ImageCast Evolution" or "ICE" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device and tabulator.

15. "ImageCast Precinct" or "ICP" refers to the electronic device distributed by Dominion Voting, with that name, that can optically scan and tabulate votes from paper ballots.

16. "ImageCast X" or "ICX" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device.

17. "November 2020 Election" refers to the general election in the United States for which Election Day was November 3, 2020.

18. "Server" refers to a computer server or computer that stores, processes, and manages data for other computers or devices on a computer network.

19. "Storage device" refers to any medium for the storage of electronic or digital data.

20. "Tabulator" refers to any electronic device used to count or tabulate votes from paper ballots.

21. "Workstation" refers to an individual computer, which may or may not be connected to a computer network, used to facilitate one or more specific tasks or processes.

22. "You" and "Your" refer to the recipient of this subpoena.

## Items to Produce

Produce the following documents, communications, and electronic data in Your possession, custody, or control:

1. Forensic images, in EnCase format, of each of the following objects used in connection with the November 2020 Election:

   a. All drives attached to or affiliated with an EMS Server

   b. All drives attached to or affiliated with any workstation used as an EMS Client

   c. All drives attached to or affiliated with any ImageCast Central Workstations

   d. All drives attached to or affiliated with any Adjudication Workstations

   e. All drives attached to or affiliated with the controlling computer for any ballot scanner such as HiPro, Canon, etc.

   f. All drives attached to or affiliated with any device used in conjunction with the election as a communications server or virtual private network server/concentrator

   g. All SD Cards, USB Drives or other storage devices that were inserted into or removed from all tabulators, ballot marking devices or other device that was used for the tabulation of votes

   h. All ImageCast X, ImageCast Precinct, and ImageCast Evolution devices

2.  The following electronic files:

   a.  Forensic copies of all slog.txt files and .dvd files generated from tabulators and ballot marking devices

   b.  Forensic copies of all data items related to the November 2020 Election subject to the 22 month voter records retention requirement under U.S. federal law

3.  The following information related to electronic election system architecture:

   a.  A network diagram including all devices, mac addresses and assigned IP addresses for Your complete electronic election system, including but not limited to the EMS Server, all networked devices on the EMS Server network (routers, switches, communications servers, modems, etc), and all devices attached to the resident network for the voter registration server

   b.  For each ballot marking device, ballot scanner, and tabulator, the media access control (MAC) address for each communication device connected to the ballot marking device, ballot scanner, or tabulator at any time between January 1, 2019 and November 30, 2020

   c.  Copies of all network logs, PCAPs, netflow data and access control logs from networking devices associated with the EMS

   d.  Credentials to permit access through all whole disk or file encryption technologies utilized in any part of Your electronic election system that is produced in response to this subpoena, including but not limited to BitLocker, TrueCrypt, and VeraCrypt technologies

   e.  A list of all personnel who had access to the EMS Server or any EMS server-connected computing device for the period January 1, 2019 through November 30, 2020.  Provide the name of the person, the account utilized, the devices accessed and the duration of the access.

4.  The following information related to the results of the November 2020 Election:

   a.  Copies of all tabulator poll closing reports and tabulator reports generated by each precinct and polling location, detailing with date and time the number of in person voters, the number of same day voter registrations (if applicable), and the final totals for the precinct

   b.  Copies of the certified final election results that were used to determine the official outcomes of the election contests

   c.  Copies of any document, report, or spreadsheet that was produced in relation to the November 2020 Election

5. All documents related to any indication of any intrusion attempt into Your electronic election system.

6. Copies of all cellular bills and connections supporting Your ballot scanners and ballot marking devices.  These records should include the International Mobile Equipment Identity (IEMI) number, Temporary Mobile Subscriber Identity (TMSI) number, originating phone number, destination phone number, date and time of call origination, and call duration.

7. Copies of all contracts and agreements with the suppliers of any of Your electronic election system equipment, devices, software, or support services.

8. Copies of all contracts and agreements related to network security, network monitoring, or cybersecurity concerning all or any part of Your electronic election system.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., et al., | Case No. 1:21-cv-00445-CJN |
| Plaintiffs/Counter-Defendants, | Judge Carl J. Nichols |
| v. | |
| MY PILLOW, INC., et al., | **Notice of Subpoena** |
| Defendants/Counter-Plaintiffs/<br>Third-Party Plaintiffs, | |
| v. | |
| SMARTMATIC USA CORP., et al., | |
| Third-Party Defendants. | |

PLEASE TAKE NOTICE that Defendants My Pillow, Inc. and Michael Lindell intend to serve a subpoena *duces tecum*, pursuant to Fed. R. Civ. P. 45, upon the Walworth County, WI Clerk, 100 W Walworth Street, Elkhorn, WI 53121. A copy of the subpoena and associated exhibit is attached hereto.

Dated: September 2, 2022           **PARKER DANIELS KIBORT LLC**

By */s/ Andrew D. Parker*
    Andrew D. Parker (D.C. Bar No. 63279)
    888 Colwell Building
    123 N. Third Street
    Minneapolis, MN 55401
    Telephone: (612) 355-4100
    Facsimile: (612) 355-4101
    parker@parkerdk.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Columbia

| | |
|---|---|
| US DOMINION, INC., et al., | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:21-CV-00445 (CJN) |
| MY PILLOW, INC., et al., | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: 
Walworth County, WI Clerk
100 W Walworth Street, Elkhorn, WI 53121

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment.

| Place: Office of the Walworth County, WI Clerk, 100 W Walworth Street, Elkhorn, WI 53121. Production by electronic transfer or mail is preferred. | Date and Time: September 30, 2022 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/02/2022

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Andrew D. Parker |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants My Pillow, Inc., and Michael J. Lindell _____ , who issues or requests this subpoena, are:

Andrew D. Parker, 123 North Third Street, Suite 888, Minneapolis, Minnesota 55401, parker@parkerdk.com, 612-355-4100

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:21-CV-00445 (CJN)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit A**

**Definitions**

1. "Adjudication" refers to the process of reviewing a voter's ballot to determine what votes were intended by the voter who cast the ballot.

2. "Ballot marking device" refers to any electronic device used to complete an electronic ballot which is then printed onto paper.

3. "Ballot scanner" refers to an electronic device that provides optical scanning of ballots to produce a digital image of the ballot and/or to read the votes marked on the ballot.

4. "Client" refers to a computer that connects to a computer server.

5. "Controlling computer" refers to a computer connected to another electronic device, that is used to control the behavior of the connected electronic device.

6. "Document" refers to any writing or electronically stored information stored in any medium from which information can be obtained, including drawings, graphs, charts, photographs, sound recordings, video recordings, images, or other data or data compilations, within the meaning of Fed. R. Civ. P. 34(a)(1)(A).

7. "Drive" or "drives" refers to any medium for the storage of electronic or digital data.

8. "EMS" refers to an Election Management System or any set of electronic equipment used to facilitate the counting, tabulation, and reporting of results in a public election.

9. "Electronic election system" refers to all electronic or computerized devices and equipment used to cast ballots, count votes, tabulate votes, or report results in an election.

10. "EnCase" refers to the digital forensic data collection and investigation technology produced by Guidance Software.

11. "Forensic copy" refers to a file-level exact duplication of electronic data.

12. "Forensic image" refers to a bit-by-bit, sector-by-sector direct copy of a physical storage devices containing electronic data, including all files, folders and unallocated, free, and slack space.

13. "ImageCast Central" or "ICC" refers to the electronic system distributed by Dominion Voting with that name.

14. "ImageCast Evolution" or "ICE" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device and tabulator.

1

15. "ImageCast Precinct" or "ICP" refers to the electronic device distributed by Dominion Voting, with that name, that can optically scan and tabulate votes from paper ballots.

16. "ImageCast X" or "ICX" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device.

17. "November 2020 Election" refers to the general election in the United States for which Election Day was November 3, 2020.

18. "Server" refers to a computer server or computer that stores, processes, and manages data for other computers or devices on a computer network.

19. "Storage device" refers to any medium for the storage of electronic or digital data.

20. "Tabulator" refers to any electronic device used to count or tabulate votes from paper ballots.

21. "Workstation" refers to an individual computer, which may or may not be connected to a computer network, used to facilitate one or more specific tasks or processes.

22. "You" and "Your" refer to the recipient of this subpoena.

## Items to Produce

Produce the following documents, communications, and electronic data in Your possession, custody, or control:

1. Forensic images, in EnCase format, of each of the following objects used in connection with the November 2020 Election:

   a. All drives attached to or affiliated with an EMS Server

   b. All drives attached to or affiliated with any workstation used as an EMS Client

   c. All drives attached to or affiliated with any ImageCast Central Workstations

   d. All drives attached to or affiliated with any Adjudication Workstations

   e. All drives attached to or affiliated with the controlling computer for any ballot scanner such as HiPro, Canon, etc.

   f. All drives attached to or affiliated with any device used in conjunction with the election as a communications server or virtual private network server/concentrator

   g. All SD Cards, USB Drives or other storage devices that were inserted into or removed from all tabulators, ballot marking devices or other device that was used for the tabulation of votes

   h. All ImageCast X, ImageCast Precinct, and ImageCast Evolution devices

2. The following electronic files:

    a. Forensic copies of all slog.txt files and .dvd files generated from tabulators and ballot marking devices

    b. Forensic copies of all data items related to the November 2020 Election subject to the 22 month voter records retention requirement under U.S. federal law

3. The following information related to electronic election system architecture:

    a. A network diagram including all devices, mac addresses and assigned IP addresses for Your complete electronic election system, including but not limited to the EMS Server, all networked devices on the EMS Server network (routers, switches, communications servers, modems, etc), and all devices attached to the resident network for the voter registration server

    b. For each ballot marking device, ballot scanner, and tabulator, the media access control (MAC) address for each communication device connected to the ballot marking device, ballot scanner, or tabulator at any time between January 1, 2019 and November 30, 2020

    c. Copies of all network logs, PCAPs, netflow data and access control logs from networking devices associated with the EMS

    d. Credentials to permit access through all whole disk or file encryption technologies utilized in any part of Your electronic election system that is produced in response to this subpoena, including but not limited to BitLocker, TrueCrypt, and VeraCrypt technologies

    e. A list of all personnel who had access to the EMS Server or any EMS server-connected computing device for the period January 1, 2019 through November 30, 2020. Provide the name of the person, the account utilized, the devices accessed and the duration of the access.

4. The following information related to the results of the November 2020 Election:

    a. Copies of all tabulator poll closing reports and tabulator reports generated by each precinct and polling location, detailing with date and time the number of in person voters, the number of same day voter registrations (if applicable), and the final totals for the precinct

    b. Copies of the certified final election results that were used to determine the official outcomes of the election contests

    c. Copies of any document, report, or spreadsheet that was produced in relation to the November 2020 Election

5. All documents related to any indication of any intrusion attempt into Your electronic election system.

6. Copies of all cellular bills and connections supporting Your ballot scanners and ballot marking devices. These records should include the International Mobile Equipment Identity (IEMI) number, Temporary Mobile Subscriber Identity (TMSI) number, originating phone number, destination phone number, date and time of call origination, and call duration.

7. Copies of all contracts and agreements with the suppliers of any of Your electronic election system equipment, devices, software, or support services.

8. Copies of all contracts and agreements related to network security, network monitoring, or cybersecurity concerning all or any part of Your electronic election system.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., et al., | Case No. 1:21-cv-00445-CJN |
| Plaintiffs/Counter-Defendants, | Judge Carl J. Nichols |
| v. | |
| MY PILLOW, INC., et al., | **Notice of Subpoena** |
| Defendants/Counter-Plaintiffs/<br>Third-Party Plaintiffs, | |
| v. | |
| SMARTMATIC USA CORP., et al., | |
| Third-Party Defendants. | |

PLEASE TAKE NOTICE that Defendants My Pillow, Inc. and Michael Lindell intend to serve a subpoena *duces tecum*, pursuant to Fed. R. Civ. P. 45, upon the Wayne County, MI Clerk, 2 Woodward Avenue, Suite 502, Detroit, MI 48226. A copy of the subpoena and associated exhibit is attached hereto.

Dated: September 2, 2022          **PARKER DANIELS KIBORT LLC**

By */s/ Andrew D. Parker*
     Andrew D. Parker (D.C. Bar No. 63279)
     888 Colwell Building
     123 N. Third Street
     Minneapolis, MN 55401
     Telephone: (612) 355-4100
     Facsimile: (612) 355-4101
     parker@parkerdk.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Columbia

| | |
|---|---|
| US DOMINION, INC., et al., | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:21-CV-00445 (CJN) |
| MY PILLOW, INC., et al., | ) |
| | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Wayne County Clerk
2 Woodward Avenue, Suite 502, Detroit, MI 48226

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment.

| Place: Office of the Wayne County Clerk, 2 Woodward Avenue, Suite 502, Detroit, MI 48226. Production by electronic transfer or mail is preferred. | Date and Time: September 30, 2022 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/02/2022

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| | | /s/ Andrew D. Parker |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants My Pillow, Inc., and Michael J. Lindell , who issues or requests this subpoena, are:

Andrew D. Parker, 123 North Third Street, Suite 888, Minneapolis, Minnesota 55401, parker@parkerdk.com, 612-355-4100

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:21-CV-00445 (CJN)

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit A**

**Definitions**

1. "Adjudication" refers to the process of reviewing a voter's ballot to determine what votes were intended by the voter who cast the ballot.

2. "Ballot marking device" refers to any electronic device used to complete an electronic ballot which is then printed onto paper.

3. "Ballot scanner" refers to an electronic device that provides optical scanning of ballots to produce a digital image of the ballot and/or to read the votes marked on the ballot.

4. "Client" refers to a computer that connects to a computer server.

5. "Controlling computer" refers to a computer connected to another electronic device, that is used to control the behavior of the connected electronic device.

6. "Document" refers to any writing or electronically stored information stored in any medium from which information can be obtained, including drawings, graphs, charts, photographs, sound recordings, video recordings, images, or other data or data compilations, within the meaning of Fed. R. Civ. P. 34(a)(1)(A).

7. "Drive" or "drives" refers to any medium for the storage of electronic or digital data.

8. "EMS" refers to an Election Management System or any set of electronic equipment used to facilitate the counting, tabulation, and reporting of results in a public election.

9. "Electronic election system" refers to all electronic or computerized devices and equipment used to cast ballots, count votes, tabulate votes, or report results in an election.

10. "EnCase" refers to the digital forensic data collection and investigation technology produced by Guidance Software.

11. "Forensic copy" refers to a file-level exact duplication of electronic data.

12. "Forensic image" refers to a bit-by-bit, sector-by-sector direct copy of a physical storage devices containing electronic data, including all files, folders and unallocated, free, and slack space.

13. "ImageCast Central" or "ICC" refers to the electronic system distributed by Dominion Voting with that name.

14. "ImageCast Evolution" or "ICE" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device and tabulator.

15. "ImageCast Precinct" or "ICP" refers to the electronic device distributed by Dominion Voting, with that name, that can optically scan and tabulate votes from paper ballots.

16. "ImageCast X" or "ICX" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device.

17. "November 2020 Election" refers to the general election in the United States for which Election Day was November 3, 2020.

18. "Server" refers to a computer server or computer that stores, processes, and manages data for other computers or devices on a computer network.

19. "Storage device" refers to any medium for the storage of electronic or digital data.

20. "Tabulator" refers to any electronic device used to count or tabulate votes from paper ballots.

21. "Workstation" refers to an individual computer, which may or may not be connected to a computer network, used to facilitate one or more specific tasks or processes.

22. "You" and "Your" refer to the recipient of this subpoena.

## Items to Produce

Produce the following documents, communications, and electronic data in Your possession, custody, or control:

1. Forensic images, in EnCase format, of each of the following objects used in connection with the November 2020 Election:

   a. All drives attached to or affiliated with an EMS Server

   b. All drives attached to or affiliated with any workstation used as an EMS Client

   c. All drives attached to or affiliated with any ImageCast Central Workstations

   d. All drives attached to or affiliated with any Adjudication Workstations

   e. All drives attached to or affiliated with the controlling computer for any ballot scanner such as HiPro, Canon, etc.

   f. All drives attached to or affiliated with any device used in conjunction with the election as a communications server or virtual private network server/concentrator

   g. All SD Cards, USB Drives or other storage devices that were inserted into or removed from all tabulators, ballot marking devices or other device that was used for the tabulation of votes

   h. All ImageCast X, ImageCast Precinct, and ImageCast Evolution devices

2.  The following electronic files:

    a.  Forensic copies of all slog.txt files and .dvd files generated from tabulators and ballot marking devices

    b.  Forensic copies of all data items related to the November 2020 Election subject to the 22 month voter records retention requirement under U.S. federal law

3.  The following information related to electronic election system architecture:

    a.  A network diagram including all devices, mac addresses and assigned IP addresses for Your complete electronic election system, including but not limited to the EMS Server, all networked devices on the EMS Server network (routers, switches, communications servers, modems, etc), and all devices attached to the resident network for the voter registration server

    b.  For each ballot marking device, ballot scanner, and tabulator, the media access control (MAC) address for each communication device connected to the ballot marking device, ballot scanner, or tabulator at any time between January 1, 2019 and November 30, 2020

    c.  Copies of all network logs, PCAPs, netflow data and access control logs from networking devices associated with the EMS

    d.  Credentials to permit access through all whole disk or file encryption technologies utilized in any part of Your electronic election system that is produced in response to this subpoena, including but not limited to BitLocker, TrueCrypt, and VeraCrypt technologies

    e.  A list of all personnel who had access to the EMS Server or any EMS server-connected computing device for the period January 1, 2019 through November 30, 2020.  Provide the name of the person, the account utilized, the devices accessed and the duration of the access.

4.  The following information related to the results of the November 2020 Election:

    a.  Copies of all tabulator poll closing reports and tabulator reports generated by each precinct and polling location, detailing with date and time the number of in person voters, the number of same day voter registrations (if applicable), and the final totals for the precinct

    b.  Copies of the certified final election results that were used to determine the official outcomes of the election contests

    c.  Copies of any document, report, or spreadsheet that was produced in relation to the November 2020 Election

5. All documents related to any indication of any intrusion attempt into Your electronic election system.

6. Copies of all cellular bills and connections supporting Your ballot scanners and ballot marking devices. These records should include the International Mobile Equipment Identity (IEMI) number, Temporary Mobile Subscriber Identity (TMSI) number, originating phone number, destination phone number, date and time of call origination, and call duration.

7. Copies of all contracts and agreements with the suppliers of any of Your electronic election system equipment, devices, software, or support services.

8. Copies of all contracts and agreements related to network security, network monitoring, or cybersecurity concerning all or any part of Your electronic election system.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

US DOMINION, INC., et al.,

     Plaintiffs/Counter-Defendants,

     v.

MY PILLOW, INC., et al.,

     Defendants/Counter-Plaintiffs/
     Third-Party Plaintiffs,

     v.

SMARTMATIC USA CORP., et al.,

     Third-Party Defendants.

Case No. 1:21-cv-00445-CJN
Judge Carl J. Nichols

**Notice of Subpoena**

PLEASE TAKE NOTICE that Defendants My Pillow, Inc. and Michael Lindell intend to serve a subpoena *duces tecum*, pursuant to Fed. R. Civ. P. 45, upon the Winnebago County, WI Clerk, 112 Otter Avenue, Oshkosh, WI 54901. A copy of the subpoena and associated exhibit is attached hereto.

Dated: September 2, 2022

**PARKER DANIELS KIBORT LLC**

By */s/ Andrew D. Parker*
    Andrew D. Parker (D.C. Bar No. 63279)
    888 Colwell Building
    123 N. Third Street
    Minneapolis, MN 55401
    Telephone: (612) 355-4100
    Facsimile: (612) 355-4101
    parker@parkerdk.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Columbia

| | |
|---|---|
| US DOMINION, INC., et al., | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:21-CV-00445 (CJN) |
| MY PILLOW, INC., et al., | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Winnebago County Clerk
112 Otter Avenue, Oshkosh, WI 54901

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment.

| Place: Office of the Winnebago County Clerk, 112 Otter Avenue, Oshkosh, WI 54901. Production by electronic transfer or mail is preferred. | Date and Time: September 30, 2022 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/02/2022

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Andrew D. Parker |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants
My Pillow, Inc., and Michael J. Lindell , who issues or requests this subpoena, are:

Andrew D. Parker, 123 North Third Street, Suite 888, Minneapolis, Minnesota 55401, parker@parkerdk.com, 612-355-4100

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:21-CV-00445 (CJN)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                          *Server's signature*

                                              _____
                                                          *Printed name and title*

                                              _____
                                                          *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit A**

**Definitions**

1. "Adjudication" refers to the process of reviewing a voter's ballot to determine what votes were intended by the voter who cast the ballot.

2. "Ballot marking device" refers to any electronic device used to complete an electronic ballot which is then printed onto paper.

3. "Ballot scanner" refers to an electronic device that provides optical scanning of ballots to produce a digital image of the ballot and/or to read the votes marked on the ballot.

4. "Client" refers to a computer that connects to a computer server.

5. "Controlling computer" refers to a computer connected to another electronic device, that is used to control the behavior of the connected electronic device.

6. "Document" refers to any writing or electronically stored information stored in any medium from which information can be obtained, including drawings, graphs, charts, photographs, sound recordings, video recordings, images, or other data or data compilations, within the meaning of Fed. R. Civ. P. 34(a)(1)(A).

7. "Drive" or "drives" refers to any medium for the storage of electronic or digital data.

8. "EMS" refers to an Election Management System or any set of electronic equipment used to facilitate the counting, tabulation, and reporting of results in a public election.

9. "Electronic election system" refers to all electronic or computerized devices and equipment used to cast ballots, count votes, tabulate votes, or report results in an election.

10. "EnCase" refers to the digital forensic data collection and investigation technology produced by Guidance Software.

11. "Forensic copy" refers to a file-level exact duplication of electronic data.

12. "Forensic image" refers to a bit-by-bit, sector-by-sector direct copy of a physical storage devices containing electronic data, including all files, folders and unallocated, free, and slack space.

13. "ImageCast Central" or "ICC" refers to the electronic system distributed by Dominion Voting with that name.

14. "ImageCast Evolution" or "ICE" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device and tabulator.

15. "ImageCast Precinct" or "ICP" refers to the electronic device distributed by Dominion Voting, with that name, that can optically scan and tabulate votes from paper ballots.

16. "ImageCast X" or "ICX" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device.

17. "November 2020 Election" refers to the general election in the United States for which Election Day was November 3, 2020.

18. "Server" refers to a computer server or computer that stores, processes, and manages data for other computers or devices on a computer network.

19. "Storage device" refers to any medium for the storage of electronic or digital data.

20. "Tabulator" refers to any electronic device used to count or tabulate votes from paper ballots.

21. "Workstation" refers to an individual computer, which may or may not be connected to a computer network, used to facilitate one or more specific tasks or processes.

22. "You" and "Your" refer to the recipient of this subpoena.

## Items to Produce

Produce the following documents, communications, and electronic data in Your possession, custody, or control:

1. Forensic images, in EnCase format, of each of the following objects used in connection with the November 2020 Election:

    a. All drives attached to or affiliated with an EMS Server

    b. All drives attached to or affiliated with any workstation used as an EMS Client

    c. All drives attached to or affiliated with any ImageCast Central Workstations

    d. All drives attached to or affiliated with any Adjudication Workstations

    e. All drives attached to or affiliated with the controlling computer for any ballot scanner such as HiPro, Canon, etc.

    f. All drives attached to or affiliated with any device used in conjunction with the election as a communications server or virtual private network server/concentrator

    g. All SD Cards, USB Drives or other storage devices that were inserted into or removed from all tabulators, ballot marking devices or other device that was used for the tabulation of votes

    h. All ImageCast X, ImageCast Precinct, and ImageCast Evolution devices

2

2. The following electronic files:

    a. Forensic copies of all slog.txt files and .dvd files generated from tabulators and ballot marking devices

    b. Forensic copies of all data items related to the November 2020 Election subject to the 22 month voter records retention requirement under U.S. federal law

3. The following information related to electronic election system architecture:

    a. A network diagram including all devices, mac addresses and assigned IP addresses for Your complete electronic election system, including but not limited to the EMS Server, all networked devices on the EMS Server network (routers, switches, communications servers, modems, etc), and all devices attached to the resident network for the voter registration server

    b. For each ballot marking device, ballot scanner, and tabulator, the media access control (MAC) address for each communication device connected to the ballot marking device, ballot scanner, or tabulator at any time between January 1, 2019 and November 30, 2020

    c. Copies of all network logs, PCAPs, netflow data and access control logs from networking devices associated with the EMS

    d. Credentials to permit access through all whole disk or file encryption technologies utilized in any part of Your electronic election system that is produced in response to this subpoena, including but not limited to BitLocker, TrueCrypt, and VeraCrypt technologies

    e. A list of all personnel who had access to the EMS Server or any EMS server-connected computing device for the period January 1, 2019 through November 30, 2020.  Provide the name of the person, the account utilized, the devices accessed and the duration of the access.

4. The following information related to the results of the November 2020 Election:

    a. Copies of all tabulator poll closing reports and tabulator reports generated by each precinct and polling location, detailing with date and time the number of in person voters, the number of same day voter registrations (if applicable), and the final totals for the precinct

    b. Copies of the certified final election results that were used to determine the official outcomes of the election contests

    c. Copies of any document, report, or spreadsheet that was produced in relation to the November 2020 Election

5. All documents related to any indication of any intrusion attempt into Your electronic election system.

6. Copies of all cellular bills and connections supporting Your ballot scanners and ballot marking devices. These records should include the International Mobile Equipment Identity (IEMI) number, Temporary Mobile Subscriber Identity (TMSI) number, originating phone number, destination phone number, date and time of call origination, and call duration.

7. Copies of all contracts and agreements with the suppliers of any of Your electronic election system equipment, devices, software, or support services.

8. Copies of all contracts and agreements related to network security, network monitoring, or cybersecurity concerning all or any part of Your electronic election system.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., et al., | Case No. 1:21-cv-00445-CJN |
| Plaintiffs/Counter-Defendants, | Judge Carl J. Nichols |
| v. | |
| MY PILLOW, INC., et al., | **Notice of Subpoena** |
| Defendants/Counter-Plaintiffs/<br>Third-Party Plaintiffs, | |
| v. | |
| SMARTMATIC USA CORP., et al., | |
| Third-Party Defendants. | |

PLEASE TAKE NOTICE that Defendants My Pillow, Inc. and Michael Lindell intend to serve a subpoena *duces tecum*, pursuant to Fed. R. Civ. P. 45, upon the Clark County, NV Election Department, 965 Trade Drive, Suite A, North Las Vegas, NV 89030-7802. A copy of the subpoena and associated exhibit is attached hereto.

Dated: September 7, 2022

**PARKER DANIELS KIBORT LLC**

By */s/ Andrew D. Parker*
Andrew D. Parker (D.C. Bar No. 63279)
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
Telephone: (612) 355-4100
Facsimile: (612) 355-4101
parker@parkerdk.com

1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Columbia

| | | |
|---|---|---|
| US DOMINION, INC., et al., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:21-CV-00445 (CJN) |
| MY PILLOW, INC., et al., | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Clark County, NV Election Department
965 Trade Drive, Suite A
North Las Vegas, NV 89030-7802

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment.

| Place: Office of Clark County, NV election department, 965 Trade Drive, Suite A, North Las Vegas, NV 89030-7802. Production by electronic transfer or mail is preferred. | Date and Time: September 21, 2022 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/07/2022

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| | | /s/ Andrew D. Parker |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants
My Pillow, Inc., and Michael J. Lindell , who issues or requests this subpoena, are:

Andrew D. Parker, 123 North Third Street, Suite 888, Minneapolis, Minnesota 55401, parker@parkerdk.com, 612-355-4100

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:21-CV-00445 (CJN)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) For Other Discovery.** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) Command to Produce Materials or Permit Inspection.**
    **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) Quashing or Modifying a Subpoena.**
    **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
    **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) Claiming Privilege or Protection.**
    **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit A**

**Definitions**

1. "Adjudication" refers to the process of reviewing a voter's ballot to determine what votes were intended by the voter who cast the ballot.

2. "Ballot marking device" refers to any electronic device used to complete an electronic ballot which is then printed onto paper.

3. "Ballot scanner" refers to an electronic device that provides optical scanning of ballots to produce a digital image of the ballot and/or to read the votes marked on the ballot.

4. "Client" refers to a computer that connects to a computer server.

5. "Controlling computer" refers to a computer connected to another electronic device, that is used to control the behavior of the connected electronic device.

6. "Document" refers to any writing or electronically stored information stored in any medium from which information can be obtained, including drawings, graphs, charts, photographs, sound recordings, video recordings, images, or other data or data compilations, within the meaning of Fed. R. Civ. P. 34(a)(1)(A).

7. "Drive" or "drives" refers to any medium for the storage of electronic or digital data.

8. "EMS" refers to an Election Management System or any set of electronic equipment used to facilitate the counting, tabulation, and reporting of results in a public election.

9. "Electronic election system" refers to all electronic or computerized devices and equipment used to cast ballots, count votes, tabulate votes, or report results in an election.

10. "EnCase" refers to the digital forensic data collection and investigation technology produced by Guidance Software.

11. "Forensic copy" refers to a file-level exact duplication of electronic data.

12. "Forensic image" refers to a bit-by-bit, sector-by-sector direct copy of a physical storage devices containing electronic data, including all files, folders and unallocated, free, and slack space.

13. "ImageCast Central" or "ICC" refers to the electronic system distributed by Dominion Voting with that name.

14. "ImageCast Evolution" or "ICE" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device and tabulator.

1

15. "ImageCast Precinct" or "ICP" refers to the electronic device distributed by Dominion Voting, with that name, that can optically scan and tabulate votes from paper ballots.

16. "ImageCast X" or "ICX" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device.

17. "November 2020 Election" refers to the general election in the United States for which Election Day was November 3, 2020.

18. "Server" refers to a computer server or computer that stores, processes, and manages data for other computers or devices on a computer network.

19. "Storage device" refers to any medium for the storage of electronic or digital data.

20. "Tabulator" refers to any electronic device used to count or tabulate votes from paper ballots.

21. "Workstation" refers to an individual computer, which may or may not be connected to a computer network, used to facilitate one or more specific tasks or processes.

22. "You" and "Your" refer to the recipient of this subpoena.

## Items to Produce

Produce the following documents, communications, and electronic data in Your possession, custody, or control:

1. Forensic images, in EnCase format, of each of the following objects used in connection with the November 2020 Election:

    a. All drives attached to or affiliated with an EMS Server

    b. All drives attached to or affiliated with any workstation used as an EMS Client

    c. All drives attached to or affiliated with any ImageCast Central Workstations

    d. All drives attached to or affiliated with any Adjudication Workstations

    e. All drives attached to or affiliated with the controlling computer for any ballot scanner such as HiPro, Canon, etc.

    f. All drives attached to or affiliated with any device used in conjunction with the election as a communications server or virtual private network server/concentrator

    g. All SD Cards, USB Drives or other storage devices that were inserted into or removed from all tabulators, ballot marking devices or other device that was used for the tabulation of votes

    h. All ImageCast X, ImageCast Precinct, and ImageCast Evolution devices

2. The following electronic files:

    a. Forensic copies of all slog.txt files and .dvd files generated from tabulators and ballot marking devices

    b. Forensic copies of all data items related to the November 2020 Election subject to the 22 month voter records retention requirement under U.S. federal law

3. The following information related to electronic election system architecture:

    a. A network diagram including all devices, mac addresses and assigned IP addresses for Your complete electronic election system, including but not limited to the EMS Server, all networked devices on the EMS Server network (routers, switches, communications servers, modems, etc), and all devices attached to the resident network for the voter registration server

    b. For each ballot marking device, ballot scanner, and tabulator, the media access control (MAC) address for each communication device connected to the ballot marking device, ballot scanner, or tabulator at any time between January 1, 2019 and November 30, 2020

    c. Copies of all network logs, PCAPs, netflow data and access control logs from networking devices associated with the EMS

    d. Credentials to permit access through all whole disk or file encryption technologies utilized in any part of Your electronic election system that is produced in response to this subpoena, including but not limited to BitLocker, TrueCrypt, and VeraCrypt technologies

    e. A list of all personnel who had access to the EMS Server or any EMS server-connected computing device for the period January 1, 2019 through November 30, 2020.  Provide the name of the person, the account utilized, the devices accessed and the duration of the access.

4. The following information related to the results of the November 2020 Election:

    a. Copies of all tabulator poll closing reports and tabulator reports generated by each precinct and polling location, detailing with date and time the number of in person voters, the number of same day voter registrations (if applicable), and the final totals for the precinct

    b. Copies of the certified final election results that were used to determine the official outcomes of the election contests

    c. Copies of any document, report, or spreadsheet that was produced in relation to the November 2020 Election

5.  All documents related to any indication of any intrusion attempt into Your electronic election system.

6.  Copies of all cellular bills and connections supporting Your ballot scanners and ballot marking devices.  These records should include the International Mobile Equipment Identity (IEMI) number, Temporary Mobile Subscriber Identity (TMSI) number, originating phone number, destination phone number, date and time of call origination, and call duration.

7.  Copies of all contracts and agreements with the suppliers of any of Your electronic election system equipment, devices, software, or support services.

8.  Copies of all contracts and agreements related to network security, network monitoring, or cybersecurity concerning all or any part of Your electronic election system.

# EXHIBIT 2

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., DOMINION VOTING SYSTEMS, INC., and DOMINION VOTING SYSTEMS CORPORATION, | ) ) ) ) |
| *Plaintiffs/Counter-Defendants*, | ) ) |
| v. | ) ) |
| MY PILLOW, INC., and MICHAEL J. LINDELL, | ) ) ) |
| *Defendants/Counter and Third- Party Plaintiffs,* | ) ) Civil Case No. 1:21-cv-00445 (CJN) |
| *v.* | ) ) |
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., SGO CORPORATION LIMITED, AND HAMILTON PLACE STRATEGIES, LLC, | ) ) ) ) ) |
| *Third-Party Defendants.* | ) ) |

## <u>DECLARATION OF JOHN POULOS IN SUPPORT OF PLAINTIFFS' MOTION FOR PROTECTIVE ORDER REGARDING THIRD PARTY SUBPOENAS</u>

I, John Poulos, hereby declare:

1.      I am over the age of 18 and have personal knowledge of the information set forth in this declaration.

2.      I am the President and Chief Executive Officer of Dominion Voting Systems ("Dominion"). I have been the President and Chief Executive Officer since the company's founding in 2003. Dominion is a private corporation. I am very familiar with the goods and services Dominion provides, as well as the information it keeps confidential.

3.      Dominion is a leading provider in election support services. Dominion contracts with state and local governments (the "Customer") to provide its voting systems, software licenses, and services in various states across the country.

4.      Dominion's contracts provide that Dominion will provide the Customer with voting systems, software license, and support services in connection with elections administered by the Customer. A true and correct copy of the typical type of contract Dominion enters into with its Customers is attached hereto as Exhibit A.

5.      Under the agreement, the Customer agrees to protect Dominion's "Confidential Information." *See* Exhibit A, §§ 2.2, 13. Subject to limited exceptions not applicable here, the Customer agrees not to disclose Dominion's Confidential Information to any third party unless disclosure is made "in response to, or because of, an obligation to any federal, state, or local government agency or court with appropriate jurisdiction, or to any person properly seeking discovery before any such agency or court." Exhibit A, § 13.2.

6.      Dominion's "Confidential Information" is broadly defined to include "materials, documents, data, and technical information, specifications, business information, customer information, or other information that [Dominion] maintains as trade secrets or confidential," including but not limited to "Dominion Software and associated documentation."

7.      "Dominion Software" includes all software and firmware programs which are licensed to the Customer, as well as documentation associated with said software and firmware programs.

8.      Dominion is a private company which derives independent economic value from the confidential and proprietary nature of its Confidential Information. If its Confidential Information is publicly released, Dominion will suffer a competitive disadvantage.

9.     Not only are Dominion's software and related materials confidential and proprietary to Dominion, but the federal government has classified them as critical to election infrastructure.

10.     Dominion undertakes reasonable efforts to maintain the secrecy of its Confidential Information, including by prohibiting the Customer from transferring or copying Dominion's software onto any other storage device; reverse engineering, disassembling, decompiling, deciphering, or analyzing the software; or altering or modifying the software or copyright notices in any way or preparing any derivative works of the software or any parts of the software without Dominion's prior written permission. Dominion also requires that once the contract expires or terminates the Customer must return to Dominion all software in its possession or control, or destroy all such software, and certify in writing to Dominion that it has been destroyed. The agreements also provide that each party must be given the ability to defend the confidentiality of its Confidential Information to the maximum extent allowable under the law prior to disclosure by the other Party.

11.     I have been informed that numerous Dominion customers recently received subpoenas from Defendants, MyPillow and Michael J. Lindell, asking them to turn over various documents and materials. As best I can interpret Defendants' requests, at least some of the materials Dominion's customers are being asked to produce are confidential and proprietary to Dominion and would fall within the definition of Confidential Information as used in Dominion's contracts with its Customers. Specifically, Defendants' requests in Item Number 1 for "forensic images," in EnCase format, various drives and other devices used in connection with the November 2020 Election would require Dominion's customers to turn over software and other information that is confidential and proprietary to Dominion. The same is true of Defendants'

request in Item Number 2, which asks for, among other things, "forensic copies" of slog.txt files and .dvd files generated from tabulators and ballot marking devices.

      12.    If the types of confidential and proprietary information called for in these requests became public, Dominion's competitors could use this information to imitate or undermine Dominion's intellectual property, among other things, and Dominion will suffer harm.

      I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 30th day of September, 2022.

_____
John Poulos
Chief Executive Officer
Dominion Voting Systems, Inc.

EXHIBIT A

VOTING SYSTEM AGREEMENT
BY AND BETWEEN
DOMINION VOTING SYSTEMS, INC.
AND PIKE COUNTY, PA

This Agreement, dated this 1st day of February 2019, (the "Effective Date"), for a voting system, licenses and related services is made by and between the Pike County, PA ("Customer") and Dominion Voting Systems, Inc., a corporation organized under the laws of the State of Delaware ("Dominion"). This Agreement may refer to Dominion and the Customer together as the "Parties," or may refer to Dominion or the Customer individually as a "Party."

WHEREAS, The Customer desires to purchase a voting system, licenses and related services; and

WHEREAS, Dominion designs, manufactures, sells, licenses, and provides ongoing solutions for voting systems;

NOW THEREFORE, in consideration of the mutual covenants contained herein, and in accordance with the terms and conditions set forth herein, Dominion agrees to sell, license and furnish the System (as defined herein) to the Customer.

1. **Composition of Agreement.** Exhibits A and B are attached and incorporated herein by reference and form a part of this Agreement (the "Agreement"). This Agreement consists of the general terms and conditions contained in the following sections, together with the listed Exhibits:

   Exhibit A:     Pricing Summary and Deliverables Description
   Exhibit B:     Software License Terms and Conditions

2. **Definitions.** For the purposes of this Agreement, the following are defined terms:

   2.1. "Acceptance" and variations thereof, means the successful completion by the Customer of the acceptance testing performed on each component of Dominion Hardware and Software, after delivery in accordance with testing criteria developed and agreed to by the parties, or the occurrence of other events defined in Section 8.

   2.2 "Confidential Information" means those materials, documents, data, and technical information, specifications, business information, customer information, or other information of a Party (the "Disclosing Party") maintains as trade secrets or confidential and which are disclosed to a another Party (the "Receiving Party") in tangible form conspicuously marked as "confidential," or with words having similar meaning, which includes without limitation, Dominion Software and associated documentation.

   2.3. "Dominion Hardware" means the ImageCast® system hardware as more specifically described in Exhibit A.

2.4. "Dominion Software" means software and firmware programs licensed to the Customer by Dominion and any associated documentation as more specifically described in Exhibit A.

2.5. "Election" means a single election event administered by the Customer including any absentee and early voting activity associated with the election event. Election shall not mean any follow-on events occurring after the initial election event, including without limitations, run-offs or recall replacements elections. Any follow on event shall be considered an Election in and of itself.

2.6. "Election Management System Hardware" or "EMS Hardware" means third party hardware required for operating Dominion Software as used in conjunction with the Dominion Hardware.

2.7. "License" has the meaning set forth in Section 7.

2.8. "System" means the combination of Dominion Software, Dominion Hardware and EMS Hardware.

2.9. "Third Party Software" means manufacturer supplied software, or firmware owned by third parties, which Dominion provides to Customer pursuant to sublicenses or end user license agreements with the owners of such Third Party Software. Third Party Software includes, but is not limited to, various operating systems, software drivers, report writing subroutines, and firmware.

3. **Term of Agreement.** The Term of this Agreement shall begin on the Effective Date and shall continue until December 31, 2026 unless sooner terminated or extended as provided herein. Subject to possible annual price increases, the licenses or warranties authorized by this Agreement may extend beyond the Term of this Agreement, according to the terms and conditions of such License or warranty.

4. **Dominion's Responsibilities.** Dominion shall:

4.1. Deliver the System and installation plan services as described in Exhibit A (Project Configuration and Pricing Summary).

4.2. Assign a Dominion project manager ("Dominion Project Manager") to oversee the general operations of the project. The Dominion Project Manager will be the primary contact for all project needs. The Dominion Project Manager will be responsible for all deliverables and services including, resource planning and coordination, product delivery, issue resolution and for all administrative matters such as invoices and payments.

4.3. Provide the Customer with a Dominion Software Use License as described in Exhibit B (Software License Agreement).

4.4.     Provide the Customer with one (1) reproducible electronic copy of the user documentation.

4.5.     Assist in the Acceptance Testing process as required by Section 8 herein.

4.6.     Provide invoices to Customer upon Acceptance of items listed in Exhibit A and pursuant to the payment schedule described in Section 5.1 herein.

**5.     Customer's Responsibilities.** Customer shall:

5.1.     Pay invoices in a timely manner and no later than thirty (30) calendar days from receipt of a Dominion invoice. Payments specified in this Section 5 are exclusive of all excise, sale, use and other taxes imposed by any governmental authority, all of which taxes shall be reimbursed by the Customer. If the Customer is exempt from taxes, Customer shall supply Dominion a tax exemption certificate or other similar in a form demonstrating its exempt status upon request.

5.2.     Assign a Customer project manager ("Customer Project Manager"), who shall be responsible for review, analysis and acceptance of the System and the coordination of Customer personnel, equipment, vehicles and facilities. The Customer Project Manager shall be empowered to make decisions on behalf of the Customer with respect to the work being performed under this Agreement. The Customer Project Manager shall also have direct access to the Customer's top management at all times for purposes of problem resolution.

5.3.     Conduct Acceptance testing process as required by Section 8.

5.4.     Customer shall provide reasonable access and entry into all Customer property required by Dominion to provide the services described in this Agreement.  All such access and entry shall be provided at Customer's expense.

5.5      If applicable, for election setup and database creation services as described in Exhibit A, the Customer shall review and approve or identify issues to all Dominion deliverables related to such service within two (2) business days of receipt by the Customer.  In the event the Customer discovers an issue, it shall provide written notice to Dominion immediately following the discovery of any issue and Dominion shall rectify the issue at no additional cost to the Customer.  In the event the Customer approves the deliverable and subsequent to such approval, request that a change be made to the deliverable, then Dominion may provide the change at an additional cost based upon Dominion's then current published service rates.

**6.     Title and Risk of Loss.**

6.1.     <u>Title to the System, Excluding All Software</u>. Title to the System, or any portion thereof, excluding software and firmware, will pass to Customer upon delivery.

6.2. <u>Software</u>. Software, including firmware, is licensed not sold. The original and any copies of the Dominion Software, or other software provided pursuant to this agreement, in whole or in part, including any subsequent improvements or updates, shall remain the property of Dominion, or any third party that owns such software.

6.3. <u>Risk of Loss</u>. Dominion shall bear the responsibility for all risk of physical loss or damage to each portion of the System until such portion is delivered to the Customer. Customer shall provide Dominion with a single location for shipment and Dominion shall not be responsible for shipping to more than one location. To retain the benefit of this clause, Customer shall notify Dominion of any loss or damage within ten (10) business days of the receipt of any or all portions of the System, or such shorter period as may be required to comply with the claims requirements of the shipper, and shall cooperate in the processing of any claims made by Dominion.

7. **Software License and Use.**

7.1. <u>License</u>. Upon mutual execution of this Agreement, Dominion grants to the Customer, and the Customer accepts a non-exclusive, non-transferable, license ("License") to use the Dominion Software subject to the terms and conditions of this Agreement and the Software License Terms attached hereto as Exhibit B.

7.2. <u>Third Party Software</u>. The System includes Third Party Software, the use of which is subject to the terms and conditions imposed by the owners of such Third Party Software. Customer consents to the terms and conditions of the third party License Agreements by Customer's first use of the System.

8. **Acceptance.**

8.1. <u>Dominion Software or Dominion Hardware Testing</u>. After delivery of Dominion Software or Dominion Hardware, the Customer will conduct Acceptance testing of such units, in accordance with the Acceptance criteria developed and updated, from time to time, by Dominion. Such Acceptance testing shall occur at a time mutually agreed upon by the Parties, but no later than ten (10) business days after installation.

8.2. <u>System Acceptance Testing</u>. To the extent not tested as part of the testing pursuant to Subsections 8.1, upon completing the installation of the System, the Customer will conduct system acceptance testing, according to the Acceptance test procedures developed and updated, from time to time, by Dominion. Such Acceptance testing shall occur at a time mutually agreed upon by the Parties, but no later than ten (10) business days after installation of the System.

8.3. <u>Acceptance/Rejection</u>.  After testing, if the Dominion Software, Dominion Hardware, or the System does not conform to user documentation or Dominion provided Acceptance criteria, Customer will notify Dominion in writing within five

(5) business days. Dominion will, at its own expense, repair or replace the rejected Dominion Software, Dominion Hardware, or System within thirty (30) days after receipt of Customer's notice of deficiency. The foregoing procedure will be repeated until Customer finally accepts or rejects the Dominion Software, Dominion Hardware, or System in writing in its sole discretion.

8.4    <u>System Conformance</u>. Customer will not refuse to grant Acceptance of the System, in whole or in part, solely for the reason that it fails to conform with the specifications, requirements and functions set out in the Agreement in a manner that does not affect the performance of the System, in whole or in part, and Dominion shall provide a plan of action to cure such non-conformity with reasonable dispatch.

## 9.    **Warranties.**

9.1.    <u>Dominion Software Warranty</u>. The Dominion Software warranty is subject to the terms and conditions of Exhibit B - the Software License Terms.

9.2.    <u>Third Party Products</u>. The warranties in this Sections 9 do not apply to any third party products. However, to the extent permitted by the manufacturers of third party products, Dominion shall pass through to Customer all warranties such manufacturers make to Dominion regarding the operation of third party products.

9.3.    <u>Dominion Hardware Warranty Terms</u>. Dominion warrants that when used with the hardware and software configuration purchased through or approved by Dominion, each component of Dominion Hardware will be free of defects that would prevent the Dominion Hardware from operating in conformity in all material respects with its specifications as documented by Dominion. The Dominion Hardware Warranty shall remain in effect until one year after Acceptance.

9.4.    <u>Dominion Hardware Warranty Services</u>. If any Dominion Hardware component fails to operate in conformity with its specifications during the warranty period, Dominion shall provide a replacement for the Dominion Hardware component or, at Dominion's sole option, shall repair the Dominion Hardware component, so long as the Dominion Hardware is operated with its designated Dominion Software and with third party products approved by Dominion for use with the Dominion Hardware. The following conditions apply to the Dominion Hardware warranty:

9.4.1.    Customer shall bear the shipping costs to return the malfunctioning component of Dominion Hardware to Dominion, and Dominion shall bear the costs for standard shipping of the repaired or replaced component of Dominion Hardware to Customer.

9.4.2.    The following services are not covered by this Agreement, but may be available at Dominion's current time and material rates:

9.4.2.1. Replacement of consumable items including but not limited to batteries, paper rolls, ribbons, seals, smart cards, and removable memory devices, scanner rollers, disks, etc.;

9.4.2.2. Repair or replacement of Dominion Hardware damaged by of accident, disaster, theft, vandalism, neglect, abuse, or any improper usage;

9.4.2.3. Repair or replacement of Dominion Hardware modified by any person other than those authorized in writing by Dominion;

9.4.2.4. Repair or replacement of Dominion Hardware from which the serial numbers have been removed, defaced or changed.

9.5. <u>No Other Warranties.</u> DOMINION DISCLAIMS ALL OTHER WARRANTIES, AND REPRESENTATIONS, WHETHER WRITTEN, ORAL, EXPRESS, IMPLIED OR STATUTORY, INCLUDING ANY WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE AND ANY WARRANTY BASED ON A COURSE OF DEALING, COURSE OF PERFORMANCE OR USAGE OF TRADE.

**10. Force Majeure.** Should any circumstances beyond the control of Dominion or Customer occur that delay or render impossible the performance of any obligation due under this Agreement, such obligation will be postponed for the period of any delay resulting from any such circumstances, plus a reasonable period to accommodate adjustment to such extension, or cancelled if performance has been rendered impossible thereby. Such events may include, without limitation, accidents; war, acts of terrorism; natural disasters; labor disputes; acts, laws, rules or regulations of any government or government agency; or other events beyond the control of both Dominion and Customer. Neither Party shall be liable under this Agreement for any loss or damage to the other Party due to such delay or performance failures. Notwithstanding the foregoing, both Parties shall use their best efforts to minimize the adverse consequences of any such circumstances. This Section shall not operate to excuse any Party from paying amounts that are owed pursuant to this Agreement.

**11. Indemnification.** Dominion, at its sole expense, will indemnify and defend the Customer, its officers, agents and employees from and against any loss, cost, expense or liability (including but not limited to attorney's fees and awarded damages) arising out of a claim, suit or action that the System infringes, violates, or misappropriates a Third Party's patent, copyright, trademark, trade secret or other intellectual property or proprietary rights.

**12. Limitation of Liability.** DOMINION'S TOTAL AGGREGATE LIABILITY FOR ANY LOSS, DAMAGE, COSTS OR EXPENSES UNDER OR IN CONNECTION WITH THIS AGREEMENT, HOWSOEVER ARISING, INCLUDING WITHOUT LIMITATION, LOSS, DAMAGE, COSTS OR EXPENSES CAUSED BY BREACH OF CONTRACT, NEGLIGENCE, STRICT LIABILITY, BREACH OF STATUTORY OR ANY OTHER DUTY SHALL IN NO CIRCUMSTANCES EXCEED THE TOTAL DOLLAR AMOUNT OF THE AGREEMENT. NEITHER PARTY SHALL BE LIABLE FOR ANY LOSS OF PROFITS, LOSS OF BUSINESS, LOSS OF DATA, LOSS OF USE OR ANY OTHER INDIRECT,

INCIDENTAL, PUNITIVE, SPECIAL OR CONSEQUENTIAL LOSS OR DAMAGE WHATSOEVER, HOWSOEVER ARISING, INCURRED BY THE OTHER PARTY OR ANY THIRD PARTY, WHETHER IN AN ACTION IN CONTRACT, NEGLIGENCE OR OTHER TORT, EVEN IF THE PARTIES OR THEIR REPRESENTATIVES HAVE BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.

13. **Confidential Information.**

    13.1.    Each Party shall treat the other Party's Confidential Information as confidential within their respective organizations and each Party shall be given the ability to defend the confidentiality of its Confidential Information to the maximum extent allowable under the law prior to disclosure by the other Party of such Confidential Information.

    13.2.    Subject to the requirements of the Customer's public record laws ("PRL"), neither Party shall disclose the other Party's Confidential Information to any person outside their respective organizations unless disclosure is made in response to, or because of, an obligation to any federal, state, or local governmental agency or court with appropriate jurisdiction, or to any person properly seeking discovery before any such agency or court.

    13.3.    Any specific information that Dominion claims to be confidential must be clearly marked or identified as such by the Customer. To the extent consistent with PRL, Customer shall maintain the confidentiality of all such information marked by Dominion as confidential. If a request is made to view such Confidential Information, Customer will notify Dominion of such request and the date the information will be released to the requestor unless Dominion obtains a court order enjoining such disclosure. If Dominion fails to obtain such court order enjoining such disclosure, the Customer will release the requested information on the date specified. Such release shall be deemed to have been made with Dominion's consent and shall not be deemed to be a violation of law or this Agreement.

14. **Assignment.** Neither Party may assign its rights, obligations, or interests in this Agreement without the written consent of the other Party, providing however that Dominion may assign the proceeds of this Agreement to a financial institution without prior consent of the Customer but with written notice to Customer.

15. **Termination.**

    15.1    <u>For Default</u>.   In the event either Party violates any provisions of this Agreement, the non-violating Party may serve written notice upon the violating Party identifying the violation and a providing a reasonable cure period. Except as otherwise noted herein, such cure period shall be at least thirty (30) days. In the event the violating Party has not remedied the infraction at the end of the cure period, the non-violating Party may serve written notice upon the violating Party of termination, and seek legal remedies for breach of contract as allowed hereunder. If

the breach identified in the notice cannot be completely cured within the specified time period, no default shall occur if the Party receiving the notice begins curative action within the specified time period and thereafter proceeds with reasonable diligence and in good faith to cure the breach as soon as practicable.

15.2 <u>For Non-Appropriation of Funds</u>. The Customer shall not be obligated for payments hereunder for any future fiscal year unless or until the Customer appropriates funds for this Agreement in Customer's budget for that fiscal year. In the event that funds are not appropriated, then this Agreement may be terminated by the Customer as the end of the last fiscal year for which funds were appropriated. Termination of this Agreement by the Customer under this Section 15.2 shall not constitute a breach of this Agreement by the Customer. Customer shall notify Dominion in writing of such non-appropriation at the earliest possible date which, in any event, shall be prior to Dominion performing services during any fiscal year for which an appropriation has not been made. In the event Customer notifies Dominion that sufficient funds have not been appropriated, or if in fact sufficient funds have not been appropriated, to compensate Dominion in accordance with this Agreement, Dominion may suspend Dominion's performance and terminate all Dominion licenses under this Agreement. Suspension of performance and termination of all Dominion licenses by Dominion in accordance with this section 15.2 shall not constitute a breach of this Agreement by Dominion.

**16. Legality and Severability.** This Agreement and the Parties' actions under this Agreement shall comply with all applicable federal, state and local laws, ordinances, rules, regulations, court orders, and applicable governmental agency orders. If any term or provision of this Agreement is held to be illegal or unenforceable, the remainder of this Agreement shall not be affected thereby and each term or provision of this Agreement shall be valid and enforceable to the fullest extent permitted by law. The Parties agree that any court reviewing this Agreement shall reform any illegal or unenforceable provision to carry out the express intent of the parties as set forth herein to the fullest extent permitted by law.

**17. Survival.** The provisions of Sections 2, 9, 10, 11, 12, 13, 16, 18, and 19 shall survive the expiration or termination of this Agreement.

**18. Choice of Law.** Interpretation of this Agreement shall be governed by the laws of the Customer's State, and the courts of competent jurisdiction located in the Customer's State will have jurisdiction to hear and determine questions relating to this Agreement.

**19. Waiver.** Any failure of a Party to assert any right under this Agreement shall not constitute a waiver or a termination of that right or any provisions of this Agreement.

**20. Independent Contractor.** Dominion and its agents and employees are independent contractors performing professional services for the Customer and are not employees of the Customer. Dominion and its agents and employees shall not accrue leave, retirement, insurance, bonding, use of Customer vehicles, or any other benefits afforded to employees of the Customer as a result of this Agreement. Dominion acknowledges that all sums received hereunder are

personally reportable by it for income tax purposes as self-employment or business income and are reportable for self-employment tax.

**21.  Notices.**  All notices required or permitted to be given hereunder shall be given in writing and shall be deemed to have been given when personally delivered or by nationally recognized overnight carrier or mailed, certified or registered mail, return receipt requested, addressed to the intended recipient as follows:

> If to Dominion:
>
> > Dominion Voting Systems, Inc.
> > Attn: Contracts Administrator
> > 1201 18th St., Ste. 210
> > Denver, CO 80202
>
> If to the Customer:
>
> > Pike County, PA
> > Attn: Nadeen Mazoni, Director of Elections
> > 506 Broad Street
> > Milford, PA  18337

**22.  Entire Agreement.**  This Agreement and its Exhibits incorporated herein by reference constitute the entire agreement, understanding and representations between Dominion and the Customer, and supersede and replace all prior agreements, written or oral.  No modifications or representations to the Agreement shall be valid unless made in writing and signed by duly authorized representatives of both the Customer and Dominion and incorporated as an Addendum hereto.

**23.  Third-Party Beneficiary.**  No person shall be a third-party beneficiary pursuant to this Agreement. No obligation of Dominion or Customer may be enforced against Dominion or Customer, as applicable, by any person not a party to this Agreement.

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed as of the date first above written.

**DOMINION VOTING SYSTEMS, INC.**

_____
AUTHORIZED SIGNATURE

John Poulos
_____
PRINTED NAME

President & CEO
_____
TITLE

02/22/2019
_____
DATE

**PIKE COUNTY, PA**

_____
AUTHORIZED SIGNATURE

Matthew M. Osterberg
_____
PRINTED NAME

Chairman
_____
TITLE

3/6/19
_____
DATE

**EXHIBIT A**
VOTING SYSTEM AGREEMENT
BY AND BETWEEN DOMINION VOTING SYSTEMS
AND PIKES COUNTY, PA

**PRICING SUMMARY AND DELIVERABLES DESCRIPTION**

1. **Pricing Summary** - Prices of equipment, technical facilities, software, and other related services for voting, vote counting, and result processing. All pricing in U.S. Dollars.

| DESCRIPTION | QTY | UNIT PRICE | EXTENSION |
|---|---|---|---|
| **In-Person Voting Solution: Polling Location Hardware** | | | |
| **ImageCast Precinct (ICP):** Tabulator/Scanner, Internal Battery, Printer w/Paper roll, 2x 4G Flash Memory Cards, 2x I-Buttons | 25 | $ 3,900 | $ 97,500.00 |
| **ImageCast Precinct Collapsible Plastic Ballot Box** | 20 | $ 1,000 | $ 20,000.00 |
| **ImageCast X BMD (21 inch) Kit includes:** ICX software, 21" touchscreen tablet, cables, power cord, 1 8GB flash drive | 25 | $ 3,500 | $ 87,500.00 |
| **Universal Power Supply (UPS) for ICX BMD** | 20 | $ 495 | $ 9,900.00 |
| **Audio Tactile Interface (ATI) Accessible Unit** | 20 | $ 375 | $ 7,500.00 |
| **Mobile Ballot Printing (MBP) Kit Oki Data C331DN** includes: MBE software, printer, dell laptop, cables | 1 | $ 3,650 | $ 3,650.00 |
| **Additional Items** | | | |
| **ICP Tech Key (Blue)** | 5 | $ 25 | $ 125.00 |
| **ICP Memory Cards 8GB** | 5 | $ 100 | $ 500.00 |
| **ICX Voter Cards** | 5 | $ 8 | $ 40.00 |
| **ICX Poll Worker SmartCard** | 5 | $ 8 | $ 40.00 |
| **ICX Technician SmartCard** | 5 | $ 8 | $ 40.00 |
| **ICX Prime BMD Bag Kit** | 25 | $ 120 | $ 3,000.00 |
| Sub-Total: | | | $ 229,795.00 |
| **Election Management Hardware** | | | |
| **Democracy Suite EMS Standard Server - Up to 7 clients** | 1 | $ 17,000 | $ 17,000.00 |
| **EMS Client Workstation Configuration Kit** | 1 | $ 2,500.00 | $ 2,500.00 |
| Sub-Total: | | | $ 19,500.00 |
| **Software** | | | |
| **Democracy Suite Light (EMS) – Initial License Fee** | 1 | $15,000 | $ 15,000.00 |
| **Automated Test Decks – Initial License Fee** | 1 | $ 4,500 | $ 4,500.00 |
| **Mobile Ballot Printing – Initial License Fee** | 1 | $ 3,000 | $ 3,000.00 |
| Sub-Total: | | | $ 22,500.00 |
| **Implementation Services** | Days | | |
| **Project Management** | 5 | $ 2,500 | $ 12,500.00 |
| **Training** | 5 | $ 2,000 | $ 10,000.00 |
| Sub-Total: | 10 | | $ 22,500.00 |
| **Shipping** | | | |
| **Estimated Shipping** | TBD | $ | |
| **Discount** | | | $ (88,289.00) |
| **Purchase - Year 1 Total:** | | | **$ 206,006.00** |

## ANNUAL SUPPORT SERVICE

| Year 1 - 2019 | QTY | Unit Price | Extension |
|---|---|---|---|
| 3 Day Election On-site Support | 2 | $4,500.00 | $9,000.00 |
| Election Setup (Ballot Layout & Test Deck) Primary & General | 2 | $3,500.00 | $7,000.00 |
| Discount | | | ($924.00) |
| **Total** | | | **$15,076.00** |

| Year 2 - 2020 | QTY | | |
|---|---|---|---|
| 3 Day Election On-site Support | 2 | $4,500.00 | $9,000.00 |
| Election Setup (Ballot Layout & Test Deck) Primary & General | 2 | $3,500.00 | $7,000.00 |
| Discount | | | ($924.00) |
| **Total** | | | **$15,076.00** |

| Year 3 - 2021 | QTY | | |
|---|---|---|---|
| Election Setup (Ballot Layout & Test Deck) Primary & General | 2 | $3,500.00 | $7,000.00 |
| Discount | | | ($924.00) |
| **Total** | | | **$6,076.00** |

| Year 4 - 2022 | QTY | | |
|---|---|---|---|
| Election Setup (Ballot Layout & Test Deck) Primary & General | 2 | $3,500.00 | $7,000.00 |
| Discount | | | ($924.00) |
| **Total** | | | **$6,076.00** |

| Year 5 - 2023 | QTY | | |
|---|---|---|---|
| Election Setup (Ballot Layout & Test Deck) Primary & General | 2 | $3,500.00 | $7,000.00 |
| Discount | | | ($924.00) |
| **Total** | | | **$6,076.00** |

| Year 6 - 2024 | QTY | | |
|---|---|---|---|
| Election Setup (Ballot Layout & Test Deck) Primary & General | 2 | $3,500.00 | $7,000.00 |
| Discount | | | ($924.00) |
| **Total** | | | **$6,076.00** |

| Year 7 - 2025 | QTY | | |
|---|---|---|---|
| Election Setup (Ballot Layout & Test Deck) Primary & General | 2 | $3,500.00 | $7,000.00 |
| Discount | | | ($924.00) |
| **Total** | | | **$6,076.00** |

| Year 8 - 2026 | QTY | | |
|---|---|---|---|
| Election Setup (Ballot Layout & Test Deck) Primary & General | 2 | $3,500.00 | $7,000.00 |
| Discount | | | ($924.00) |
| **Total** | | | **$6,076.00** |

## ANNUAL SOFTWARE LICENSE
(Beginning on the first anniversary of the Effective Date through the Agreement Term)

| Year 2 - 2020 | QTY | Unit Price | Extension |
|---|---|---|---|
| Democracy Suite Light & Adjudication Application License | 1 | $3,000.00 | $3,000.00 |
| Automated Test Deck Application License | 1 | $900.00 | $900.00 |
| Mobile Ballot Printing Application License | 1 | $600.00 | $600.00 |
| ICP Annual Firmware License | 25 | $228.00 | $5,700.00 |
| ICX-BMD (21") Annual Firmware License | 25 | $95.00 | $2,375.00 |
| Annual Total | | | $12,575.00 |

| Year 3 - 2021 | QTY | Unit Price | Extension |
|---|---|---|---|
| Democracy Suite Light & Adjudication Application License | 1 | $3,150.00 | $3,150.00 |
| Automated Test Deck Application License | 1 | $945.00 | $945.00 |
| Mobile Ballot Printing Application License | 1 | $630.00 | $630.00 |
| ICP Annual Firmware License | 25 | $239.40 | $5,985.00 |
| ICX-BMD (21") Annual Firmware License | 25 | $99.75 | $2,493.75 |
| Annual Total | | | $13,203.75 |

| Year 4 - 2022 | QTY | Unit Price | Extension |
|---|---|---|---|
| Democracy Suite Light & Adjudication Application License | 1 | $3,307.50 | $3,307.50 |
| Automated Test Deck Application License | 1 | $992.25 | $992.25 |
| Mobile Ballot Printing Application License | 1 | $661.50 | $661.50 |
| ICP Annual Firmware License | 25 | $251.37 | $6,284.25 |
| ICX-BMD (21") Annual Firmware License | 25 | $104.74 | $2,618.44 |
| Annual Total | | | $13,863.94 |

| Year 5 - 2023 | QTY | Unit Price | Extension |
|---|---|---|---|
| Democracy Suite Light & Adjudication Application License | 1 | $3,472.88 | $3,472.88 |
| Automated Test Deck Application License | 1 | $1,041.86 | $1,041.86 |
| Mobile Ballot Printing Application License | 1 | $694.58 | $694.58 |
| ICP Annual Firmware License | 25 | $263.94 | $6,598.46 |
| ICX-BMD (21") Annual Firmware License | 25 | $109.97 | $2,749.36 |
| Annual Total | | | $14,557.13 |

| Year 6 - 2024 | QTY | Unit Price | Extension |
|---|---|---|---|
| Democracy Suite Light & Adjudication Application License | 1 | $3,646.52 | $3,646.52 |
| Automated Test Deck Application License | 1 | $1,093.96 | $1,093.96 |
| Mobile Ballot Printing Application License | 1 | $729.30 | $729.30 |
| ICP Annual Firmware License | 25 | $277.14 | $6,928.39 |
| ICX-BMD (21") Annual Firmware License | 25 | $115.47 | $2,886.83 |
| Annual Total | | | $15,284.99 |

| Year 7 - 2025 | QTY | Unit Price | Extension |
|---|---|---|---|
| Democracy Suite Light & Adjudication Application License | 1 | $3,828.84 | $3,828.84 |
| Automated Test Deck Application License | 1 | $1,148.65 | $1,148.65 |
| Mobile Ballot Printing Application License | 1 | $765.77 | $765.77 |
| ICP Annual Firmware License | 25 | $290.99 | $7,274.80 |
| ICX-BMD (21") Annual Firmware License | 25 | $121.25 | $3,031.17 |
| Annual Total | | | $16,049.24 |

| Year 8 - 2026 | QTY | Unit Price | Extension |
|---|---|---|---|
| Democracy Suite Light & Adjudication Application License | 1 | $4,020.29 | $4,020.29 |
| Automated Test Deck Application License | 1 | $1,206.09 | $1,206.09 |
| Mobile Ballot Printing Application License | 1 | $804.06 | $804.06 |
| ICP Annual Firmware License | 25 | $305.54 | $7,638.55 |
| ICX-BMD (21") Annual Firmware License | 25 | $127.31 | $3,182.73 |
| Annual Total | | | $16,851.70 |

## ANNUAL HARDWARE WARRANTY
(Beginning on the first anniversary of the Effective Date through the Agreement Term)

| Year 2 - 2020 | QTY | Unit Price | Extension |
|---|---|---|---|
| ImageCast Precinct (ICP) | 25 | $ 135.00 | $ 3,375.00 |
| ImageCast - X BMD (21") | 25 | $ 95.00 | $ 2,375.00 |
| Mobile Ballot Printing (MPB Kit - Oki C331DN) | 1 | $1,160.00 | $ 1,160.00 |
| Annual Total | | | $ 6,910.00 |

| Year 3 - 2021 | QTY | Unit Price | Extension |
|---|---|---|---|
| ImageCast Precinct (ICP) | 25 | $ 141.75 | $ 3,543.75 |
| ImageCast - X BMD (21") | 25 | $ 99.75 | $ 2,493.75 |
| Mobile Ballot Printing (MPB Kit - Oki C331DN) | 1 | $1,218.00 | $ 1,218.00 |
| Annual Total | | | $ 7,255.50 |

| Year 4 - 2022 | QTY | Unit Price | Extension |
|---|---|---|---|
| ImageCast Precinct (ICP) | 25 | $ 148.84 | $ 3,720.94 |
| ImageCast - X BMD (21") | 25 | $ 103.74 | $ 2,593.50 |
| Mobile Ballot Printing (MPB Kit - Oki C331DN) | 1 | $1,266.72 | $ 1,266.72 |
| Annual Total | | | $ 7,581.16 |

| Year 5 - 2023 | QTY | Unit Price | Extension |
|---|---|---|---|
| ImageCast Precinct (ICP) | 25 | $ 156.28 | $ 3,906.98 |
| ImageCast - X BMD (21") | 25 | $ 108.93 | $ 2,723.18 |
| Mobile Ballot Printing (MPB Kit - Oki C331DN) | 1 | $1,330.06 | $ 1,330.06 |
| Annual Total | | | $ 7,960.22 |

| Year 6 - 2024 | QTY | Unit Price | Extension |
|---|---|---|---|
| ImageCast Precinct (ICP) | 25 | $ 164.09 | $ 4,102.33 |
| ImageCast - X BMD (21") | 25 | $ 114.37 | $ 2,859.33 |
| Mobile Ballot Printing (MPB Kit - Oki C331DN) | 1 | $1,396.56 | $ 1,396.56 |
| Annual Total | | | $ 8,358.23 |

| Year 7 - 2025 | QTY | Unit Price | Extension |
|---|---|---|---|
| ImageCast Precinct (ICP) | 25 | $ 172.30 | $ 4,307.45 |
| ImageCast - X BMD (21") | 25 | $ 120.09 | $ 3,002.30 |
| Mobile Ballot Printing (MPB Kit - Oki C331DN) | 1 | $1,466.39 | $ 1,466.39 |
| Annual Total | | | $ 8,776.14 |

| Year 8 - 2026 | QTY | Unit Price | Extension |
|---|---|---|---|
| ImageCast Precinct (ICP) | 25 | $ 180.91 | $ 4,522.82 |
| ImageCast - X BMD (21") | 25 | $ 126.10 | $ 3,152.42 |
| Mobile Ballot Printing (MPB Kit - Oki C331DN) | 1 | $1,539.71 | $ 1,539.71 |
| Annual Total | | | $ 9,214.94 |

2. **Payment Schedule** - Dominion shall provide invoices to the Customer as described below. The Customer shall pay invoices in a timely manner and no later than thirty (30) calendar days from receipt of a Dominion invoice. Payments specified in this Exhibit are exclusive of all excise, sale, use and other taxes imposed by any governmental authority, all of which taxes shall be reimbursed by the Customer.

| ID | Payment Date | Payment Amount |
|---|---|---|
| 1 | Agreement Signing | $ 56,239.00 |
| 2 | January 1, 2020 | $154,843.00 |
| 3 | Shipping | TBD |

3. **Detailed Deliverables Description**

   3.1 **_ImageCast® Precinct Scanner and Tabulator_** is a precinct optical scan ballot tabulator designed to scan marked paper ballots, interpret voter marks on the paper ballot, communicate these interpretations back to the voter and upon acceptance by the voter, deposit the ballots into the ballot box. Each ImageCast® provided to the Customer shall consist of the following items:

   3.1.1 Two (2) optical imaging scanners for creating a duplex scanned image of each side of the ballot. Ballots can be fed in all four (4) orientations.

   3.1.2 uClinux Operating System

   3.1.3 Two (2) 4GB flash memory cards. The cards are placed behind two securable doors (Administrator Door and Pollworker Door).

3.1.4 An integrated interactive electronic display in the form of an ultra-high contrast graphical LCD screen, with white background, 5.7" diagonal viewing area, and a built-in touch screen for administration purposes. The LCD display screen is located on the top right side of the machine.

3.1.5 An internal thermal printer and one (1) paper roll for generating reports.

3.1.6 Two (2) security keys (iButton) used with an integrated receptacle (physically attached to the top of the unit and electrically connected to the motherboard) used for a variety of verification and security tasks such control, data confidentiality and integrity functions.

3.1.7 A motorized paper feed mechanism for detecting and moving the ballot within the scanner. Ballots used with the ImageCast® must be 8.5" wide by a variable length (11", 14", 17" and 22"). The paper feed mechanism is physically capable of moving the ballot forward into the machine, across image sensors, enabling complete image capture of both sides of the ballot.

3.1.8 Power supply module uses 120 Vac, 60 Hz, one phase power. It has a power consumption of 0.07 Amps at 120 Volts AC.

3.1.9 An internal battery which is rated to provide two (2) hours of normal use in the absence of AC power.

3.1.10 Collapsible plastic ballot box.

3.2 **ImageCast® Software.** The Parties will enter into software licenses for the ImageCast software, substantially in the form of Exhibit B to this Agreement. The Dominion software includes, without limitation:

3.2.1 AuditMark®. For each ballot that is scanned and accepted into the unit, a corresponding ballot image is created and stored for audit purposes. The image consists of two parts described below.

- The top portion of the image contains a scanned image of the ballot.

- The bottom portion consists of a machine-generated type-out showing each mark that the unit interpreted for that particular ballot. This is referred to as an AuditMark®.

3.3 **ImageCast® X ("ICX")**

3.3.1 Application: ImageCast X BMD is a touchscreen in-person voting device and ballot marking device. Voting sessions are initiated on the tablet by either a smart card or the entry of a numeric code based on activation. The ballot is loaded directly onto the standalone device. All voting activity is performed at the tablet, including accessible voting. Accessible voting interfaces connect to the tablet via an Audio Tactile Interface or ATI. For all modes of voting, after the voter reviews the ballot selections, a paper ballot is created for the voter from a printer in the voting booth. The printed ballot contains a written summary of the voter's choices, as well as a 2D barcode which is read by Dominion's ImageCast Precinct or Central tabulator. No votes are stored on the ImageCast X-BMD unit. All votes can be tabulated and stored on both the ImageCast Central and Precinct Tabulators.

3.3.2 <u>Components</u>: ImageCast X BMD is composed of a 21" Avalue touchscreen, Android OS 4.4.4, DC 19V input, BMD laser printer, 6' cable. 5 smart cards, and 8GB flash drive.

3.4 ***Democracy Suite Light Software*** consists of the following components:

3.4.1 <u>Election File and iButton Creation</u> Customer is authorized to create Election Files and iButtons from EED to load on the ICX and ICP units.

3.4.2 <u>Results, Tally and Reporting (RTR)</u> Client Application is the application used for the tally, reporting and publishing of election results.

3.5 ***Mobile Ballot Printing*** is an application used to search, preview and print ballots via a local printer device. The application makes use of ballot information and PDFs produced by the Election Event Designer application and information provided through the customer voter registration system.

3.6 ***Implementation Services and Training.*** Dominion will provide the following training as described herein.

3.6.1 <u>Project Management Support.</u> Dominion will provide project management support to oversee the general operations of the project through the Agreement Term. The project manager shall be responsible for arranging all meetings, visits and consultations between the parties and for all administrative matters such as invoices, payments and amendments. The Parties shall develop and finalize a project implementation plan including a training and delivery schedule. The Parties agree that during the course of the implementation, changes to the project schedule may be required. Any changes to the project schedule must be mutually agreed to by both Parties and such agreement shall not be unreasonably withheld.

3.6.2 <u>ImageCast® X</u> – This training introduces the ImageCast® X system with an emphasis on the operation of the hardware. Students can expect to learn general operations, logic and accuracy testing, Election Day setup and operation, and troubleshooting.

3.6.3 <u>ImageCast® ICP</u> – This training introduces the ImageCast® ICP with an emphasis on the operation of the hardware. Students can expect to learn general operations, logic and accuracy testing, ballot scanning operation, and troubleshooting.

3.6.4 <u>EMS Server Installation, Configuration & Testing.</u> Dominion will provide a minimum total of one (1) day of direct onsite support for EMS Server installation, configuration & testing.

3.6.5 <u>Democracy Suite® EMS System</u>– This training covers the restoring election project backups, creating ICX, ICP and ICXVA files, tally and reporting.

3.6.6 <u>System Acceptance Testing Support.</u> Dominion will provide direct onsite training and support during the System Acceptance Testing period

3.6.7 <u>Pollworker Train the Trainer</u> – This provides training to the Customer staff on operations of a polling location including the ImageCast® X, ICX Card activation, testing and troubleshooting.

3.6.8 <u>On-Site Election Day Support.</u> Dominion will provide three (3) days (inclusive of travel) of direct onsite election support for each election defined in section 1 of this Exhibit A.

3.7 **Election Ballot Definition Setup.** Dominion shall provide election setup services and support for the election database creation and ballot each election defined in section 1 of this Exhibit A. Ballot definition services will be provided in English only and will include the following: Democracy Suite Election project setup, provide the Mail Ballot/Absentee PDF artwork, verification and proofing for each Election, provide audio setup for audio voting using a synthesizer. Any outside recording charges would be at the Customer's expense.

3.8 **Travel and Expenses included.** All costs of Dominion transportation, lodging and meal expenses are included during the Agreement Term.

3.9 **Ongoing telephone support.** Telephone support shall be available for Customers during the Term of the Agreement at no additional costs.

3.10 **Other Services, Consumables or Equipment.** Any other services, consumables or equipment not specifically identified in this Agreement are available for purchase by the Customer at the then current Dominion list price.

3.11 **Disposal of Present Voting Systems.** Dominion and County agree that Dominion shall dispose of the present voting machines possessed by Pike County. Dominion and County agree that Dominion, once in possession of said machines, shall remove all information concerning Pike County and any other information that would be specific to Pike County. Further, as part of the consideration of Pike County receiving a discounted price for the purchase of the new voting machines, Dominion agrees that said old machines shall be destroyed or used as parts for machines that are still in existence in other counties. If the machines are destroyed, the County will be informed by Dominion and provided the Serial Number for said machine(s)."

**EXHIBIT B**

**SOFTWARE LICENSE TERMS AND CONDITIONS**

This Exhibit B is part of the Agreement between Dominion and Customer to which it is attached.

**1.      Definitions.** Capitalized terms used herein have the meaning given in the Agreement unless otherwise defined herein.

1.1.    "Agreement" means the agreement between the Parties for the use of the licensed Software to which this Exhibit B is attached and incorporated into.

1.2.    "Licensee" means Customer, as the term is defined in the Agreement.

1.3.    "Licensor" means Dominion Voting Systems, Inc.

1.4.    "Software" means Dominion Software, as the term is defined in the Agreement.

1.5.    "Specifications" means descriptions and data regarding the features, functions and performance of the Software, as set forth in user manuals or other applicable documentation provided by Licensor.

1.6.    "Third-Party Products" means any software or hardware obtained from third-party manufacturers or distributers and provided by Licensor hereunder.

**2.      License Terms.**

2.1.    License Limitations.    Licensee's use of the Software pursuant to the License granted in the Agreement is subject to the terms herein. Licensee may only use the Software for its own internal business purposes and conducting elections and solely in conjunction with the EMS Hardware.  The License shall only be effective during the Term and cannot be transferred or sublicensed.

2.2.    Print Copyright License.    Subject to the Print Copyright License terms and conditions as defined in Schedule A attached hereto, Licensor grants to Licensee a non-exclusive, non-transferable print copyright license as defined in Schedule A.

2.3.    Third-Party Products. When applicable, Licensor hereby sublicenses any software that constitutes or is contained in Third-Party Products, in object code form only, to Licensee for use during the Term.

2.4.    No Other Licenses. Other than as expressly set forth herein, (a) Licensor grants no licenses, expressly or by implication, and (b) Licensor's entering into the Agreement will not be deemed to license or assign any intellectual property rights of Licensor to Licensee or any third party. Licensee agrees not to use the Software as a service bureau for elections outside the Licensee's jurisdiction and agrees not to reverse engineer or otherwise attempt to derive the source code of the Software. The Licensee shall have no power to transfer or grant sub-licenses for the Software.  Any use of all or any portion of the Software not expressly permitted is strictly prohibited.

2.5.    Intellectual Property Infringement Indemnification.  If a third party claims that the Software or System infringes any United States patent, copyright, trade secret or similar

intellectual property right, Dominion shall defend Licensee against such claim at Dominion's expense and pay all damages that a court finally awards against Licensee. If such a claim is made or appears possible, Dominion shall, within sixty (60) days of such claim, and at its option: (a) secure for Licensee the right to continue to use the infringing portion of the Software or System; or (b) modify or replace the Software and System so that it is non-infringing but retains equivalent functionality. If neither of the foregoing options is reasonably available, Dominion shall require Licensee to return the Software or System, and Dominion shall refund Licensee amounts calculated pursuant to the Software License fee, on a pro-rate basis. The foregoing notwithstanding, Dominion shall have no obligation to indemnify Licensee for any infringement claim based on Licensee's modification or misuse of the Software, if the claim would have been avoided had the Software not been modified or misused.

**3.      Payment.** In consideration of the grant of the license, the Licensee shall pay the license fees set forth in the Agreement and Exhibit A of the Agreement.

**4.      Upgrades and Certification.** During the Term, Licensor may provide upgrades to Licensee under the following terms and conditions.

4.1.     Upgrades.   In the event that Licensor, at its sole discretion, certifies a Software upgrade under the applicable laws and regulations of the Customer's State, Licensor shall make the certified Software upgrade available to the Licensee at no additional cost.

4.2.     Certification Requirement.   Notwithstanding any other terms of this Agreement, Licensor shall not provide, and shall not be obligated to provide under this Agreement any upgrade, enhancement or other software update that has not been certified under the applicable provisions of the election laws and regulations of the Customer's State.

**5.      Prohibited Acts.** The Licensee shall not, without the prior written permission of Licensor:

5.1.     Transfer or copy onto any other storage device or hardware or otherwise copy the Software in whole or in part except for purposes of system backup;

5.2.     Reverse engineer, disassemble, decompile, decipher or analyze the Software in whole or in part;

5.3.     Alter or modify the Software in any way or prepare any derivative works of the Software or any part of parts of the Software;

5.4.     Alter, remove or obstruct any copyright or proprietary notices from the Software, or fail to reproduce the same on any lawful copies of the Software.

**6.      Return of Software.** Upon termination or expiration of this Agreement, Licensee shall forthwith return to Licensor all Software in its possession or control, or destroy all such Software from any electronic media, and certify in writing to Licensor that it has been destroyed.

**7.**    **Warranties**. The following warranties will apply to all Software during the Term.

7.1.    <u>Software Warranty Terms</u>. Licensor warrants that the Software will function substantially in accordance with the Specifications during the Term.  The Licensor also warrants that the Software will comply with the voting system certification requirements and laws of the Customer's State (collectively the "Requirements") in effect as of the date the Software is certified by the certification authority of the Customer's State. This provision applies to the initially installed Software as well as any subsequent upgrades pursuant to Section 4 herein.  However, the Licensor will not be required to make modifications to the Software or System as a result of changes in the Requirements. The foregoing warranty will be void in the event of the Software (i) having been modified by any party other than Licensor or (ii) having been used by the Licensee for purposes other than those for which the Software was designed by Licensor.  If Licensor establishes that a failure of the foregoing warranty that is reported by Licensee is not covered by the foregoing warranty, the Licensee shall be responsible for the costs of Licensor's investigative and remedial work at Licensor's then current rates.

7.2.    <u>Corrections</u>. If the Licensee believes that the Software is not functioning substantially in accordance with the Specifications or Requirements, the Licensee shall provide Licensor with written notice of the material failure within thirty (30) days of discovering the material failure, provided that the Licensee can reproduce the material failure to Licensor.  The Licensor shall correct the deficiencies, at no additional cost to the Licensee and incorporate such corrections into the next version certified by the Customer's State.

7.3    <u>Third-Party Products</u>. The warranties herein do not apply to any Third-Party Products.  However, to the extent permitted by the manufacturers of Third-Party Products, Licensor shall pass through to Licensee all warranties such manufacturers make to Licensor regarding the operation of such Third-Party Products.

7.4.    <u>NO OTHER WARRANTIES.</u> EXCEPT AS SET FORTH IN THE AGREEMENT AND HEREIN, LICENSOR DISCLAIMS ALL OTHER REPRESENTATIONS AND WARRANTIES, WHETHER WRITTEN, ORAL, EXPRESS, IMPLIED OR STATUTORY, INCLUDING ANY WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE AND ANY WARRANTY BASED ON A COURSE OF DEALING, COURSE OF PERFORMANCE OR USAGE OF TRADE.

## SCHEDULE A

## PRINT COPYRIGHT LICENSE TERMS AND CONDITIONS

1.  **Definitions.** For the purposes of this Agreement, the following are defined terms:

    1.1.  "Derivative Works" means any work that is based upon or derived from the Licensor's voting systems' ballots, including without limitation, sample ballots and voting booklets.

    1.2.  "Voting Systems' Ballots" means any ballot created for use with any voting system owned or licensed by the Licensor.

2.  **Print Copyright License and Use.**

    2.1.  <u>Copyright License Grant</u>. Licensor grants to the Licensee a non-exclusive, non-transferable copyright license to print, reproduce, distribute or otherwise copy the Licensor's Voting Systems' Ballots and any Derivative Works (collectively the "Materials") pursuant to the terms and conditions of this Schedule A.

    2.2.  <u>Copyright License Use.</u> Other than as expressly set forth herein, (a) Licensor grants no other licenses, expressly or by implication, and (b) Licensor's entering into and performing the Agreement will not be deemed to license or assign any intellectual property rights of Licensor to Licensee or any third party, (c) the copyright license granted herein cannot be transferred or sublicensed and the Voting Systems' Ballots or Derivative Works cannot be reproduced by any third party without the prior written consent of the Licensor, including without limitation:

        (i)   any commercial or non-commercial printer
        (ii)  any third party vendor using ballot on demand system.

    2.3.  <u>Rights and Interests</u>.  All right, title and interest in the Material, including without limitation, any copyright, shall remain with the Licensor.

3.  **No Copyright Warranties.**  EXCEPT AS SET FORTH HEREIN, LICENSOR DISCLAIMS ALL REPRESENTATIONS AND WARRANTIES, WHETHER WRITTEN, ORAL, EXPRESS, IMPLIED OR STATUTORY, INCLUDING ANY WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE AND ANY WARRANTY BASED ON A COURSE OF DEALING, COURSE OF PERFORMANCE OR USAGE OF TRADE.

# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| US DOMINION, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cv-00445-CJN |
| | ) | |
| MY PILLOW, INC. et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MY PILLOW, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS

Under Rule 34 of the Federal Rules of Civil Procedure, Defendant My Pillow, Inc. by and through undersigned counsel hereby serves the following Requests for Production of Documents and Things ("Requests") on Plaintiffs US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation (collectively "Dominion").

Dominion's responses to these Requests should be provided in accordance with the Federal Rules of Civil Procedure and shall be served together with all responsive materials **within thirty days of service of these Requests**. The materials requested shall be produced for inspection and copying at the offices of Parker Daniels Kibort, LLC, 888 Colwell Building, 123 North Third Street, Minneapolis, MN 55401, unless otherwise agreed by the parties.

## INSTRUCTIONS

1.     The Requests set forth below are continuing in nature. If, after responding, you obtain or become aware of any additional materials responsive to these Requests, or

additional materials responsive to these Requests come into existence or come into your possession, custody, or control, production of such additional materials shall be made forthwith as required by Rule 34 of the Federal Rules of Civil Procedure.

2.      Each Request herein requires the production of all responsive materials in the possession, custody, or control of you, or of any of your respective attorneys, agents and any other persons acting or purporting to act on behalf of any of them, or of any other Person from whom you have the right to obtain materials, whether in hard-copy or electronic form or in any other form or from any other source, wherever located and however managed, and whether active, in storage, or otherwise.

3.      Each Document is to be produced (together with all drafts thereof) in its entirety, without redaction or expurgation of any kind or nature whatsoever.

4.      All materials are to be produced as kept in the usual course of business or organized and labeled to correspond to the specific Requests set forth below.

5.      If a Request seeks the identification or production of materials that are not within your actual or constructive possession, custody or control, you shall so state and shall answer the Request based on the best information presently available. If you have knowledge or belief as to other Persons who have possession, custody or control of such materials, you shall so identify, to the extent known and based on the best information presently available, such Persons.

6.      If any Documents requested herein are withheld under claim of privilege or are not produced for whatever reason, you are requested at the time of responding to these Requests to separately state in writing and with specificity for each Document withheld from production (i) the claim of privilege or other reason asserted for withholding each such Document, and (ii) all information supporting the claim of privilege or other reason for withholding asserted as to each such Document, including without limitation the type or nature of the Document withheld (e.g., letter, memorandum, email, etc.), its author and all recipients (including any and all addressees

and Persons to whom the Document was copied or blind copied, as well as Persons to whom the Document was distributed or given or shown though not reflected on the Document as a recipient), the date of the Document, and a description of the substance of the Document, all in a manner sufficient to allow each Document to be described to the Court in order for the Court to rule on the claim of privilege or other reason asserted for withholding it from production. You are further requested to provide all requested information that is not subject to a claim of privilege, or other reason for nonproduction, by excising or otherwise protecting the portions for which a privilege is asserted, if such a technique does not result in disclosing the contents of the portions for which some privilege is asserted.

7.      Each of these definitions and instructions shall be fully applicable to each Request, notwithstanding that a definition or instruction above may, in whole or in part, be reiterated in a particular Request or that a particular Request may incorporate supplemental instructions or definitions.

8.      ESI shall be produced in black and white single-page TIFF images at not less than 300 dpi resolution, along with associated document-level text files, image load files (.DII, LFP, and OPT) indicating appropriate document and family breaks, as well as metadata load files in delimited text format containing the fields required by this protocol. Each TIFF image must convey all the information the document contains, disclosing all track changes, hidden content, notes, and any hidden slides, rows or columns, subject to any redactions. For ESI that does not contain redactions, the producing party shall produce an extracted text file for each electronic document where text can be extracted, and an optical character recognition ("OCR") text file for each imaged paper document and each electronic document for which text cannot be extracted. For documents that contain redactions, the producing party shall provide an OCR text file for the unredacted portions of such documents.

9.     Excel files, and audio and video files, shall be produced in the native format that is referenced in their Native Link field, along with a TIFF placeholder image that is named by the beginning Bates Number of the file, associated document-level text files, image load files (.DII, LFP, and OPT) indicating appropriate document and family breaks, as well as metadata load files in delimited text format containing all metadata fields for which metadata exists. You shall maintain family groups together in one production and shall not break family groups apart in separate production volumes.

10.     Non-Responsive family members must be produced together with the Responsive Family Members. In instances where you do not assert a privilege with respect to the entire family of documents, the producing party should replace any subset of privileged documents within the family for which it is claiming a privilege with slipsheets stating "Document Withheld as Privileged." The slipsheet shall contain the "Document Withheld as Privileged" language in the center of the page, with any branding of the documents as confidential on the bottom left, and the bates number on the bottom right of the page. Each slipsheet should be re-OCR'd at time of production to remove any extracted text.

## DEFINITIONS

11.     "2020 Presidential Election" means all vote casting, vote collection, vote counting, vote scanning, vote tabulation, vote reporting, or poll administration activities connected with the election of the President of the United States in November 2020, including preparations for any of these activities and early voting activities conducted prior to November 2020.

12.     "administer" means to direct, organize, carry out, conduct, lead, complete, advance, document, record, or facilitate a task or objective.

13. "Dominion" means US Dominion, Inc., Dominion Voting Systems, Inc., Dominion Voting Systems Corporation, and any representative, director, officer, employee, or agent of any of those entities.

14. "Hardware" means a physical object that makes up part or all of a computerized device. Hardware includes, but is not limited to, any computer, server, scanner, router, modem, copier, printer, mobile phone, and tablet, and the constituent components of any of these.

15. "MyPillow" means My Pillow, Inc. including any director, officer, employee, or agent of My Pillow, Inc. acting with authority to act on behalf of My Pillow, Inc.

16. "Software" means any electronically stored information that has the ability or potential ability to direct the operation of any Hardware. Software includes, but is not limited to, computer programs, source code, patches, updates, revisions, upgrades, and executable electronic files.

17. "State" means any political subdivision of the United States of America, including the fifty states represented in the United States Senate, the District of Columbia, and any territory administered by the United States of America.

18. "Supply" (or, in past tense, "Supplied") means manufacture, distribute, lease, sell, deliver, permit to use, or otherwise provide.

19. "Support" (or, in past tense, "Supported") means directly or indirectly provide services to assist or facilitate the use, management, or operation of an electronic device.

20.     "You," "you" and "your" mean Dominion and any persons purporting to act on Dominion's behalf.

21.     "Document" means any printed, written, typed, recorded, transcribed, taped, photographic, or graphic matter, however produced or reproduced, including, but not limited to: any letter, correspondence, or communication of any sort; electronic mail, either sent or received; file, print, negative, or photograph; sound or video recording; note, notebook, diary, calendar, minutes, memorandum, contract, agreement, or any amendment thereto; telex, telegram, or cable; summary, report, or record of any telephone conversation, personal conversation, discussion, interview, meeting, conference, investigation, negotiation, act, or activity; projection, work paper or draft; computer output or input; data processing card; opinion or report of any consultant; request, order, invoice, or bill of lading; analysis, diagram, map, index, sketch, drawing, plan, chart, manual, brochure, pamphlet, advertisement, circular, newspaper or magazine clipping; press release; receipt, journal, ledger, schedule, bill, or voucher; financial statement, statement of account, bank statement, checkbook, check stubs or register, canceled check, deposit slip, charge slip, tax return, or requisition; file, study, graph, or tabulation; and all other writings and recordings of whatever nature, whether signed, unsigned or transcribed, and any other data compilation from which information can be obtained or translated. The term "document" also shall mean: the original and/or any non-identical original or copy, including those with any marginal note or comment or showing additions, deletions, or substitutions; drafts; attachments to or enclosures with any document; and any other documents referred to or incorporated by reference in the

document. The term "document" also specifically includes all electronic documents, electronic Communications, and other "electronically stored information" (whether stored electronically or in the form of a hard-copy, print-out, or otherwise) and all attachments thereto.

22. "Communication" or "Communications" means a transfer of information in any form, including, without limitation, notes, complaints, diaries, journals, datebooks, reports, calendars, telephone messages, letters, email messages, instant messages (such as, but not limited to, Signal, Cisco Jabber, IBM Sametime, Wickr, ICQ, Kik, BBM, Gchat, iMessage, Telegram, WhatsApp, Slack, and similar types of messages), cell phone text messages (SMS messages and MMS messages), voicemail messages, Slack messages or other internal messaging system communications, social media communications or posting on sites including but not limited to Facebook, Twitter, YouTube, Instagram, Gab, or Parler (including any direct messages), website postings, internet chat-room postings, lists, correspondence, drawings, designs, telegrams, manuals, summaries or records of personal conversations, logs, minutes or records of meetings, minutes of any other type, transcripts of oral testimony or statements, affidavits, or summaries of investigations. For avoidance of doubt, the term "Communications" includes internal communications and communications with third parties

23. "Electronically stored information" or "ESI" refers to any portion of data available on a computer or other device capable of storing electronic data. "Electronically stored information" includes, but is not limited to, e-mail, spreadsheets, databases, word processing documents, images, presentations, application files, executable files, log files,

and all other files present on any type of device capable of storing electronic data. Devices capable of storing electronically stored information include, but are not limited to: servers, desktop computers, portable computers, handheld computers, flash memory devices, wireless communication devices, pagers, workstations, minicomputers, mainframes, and any other forms of online or offline storage, whether on or off company premises. ESI includes instant messages (such as but not limited to Signal, Cisco Jabber, IBM Sametime, Wickr, ICQ, Kik, BBM, Gchat, iMessage, Telegram, WhatsApp, Slack, and similar types of messages), cell phone text messages (SMS messages and MMS messages), voice mail messages, and similar types of messages. ESI includes any records of such communications or messages, including phone records. ESI includes any social media communication (such as but not limited to Twitter, Facebook, Instagram, YouTube, Parler, Gab, and Periscope), including any direct messages. For any document kept in electronic form, the term "document" includes any metadata associated with the document.

24. The term "identify" means as follows:

a. when used in reference to an artificial person or entity such as a corporation or partnership means to state (1) the organization's full name and trade name, if any; (2) the address and telephone number of its principal place of business; and (3) the names and titles of those officers, directors, managing agents or employees who have knowledge of and would be designated to testify with respect to the matters involved;

b. when used in reference to a document means to (1) state the type of document (*e.g.*, letter, memorandum, print-out, report, newspaper, etc.); (2) state the title and date, if any, of the document; (3) state the author's name and address; (4) state the addressee's name and address; (5) provide a brief description of its contents; (6) indicate the present location of the document; and (7) provide the name and address of the person or persons

having custody over the document. If any such document was, but is no longer, in your possession, custody, or subject to your control, state what disposition was made of it. In all cases where you are requested to identify particular documents, in lieu of such identification you may supply a fully legible copy of the document in question. This permission, however, shall in no way prejudice Plaintiff's right to require production and allow inspection of all records in your possession

c.  when used in reference to a natural person means to state (1) the person's full name; (2) the person's present or last known address; (3) the person's present or last known telephone number; and

d.  when used in reference to an oral communication, means to state: (1) the identity of all individuals participating or present; (2) the date and time of the communication; (3) where the communication took place; (4) the type of communication (*e.g.*, in person, telephone, etc.); and (5) the substance of the communication.

25.  "Concerning" means without limitation, containing, reflecting, referring to, alluding to, discussing, relating to, describing, evidencing, supporting, or constituting.

26.  "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

27.  The terms "related to," "relates to" or "relating to" mean, refer to, pertain to, reflect, record, describe, allude to, respond to, announce, explain, discuss, show, study, analyze or constitute or be in any other way connected with the matter discussed.

28.  The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all"; "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neutral form shall include every gender.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**   An exemplar of each piece of Hardware Supplied or Supported by Dominion that was used to administer the 2020 Presidential Election in any jurisdiction in any State.

**REQUEST NO. 2:**   All user manuals, user guides, and owner or user documentation provided by Dominion to any purchaser, lessor, or user of Hardware substantially similar to any piece of Hardware produced in response to Request No. 1 above.

**REQUEST NO. 3:**   An exemplar of each piece of Software Supplied or Supported by Dominion that was used to administer the 2020 Presidential Election in any jurisdiction in any State.

**REQUEST NO. 4:**   All user manuals, user guides, and owner or user documentation provided by Dominion to any purchaser, lessor, or user of Software substantially similar to any piece of Software produced in response to Request No. 3 above.

**REQUEST NO. 5:**   Any Hardware in the possession, custody, or control of Dominion that was used to administer the 2020 Presidential Election in any jurisdiction in any State.

**REQUEST NO. 6:**   Any Software in the possession, custody, or control of Dominion that was used to administer the 2020 Presidential Election in any jurisdiction in any State.

**REQUEST NO. 7:**   All Documents related to Your contention that a statement by Lindell caused damages to Dominion.

**REQUEST NO. 8:**   All Documents showing or tending to show that a statement by any person other than Lindell, related to the 2020 Presidential Election, caused damages to

Dominion.

**REQUEST NO. 9:** All agreements entered into by Dominion on or after November 4, 2020, to Supply or Support Hardware or Software to any person.


DATED:  August 5, 2022        **PARKER DANIELS KIBORT LLC**

By */s/ Andrew D. Parker*
   Andrew D. Parker (D.C. Bar No. 63279)
   Joseph A. Pull (D.C. Bar No. 982468)
   Ryan Malone (MN Bar No. 195042)*
   888 Colwell Building
   123 N. Third Street
   Minneapolis, MN 55401
   Telephone: (612) 355-4100
   Facsimile: (612) 355-4101
   parker@parkerdk.com
   pull@parkerdk.com
   malone@parkerdk.com

   * Admitted Pro Hac Vice

**LEWIN & LEWIN, LLP**

   Nathan Lewin (D.C. Bar No. 38299)
   888 17th Street NW
   Fourth Floor
   Washington, DC 20006
   Telephone: (202) 828-1000
   nat@lewinlewin.com

   *Counsel for Defendant My Pillow, Inc.*

## CERTIFICATE OF SERVICE

I, Andrew D. Parker, hereby certify that on August 5, 2022, true and correct copies of My Pillow, Inc.'s First Set of Requests for Production of Documents to Plaintiffs were served via email on counsel of record for every party in *US Dominion, et al. v. My Pillow, Inc., et al.*, No. 1:21-cv-00445 (CJN).

DATED:  August 5, 2022

**PARKER DANIELS KIBORT LLC**

By */s/ Andrew D. Parker*
 Andrew D. Parker (D.C. Bar No. 63279)
 Joseph A. Pull (D.C. Bar No. 982468)
 Ryan Malone (MN Bar No. 195042)\*
 888 Colwell Building
 123 N. Third Street
 Minneapolis, MN 55401
 Telephone: (612) 355-4100
 Facsimile: (612) 355-4101
 parker@parkerdk.com
 pull@parkerdk.com
 malone@parkerdk.com

 \* Admitted Pro Hac Vice

EXHIBIT 4

| | |
|---|---|
| **From:** | Laranda Walker |
| **To:** | Courtney Lesley |
| **Cc:** | Andrew Parker; Joe Pull; Jesse Kibort; Katie Sammons; Stephen Shackelford |
| **Subject:** | Dominion v. MyPillow; Case no. 21-cv-00445: request for telephonic conference |

Ms. Lesley,

Pursuant to paragraph 11 of Judge Nichols's Standing Order, the parties jointly request a telephonic conference with Judge Nichols regarding a discovery dispute. The parties' positions are summarized below.

**Dominion's Position:** Defendants issued 39 subpoenas upon various counties in several states and the Arizona Secretary of State requesting production of various documents and materials. Dominion would like to file a motion for a protective order concerning certain, specific requests contained in the subpoenas (the "Subject Requests") no later than September 30, the date on which the subpoenas call for compliance. The Subject Requests call for production of "forensic images" and "forensic copies" of materials that are confidential and proprietary to Dominion, that have been classified by the federal government as critical to election infrastructure, and that are irrelevant to the claims and defenses at issue. To be clear, Dominion does not object to the subpoena in its entirety; its objections are limited to the specific requests that call for its confidential and proprietary information.

Dominion is entitled, under Rule 26 of the Federal Rules of Civil Procedure, to move for protection from discovery—including third party subpoenas—that calls for production of trade secrets or other confidential commercial information. Defendants suggest that Dominion's contracts with its customers permit disclosure "in response to…any person properly seeking discovery before any such agency or court." But Defendants' attempt to pursue Dominion's confidential and proprietary information from its customers is improper. Moreover, Dominion's contracts provide that Dominion may defend the confidentiality of its information "to the maximum extent allowable under the law prior to disclosure by the other Party of the Confidential Information," thus giving Dominion a right to object.

Here, the software and information requested are not only confidential and proprietary, but they are also critical to election infrastructure. Any marginal relevance the materials might have is significantly outweighed by the risks associated with disclosing Dominion's confidential and proprietary information, particularly given that Mr. Lindell has repeatedly indicated his intent to publicly display Dominion's proprietary materials. To the extent such materials are relevant and proportionate to the needs of the case, Defendants should pursue the materials from Dominion, rather than burdening third party public entities. There is currently no protective order in place that would protect Dominion's confidential and proprietary information should one of the subpoenaed parties produce documents and information responsive to the Subject Requests. Pursuing the materials from Dominion will properly ensure that Dominion has

the opportunity to protect its highly confidential and proprietary information, including by working on an agreed protocol—or seeking the Court's assistance in ordering a proper protocol—for any examinations of such critical infrastructure. Dominion notes that other federal courts, including the Northern District of Georgia in the *Curling* case, have been highly protective of just this sort of information and infrastructure. *See Curling v. Raffensperger, et al,* Case No. 1-17-cv-02989-AT (N.D. Ga.) ECF 858 (directing that "[a]ccess to and testing of the [voting machine] equipment shall be subject to the terms of the Protective Order entered in this Case on July 11, 2019 at Doc. 477 in order to address the confidentiality and intellectual property concerns raised by the State Defendants and Dominion.").

**Defendants' Position:** Defendants have issued subpoenas to numerous counties and the Arizona Secretary of State to obtain copies of computer software and data used to administer the 2020 election. This information relates to the accuracy of allegations in the Complaint that false statements were made by Mr. Lindell about voting machines being hacked and being programmed to miscount votes. It also relates to the issue, relevant to Defendants' defenses, of the inherent probability of Mr. Lindell's statements. Accordingly, Defendants are entitled to obtain discovery of the information sought by the subpoenas.

Dominion has asserted the information sought by the subpoenas is confidential and proprietary to Dominion. The accuracy of that assertion depends in part on the language of Dominion's contracts with the subpoena recipients, none of which have been produced by Dominion, and Defendants therefore cannot adequately evaluate the assertion. One of the subpoena recipients provided Defendants with a copy of a contract with Dominion, which states that information Dominion claims to be confidential can be disclosed "in response to . . . any person properly seeking discovery before any such agency or court." If similar language appears in Dominion's other contracts, the plain language of the contracts permits the discovery sought by Defendants – not to mention the principle that a party may not shield information from discovery in a court proceeding merely by entering into a contract or claiming it as proprietary. To the extent Dominion believes confidentiality concerns should affect the information sought by the subpoenas, the remedy for those concerns is to designate, to the extent appropriate, the information as confidential under the protective order to be entered by the Court – not to forbid discovery of the information altogether.

Dominion also asserts that the requested information should be sought from Dominion. However, Dominion responded to Defendants' document requests by stating that "Dominion is not responsible for conducting elections, and state and local jurisdictions have exclusive custody and control over the Dominion technology used in those jurisdictions," and "It is Dominion's understanding that the jurisdictions conducting the elections are responsible for receiving, recording, tallying, and report the vote totals in their jurisdiction." Dominion has claimed it does not possess the information sought by

the subpoenas.

******

Please advise us concerning the Court's availability for a telephonic conference.

Kind regards,

Laranda


**Laranda Moffett Walker | Partner**
**Susman Godfrey LLP**
1000 Louisiana St. | Suite 5100 | Houston, Texas 77002
**HOUSTON • LOS ANGELES • SEATTLE • NEW YORK**
Office: 713.653.7842
Mobile: 225.485.4533

[Susman Godfrey 2019 Year in Review](#)

# EXHIBIT 5

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| US DOMINION, INC., DOMINION VOTING SYSTEMS, INC., and DOMINION VOTING SYSTEMS CORPORATION, | ) ) ) |
| | ) |
| Plaintiffs/Counter-Defendants, | ) |
| | ) |
| v. | ) |
| | ) |
| MY PILLOW, INC., and MICHAEL J. LINDELL, | ) ) |
| | ) |
| Defendants/Third Party Plaintiffs, | ) Case No. 1:21-cv-00445-CJN |
| | ) |
| v. | ) |
| | ) |
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., SGO CORPORATION LIMITED, AND HAMILTON PLACE STRATEGIES, LLC, | ) ) ) ) ) |
| | ) |
| Third Party Defendants. | ) |

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO MICHAEL J. LINDELL'S
FIRST SET OF REQUESTS FOR PRODUCTION**

Under Rules 26 and 34 of the Federal Rules of Civil Procedure and other applicable rules,

U.S. Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation

("Dominion") responds as follows to the Michael J. Lindell's First Set of Requests for Production

("Lindell"):

**PRELIMINARY STATEMENT**

1.      Dominion's responses are based on its investigation to date of those sources within

its possession, custody, or control and in which Dominion reasonably believes responsive

documents or information may exist. Dominion reserves the right to amend or supplement these

responses in accordance with the Federal Rules of Civil Procedure, the Local Rules of this Court,

any Court order, and other applicable rules, including based on its discovery of additional documents or information, and to rely upon such information, documents, or objections in any hearing, trial, or other proceeding in this litigation.

2.      By responding to these Requests for Production ("Requests"), Dominion does not waive (i) any objections as to the competency, relevancy, materiality, or admissibility as evidence, for any purpose, of any information provided in response to these Requests; (ii) the right to object on any ground to the use of the information provided in response to these Requests at any hearing, trial or other proceeding in this litigation; (iii) the right to object on any ground at any time to a demand for further responses to these Requests; or (iv) the right at any time to revise, correct, add to, supplement or clarify the responses contained herein.

3.      Dominion responds to each Request as it currently interprets and understands it. If Lindell subsequently asserts an interpretation of a Request or term that differs from Dominion's understanding, Dominion reserves the right to alter or supplement its objections or responses.

4.      Dominion responds to these Requests but will not produce documents until the Court enters an appropriate protective order. Lindell has made repeated attacks on Dominion in the press since this litigation was filed, including through several documentaries (*Absolute Proof*, *Absolute Interference*, and *Scientific Proof*), a website (frankspeech.com), and several "cyber" symposiums. Lindell is even funding at least one lawsuit attempting to decertify Dominion machines and threatening an outlandish class-action lawsuit against "all machines." Dominion will not allow Lindell to use the discovery process as a fishing expedition for his many other baseless conspiracy theories, which is exactly the goal of Lindell's frivolous requests for documents relating to ANTIFA, George Soros, and Kamala Harris, among others. Nor will Dominion allow

Lindell to try this case in the press. Dominion will seek Court intervention to make sure Dominion's rights and interests are secured through an appropriate protective order.

**<u>GENERAL OBJECTIONS</u>**

Dominion expressly incorporates each of the following General Objections in its Response to each Request as though fully set forth therein and states that, by making a specific objection to a particular Request, Dominion does not imply that any of such General Objections are not applicable to that Request.

1.      Dominion objects to each Request to the extent it purports to seek information protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privileges or protections. Dominion will not produce any documents protected by any such privilege or protection.

2.      Dominion further objects to each Request, including each "Definition" or "Instruction," to the extent it purports to place a burden on Dominion to investigate, collect, and disclose information that is not relevant to the claims or defenses of any party, or that is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. This includes, for example, those Requests that purport to require Dominion to identify "each," "any," or "all" of a particular subset of information or otherwise rely on those terms to describe the scope of the Request. To the extent that Dominion states it will search for and produce information responsive to any Request, Dominion's response should be understood to indicate that it intends to conduct a reasonable search for responsive materials in accordance with an agreement between the parties on the

discovery of electronically stored information ("ESI"), of those non-public sources in the possession, custody, or control of Dominion, excluding any outside counsel or other persons employed, hired, or retained for purposes of litigation.

3.      Dominion further objects to each Request, including each "Definition" or "Instruction," to the extent it fails to comply with, or purports to expand or alter Dominion's obligations under, the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of Columbia, any relevant Court orders, and any agreement of the parties. For example, to the extent necessary, Dominion will produce a privilege log once the parties have met and conferred and reached an agreement regarding the mutually applicable scope of such logs.

4.      Dominion further objects to each Request, including each "Definition" or "Instruction," to the extent it seeks the production of electronic mail or other ESI in the possession, custody, or control of a particular Dominion custodian. Dominion states that it intends to utilize search terms to locate potentially responsive ESI, and that it is willing to meet and confer with Lindell regarding mutually applicable limits on the conducting of searches for such information, including to attempt to reach agreement on both custodians and search terms. As such, to the extent that Dominion states in response to any particular Request that it will search for and/or produce documents or materials, such responses should be understood as subject to this General Objection.

5.      Dominion objects to the definition of "Dominion" as overly broad, unduly burdensome, and vague. Read literally, Lindell's definition would require the plaintiffs to gather and produce documents that are not within the plaintiffs' possession, custody, or control. In responding to these requests Dominion has construed "Dominion" to include only the plaintiffs and their employees during the tenure of their employment.

6.      Dominion objects to the definition of "Voting Equipment and/or System" as overly broad, unduly burdensome, and vague. Lindell's definition encompasses all of Dominion's technology, even technology that is not relevant to a claim or defense in this case.

7.      Dominion objects to the parameters for production of electronic files set out in the Instructions included with these requests. Dominion will produce electronic documents according to a protocol to be agreed between the parties.

8.      Dominion objects to the timeframe identified in the Requests as unduly burdensome to the extent they request documents before January 1, 2018. Unless otherwise specified, Dominion has responded to these Requests and interprets the relevant time period as the period from January 1, 2018 to the present.

**SPECIFIC RESPONSES AND OBJECTIONS TO
REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**

An exemplar Dominion Voting Equipment and/or System as it existed in the State of Georgia or any county therein or voting precinct on November 3, 2020.

**RESPONSE**: Dominion objects to this request as vague, ambiguous, and overbroad in its use of the phrase "Dominion Voting Equipment and/or Systems." Dominion objects to this request as vague and ambiguous in its use of the word "exemplar." It is unclear what types of information Lindell is seeking. To the extent Lindell is seeking documents, Dominion objects to this request because it contains no date range and would encompass nearly any document related to Georgia's use of Dominion technology.

Based on these objections and the general objections above, Dominion will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 2:**

An exemplar Dominion Voting Equipment and/or System as it existed in Antrim County, Michigan on November 3, 2020.

**RESPONSE**: Dominion objects to this request as vague, ambiguous, and overbroad in its use of the phrase "Dominion Voting Equipment and/or Systems." Dominion objects to this request as vague and ambiguous in its use of the word "exemplar." It is unclear what types of information Lindell is seeking. To the extent Lindell is seeking documents, Dominion objects to this request because it contains no date range and would encompass nearly any document related to Antrim County, Michigan's use of Dominion technology.

Based on these objections and the general objections above, Dominion will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 3:**

An exemplar Dominion Voting Equipment and/or System as it existed in Maricopa County, Arizona on November 3, 2020.

**RESPONSE**: Dominion objects to this request as vague, ambiguous, and overbroad in its use of the phrase "Dominion Voting Equipment and/or Systems." Dominion objects to this request as vague and ambiguous in its use of the word "exemplar." It is unclear what types of information Lindell is seeking.  To the extent Lindell is seeking documents, Dominion objects to this request because it contains no date range and would encompass nearly any document related to Maricopa County, Arizona's use of Dominion technology.

Based on these objections and the general objections above, Dominion will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 4:**

An exemplar Dominion Voting Equipment and/or System as it existed in Mesa County,

Colorado on November 3, 2020.

**RESPONSE**: Dominion objects to this request as vague, ambiguous, and overbroad in its use of the phrase "Dominion Voting Equipment and/or Systems." Dominion objects to this request as vague and ambiguous in its use of the word "exemplar." It is unclear what types of information Lindell is seeking. To the extent Lindell is seeking documents, Dominion objects to this request because it contains no date range and would encompass nearly any document related to Mesa County, Colorado's use of Dominion technology.

Based on these objections and the general objections above, Dominion will not produce documents in response to this request.

## REQUEST FOR PRODUCTION NO. 5:

The results of any audit conducted by You or with Your assistance and/or cooperation for the State of Georgia or any county or voting precinct therein after the 2020 General Election through January 6, 2021.

**RESPONSE**: Dominion objects to this request as unreasonably burdensome to the degree that it seeks publicly available documents, the source of which is readily identifiable to Lindell and for which the burden of obtaining copies is no greater for Lindell than it would be for Dominion. Dominion will not produce such publicly available documents in response to this request.

Dominion objects to this request to the degree that it calls for the production of documents in Lindell's possession, custody, or control. In response to this request, Dominion will not produce to Lindell material that is already in Lindell's possession, custody, or control.

Dominion objects to this request to the degree that it implies that Dominion is responsible for verifying election results. It is Dominion's understanding that state and local jurisdictions

7

conducting elections, including the State of Georgia, are responsible for verifying their results, and Dominion does not offer vote verification services to any of its customers. Dominion construes this request as seeking communications between Dominion and any of its customers concerning recounts of the results of the 2020 Presidential Election being conducted by those customers.

Subject to these objections and to the general objections above, Dominion will produce non-privileged documents responsive to this request that can be located in a reasonable search.

**REQUEST FOR PRODUCTION NO. 6:**

The results of any audit conducted by You or with Your assistance and/or cooperation for Antrim County, Michigan after the 2020 General Election through January 6, 2021.

**RESPONSE**: Dominion objects to this request as unreasonably burdensome to the degree that it seeks publicly available documents, the source of which is readily identifiable to Lindell and for which the burden of obtaining copies is no greater for Lindell than it would be for Dominion. Dominion will not produce such publicly available documents in response to this request.

Dominion objects to this request to the degree that it calls for the production of documents in Lindell's possession, custody, or control. In response to this request, Dominion will not produce to Lindell material that is already in Lindell's possession, custody, or control.

Dominion objects to this request to the degree that it implies that Dominion is responsible for verifying election results. It is Dominion's understanding that state and local jurisdictions conducting elections, including Antrim County, Michigan, are responsible for verifying their results, and Dominion does not offer vote verification services to any of its customers. Dominion construes this request as seeking communications between Dominion and any of its customers

concerning recounts of the results of the 2020 Presidential Election being conducted by those customers.

Subject to these objections and to the general objections above, Dominion will produce non-privileged documents responsive to this request that can be located in a reasonable search.

**REQUEST FOR PRODUCTION NO. 7:**

The results of any audit conducted by You or with Your assistance and/or cooperation for Maricopa County, Arizona after the 2020 General Election through January 6, 2021.

**RESPONSE**: Dominion objects to this request as unreasonably burdensome to the degree that it seeks publicly available documents, the source of which is readily identifiable to Lindell and for which the burden of obtaining copies is no greater for Lindell than it would be for Dominion. Dominion will not produce such publicly available documents in response to this request.

Dominion objects to this request to the degree that it calls for the production of documents in Lindell's possession, custody, or control. In response to this request, Dominion will not produce to Lindell material that is already in Lindell's possession, custody, or control.

Dominion objects to this request to the degree that it implies that Dominion is responsible for verifying election results. It is Dominion's understanding that state and local jurisdictions conducting elections, including Maricopa County, Arizona, are responsible for verifying their results, and Dominion does not offer vote verification services to any of its customers. Dominion construes this request as seeking communications between Dominion and any of its customers concerning recounts of the results of the 2020 Presidential Election being conducted by those customers.

Subject to these objections and to the general objections above, Dominion will produce

non-privileged documents responsive to this request that can be located in a reasonable search.

**REQUEST FOR PRODUCTION NO. 8:**

The results of any audit conducted by You or with Your assistance and/or cooperation for Mesa County, Colorado after the 2020 General Election through January 6, 2021.

**RESPONSE**: Dominion objects to this request as unreasonably burdensome to the degree that it seeks publicly available documents, the source of which is readily identifiable to Lindell and for which the burden of obtaining copies is no greater for Lindell than it would be for Dominion. Dominion will not produce such publicly available documents in response to this request.

Dominion objects to this request to the degree that it calls for the production of documents in Lindell's possession, custody, or control. In response to this request, Dominion will not produce to Lindell material that is already in Lindell's possession, custody, or control.

Dominion objects to this request to the degree that it implies that Dominion is responsible for verifying election results. It is Dominion's understanding that state and local jurisdictions conducting elections, including Mesa County, Colorado, are responsible for verifying their results, and Dominion does not offer vote verification services to any of its customers. Dominion construes this request as seeking communications between Dominion and any of its customers concerning recounts of the results of the 2020 Presidential Election being conducted by those customers.

Subject to these objections and to the general objections above, Dominion will produce non-privileged documents responsive to this request that can be located in a reasonable search.

**REQUEST FOR PRODUCTION NO. 9:**

Documents regarding, concerning, or with HPS from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it seeks

documents that are not relevant to any claim or defense in this litigation. Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion will respond to this request by searching for documents from November 1, 2020, to the present.

Subject to and without waiving this objection and the general objections above, Dominion will produce non-privileged documents and communications sent to, or received from, HPS in connection with reporting on alleged voting or election fraud and the 2020 Presidential Election.

**REQUEST FOR PRODUCTION NO. 10:**

Documents regarding, concerning, or with Eric Coomer from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request as calling for documents that are not in Dominion's possession, custody, or control. Mr. Coomer is no longer an employee of Dominion and Dominion does not have possession, custody, or control over documents in Mr. Coomer's possession. Dominion will not collect or produce documents from Mr. Coomer in response to this request.

Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion objects to this request as overly broad and unduly burdensome because it is not limited to issues relevant to this case.

Subject to and without waiving this objection and the general objections above, Dominion will produce non-privileged documents and communications responsive to this request that are related to alleged voting and election fraud and the 2020 Presidential Election and can be located in a reasonable search.

**REQUEST FOR PRODUCTION NO. 11:**

Documents regarding, concerning, or with Carlyle Group from January 1, 2010 to the present.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it does not seek documents relevant to any claim or defense in this case. Dominion is not aware of any disputed issue in this case concerning Carlyle Group. Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 12:**

Documents regarding, concerning, or with Staple Street Capital from January 1, 2010 to the present.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it does not seek documents relevant to any claim or defense in this case. Dominion is not aware of any disputed issue in this case concerning Staple Street Capital. Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence.

Dominion objects to this request as overly broad and unduly burdensome in its use of the phrase "regarding" or "concerning." Arguably all of Dominion's business activities since July 2018 are in some sense "regarding" or "concerning" Staple Street and Staple Street's investment. Dominion construes this request as seeking communications between Dominion and Staple Street prior to the investment.

Subject to and without waiving this objection and the general objections above, Dominion

12

will produce non-privileged, relevant documents and communications between Dominion and Staple Street prior to the investment.

**REQUEST FOR PRODUCTION NO. 13**:

Documents regarding, concerning, or with Smartmatic from January 1, 2005 to the present.

**RESPONSE**: Dominion objects to this request as vague and overly broad and unduly burdensome. Smartmatic and Dominion are competitors and documents "regarding" or "concerning" the two businesses could include many Dominion sales and marketing materials and other business records. Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence.

Dominion objects to this request as unduly burdensome to the degree that it encompasses all documents from litigation between Dominion and Smartmatic. Production of the entire litigation file for each such case would be burdensome and would include many documents that have no relevance to any claim or defense in this case.

Subject to and without waiving this objection and the general objections above, Dominion will produce non-privileged, relevant documents and communications responsive to this request that can be located in a reasonable search.

**REQUEST FOR PRODUCTION NO. 14**:

Documents regarding, concerning, or with Sequoia Voting Systems from January 1, 2005 to the present.

**RESPONSE**: Dominion objects to this request as overly broad and unduly burdensome. Dominion acquired assets from Sequoia over ten years ago. The request encompasses all documents "regarding" or "concerning" those assets and Sequoia Voting Systems more generally—literally every document relating to those assets or Sequoia Voting Systems.

Dominion will produce the agreements that were executed in conjunction with the asset acquisition. The burden of producing the additional documents sought in this request is not justified because there is no claim or defense in this case to which documents "regarding" or "concerning" Sequoia Voting Systems or the Sequoia Voting Systems assets are relevant.

**REQUEST FOR PRODUCTION NO. 15:**

Documents regarding, concerning, or with Sequoia Capital from January 1, 2005 to the present.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion is not aware of any disputed issue in this case concerning Sequoia Capital. Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 16**

Documents regarding, concerning, or with Michael Steele from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion is not aware of any disputed issue in this case concerning Michael Steele.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 17**

Documents regarding, concerning, or with ANTIFA from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion is not aware of any disputed issue in this case concerning ANTIFA.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

## REQUEST FOR PRODUCTION NO. 18

Documents regarding, concerning, or with George Soros from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation.   Dominion is not aware of any disputed issue in this case concerning George Soros.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

## REQUEST FOR PRODUCTION NO. 19

Documents regarding, concerning, or with the Clinton Foundation from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation.   Dominion is not aware of any disputed issue in this case concerning the Clinton Foundation.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

## REQUEST FOR PRODUCTION NO. 20

Documents regarding, concerning, or with the Gates Foundation from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion is not aware of any disputed issue in this case concerning the Gates Foundation.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

## REQUEST FOR PRODUCTION NO. 21

Documents regarding, concerning, or with the Center for Technology and Civic Life from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion is not aware of any disputed issue in this case concerning the Center for Technology and Civic Life.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

## REQUEST FOR PRODUCTION NO. 22

Documents regarding, concerning, or with the Republican National Committee from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion is not aware of any disputed issue in this case concerning the Republican National Committee. Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

## REQUEST FOR PRODUCTION NO. 23

Documents regarding, concerning, or with the Democratic National Committee from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion is not aware of any disputed issue in this case concerning the Democratic National Committee. Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

## REQUEST FOR PRODUCTION NO. 24

Documents regarding, concerning, or with Jeff Bezos from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion is not aware of any disputed issue in this case concerning Jeff Bezos.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

## REQUEST FOR PRODUCTION NO. 25

Documents regarding, concerning, or with Kamala Harris from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion is not aware of any disputed issue in this case concerning Kamala Harris.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

## REQUEST FOR PRODUCTION NO. 26

Documents regarding, concerning, or with Doug Emhoff from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion is not aware of any disputed issue in this case concerning Doug Emhoff.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

## REQUEST FOR PRODUCTION NO. 27

Documents regarding, concerning, or with Mark Zuckerberg from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion is not aware of any disputed issue in this case concerning Mark Zuckerberg.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

## REQUEST FOR PRODUCTION NO. 28

Documents concerning any non-recourse litigation funding from November 3, 2020 to the present.

**RESPONSE**: Dominion objects to this request as vague and ambiguous in its use of the phrase "any non-recourse litigation funding." Dominion construes this request as seeking documents concerning loans or other payments by third parties to Dominion or Dominion's legal

18

counsel for the purpose of paying expenses in this litigation. Dominion objects to this request because it does not seek documents relevant to any claim or defense in this case.

Without waiving these objections or the general objections above, Dominion responds that it is not aware of any documents responsive to this request.

## REQUEST FOR PRODUCTION NO. 29

For inspection and testing the Source Code for Dominion Voting Equipment and/or Systems from January 1, 2020 to the present.

**RESPONSE**: Dominion objects to this request as vague and ambiguous in its use of the phrases "Source Code" and "Dominion Voting Equipment and/or Systems." Read literally, this Request would require the production of every version of Dominion's source codes. Dominion will not produce any version of its source code or any portion of its source code unless and until Lindell identifies a particular relevant issue with a particular one of Dominion's source code.

Dominion further objects to production of any version of its source code without sufficient confidentiality protections. Dominion's source code contains trade secrets and other information the value of which depends on maintaining confidentiality. The risk of unauthorized disclosure is particularly acute because source code is digital information subject to exact duplication through electronic means. Nevertheless, Lindell has insisted on a protective order that essentially makes all of Dominion's documents public, including, specifically, versions of its source code. As explained above, Lindell's behavior makes clear that he will disseminate any material produced in this case that he is permitted to view. Dominion will only produce source code once the Court has entered a protective order which contains provisions that protect the confidentiality of the code. Dominion will seek a Court order if an agreement on a strong source-code-protective order cannot be reached.

## REQUEST FOR PRODUCTION NO. 30

Documents supporting Your allegation that "Dominion has been forced to make significant expenditures in an attempt to mitigate the harm to its reputation and business" as alleged in paragraph 156 of the Complaint.

**RESPONSE**: Dominion objects to this request as unreasonably broad and unduly burdensome to the degree that it implies that Dominion must assemble and produce all evidence in its possession, custody, or control that supports certain allegations in its Complaint. Dominion is not obligated to assemble and present all evidence in its possession that supports its claims, only sufficient evidence to prove the claims. Production of all such evidence would be unreasonably duplicative and burdensome and Dominion will not undertake an effort to identify or produce all such evidence in response to this request.  In addition, discovery in this case has not been completed and Dominion's analysis of the evidence supporting its claims is ongoing. Dominion reserves the right to supplement its response to this request as additional evidence is discovered, identified, or obtained.

Subject to these objections and the general objections above, Dominion responds that it will produce non-privileged documents of which it is currently aware that are responsive to this request, subject to an agreed protective order, and that it will supplement consistent with the applicable rules.

## REQUEST FOR PRODUCTION NO. 31

Documents supporting Your allegation that "the viral disinformation campaign has irreparably damaged Dominion's reputation and destroyed the resale value of a business that was worth between $450 million and $500 million before the viral disinformation campaign" as alleged in paragraph 159 of the Complaint.

**RESPONSE**: Dominion objects to this request as unreasonably broad and unduly

20

burdensome to the degree that it implies that Dominion must assemble and produce all evidence in its possession, custody, or control that supports certain allegations in its Complaint. Dominion is not obligated to assemble and present all evidence in its possession that supports its claims, only sufficient evidence to prove the claims. Production of all such evidence would be unreasonably duplicative and burdensome and Dominion will not undertake an effort to identify or produce all such evidence in response to this request. In addition, discovery in this case has not been completed and Dominion's analysis of the evidence supporting its claims is ongoing. Dominion reserves the right to supplement its response to this request as additional evidence is discovered, identified, or obtained.

Subject to these objections and the general objections above, Dominion responds that it will produce non-privileged documents of which it is currently aware that are responsive to this request, subject to an agreed protective order, and that it will supplement consistent with the applicable rules.

## REQUEST FOR PRODUCTION NO. 32

Documents identifying all owners of any interest in Dominion from January 1, 2005 to the present.

**RESPONSE**: Dominion objects to this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence.

Subject to and without waiving this objection and the general objections above, Dominion will produce documents sufficient to identify all owners of Dominion since January 1, 2018.

**REQUEST FOR PRODUCTION NO. 33**

Documents regarding Dominion's corporate formation (original and amended) including but not limited to articles of incorporation, certificate of incorporation, and by-laws from January 1, 2005 to the present.

**RESPONSE**: Dominion objects to this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion objects to the date range of this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents from a timeframe that is not relevant to any claim or defense in this litigation.

Subject to this objection and to the general objections above, Dominion will produce non-privileged documents from January 1, 2016 that are responsive to this request and can be located in a reasonable search.

**REQUEST FOR PRODUCTION NO. 34**

Payments, including but not limited to receipts, bills, invoices, and wire transfers, to HPS from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion will respond to this request by producing documents from November 1, 2020, to the present.

Subject to and without waiving this objection and the general objections above, Dominion will produce non-privileged documents and communications responsive to this request that can

be located in a reasonable search.

## REQUEST FOR PRODUCTION NO. 35

Documents regarding Board of Directors meeting minutes, minutes of Board of Directors committees, minutes of Dominion's senior management team meetings, regular or special meetings (whether in person or virtual), consents in lieu of formal meetings, and discussions or votes by Board of Directors members from January 1, 2005 to present.

**RESPONSE**: Dominion objects to the date range of this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents from a timeframe that is not relevant to any claim or defense in this litigation. Dominion objects to this request as vague and overbroad in its use of the phrase "senior management team meetings." Dominion construes this request as seeking materials related to Dominion's Board of Directors.

Subject to and without waiving this objection and the general objections above, Dominion will produce non-privileged documents and communications responsive to this request that can be located in a reasonable search.

## REQUEST FOR PRODUCTION NO. 36

Documents regarding a potential or actual "resale" or potential or actual sale of Dominion as alleged in paragraph 159 of the Complaint.

**RESPONSE**: Dominion objects to this request as unreasonably broad and unduly burdensome to the degree that it implies that Dominion must assemble and produce all evidence in its possession, custody, or control that supports certain allegations in its Complaint. Dominion is not obligated to assemble and present all evidence in its possession that supports its claims, only sufficient evidence to prove the claims. Production of all such evidence would be unreasonably duplicative and burdensome and Dominion will not undertake an effort to identify

23

or produce all such evidence in response to this request. In addition, discovery in this case has not been completed and Dominion's analysis of the evidence supporting its claims is ongoing. Dominion reserves the right to supplement its response to this request as additional evidence is discovered, identified, or obtained.

Subject to these objections and the general objections above, Dominion responds that it will produce non-privileged documents of which it is currently aware that are responsive to this request, subject to an agreed protective order, and that it will supplement consistent with the applicable rules.

## REQUEST FOR PRODUCTION NO. 37

Dominion's Financial Documents from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request as unduly burdensome to the degree that it seeks production of all documents reflecting Dominion's historical financial record. The burden of identifying and producing all documents reflecting Dominion's financial performance would be extreme and the information contained in such documents would be duplicative. Dominion objects to this request as vague and overbroad in its use of the phrase "Financial Documents." Dominion will interpret this request as seeking documents sufficient to show Dominion's quarterly and annual financial statements.

Subject to and without waiving this objection and the general objections above, Dominion responds that it will produce its quarterly and annual financial statements issued since January 1, 2016 in response to this request.

## REQUEST FOR PRODUCTION NO. 38

Federal, state, and local income tax returns filed by Dominion for the sequential fiscal years 2016 to present.

**RESPONSE**: Dominion objects to the date range for this request as unduly burdensome

and not reasonably calculated to lead to the discovery of relevant evidence. Dominion objects to this request because it seeks documents that are not relevant to any claim or defense in this litigation.

Based on these objections and the general objection above, Dominion will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 39**

Documents that identify Dominion's Board of Directors or the senior management team from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents that are not relevant to any claim or defense in this litigation.

Subject to and without waiving this objection and the general objections above, Dominion will produce non-privileged documents and communications responsive to this request that can be located in a reasonable search.

**REQUEST FOR PRODUCTION NO. 40**

Documents reflecting Dominion's senior management team's investment in or acquisition of an interest in Dominion from January 1, 2016 to present.

**RESPONSE**: Dominion objects to this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion objects to the date range of this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion will respond to this request by searching for documents from January 1, 2018 to the present.

Dominion objects to this request as vague and overbroad in its use of the phrase

"Dominion's senior management team's investment in or acquisition of an interest in Dominion." Dominion construes this request to be seeking information concerning whether Dominion's executive leaders and board of directors own equity interests in Dominion.

Subject to these objections and to the general objections above, Dominion will produce documents sufficient to identify the owners of equity interests in Dominion.

## REQUEST FOR PRODUCTION NO. 41

Financial Documents reflecting third-party investment in or ownership of an interest in Dominion from January 1, 2005 to present.

**RESPONSE**: Dominion objects to this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion objects to the date range of this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion will respond to this request by searching for documents from January 1, 2018 to the present.

Dominion objects to this request as vague and overbroad in its use of the phrases "Financial Documents" and "third-party investment in or ownership of an interest in Dominion." Production of all such evidence would be unreasonably duplicative and burdensome and Dominion will not undertake an effort to identify or produce all such evidence in response to this request. Dominion construes this request to be seeking documents showing persons who own an equity interest in Dominion.

Subject to this objection and to the general objections above, Dominion will produce non-privileged documents from January 1, 2018 that are sufficient to identify the owners of equity interests in Dominion.

## REQUEST FOR PRODUCTION NO. 42

Documents that support your general contention that you have been damaged by Lindell.

**RESPONSE**: Dominion objects to this request as unreasonably broad and unduly burdensome to the degree that it implies that Dominion must assemble and produce all evidence in its possession, custody, or control that supports certain allegations in its Complaint. Dominion is not obligated to assemble and present all evidence in its possession that supports its claims, only sufficient evidence to prove the claims. Production of all such evidence would be unreasonably duplicative and burdensome and Dominion will not undertake an effort to identify or produce all such evidence in response to this request.

Dominion objects to this request as premature to the degree that it implies that Dominion must produce all evidence in its possession, custody, or control that supports the specified allegations. Discovery in this case has not been completed and Dominion's analysis of the evidence supporting its claims is ongoing. Dominion reserves the right to supplement its response to this request as additional evidence is discovered or identified.

Subject to these objections and the general objections above, Dominion responds that it will produce non-privileged documents of which it is currently aware that are responsive to this request, subject to an agreed protective order, and that it will supplement consistent with the applicable rules.

## REQUEST FOR PRODUCTION NO. 43

Documents related to any reduction in market value or market share to Dominion because of any statement made by Lindell.

**RESPONSE**: Dominion objects to this request as unreasonably broad and unduly burdensome to the degree that it implies that Dominion must assemble and produce all evidence in its possession, custody, or control that supports certain allegations in its Complaint. Dominion

is not obligated to assemble and present all evidence in its possession that supports its claims, only sufficient evidence to prove the claims. Production of all such evidence would be unreasonably duplicative and burdensome and Dominion will not undertake an effort to identify or produce all such evidence in response to this request.

Dominion objects to this request as premature to the degree that it implies that Dominion must produce all evidence in its possession, custody, or control that supports the specified allegations. Discovery in this case has not been completed and Dominion's analysis of the evidence supporting its claims is ongoing. Dominion reserves the right to supplement its response to this request as additional evidence is discovered or identified.

Subject to these objections and the general objections above, Dominion responds that it will produce non-privileged documents of which it is currently aware that are responsive to this request, subject to an agreed protective order, and that it will supplement consistent with the applicable rules.

## REQUEST FOR PRODUCTION NO. 44

Documents relating to Dominion's lost profits caused by any statement made by Lindell.

**RESPONSE**: Dominion objects to this request as unreasonably broad and unduly burdensome to the degree that it implies that Dominion must assemble and produce all evidence in its possession, custody, or control that supports certain allegations in its Complaint. Dominion is not obligated to assemble and present all evidence in its possession that supports its claims, only sufficient evidence to prove the claims. Production of all such evidence would be unreasonably duplicative and burdensome and Dominion will not undertake an effort to identify or produce all such evidence in response to this request.

Dominion objects to this request as premature to the degree that it implies that Dominion

must produce all evidence in its possession, custody, or control that supports the specified allegations. Discovery in this case has not been completed and Dominion's analysis of the evidence supporting its claims is ongoing.

Subject to these objections and the general objections above, Dominion responds that it will produce non-privileged documents of which it is currently aware that are responsive to this request, subject to an agreed protective order, and that it will supplement consistent with the applicable rules.

## REQUEST FOR PRODUCTION NO. 45

Documents regarding the retention of security services for Dominion and Dominion's employees as alleged in paragraph 155 of the Complaint.

**RESPONSE**: Dominion objects to this request as unreasonably broad and unduly burdensome to the degree that it implies that Dominion must assemble and produce all evidence in its possession, custody, or control that supports certain allegations in its Complaint. Dominion is not obligated to assemble and present all evidence in its possession that supports its claims, only sufficient evidence to prove the claims. Production of all such evidence would be unreasonably duplicative and burdensome and Dominion will not undertake an effort to identify or produce all such evidence in response to this request.

Dominion objects to this request as premature to the degree that it implies that Dominion must produce all evidence in its possession, custody, or control that supports the specified allegations. Discovery in this case has not been completed and Dominion's analysis of the evidence supporting its claims is ongoing.

Subject to these objections and the general objections above, Dominion responds that it will produce non-privileged documents of which it is currently aware that are responsive to this

request, subject to an agreed protective order, and that it will supplement consistent with the applicable rules.

## REQUEST FOR PRODUCTION NO. 46

Documents related to "death threats and other threatening messages prompted by the lies told by Lindell and his allies" as alleged in paragraph 155 of the Complaint.

**RESPONSE**: Dominion objects to this request as unreasonably broad and unduly burdensome to the degree that it implies that Dominion must assemble and produce all evidence in its possession, custody, or control that supports certain allegations in its Complaint. Dominion is not obligated to assemble and present all evidence in its possession that supports its claims, only sufficient evidence to prove the claims. Production of all such evidence would be unreasonably duplicative and burdensome and Dominion will not undertake an effort to identify or produce all such evidence in response to this request.

Dominion objects to this request as premature to the degree that it implies that Dominion must produce all evidence in its possession, custody, or control that supports the specified allegations. Discovery in this case has not been completed and Dominion's analysis of the evidence supporting its claims is ongoing.

Subject to these objections and the general objections above, Dominion responds that it will produce non-privileged documents of which it is currently aware that are responsive to this request, subject to an agreed protective order, and that it will supplement consistent with the applicable rules.

## REQUEST FOR PRODUCTION NO. 47

Documents from any customer or potential customer that has reviewed or expressed an intent to cancel, reevaluate, reconsider, reassess, modify, extend, renew, non-renew, or "review and reassess" contracts with Dominion as alleged in paragraph 158 of the Complaint.

**RESPONSE**: Dominion objects to this request as unreasonably broad and unduly burdensome to the degree that it implies that Dominion must assemble and produce all evidence in its possession, custody, or control that supports certain allegations in its Complaint. Dominion is not obligated to assemble and present all evidence in its possession that supports its claims, only sufficient evidence to prove the claims. Production of all such evidence would be unreasonably duplicative and burdensome and Dominion will not undertake an effort to identify or produce all such evidence in response to this request.

Dominion objects to this request as premature to the degree that it implies that Dominion must produce all evidence in its possession, custody, or control that supports the specified allegations. Discovery in this case has not been completed and Dominion's analysis of the evidence supporting its claims is ongoing. Dominion reserves the right to supplement its response to this request as additional evidence is discovered or identified.

Subject to these objections and the general objections above, Dominion responds that it will produce non-privileged documents of which it is currently aware that are responsive to this request, subject to an agreed protective order, and that it will supplement consistent with the applicable rules.

**REQUEST FOR PRODUCTION NO. 48**

Documents regarding Your allegation that "financial track record, contract pipeline, retention and renewal rates, and new business capture rates, as well as the nature, severity, pervasiveness, and permanence of the viral disinformation campaign, current projections show lost profits of $200 million over the next five years, when reduced to present value" as alleged in paragraph 159 of the Complaint.

**RESPONSE**: Dominion objects to this request as unreasonably broad and unduly

burdensome to the degree that it implies that Dominion must assemble and produce all evidence in its possession, custody, or control that supports certain allegations in its Complaint. Dominion is not obligated to assemble and present all evidence in its possession that supports its claims, only sufficient evidence to prove the claims. Production of all such evidence would be unreasonably duplicative and burdensome and Dominion will not undertake an effort to identify or produce all such evidence in response to this request.

Dominion objects to this request as premature to the degree that it implies that Dominion must produce all evidence in its possession, custody, or control that supports the specified allegations. Discovery in this case has not been completed and Dominion's analysis of the evidence supporting its claims is ongoing. Dominion reserves the right to supplement its response to this request as additional evidence is discovered or identified.

Subject to these objections and the general objections above, Dominion responds that it will produce non-privileged documents of which it is currently aware that are responsive to this request, subject to an agreed protective order, and that it will supplement consistent with the applicable rules.

## REQUEST FOR PRODUCTION NO. 49

Documents related to Voting Equipment and/or Systems with or concerning the State of Texas or any county or voting precinct therein from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion objects to this request as unreasonably broad and unduly burdensome because it is not reasonably calculated to lead to the discovery of relevant evidence. Dominion is not aware of any disputed issue in this case concerning the State of Texas.

Dominion objects to this request as vague, ambiguous, and overbroad in its use of the phrase "Dominion Voting Equipment and/or Systems." Dominion objects to this request as vague and overbroad in its use of the phrases "related to." Nearly all of Dominion's communications and documents with or about the State of Texas are in some sense "related to" Dominion's technology. Read literally, the request seeks essentially all documents and communications concerning the State of Texas or any of its hundreds of counties or precincts. Dominion cannot understand what documents Lindell is seeking or how they could be relevant.

Given these objections and the general objections above, Dominion will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 50**

Documents related to Voting Equipment and/or Systems with or concerning the State of Michigan or any county or voting precinct therein from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion objects to this request as unreasonably broad and unduly burdensome because it is not reasonably calculated to lead to the discovery of relevant evidence. Dominion is not aware of any disputed issue in this case concerning the State of Michigan before the 2020 Presidential Election.

Dominion objects to this request as vague, ambiguous, and overbroad in its use of the phrase "Dominion Voting Equipment and/or Systems." Dominion objects to this request as vague and overbroad in its use of the phrases "related to" and "with or concerning." Nearly all of Dominion's communications and documents with or about the State of Michigan are in some sense "related to" or "concerning" Dominion's technology. Read literally, the request seeks essentially all documents and communications concerning the State of Michigan or any county or precinct in Michigan. Dominion cannot understand what documents Lindell is seeking or how

33

they could be relevant.

Given these objections and the general objections above, Dominion will not produce documents in response to this request.

### REQUEST FOR PRODUCTION NO. 51

Documents related to Voting Equipment and/or Systems with or concerning the State of Colorado or any county or voting precinct therein from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion objects to this request as unreasonably broad and unduly burdensome because it is not reasonably calculated to lead to the discovery of relevant evidence. Dominion is not aware of any disputed issue in this case concerning the State of Colorado before the 2020 Presidential Election.

Dominion objects to this request as vague, ambiguous, and overbroad in its use of the phrase "Dominion Voting Equipment and/or Systems." Dominion objects to this request as vague and overbroad in its use of the phrases "related to" and "with or concerning." Nearly all of Dominion's communications and documents with or about the State of Colorado are in some sense "related to" or "concerning" Dominion's technology. Read literally, the request seeks essentially all documents and communications concerning the State of Colorado or any county or precinct in Colorado. Dominion cannot understand what documents Lindell is seeking or how they could be relevant.

Given these objections and the general objections above, Dominion will not produce documents in response to this request.

### REQUEST FOR PRODUCTION NO. 52

Documents related to Voting Equipment and/or Systems with or concerning the State of Georgia or any county or voting precinct therein from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion objects to this request as unreasonably broad and unduly burdensome because it is not reasonably calculated to lead to the discovery of relevant evidence. Dominion is not aware of any disputed issue in this case concerning the State of Georgia before the 2020 Presidential Election.

Dominion objects to this request as vague, ambiguous, and overbroad in its use of the phrase "Dominion Voting Equipment and/or Systems." Dominion objects to this request as vague and overbroad in its use of the phrases "related to" and "with or concerning." Nearly all of Dominion's communications and documents with or about the State of Georgia are in some sense "related to" or "concerning" Dominion's technology. Read literally, the request seeks essentially all documents and communications concerning the State of Georgia or any county or precinct in Georgia. Dominion cannot understand what documents Lindell is seeking or how they could be relevant.

Given these objections and the general objections above, Dominion will not produce documents in response to this request.

## REQUEST FOR PRODUCTION NO. 53

Documents related to Voting Equipment and/or Systems with or concerning the State of Arizona or any county or voting precinct therein from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion objects to this request as unreasonably broad and unduly burdensome because it is not reasonably calculated to lead to the discovery of relevant evidence. Dominion is not aware of any disputed issue in this case concerning the State of Arizona before the 2020 Presidential Election.

Dominion objects to this request as vague, ambiguous, and overbroad in its use of the

35

phrase "Dominion Voting Equipment and/or Systems." Dominion objects to this request as vague and overbroad in its use of the phrases "related to" and "with or concerning." Nearly all of Dominion's communications and documents with or about the State of Arizona are in some sense "related to" or "concerning" Dominion's technology. Read literally, the request seeks essentially all documents and communications concerning the State of Arizona or any county or precinct in Arizona. Dominion cannot understand what documents Lindell is seeking or how they could be relevant.

Given these objections and the general objections above, Dominion will not produce documents in response to this request.

## REQUEST FOR PRODUCTION NO. 54

Documents related to software updates to Voting Equipment and/or Systems January 1, 2020 to present.

**RESPONSE**: Dominion objects to this request as vague, ambiguous, and overbroad in its use of the phrase "Dominion Voting Equipment and/or Systems." Dominion objects to this request as overly broad and unduly burdensome because it is not reasonably tailored to identify documents or information relevant to this litigation. Lindell has not identified any disputed issue with respect to which "software updates" would be relevant. Dominion objects to this request as vague in its use of the term "software updates."

Based on these objections and the general objections above, Dominion will not produce documents in response to this request.

## REQUEST FOR PRODUCTION NO. 55

Documents concerning malfunctions, problems, deficiencies, defects, bugs, vulnerabilities, help desk and call logs, or glitches in any Dominion Voting Equipment and/or System used in or proposed to be used in the 2016 General Election, 2018 Election, and/or the

2020 General Election.

**RESPONSE**: Dominion objects to this request as overly broad and unduly burdensome because it is not reasonably tailored to identify documents or information relevant to this litigation. Dominion is not aware of any disputed issue in this case concerning the 2016 and 2018 general elections.

Dominion objects to this request as vague, ambiguous, and overbroad in its use of the phrase "Dominion Voting Equipment and/or Systems." Dominion objects to this request as vague and ambiguous in its use of the words "problems," "deficiencies," "defects," "bugs," "help desk and call logs," and "glitches." This request encompasses information about Dominion's software over the past six years with no limitation on the nature of the "problems." Nor is Dominion aware of a "problem" with its products that is in dispute in this case. Lindell has not identified any disputed issue with respect to which such documents would be relevant.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

### REQUEST FOR PRODUCTION NO. 56

 Documents related to bulletins, updates, news, recalls, warnings, or other notices sent to any Dominion customer from January 1, 2016 to present.

**RESPONSE**: Dominion objects to this request as overly broad and unduly burdensome because it is not reasonably tailored to identify documents or information relevant to this litigation. Dominion objects to this request as overly broad and unduly burdensome in its failure to provide sufficient restrictions on the subject matter of the requested documents. Dominion objects to this request as vague and ambiguous in its use of the words "bulletins," "updates," "news," "warnings," and "other notices." Read literally, the request seeks essentially all

correspondence between Dominion and its customers. The request is not limited to communications that concerned the 2020 election, nor is it limited to Dominion's United States customers. Such a production would include many documents that are not relevant to any claim or defense in this case.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

## REQUEST FOR PRODUCTION NO. 57

Documents related to internal or external testing of Dominion Voting Equipment and/or System from January 2016 to present.

**RESPONSE**: Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion objects to this request as vague, ambiguous, and overbroad in its use of the phrases "internal or external testing" and "Dominion Voting Equipment and/or Systems." Dominion objects to this request as overly broad and unduly burdensome because it is not reasonably tailored to identify documents or information relevant to this litigation. Dominion objects to this request as overly broad and unduly burdensome in its failure to provide sufficient restrictions on the subject matter of the requested documents. It is unclear what type of "testing" this request targets, and producing all documents related to all testing would be extremely burdensome and would include many documents that are not relevant to any claim or defense in this case.

Subject to and without waiving this objection and the general objections above, Dominion will produce non-privileged documents and communications responsive to this request that can be located in a reasonable search.

## REQUEST FOR PRODUCTION NO. 58

Documents with or concerning Home Box Office (HBO) from January 1, 2016 to the

present.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion is not aware of any disputed issue in this case concerning Home Box Office. Dominion objects to the date range of this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

## REQUEST FOR PRODUCTION NO. 59

Documents regarding any cease-and-desist letters, retraction demands, or evidence preservation letters sent by or on behalf of Dominion to any Person from January 1, 2016 to present.

**RESPONSE**: Dominion objects to the date range of this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion will respond to this request by searching for documents from November 1, 2020 to the present.

Dominion objects to this request as unduly burdensome because it is not tailored to any claim or defense in this litigation. This request seeks "cease-and-desist letters, retraction demands, or evidence preservation letters . . . to any Person," regardless of the subject matter and nature of the underlying letter or demand. Dominion construes this request as seeking cease-and-desist letters, retraction demands, and evidence preservation letters Dominion sent to Michael Lindell concerning his defamatory statements about Dominion relating to the 2020 Presidential Election.

Subject to these objections and to the general objections above, Dominion will produce

cease-and-desist letters, retraction demands, and evidence preservation letters Dominion sent to Michael Lindell concerning his defamatory statements about Dominion relating to the 2020 Presidential Election.

**REQUEST FOR PRODUCTION NO. 60**

Documents regarding, concerning, or with Harri Hursti from January 1, 2016.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion is not aware of any disputed issue in this case concerning Harri Hursti. Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 61**

Documents regarding, concerning, or with J. Alex Halderman from January 1, 2016.

**RESPONSE**: Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion will respond to this request by searching for documents from January 1, 2018 to the present.

Subject to and without waiving this objection and the general objections above, Dominion will produce non-privileged, relevant documents and communications responsive to this request that it can locate in a reasonable search.

**REQUEST FOR PRODUCTION NO. 62**

Documents regarding, concerning, or with the University of Michigan from January 1, 2016.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it seeks

documents that are not relevant to any claim or defense in this litigation. Dominion is not aware of any disputed issue in this case concerning the University of Michigan. Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

## REQUEST FOR PRODUCTION NO. 63

Documents regarding, concerning, or with Sue Halpern from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion is not aware of any disputed issue in this case concerning Sue Halpern. Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

## REQUEST FOR PRODUCTION NO. 64

Documents regarding, concerning, or with Thomas Hicks from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion is not aware of any disputed issue in this case concerning Thomas Hicks. Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

## REQUEST FOR PRODUCTION NO. 65

Documents regarding, concerning, or with the Cybersecurity and Infrastructure Security Agency from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request as calling for the production of documents protected by government information security designations. Dominion will not produce documents with government information security designations in response to this request.

Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion will respond to this request by searching for documents from January 1, 2018 to the present.

Subject to and without waiving this objection and the general objections above, Dominion will produce non-privileged, non-confidential documents and communications responsive to this request that can be located in a reasonable search. Dominion, however, will not produce documents in response to this request until the Court has entered an appropriate protective order.

## REQUEST FOR PRODUCTION NO. 66

Documents regarding, concerning, or with Mikko Hyppönen or F-Secure from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion is not aware of any disputed issue in this case concerning Mikko Hyppönen or F-Secure. Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence.

42

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 67**

Documents regarding any ransomware, phishing, zero-day exploits, or other advanced threats which attacked or infiltrated or attempted to attack or infiltrate any Dominion Voting Equipment and/or System from January 2010 to the present.

**RESPONSE**: Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion objects to this request as vague, ambiguous, and overbroad in its use of the phrase "Dominion Voting Equipment and/or Systems."

Dominion further objects to this request as vague in its use of the phrases "zero-day exploits" and "advanced threats" and the words "attack" and "infiltrate." Dominion is not aware of any disputed issue in this case concerning ransomware, phishing, zero-day exploits, or "other advanced threats," and Lindell has not identified any disputed issue to which such documents would be relevant.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 68**

Documents regarding, concerning, or with Senator Amy Klobuchar from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion is not aware of any disputed issue in this case concerning Senator Amy Klobuchar. Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the

discovery of relevant evidence.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

## REQUEST FOR PRODUCTION NO. 69

Documents regarding, concerning, or with Jake Stauffer, Coherent Cyber, or Freeman, Craft, & McGregor Group from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion is not aware of any disputed issue in this case concerning Jake Stauffer, Coherent Cyber, or Freeman, Craft & McGregor Group. Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

## REQUEST FOR PRODUCTION NO. 70

Documents regarding, concerning, or with Marilyn Marks from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion is not aware of any disputed issue in this case concerning Marilyn Marks. Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

## REQUEST FOR PRODUCTION NO. 71

Documents related to critical vulnerabilities, remote code execution, or off-line ballot tampering on any Dominion Voting Equipment and/or System from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion objects to this request as vague, ambiguous, and overbroad in its use of the phrase "Dominion Voting Equipment and/or Systems."

Dominion objects to this request as vague in its use of the phrases "critical vulnerabilities," "remote code execution," and "off-line ballot tampering." Dominion is not aware of any disputed issue in this case concerning critical vulnerabilities, remote code execution, or off-line ballot tampering, and Lindell has not identified any disputed issue to which such documents would be relevant.

Without waiving these objections or the general objections above, Dominion responds that it is not aware of any documents responsive to this request.

## REQUEST FOR PRODUCTION NO. 72

Documents related to any malware or asymmetrical attack(s) which infiltrated or attempted to infiltrate Dominion Voting Equipment and/or System from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence.

Dominion objects to this request as vague, ambiguous, and overbroad in its use of the

45

phrase "Dominion Voting Equipment and/or Systems." Dominion further objects to this request as vague in its use of the phrases "asymmetrical attack(s)." Dominion is not aware of any disputed issue in this case concerning malware or an asymmetrical attack, and Lindell has not identified any disputed issue to which such documents would be relevant.

Without waiving these objections or the general objections above, Dominion responds that it is not aware of any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 73**

Documents related to Dominion Voting Equipment and/or Systems actual or potential connection to the internet from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion will respond to this request by searching for documents from January 1, 2020 to the present.

Dominion objects to this request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion objects to this request as vague, ambiguous, and overbroad in its use of the phrase "Dominion Voting Equipment and/or Systems." Dominion construes this request to be seeking information concerning hardware that Dominion sells or licenses to state and local jurisdictions for the purpose of tabulating election results.

Dominion also objects to this request as vague in its use of the phrase "actual or potential connection to the internet." Dominion construes this request as seeking information about connecting Dominion equipment to the internet without installing additional software or employing additional hardware. Dominion construes this request to exclude functionality available for Dominion systems to use an external modem to connect to a central tabulating

authority (functionality requested by certain jurisdictions for the purpose of transmitting unofficial results after polls have closed), because those systems do not connect to the central tabulating authority through the internet or establish any other connection to the internet.

Without waiving these objections or the general objections above, Dominion responds that it is not aware of any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 74**

Documents related to or concerning trusted builds for the State of Georgia or any county therein from January 1, 2019 to the present.

**RESPONSE**: Dominion objects to this request as vague and overbroad in its use of the phrases "related to or concerning trusted builds." Nearly all of Dominion's communications and documents with or about the State of Georgia are in some sense "related to" Dominion's software, which qualifies as a trusted build. Such a broad request encompasses many documents that are not relevant to any claim or defense in this litigation—indeed the request appears to encompass virtually all documents in Dominion's possession that are "related to" its software. Such a production would be extremely burdensome and Lindell has not identified any disputed issue with respect to which such documents would be relevant.

Based on these objections and the general objections above, Dominion will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 75**

Documents related to or concerning trusted builds for the State of Colorado or any county therein from January 1, 2019 to the present.

**RESPONSE**: Dominion objects to this request as vague and overbroad in its use of the phrases "related to or concerning trusted builds." Nearly all of Dominion's communications and documents with or about the State of Colorado are in some sense "related to" Dominion's

software, which qualifies as a trusted build. Such a broad request encompasses many documents that are not relevant to any claim or defense in this litigation—indeed the request appears to encompass virtually all documents in Dominion's possession that are "related to" its software. Such a production would be extremely burdensome and Lindell has not identified any disputed issue with respect to which such documents would be relevant.

Based on these objections and the general objections above, Dominion will not produce documents in response to this request.

## REQUEST FOR PRODUCTION NO. 76

Documents related to or concerning trusted builds for the State of Arizona or any county therein from January 1, 2019 to the present.

**RESPONSE**: Dominion objects to this request as vague and overbroad in its use of the phrases "related to or concerning trusted builds." Dominion assumes that "trusted builds" refers to "trusted builds" by Dominion, and not Dominion's competitors. Nearly all of Dominion's communications and documents with or about the State of Arizona are in some sense "related to" Dominion's software, which qualifies as a trusted build. Such a broad request encompasses many documents that are not relevant to any claim or defense in this litigation—indeed the request appears to encompass virtually all documents in Dominion's possession that are "related to" its software. Such a production would be extremely burdensome and Lindell has not identified any disputed issue with respect to which such documents would be relevant.

Based on these objections and the general objections above, Dominion will not produce documents in response to this request.

## REQUEST FOR PRODUCTION NO. 77

Documents related to or concerning trusted builds for the State of Michigan or any county therein from January 1, 2019 to the present.

**RESPONSE**: Dominion objects to this request as vague and overbroad in its use of the phrases "related to or concerning trusted builds." Nearly all of Dominion's communications and documents with or about the State of Michigan are in some sense "related to" Dominion's software, which qualifies as a trusted build. Such a broad request encompasses many documents that are not relevant to any claim or defense in this litigation—indeed the request appears to encompass virtually all documents in Dominion's possession that are "related to" its software. Such a production would be extremely burdensome and Lindell has not identified any disputed issue with respect to which such documents would be relevant.

Based on these objections and the general objections above, Dominion will not produce documents in response to this request.

## REQUEST FOR PRODUCTION NO. 78

Documents regarding, concerning, or with the DELIAN project from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion is not aware of any disputed issue in this case concerning the DELIAN project. Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

## REQUEST FOR PRODUCTION NO. 79

Documents regarding, concerning, or with Brennan Center for Justice from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it seeks

documents that are not relevant to any claim or defense in this litigation. Dominion is not aware of any disputed issue in this case concerning the Brennan Center for Justice. Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

## REQUEST FOR PRODUCTION NO. 80

Documents regarding, concerning, or with Michael Haas from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion is not aware of any disputed issue in this case concerning Michael Haas. Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

## REQUEST FOR PRODUCTION NO. 81

Documents regarding, concerning, or with Carsten Schürmann from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion is not aware of any disputed issue in this case concerning Carsten Schürmann. Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

## REQUEST FOR PRODUCTION NO. 82

Documents regarding, concerning, or with Brian Kemp from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request as unreasonably burdensome to the degree that it seeks publicly available documents or articles, the source of which is readily identifiable to Lindell and for which the burden of obtaining copies is no greater for Lindell than it would be for Dominion. Dominion will not produce such publicly available documents in response to this request. Dominion objects to this request as overly broad and unduly burdensome because it is not limited to issues relevant to this case.

Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion will respond to this request by searching for documents from January 1, 2018 to the present.

Subject to and without waiving this objection and the general objections above, Dominion will produce non-privileged, relevant documents and communications responsive to this request that can be located in a reasonable search.

## REQUEST FOR PRODUCTION NO. 83

Documents regarding, concerning, or with Brad Raffensperger from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request as unreasonably burdensome to the degree that it seeks publicly available documents or articles, the source of which is readily identifiable to Lindell and for which the burden of obtaining copies is no greater for Lindell than it would be for Dominion. Dominion will not produce such publicly available documents in response to this

request.  Dominion objects to this request as overly broad and unduly burdensome because it is not limited to issues relevant to this case.

Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion will respond to this request by searching for documents from January 1, 2018 to the present.

Subject to and without waiving this objection and the general objections above, Dominion will produce non-privileged, relevant documents and communications responsive to this request that can be located in a reasonable search.

## REQUEST FOR PRODUCTION NO. 84

Documents regarding, concerning, or with Senator Rob Wyden of Oregon from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request as unreasonably burdensome to the degree that it seeks publicly available documents or articles, the source of which is readily identifiable to Lindell and for which the burden of obtaining copies is no greater for Lindell than it would be for Dominion. Dominion will not produce such publicly available documents in response to this request. Dominion objects to this request as overly broad and unduly burdensome because it is not limited to issues relevant to this case. Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

## REQUEST FOR PRODUCTION NO. 85

Documents regarding or concerning ballot and/or tabulation errors by any customer or voter from January 1, 2016 to present.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it seeks

documents that are not relevant to any claim or defense in this litigation. Dominion objects to this request as ambiguous in its use of the phrase "ballot and/or tabulation errors." Dominion construes this request to be seeking documents or communications received by Dominion from a third-party reporting (whether accurately or not) either (i) misattribution of votes from one candidate to another candidate that is supposedly attributable to Dominion election technology; or (ii) undercounting of votes on properly marked ballots supposedly attributable to Dominion election technology.

Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Dominion will respond to this request by searching for documents from January 1, 2018 to the present.

Subject to and without waiving this objection and the general objections above, Dominion will produce non-privileged, relevant documents and communications responsive to this request that can be located in a reasonable search.

## REQUEST FOR PRODUCTION NO. 86

Documents regarding, concerning, or with any Chinese government agency, Chinese distributor, or Chinese manufacturer related to Voting Equipment and/or Systems from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion objects to this request as vague, ambiguous, and overbroad in its use of the phrase "Dominion Voting Equipment and/or Systems." Dominion objects to this request as overly broad because it is not reasonably tailored to identify documents or information relevant to this litigation. Lindell has not identified any disputed issue with respect to which such documents would be relevant.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

## REQUEST FOR PRODUCTION NO. 87

Documents regarding, concerning, or with any Taiwanese government agency, Taiwanese distributor, or Taiwanese manufacturer related to Voting Equipment and/or Systems from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion is not aware of any disputed issue in this case concerning a "Taiwanese government agency, Taiwanese distributor, or Taiwanese manufacturer."

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

## REQUEST FOR PRODUCTION NO. 88

Documents regarding or concerning Russian Interference in the 2016 or 2020 General Election.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion is not aware of any disputed issue in this case concerning "Russian Interference in the 2016 or 2020 General Election."

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

## REQUEST FOR PRODUCTION NO. 89

Documents regarding, concerning, or with the below-listed individuals and/or entities from January 2016 to the present:

| | | | |
|---|---|---|---|
| a. | New York Times; | r. | MSNBC; |
| b. | Washington Post; | s. | CNN; |
| c. | Wall Street Journal; | t. | Politico; |
| d. | Forbes; | u. | The Huffington Post; |
| e. | Associated Press and/or apnews.com; | v. | The Epoch Times; |
| f. | The Detroit Free Press; | w. | NPR; |
| g. | Politifact.com; | x. | Media Matters; |
| h. | Newsweek and/or newsweek.com; | y. | Yahoo; |
| i. | 12news.com; | z. | Business Insider; |
| j. | U.S. News and/or usnews.com; | aa. | Gateway Pundit; |
| k. | CBS and/or cbsnews.com; | bb. | Fox News; |
| l. | NBC and/or NBC News and/or nbcnews.com; | cc. | OAN; |
| m. | ABC and/or abcnews.com; | dd. | Newsmax; |
| n. | PBS and/or Public Broadcasting Service; | ee. | Epoch Times; |
| o. | MEDIAite; | ff. | Atlantic; |
| p. | Salon; | gg. | Time Magazine; and/or |
| q. | Time; | hh. | The New Yorker |

**RESPONSE**: Dominion objects to this request as unduly burdensome, as failing to provide sufficient specificity to permit a reasonable search, and encompassing many documents not relevant to any disputed issue in this case. Read literally, the request seeks all documents and communications "regarding" or "concerning" nearly any news organization or other media outlet for the last six years without regard to subject matter. Such a broad request would be extremely burdensome to fulfill and is not reasonably tailored to lead to the discovery of evidence relevant

to any claim or defense in this case.

Dominion objects to this request as unreasonably burdensome to the degree that it seeks publicly available documents or articles, the source of which is readily identifiable to Lindell and for which the burden of obtaining copies is no greater for Lindell than it would be for Dominion. Dominion will not produce such publicly available documents in response to this request.

Based on these objections and the general objections above, Dominion will not produce documents in response to this request.

## REQUEST FOR PRODUCTION NO. 90

Documents regarding, concerning, or with the below-listed individuals and/or entities from January 2016 to the present:

| | | | |
|---|---|---|---|
| a. | Twitter; | e. | Reddit; |
| b. | Facebook; | f. | Parlor; and/or; |
| c. | Instagram; | g. | Gettr. |
| d. | LinkedIn | | |

**RESPONSE**: Dominion objects to this request as unduly burdensome, as failing to provide sufficient specificity to permit a reasonable search, and encompassing many documents not relevant to any disputed issue in this case. Read literally, the request seeks all documents and communications "regarding" or "concerning" nearly every major social media site for the last six years without regard to subject matter. Such a broad request would be extremely burdensome to fulfill and is not reasonably tailored to lead to the discovery of evidence relevant to any claim or defense in this case.

Dominion objects to this request as unreasonably burdensome to the degree that it seeks publicly available documents or social-media posts, the source of which is readily identifiable to Lindell and for which the burden of obtaining copies is no greater for Lindell than it would be for

Dominion. Dominion will not produce such publicly available documents in response to this request.

Based on these objections and the general objections above, Dominion will not produce documents in response to this request.

## REQUEST FOR PRODUCTION NO. 91

Documents regarding your allegation that "Lindell knew there was not real 'evidence' supporting his claims" as alleged in paragraph 1 of your Complaint.

**RESPONSE**: Dominion objects to this request as unreasonably broad and unduly burdensome to the degree that it implies that Dominion must assemble and produce all evidence in its possession, custody, or control that supports certain allegations in its Complaint. Dominion is not obligated to assemble and present all evidence in its possession that supports its claims, only sufficient evidence to prove the claims. Production of all such evidence would be unreasonably duplicative and burdensome and Dominion will not undertake an effort to identify or produce all such evidence in response to this request. Dominion further objects to this request as unreasonably burdensome to the degree that it seeks documents for which the burden of obtaining copies is no greater for Lindell than it would be for Dominion.

Dominion objects to this request as premature to the degree that it implies that Dominion must produce all evidence in its possession, custody, or control that supports the specified allegations. Discovery in this case has not been completed and Dominion's analysis of the evidence supporting its claims is ongoing. Dominion reserves the right to supplement its response to this request as additional evidence is discovered or identified.

Subject to these objections and the general objections above, Dominion responds that it will produce non-privileged documents of which it is currently aware that are responsive to this

request, subject to an agreed protective order, and that it will supplement consistent with the applicable rules.

**REQUEST FOR PRODUCTION NO. 92**

Documents regarding your allegation that Lindell "purposefully disregarded CISA's announcement…to exploit any opportunity to market MyPillow" as alleged in paragraph 34 of your Complaint.

**RESPONSE**: Dominion objects to this request as unreasonably broad and unduly burdensome to the degree that it implies that Dominion must assemble and produce all evidence in its possession, custody, or control that supports certain allegations in its Complaint. Dominion is not obligated to assemble and present all evidence in its possession that supports its claims, only sufficient evidence to prove the claims. Production of all such evidence would be unreasonably duplicative and burdensome and Dominion will not undertake an effort to identify or produce all such evidence in response to this request. Dominion further objects to this request as unreasonably burdensome to the degree that it seeks documents for which the burden of obtaining copies is no greater for Lindell than it would be for Dominion.

Dominion objects to this request as premature to the degree that it implies that Dominion must produce all evidence in its possession, custody, or control that supports the specified allegations. Discovery in this case has not been completed and Dominion's analysis of the evidence supporting its claims is ongoing. Dominion reserves the right to supplement its response to this request as additional evidence is discovered or identified.

Subject to these objections and the general objections above, Dominion responds that it will produce non-privileged documents of which it is currently aware that are responsive to this request, subject to an agreed protective order, and that it will supplement consistent with the

applicable rules.

## REQUEST FOR PRODUCTION NO. 93

Documents regarding your allegation that "Mike Lindell Cons People into Buying Pillows by Telling them the 'Big Lie' About Dominion and the Election" as alleged in paragraph 34 of your Complaint.

**RESPONSE**: Dominion objects to this request as unreasonably broad and unduly burdensome to the degree that it implies that Dominion must assemble and produce all evidence in its possession, custody, or control that supports certain allegations in its Complaint. Dominion is not obligated to assemble and present all evidence in its possession that supports its claims, only sufficient evidence to prove the claims. Production of all such evidence would be unreasonably duplicative and burdensome and Dominion will not undertake an effort to identify or produce all such evidence in response to this request. Dominion further objects to this request as unreasonably burdensome to the degree that it seeks documents for which the burden of obtaining copies is no greater for Lindell than it would be for Dominion.

Dominion objects to this request as premature to the degree that it implies that Dominion must produce all evidence in its possession, custody, or control that supports the specified allegations. Discovery in this case has not been completed and Dominion's analysis of the evidence supporting its claims is ongoing. Dominion reserves the right to supplement its response to this request as additional evidence is discovered or identified.

Subject to these objections and the general objections above, Dominion responds that it will produce non-privileged documents of which it is currently aware that are responsive to this request, subject to an agreed protective order, and that it will supplement consistent with the applicable rules.

**REQUEST FOR PRODUCTION NO. 94**

Documents regarding your allegation that "Lindell Sets Out to Find and Manufacture 'Evidence'" as alleged in paragraph 34 of your Complaint.

**RESPONSE**: Dominion objects to this request as unreasonably broad and unduly burdensome to the degree that it implies that Dominion must assemble and produce all evidence in its possession, custody, or control that supports certain allegations in its Complaint. Dominion is not obligated to assemble and present all evidence in its possession that supports its claims, only sufficient evidence to prove the claims. Production of all such evidence would be unreasonably duplicative and burdensome and Dominion will not undertake an effort to identify or produce all such evidence in response to this request. Dominion further objects to this request as unreasonably burdensome to the degree that it seeks documents for which the burden of obtaining copies is no greater for Lindell than it would be for Dominion.

Dominion objects to this request as premature to the degree that it implies that Dominion must produce all evidence in its possession, custody, or control that supports the specified allegations. Discovery in this case has not been completed and Dominion's analysis of the evidence supporting its claims is ongoing. Dominion reserves the right to supplement its response to this request as additional evidence is discovered or identified.

Subject to these objections and the general objections above, Dominion responds that it will produce non-privileged documents of which it is currently aware that are responsive to this request, subject to an agreed protective order, and that it will supplement consistent with the applicable rules.

**REQUEST FOR PRODUCTION NO. 95**

Documents, including but not limited to electronic data, photographs, and videos, regarding or concerning any surveillance (including computer hacking or monitoring) you

conducted or authorized to be conducted against Michael J. Lindell or any person affiliated with Michael J. Lindell.

**RESPONSE**: Dominion is not aware of any documents that are responsive to this request.

## REQUEST FOR PRODUCTION NO. 96

Documents regarding or concerning all statements by Michael J. Lindell that you allege to be defamatory.

**RESPONSE**: Dominion objects that this request seeks documents not in Dominion's possession, custody, and control, including documents that are in Lindell's possession or the possession of third parties. Dominion also objects to this request as premature to the degree that it purports to require Dominion to produce all evidence within the scope of the request at this time. Discovery in this case is only just getting underway and Dominion reserves the right to supplement its response to this request as additional evidence is discovered.

Subject to these objections and the general objections above, Dominion responds that it will produce non-privileged documents of which it is currently aware that are responsive to this request, subject to an agreed protective order, and that it will supplement consistent with the applicable rules.

## REQUEST FOR PRODUCTION NO. 97

Documents regarding your allegation that Lindell featured "fake documents sourced from dark corners of the internet" as alleged in paragraph 4 of your Complaint.

**RESPONSE**: Dominion objects to this request as unreasonably broad and unduly burdensome to the degree that it implies that Dominion must assemble and produce all evidence in its possession, custody, or control that supports certain allegations in its Complaint. Dominion is not obligated to assemble and present all evidence in its possession that supports its claims,

only sufficient evidence to prove the claims. Production of all such evidence would be unreasonably duplicative and burdensome and Dominion will not undertake an effort to identify or produce all such evidence in response to this request.

Dominion objects to this request as premature to the degree that it implies that Dominion must produce all evidence in its possession, custody, or control that supports the specified allegations. Discovery in this case has not been completed and Dominion's analysis of the evidence supporting its claims is ongoing. Dominion reserves the right to supplement its response to this request as additional evidence is discovered or identified.

Subject to these objections and the general objections above, Dominion responds that it will produce non-privileged documents of which it is currently aware that are responsive to this request, subject to an agreed protective order, and that it will supplement consistent with the applicable rules.

## REQUEST FOR PRODUCTION NO. 98

Documents regarding your allegation that "Lindell knowingly lied about Dominion to sell more pillows" as alleged in paragraph 69 of your Complaint.

**RESPONSE**: Dominion objects to this request as unreasonably broad and unduly burdensome to the degree that it implies that Dominion must assemble and produce all evidence in its possession, custody, or control that supports certain allegations in its Complaint. Dominion is not obligated to assemble and present all evidence in its possession that supports its claims, only sufficient evidence to prove the claims. Production of all such evidence would be unreasonably duplicative and burdensome and Dominion will not undertake an effort to identify or produce all such evidence in response to this request.

Dominion objects to this request as premature to the degree that it implies that Dominion

must produce all evidence in its possession, custody, or control that supports the specified allegations. Discovery in this case has not been completed and Dominion's analysis of the evidence supporting its claims is ongoing. Dominion reserves the right to supplement its response to this request as additional evidence is discovered or identified.

Subject to these objections and the general objections above, Dominion responds that it will produce non-privileged documents of which it is currently aware that are responsive to this request, subject to an agreed protective order, and that it will supplement consistent with the applicable rules.

### REQUEST FOR PRODUCTION NO. 99

Documents regarding or concerning SolarWinds from January 1, 2016 to the present.

**RESPONSE**: Dominion objects to this request as unduly burdensome because it seeks documents that are not relevant to any claim or defense in this litigation. Dominion is not aware of any disputed issue in this case concerning SolarWinds. Dominion objects to the date range for this request as unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence.

Because this request seeks irrelevant documents, Dominion will neither search for nor produce any documents in response to this request.

Dated: April 4, 2022

Respectfully submitted,

*/s/ Justin A. Nelson*

Of Counsel:

Justin A. Nelson (D.C. Bar No. 490347)
Laranda Walker (D.C. Bar No. TX0028)
Florence T. Chen (D.C. Bar No. TX0025)
Brittany Fowler (*admitted pro hac vice*)
SUSMAN GODFREY LLP

Thomas A. Clare, P.C. (D.C. Bar No. 461964)
Megan L. Meier (D.C. Bar No. 985553)
Dustin A. Pusch (D.C. Bar No. 1015069)
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
Telephone: (202) 628-7400

1000 Louisiana Street, #5100
Houston, Texas 77002
(713) 651-9366
jnelson@susmangodfrey.com
lwalker@susmangodfrey.com
fchen@susmangodfrey.com
bfowler@susmangodfrey.com

Stephen Shackelford, Jr. (D.C. Bar No.
NY0443)
Elisha Barron (*admitted pro hac vice*)
Zachary B. Savage (*pro hac vice pending*)
SUSMAN GODFREY LLP
1301 6th Avenue
New York, NY 10019
(212) 336-8330
sshackelford@susmangodfrey.com
ebarron@susmangodfrey.com

Davida Brook (D.C. Bar No. CA00117)
Jordan Rux (D.C. Bar No. CA00135)
SUSMAN GODFREY LLP
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
(310) 789-3100
dbrook@susmangodfrey.com
jrux@susmangodfrey.com

Stephen E. Morrissey (*admitted pro hac vice*)
SUSMAN GODFREY LLP
1201 Third Avenue, Suite 3800
Seattle, WA  98101
(206) 516-3880
smorrissey@susmangodfrey.com

tom@clarelocke.com
megan@clarelocke.com
dustin@clarelocke.com

Rodney Smolla (Bar No. 6327)
4601 Concord Pike
Wilmington, DE 19803
rodsmolla@gmail.com
(864) 373-3882

*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I, Jordan Rux, hereby certify that on April 4, 2022, true and correct copies of Plaintiffs' First Set of Requests for Production were served via email on counsel of record for every party in *US Dominion, et al. v. My Pillow, Inc., et al.*, No. 1:21-cv-00445 (CJN), *US Dominion, Inc., et al. v. Powell, et al.*, No. 1:21-cv-000040 (CJN), and *US Dominion, Inc., et al. v. Giuliani*, No. 1:21-cv-00213 (CJN).

*s/ Jordan Rux*

Jordan Rux (D.C. Bar No. CA00135)
SUSMAN GODFREY LLP
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
(310) 789-3100
jrux@susmangodfrey.com

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., DOMINION VOTING SYSTEMS, INC., and DOMINION VOTING SYSTEMS CORPORATION, <br><br> *Plaintiffs/Counter-Defendants*, <br><br> v. <br><br> MY PILLOW, INC., and MICHAEL J. LINDELL, <br><br> *Defendants/Counter and Third- Party Plaintiffs*, <br><br> *v.* <br><br> SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., SGO CORPORATION LIMITED, AND HAMILTON PLACE STRATEGIES, LLC, <br><br> *Third-Party Defendants.* | Civil Case No. 1:21-cv-00445 (CJN) |

## [PROPOSED] ORDER GRANTING DOMINION'S MOTION FOR PROTECTIVE ORDER REGARDING THIRD PARTY SUBPOENAS

Plaintiffs US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation ("Dominion") have filed a Motion for Protective Order Regarding Third Party Subpoenas. Having considered the motion and response, and for good cause shown, the Court finds Dominion's Motion should be GRANTED.

DATE: _____, 2022.

_____
CARL J. NICHOLS
United States District Judge