IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., DOMINION VOTING SYSTEMS, INC., and DOMINION VOTING SYSTEMS CORPORATION, | ) ) ) ) Civil Action No. 1:21-cv-02131 (CJN) (MAU) |
| Plaintiffs, | ) ) |
| v. | ) Judge Carl J. Nichols ) |
| PATRICK BYRNE, | ) Magistrate Judge Moxila A. Upadhyaya ) |
| Defendant. | ) **JURY TRIAL DEMANDED** ) |

**ORDER GRANTING INTERIM RELIEF TO PRESERVE THE STATUS QUO WHILE PLAINTIFFS' EMERGENCY MOTION FOR PROTECTIVE RELIEF AND TO DISQUALIFY COUNSEL IS PENDING**

In order to preserve the status quo while Plaintiffs' Emergency Motion for Protective Relief and to Disqualify Counsel is pending resolution by the Court and until further Order of the Court, it is hereby ordered:

1. Defendant Patrick Byrne ("Mr. Byrne) and his counsel Stefanie Lambert ("Ms. Lambert") are to immediately desist from sharing, distributing, providing access to or discussing any discovery material received in connection with any of the following cases: *U.S. Dominion, Inc., et al. v. Powell, et al.*, No. 1:21-cv-00040 (CJN) (MAU); *U.S. Dominion, Inc., et al. v. Giuliani*, No. 1:21-cv-00213 (CJN) (MAU); *U.S. Dominion, Inc., et al. v. Lindell, et al.*, No. 1:21-cv-00445 (CJN) (MAU); *US Dominion Inc., et al v. Byrne*, No. 1:21-cv-02131 (CJN) (MAU); *US Dominion Inc., et al v. Herring Networks, Inc., et al.*, No. 1:21-CV-02130 (CJN) (MAU) (hereinafter "Dominion Litigation Documents").

2. With respect to any and all Dominion Litigation Documents contained in the repositories of e-discovery vendors iDiscovery Solutions and Innovative Driven:

    a. iDiscovery Solutions and Innovative Driven shall not allow any party, party's attorney, or other non-party individual or entity to access any portion of the documents being hosted at the direction of Patrick Byrne and/or his representatives;

    b. If any party, attorney, non-party, or other individual or entity attempts to compel iDiscovery Solutions and/or Innovative Driven to provide access to the aforementioned documents, iDiscovery Solutions and/or Innovative Driven shall resist any such legal process and promptly notify the Court and counsel for Dominion that such attempt to compel access has been instituted; and

    c. Counsel for Dominion shall provide a copy of this Order to such e-discovery vendors.

3. With respect to Dominion Litigation Documents filed on the public court docket of *People of the State of Michigan v. Stephanie Lynn Lambert Junttila*, Case No. 2023-285759-FH: Ms. Lambert must immediately confer with her counsel in that matter and undertake every reasonable effort to remove such documents from the public record and file them under seal instead.

4. With respect to any electronic notes Ms. Lambert took regarding Dominion Litigation Documents:

    a. Ms. Lambert must preserve and sequester any and all copies of those notes, whether in paper or on any electronic device in which a copy of those notes resides, including but not limited to: any phone, tablet, computer, web-based email platform, or cloud document storage location;

    b. Ms. Lambert must ensure that any entity or individual with whom she shared a copy of such notes, including but not limited to Patrick Byrne, Stephanie Scott, and

      Russell Newman, immediately preserve and sequester any and all copies of those notes, whether in paper or on any electronic device in which a copy of those notes resides, including but not limited to: any phone, tablet, computer, web-based email platform, or cloud document storage location.

5. With respect to the documents Ms. Lambert has printed out and stored in her home office:

    a. Ms. Lambert must ensure that no other individual or entity, including but not limited to Patrick Byrne, be permitted to view or in any way access any of those documents, and

    b. Ms. Lambert must not disseminate any of those documents.

6. With respect to any other copy of any Dominion Litigation Documents, existing in any form whatsoever, in the possession of Ms. Lambert, Mr. Byrne, or any associate or affiliate of Ms. Lambert or Mr. Byrne, subsequently discovered but not already accounted to the Court on March 18, 2023:

    a. Those documents must be sequestered and the relevant party, party's attorney, or party's former attorney must immediately notify the Court of the document's or documents' existence, and

    b. Those documents must not be disseminated to anyone.

7. Mr. Byrne, Ms. Lambert, and Mr. Byrne's prior counsel at McGlinchey Stafford PLLC must preserve all documents and communications relating to the issues raised by Dominion's motion, including but not limited to, the release of any Dominion Litigation Documents in this case to any other entity or individual.

8. No later than 5:00 p.m. EST March 21, 2024, Ms. Lambert shall file with the Court a verification signed by her and Mr. Byrne that they have and will comply with each of their

obligations in this Order until further Order of the Court.

IT IS SO ORDERED.

SIGNED March 19, 2024

                                                                                           _____
THE HONORABLE MOXILA A. UPADHYAYA
UNITED STATES MAGISTRATE JUDGE