# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

U.S. DOMINION, INC., et al.,

    *Plaintiffs / Counter-Defendants*,

v

PATRICK BYRNE,

    *Defendant*.

Civil Action 1:21-cv-02131 (CJN)

## DEFENDANT'S MOTION FOR RELIEF AND AN EXTENSION OF TIME TO COMPLY WITH THE COURT'S DISCOVERY SCHEDULE

## TABLE OF CONTENTS

<u>TABLE OF AUTHORITIES</u>........................................................... iii

<u>STATEMENT OF POINTS AND AUTHORITIES</u>.......................... 4

<u>DISCUSSION</u> ................................................................................5

<u>CONCLUSION AND REQUESTED RELIEF</u>.......................................9

## TABLE OF AUTHORITIES

**Constitutional Provisions**

U.S. Const. amend. V ............................................................................................4

**Cases**

*Constand v. Cosby*,
112 F. Supp. 3d 308 (E.D. Pa. 2015) ......................................................................6

*Deakin v. Magellan Health, Inc.*,
340 F.R.D. 424 (D.N.M. 2022) ..........................................................................4, 7

*Harris v. Amoco Prod. Co.*,
768 F.2d 669 (5th Cir. 1985) .................................................................................6

**Court Rules**

Fed. R. Civ. P. 26 ...................................................................................................6

STATEMENT OF POINTS AND AUTHORITIES

Defendant, Patrick Byrne, requests and extension of time to comply with this Court's Minute Order, entered on March 18, 2024, for proposed joint discovery scheduling while he is effectively locked out of and has no access to discovery materials as a result of the Court's "status quo" order.

Defendant is out of town and needs to meet and confer with undersigned to discuss the scheduling order and additional orders that have been entered by the Court.

Defendant therefore moves the Court for an extension of time to comply with the Court's March 18, 2024 Minute Order and the March 19, 2024 order (Docket No. 77) to Tuesday, March 26th to verify compliance therewith.

Courts are cautious that it may compromise a Defendant's due process and Fifth Amendment rights to withhold or limit access to discovery. Moreover, a defendant has a constitutional right to present a defense, which requires access to proof. This includes the availability of proof and the ability to use it.

Plaintiff is suing Defendant for defamation for nearly $1 billion dollars. The amount in controversy and stakes could not be higher. Moreover, the importance of the discovery cannot be understated – truth is a defense to the defamation claims and the specific allegations against Defendant. *Deakin v. Magellan Health, Inc.*, 340 F.R.D. 424, 431 (D.N.M. 2022).

Moreover, Defendant has a constitutional right to a fair trial and due process under the Fifth Amendment. U.S. Const. amend. V. Prohibiting his access to Dominion Discovery Material is a direct and substantial violation of his constitutional rights.

## DISCUSSION

Defendant, Patrick Byrne, herein requests relief from this Court's Minute Order issued on March 19, 2024, which provided that a "word version of [the Parties'] proposed Deposition Protocol" and "a word version of their proposed discovery protocol and [an] update on any previously identified disputes that they have resolved" be submitted by March 20, 2024. Defendant has requested consent for the extension sought herein from the Parties and no consent has been given.

Defendant also requests an extension of time until 5:00 p.m. March 26th to consult with undersigned and sign and submit confirmation of compliance with the Court's March 19, 2024 order (Docket No. 77).

Defendant requests relief from these deadlines from the Court because Defendant and undersigned counsel have been prohibited from consulting on and preparing the said proposed Deposition Protocol and Discovery Protocol due to Defendant being out of town and unavailable. Moreover, Defendant needs additional time to comply with the discovery scheduling due to the fact that he and undersigned are effectively unable to prepare for depositions and further preparation in light of the Court's current order (Docket No. 77), prohibiting any access to discovery materials and documents produced by Dominion (Dominion Discovery Materials).

Furthermore, Defendant and undersigned move for relief from the Court's March 19, 2024 order on because the order prohibiting Defendant and his counsel from accessing discovery materials puts Defendant at an insurmountable disadvantage for the preparation of depositions and further litigation concerning Dominion's claims.  The essence of a defense to a defamation claim includes the truth of the alleged defamatory statements.  Without access to Dominion Discovery Materials, Defendant cannot prepare to defend himself.  Therefore, the prohibition puts an effective end to Defendant's ability to defend himself against Dominion's claims.

In a civil defamation case, a defendant is generally allowed access to discovery material to prepare a defense. This is because Federal Rule of Civil Procedure 26 permits parties to obtain discovery regarding *any* nonprivileged matter that is relevant to any party's claim or defense.  In general, Federal Rule of Civil Procedure 26 permits parties to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, *the importance of the discovery in resolving the issues*, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Fed. R.

Civ. P. 26(b)(1).  See also, *Deakin v. Magellan Health, Inc.*, 340 F.R.D. 424, 431 (D.N.M. 2022).

Courts are cautious that it may compromise a defendant's due process and Fifth Amendment rights to withhold or limit access to discovery.  Moreover, a defendant has a constitutional right to present a defense, which requires access to proof. This includes the availability of proof and the ability to use it.

Furthermore, the party seeking to prevent access to discovery material must show good cause under Fed. R. Civ. P. 26(c), for example, to keep the material away from the public eye.  *Constand v. Cosby*, 112 F. Supp. 3d 308, 314-15 (E.D. Pa. 2015) It is also important to note that a party may generally do what it wants with material obtained through the discovery process, so long as it wants to do something legal.  See, e.g., *Harris v. Amoco Prod. Co.*, 768 F.2d 669, 683-84 (5th Cir. 1985) (stating "[a] party may generally do what it wants with material obtained through the  discovery process, as long as it wants to do something *legal*.").

Plaintiff is suing Defendant for defamation for nearly $1 billion dollars.  The amount in controversy and stakes could not be higher.  Moreover, the importance of the discovery cannot be understated – truth is a defense to the defamation claims and the specific allegations against Defendant. See, *Deakin*, *supra*, 340 F.R.D. at 431.

Moreover, Defendant has a constitutional right to a fair trial and due process. Prohibiting his access to Dominion Discovery Material is a direct and substantial violation of his constitutional rights.

Defendant originally agreed to the joint status report and the various scheduling and discovery plans, until the status quo order, Docket No. 77 was entered on March 18, 2024, which restricts Defendant's access to Dominion Discovery Material. Because of the foregoing, Defendant requests an extension of time until Tuesday, March 26, 2024 to submit his proposed discovery report.

Because of the foregoing, Defendant and counsel have not been able to meet and confer on the Court's March 18 order to verify their compliance with the obligations specified therein. Therefore, Defendant requests an extension until Tuesday, March 26th at 5:00 p.m. to submit the said verification.

## CONCLUSION AND REQUESTED RELIEF

WHEREFORE, for the foregoing reasons, Defendant requests an extension of time to comply with the Court's orders to 5:00 p.m. on Tuesday, March 26th.

Respectfully submitted,

/s/ Stefanie Lambert

_____

Stefanie Lambert Juntilla
Law Offices of Stefanie L. Lambert, PLLC
400 Renaissance Drive, FLOOR 26
Detroit, MI 48243
attorneylambert@protonmail.com

Dated : March 22, 2024

## CERTIFICATE OF SERVICE

I, Stefanie Lambert, hereby certify that on March 22, 2024, true and correct copies of the forgoing was served via email on counsel of record for every party in *US Dominion, et al. v. Patrick Byrne*, Case No. 1:21-cv-02131 (CJN).

Respectfully submitted,

/s/ Stefanie Lambert

_____
Stefanie Lambert Juntilla
Law Offices of Stefanie L. Lambert, PLLC
400 Renaissance Drive, FLOOR 26
Detroit, MI 48243
attorneylambert@protonmail.com