IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., *et al.*, | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 1:21-cv-02131-CJN |
| PATRICK BYRNE, | ) |
| Defendant. | ) |

## NOTICE OF FILING

The undersigned respectfully submits for the record a letter from Defendant Patrick Byrne's prior counsel of McGlinchey Stafford PLLC in response to the Court's March 19, 2024 Order Granting Interim Relief to Preserve the Status Quo While Plaintiffs' Emergency Motion for Protective Relief and to Disqualify Counsel is Pending (the "Status Quo Order"). (Doc. 77.)

Dated: March 29, 2024

Respectfully submitted,

/s/Robert Neil Driscoll
Robert N. Driscoll (DC Bar #486451)
Alfred D. Carry (DC Bar #1011877)
McGlinchey Stafford PLLC
1275 Pennsylvania Avenue NW, Suite 420
Washington, DC 20004
Tel: (202) 802-9999
Fax: (202) 318-1084
rdriscoll@mcglinchey.com
acarry@mcglinchey.com

Daniel Thomas Plunkett
McGlinchey Stafford PLLC
601 Poydras Street, Suite 1200
New Orleans, LA 70130
Tel: (504) 596-2778

1

RECEIVED
MAR 29 2024
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

Fax: (504) 910-9542
dplunkett@mcglinchey.com

*Terminated Counsel for Defendant Patrick Byrne*
*3/12/24*



**Robert N. Driscoll**
Attorney at Law

T (202) 802-9950  F (202) 403-3870
rdriscoll@mcglinchey.com

McGlinchey Stafford PLLC
1275 Pennsylvania Avenue NW, Suite 420
Washington, DC 20004

March 29, 2024

The Honorable Moxila A. Upadhyaya
U.S. District Court for the District of Columbia
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue NW
Washington, DC 20001

RE:   *US Dominion Inc. et al. v. Byrne*
      Case No. 1:21-cv-02131-CJN-MAU
      **McGlinchey's Response to the Court's Status Quo Order [77]**

Dear Judge Upadhyaya,

In connection with the Court's March 19, 2024 Order Granting Interim Relief to Preserve the Status Quo While Plaintiffs' Emergency Motion for Protective Relief and to Disqualify Counsel is Pending (the "Status Quo Order") (Doc. 77), we write to comply with what we understand to be the requirements of the Status Quo Order, summarize what Dominion Litigation Documents McGlinchey may still possess, and ask for clarification on three points discussed in the Status Quo Order. We write as Mr. Byrne's "prior counsel."

### I.   Response to Paragraph 6 of the Status Quo Order

Paragraph 6 of the Status Quo Order directs prior counsel for Mr. Byrne to "immediately notify the Court" of the existence of any Dominion Litigation Documents that have not already been accounted to the Court on March 18, 2024, and to sequester those documents. (Status Quo Order, at ¶ 6.)

At the outset, we provide the following background information for your consideration.

iDiscovery Solutions Inc. ("iDS") is an eDiscovery services provider that offers document management, review, and production support. McGlinchey engaged iDS to serve as the eDiscovery services provider in this case.

Relevant here, McGlinchey instructed iDS to create a separate and distinct workspace containing only incoming document productions from Dominion (hereafter, the "Incoming Productions Workspace"). Accordingly, any incoming document productions from Dominion to Byrne were loaded solely in the Incoming Productions Workspace.

mcglinchey.com

Albany  Baton Rouge  Birmingham  Boston  Cleveland  Dallas  Fort Lauderdale  Houston  Irvine
Jackson  Jacksonville  Nashville  New Orleans  New York City  Providence  Seattle  **Washington, DC**

McGlinchey's Response to the Court's Status Quo Order [77]
March 29, 2024
Page 2 of 4

This letter will confirm that McGlinchey does not have access to the Incoming Productions Workspace or any other Dominion discovery material hosted by iDS.

As a point for which we seek clarification below, however, we do have an ongoing relationship with iDS and Innovative Driven in connection with other matters, including non-Dominion litigation matters in which we represent Mr. Byrne. And we expect that we will continue to be able to access those documents, none of which are in the Incoming Productions Workspace, were produced by Dominion, or were obtained via discovery in any of the five related Dominion defamation cases that are currently pending before the US District Court for the District of Columbia.

As one would otherwise expect, given the duration that McGlinchey served as counsel to Mr. Byrne in this matter, McGlinchey has numerous electronic documents, emails, notes and attorney work product materials, privileged communications, or other matter that may constitute "Dominion Litigation Documents"—which is defined rather broadly to mean "any discovery material received in connection with" any of the five Dominion defamation cases pending in the District of Columbia. (Status Quo Order, at ¶ 1.)

Not at the exclusion of all else, McGlinchey has:

- Written discovery materials, including initial disclosures, interrogatories, requests for production, and the answers, objections, and responses thereto that were exchanged between the parties;
- Written discovery dispute communications concerning discovery material;
- Meet and confer communications concerning discovery material;
- Court filings concerning discovery material;
- Email correspondence with Dominion's counsel relating to discovery material;
- Privileged communications concerning discovery material;
- Internal emails, or attorney work product and notes concerning or commenting on discovery material; and
- Occasional attachments to emails of discovery material.

As part of the process of transferring the case to successor counsel in a manner consistent with applicable Rules of Professional Conduct, we are already in the process of segregating the entirety of our *US Dominion Inc. et al. v. Byrne* case file.

To our knowledge, no discovery material has been shared by anyone at McGlinchey with anyone else outside of the McGlinchey team, apart from attorneys Stefanie Lambert and Michael Smith, who both obtained login credentials to the Incoming Productions Workspace as counsel for Mr. Byrne, and both signed Undertakings on the same date of December 12, 2023. As we are already segregating our Dominion related materials, we will continue to do so, preserve them, keep them secure, and not share or disseminate them until further order of the Court.

McGlinchey's Response to the Court's Status Quo Order [77]
March 29, 2024
Page 3 of 4

## II. Request for Clarification on Paragraphs 1 and 2 of the Status Quo Order

Finally, out of an abundance of caution, we ask for a clarification on three points discussed in the Court's Status Quo Order.

<u>First</u>, regarding Paragraph 1 of the Status Quo Order, we believe the Court intended Dominion Litigation Documents to refer to "any discovery material received [from Dominion] in connection with . . . ." the Dominion defamation litigation pending in the District of Columbia. (Status Quo Order, at ¶ 1.)

This reading hews more closely to the language of the Protective Order without sweeping in more than necessary, such as a party's own discovery material, which the Protective Order expressly exempts.

> This Order has no effect upon, and will not apply to, a Producing Party's use or disclosure of its own Discovery Material for any purpose. Nothing herein will prevent a Producing Party from [using or] disclosing its own Discovery Material.

(*See* Protective Order [46], at ¶ 19.)

Thus, for instance, documents that are either in or from the Incoming Productions Workspace would be covered, as would any analyses, memoranda, notes, or other such material generated on the same. But Mr. Byrne's *own documents* and discovery material would not be covered by the Status Quo Order. Rather, they, and any analyses, memoranda, notes, or other such material generated on them, should still be able to be used by Mr. Byrne and/or his representatives as he sees fit.

<u>Second</u>, Paragraph 2 of the Status Quo Order directs the two eDiscovery vendors "iDiscovery Solutions and Innovative Driven" to "not allow any party, party's attorney, or other non-party individual or entity to access any portion of the documents being hosted at the direction of Patrick Byrne and/or his representatives." (Status Quo Order, at ¶ 2.) We believe the Court intended this restriction to only apply to those documents in the Incoming Productions Workspace, not documents that are being hosted in other workspaces by the eDiscovery vendors at the direction of Mr. Byrne and/or his representatives in connection with other matters.

<u>Third</u>, Paragraph 2b purports to compel the two eDiscovery vendors iDiscovery Solutions and Innovative Driven to "notify the Court and counsel for Dominion" upon any attempt to get access to Dominion Litigation Documents "contained in the repositories" hosted by them. Again, we believe the Court intended this requirement to only apply to attempts to access documents or discovery material in the Incoming Productions Workspace, not Mr. Byrne's own documents or discovery material.

To the extent the Court can confirm our reading and interpretation on these three issues, which will provide clarity to both McGlinchey and the vendors themselves, it would be much appreciated.

\* \* \*

McGlinchey's Response to the Court's Status Quo Order [77]
March 29, 2024
Page 4 of 4

Although withdrawn as counsel in this litigation, we stand ready to clarify or respond to questions from the Court to the extent we are able, consistent with our professional responsibilities and ethical obligations. We ask the Court keep in mind, however, that because we have withdrawn, we are not automatically included on the NEF distribution list for electronic case filings.

Thank you.

Sincerely,

Robert N. Driscoll
*Terminated Counsel for Patrick Byrne 3/12/24*


cc: Daniel T. Plunkett, *Terminated Counsel for Patrick Byrne 3/12/24; and General Counsel*
    Alfred D. Carry, *Terminated Counsel for Patrick Byrne 3/12/24*
    All counsel of record