IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| U.S. DOMINION, INC., et al.,<br><br>    *Plaintiffs / Counter-Defendants*,<br><br>v<br><br>PATRICK BYRNE,<br><br>    *Defendant*. | Civil Action 1:21-cv-02131 (CJN / MAU) |

DEFENDANT, DR. PATRICK BYRNE'S MOTION FOR LEAVE TO FILE A SUR-REPLY TO PLAINTIFF'S REPLY (DOCKET NO. 82) TO DEFENDANT'S RESPONSE (DOCKET NO. 76) TO PLAINTIFF'S EMERGENCY MOTION FOR PROTECTIVE RELIEF AND TO DISQUALIFY COUNSEL (DOCKET NO. 75)

    Comes now Defendant, Dr. Patrick Byrne, by and through undersigned and pursuant to the Federal Rules of Civil Procedure and Local Civil Rule (LCvR) 7, hereby files this Motion for Leave to File a Sur-Reply to Plaintiff's Reply (Docket No. 82) to Defendant's Response (Docket No. 76) to Plaintiff's Emergency Motion for Protective Relief and to Disqualify Counsel (Docket No. 75), stating in support as follows.

    On March 12, 2024, undersigned counsel filed her appearance in the above-captioned case on behalf of Dr. Byrne. (Docket No. 71). On Friday, March 15, 2024, Plaintiff, U.S. Dominion, Inc. (Dominion) filed *two combined motions seeking different relief* - an Emergency Motion for Protective Relief and Emergency Motion to Disqualify Counsel. (Docket No. 75).

    Despite the fact that Dominion's Motion was 25 pages and contained over 24 attachments, which included 22 exhibits, undersigned filed a response to both motions on Monday, March 18,

1

2024. Dominion filed its response (Docket No. 82) on March 22. Dominion should have filed two separate motions asking for separate relief, which would have at least streamlined the process and given more time to the parties and the court to schedule responsive pleadings in the first place.

Undersigned is requesting an opportunity to file a sur-reply and believes that there is good cause and ample time for the District Court to consider said sur-reply prior to the hearing being held.

While the District Court's local rules do not specify, the D.C. Circuit Court Practice Handbook § VII, generally suggests that motions asking for different and separate relief are to be filed separately; where such motions are filed together, they should be titled and specified as "consolidated;" but, generally, where completely unrelated relief is sought – as here, an ordinary motion for protective relief, versus an extraordinary motion to disqualify counsel who filed an appearance only 3 days prior – the motions should be separately filed because the relief sought is separate and distinct, and, again, in the case of a motion to disqualify counsel, extremely rare, and extraordinary, as acknowledged by Dominion in its motion. See, *id*. Fed. R. Civ. P. 7(b) (requiring filing of separate and distinct pleadings seeking different relief); Fed. R. Civ. P. 10(a) (requiring separate paragraphs and statements – separate occurrences or allegations must be separated, and the relief distinctly requested for each).  In addition to following proper procedural rules and respecting efficient administration of justice, this also allows the opposing party fair notice and time to consider and plan their schedule to reply to the separate claims for relief.  See, e.g., *Fortney v Kuipers*, ___F Supp 2d___; 1999 U.S. Dist. LEXIS 2273, at *6-7 (ND Ill, Feb. 19, 1999), quoting 5 Wright & Miller, Federal Practice and Procedure § 1281, at 364 (1969)); <u>see also</u> See also, Moore's Federal Practice § 8.13, at 8-57, 8-58.

Now, on April 17, 2024, Dominion has continued litigating the subjects of these two motions through email correspondence and direct communications with the Court. (Exhibit 1). On April 17, 2024, Undersigned notified the Court that she has a scheduling conflict on May 10, 2024. Dominion inappropriately used the communication related to scheduling to address and argue the substance of its motions to the Court. Undersigned was copied on the email attached as Exhibit 1. Dominion addressed this communication to Judge Upadhyaya's Chambers however, undersigned was not invited by the Court to respond to the substance of the communication. The email communication from Dominion to the Court is misleading and fails to identify the subjects addressed in the substance of the communication appropriately as Senators and State Representatives. Dominion further failed to disclose that the Senators and State Representatives had announced a criminal investigation into John Poulos, the CEO of Dominion Voting Systems.

ABA Rule 2.9 (B) Ex Parte Communications states that "If a judge inadvertently receives an unauthorized ex parte communication bearing upon the substance of a matter, the judge *shall* make provision promptly to notify the parties of the substance of the communication and provide the parties with opportunity to respond."

On April 18, 2024, undersigned requested consent from Dominion to file a Sur-Reply and Dominion objected. (Exhibit 2). It is imperative that Dr. Byrne be allowed to address Dominion's subsequent apparent attempt to supplement pleadings through email correspondence and ex parte communications with the Court. Otherwise, Dr. Byrne has no way to reply to these strategic shots being taken by Dominion through improper means (and without filing actual pleadings and for all parties to be given notice, properly apprised of what Dominion is doing, and given time to respond accordingly). Not only is Dominion trying to deprive Dr. Byrne of his chosen counsel through its

3

motion to disqualify, but they are also apparently trying to supplement and litigate the issues that are the subject of their errantly combined motions without the proper channels.

WHEREFORE, for the reasons stated herein, Defendant moves this Honorable Court for leave to file a Sur-Reply to Dominion's Reply to Defendant's response to Dominion's Emergency Motion and Motion to Disqualify Counsel.

Respectfully submitted,

/s/ Stefanie Lambert

_____
Stefanie Lambert Junttila
Law Offices of Stefanie L. Lambert, PLLC
400 Renaissance Drive, FLOOR 26
Detroit, MI 48243
attorneylambert@protonmail.com

Date: April 24, 2024

## COMPLIANCE WITH LOCAL RULE 7(m)

Counsel for Defendant has discussed the within Motion for Leave with opposing counsel in a good-faith effort to determine whether there is an opposition to the relief sought. Counsel for Plaintiff objects to the relief sought in the motion for leave to file a Sur-Reply.

        Respectfully submitted,

        /s/ Stefanie Lambert
        _____
        Stefanie Lambert Junttila
        Law Offices of Stefanie L. Lambert, PLLC
        400 Renaissance Drive, FLOOR 26
        Detroit, MI 48243
        attorneylambert@protonmail.com

Date: April 24, 2024

<u>CERTIFICATE OF SERVICE</u>

    I, Stefanie Lambert, hereby certify that on April 24, 2024, true and correct copies of the foregoing were served via email on counsel of record for every party in *US Dominion, et al. v. Patrick Byrne*, Case No. 1:21-cv-02131 (CJN).

                      Respectfully submitted,

                      /s/ Stefanie Lambert
                      _____
                      Stefanie Lambert Juntilla
                      Law Offices of Stefanie L. Lambert, PLLC
                      400 Renaissance Drive, FLOOR 26
                      Detroit, MI 48243
                      attorneylambert@protonmail.com

Date: April 24, 2024