EXHIBIT 41



# Dominion's Emergency Motion For Protective Relief & To Disqualify Counsel

**U.S. Dominion, Inc., et al.**
**v.**
**Patrick Byrne**

**Case No. 1:21-cv-02131**

**May 16, 2024**

# Standard For Disqualification



"We agree that disqualification is warranted only rarely in cases where there is neither a serious question as to counsel's ability to act as a zealous and effective advocate for the client, *see, e.g., Groper v. Taff,* 717 F.2d at 1418; *Yablonski v. UMW,* 448 F.2d 1175, nor a substantial possibility of an unfair advantage to the current client because of counsel's prior representation of the opposing party, *cf. Williamsburg Wax Museum,* 501 F.Supp. 326, or prior responsibility as a government official, *see Kessenich,* 684 F.2d 88. Except in cases of truly egregious misconduct likely to infect future proceedings, other means less prejudicial to the client's interest than disqualifying the counsel of her choice are ordinarily available to deal with ethical improprieties by counsel."

*Koller v. Richardson-Merrell, Inc.*, 737 F.2d 1038, 1056 (D.C. Cir. 1984)

2

# Lambert's Numerous Violations

 **DCRPC 3.4(c)** - "A lawyer shall not knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists."

 **DCRPC 8.4(d)** – "It is professional misconduct for a lawyer to engage in conduct that seriously interferes with the administration of justice."

 **Protective Order (Dkt. 46)** – Paragraphs 1, 8, 11, 15, and 27

 **Status Quo Order (Dkt. 77)** – Paragraphs 1, 3, and 8

# How Did We Get Here?

**1** **Pre-March 15, 2024:**
Lambert's Actions in This Matter Pre-DQ Filing

**2** **Post March 18, 2024:**
Lambert's Actions in This Matter Post-Status Quo Order

**3** **Lambert's History in Other Matters.**

4

# Pre-March 15, 2024:
# Lambert's Actions in This Matter Pre-DQ Filing

**March, 2024:**

Lambert gives Sheriff Dar Leaf access to Dominion's documents.

- 3/18/24 Transcript at 23:17-20

## March

```
            UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF COLUMBIA


* * * * * * * * * * * * *  )
U.S. DOMINION, INC., et al., )    Civil Action
                           )      No. 21-00445
            Plaintiffs,    )
                           )
   vs.                     )
                           )
SIDNEY POWELL, et al.,     )      Washington, D.C.
                           )      March 18, 2024
            Defendants.    )      3:08 p.m.
                           )
* * * * * * * * * * * * *  )


         TRANSCRIPT OF STATUS CONFERENCE
    (TRANSCRIBED FROM THE FTR-GOLD AUDIO RECORDING)
      BEFORE THE HONORABLE MOXILA A. UPADHYAYA
          UNITED STATES MAGISTRATE JUDGE
```

```
 9          THE COURT:  And when did you give that information
10   over to Sheriff Dar Leaf?
11          MS. LAMBERT JUNTTILA:  I'm not sure exactly of the
12   date.  I'd have to review the records.
13          THE COURT:  Month?
14          MS. LAMBERT JUNTTILA:  No.  More recent than that.
15          THE COURT:  No; I'm saying, do you know the month
16   that you gave it over?
17          MS. LAMBERT JUNTTILA:  Oh.  This month, your
18   Honor.
19          THE COURT:  This month?
20          MS. LAMBERT JUNTTILA:  Yes.
```

5

# Pre-March 15, 2024:
# Lambert's Actions in This Matter Pre-DQ Filing

**March, 2024:**

Lambert gives Sherriff Dar Leaf access to Dominion's documents.

- 3/18/24 Transcript at 23:17-20

**March 8, 2024:**

Lambert publicly files Dominion's documents in *People of the State of Michigan vs. Stefanie Lynn Lambert Junttila.*

- Ex. 7

**March**

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff/Appellee,

vs.

STEFANIE LAMBERT,

    Defendant/Appellant.

PROSECUTING ATTORNEY
D.J. Hilson (P57726)
HALL OF JUSTICE
FIFTH FLOOR
990 Terrace Street
Muskegon, MI 49442
(231) 724-6435
hilsonda@co.muskegon.mi.us

STEFANIE LAMBERT (P71303)
PRO SE
400 RENAISSANCE CTR, FL 26
DETROIT, MI
48243-1502
(313) 410-6872
attorneylambert@protonmail.com

**DEFENDANTS EMERGENCY MOTION FOR A STAY PENDING INTERLOCUTORY APPELLATE REVIEW**

6

# Pre-March 15, 2024:
# Lambert's Actions in This Matter Pre-DQ Filing

**March, 2024:**

Lambert gives Sherriff Dar Leaf access to Dominion's documents.

- 3/18/24 Transcript at 23:17-20

**March 8, 2024:**

Lambert publicly files Dominion's documents in *People of the State of Michigan vs. Stefanie Lynn Lambert Junttila*.

- Ex. 7

**March 12, 2024:**

Lambert refuses to agree to stand down, or even provide an accounting of her breach.

- Ex. 2

**March**



| | |
|---|---|
| **From:** | AttorneyLambert |
| **To:** | Elizabeth Hadaway |
| **Subject:** | RE: Byrne/Dominion - Substitution of Counsel |
| **Date:** | Tuesday, March 12, 2024 7:32:43 PM |
| **Attachments:** | image001.png |

Hi Elizabeth,

I had assumed that you, as counsel, were unaware of the criminal acts contained in discovery. These acts include, but are not limited to, perjury, fraud is services, wire fraud, and international interference in an election.

If you were aware of the criminal acts, I will need to address fraud on the court and potentially accessory after the fact with threats of violating a protective order that does not extend to criminal acts committed by your client.

7

# What Orders Did Lambert Violate?

**The governing Protective Order, including, but not necessarily limited to:**

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

U.S. DOMINION, INC., et al.,

    *Plaintiffs,*

v.

MY PILLOW INC., et al.,

    *Defendants.*

Civil Action No. 1:21-cv-445 (CJN)

SMARTMATIC USA CORP., SMARTMATIC INT'L HOLDING B.V., SGO CORPORATION LIMITED, and HAMILTON PLACE STRATEGIES, LLC,

*Third-Party Defendants.*

U.S. DOMINION, INC., et al.,

    *Plaintiffs,*

v.

RUDOPLH W. GIULIANI,

    *Defendant.*

Civil Action No. 1:21-cv-213 (CJN)

Dkt. 46; Ex. 6

1.   Any Discovery Material produced in the Litigation will be used, except by the Producing Party, solely for purposes of this Litigation and no Receiving Party will provide Discovery Material to any person or entity (including for any other litigation) or make any Discovery Material public except as permitted by this Order and in this Litigation.

8

# What Orders Did Lambert Violate?

## The governing Protective Order, including, but not necessarily limited to:

Case 1:21-cv-02131-CJN   Document 46   Filed 06/16/2...

**UNITED STATES DISTRICT COURT FOR ...
DISTRICT OF COLUMBIA**

U.S. DOMINION, INC., et al.,

  *Plaintiffs,*

  v.                                    Civil Action No... (CJN)

MY PILLOW INC., et al.,

  *Defendants.*

SMARTMATIC USA CORP., SMARTMATIC INT'L HOLDING B...
CORPORATION LIMITED, and HAMILTON PLACE STRATEGIE...

*Third-Party Defendants.*

U.S. DOMINION, INC., et al.,

  *Plaintiffs,*

  v.                                    Civil Action No... (CJN)

RUDOPLH W. GIULIANI,

  *Defendant.*

Dkt. 46; Ex. 6

8.  Except as otherwise provided in this Order, Confidential Discovery Material may be disclosed, summarized, described, characterized, or otherwise communicated, orally or in writing, or made available in whole or in part, only to the following persons for use in connection with the Litigation and in accordance with this Order:

a.  The Parties' current employees who are assisting with or making decisions concerning this Litigation, to the extent deemed reasonably necessary by counsel of record for the purpose of assisting in the prosecution or defense of the Litigation;

b.  Counsel for the Parties in the Litigation (including in-house counsel), and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with the Litigation;

c.  Subject to Paragraph 4, experts, consultants, or independent litigation support services assisting counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including outside copying services and outside support services) who are assisting with the Litigation;

d.  As to persons not otherwise covered by Subparagraphs 8(a)–(c), a party may disclose material designated as "Confidential" to persons (1) who appear as an author or recipient on the face of the document to be disclosed; or (2) for which a good faith basis exists to believe the potential witness or deponent has knowledge of the contents of a document;

e.  Subject to Paragraph 4, witnesses or deponents, and their counsel, but only to the extent necessary to conduct or prepare for depositions or testimony in the Litigation;

f.  The Court, persons employed by the Court, translators, and videographers and court reporters who are recording and transcribing any hearing, trial, or deposition in the Litigation or any appeal therefrom; and

g.  Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation or statement on the record of agreement by the Producing Party who provided the Discovery Material being disclosed, provided that such person signs an undertaking in the form attached as Exhibit A hereto.

h.  Any videographer, translator, court reporter, or transcriber who reports, tapes, translates, or transcribes testimony in this Litigation at a deposition will agree by a statement on the record, before recording or transcribing any such testimony constituting Confidential Discovery Materials, that all such testimony and information revealed at the deposition is and will remain confidential and will not be disclosed by such translator, videographer, reporter, or transcriber except to the attorneys for each Party and any other person who is present while such testimony is being given, and that copies of any transcript, reporter's notes or any other transcription records of any such testimony will be retained in confidentiality and safekeeping by such videographer, translator, reporter, or transcriber or will be delivered to the undersigned attorneys.

9

# What Orders Did Lambert Violate?

## The governing Protective Order, including, but not necessarily limited to:

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

U.S. DOMINION, INC., et al.,

    *Plaintiffs,*

    v.

MY PILLOW INC., et al.,

    *Defendants.*

    v.

SMARTMATIC USA CORP., SMARTMATIC INT'L HOLDING B.V., SGO CORPORATION LIMITED, and HAMILTON PLACE STRATEGIES, LLC,

    *Third-Party Defendants.*

Civil Action No. 1:21-cv-445 (CJN)

U.S. DOMINION, INC., et al.,

    *Plaintiffs,*

    v.

RUDOPLH W. GIULIANI,

    *Defendant.*

Civil Action No. 1:21-cv-213 (CJN)

Dkt. 46; Ex. 6

27.    Absent court order, no person who is not a party to the Litigation who receives Confidential or Attorneys' Eyes Only Discovery Material as permitted under the terms of this Order ("a Non-Party") will reveal any Confidential or Attorneys' Eyes Only Discovery Material, or the information contained therein, to anyone not entitled to receive such Confidential or Attorneys' Eyes Only Discovery Material under the terms of this Order. In the event that Confidential or Attorneys' Eyes Only Discovery Material is disclosed to any person other than in the manner authorized by this Order, or that any information comes to the Non-Party's attention that may indicate there was or is likely to be a loss of confidentiality of any Confidential or Attorneys' Eyes Only Discovery Material, the Non-Party responsible for the disclosure or loss of confidentiality will immediately inform the Designating and Producing Party of all pertinent facts relating to the disclosure or loss of confidentiality, including, if known, the name, address, and employer of each person to whom the disclosure was made. The Non-Party responsible for the disclosure or loss of confidentiality will also make reasonable efforts to prevent disclosure of Confidential or Attorneys' Eyes Only Discovery Material by each unauthorized person who receives the information.

10

# March 18, 2024:
# Court Issues Status Quo Order

**March, 2024:**

Lambert gives Sherriff Dar Leaf access to Dominion's documents.

- 3/18/24 at 23:17-20

**March 8, 2024:**

Lambert publicly files Dominion's documents in *People of the State of Michigan vs. Stefanie Lynn Lambert Juntiila.*

- Ex. 7

**March 12, 2024:**

Lambert refuses to agree to stand down, or even provide an accounting of her breach.

- Ex. 2

**March 18, 2024:**

Court issues status quo order from bench.

- 3/18/24 Transcript at 55:16-24

## March

```
16              And the -- Ms. Byrne [sic], you're going to have

17      to direct your client to comply with this order as well.

18      And I will seek a verification from lawyer and client that

19      these steps were taken pending the resolution of this -- of

20      this dispute, given that there is -- that you all -- that

21      you've conceded that that information has been disseminated,

22      although you do have an argument as to why.  I will deal

23      with the "why" later.  But for now, I need to maintain the

24      status quo.
```

11

# March 18, 2024:
# Court Issues Status Quo Order

**March, 2024:**

Lambert gives Sherriff Dar Leaf access to Dominion's documents.

- 3/18/24 at 23:17-20

**March 8, 2024:**

Lambert publicly files Dominion's documents in *People of the State of Michigan vs. Stefanie Lynn Lambert Juntiila.*

- Ex. 7

**March 12, 2024:**

Lambert refuses to agree to stand down, or even provide an accounting of her breach.

- Ex. 2

**March 18, 2024:**

Court issues status quo order from bench.

- 3/18/24 Transcript

Court issues minute entry confirming proceedings held that day

- ECF Entry

## March

### US DOMINION, INC. et al v. BYRNE

**District of Columbia District Court**

Case no. 1:21-cv-02131-CJN-MAU (D.D.C.)
Filed date: March 18, 2024
Docket entry no.: N/A

Docket text:

Minute Entry for proceedings held before Magistrate Judge Moxila A. Upadhyaya: Status Conference held on 3/18/2024. Plaintiff's ECF 75 heard in part. Parties are to abide by deadlines set forth on the record. Order Forth With. Court Reporter: FTR- GOLD; FTR Time Frame: CRTM 5: [3:08:03-4:38:30] (znjb) (Entered: 03/19/2024)

# March 18, 2024:
# Court Issues Status Quo Order

**March, 2024:**

Lambert gives Sheriff Dar Leaf access to Dominion's documents.

- 3/18/24 at 23:17-20

**March 8, 2024:**

Lambert publicly files Dominion's documents in *People of the State of Michigan vs. Stefanie Lynn Lambert Juntiila.*

- Ex. 7

**March 12, 2024:**

Lambert refuses to agree to stand down, or even provide an accounting of her breach.

- Ex. 2

**March 18, 2024:**

Court issues status quo order from bench.

- 3/18/24 Transcript

Court issues minute entry confirming proceedings held that day

- ECF Entry

**March 19, 2024:**

Court issues written order

- Dkt. 77

**March**

---

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

US DOMINION, INC., DOMINION VOTING SYSTEMS, INC., and DOMINION VOTING SYSTEMS CORPORATION,          )
)
)
)
Civil Action No. 1:21-cv-02131 (CJN) (MAU)

Plaintiffs,          )
)

v.          )
)
Judge Carl J. Nichols

PATRICK BYRNE,          )
)
Magistrate Judge Moxila A. Upadhyaya

Defendant.          )
)
**JURY TRIAL DEMANDED**

---

**ORDER GRANTING INTERIM RELIEF TO PRESERVE THE STATUS QUO WHILE PLAINTIFFS' EMERGENCY MOTION FOR PROTECTIVE RELIEF AND TO <u>DISQUALIFY COUNSEL IS PENDING</u>**

13

# March 18, 2024:
# Court Issues Status Quo Order

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

US DOMINION, INC., DOMINION
VOTING SYSTEMS, INC., and DOMINION
VOTING SYSTEMS CORPORATION,

Plaintiffs,

v.

PATRICK BYRNE,

Defendant.

Civil Action No. 1:21-cv-02131 (CJN) (MAU)

Judge Carl J. Nichols

Magistrate Judge Moxila A. Upadhyaya

JURY TRIAL DEMANDED

**ORDER GRANTING INTERIM RELIEF TO PRESERVE THE STATUS QUO WHILE PLAINTIFFS' EMERGENCY MOTION FOR PROTECTIVE RELIEF AND TO DISQUALIFY COUNSEL IS PENDING**

In order to preserve the status quo while Plaintiffs' Emergency Motion for Protective Relief and to Disqualify Counsel is pending resolution by the Court and until further Order of the Court, it is hereby ordered:

1. Defendant Patrick Byrne ("Mr. Byrne") and his counsel Stefanie Lambert ("Ms. Lambert") are to immediately desist from sharing, distributing, providing access to or discussing any discovery material received in connection with any of the following cases: *U.S. Dominion, Inc., et al. v. Powell, et al.*, No. 1:21-cv-00040 (CJN) (MAU); *U.S. Dominion, Inc., et al. v. Giuliani*, No. 1:21-cv-00213 (CJN) (MAU), *U.S. Dominion, Inc., et al. v. Lindell, et al.*, No. 1:21-cv-00445 (CJN) (MAU); *US Dominion Inc., et al v. Byrne*, No. 1:21-cv-02131 (CJN) (MAU); *US Dominion Inc., et al v. Herring Networks, Inc., et al.*, No. 1:21-CV-02130 (CJN) (MAU) (hereinafter "Dominion Litigation Documents").

2. With respect to any and all Dominion Litigation Documents contained in the repositories of e-discovery vendors iDiscovery Solutions and Innovative Driven,

1

Dkt. 77

---

1. Defendant Patrick Byrne ("Mr. Byrne") and his counsel Stefanie Lambert ("Ms. Lambert") are to immediately desist from sharing, distributing, providing access to or discussing any discovery material received in connection with any of the following cases: *U.S. Dominion, Inc., et al. v. Powell, et al.*, No. 1:21-cv-00040 (CJN) (MAU); *U.S. Dominion, Inc., et al. v. Giuliani*, No. 1:21-cv-00213 (CJN) (MAU); *U.S. Dominion, Inc., et al. v. Lindell, et al.*, No. 1:21-cv-00445 (CJN) (MAU); *US Dominion Inc., et al v. Byrne*, No. 1:21-cv-02131 (CJN) (MAU); *US Dominion Inc., et al v. Herring Networks, Inc., et al.*, No. 1:21-CV-02130 (CJN) (MAU) (hereinafter "Dominion Litigation Documents").

3. With respect to Dominion Litigation Documents filed on the public court docket of *People of the State of Michigan v. Stephanie Lynn Lambert Junttila*, Case No. 2023-285759-FH: Ms. Lambert must immediately confer with her counsel in that matter and undertake every reasonable effort to remove such documents from the public record and file them under seal instead.

8. No later than 5:00 p.m. EST March 21, 2024, Ms. Lambert shall file with the Court a verification signed by her and Mr. Byrne that they have and will comply with each of their obligations in this Order until further Order of the Court.

14

# March 18, 2024:
# Court Issues Status Quo Order

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

US DOMINION, INC., DOMINION
VOTING SYSTEMS, INC., and DOMINION
VOTING SYSTEMS CORPORATION,
    Plaintiffs,
    v.
PATRICK BYRNE,
    Defendant.

Civil Action No. 1:21-cv-02131 (CJN) (MAU)

Judge Carl J. Nichols

Magistrate Judge Moxila A. Upadhyaya

JURY TRIAL DEMANDED

**ORDER GRANTING INTERIM RELIEF TO PRESERVE THE STATUS QUO WHILE PLAINTIFFS' EMERGENCY MOTION FOR PROTECTIVE RELIEF AND TO DISQUALIFY COUNSEL IS PENDING**

In order to preserve the status quo while Plaintiffs' Emergency Motion for Protective Relief and to Disqualify Counsel is pending resolution by the Court and until further Order of the Court, it is hereby ordered:

1. Defendant Patrick Byrne ("Mr. Byrne") and his counsel Stefanie Lambert ("Ms. Lambert") are to immediately desist from sharing, distributing, providing access to or discussing any discovery material received in connection with any of the following cases: *U.S. Dominion, Inc., et al. v. Powell, et al.*, No. 1:21-cv-00040 (CJN) (MAU); *U.S. Dominion, Inc., et al. v. Giuliani*, No. 1:21-cv-00213 (CJN) (MAU); *U.S. Dominion, Inc., et al. v. Lindell, et al.*, No. 1:21-cv-00445 (CJN) (MAU); *US Dominion Inc., et al v. Byrne*, No. 1:21-cv-02131 (CJN) (MAU); *US Dominion Inc., et al v. Herring Networks, Inc., et al.*, No. 1:21-CV-02130 (CJN) (MAU) (hereinafter "Dominion Litigation Documents").

2. With respect to any and all Dominion Litigation Documents contained in the repositories of e-discovery vendors iDiscovery Solutions and Innovative Driven:

1

Dkt. 77



1. Defendant Patrick Byrne ("Mr. Byrne") and his counsel Stefanie Lambert ("Ms. Lambert") are to immediately desist from sharing, distributing, providing access to or discussing any discovery material received in connection with any of the following cases: *U.S. Dominion, Inc., et al. v. Powell, et al.*, No. 1:21-cv-0004 (CJN) (MAU); *U.S. Dominion, Inc., et al. v. Giuliani*, No. 1:21-cv-0021 (CJN) (MAU); *U.S. Dominion Inc., et al. v. Lindell, et al.*, No. 1:21-cv-00445 (CJN) (MAU); *US Dominion Inc., et al v. Byrne*, No. 1:21-cv-02131 (CJN) (MAU); *US Dominion Inc., et al v. Herring Networks, Inc., et al.*, No. 1:21-CV-02130 (CJN) (MAU) (hereinafter "Dominion Litigation Documents").

**VIOLATED**

3. With respect to Dominion Litigation Documents filed on the public court docket of *People of the State of Michigan v. Stephanie Lynn Lambert Junttila*, Case No. 2023-285759-FH: Ms. Lambert must immediately confer with her counsel in that matter and undertake every reasonable effort to remove such documents from the public record and file them under seal instead.

**VIOLATED**

8. No later than 5:00 p.m. EST March 21, 2024, Ms. Lambert shall file with the Court a verification signed by her and Mr. Byrne that they have and will comply with each of their obligations in this Order until further Order of the Court.

**VIOLATED**

15

# Post-March 18, 2024:
# Lambert Does Not Undertake Reasonable Efforts to Seal

**March, 2024:**

Lambert gives Sherriff Dar Leaf access to Dominion's documents.

- 3/18/24 at 23:17-20

**March 8, 2024:**

Lambert publicly files Dominion's documents in *People of the State of Michigan vs. Stefanie Lynn Lambert Juntiila.*

- Ex. 7

**March 19, 2024:**

Court issues written order

- Dkt. 77

**March**

**May**

From: "Maat, Timothy" <MaatTi@co.muskegon.mi.us>
Date: May 15, 2024 at 4:25:08 PM EDT
To: Jonathan Ross <JROSS@susmangodfrey.com>
Cc: "Hilson, Dale" <HilsonDa@co.muskegon.mi.us>
Subject: RE: Inquiry regarding People of the State of Michigan vs. Stefanie Lynn Lambert Junitlla, Case No. 2023-285759-FH

Mr. Ross:

Our office has been appointed to handle all matters in *People of the State of Michigan vs. Stefanie Lynn Lambert Junitla*, Case No. 2023-285759-FH, which is currently pending before the Sixth Circuit Court in Oakland County, Michigan. Trial is scheduled to begin on October 21, 2024.

In response to your inquiry:

1. All documents filed by Ms. Lambert in the Oakland County Circuit Court and the Michigan Court of Appeals remain public. This includes documents that appear to be connected to your litigation and have been deemed by our office as being irrelevant in our pending criminal case.

2. Neither Ms. Lambert nor her attorney nor anyone acting on her behalf has reached out to our office to attempt to seal any filings she has made in the Court of Appeals or in the Trial Court. The attorney of record for Ms. Lambert in her criminal case is attorney Daniel Hartman. Ms. Lambert has been appearing on her own behalf in the Court of Appeals. The two emergency appeals filed by Ms. Lambert have subsequently been denied, but the records and her filings remain public. We are unaware of any other action being taken to limit the public disclosure of the documents filed by Ms. Lambert.

3. Further, our office will stipulate to any protective measures that Ms. Lambert requests regarding her filings until our trial court can rule on our objection to the admissibility of such information. We will also comply with any court order that restricts or limits the disclosure of information pending trial. We recognize our ethical duties pursuant to MRPC 3.6 to limit public disclosure of information that may substantially prejudice an adjudicative proceeding; including information that is likely inadmissible as evidence in a trial (MRPC 3.6(5)).

Our office has no interest in the civil litigation involving your client or any of the other parties and we take no position on any motions filed in your case. Nevertheless, our office will voluntarily provide any information to any party or to the Court that furthers the interest of justice or impacts the fairness of any trial.

**May 15, 2024:**

No outreach or similar effort to seal Dominion's documents.

- 5/15/24 email from Muskegon County Prosecutor's Office

16

# Post-March 18, 2024:
# Lambert Ignores Court's Deadline to Verify

**March** 

**March, 2024:**

Lambert gives Sherriff Dar Leaf access to Dominion's documents.

- 3/18/24 at 23:17-20

**March 8, 2024:**

Lambert publicly files Dominion's documents in *People of the State of Michigan vs. Stefanie Lynn Lambert Juntiila.*

- Ex. 7

**March 12, 2024:**

Lambert refuses to agree to stand down, or even provide an accounting of her breach.

- Ex. 2

**March 18, 2024:**

Court issues status quo order from bench.

- 3/18/24 at 55:16-24

Court issues minute entry confirming proceedings held that day

- ECF Entry

**March 19, 2024:**

Court issues written order

- Dkt. 77

**March 21, 2024:**

Time by which Court ordered Lambert and Byrne to provide written affirmation.

- Dkt. 78

# Post-March 18, 2024:
# Lambert Ignores Court's Deadline to Verify

**March, 2024:**

Lambert gives Sheriff Dar Leaf access to Dominion's documents.

- 3/18/24 at 23:17-20

**March 8, 2024:**

Lambert publicly files Dominion's documents in *People of the State of Michigan vs. Stefanie Lynn Lambert Juntiila.* -

- Ex. 7

**March 12, 2024:**

Lambert refuses to agree to stand down, or even provide an accounting of her breach.

- Ex. 26

**March 18, 2024:**

Court issues status quo order from bench.

- 3/18/24 at 55:16-24

Court issues minute entry confirming proceedings held that day

- ECF Entry

**March 19, 2024:**

Court issues written order

- Dkt. 77

## March

**March 21, 2024:**

Time by which Court ordered Lambert and Byrne to provide written affirmation.

- Dkt. 78

**March 22, 2024:**

Byrne files request for, among other things, "an extension of time until 5:00 pm March 26th to consult with undersigned and sign and submit confirmation of compliance with the Court's March 19, 2024 order."

- Dkt. 81

### DEFENDANT'S MOTION FOR RELIEF AND AN EXTENSION OF TIME TO COMPLY WITH THE COURT'S DISCOVERY SCHEDULE

Because of the foregoing, ==Defendant and counsel have not been able to meet and confer on the Court's March 18 order to verify their compliance with the obligations specified therein.== Therefore, Defendant requests an extension until Tuesday, March 26th at 5:00 p.m. to submit the said verification.

18

# Post-March 18, 2024:
## Lambert Ignores Court's Deadline to Verify

| March 18 | March 19 | March 20 | March 21 | March 22 |
|---|---|---|---|---|









19

# Post-March 18, 2024:
# Lambert Discusses/Promotes the Leaked Documents

**March 18, 2024:**

Court issues minute entry confirming status quo order.

- ECF Entry

**March 19, 2024:**

Lambert discusses leaked documents in statement to ABC News

**March**

## Pro-Trump lawyer arrested on warrant after court hearing in separate case on Dominion leaks

Dominion faced baseless claims of election fraud after the 2020 election.

By Laura Romero and Luke Barr
March 19, 2024, 2:00 PM



"There was no leak of data," Lambert told ABC News in a statement. "I provided evidence of criminal acts to law enforcement. The Dominion file contained evidence of perjury by John Poulos, Dominion CEO, Honest Service Fraud, Wire fraud, etc. I'm on my way back to Michigan, and I look forward to truth and transparency for everyone."

https://abcnews.go.com/US/lawyer-election-denier-center-dominion-voting-systems-leak/story?id=108270385(March 19, 2024)

20

# Post-March 18, 2024:
# Lambert Discusses/Promotes the Leaked Documents (cont'd)

**March 18, 2024:**

Court issues minute entry confirming status quo order.

- ECF Entry

**March 19, 2024:**

Lambert discusses leaked documents in statement to ABC News

**March 22, 2024:**

Lambert appears on Joe Oltmann Live, Oltmann repeatedly refers to leaked Dominion documents and evidence of "crimes", both in introduction into and during Lambert's appearance.

## March



Oltmann says we have evidence from Dar Leaf and way more that has not been released. (42:25)

When Oltmann starts to discuss Dar Leaf's evidence (the Dominion docs), he hesitates but then says, "Stefanie, I didn't get it from you. I got it from [pausing] Twitter, X." (51:52)
Lambert does nothing to stop him.

Lambert then tells Oltmann he should have Dar on his show to go through his investigation. When Oltmann asks if Dar Leaf is allowed to discuss his investigation and evidence, Lambert says he can go through whatever he wants, it's his investigation. (57:00)

https://www.everand.com/listen/podcast/

# Post-March 18, 2024:
# Lambert Discusses/Promotes the Leaked Documents

**March 18, 2024:**

Court issues minute entry confirming status quo order.

- ECF Entry

**March 19, 2024:**

Lambert discusses leaked documents in statement to ABC News

**March 22, 2024:**

Lambert appears on Joe Oltmann Live, Oltmann repeatedly refers to leaked Dominion documents and evidence of "crimes", both in introduction into and during Lambert's appearance.

**April 7, 2024:**

Lambert gives interview on "The Joe Hoft Show" on FrankSpeech (Lindell's platform), in an episode titled "Surviving Attacks for Standing Up for Fair Elections with Stefanie Lambert." Discusses her leak of Dominion's material at several points. Lambert also falsely claims Dominion's attorneys had a "security officer" present false claims to this Court to get her arrested.

**March**

**April**



"I was immediately able to spot a number of different criminal pieces of evidence . . . a lot, ok? Not just one document or two." (54:45)

Discussing Poulos' alleged perjury to the MI Senate: "We have the raw evidence refuting each and every one of Poulos' claims." (41:03)

Discussing Fox's "sham" settlement with Dominion: "I don't know why Fox would settle when I'm looking at the files I'm looking at." (43:07)

She makes several claims that Dominion set up her arrest to silence her.

https://frankspeech.com/video/surviving-attacks-for-standing-up-for-fair-elections-with-stefanie-lambert

# Lambert's Misrepresentations to This Court

## Whether Lambert made best efforts to take down the documents she filed publicly?

### COUNSEL'S VERIFICATION

I, Stefanie Lambert, counsel for Defendant, Patrick Byrne, verify that I have and will comply with the obligations set forth in the Court's March 19, 2024 Order (Docket No. 77) until further Order of the Court.

Respectfully submitted,

/s/ Stefanie Lambert

_____
Stefanie Lambert Juntilla
Law Offices of Stefanie L. Lambert, PLLC
400 Renaissance Drive, FLOOR 26
Detroit, MI 48243
attorneylambert@protonmail.com

Dated : March 26, 2024

– Dkt. 84


VS

From: "Maat, Timothy" <MaatTi@co.muskegon.mi.us>
Date: May 15, 2024 at 4:25:08 PM EDT
To: Jonathan Ross <JROSS@susmangodfrey.com>
Cc: "Hilson, Dale" <HilsonDa@co.muskegon.mi.us>
Subject: RE: Inquiry regarding People of the State of Michigan vs. Stefanie Lynn Lambert Junitlla, Case No. 2023-285759-FH

Mr. Ross:

Our office has been appointed to handle all matters in *People of the State of Michigan vs. Stefanie Lynn Lambert Junitlla*, Case No. 2023-285759-FH, which is currently pending before the Sixth Circuit Court in Oakland County, Michigan. Trial is scheduled to begin on October 21, 2024.

In response to your inquiry:

1. All documents filed by Ms. Lambert in the Oakland County Circuit Court and the Michigan Court of Appeals remain public. This includes documents that appear to be connected to your litigation and have been deemed by our office as being irrelevant in our pending criminal case.

2. Neither Ms. Lambert nor her attorney nor anyone acting on her behalf has reached out to our office to attempt to seal any filings she has made in the Court of Appeals or in the Trial Court. The attorney of record for Ms. Lambert in her criminal case is attorney Daniel Hartman. Ms. Lambert has been appearing on her own behalf in the Court of Appeals. The two emergency appeals filed by Ms. Lambert have subsequently been denied, but the records and her filings remain public. We are unaware of any other action being taken to limit the public disclosure of the documents filed by Ms. Lambert.

3. Further, our office will stipulate to any protective measures that Ms. Lambert requests regarding her filings until our trial court can rule on our objection to the admissibility of such information. We will also comply with any court order that restricts or limits the disclosure of information pending trial. We recognize our ethical duties pursuant to MRPC 3.6 to limit public disclosure of information that may substantially prejudice an adjudicative proceeding; including information that is likely inadmissible as evidence in a trial (MRPC 3.6(5)).

23

# Lambert's Misrepresentations to This Court

## Who was given access to the leaked documents?

**Lambert discloses only Stephanie Smith and Russell Newman as individuals on her team who have access to the relevant materials.**

— 3/18/24 Hearing Transcript at 35:4-36:17

**vs**

March 29, 2024

To our knowledge, no discovery material has been shared by anyone at McGlinchey with anyone else outside of the McGlinchey team, apart from attorneys Stefanie Lambert and Michael Smith, who both obtained login credentials to the Incoming Productions Workspace as counsel for Mr. Byrne, and both signed Undertakings on the same date of December 12, 2023.

Robert N. Driscoll
*Terminated Counsel for Patrick Byrne*

— Dkt. 85

## Whose idea was it to leak the documents?

| | |
|---|---|
| **From:** | AttorneyLambert |
| **To:** | Elizabeth Hadaway |
| **Subject:** | RE: Byrne/Dominion - Substitution of Counsel |
| **Date:** | Tuesday, March 12, 2024 7:32:43 PM |

My client insisted the evidence of criminal acts be provided to law enforcement.

— Ex. 2



**vs**



"Stefanie released that stuff to Sheriff Dar Leaf. It wasn't at my instruction. She felt a need to do it."

— Byrne's video uploaded April 2, 2024: Transcript at 29:10-12

24

# What We Still Don't Know



1.  When Lambert began representing Byrne?

2.  When Lambert gave Sherriff Dar Leaf access and to what?

3.  Coordination/assistance between Lambert and Sherriff Dar Leaf?

4.  Coordination/assistance between Byrne and Sherriff Dar Leaf?

5.  Who else Lambert gave access too?

# What We Do Know:
## Lambert Defends Her Actions/No Remorse



**Stefanie Lambert**
@AttyStefLambert

I gave the evidence to law enforcement. The discovery (file from Dominion) contained evidence of numerous crimes. The Constitution does not permit secret Serbians to run our elections. Local clerks are to run our elections, & transparency is prevented by vendors (Dominion).

> When Dominion raised the prospect of sanctions, it noted that Lambert is familiar with the process, since she was initially sanctioned for her involvement as local counsel in the Michigan "Kraken" lawsuit before an appellate court reversed.
>
> "Lambert does not, and cannot, contest the requirements set forth in the Protective Order, which itself contemplates sanctions if breached. Rather, she apparently believes that she has the unilateral authority to decide whether or not she needs to comply. As a barred, licensed attorney, Lambert is well aware that court orders are not optional (and, lest she had any doubt, the disciplinary referrals, bench warrant, and sanctions entered against her by various courts have surely apprised her of that fact)," the motion said. "The only question for this Court, then, is whether her violation warrants disqualification. It does."

7:42 AM · Mar 18, 2024 · **244K** Views 

Ex. 26

# What We Do Know:
## Byrne Defends His Actions/No Remorse



And I'm telling you here, and Judge, with all due respect, you decide what you want. We're giving you the honor this time of going through the steps that Stefanie evidently was supposed to do last time. But there's no chance in hell I'm not going to make this public. I mean, I'm giving -- so you can throw me in prison as long as you want. I'm going to make this stuff public. So I hope you make the right decision, but I'm not going to keep this quiet. I'm going to give you time to make the right decision. And if you make the wrong decision, I'm just going to do the right thing anyway and you throw me in jail. Fuck you.

Byrne video uploaded April 2, 2024
Transcript at 30:17-7

# Byrne Has Publicized His Intent





28

# Byrne Has Publicized His Intent



Ex. 34

# Post-March 18, 2024:
## Lambert's Refusal to Control Her Client



- 3/18/24 Transcript at 24:6-11

23        MS. LAMBERT JUNTTILA:  I've given it to --

24  Mr. Byrne has it.  And he is working with the U.S.

25  Attorney's Office.

1        THE COURT:  So which --

2        MS. LAMBERT JUNTTILA:  And I don't have the names.

3        THE COURT:  Which district?

4        MS. LAMBERT JUNTTILA:  I'm not sure.  That would

5  be a question for Mr. Byrne.

6        THE COURT:  He's your client, ma'am.  And you

7  are -- and you have the obligation to be apprised of what is

8  happening with --

9        MS. LAMBERT JUNTTILA:  I --

10        THE COURT:  -- this confidential -- let me finish,

11  please.

12        MS. LAMBERT JUNTTILA:  Yes.

# Post-March 18, 2024: Byrne's Activity



**March 18, 2024:**

Court issues minute entry confirming status quo order.

- ECF Entry

**March**  **April**  **May**

March 18, 2024

March 19, 2024

March 20, 2024

March 22, 2024

March 27, 2024

April 2, 2024

April 3, 2024

April 6, 2024

April 8, 2024

April 14, 2024

April 16, 2024

April 17, 2024

April 20, 2024

April 24, 2024

May 8, 2024

May 9, 2024

May 12, 2024

31

# Post-March 18, 2024: Byrne's Activity



**March 18, 2024:**

Court issues minute entry confirming status quo order.

- ECF Entry

**March**

**March 18, 2024**

# Post-March 18, 2024: Byrne's Activity



**March 18, 2024:**

Court issues minute entry confirming status quo order.

- ECF Entry

| March | April | May |

March 18, 2024

March 19, 2024

March 20, 2024

March 22, 2024

March 27, 2024

April 2, 2024

**April 3, 2024**

Patrick Byrne ✔
@PatrickByrne

Subscribe · · ·

Apology to Judge in DC
No, no one told me to do this.
Just trying to set a better example

Join my live stream now

PATRICK M. BYRNE

patrickbyrne.locals.com
This post is not available
Connect with Patrick Byrne and other members of Patrick Byrne community

8:01 AM · Apr 3, 2024 · **8,198** Views

33

# Post-March 18, 2024: Byrne's Activity



**March 18, 2024:**

Court issues minute entry confirming status quo order.

- ECF Entry

34

# Renewed Threats to Dominion/Trust in Elections



Ex. 1



Ex. 39



Ex. 40

# What Orders Did Lambert Violate?

## The governing Protective Order, including, but not necessarily limited to:



Case 1:21-cv-02131-CJN    Document 46    Filed 06/16/23    Page 1 of 21

Dkt. 46; Ex. 6

- Paragraph (1)

- Paragraph (8)

- Paragraph (11)

- Paragraph (15)

- Paragraph (27)

36

# What Orders Did Lambert Violate?

## The Status Quo Order, including, but not necessarily limited to:

Case 1:21-cv-02131-CJN-MAU    Document 77    Filed 03/19/24    Page 1 of 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

US DOMINION, INC., DOMINION
VOTING SYSTEMS, INC., and DOMINION
VOTING SYSTEMS CORPORATION,

Plaintiffs,

v.

PATRICK BYRNE,

Defendant.

Civil Action No. 1:21-cv-02131 (CJN)
(MAU)

Judge Carl J. Nichols

Magistrate Judge Moxila A. Upadhyaya

JURY TRIAL DEMANDED

ORDER GRANTING INTERIM RELIEF TO PRESERVE THE STATUS QUO WHILE
PLAINTIFFS' EMERGENCY MOTION FOR PROTECTIVE RELIEF AND TO
DISQUALIFY COUNSEL IS PENDING

In order to preserve the status quo while Plaintiffs' Emergency Motion for Protective Relief
and to Disqualify Counsel is pending resolution by the Court and until further Order of the Court,
it is hereby ordered:

1. Defendant Patrick Byrne ("Mr. Byrne) and his counsel Stefanie Lambert ("Ms. Lambert")
   are to immediately desist from sharing, distributing, providing access to or discussing any
   discovery material received in connection with any of the following cases: *U.S. Dominion,
   Inc., et al. v. Powell, et al.*, No. 1:21-cv-00040 (CJN) (MAU); *U.S. Dominion, Inc., et al.
   v. Giuliani*, No. 1:21-cv-00213 (CJN) (MAU); *U.S. Dominion Inc., et al. v. Lindell, et al.*,
   No. 1:21-cv-00445 (CJN) (MAU); *US Dominion Inc., et al v. Byrne*, No. 1:21-cv-02131
   (CJN) (MAU); *US Dominion Inc., et al v. Herring Networks, Inc., et al.*, No. 1:21-CV-
   02130 (CJN) (MAU) (hereinafter "Dominion Litigation Documents").

2. With respect to any and all Dominion Litigation Documents contained in the repositories
   of e-discovery vendors iDiscovery Solutions and Innovative Driven:

1

Dkt. 77

1. Defendant Patrick Byrne ("Mr. Byrne") and his counsel Stefanie Lambert ("Ms. Lambert")
   are to immediately desist from sharing, distributing, providing access to or discussing any
   discovery material received in connection with any of the following cases: *U.S. Dominion,
   Inc., et al. v. Powell, et al.*, No. 1:21-cv-0004 (CJN) (MAU); *U.S. Dominion, Inc., et al.
   v. Giuliani*, No. 1:21-cv-0021 (CJN) (MAU); *U.S. Dominion Inc., et al. v. Lindell, et al.*,
   No. 1:21-cv-00445 (CJN) (MAU); *US Dominion Inc., et al v. Byrne*, No. 1:21-cv-02131
   (CJN) (MAU); *US Dominion Inc., et al v. Herring Networks, Inc., et al.*, No. 1:21-CV-
   02130 (CJN) (MAU) (hereinafter "Dominion Litigation Documents").



3. With respect to Dominion Litigation Documents filed on the public court docket of *People
   of the State of Michigan v. Stephanie Lynn Lambert Junttila*, Case No. 2023-285759-FH:
   Ms. Lambert must immediately confer with her counsel in this matter and undertake every
   reasonable effort to remove such documents from the public record and file them under
   seal instead.

8. No later than 5:00 p.m. EST March 21, 2024, Ms. Lambert shall file with the Court a
   verification signed by her and Mr. Byrne that they have and will comply with each of their
   obligations in this Order until further Order of the Court.

**VIOLATED**

**VIOLATED**

**VIOLATED**



37

# Lambert's Misrepresentations to This Court

## Whether Lambert made best efforts to take down the documents she filed publicly?

### COUNSEL'S VERIFICATION

I, Stefanie Lambert, counsel for Defendant, Patrick Byrne, verify that I have and will comply with the obligations set forth in the Court's March 19, 2024 Order (Docket No. 77) until further Order of the Court.

Respectfully submitted,

/s/ Stefanie Lambert

_____

Stefanie Lambert Juntilla
Law Offices of Stefanie L. Lambert, PLLC
400 Renaissance Drive, FLOOR 26
Detroit, MI 48243
attorneylambert@protonmail.com

Dated : March 26, 2024

– Dkt. 84



VS

From: "Maat, Timothy" <MaatTi@co.muskegon.mi.us>
Date: May 15, 2024 at 4:25:08 PM EDT
To: Jonathan Ross <JROSS@susmangodfrey.com>
Cc: "Hilson, Dale" <HilsonDa@co.muskegon.mi.us>
Subject: RE: Inquiry regarding People of the State of Michigan vs. Stefanie Lynn Lambert Junitlla, Case No. 2023-285759-FH

Mr. Ross:

Our office has been appointed to handle all matters in *People of the State of Michigan vs. Stefanie Lynn Lambert Junitlla*, Case No. 2023-285759-FH, which is currently pending before the Sixth Circuit Court in Oakland County, Michigan. Trial is scheduled to begin on October 21, 2024.

In response to your inquiry:

1. All documents filed by Ms. Lambert in the Oakland County Circuit Court and the Michigan Court of Appeals remain public. This includes documents that appear to be connected to your litigation and have been deemed by our office as being irrelevant in our pending criminal case.

2. Neither Ms. Lambert nor her attorney nor anyone acting on her behalf has reached out to our office to attempt to seal any filings she has made in the Court of Appeals or in the Trial Court. The attorney of record for Ms. Lambert in her criminal case is attorney Daniel Hartman. Ms. Lambert has been appearing on her own behalf in the Court of Appeals. The two emergency appeals filed by Ms. Lambert have subsequently been denied, but the records and her filings remain public. We are unaware of any other action being taken to limit the public disclosure of the documents filed by Ms. Lambert.

3. Further, our office will stipulate to any protective measures that Ms. Lambert requests regarding her filings until our trial court can rule on our objection to the admissibility of such information. We will also comply with any court order that restricts or limits the disclosure of information pending trial. We recognize our ethical duties pursuant to MRPC 3.6 to limit public disclosure of information that may substantially prejudice an adjudicative proceeding; including information that is likely inadmissible as evidence in a trial (MRPC 3.6(5)).

# Lambert's Refusal to Control Her Client



Byrne video uploaded April 2, 2024
Transcript at 30:17-7

And I'm telling you here, and Judge, with all due respect, you decide what you want. We're giving you the honor this time of going through the steps that Stefanie evidently was supposed to do last time. But there's no chance in hell I'm not going to make this public. I mean, I'm giving -- so you can throw me in prison as long as you want. I'm going to make this stuff public. So I hope you make the right decision, but I'm not going to keep this quiet. I'm going to give you time to make the right decision. And if you make the wrong decision, I'm just going to do the right thing anyway and you throw me in jail. Fuck you.

# Lesser Sanctions Will Not Protect the Integrity of This Litigation



Disqualification should be granted only in exceptional cases because "less prejudicial" means are "ordinarily available to deal with ethical improprieties by counsel."

*Koller*, 737 F.2d at 1056

**Less prejudicial means include:**

"[T]he Court may issue a formal reprimand or, in more serious cases, a contempt citation either during or after the proceedings; it may also refer possible ethical improprieties to the disciplinary bodies of the local bar or, in the case of attorneys admitted *pro hac vice*, to the bar of the attorney's home state."

*Koller*, 737 F.2d at 1056 n. 49

40

# Lesser Sanctions Will Not Protect the Integrity of This Litigation



**PA**

Referred Lambert for disciplinary review in Michigan for role in misconduct involving repeated protective order violations in a Pennsylvania case.

*Cnty. of Fulton v. Sec'y of Commonwealth*, 292 A.3d 974, 1019 (Pa. 2023).

**GA**

District Court of Georgia finds that Lambert directed the transmission of a disc drive with forensic material. Copied at the Coffee County Elections Office—which uses Dominion Voting equipment and software—to a private investigator in her employ, compromising that county's' election equipment and data.

*Curling v. Raffensperger*, No. 1:17-CV-2989-AT, 2023 WL 7463462 (N.D. Ga. Nov. 10, 2023).

**MI**

Reprimanded and referred her for sanctions for "disseminat[ing] allegations of fraud" by Dominion "unsupported by law or fact."

*King v.Whitmer*, 556 F. Supp. 3d 680, 688 (E.D. Mich. 2021),*aff'd in part, rev'd in part,* 71 F.4th 511 (6th Cir. 2023) *and aff'd in part, rev'd in part,* 71 F.4th 511 (6th Cir. 2023).

# Lambert's & Byrne's Influence on Other Defendants





# Requests as to Lambert & Byrne

**[PROPOSED] ORDER GRANTING PLAINTIFFS' EMERGENCY MOTION FOR PROTECTIVE RELIEF AND TO DISQUALIFY COUNSEL**

Upon consideration of Plaintiffs' Emergency Motion for Protective Relief and to Disqualify Counsel and deliberation given thereto, the Motion is hereby GRANTED.

Stefanie Lambert and Patrick Byrne are hereby prohibited from accessing any Dominion discovery materials and shall return or destroy any such materials in their possession. Lambert and Byrne are further ORDERED to each provide a full accounting, in the form of sworn affidavits to be provided no later than 5 pm on March 19, 2024, providing:

- The date of any fee agreement between Lambert and Byrne and the scope of representation or, if no such agreement exists, the date on which Lambert and Byrne understand that a lawyer/client relationship;

- A complete and accurate list of all Dominion-produced documents and information Byrne reviewed and the method and date of access;

- An accounting from Byrne's outside vendor showing what documents Byrne and or Lambert accessed, on what date, and whether they were downloaded; as well as any other data the vendor indicates may be helpful to Dominion's or this Court's efforts to understand the breach;

- A complete and accurate list of all Dominion-produced documents and information Lambert received and the method and date of access;

- An account of every step Lambert, Byrne's prior counsel from the McGlinchey firm, has already undertaken or that is underway to determine the scope of the breach and to ensure it is not continuing; and

- An accounting attesting (i) to whom Lambert and/or Byrne leaked, released, or otherwise disclosed documents or information protected by the Protective Order (including in court filings in any cases outside of this case); (ii) how and when they provided it; (iii) every occasion on which they did so; and (iv) for each such instance, what specifically was leaked, released, or otherwise disclosed.

Dkt 75-24 Proposed Order

# Requests as to Lambert & Byrne

All communications with / support to Dar Leaf and associates

All communications with anyone re this issue

All documents showing any material support provided to anyone re this issue

44