# Exhibit G

| | |
|---|---|
| **From:** | owner-dominion@lists.susmangodfrey.com on behalf of Davida Brook |
| **To:** | AttorneyLambert |
| **Cc:** | Dominion ListserveSusmanGodfrey |
| **Subject:** | Re: Dominion v Byrne subpoena |
| **Date:** | Tuesday, July 2, 2024 12:21:48 AM |
| **Attachments:** | image001.png |
| | image002.png |
| | image003.png |
| | Dominion - Communications about depositions - REVIEW-RESPOND BY 1 PM EST.eml.msg |

<mark>EXTERNAL Email</mark>

Ms. Lambert,

Following up on the below email.

1. **Please confirm by no later than 5:00 pm est Tuesday, July 2**, that you understand your obligation under the governing Protective Order and will object to providing documents or testimony in response to the subpoena served in the Tina Peters matter. Again, please copy us on all correspondence regarding this subpoena.

2. You have also failed to respond to my email from last Thursday, reattached here for your reference, asking all Defense Counsel to confirm the below. Again, **please provide responses by no later than 5:00 pm est Tuesday, July 2**. Please separately confirm that you are not in an attorney client relationship with Ms. Peters.

    1. Whether you (including anyone at your firm) or your client disclosed the fact that John Poulos was being deposed this week to anyone outside of the relevant court reporting agency or counsel of record in this matter for your client;

    2. Whether you (including anyone at your firm) or your client shared the location of John Poulos's deposition with anyone outside of the relevant court reporting agency or counsel of record in this matter for your client;

    3. Whether you (including anyone at your firm) or your client have had any communications with Yehuda Miller regarding Dominion or Mr. Poulos;

    4. To the extent the answer to any of the above questions is yes – what you disclosed, when, and to whom.

3. It has also become clear in recent depositions that you have been asking about documents produced in this case by Dominion and marked confidential. We have asked you about these documents on the record and you have refused to answer our questions. As just one example, in a deposition of a Dominion employee last week you

read multiple paragraphs of a Dominion email into the record. My colleague responded by asking various questions that you refused to answer. You did say, however, you would engage via follow up email. So please respond to the questions now via email **by no later than 5:00 pm est tomorrow – Tuesday**.

US DOMINION vs SIDNEY POWELL

Page 330

```
1   an e-mail that I may or may not mark
2   as an exhibit.  But I would like to
3   ask questions about it at this time.
4        MS. HADAWAY:  Where is the
5   e-mail located right now?
6        MS. LAMBERT:  I am not
7   answering your questions, Ms. Hadaway.
8   I'm here to ask Ms. Noell questions.
9   Okay?  So I'm going to continue to do
10  that.
11       Thank you.
12       MS. HADAWAY:  So you refuse to
13  state --
14  BY MS. LAMBERT:
15  Q.   Ms. Noell --
16       MS. HADAWAY:  Excuse me,
17  Ms. Lambert.  So you refuse to state
18  where the location of the e-mail is on
19  the record right now?
20       MS. LAMBERT:  Again, I'm not
21  answering any of your questions.
22  Okay.  I'm in the middle of deposing
23  your witness, Ms. Noell.
24       MS. HADAWAY:  I understand
25  that, Ms. Lambert.  But this is an
```

Page 331

```
1   important issue --
2        MS. LAMBERT:  You're
3   interrupting -- we can go off the
4   record if you want.  You're
5   interrupting the deposition.
6        MS. HADAWAY:  No, I don't want
7   to do that.  I do not agree to go off
8   the record.  And I'm not interrupting
9   the deposition.  I'm trying to get the
10  facts straight.
11       Could you just answer the
12  question?
13       MS. LAMBERT:  I'm not here to
14  answer your questions.  I will not be
15  providing you with facts.
16       MS. HADAWAY:  Okay.  But you're
17  representing to the witness certain
18  facts right now as well.
19       MS. LAMBERT:  I just read
20  something, and I've asked if it
21  refreshed her memory.  And I have
22  questions.
23       I want to test her memory and
24  what's significant to her.
25       MS. HADAWAY:  Okay.  Well,
```

```
23       MS. HADAWAY:  Now, Ms. Lambert,
24  what are you reading from?
25       MS. LAMBERT:  I'm reading from
```

US DOMINION vs  
SIDNEY POWELL

Sheree Noell  
June 26, 2024

**Page 338**

1  same people leaving --
2       MS. LAMBERT:  I did hear the
3  doorbell noise as well.  I think that
4  must have been another one of the
5  attorneys for the co-defendants.
6       MS. HADAWAY:  Ms. Lambert --
7  BY MS. LAMBERT:
8       Q.   Are you prepared to discuss
9  with each of your customers or potential
10 customers the product and voting systems that
11 are the Dominion brand systems?
12      MS. HADAWAY:  Ms. Lambert,
13 sorry.  I think you couldn't hear me.
14 I was trying to confirm, before we
15 move on to the next question.
16      Can you identify for the record
17 at least what the Bates number was for
18 the document that we just -- that you
19 just purported to discuss?
20      MS. LAMBERT:  I'm looking at my
21 notes.  And I -- we're, again,
22 delaying this.
23      I'm not going to go through
24 your file when you're doing the
25 depositions.  It's not appropriate.

**Page 339**

1       You've turned over discovery.
2  I'm -- you know, you can review your
3  own file.
4  BY MS. LAMBERT:
5       Q.   Ms. Noell, are you familiar
6  with --
7       MS. HADAWAY:  I'm sorry,
8  Ms. Lambert.  I just have to ask a few
9  more questions.  And you're free to
10 refuse to answer them, but I just need
11 to ask them.
12      Can you tell me --
13      MS. LAMBERT:  No, I'm not
14 answering any questions from you.
15      You can follow this up with the
16 magistrate.  We're in the middle of a
17 deposition.  I'm not answering your
18 questions, Ms. Hadaway.
19      You're delaying the deposition.
20 You've refused to go off the record.
21 I'm not here to answer your questions.
22      MS. HADAWAY:  So just to
23 confirm --
24      MS. LAMBERT:  Okay?
25      MS. HADAWAY:  So just to

**Page 340**

1  confirm, Ms. Lambert.  So you won't
2  answer who the sender or the
3  recipient --
4       MS. LAMBERT:  Ms. Hadaway --
5       (Crosstalk.)
6       (Stenographer requested
7  clarification.)
8       MS. HADAWAY:  -- or the Bates
9  number or the confidentiality of the
10 document is; is that correct?
11      MS. LAMBERT:  Ms. Hadaway, I
12 don't know if this is a show you're
13 putting on for your client.
14      You've attempted in March of
15 2024 to remove me as Dr. Byrne's
16 attorney.  Your office was not
17 successful in doing so.
18      I am here to question
19 Ms. Noell, and I'm going to do that.
20 I am not answering any further
21 questions from you.
22      If you would like to go off the
23 record and have a professional
24 conversation at some point, we can do
25 that.  If you want to e-mail me later,

**Page 341**

1  we can do that.  If you want to
2  discuss something with the magistrate,
3  we can do that.
4       But right now, I am going to
5  question Ms. Noell.
6       MS. HADAWAY:  Thank you for
7  confirming --
8  BY MS. LAMBERT:
9       Q.   Okay.  Ms. Noell, are you
10 familiar with the product WinEDS?
11      A.   I am somewhat familiar with the
12 product.
13      Q.   Okay.  Tell me what it is.
14      A.   It's our election management
15 system.
16      Q.   Okay.  And Dominion obtained
17 WinEDS from Sequoia; isn't that correct?
18      A.   Yes, that's my understanding.
19 I'm sorry.  It's not -- it is the Sequoia
20 election management system.
21      Q.   Correct.
22           Utilized now by Dominion;
23 correct?
24      MS. HADAWAY:  Objection.  Form.
25      A.   I'm not -- I don't know where

We look forward to receiving your responses.

Thank you,  
Davida

**From:** Davida Brook <DBrook@susmangodfrey.com>
**Date:** Monday, July 1, 2024 at 8:54 AM
**To:** AttorneyLambert <AttorneyLambert@protonmail.com>
**Cc:** AttorneyLambert <00000164acadf1fb-dmarc-request@LISTS.SUSMANGODFREY.COM>, Dominion ListserveSusmanGodfrey <DOMINION@lists.susmangodfrey.com>
**Subject:** Re: Dominion v Byrne subpoena

Ms. Lambert,

Thank you for your prompt reply.  Paragraph 26 of the governing Protective Order says the person who received the subpoena "**must** object to the production of the Confidential or Attorneys' Eyes Only Discovery Material on the grounds of the existence of this Order." Pursuant to that same paragraph, if there is an enforcement action, then it becomes the burden of the designating party to oppose.  But at this juncture, it is your requirement to object.

Please confirm you will object in the required time period and copy us on any and all communications regarding this subpoena.

Thank you,
Davida

**From:** AttorneyLambert <AttorneyLambert@protonmail.com>
**Date:** Monday, July 1, 2024 at 8:06 AM
**To:** AttorneyLambert <AttorneyLambert@protonmail.com>
**Cc:** Davida Brook <DBrook@susmangodfrey.com>, AttorneyLambert <00000164acadf1fb-dmarc-request@LISTS.SUSMANGODFREY.COM>, Dominion ListserveSusmanGodfrey <DOMINION@lists.susmangodfrey.com>
**Subject:** Re: Dominion v Byrne subpoena

EXTERNAL Email

Ms. Brook,

I want to clarify the objection requirement in your email.

It's my recollection that your client must file objections within 48 hours if Dominion is opposed to complying with the subpoena.

Let's review the order again.

Thank you,

Stefanie

Sent from Proton Mail for iOS

On Mon, Jul 1, 2024 at 11:01 AM, AttorneyLambert <AttorneyLambert@protonmail.com> wrote:

> Ms. Brook,
>
> My office and my client will abide by the terms of the protective order.
>
> Sincerely,
>
> Stefanie Lambert
>
> Sent from Proton Mail for iOS
>
>> On Mon, Jul 1, 2024 at 10:45 AM, Davida Brook <DBrook@susmangodfrey.com> wrote:
>>
>> Ms. Lambert,
>>
>> We have received your email regarding receipt of a subpoena. Please **immediately** confirm you and your client will abide by the Protective Order and Status Quo Orders and **not** provide or discuss any materials produced in this litigation to anyone (including pursuant to this subpoena). Further, pursuant to the Protective Order, you must object to producing any confidential or aeo material on the grounds of the existence of that Order.
>>
>> Again – please confirm your compliance immediately.
>>
>> Thank you,
>> Davida

**From:** owner-dominion@lists.susmangodfrey.com <owner-dominion@lists.susmangodfrey.com> on behalf of AttorneyLambert <00000164acadf1fb-dmarc-request@LISTS.SUSMANGODFREY.COM>
**Date:** Monday, July 1, 2024 at 6:37 AM
**To:** Dominion ListserveSusmanGodfrey <DOMINION@lists.susmangodfrey.com>
**Subject:** Dominion v Byrne subpoena

EXTERNAL Email

Good morning,

My office has been served with the attached subpoena.

Sincerely,

Stefanie Lambert

Sent from [Proton Mail](#) for iOS

---

This e-mail contains communication that may constitute attorney/client privileged information and/or attorney work product. If you received this message in error, please notify the sender and delete it immediately.

To unsubscribe from the DOMINION list, [click here](#)

---

This e-mail contains communication that may constitute attorney/client privileged information and/or attorney work product. If you received this message in error, please notify the sender and delete it immediately.

To unsubscribe from the DOMINION list, [click here](#)