# Exhibit 6

| ☒ District Court ☐ Juvenile Court<br>Mesa County, Colorado<br>Court Address: 125 N. Spruce Street<br>              Grand Junction, CO  81506 | |
|---|---|
| PEOPLE OF THE STATE OF COLORADO,<br><br>v.<br><br>TINA PETERS, Defendant | DATE FILED: July 12, 2024 11:34 AM<br>CASE NUMBER: 2022CR371<br><br>▲                              ▲<br><br>COURT USE ONLY |
| | Case Number:  22 CR 371<br><br>Division  9  Courtroom  Barrett |
| **ORDER RE: MOTION TO QUASH SDT** | |

Before is a motion to quash a *subpoenas duces tecum* ("SDT").  The motion was filed by Dominion Voting Systems ("Dominion") on behalf of their internal counsel, Mr. Michael Frontera.  The SDT was issued by Defendant.  I have reviewed the motion, the response, the SDT, and the file.  After considering the foregoing, as well as the affidavit of counsel, I issue the following Order:

*Background*

Defendant is charged with several crimes involving Attempting to Influence Public Servants, Identity Theft, Criminal Impersonation, Conspiracy to Commit Criminal Impersonation, Official Misconduct, Failure to Comply with Requirements of the Secretary of State, and Violation of a Duty.

The allegations in this case span a period beginning in or about April 2021 and into August 2021.  Defendant was previously the Clerk and Recorder for Mesa County and oversaw elections for Mesa County.  Defendant is alleged to have secreted an unknown

person into a trusted build, which is a process in which elections equipment is updated. In order to accomplish this, Defendant used the identifying information for someone else so the other person could attend the trusted build without being identified. Defendant and others allegedly misrepresented the identity of the other person to several public servants.

It was later discovered that sensitive information from the trusted build was published on the internet. It was also discovered that data from Mesa County election equipment had been copied and published on the internet.

On or about July 1, 2024, Defendant issued two SDTs. One was served on Dominion while the other was served on an attorney, Ms. Stefanie Lambert. Ms. Lambert apparently is involved in an entirely unrelated case in the United States District Court, District of Columbia (the "DC Case"). The documents sought to be produced are, apparently, subject to a protective order in the DC Case. The SDT seeks the production of: *[a]ll emails to or from any employee or agent of Dominion Voting Systems (including without limitation John Poulos, Kay Stimson, Mike Frontera, and Stan Garnett) to or from any employee or agent of the Colorado Secretary of State (including without limitation Jena Griswold, Chris Beall, Caleb Thornton, and Jessi Romero) during the period May 25, 2021, through March 8, 2022.*

Dominion has moved to quash the SDT. Dominion argues the materials sought are irrelevant to this case, the SDT is a fishing expedition, and the materials (if they exist) are available from other sources.

Defendant objects to the motion. Even though he acknowledges he is subject to the aforementioned protective order, counsel for Defendant alleges the materials "exist",

are "relevant", are "exculpatory" and that "he believe[s], based on the documents [he has seen], that because of pressure from Dominion" law enforcement engaged in investigations. Defendant seeks to have me defer ruling on the motion to quash until trial begins.

*Applicable Law*

"There is no general constitutional right to discovery in a criminal case[.]" Weatherford v. Bursey, 429 U.S. 545, 559, 97 S. Ct. 837, 846, 51 L. Ed. 2d 30 (1977). "Both [the Colorado Supreme Court] and the United States Supreme Court have emphasized that their respective rules permit subpoenas only for the production of 'evidence'-not as an investigative tool." People v. Baltazar, 241 P.3d 941, 944 (Colo. 2010).

Criminal subpoenas are governed by Crim. P. 17. Documents requested pursuant to a subpoena issued under Crim. P. 17 should only be disclosed when:

(1) A reasonable likelihood that the subpoenaed materials exist, by setting forth a specific factual basis;

(2) That the materials are evidentiary and relevant;

(3) That the materials are not otherwise procurable reasonably in advance of trial by the exercise of due diligence;

(4) That the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and

(5) That the application is made in good faith and is not intended as a general fishing expedition.

People v. Spykstra, 234 P.3d 662, 669 (Colo. 2010)

A court "may quash or modify the subpoena if compliance would be unreasonable or oppressive." Crim. P. 17(c). "[W]here a subpoena is issued for materials potentially protected by a privilege or a right of confidentiality, the defendant must make a greater showing of need and, in fact, might not gain access to otherwise material information depending on the nature of the interest against disclosure." People v. Battigalli-Ansell, 492 P.3d 376, 389–90 (Colo. App. 2021) (citations and quotations omitted).  Crim. P. 17 does not create a broad right to discovery as is the case in civil cases, and it is not a tool for discovery. Spykstra, 234 P.3d at 669.

*Findings and Order*

I begin by declining Defendant's invitation to defer ruling on the motion. The point of the motion to quash, in part, is to avoid the expense and hassle associated with the production of the requested documents.  Additionally, there is no law to support the request to delay ruling.  Indeed, the law plainly supports the opposite conclusion that Defendant bears the burden of establishing a basis to reject the motion to quash.  If a defendant cannot muster that response immediately, then such reflects a likelihood that the SDT is being utilized for an improper purpose.

Turning to the factors for consideration, I first find the requested materials exist. The requested materials are likely in the possession of Dominion. The records are also reasonably procurable from the Secretary of State through an open records request, too.

I do not find the requested materials are evidentiary or relevant.  The allegations in this case span the course of a handful of months in 2021 and the criminal conduct concluded in August 2021.  Other than the vague and conclusory allegations that

Dominion is pressuring law enforcement, there is no record support to believe that emails between Dominion and the Secretary of State have any bearing on whether Defendant committed the crimes. No showing has been made that any of these purported emails have anything to do with these allegations or would show that she didn't commit the crimes.

Further, the issue of election equipment is collateral.  The jury will not be asked to address any questions regarding the functioning of election equipment.  The issues in this case are whether Defendant attempted to deceive public servants, engaged in criminal impersonation, and the like.  This criminal case is not the forum for the matters raised by Defendant in her response to the motion.

Dominion is also not a victim in this case.  This makes the argument regarding the relevance of the emails even more tenuous because Dominion's position (or lack thereof) regarding the prosecution of Defendant cannot possibly bear upon whether she committed the crimes charged. Similarly, neither Dominion nor the Secretary of State are defendants.  Consequently, whether they are engaged in some coverup related to voting equipment cannot make a material fact at issue in this case more or less likely.

The broad nature of the request, coupled with the lack of support for the same, makes the SDT nothing more than a fishing expedition.

The issue herein seems to be a reoccurring theme: Defendant wanting to make the case about the security of voting machines, purported collusion between Dominion and government authorities, and the like.  This Court has yet to see an evidentiary basis for the admission of this type of evidence.  And as I have said before, it appears the only

basis for the admission of such evidence is not to show that Defendant didn't do what she is charged with, but rather to make the focus of the trial something separate from what the jury will be charged with deciding. This makes the information sought irrelevant, misleading, and likely to confuse the issues.

Accordingly, the motion to quash is **GRANTED**.

**IT IS SO ORDERED** this 12th day of July, 2024.

_____
MATTHEW D. BARRETT
DISTRICT COURT JUDGE