IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **US DOMINION, INC., DOMINION VOTING SYSTEMS, INC., and DOMINION VOTING SYSTEMS CORPORATION,**<br><br>Plaintiffs,<br><br>v.<br><br>**PATRICK BYRNE,**<br><br>Defendant. | Civil Action No.<br>1:21-cv-02131 (CJN) (MAU) |

# ORDER[1]

Upon consideration of Plaintiffs' ("Dominion") Emergency Motions for Protective Relief and to Disqualify Counsel (ECF Nos. 75 & 82) and to Enforce the Protective and Status Quo Orders (ECF Nos. 108 & 112), Defendant's ("Byrne") Oppositions thereto (ECF Nos. 76, 97, 117), Dominion's Supplements (ECF Nos. 102, 105, 113), Byrne's Supplements (ECF Nos. 106 & 111), any evidence submitted and arguments made at the Court's hearings on this matter, and for the reasons stated in the accompanying Memorandum Opinion, it is hereby,

**ORDERED** that Dominion's Motion for Protective Relief and to Disqualify Counsel, ECF No. 75, is **GRANTED**, and it is,

**FURTHER ORDERED** that Dominion's Motion to Enforce the Protective and Status Quo Orders, ECF No. 108, is **GRANTED**, and it is,

---

[1] The District Judge referred all discovery disputes to this Court on January 31, 2024. 01/31/2024 Minute Order. Because Dominion's motions request sanctions against Lambert due to her conduct related to discovery, the District Judge specifically referred ECF No. 75 to this Court on April 15, 2024. 04/15/2024 Minute Order.

1

**FURTHER ORDERED** that Dominion's Motions for Leave to File Supplement, ECF Nos. 118 and 122, are **DENIED WITHOUT PREJUDICE**, and it is,

**FURTHER ORDERED** that the requirements set forth in the Status Quo Order, ECF No. 77, at ¶¶ 1, 2, 4, 5, 6, 7 shall remain in effect through the resolution of this case, and it is,

**FURTHER ORDERED** that Attorney Stefanie Lynn Junttila [Lambert] ("Lambert") and Byrne shall each provide a full accounting, in the form of sworn affidavits, by no later than August 20, 2024 at 5:00 p.m. EST, detailing:

- The date of any fee agreement between Lambert and Byrne and the scope of representation or, if no such agreement exists, the date on which Lambert and Byrne understand that a lawyer/client relationship had formed;

- An accounting from Byrne's outside vendor showing what documents Byrne and or Lambert accessed, on what date, and whether they were downloaded;

- A complete and accurate list of all Dominion-produced documents and information Lambert received and the method and date of access;

- An account of every step Lambert has already undertaken or that is underway to determine the scope of the breach and to ensure it is not continuing; and

- An accounting attesting (i) to whom Lambert and/or Byrne leaked, released, or otherwise disclosed documents or information protected by the Protective Order (including in court filings in any cases outside of this case); (ii) how and when they provided it; (iii) every occasion on which they did so; (iv) for each such instance, what specifically was leaked, released, or otherwise disclosed; and, if any of those individuals signed an Undertaking pursuant to the Protective Order. If so, Lambert and Byrne shall attach the Undertakings to their affidavits.

To the extent Lambert or Byrne claim any of the material above is protected by the attorney-client privilege or work product doctrine, Lambert shall provide a detailed privilege log setting forth all sufficient detail of the communication to allow Dominion to assess the claim of privilege.  It is,

**FURTHER ORDERED** that to the extent Dominion wishes to propose any destruction protocol with respect to Lambert, it is ordered to do so by August 20, 2024, and it is,

**FURTHER ORDERED** that Lambert is hereby **DISQUALIFIED** as Counsel to Byrne in this matter effective immediately, and it is,

**FURTHER ORDERED** that Byrne shall notify the Court by September 13, 2024 whether he has retained new counsel or whether he intends to proceed *pro se.*  If he obtains new counsel, that new counsel must enter their formal notice of appearance by September 13, 2024.

**SO ORDERED.**

Date: August 13, 2024

_____
MOXILA A. UPADHYAYA
UNITED STATES MAGISTRATE JUDGE