# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., DOMINION VOTING SYSTEMS, INC., and DOMINION VOTING SYSTEMS CORPORATION,<br><br>*Plaintiffs*,<br><br>v.<br><br>PATRICK BYRNE,<br><br>*Defendant*. | No. 1:21-cv-02131-CJN-MAU<br><br>Judge Carl J. Nichols<br><br>Hon. Magistrate Moxila A. Upadhyaya |

**[PROPOSED] ORDER SETTING A PROTOCOL FOR TRANSFER OF DOCUMENTS**

In furtherance of this Court's Order disqualifying Attorney Stefanie Lambert as counsel for Defendant Patrick Byrne (Dkt. 125) (the "Disqualification Order"), the Court hereby ORDERS:

1. The Court shall retain jurisdiction over Lambert for purposes of ensuring her compliance with this and all other orders previously issued in this action, including the Status Quo Order (Dkt. 77), the Protective Order (Dkt. 79), and the Disqualification Order (Dkt. 125);

2. With respect to all Dominion-produced documents contained in the repositories of e-discovery vendors iDiscovery Solutions and Innovative Driven, iDiscovery Solutions and Innovative Driven shall continue not to allow any person access to such documents unless specifically authorized by this Court;

3. Lambert shall continue to "preserve all documents and communications relating to the issues raised by Dominion's [Motion for Protective Relief and to Disqualify Counsel], including but not limited to, the release of any Dominion Litigation Documents in this case to any other entity or individual," Dkt. 77 at ¶ 7;

1

4. Lambert shall, on or before August 23, 2024, produce to Dominion:

    a. All Dominion Litigation Documents;

    b. All documents and communications in any way discussing or referencing Dominion Litigation Documents or their contents; and

    c. All documents and communications in any way discussing or referencing Dominion or this matter;

5. In complying with Paragraph 4 of this Order, Lambert shall:

    a. Serve all electronic documents on Dominion via secure file transfer and thereafter sequester all such documents to the custody and control of iDiscovery Solutions and Innovative Driven, who will not allow anyone, including Lambert or Byrne (or anyone associated with them), access to such documents unless specifically authorized by this Court; and

    b. Serve all physical documents on Dominion via a third-party courier (to be designated by Dominion);

6. To the extent Lambert or Byrne claim any of the aforementioned documents or communications are protected from disclosure by the attorney-client privilege or work-product doctrine, Lambert shall, on or before August 23, 2024, serve on Dominion:

    a. A detailed privilege log setting forth all sufficient detail of the materials to allow Dominion to assess the claim of privilege; and

    b. A sworn affidavit attesting under oath to the accuracy of the privilege log;

7. A Special Master is hereby appointed to perform an *in camera* inspection of all documents Lambert identifies in the detailed privilege log; within three (3) days of the Special Master's designation by this Court, Lambert shall submit to the Special Master both the

    detailed privilege log and all documents identified in the detailed privilege log;

8. By no later than August 23, 2024, Lambert shall certify to the Court via sworn affidavit that she has complied with all applicable provisions of this Order;

9. Counsel for Dominion shall provide a copy of this Order to iDiscovery Solutions and Innovative Driven;

10. All costs and expenses associated with compliance with this Order, including costs and expenses relating to the work of the Special Master, shall be paid by Defendant Patrick Byrne.

    IT IS SO ORDERED.

SIGNED this _____ day of _____, 2024

                                            _____
                                            THE HONORABLE MOXILA A. UPADHYAYA
                                            UNITED STATES MAGISTRATE JUDGE