IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| U.S. DOMINION, INC., et al.,<br><br>*Plaintiffs / Counter-Defendants*,<br><br>v<br><br>PATRICK BYRNE,<br><br>*Defendant*. | Civil Action 1:21-cv-02131 (CJN / MAU) |

DEFENDANT, PATRICK BYRNE'S MOTION FOR AN IMMEDIATE ABEYANCE AND STAY OF ALL ACTIONS AND ORDERS, OR ENTRY OF ORDERS, PENDING FILING OF HIS OBJECTION WITHIN 14 DAYS OF THE MAGISTRATE'S AUGUST 13, 2024 OPINION AND ORDER

Comes now Defendant, Patrick Byrne and pursuant to the Federal Rules of Civil Procedure and Local Civil Rule (LCvR) 7, hereby files this Motion for an immediate abeyance and stay of all actions, conferences, and orders, or entry of orders, filing of affidavits, and/or enforcement or entry of any orders pending the filing and consideration of Dr. Byrne's objection to the Magistrate's Opinion (Docket No. 126) and order (Docket No. 125), removing undersigned and imposing other requirements on Dr. Byrne and his counsel, stating as follows:

1. This is a defamation suit for damages against Dr. Byrne in excess of 1.6 billion dollars.

2. Dr. Byrne is entitled to his counsel of choice, and Dominion is attempting to make that choice for him, or force him to represent himself *pro se*.

1

3. Dr. Byrne has expressed his desire to keep undersigned as his counsel of choice, and he has the right to exercise all legal means to do so.

4. Pursuant to the Federal Rules of Civil Procedure, as well as this Court's rules, Local Civil Rule (LCvR) 72.2(b), Dr. Byrne has a right to file within 14 days an objection before the District Court judge presiding over this case as to this Court's August 13, 2024 Order (Docket No. 125) and Memorandum Opinion (Docket No. 126) regarding same, granting Plaintiff's motion to disqualify counsel and granting Plaintiff Dominion's motion for enforcement of the protective order, as well as the other relief Dominion requested.

5. Further, this Court has issued orders subsequent to the August 13 Memorandum Opinion and Order, requiring certain actions and ordering a status report and conference, *before* that 14 day period to object has passed.

6. The Court is also requiring the filing of affidavits by Byrne and undersigned in a defamation case where he is still entitled to a full defense and before discovery has been completed.

7. Finally, Dominion has issued a proposed order (Docket No. 128) seeking a disposition of the discovery materials held by Dr. Byrne and his current counsel.

8. ***All of these actions*** deprive Dr. Byrne of any semblance of procedural or substantive due process, and indeed, if ordered and entered, they are contrary to his other fundamental constitutional rights to be represented by counsel of his choice.

9. ***Requiring*** Dr. Byrne and undersigned, or anyone else to file sworn affidavits in the middle of pending litigation in a defamation case *before discovery is even completed* could prejudice his rights.

10. Furthermore, undersigned is being prohibited from any further participation in any aspect of the proceedings, which are continuing despite the 14-day period within which Dr. Byrne has to file an objection – this effectively puts Dr. Byrne to defend himself without representation of counsel of his choice and before he can retain any other counsel.

11. Moreover, these actions and orders, if taken and entered, respectively, would be sufficiently egregious to result in a mistrial due to the fact that this Court would be ignoring the Federal Rules of Civil Procedure and its own local rules in taking such actions or entering such other and further orders.

12. The continuation of any and all proceedings prior to allowing Dr. Byrne and his counsel to object to this court's orders and requirements presents an insurmountable disadvantage to Dr. Bryne for the preparation and defense of his case.

13. The magistrate's current imposed orders and requirements, including Dominion's motion and proposed order (Docket No. 128), puts an effective end to Defendant's ability to defend himself against Dominion's claims, because it leaves him ostensibly without representation of counsel during critical proceedings regarding discovery and litigation of his defense to Dominion's claims.

14. Dr. Byrne is filing an objection to the Magistrate's Opinion and accompanying Order and he is entitled to the full 14 days he has to prepare and file said objection.

15. In the meantime, any actions or orders issued by the magistrate would be effectively depriving Dr. Bryne of his right to object.

16. The Magistrate has not provided enough time (14 days) within which to file an objection before this Court, and has nonetheless made decisions forcing undersigned to be

removed and Dr. Byrne to make critical decisions regarding discovery issues, and as well, respond to the Magistrate's order.

17. Generally, a party has 14 days within which to file an objection, but the Magistrate has left Dr. Byrne and undersigned with no time at all, placing the status report (due August 16) and the additional discovery conference (August 20) well before the time to object.

WHEREFORE, Dr. Byrne respectfully requests this Honorable Court to hold in abeyance all conferences, actions, and orders, and to refrain from entering any further orders that would necessarily prejudice Dr. Byrne until the filing of his objection as to the Magistrate's Opinion and Order.

Respectfully submitted,

/s/ Stefanie Lambert

_____
Stefanie Lambert Junttila
Law Offices of Stefanie L. Lambert,
PLLC 400 Renaissance Drive, FLOOR 26
Detroit, MI 48243
attorneylambert@protonmail.com

Date: August 20, 2024

## COMPLIANCE WITH LOCAL RULE 7(m)

Counsel for Defendant has discussed the within Motion with opposing counsel in a good-faith effort to determine whether there is an opposition to the relief sought, and whether there are any narrow areas of disagreement. Counsel for Plaintiff does not consent to the relief sought in the motion for leave to file a Sur-Reply.

                    Respectfully submitted,

                    /s/ Stefanie Lambert
                    Stefanie Lambert Junttila
                    Law Offices of Stefanie L. Lambert,
                    PLLC 400 Renaissance Drive, FLOOR 26
                    Detroit, MI 48243
                    attorneylambert@protonmail.com

Date: August 20, 2024

CERTIFICATE OF SERVICE

    I, Stefanie Lambert, hereby certify that on August 20, 2024, true and correct copies of the foregoing were served via email on counsel of record for every party in *US Dominion, et al. v. Patrick Byrne*, Case No. 1:21-cv-02131 (CJN / MAU).

    Respectfully submitted,

/s/ Stefanie Lambert
Stefanie Lambert Junttila
Law Offices of Stefanie L. Lambert,
PLLC 400 Renaissance Drive, FLOOR 26
Detroit, MI 48243
attorneylambert@protonmail.com

Date: August 20, 2024