IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., DOMINION VOTING SYSTEMS, INC., and DOMINION VOTING SYSTEMS CORPORATION,<br><br>*Plaintiffs*,<br><br>v.<br><br>PATRICK BYRNE,<br><br>*Defendant*. | No. 1:21-cv-02131-CJN-MAU<br><br>Judge Carl J. Nichols<br><br>Hon. Magistrate Moxila A. Upadhyaya |

**OPPOSITION TO DEFENDANT PATRICK BYRNE'S MOTION TO STAY DISCOVERY**

Defendant Patrick Byrne's Motion to Stay Discovery (Dkt. 141) should be denied for at least the following three reasons:

***First***, Byrne's now disqualified counsel, Stefanie Lambert, brought this stay motion on his behalf—even though, as Byrne acknowledges, this Court "ruled that [she] could no longer submit filings." Dkt. 141, Mot. at ¶ 2. Indeed, the Court disqualified Lambert "effective immediately." Dkt. 125, Order at 3. And when Byrne and Lambert previously ignored that order and Lambert filed an extension request on Byrne's behalf (Dkt. 129), the Court denied the motion specifically because Lambert "was disqualified effective August 13, 2024." First Minute Order of Aug. 23, 2024. While Byrne has objected to the Court's ruling disqualifying Lambert as counsel, he (and she) must, in the interim, comply with the Court's orders. Particularly where Byrne has offered no explanation as to why he could not (i) retain a different lawyer to bring this motion to stay or (ii) prepare it himself,[1] to say nothing of (iii) why Lambert would have any special expertise in

---

[1] Byrne is the opposite of an indigent defendant with limited resources to hire counsel. He instead is a Dartmouth-educated Marshall Scholar with a PhD from Stanford and the former CEO of a major international corporation, Dkt. 36, Answer at ¶ 9—who has gloated about having "unlimited funds" to litigate this case, Ex. 1, and who could certainly have hired new counsel for the limited purpose of filing this three-page brief or done so himself.

preparing and filing this particular three-page motion to stay. The Court can and should deny Byrne's motion to stay for this reason alone.

**Second**, Byrne presents no justification for staying "all discovery" pending the outcome of his objection to the disqualification order. Mot. at 3. Indeed, the Court previously denied Byrne's similar motion "to stay the entirety of this and/or all of the five consolidated/coordinated cases" because Byrne presented "no basis to stay all proceedings in the consolidated cases in light of the Court's Order disqualifying Ms. Lambert from this case." Second Minute Order of Aug. 23, 2024. For example, the Court noted that Byrne failed to show any hardship caused by Lambert's disqualification because, as the Court explained, Byrne is entitled to retain new counsel or proceed *pro se*. *Id.* In his re-filed stay motion, Byrne again fails to present this Court with the requested showing of hardship. Nor does he otherwise present any real impediment to him participating in discovery. Instead, despite receiving ample notice of all discovery proceedings since his counsel's disqualification, Byrne simply refuses to participate because he disagrees with the Court's disqualification order. But, of course, Byrne's disagreement is no basis to halt discovery.

There is also a compelling need for this case, and the other coordinated cases, to proceed towards trial. Including because, while this case has been pending, Byrne has continued to spout lies about Dominion and the 2020 Presidential Election, harming both Dominion and our nation's trust in its democratic institutions.

**Third**, the only change in circumstances from Byrne's prior, similar stay motion to this one is his false accusation that Dominion's counsel disclosed his mailing address on the docket by filing "a notice of returned mail." Mot. at ¶¶ 4–7. Not only does this have nothing to do with staying discovery, but the notice of returned mail was not filed by Dominion or its counsel. It was filed by the Court. Dkt. 140.

2

Nor was there anything improper about the Court's filing in any event. Because Byrne is *pro se* and never obtained CM/ECF access as the Local Rules permit, *see* LCvR 5.1(b)(2), the Court mailed its order to his last known address—which Byrne, through no fault of the Court or Dominion, never updated to reflect his decision to leave the country as the Local Rules require. LCvR 5.1(c)(1). Notably, Byrne's Utah mailing address has appeared on the public docket since this case's first filing (Dkt. 1), and Byrne has never moved or otherwise attempted to have that information sealed as the Local Rules permit, *see* LCvR 5.1(c)(1), (h). So the Court did nothing improper by filing the notice of returned mail on the docket to reflect its attempt to serve Byrne notice of its order. And certainly, such attempted service does not justify a stay of discovery.

Dated: October 14, 2024

Respectfully submitted,

By:  */s/ Davida Brook*
Laranda Walker (D.C. Bar No. TX0028)
Mary K. Sammons (D.C. Bar No. TX0030)
Jonathan Ross (D.C. Bar No. TX0027)
Elizabeth Hadaway (*Admitted pro hac vice*)
**SUSMAN GODFREY L.L.P.**
1000 Louisiana St., Suite 5100
Houston, TX 77002
Tel: (713) 651-9366
Fax: (713) 654-6666
lwalker@susmangodfrey.com
ksammons@susmangodfrey.com
jross@susmangodfrey.com
ehadaway@susmangodfrey.com

Stephen Shackelford, Jr. (D.C. Bar No. NY0443)
Eve Levin (D.C. Bar No. 1672808)
Mark Hatch-Miller (*Admitted pro hac vice*)
Christina Dieckmann (*Admitted pro hac vice*)
George R. El-Khoury (*Admitted pro hac vice*)
**SUSMAN GODFREY L.L.P.**
One Manhattan West, 50th Floor
New York, NY 10001
Tel: (212) 336-8330

sshackelford@susmangodfrey.com
elevin@susmangodfrey.com
mhatch-miller@susmangodfrey.com
cdieckmann@susmangodfrey.com
gel-khoury@susmangodfrey.com

Davida Brook (D.C. Bar No. CA00117)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
dbrook@susmangodfrey.com

Edgar Sargent (*Admitted pro hac vice*)
Katherine Peaslee (*Admitted pro hac vice*)
**SUSMAN GODFREY L.L.P.**
401 Union Street, Suite 3000
Seattle, WA 98101
Tel: (206) 516-3880
esargent@susmangodfrey.com
kpeaslee@susmangodfrey.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of October 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which I understand to have served counsel for the parties; I also served a copy on Mr. Byrne via email.

*/s/ Davida Brook*
Davida Brook