IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., DOMINION VOTING SYSTEMS, INC., and DOMINION VOTING SYSTEMS CORPORATION,<br><br>*Plaintiffs*,<br><br>v.<br><br>PATRICK BYRNE,<br><br>*Defendant*. | )<br>)<br>)   No. 1:21-cv-02131-CJN-MAU<br>)<br>)<br>)   Judge Carl J. Nichols<br>)<br>)   Hon. Magistrate Moxila A. Upadhyaya<br>)<br>)<br>)<br>) |

**[PROPOSED] ORDER**

Upon consideration of Plaintiffs' Motion to Set Deadline for Stefanie Lambert and Patrick Byrne to Submit Affidavits and to Enter Document Destruction Protocol ("Motion"), it is hereby,

**ORDERED** that Plaintiffs' Motion is **GRANTED**, and it is,

**FURTHER ORDERED** that Lambert and Byrne shall each provide a full accounting, in the form of sworn affidavits, by no later than November 8, 2024 at 5:00 p.m. EST, detailing:

- The date of any fee agreement between Lambert and Byrne and the scope of representation or, if no such agreement exists, the date on which Lambert and Byrne understand that a lawyer/client relationship had formed;

- An accounting from Byrne's outside vendor showing what documents Byrne and or Lambert accessed, on what date, and whether they were downloaded;

- A complete and accurate list of all Dominion-produced documents and information Lambert received and the method and date of access;

- An account of every step Lambert has already undertaken or that is underway to determine the scope of the breach and to ensure it is not continuing; and

1

- An accounting attesting (i) to whom Lambert and/or Byrne leaked, released, or otherwise disclosed documents or information protected by the Protective Order (including in court filings in any cases outside of this case); (ii) how and when they provided it; (iii) every occasion on which they did so; (iv) for each such instance, what specifically was leaked, released, or otherwise disclosed; and, if any of those individuals signed an Undertaking pursuant to the Protective Order. If so, Lambert and Byrne shall attach the Undertakings to their affidavits.
- To the extent Lambert or Byrne claim any of the material above is protected by the attorney-client privilege or work product doctrine, Lambert shall provide a detailed privilege log setting forth all sufficient detail of the communication to allow Dominion to assess the claim of privilege.

It is, **FURTHER ORDERED** that the Court **GRANTS** Dominion's proposed document destruction protocol with respect to Lambert (Dkt. 128) and hereby **ORDERS**:

1. The Court shall retain jurisdiction over Lambert for purposes of ensuring her compliance with this and all other orders previously issued in this action, including the Status Quo Order (Dkt. 77), the Protective Order (Dkt. 79), and the Disqualification Order (Dkt. 125);

2. With respect to all Dominion-produced documents contained in the repositories of e-discovery vendors iDiscovery Solutions and Innovative Driven, iDiscovery Solutions and Innovative Driven shall continue not to allow any person access to such documents unless specifically authorized by this Court;

3. Lambert shall continue to "preserve all documents and communications relating to the issues raised by Dominion's [Motion for Protective Relief and to Disqualify Counsel],

2

including but not limited to, the release of any Dominion Litigation Documents in this case to any other entity or individual," Dkt. 77 at ¶ 7;

4. Lambert shall, on or before November 8, 2024, produce to Dominion:

   a. All Dominion Litigation Documents;

   b. All documents and communications in any way discussing or referencing Dominion Litigation Documents or their contents; and

   c. All documents and communications in any way discussing or referencing Dominion or this matter;

5. In complying with Paragraph 4 of this Order, Lambert shall:

   a. Serve all electronic documents on Dominion via secure file transfer and thereafter sequester all such documents to the custody and control of iDiscovery Solutions and Innovative Driven, who will not allow anyone, including Lambert or Byrne (or anyone associated with them), access to such documents unless specifically authorized by this Court; and

   b. Serve all physical documents on Dominion via a third-party courier (to be designated by Dominion);

6. To the extent Lambert or Byrne claim any of the aforementioned documents or communications are protected from disclosure by the attorney-client privilege or work-product doctrine, Lambert shall, on or before November 8, 2024, serve on Dominion:

   a. A detailed privilege log setting forth all sufficient detail of the materials to allow Dominion to assess the claim of privilege; and

   b. A sworn affidavit attesting under oath to the accuracy of the privilege log;

7. A Special Master is hereby appointed to perform an *in camera* inspection of all

documents Lambert identifies in the detailed privilege log; within three (3) days of the Special Master's designation by this Court, Lambert shall submit to the Special Master both the detailed privilege log and all documents identified in the detailed privilege log;

8. By no later than November 8, 2024, Lambert shall certify to the Court via sworn affidavit that she has complied with all applicable provisions of this Order;

9. Counsel for Dominion shall provide a copy of this Order to iDiscovery Solutions and Innovative Driven;

10. All costs and expenses associated with compliance with this Order, including costs and expenses relating to the work of the Special Master, shall be paid by Defendant Patrick Byrne.

It is, **FURTHER ORDERED** that all other provisions of the Court's August 13, 2024, Order remain in effect.

IT IS SO ORDERED.

SIGNED this _____ day of _____, 2024

_____
THE HONORABLE MOXILA A. UPADHYAYA
UNITED STATES MAGISTRATE JUDGE