IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US DOMINION, INC., DOMINION VOTING SYSTEMS, INC., and DOMINION VOTING SYSTEMS CORPORATION,<br><br>*Plaintiffs*,<br><br>v.<br><br>PATRICK BYRNE,<br><br>*Defendant*. | No. 1:21-cv-02131-CJN-MAU<br><br>Judge Carl J. Nichols<br><br>Hon. Magistrate Moxila A. Upadhyaya |

**DOMINION'S REPLY IN SUPPORT OF ITS MOTION TO SET DEADLINE FOR STEFANIE LAMBERT AND PATRICK BYRNE TO SUBMIT AFFIDAVITS AND TO ENTER DOCUMENT DESTRUCTION PROTOCOL**

Dominion respectfully files this reply in support of its motion (Dkt. 146) requesting the Court: (1) set a deadline for Stefanie Lambert and Patrick Byrne to submit the affidavits originally required under Magistrate Judge Upadhyaya's August 13, 2024 Disqualification Order (Dkt. 125); and (2) enter Dominion's proposed document destruction protocol (Dkt. 128) submitted in response to the same August 13, 2024 Disqualification Order (Dkt. 125). *See also* Dkt. 146-1 (Proposed Consolidated Order).

Dominion files this reply to alert the Court that Dominion's motion is now unopposed and thus may be treated as conceded. Dominion filed its motion on November 1, 2024. *See* Dkt. 146. Pursuant to Local Civil Rule 7(b), Mr. Byrne had until November 15, 2024 to oppose the motion. To date, he has not done so. (Nor has Ms. Lambert.) Accordingly, "the Court may treat the motion as conceded." L. Civ. R. 7(b); *see also Optimum Constr., Inc. v. Embassy of Arab Republic of Egypt*, No. 22-CV-707 (TSC), 2023 WL 6199086, at *1 (D.D.C. Sept. 22, 2023) (dismissing

1

complaint for failure to file opposition or seek extension); *Ramzi v. Blinken*, No. 23-CV-1696 (TSC), 2023 WL 5951979, at *1 (D.D.C. Sept. 13, 2023) (same).

To be sure, Ms. Lambert has recently filed a "Motion For Relief From Order (Docket No. 144)" pursuant to Rule 60(b). Dkt. 148. For reasons Dominion will explain in its forthcoming opposition to that motion, Ms. Lambert's Rule 60(b) motion was procedurally improper and should be denied. In any event, Ms. Lambert's Rule 60(b) motion is not an opposition to Dkt. No. 146.

Moreover, Ms. Lambert's filing of a Rule 60(b) motion, and by such her continued involvement in this case, shows that Mr. Byrne should not be treated as a typical *pro se* litigant entitled to leniency. Ms. Lambert has described herself as the "foremost leading expert advocate and attorney in the country." Dkt. 148-1, Rule 60(b) Motion at 18. Such a lawyer should know how to follow basic rules of court. And of course, this particular Court has already repeatedly reminded both Ms. Lambert and Mr. Byrne of the importance of doing just that.

Finally, there can be no prejudice to Ms. Lambert or Mr. Byrne as this Court has already made clear that they need not turn over privileged information. Dkt. 125, Disqualification Order at 3 (ordering Ms. Lambert and Mr. Byrne to "provide a detailed privilege log" if they "claim any of the material above is protected by the attorney-client privilege or work product doctrine"). Rather, they are simply required to provide much of the same information around their breach of the governing Protective Order that the Protective Order itself required them to share months ago. *Compare* Dkt. 179, Protective Order at ¶ 27 (directing persons "responsible for the disclosure or loss of confidentiality": (1) "immediately inform the Designating and Producing Party of all pertinent facts relating to the disclosure or loss of confidentiality, including, if known, the name, address, and employer of each person to whom the disclosure was made"; and (2) "make reasonable efforts to prevent disclosure of Confidential or Attorneys' Eyes Only Discovery

Material by each unauthorized person who receives the information"), *with* Dkt. 125 at 2 (ordering Ms. Lambert and Mr. Byrne to produce an accounting detailing: (1) a "list of all Dominion-produced documents and information Lambert received and the method and date of access"; (2) "every step Lambert has already undertaken or that is underway to determine the scope of the breach and to ensure it is not continuing"; and (3) who received the documents and when and how they received the documents from Ms. Lambert and/or Mr. Byrne; "every occasion on which they did so"; and what documents "specifically [were] leaked, released, or otherwise disclosed"; and (4) "if any of those individuals signed an Undertaking pursuant to the Protective Order").

By contrast, the prejudice to Dominion is significant. Indeed, time is of the essence here, as Mr. Byrne's deposition is scheduled for December 5, 2024, and the operative fact discovery cutoff is December 13, 2024. Dkt. 147. Dominion is confident that it will need to ask Mr. Byrne about the information contained in his and Ms. Lambert's affidavits at said deposition. But at present, Dominion does not have them, and Mr. Byrne and Ms. Lambert are refusing to provide them.

In sum, the Court should treat Dominion's motion (Dkt. 146) as conceded. And enter the proposed order submitted therewith in time for Dominion to have the benefit of these materials in advance of the December 5, 2024 deposition.

Dated: November 21, 2024                    Respectfully submitted,

By: */s/Davida Brook*
Laranda Walker (D.C. Bar No. TX0028)
Mary K. Sammons (D.C. Bar No. TX0030)
Jonathan Ross (D.C. Bar No. TX0027)
Elizabeth Hadaway (*Admitted pro hac vice*)
**SUSMAN GODFREY L.L.P.**
1000 Louisiana St., Suite 5100
Houston, TX 77002

Tel: (713) 651-9366
Fax: (713) 654-6666
lwalker@susmangodfrey.com
ksammons@susmangodfrey.com
jross@susmangodfrey.com
ehadaway@susmangodfrey.com

Stephen Shackelford, Jr. (D.C. Bar No. NY0443)
Eve Levin (D.C. Bar No. 1672808)
Mark Hatch-Miller (*Admitted pro hac vice*)
Christina Dieckmann (*Admitted pro hac vice)*
George El-Khoury (*Admitted pro hac vice*)
**SUSMAN GODFREY L.L.P.**
One Manhattan West, 50th Floor
New York, NY 10001
Tel: (212) 336-8330
sshackelford@susmangodfrey.com
elevin@susmangodfrey.com
mhatch-miller@susmangodfrey.com
cdieckmann@susmangodfrey.com
gel-khoury@susmangodfrey.com

Davida Brook (D.C. Bar No. CA00117)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
dbrook@susmangodfrey.com

Edgar Sargent (*Admitted pro hac vice*)
Katherine Peaslee (*Admitted pro hac vice*)
**SUSMAN GODFREY L.L.P.**
401 Union Street, Suite 3000
Seattle, WA 98101
Tel: (206) 516-3880
esargent@susmangodfrey.com
kpeaslee@susmangodfrey.com

*Attorneys for Plaintiffs*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of November 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which I understand to have served counsel for the parties.

*/s/ Davida Brook*