UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

US DOMINION, INC., *et al.*,

    *Plaintiffs*,

v.

PATRICK BYRNE,

    *Defendant*.

Civil Action No. 1:21-cv-02131 (CJN)

### ORDER

    Magistrate Judge Upadhyaya disqualified Defendant's counsel, Stefanie Lambert, due to Lambert's repeated violations of various orders. *See* ECF 126. Lambert objected, ECF 133, and in October, this Court upheld the disqualification, *see* ECF 144. Lambert moves for relief from the October order.[1] *See* ECF 148. None of her arguments persuade the Court.

    First, Lambert points out that there is generally a presumption against disqualification. ECF 148-1 at 8–9. The Court agrees, but the October order correctly applied that presumption, finding that disqualification was warranted only because this is the rare case involving "truly egregious misconduct likely to infect future proceedings." *See* ECF 144 at 5 (quoting *Koller ex rel. Koller v. Richardson-Merrell Inc.*, 737 F.2d 1038, 1056 (D.C. Cir. 1984), *vacated on other grounds, Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424 (1985)).

    Second, Lambert argues that the Court erred by finding that she violated the protective order during several interviews by disseminating leaked material. ECF 148-1 at 9–10. But the

---

[1] Lambert filed her motion "[p]ursuant to Rule 60(b) of the Federal Rules of Civil Procedure," ECF 148 at 1, but that rule applies only to final orders. The Court will construe her motion as one for reconsideration of an interlocutory order under Federal Rule of Civil Procedure 54(b).

1

Court made no such finding. Rather, the October order stated that Lambert violated *the status quo order* during the interviews. That order, entered by Judge Upadhyaya following Lambert's initial violations of the Court's protective order, required Lambert to "immediately desist from … discussing any discovery material." ECF 77 at 1. As the October order points out, Lambert violated the status quo order during her interviews by discussing the materials she had previously disseminated. *See* ECF 144 at 4.[2]

Third, Lambert asserts that she has discovered exculpatory evidence in the criminal case against her. But the substance of that case had, and continues to have, no impact on the Court's decision that disqualification was warranted. The October order discussed the criminal case only as one avenue through which Lambert violated the protective order—specifically, by uploading Dominion's discovery materials to the docket and thus giving the public at large access to them.

Finally, Lambert states that a party can be relieved from an order if the party was unable to present a claim or defense. However, none of the issues Lambert alleges, *see* ECF 148-1 at 19–22, relate to whether she had an opportunity to challenge Judge Upadhyaya's disqualification order. Lambert had such an opportunity, and she took it; as part of her objection to the order, she participated in oral arguments and submitted lengthy briefing, *see* ECF 133–34 & 139. The Court's rejection of Lambert's arguments does not mean that she was unable to present them.

Accordingly, it is **ORDERED** that Defendant's Motion for Order, ECF 148, is **DENIED**.

DATE: December 13, 2024

CARL J. NICHOLS
United States District Judge

---

[2] As for Lambert's accusation that the Court relied "on Dominion's bare assertions" about Lambert's interviews, ECF 148-1 at 10, the Court reiterates—as it stated in the October order, *see* ECF 144 at 4—that the Court based its conclusions on its own viewing of the interviews.