**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| US DOMINION, INC., DOMINION VOTING SYSTEMS, INC., and DOMINION VOTING SYSTEMS CORPORATION, | ) ) ) ) | Civil Action No. 1:21-cv-02131-CJN-MAU |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Judge Carl J. Nichols |
| PATRICK BYRNE, | ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) ) ) | |

## STATUS REPORT

Pursuant to the Court's October 31, 2025, Minute Order, Plaintiffs submit this Status Report addressing whether the stay in this matter should be lifted in light of the issuance of the mandate from the Court of Appeals, what motions remain live for resolution, and the sequence of next events.

**Plaintiffs' Position**

Plaintiffs respectfully request that the Court lift the stay. The Court ordered on March 15, 2025, "that the case be stayed pending issuance of the Court of Appeals' mandate." That has now occurred: The D.C. Circuit mandate issued on June 17, 2025. Dkt. 160. And the Supreme Court denied Mr. Byrne's petition for certiorari on November 10, 2025. This case can therefore now proceed.

Plaintiffs further submit that the next steps in this case should proceed as follows: *First*, Defendant Byrne and his former counsel Stefanie Lambert should be directed to comply with Magistrate Judge Upadhyaya's August 13, 2024, Order requiring them to provide sworn affidavits regarding their misconduct that resulted in Ms. Lambert's disqualification from this matter. Dkt.

125 at 2–3; *see also* Dkt. 146. They have failed to do so to date, and their affidavits will likely furnish important information that bears on how the case should proceed. *Second*, the Court should enter Dominion's proposed document destruction protocol. *See* Dkt. 128. Magistrate Judge Upadhyaya's August 13, 2024, Disqualification Order authorized Dominion to propose a document destruction protocol with respect to Ms. Lambert by August 20, 2024. *See* Dkt. 125 at 3. When the Court stayed Ms. Lambert and Mr. Byrne's deadline to submit their affidavits, the Court also stated that, "[u]pon the District Court's resolution of any objections to the August 13, 2024 Order, the Court will consider Plaintiffs' proposal at ECF No. 128." *See* Second Minute Order of Aug. 23, 2024. Those objections have been resolved, and Dominion's proposed protocol (Dkt. 128) is thus now ready for consideration. *Third*, Plaintiffs respectfully request that Magistrate Judge Upadhyaya set a hearing on Dominion's other pending discovery motions. Those motions include: (a) Dominion's July 2, 2024, motion to compel regarding Byrne's refusal to produce key documents and other miscellaneous search issues, *see* Ex. A; and (b) Dominion's November 13, 2024, motion regarding Defendant Byrne's complete failure to respond to Dominion's Third Interrogatories, *see* Ex. B. Plaintiffs believe that the adjudication of these motions will impact whether any further discovery is necessary before dispositive motions and, if so, on what schedule. (Discovery concerning Plaintiffs—as opposed to concerning Defendant Byrne—is complete.). That includes whether Plaintiffs will further pursue Mr. Byrne's deposition, which Mr. Byrne failed to attend on December 5, 2024. *See* Dkt. 155-1 at 3-8 & Ex. 12.

On November 12, 2025, Dominion's counsel emailed Mr. Byrne a version of this Status Report, informed him of today's deadline, and requested that Mr. Byrne provide his position by 5:00 pm EST on November 13, 2025. In the afternoon of November 14, 2025, the date this Status Report was due, Mr. Byrne's new counsel, Peter Ticktin, entered his appearance on the docket.

Mr. Ticktin's associate then emailed counsel for Dominion requesting a seven-day extension to file the Status Report because Mr. Ticktin was traveling. Dominion consented to the extension but informed Mr. Ticktin and his associate that if the Court did not grant the extension before 7:00 pm this evening, Dominion would be filing this Status Report. Thus, while Dominion consents to Mr. Byrne's request for an extension, Dominion files this Status Report to comply with the Court's deadline.

Dated: November 14, 2025

Respectfully submitted,

*/s/ Davida Brook*
Davida Brook (D.C. Bar No. CA00117)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
dbrook@susmangodfrey.com

Laranda Walker (D.C. Bar No. TX0028)
Mary K. Sammons (D.C. Bar No. TX0030)
Jonathan Ross (D.C. Bar No. TX0027)
**SUSMAN GODFREY L.L.P.**
1000 Louisiana St., Suite 5100
Houston, TX 77002
Tel: (713) 651-9366
lwalker@susmangodfrey.com
ksammons@susmangodfrey.com
jross@susmangodfrey.com

Stephen Shackelford, Jr. (D.C. Bar No. NY0443)
Eve Levin (D.C. Bar No. 1672808)
Christina Dieckmann (*Admitted pro hac vice*)
George El-Khoury (*Admitted pro hac vice*)
**SUSMAN GODFREY L.L.P.**
One Manhattan West, 50th Floor
New York, NY 10001
Tel: (212) 336-8330
sshackelford@susmangodfrey.com
elevin@susmangodfrey.com
cdieckmann@susmangodfrey.com
gel-khoury@susmangodfrey.com

Edgar Sargent (*Admitted pro hac vice*)
**SUSMAN GODFREY L.L.P.**
401 Union Street, Suite 3000
Seattle, WA 98101
Tel: (206) 516-3880
esargent@susmangodfrey.com

*Attorneys for Plaintiffs*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 14th day of November 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which I understand to have served counsel for the parties.

*/s/ Davida Brook*