# EXHIBIT E

| | |
|---|---|
| **From:** | Laranda Walker (via Dominion list) |
| **To:** | upadhyaya_chambers@dcd.uscourts.gov; hope_kashatus@dcd.uscourts.gov |
| **Cc:** | AttorneyLambert; Dominion Simplelist |
| **Subject:** | US Dominion, Inc., et al v. Byrne; Civil Action No. 1:21-cv-02131—Discovery Disputes |
| **Date:** | Tuesday, July 2, 2024 9:20:05 AM |
| **Attachments:** | Dominion-Byrne (No. 121-cv-02131) Discovery Dispute #1[1].pdf |
| | Dominion-Byrne (No. 1-21-cv-02131) Discovery Dispute #2[1].pdf |

EXTERNAL Email

Judge Upadhyaya and Chambers,

Dominion respectfully seeks the Court's assistance in resolving the discovery disputes outlined in the attached two documents. Dominion provided Ms. Lambert with a draft of the attached documents on June 6 and has asked her numerous times to provide her client's positions for inclusion in same. Ms. Lambert has not done so, nor has she engaged substantively with Dominion on any of these issues or provided a date certain by which she will commit to doing so.

Kind regards,

**Laranda Moffett Walker | Partner**
**Susman Godfrey LLP**
1000 Louisiana St. | Suite 5100 | Houston, Texas 77002
**HOUSTON  •  LOS ANGELES  •  SEATTLE  •  NEW YORK**
Office:  713.653.7842
Mobile:  225.485.4533

My Bio


To unsubscribe from this list please go to https://simplelists.susmangodfrey.com/confirm/?u=6ngEIjHEeTnZf7vtjRwwgQ8lQqCQUfKm

## Judge Upadhyaya Discovery Dispute Template

*Instructions: Parties shall provide succinct statements answering the questions below for each dispute they seek to raise with the Court. The Parties shall submit one joint document. Submissions shall not exceed three pages per dispute without leave of the Court.*

### DISPUTE # 1

**(1) The request at issue (<u>by requesting party</u>). Please state the text of the request as it was served, the number of the request (ex: RFP No. X; Interrogatory No. X), and date served.**

Dominion identified the following deficiencies in its May 9, 2024 letter:

- **First**, Mr. Byrne has not proposed any document custodians other than himself, even though members of his staff and other individuals worked for him on matters directly related to the defamatory statements.
- **Second**, Mr. Byrne has failed to confirm that he has searched all locations where non-duplicative, responsive information may be stored. For example, Dominion provided Mr. Byrne's counsel with a list of email accounts it understands Mr. Byrne uses and asked counsel to confirm that they have searched these and any other email accounts in Mr. Byrne's possession, custody, or control; Mr. Byrne's counsel has not confirmed. Nor has Mr. Byrne's counsel confirmed that they have searched phones, Apps, or other non-email locations where non-duplicative, responsive information may be located.
- **Third**, despite the Parties' agreement to an April 26, 2024, interim substantial completion deadline, it is clear from Mr. Byrne's prior counsel's representations that they had additional documents to produce, and obvious gaps and omissions in Mr. Byrne's document production, that Mr. Byrne's document production is not substantially complete. This is true for emails and mobile data (indeed Mr. Byrne has produced only three text messages and no other responsive text message or other App mobile data).
- **Fourth**, it is unclear whether Mr. Byrne will produce all non-duplicative, responsive information in response to several categories of documents Dominion requested, specifically, communications and documents called for in Dominion's Requests for Production Nos. 10, 12, 14, 47, 51, 52, 53, 54, 55, 56, 62, 63, 88, 90, 91, 92, 93, 94. Dominion has sought to resolve any disputes about these missing documents, asking Mr. Byrne to produce the requested documents, or, if he is refusing to produce responsive documents, confirm and provide a basis for same. Dominion has also suggested additional search terms for certain categories of requests to help further ensure that relevant documents and communications are captured.
- **Fifth**, some entries on Mr. Byrne's privilege log do not appear to reflect privileged information; other entries do not provide sufficient information to even assess a claim of privilege.

**(2) The objection to the request (<u>by responding party</u>). Please give the full text of the objection, if any, and date objection was made.**

1

**(3) Whether the discovery requested is in the responding party's possession, custody or control. If not, explain why (by responding party).**

**(4) Brief Explanation for why the information/items requested are being sought, including why it is relevant to a party's claims or defenses (by requesting party).**

- With respect to the first, second, and third issues described above, Dominion seeks to ensure that Mr. Byrne has complied with his obligation to search for all responsive documents and information in his possession, custody, and control; and produced all non-duplicative, non-privileged, responsive documents and information located through those searches. To this end, Mr. Byrne should confirm he has collected and searched WhatsApp, Facebook, Instagram, Snapchat, Twitter, LinkedIn, Telegram, Signal, Confide, Slack, Teams, Yammer, Jabber, Google Chat, and any other electronic communication application he regularly used during the relevant time period.
- As to the fourth issue, Dominion seeks clarity on whether Mr. Byrne has produced certain documents he agreed to produce and whether he is refusing to produce other documents Dominion requested (and if so, why).
- As required under the parties' agreed protocol, and in accordance with Fed. Rule Civ. P. 26(b), Dominion seeks additional information about the basis of the asserted privilege for some entries on Mr. Byrne's privilege log so that Dominion can assess the privilege claims.

**(5) Brief explanation for why the information/items should not be compelled (by responding party).**

**(6) Brief description of meet and confer efforts, including date and manner in which meet and confer took place (by each party).**

**Dominion's Description**
- May 9, 2024, 20-page letter, with attachments, from E. Hadaway (Dominion's counsel)[1] to S. Lambert (Mr. Byrne's counsel) detailing deficiencies in Mr. Byrne's production and asking Ms. Lambert to confer within the next 7 days or otherwise respond and provide a date within the next 14 days by which she will remedy the deficiencies;
- May 13, 2024, email from E. Hadaway to S. Lambert seeking confirmation that Ms. Lambert received the May 9 deficiency letter;

---

[1] At the Court's direction, Dominion will provide a copy of the letter and its attachments via Dropbox.

- May 13, 2024, email from S. Lambert to E. Hadaway stating that she would respond to the May 9 deficiency letter the following day;
- May 21, 2024, follow-up email from L. Walker (Dominion's counsel) to S. Lambert asking for a date by which Ms. Lambert would cure the deficiencies identified or dates and times between then and May 31 to confer;
- May 22, 2024, email from S. Lambert to L. Walker stating that she would respond to the May 9 letter on May 24;
- June 6, 2024, email from L. Walker to S. Lambert again asking Ms. Lambert to, no later than close of business, June 10, 2024, provide substantive responses to the identified deficiencies, dates and times within the next 7 days for a Zoom conference, or Mr. Byrne's inserts to include in a submission to the Court;
- June 11, 2024, 8:33 a.m., email from L. Walker to S. Lambert following up on June 6 email after receiving no response and asking Ms. Lambert to advise before 3:00 p.m. if she would like to include her client's inserts in a submission to the Court;
- June 11, 2024, email response from S. Lambert to L. Walker, stating that she was available to discuss the discovery dispute on Thursday (June 13);
- June 11, 2024, email from L. Walker to S. Lambert providing availability for a phone or Zoom conference on Thursday, June 13, and asking that, in advance of the call, Ms. Lambert provide written, substantive responses to the issues laid out in Dominion's May 9 letter to allow for a more productive discussion;
- June 11, 2024, email from S. Lambert to L. Walker confirming the June 13 Zoom conference and stating that she would not provide a written response in advance of the conference but that she is "sure that the meeting on Thursday will be productive";
- June 13, 2024, email from S. Lambert to L. Walker stating that she needs to move the meeting to Friday;
- June 13, 2024, email from L. Walker to S. Lambert agreeing to accommodate Ms. Lambert's request and move their Zoom conference to 11:00 Central on Friday
- June 14, 2024, Zoom conference between L. Walker and S. Lambert; Ms. Lambert commits to providing substantive responses, in writing, to the issues outlined in Dominion's May 9 deficiency letter no later than close of business on Tuesday, June 18; Dominion's counsel explains that if Dominion does not receive substantive responses per their agreement, it will need to seek the Court's assistance in resolving the disputes;
- June 18, 2024; rather than providing substantive responses as promised, S. Lambert informs L. Walker that "Mr. Byrne's previous attorney has provided additional information and files. I'm going to review and provide you with an update tomorrow."
- June 24, 2024, 7:56 a.m., email from L. Walker to S. Lambert stating that because Ms. Lambert did not provide substantive responses on June 18 as promised or provide an update on June 19 as promised, Dominion would need to submit the disputes to the Court to avoid continued delays; and asking Ms. Lambert to provide her client's inserts to this submission by close of business;
- June 24, 2024, email from S. Lambert to L. Walker, stating that she did not receive files from prior counsel until June 20 and that she could not address Dominion's discovery

3

- concerns until after depositions that week taking place the week of June 24 were concluded; and suggesting that she needed an additional week after the depositions;
- June 24, 2024, email from L. Walker to S. Lambert stating that Dominion cannot afford continued delays given where the parties are in the discovery process and that if Ms. Lambert could not provide substantive responses to the issues Dominion in its May 9 letter by close of business on June 28, it would need to raise the issues with the Court;
- June 28, 2024, email from S. Lambert to L. Walker stating that because of depositions in the case she had not had time to address Dominion's discovery concerns but would do so "as quickly as possible"

**(7) Brief discussion of case law, if applicable and necessary to resolve dispute (by each party).**

**Dominion's Position**:

Rule 34(a) of the Federal Rules of Civil Procedure permit a party to serve upon another party a request to produce any designated documents which are in the responding party's "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). A party responding to a Rule 34 production request "cannot furnish only that information within his immediate knowledge or possession; he is under an affirmative duty to seek that information reasonably available to him from his employees, agents, or others subject to his control." *Gray v. Faulkner*, 148 F.R.D. 220, 223 (N.D. Ind. 1992) (quoting 10A Federal Procedure, Law Ed. § 26:377, p. 49 (1988)). In turn, a party withholding responsive information must provide a privilege log that complies with the federal rules. Fed. R. Civ. P. 26(b)(5).

4

**Judge Upadhyaya Discovery Dispute Template**

*Instructions: Parties shall provide succinct statements answering the questions below for each dispute they seek to raise with the Court. The Parties shall submit one joint document. Submissions shall not exceed three pages per dispute without leave of the Court.*

**DISPUTE # 2**

**(1) The request at issue (<u>by requesting party</u>).  Please state the text of the request as it was served, the number of the request (ex: RFP No. X; Interrogatory No. X), and date served.**

- **Request for Production No. 60**: Copies of your federal and state income tax returns for years 2020, 2021, 2022, and 2023 (once available). [Served 5/24/23]

- **Request for Production No. 61**: Copies of all financial statements prepared by you or on your behalf during November 1, 2020, to the present. [Served 5/24/23]

- **Request for Production No. 76**: All documents and communications concerning financial contributions made by or to THE AMERICA PROJECT. [Served 8/24/23]

- **Request for Production No. 77**: All documents and communications concerning financial contributions made by or to YOU, THE AMERICA PROJECT, or any other for- or non-profit organization in which you hold a title or control, in whole or in part, in connection with litigation involving claims about DOMINION; its current or former employees; alleged, actual, or potential fraud in the 2020 PRESIDENTIAL ELECTION; allegations that voting systems had deleted, lost, changed, or compromised votes; or any defamation lawsuits concerning your statements about Dominion or Smartmatic. [Served 8/24/23]

- **Request for Production No. 80**: Documents sufficient to show the expenditure of "90% of my fortune" on Your efforts to uncover electoral fraud in the 2020 Presidential Election by Dominion and/or Smartmatic, as represented by You at 26:43-26:50 of the video in the Byrne September 26 Tweet. [Served 10/26/23]

- **Request for Production No. 84**: Documents sufficient to show Your assets, net worth, financial condition, and source of income as of the date of this Request. [Served 10/26/23]

**(2) The objection to the request (<u>by responding party</u>).  Please give the full text of the objection, if any, and date objection was made.**


**(3) Whether the discovery requested is in the responding party's possession, custody or control.  If not, explain why (<u>by responding party</u>).**

1

**(4) Brief Explanation for why the information/items requested are being sought, including why it is relevant to a party's claims or defenses (by requesting party).**

The Requests for Production at issue seek financial information related to the defamatory statements. Financial motive to lie is well-recognized evidence of actual malice. S*ee Harte-Hanks Communc'ns, Inc. v. Connaughton*, 491 U.S. 657, 668 (1989). Moreover, Dominion specifically pled this issue in its complaint (Compl. ¶¶ 10, 124], and Mr. Byrne has not articulated any valid reason why Dominion should not be entitled to this discovery. To the contrary, Mr. Byrne has repeatedly put his finances at issue, claiming, for example, he has spent significant sums of his personal fortune to uncover election fraud by Dominion, and fund efforts to get rid of Dominion. Beyond actual malice, Mr. Byrnes's fundraising for and financial expenditures into efforts to harm Dominion also pertain to his willful, reckless conduct worthy of the imposition of punitive damages.

**(5) Brief explanation for why the information/items should not be compelled (by responding party).**

**(6) Brief description of meet and confer efforts, including date and manner in which meet and confer took place (by each party).**

**Dominion's Description**
- May 9, 2024, 20-page letter from E. Hadaway (Dominion's counsel) to S. Lambert (Mr. Byrne's counsel) detailing deficiencies in Mr. Byrne's production and asking Ms. Lambert to confer within the next 7 days or otherwise respond and provide a date within the next 14 days by which she will remedy the deficiencies;
- May 13, 2024, email from E. Hadaway to S. Lambert seeking confirmation that Ms. Lambert received the May 9 deficiency letter;
- May 13, 2024, email from S. Lambert to E. Hadaway stating that she would respond to the May 9 deficiency letter the following day;
- May 21, 2024, follow-up email from L. Walker (Dominion's counsel) to S. Lambert asking for a date by which Ms. Lambert would cure the deficiencies identified or dates and times between then and May 31 to confer;
- May 22, 2024, email from S. Lambert to L. Walker stating that she would respond to the May 9 letter on May 24;
- June 6, 2024, email from L. Walker to S. Lambert again asking Ms. Lambert to, no later than close of business, June 10, 2024, provide substantive responses to the identified deficiencies, dates and times within the next 7 days for a Zoom conference, or Mr. Byrne's inserts to include in a submission to the Court.

2

- June 11, 2024, 8:33 a.m., email from L. Walker to S. Lambert following up on June 6 email after receiving no response and asking Ms. Lambert to advise before 3:00 p.m. if she would like to include her client's inserts in a submission to the Court;
- June 11, 2024, email response from S. Lambert to L. Walker, stating that she was available to discuss the discovery dispute on Thursday (June 13);
- June 11, 2024, email from L. Walker to S. Lambert providing availability for a phone or Zoom conference on Thursday, June 13, and asking that, in advance of the call, Ms. Lambert provide written, substantive responses to the issues laid out in Dominion's May 9 letter to allow for a more productive discussion;
- June 11, 2024, email from S. Lambert to L. Walker confirming the June 13 Zoom conference and stating that she would not provide a written response in advance of the conference but that she is "sure that the meeting on Thursday will be productive";
- June 13, 2024, email from S. Lambert to L. Walker stating that she needs to move the meeting to Friday;
- June 13, 2024, email from L. Walker to S. Lambert agreeing to accommodate Ms. Lambert's request and move their Zoom conference to 11:00 Central on Friday
- June 14, 2024, Zoom conference between L. Walker and S. Lambert; Ms. Lambert commits to providing substantive responses, in writing, to the issues outlined in Dominion's May 9 deficiency letter no later than close of business on Tuesday, June 18; Dominion's counsel explains that if Dominion does not receive substantive responses per their agreement, it will need to seek the Court's assistance in resolving the disputes;
- June 18, 2024; rather than providing substantive responses as promised, S. Lambert informs L. Walker that "Mr. Byrne's previous attorney has provided additional information and files. I'm going to review and provide you with an update tomorrow."
- June 24, 2024, 7:56 a.m., email from L. Walker to S. Lambert stating that because Ms. Lambert did not provide substantive responses on June 18 as promised or provide an update on June 19 as promised, Dominion would need to submit the disputes to the Court to avoid continued delays; and asking Ms. Lambert to provide her client's inserts to this submission by close of business;
- June 24, 2024, email from S. Lambert to L. Walker, stating that she did not receive files from prior counsel until June 20 and that she could not address Dominion's discovery concerns until after depositions that week taking place the week of June 24 were concluded; and suggesting that she needed an additional week after the depositions;
- June 24, 2024, email from L. Walker to S. Lambert stating that Dominion cannot afford continued delays given where the parties are in the discovery process and that if Ms. Lambert could not provide substantive responses to the issues Dominion in its May 9 letter by close of business on June 28, it would need to raise the issues with the Court;
- June 28, 2024, email from S. Lambert to L. Walker stating that because of depositions in the case she had not had time to address Dominion's discovery concerns but would do so "as quickly as possible"

3

**(7) Brief discussion of case law, if applicable and necessary to resolve dispute (by each party).**

**Dominion's Position**

In a defamation action, a plaintiff often proves actual malice through circumstantial evidence, rather than "from the mouth of the defendant," because defendants "are prone to assert their good-faith belief in the truth of their publications." *Herbert v. Lando*, 441 U.S. 153, 170 (1979). Circumstantial evidence of actual malice comes in many forms, including the kind at issue here— evidence that the defendant had a financial motive to lie about the plaintiff. *See Harte-Hanks*, 491 U.S. at 668. The type of financial documents Dominion seeks are also relevant to punitive damages, and Dominion is entitled to pursue this evidence even at this stage where, as here, the documents are otherwise relevant. *See*, *e.g.*, *Pietrangelo v. Refresh Club, Inc.*, No. 18-cv-1943-DLF-ZMF, 2021 WL 1209300, *10 (Mar.31, 2021) ("Information relevant to [ ] damages may be discoverable in advance of judgment under the broad discovery envisioned by the Federal Rules of Civil Procedure" (quoting *In re ULLICO Inc. Litig.*, No. 03-cv-1556, 2006 WL 2398743, at *1 (D.D.C. June 20, 2006)); *Freeman v. Giuliani*, No. 21-3354 (BAH), 2023 WL 5600316 (Aug. 30, 2023).