# EXHIBIT F

| | |
|---|---|
| **From:** | Elizabeth Hadaway (via Dominion list) |
| **To:** | Upadhyaya Chambers; Rebecca DiPietro |
| **Cc:** | Patrick Byrne; Dominion SG Simplelist (dominion@simplelists.susmangodfrey.com) |
| **Subject:** | US Dominion, et al. v. Patrick Byrne No. 1:21-cv-02131 (CJN) |
| **Date:** | Wednesday, November 13, 2024 10:48:15 AM |
| **Attachments:** | 2024-08-30 Dominion-Byrne Dominion"s 3rd ROGS to Byrne (Nos. 11-17).pdf |
| | US Dominion Inc. et al v. Byrne; Civil Action No. 121-cv-02131Discovery Disputes.msg |

<mark>EXTERNAL Email</mark>

Dear Judge Upadhyaya and Chambers,

The parties seek the Court's assistance in resolving a 3rd dispute relating to Mr. Byrne: Specifically, Mr. Byrne's failure to respond to Dominion's 3rd set of interrogatories. Dominion emailed Mr. Byrne on October 1 regarding this dispute.  To date, Mr. Byrne has not provided any response.

Dominion also notes that it previously submitted Disputes 1 and 2 on July 2, 2024, and those disputes remain pending resolution by Your Honor.  That correspondence with attachments is attached hereto for reference.  Dominion would appreciate the Court's guidance on all three disputes as they involve discovery Dominion is entitled to review in advance of Mr. Byrne's depositions, currently noticed for December 5**.**

**Parties to dispute:** Dominion and Patrick Byrne

**Issue:** Whether and when Mr. Byrne should be required to respond to Dominion's third set of interrogatories, having waived his objections.

**Dominion's Position:** Dominion served its third set of interrogatories on Mr. Byrne on August 30, 2024 (attached).  Mr. Byrne did not respond to the interrogatories and did not request an extension. Mr. Byrne has waived objections by failing to timely respond.  FRCP 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.").  On October 1, Dominion's counsel reached out to Mr. Byrne and requested responses by October 4.  Hearing nothing for two weeks, on October 23, Dominion reached out to Mr. Byrne again asking for responses by October 31.  Dominion followed up once more on November 11 and informed Mr. Byrne it would present the dispute to the Court on November 12 at 10am ET.

**Mr. Byrne's Position:** None provided.


Thank you,


**Elizabeth Hadaway | Susman Godfrey LLP**
o.  713.653.7856 **|** c.  512.431.7965
ehadaway@susmangodfrey.com
1000 Louisiana St. | Suite 5100 | Houston, Texas 77002
**HOUSTON · LOS ANGELES · SEATTLE · NEW YORK**


To unsubscribe from this list please go to https://simplelists.susmangodfrey.com/confirm/?u=Qb9VpBBqdzUPLVKXxUka3Xj0sSfbJOje

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| US DOMINION, INC., DOMINION VOTING SYSTEMS, INC., and DOMINION VOTING SYSTEMS CORPORATION, | ) ) ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )    Case No. 1:21-cv-02131 (CJN) |
| | ) |
| PATRICK BYRNE, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |
| | ) |

**PLAINTIFFS' THIRD SET OF INTERROGATORIES TO DEFENDANT PATRICK BYRNE**

Under Rule 33 of the Federal Rules of Civil Procedure, Plaintiffs US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation ("Dominion"), by and through their undersigned counsel, request that Defendant Patrick Byrne answer the following interrogatories in accordance with the definitions and instructions contained herein within thirty (30) days of receipt.

**DEFINITIONS**

The following terms shall have the meanings set forth below whenever used in any Request, whether capitalized or not.

1. "2020 Presidential Election" means and refers to the U.S. Presidential Election that occurred on November 3, 2020, and includes but is not limited to the voting process surrounding the election (including early voting and mail in voting); the election itself; the

electoral college, the certification by the electoral college and any discussions or disputes about the electoral college or around the certification of Joseph Biden as President (including those incidents arising on January 6, 2021), up to and through the departure of President Trump from office on January 20, 2021 and the inauguration of Joseph Biden; and any disputes arising out of the election and/or its aftermath and related issues, such as certification and allegations of election irregularities and/or fraud, irregularities, vote switching, voting machine algorithms flipping, inserting, or dumping votes, or other issues that occurred either before the 2020 Presidential Election or after, and any allegations or continued discussions or disputes about the 2020 election.

2.      "This lawsuit" refers to the case captioned *US Dominion, Inc., et al. v. Patrick Byrne, et al.*, Case No. 1:21-cv-02131 (CJN).

3.      "Assess" means to assess in any way, including to analyze, examine, investigate, explore, probe, confirm, or evaluate.

4.      "Communication" or "Communications" means a communication in any form, including, without limitation, notes, complaints, diaries, journals, datebooks, reports, calendars, telephone messages, letters, email messages, instant messages (such as, but not limited to, Signal, Cisco Jabber, IBM Sametime, Wickr, ICQ, Kik, BBM, Gchat, iMessage, Telegram, WhatsApp, Slack, and similar types of messages), cell phone text messages (SMS messages and MMS messages), voicemail messages, Slack messages or other internal messaging system communications, social media communications or posting on sites including but not limited to Facebook, Twitter, YouTube, Instagram, Gab, or Parler (including any direct messages), website postings, internet chat-room postings, lists, correspondence, drawings, designs, telegrams, manuals, summaries or records of personal conversations, logs, minutes or records of meetings, minutes of any other type, transcripts of oral testimony or statements, affidavits, or summaries

2

of investigations. For avoidance of doubt, the term "Communications" includes internal communications with any entity that employs or is affiliated with Patrick Byrne, as well as communications with third parties.

5.    "Complaint" means the Complaint filed on August 10, 2021 in this lawsuit and any subsequently filed amended complaint.

6.    "Defamatory Statements" means and refers to the statements in Paragraph 153 of the Complaint filed in this lawsuit.

7.    When asked to "Describe" an instance, activity, or communication:

    a.  State all Persons involved in the instance, activity, or communication;

    b.  State the nature, purpose, and exact content of the instance, activity, or communication;

    c.  The date on which the instance, activity, or communication occurred;

    d.  The method or means through which the instance, activity, or communication occurred; and

    e.  The result of the instance, activity, or communication on any aspect of the Defamatory Statement, including its publication or republication.

For communications, please also (f) identify all those You understand to have heard or viewed the communication and (g) describe any republications of the communication.

8.    "Document" means any printed, written, typed, recorded, transcribed, taped, photographic, or graphic matter, however produced or reproduced, including, but not limited to: any letter, correspondence, or communication of any sort; electronic mail, either sent or received; file, print, negative, or photograph; sound or video recording; note, notebook, diary, calendar, minutes, memorandum, contract, agreement, or any amendment thereto; telex,

3

telegram, or cable; summary, report, or record of any telephone conversation, personal

conversation, discussion, interview, meeting, conference, investigation, negotiation, act, or

activity; projection, work paper or draft; computer output or input; data processing card; opinion

or report of any consultant; request, order, invoice, or bill of lading; analysis, diagram, map,

index, sketch, drawing, plan, chart, manual, brochure, pamphlet, advertisement, circular,

newspaper or magazine clipping; press release; receipt, journal, ledger, schedule, bill, or

voucher; financial statement, statement of account, bank statement, checkbook, check stubs or

register, canceled check, deposit slip, charge slip, tax return, or requisition; file, study, graph, or

tabulation; and all other writings and recordings of whatever nature, whether signed, unsigned

or transcribed, and any other data compilation from which information can be obtained or

translated. The term "document" also shall mean: the original and/or any non-identical original

or copy, including those with any marginal note or comment or showing additions, deletions, or

substitutions; drafts; attachments to or enclosures with any document; and any other documents

referred to or incorporated by reference in the document. The term "document" also specifically

includes all electronic documents, electronic Communications, and other "electronically stored

information" (whether stored electronically or in the form of a hard-copy, print-out, or

otherwise) and all attachments thereto.

9.      "Dominion" means and refers to US Dominion, Inc., and its subsidiaries

Dominion Voting Systems, Inc. and Dominion Voting Systems, and any and all representatives

or individuals You understood to be acting on Dominion's behalf.

10.      "Donald Trump" means and refers to the 45th President of the United States.

11.      "Electronically stored information" or "ESI" refers to any portion of data

available on a computer or other device capable of storing electronic data. "Electronically stored

4

information" includes, but is not limited to, e-mail, spreadsheets, databases, word processing documents, images, presentations, application files, executable files, log files, and all other files present on any type of device capable of storing electronic data. Devices capable of storing electronically stored information include, but are not limited to: servers, desktop computers, portable computers, handheld computers, flash memory devices, wireless communication devices, pagers, workstations, minicomputers, mainframes, and any other forms of online or offline storage, whether on or off company premises. ESI includes instant messages (such as but not limited to Signal, Cisco Jabber, IBM Sametime, Wickr, ICQ, Kik, BBM, Gchat, iMessage, Telegram, WhatsApp, Slack, and similar types of messages), cell phone text messages (SMS messages and MMS messages), voicemail messages, and similar types of messages. ESI includes any records of such communications or messages, including phone records. ESI includes any social media communication (such as but not limited to Twitter, Facebook, Instagram, YouTube, Parler, Gab, and Periscope), including any direct messages.  For any document kept in electronic form, the term "document" includes any metadata associated with the document.

12.    "Identify" or "identity" when used in reference to:

a.    an individual person, means to state his or her full name, present or last known business or home address, present or last known business or professional affiliation, business or professional affiliation during the time period covered by your answers to these interrogatories, applicable job title or role, and relationship to You;

b.    a business firm or entity, means to state the type of entity (e.g., corporation, partnership, etc.), its full name and principal place of business, including full address;

c.     a document, means to state the date it was authored or originated, the identity of its author or originator, the identity of each person to whom the original or copy was addressed or delivered or who otherwise received a copy of the document, the nature of the document, (e.g., letter or memorandum, etc.), and its present location or custodian. If any document was, but is no longer, in your possession, custody, or subject to your control, state what disposition was made of it, the date thereof, the identity of the person or persons responsible for making the decision as to such disposition, the identity of the person or persons responsible for carrying out such disposition, the reason for the disposition, the content of the document, and the location of any copies of the document;

d.     a meeting, event, or oral communication, means to state the date, time, and location of the meeting, event, or communication, the means of communication (e.g., telephone, luncheon meeting, etc.), the identity of each person at the meeting or event or party to or recipient of the communication, the identity of the person who initiated the meeting, event, or communication, and the substance of the matters discussed at the meeting or event, or during the communication.

13.     "OTHER DDC DEFENDANTS" means and refers to Sidney Powell, Powell P.C., Defending the Republic, Michael Lindell, My Pillow, Inc., Herring Networks Inc. d/b/a One America News Network, Robert Herring, Sr., Charles Herring, Chanel Rion, Christina Bobb, and Rudolph Giuliani, including their employees, agents, representatives, and anyone else who You believed to be acting on their behalf.

6

14.     "Participate" means and includes to act, join, draft, edit, review, investigate, research, publish, approve, or make any decision affecting the contents of or decision to do something.

15.     "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

16.     "Patrick Byrne" means the person Patrick Byrne.

17.     "Social Media" means and refers to the Twitter, Facebook, YouTube, and Instagram accounts operated by You, including but not limited to the Twitter account @PatrickByrne.

18.     "Trump Administration" means and refers to Donald Trump, and/or (1) any of his agents, staff members, appointees, employees, campaign, campaign employees, advisors, attorneys, and family members, and (2) government agents, government staff members, government appointees, government employees, government advisors, and government attorneys while Donald Trump served in his capacity as President of the United States.

19.     "Trump Campaign" means and refers to the entity Donald Trump for President 2020 and any individual who You understood to be speaking on behalf of the campaign to re-elect Donald Trump to a second term as President of the United States in 2020, and any agents, staff members, appointees, employees, advisors, family members, or attorneys during the time period January 1, 2020 through January 20, 2021, including, but not limited to, Jared Kushner, Ivanka Trump, Bill Stepien, Jason Miller, Stephen Miller, Justin Clark, Matt Morgan, Donald Trump, Jr., Eric Trump, Lara Trump, Kimberly Guilfoyle, Katrina Pierson, Boris Ephsteyn, Michael Roman, Kayleigh McEnany, Gary Michael Brown, and Katherine Freiss.

20.     "You" and "Your" means Patrick Byrne, and any Person purporting to act on Patrick Byrne's behalf.

21.     The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all"; "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine, or neutral form shall include every gender.

## INSTRUCTIONS

1.       Each Interrogatory shall be answered separately and under oath, in accordance with Rule 33 of the Federal Rules of Civil Procedure. No Interrogatory shall be left blank. If the answer to any Interrogatory is no, none or unknown, such response should be written.

2.       In answering these Interrogatories, you shall furnish all information available to you at the time of answering and shall supplement your answers in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.  The Interrogatories are continuing in nature, up to and during the course of trial. If You obtain additional information responsive to these Interrogatories, You shall promptly supplement Your responses.

3.       If you do not answer an Interrogatory, in whole or in part, because of a claim of privilege or the work product doctrine, state the following: (a) the nature of the privilege or reason for withholding which you contend applied; (b) the factual basis for your assertion of privilege or the reason for withholding; (c) the type of document (e.g., letter, memorandum, telex, etc.); (d) all authors and addressees; (e) all indicated and blind copies; (f) all persons to whom the document was distributed, shown or explained; (g) the document's date; and (h) a summary description of the document's subject matter.

4.       In the event that any document requested to be identified by any Interrogatory has been destroyed or discarded, such document shall be identified by stating all of the information requested in subparagraphs (c) through (h) of Instruction 3 and, in addition, (i) its date, manner, and reason for destruction or discard, (j) the persons who authorized and carried out such destruction or discard, and (k) whether any copies of the document presently exist and, if so, the name of the custodian of each copy.

9

## INTERROGATORIES

**INTERROGATORY NO. 11**:

Identify every Communication You have had with any of the OTHER DDC DEFENDANTS,

including their agents, employees, and anyone you understood to be acting on their behalf,

concerning DOMINION, the 2020 Presidential Election, or this lawsuit, between September 1,

2020 and the present.

**INTERROGATORY NO. 12**:

Identify your Analytics from Twitter (X) on number of impressions for the following Tweets:

https://twitter.com/PatrickByrne/status/1342897929279987714?s=20.

**INTERROGATORY NO. 13**:

Web traffic report from Google Analytics or similar showing web traffic and video views (as

applicable) to any webpages on the Defendant's website, sidneypowell.com, that have hosted the at-

issue statements, including specifically the below web pages. Metrics should include the full range of

data including, pageviews, video completes, and others.

1. https://www.deepcapture.com/2020/11/election-2020-was-rigged-the-evidence/
2. https://www.deepcapture.com/2020/12/antrim-county-computer-forensic-report/
3. https://www.deepcapture.com/2021/01/november-3-december-23-all-the-presidents-teams/
4. https://www.deepcapture.com/2021/01/how-djt-lost-the-white-house-chapter-2-was-there-foreign-interference-in-this-election-you-make-the-call/
5. https://web.archive.org/web/20210220160932/https://www.deepcapture.com/2021/01/how-djt-lost-the-white-house-chapter-2-was-there-foreign-interference-in-this-election-you-make-the-call/
6. https://www.deepcapture.com/2021/02/how-djt-lost-the-white-house-chapter-4-the-christmas-doldrums-december-23-noon-january-6/
7. https://www.deepcapture.com/2021/02/the-deep-rig-how-election-fraud-cost-donald-j-trump-the-white-house-by-a-man-who-did-not-vote-for-him-or-what-to-send-friends-who-ask-why-do-you-doubt-the-integrity-of-election-2020-4-99/

**INTERROGATORY NO. 14**:

Identify Web traffic report from Google Analytics, Adobe Analytics, or similar showing web traffic

to deepcapture.com from 2020 – 2022.

**INTERROGATORY NO. 15**:

Identify sales numbers and any other relevant metrics of distribution for Your book, *The Deep Rig:*

*How Election Fraud Cost Donald J. Trump the White House, By a Man Who did not Vote for Him*.

**INTERROGATORY NO. 16**:

Identify any broadcast viewership / TV ratings and any relevant online views for Your documentary,

*The Deep Rig*, including at https://www.loom.com/share/36db4fc626df467b82f1fb9def1949af.

**INTERROGATORY NO. 17**:

Identify every Person that You, including your agents, representatives, and lawyers, have

disclosed Documents produced in the Dominion litigation.

**INTERROGATORY NO. 18**:

Identify every Communication You had with Persons identified in No. 17 regarding Dominion,

this litigation, or Documents produced in the Dominion litigation.

Dated:  August 30, 2023                    Respectfully submitted,

                                           /s/ *Laranda Walker*
                                           Laranda Walker (D.C. Bar No. TX0028)
                                           Mary K. Sammons (D.C. Bar No. TX0030)
                                           Jonathan Ross (D.C. Bar No. TX0027)
                                           Elizabeth Hadaway (*pro hac vice*)
                                           **SUSMAN GODFREY L.L.P.**
                                           1000 Louisiana St., Suite 5100
                                           Houston, TX 77002
                                           Tel: (713) 651-9366
                                           Fax: (713) 654-6666
                                           lwalker@susmangodfrey.com
                                           ksammons@susmangodfrey.com
                                           jross@susmangodfrey.com
                                           ehadaway@susmangodfrey.com

11

Stephen Shackelford, Jr.
(D.C. Bar No. NY0443)
Eve Levin (D.C. Bar No. 1672808)
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Fl.
New York, NY 10019
Tel: (212) 336-8330
sshackelford@susmangodfrey.com
elevin@susmangodfrey.com

Davida Brook (D.C. Bar No. CA00117)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
dbrook@susmangodfrey.com

Edgar Sargent (*pro hac vice*)
Katherine Peaslee (*pro hac vice)*
**SUSMAN GODFREY L.L.P.**
1201 Third Avenue, Suite 3800
Seattle, WA 98101
Tel: (206) 516-3880
kpeaslee@susmangodfrey.com
esargent@susmangodfrey.com

Thomas A. Clare, P.C. (D.C. Bar No. 461964)
**CLARE LOCKE LLP**
10 Prince Street
Alexandria, VA 22314
(202) 628-7400
tom@clarelocke.com

*Attorneys for Plaintiffs*

12

## CERTIFICATE OF SERVICE

I, Davida Brook, hereby certify that on August 30, 2023, a true and correct copy of the foregoing document was served via email on counsel of record for every party in *US Dominion, Inc., et al. v. Patrick Byrne, et al.*, Case No. 1:21-cv-02131 (CJN).

*/s/ Davida Brook*
Davida Brook
**SUSMAN GODFREY LLP**