IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CASE NO.: 1:21-cv-02131-CJN-MAU

US DOMINION, INC.,
DOMINION VOTING
SYSTEMS, INC., and
DOMINION VOTING
SYSTEMS CORPORATION.,

       Plaintiffs,

v.

PATRICK BYRNE,

       Defendant.

_____/

## RESPONSE IN OPPOSITION TO MOTION TO AMEND CASE CAPTION

The Defendant, Patrick Byrne, by and through his undersigned counsel, files this his Response in Opposition to Plaintiff's Motion to Amend Case Caption (the "Motion,") and support thereof states:

### Introduction

The Plaintiffs' US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation (hereinafter "Dominion"), Motion presents itself as a simple ministerial correction but actually seeks substantive party changes that require compliance with Federal Rules of Civil Procedure 15, 17(a), and 21.

Dominion's Motion fails to address critical questions about corporate identity, real parties in interest, and the procedural requirements for party substitution. Moreover, Dominion's requested relief would cause unfair prejudice to Dr. Byrne by allowing the Plaintiffs to rebrand from the notorious "Dominion" name to the neutral "Liberty Vote" designation mid-litigation.

Nonetheless, despite multiple requests by Dr. Byrne for Dominion to furnish documentation as to the nature of the sale of Dominion to Liberty Vote and Liberty Vote's Corporate Disclosures, Dominion has stonewalled Dr. Byrne and has refused to provide details as to the identity of the Plaintiffs, their corporate affiliations, or whether Scott Leinendecker has any conflict of interest. As such, Dr. Byrne remains in the dark as to the identity of the Plaintiffs, and without knowledge as to who exactly he is being sued by.

## Legal Standard

Federal Rule of Civil Procedure 15(a)(2) provides that once the time for amendment as a matter of right has lapsed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Leave to amend under Rule 15 shall be granted "freely," but "Rule 15(a)-even as liberally construed-applies only when the plaintiff actually has moved for leave to amend the complaint; absent a motion, there is nothing to be freely given. *Schmidt v. United States*, 409 U.S. App. D.C. 339, 749 F.3d 1064 (2014). Courts have "repeatedly stressed the

importance of navigating the procedural requirements for amending under Rule 15."
*Id.*

The critical distinction is between a mere "misnomer" correction (which is ministerial) and actual party substitution (which requires substantive procedural compliance). Rule 21 provides that "[m]isjoinder of parties is not a ground for dismissing an action" and that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Rule 17(a) requires that "[a]n action must be prosecuted in the name of the real party in interest" and provides that "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action."

## <u>Argument</u>

## Dominion Has Failed to Make the Required Evidentiary Showing

Dominion has presented Delaware certificates of amendment for two entities but has failed to address the critical corporate relationship issues raised by the acquisition evidence. The Delaware certificates show that US Dominion, Inc. changed its name to Liberty Vote Holdings Inc. and Dominion Voting Systems, Inc. changed its name to Liberty Vote USA Inc. However, the EAC website indicates that Dominion Voting Systems Corp was purchased by Liberty Vote USA Inc. A true and correct screenshot of the EAC website entry for Dominion Voting Systems

3

Corp is attached hereto and marked as Exhibit "A."  As such, it remains unclear whether those are the same legal entities with new names or whether they are different entities following the acquisition.

Additionally, the California Secretary of State memorandum confirms that "Liberty Vote Acquisition of Dominion Voting Systems" occurred, describing it as an acquisition rather than a mere name change.  The memorandum states that "the recent acquisition of Dominion Voting Systems by Liberty Vote does not affect California certification" and that "Liberty Vote has retained the infrastructure supporting our counties."  A true and correct copy of the California Secretary of State memorandum is attached hereto and marked as Exhibit "B."

In light of the foregoing contradictions and ambiguities, Dominion has not provided the evidentiary foundation necessary to distinguish between a permissible name change and an impermissible party substitution.   Without corporate documentation establishing legal continuity, merger status, or successor liability, the Court cannot determine whether the requested relief is ministerial or substantive.

**The Motion Improperly Seeks to Drop Dominion Voting Systems Corporation**

Dominion's Motion states that "Dominion Voting Systems Corporation has not changed its name" but seeks to effectively remove it from the caption by implication.  However, the EAC evidence suggests that Dominion Voting Systems Corporation was "purchased by Liberty Vote USA Inc."  See Exhibit A.  If Liberty

4

Vote USA Inc. (formerly Dominion Voting Systems, Inc.) now owns Dominion Voting Systems Corporation, then having both entities would be improper joinder or create real party in interest problems.

F.R.Civ.P. 21 governs the addition or dropping of parties and requires proper motion practice. The Plaintiffs, Dominion, cannot accomplish party dismissal through a caption amendment motion without addressing the substantive requirements for dropping parties. The Court should require Dominion to clarify the corporate relationships and proceed under the appropriate procedural rules if party changes are actually sought.

## Unfair Prejudice from Mid-Litigation Rebranding

The requested name change would cause substantial unfair prejudice to Dr. Byrne by allowing the Plaintiffs to shed the negative associations with the "Dominion" brand. Federal Rule of Evidence 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." While Rule 403 applies to evidence, the same prejudice concerns apply to party identification in jury trials.

The "Dominion" name, which has been elevated to public figure status, carries significant reputational baggage relevant to credibility, damages, and Dr. Byrne's

5

truth defense in this defamation action.  Allowing Dominion to rebrand as "Liberty Vote" entities would effectively obfuscate Dominion's status as a public figure and provide the Plaintiffs with a clean reputational slate before the jury, undermining Dr. Byrne's ability to present evidence about Dominion's corporate reputation and credibility.  That prejudice is particularly acute in a defamation case where corporate reputation, and a party's status as a public figure, are central to both liability and damages.

**Defamation Claims and Corporate Succession Issues**

The EAC and California Secretary of State acquisition evidence suggests a change in corporate ownership and control that goes beyond mere name changes. Without proper documentation of merger, statutory succession, or other legal continuity, the Court cannot assume that the Liberty Vote entities have standing to prosecute pre-acquisition defamation claims.

A plaintiff who alleges defamation "must show that [the statement] was published 'of and concerning' him." *Summerlin v. Washington Star, 7 Media L. Rep*. 2460, 2461 (D.D.C. 1981).  Defamation claims are generally personal to the injured party and raise questions about assignability in corporate transactions.  *Jankovic v. Int'l Crisis Grp*., 377 U.S. App. D.C. 434, 443, 494 F.3d 1080, 1089 (2007).  If the current "Liberty Vote" entities are different legal persons from the original Dominion entities that suffered the alleged reputational harm, the claimed

6

defamation does not concern Liberty Vote, and Liberty Vote therefore cannot proceed in litigation against Dr. Byrne.

**Discovery and Witness Production Obligations**

Despite multiple requests by Dr. Byrne for Dominion to furnish documentation as to the nature of the sale of Dominion to Liberty Vote and Liberty Vote's Corporate Disclosures, Dominion has stonewalled and refused any details as to the identity of the Plaintiffs, their corporate affiliations, or whether Scott Leinendecker has any conflict of interest.  Counsel for Dominion, Susman Godfrey, is refusing to produce John Poulos and others citing Dominion does not exist.  The Defendant, Dr. Byrne, is entitled to call Mr. Poulos and others at trial.

Corporate restructuring or name changes do not excuse compliance with discovery obligations, including Rule 30(b)(6) requirements to produce knowledgeable witnesses about historical facts.  Courts have broad discretion under Rule 25(c) to address substitution issues, and such orders are reviewed only for abuse of discretion.  *Burka v. Aetna Life Ins. Co*., 318 U.S. App. D.C. 244, 87 F.3d 478, 482 (1996).  The availability of sanctions under Rule 37 when a party claims the corporation "does not exist" provides additional remedies for discovery violations.

**Alternative Relief**

If the Court is inclined to grant any relief, it should impose protective conditions to address the prejudice and procedural concerns.  Specifically, the Court

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

should: 1) require any amended caption to include "also known as" or "a/k/a" designations to maintain the connection to the original Dominion entities; 2) Order that all trial exhibits, witness examinations, and jury instructions refer to both the original and current entity names; 3) require Dominion to supplement discovery under Rule 26(e) with complete corporate succession documentation: 4) Deny the motion without prejudice pending a fuller evidentiary showing of corporate relationships and legal continuity; and 5) Order Dominion to file an Amended LCvR 26.1 Disclosure of Corporate Affiliations and Financial Interests Certificate.

Rule 26(c) provides that courts may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" and may require "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." F.R.Civ.P. 26. The Court has broad discretion to fashion appropriate case management orders to address prejudice concerns.

## <u>Conclusion</u>

In light of the foregoing, the Defendant Patrick Byrne, respectfully requests that this Court deny Dominion's Motion to Amend Case Caption because it fails to make the required evidentiary showing for party changes, improperly seeks to accomplish party substitution through caption amendment, and would cause unfair prejudice through mid-litigation rebranding. At minimum, the Court should deny

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

the motion without prejudice and require Dominion to clarify its corporate relationships and proceed under the appropriate Federal Rules.  Any relief granted should include protective conditions to preserve Dr. Byrne's trial rights and prevent jury confusion.

WHEREFORE, the Defendant, Patrick Byrne, respectfully requests that this Court deny Dominion's Motion to Amend Case Caption, and grant such further and other relief as this Honorable Court may deem just and proper.

9

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on February 20, 2026, the foregoing document, was electronically filed with the Clerk of the Court using CM/ECF to serve on all counsel of record.

*/s/ Peter Ticktin*
Peter Ticktin, Esquire
Florida Bar No. 887935
Serv512@LegalBrains.com
Serv514@LegalBrains.com
Serv600@LegalBrains.com
**THE TICKTIN LAW GROUP**
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Telephone: (561) 232-2222
*Attorney for Patrick Byrne*

**THE TICKTIN LAW GROUP**
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222