**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

LIBERTY VOTE HOLDINGS INC., *et al.*,

    *Plaintiffs*,

v.

PATRICK BYRNE,

    *Defendant*.

No. 21-cv-2131-CJN-MAU

**ORDER**

Before the Court is the Motion of Plaintiffs Liberty Vote Holdings Inc., Liberty Vote USA Inc., and Dominion Voting Systems Corporation (collectively, "Dominion") to Set Deadline for Stefanie Lambert and Patrick Byrne to Submit Affidavits and to Enter Document Destruction Protocol (ECF No. 146).  For the following reasons, the Motion is **GRANTED**.

On August 13, 2024, this Court entered an Order disqualifying Attorney Stefanie Lambert as counsel for Defendant Patrick Byrne in this matter.  *See* ECF Nos. 125 ("Disqualification Order"), 126.  The Court required, among other things, that Lambert and Byrne provide a full accounting, in the form of sworn affidavits, detailing information relating to the disclosure or release of documents or information protected by the Protective Order.  *See* ECF No. 125 at 2. The Court also required Dominion to propose a destruction protocol.  *See id.* at 3.

On August 23, 2024, to allow Byrne the opportunity to pursue his objections to the Disqualification Order, the Court stayed the deadline for Lambert and Byrne to submit their affidavits.  *See* Minute Order (Aug. 23, 2024).  Byrne subsequently filed his objections to the Disqualification Order.  *See* ECF No. 134.  The District Court denied Byrne's motion to reverse the Disqualification Order.  *See* ECF No. 144.  Byrne then filed a motion seeking relief from the

1

District Court's order upholding Lambert's disqualification. *See* ECF No. 148. The District Court denied Byrne's motion for relief. *See* ECF No. 154. Byrne's appeals to the U.S. Court of Appeals for the District of Columbia Circuit and the U.S. Supreme Court were unsuccessful. Because Byrne and Lambert have exhausted their rights to appeal, the stay this Court imposed on August 23, 2024, is hereby lifted.

On November 1, 2024, Dominion filed a motion requesting this Court set a new deadline for Lambert and Byrne to comply with the Disqualification Order. *See* ECF No. 146 at 1–2. Dominion also requests that this Court enter Dominion's proposed document destruction protocol. *See id.* at 2. Byrne's opposition to Dominion's motion was due within fourteen days, on November 15, 2024. *See* LCvR 7(b). Because Byrne has not filed a timely opposition, let alone any opposition, the Court treats Dominion's motion as conceded. *See id.* Accordingly, it is hereby,

**ORDERED** that Lambert and Byrne must file their affidavits in compliance with the Disqualification Order (ECF No. 125) by 5:00 p.m. ET on April 13, 2026; it is,

**FURTHER ORDERED** that, in furtherance of this Court's Order disqualifying Lambert as counsel for Byrne, Dominion's motion for an Order Setting a Protocol for Transfer of Documents is **GRANTED IN PART**. The Court hereby **ORDERS**:

1.      The Court shall retain jurisdiction over Lambert for purposes of ensuring her compliance with this and all other orders previously issued in this action, including the Status Quo Order (ECF No. 77), the Protective Order (ECF No. 79), and the Disqualification Order (EF No. 125);

2.      With respect to all Dominion-produced documents contained in the repositories of the e-discovery vendors iDiscovery Solutions and Innovative Driven, iDiscovery

Solutions and Innovative driven shall continue not to allow any person access to such documents unless specifically authorized by this Court;

3.      Lambert shall continue to "preserve all documents and communications relating to the issues raised by Dominion's [Motion for Protective Relief and to Disqualify Counsel], including but not limited to, the release of any Dominion Litigation Documents in this case to any other entity or individual," ECF No. 77 at ¶ 7;

4.      Lambert shall, on or before April 13, 2026, produce to Dominion:

    i.   All Dominion Litigation Documents;

    ii.  All documents and communications in any way discussing or referencing Dominion Litigation Documents or their contents; and

    iii. All documents and communications in any way discussing or referencing Dominion on this matter;

5.      In complying with Paragraph 4 of this Order, Lambert shall:

    i.   Serve all electronic documents on Dominion via secure file transfer and thereafter sequester all such documents to the custody and control of iDiscovery Solutions and Innovative Driven, who will not allow anyone, including Lambert or Byrne (or anyone associated with them), access to such documents unless specifically authorized by this Court; and

    ii.  Serve all physical documents on Dominion via a third-party courtier (to be designated by Dominion);

6. To the extent Lambert or Byrne claim any of the aforementioned documents or communications are protected from disclosure by the attorney-client privilege or work-product doctrine, Lambert shall, on or before April 13, 2026, serve on Dominion:

    i. A detailed privilege log setting forth all sufficient detail of the materials to allow Dominion to assess the claim of privilege; and

    ii. An affidavit attesting under oath to the accuracy of the privilege log;

7. By no later than April 14, 2026, Lambert shall certify to the Court via affidavit that she has complied with all applicable provisions of this Order;

8. Counsel for Dominion shall provide a copy of this Order to iDiscovery Solutions and Innovative Driven;

9. Current counsel for Byrne, Peter Ticktin, shall provide a copy of this Order to Stefanie Lambert;

10. Mr. Ticktin must respond no later than April 10, 2026, to this Order and:

    i. Advise whether Lambert is still playing a role in this litigation and, if so, the specific role she is playing;

    ii. Whether she has drafted, edited, or had any role in the preparation or filing of any of Byrne's filings since Ticktin entered his appearance; and

    iii. Whether Ticktin has accessed any of the documents Dominion has produced in this litigation and, if so, where he obtained access to those documents.

11. The Court holds Dominion's request for costs and the appointment for a Special Master in abeyance. It is,

4

**FURTHER ORDERED** that all other provisions of the Court's August 13, 2024, Order remain in effect.

**SO ORDERED.**

Date:   March 31, 2026

_____
MOXILA A. UPADHYAYA
UNITED STATES MAGISTRATE JUDGE