IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CASE NO.: 1:21-cv-02131-CJN-MAU

LIBERTY VOTE HOLDINGS
INC. et al.,

       Plaintiffs,

v.

PATRICK BYRNE,

       Defendant.

_____/

## **DEFENDANT'S APPEAL OF MAGISTRATE JUDGE'S ORDER**

The Defendant, Patrick Byrne, by and through undersigned counsel, hereby files this, his Appeal of the Magistrate Judge's March 31, 2026 Order, and states:

## **Introduction**

The March 31, 2026 Order (the "Order") issued by Magistrate Judge Moxila A. Upadhyaya cannot stand. [DE 175]. The Order imposes sweeping, coercive relief without jurisdiction, without findings, and without the procedural safeguards required by the Federal Rules of Civil Procedure and the United States Constitution. The Order compels sworn affidavits from counsel, mandates wholesale document production, adjudicates privilege claims, imposes a comprehensive sequestration and access-denial regime, and compels current counsel to disclose protected

information about the defense's internal relationships and litigation strategy. These extraordinary remedies were imposed by default, without merits analysis, and without the de novo district court review required for dispositive matters.

The Order exceeds the magistrate judge's statutory authority, violates foundational privilege protections, effects an unconstitutional seizure of defense materials, fails to comply with the Federal Rules of Civil Procedure, and improperly enforces an interlocutory disqualification order that is not final and not ripe for enforcement. The Order should be vacated in its entirety.

### Questions Presented

1.    Whether the Magistrate Judge exceeded her constitutional and statutory authority by issuing an order that is dispositive in effect-compelling sworn affidavits, mandating wholesale document production, adjudicating privilege claims, and imposing a discovery sanction regime-without district judge review, without findings of misconduct or bad faith, and without the procedural safeguards required by the Federal Rules of Civil Procedure and the Constitution.

2.    Whether the Magistrate Judge's treatment of Dominion's motion as conceded due to Dr. Byrne's failure to file an opposition justified imposing extraordinary relief without merits analysis, particularly where a court-ordered stay prevented Lambert from filing objections into the docket.

3.    Whether the Order violates the attorney-client privilege and work-

2

product doctrine by requiring production of overbroad categories of documents that necessarily sweep in protected communications and litigation strategy, and by requiring a privilege log that itself discloses protected strategy.

4.      Whether the Order effects an unconstitutional seizure of defense materials by requiring transfer of documents to Dominion and sequestration by third-party vendors while denying Dr. Byrne and his counsel access to materials necessary for litigation, thereby violating the Fifth Amendment Due Process Clause.

5.      Whether the Order complies with the Federal Rules of Civil Procedure, particularly Rule 37 and Rule 26, given that it imposes sanctions without findings of non-compliance and lack of substantial justification, and requires production of materials that may be protected by privilege.

6.      Whether Dr. Byrne waived his right to object to Dominion's motion when he failed to file a timely opposition, given that a court-ordered stay prevented Lambert and Byrne from filing into the docket and may have suspended the deadline for filing an opposition.

7.      Whether the Magistrate Judge properly enforced the disqualification order when that order is not final and not ripe for enforcement, given that the D.C. Circuit dismissed Dr. Byrne's appeal for lack of appellate jurisdiction, finding that an order disqualifying counsel in a civil case is not a final judgment

3

on the merits of the litigation.

8.      Whether the Order violates attorney-client privilege and work-product doctrine by compelling current counsel Peter Ticktin to disclose information about the defense's internal relationships, drafting involvement, and document access, thereby forcing counsel to testify against his own client and reveal protected strategy.

## Statement Of The Case

On March 31, 2026, Magistrate Judge Moxila A. Upadhyaya issued an Order granting Dominion's motion to set a deadline for Lambert and Byrne to submit affidavits and to enter a document destruction protocol. [DE 175].  The underlying case is a defamation action brought by Liberty Vote Holdings Inc., Liberty Vote USA Inc., and Dominion Voting Systems Corporation against Patrick Byrne in the United States District Court for the District of Columbia, Case No. 1:21-cv-02131-CJN-MAU.

On August 13, 2024, the District Court entered an order disqualifying attorney Stefanie Lambert as counsel for the Defendant, Patrick Byrne.  That disqualification order required Lambert and Byrne to provide a full accounting in the form of sworn affidavits detailing information relating to the disclosure or release of documents or information protected by a Protective Order. The disqualification order also required Dominion to propose a destruction protocol.

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

On August 23, 2024, the District Court stayed the deadline for Lambert and Byrne to submit their affidavits to allow Dr. Byrne the opportunity to pursue his objections to the disqualification order. Dr. Byrne subsequently filed objections to the disqualification order, which the District Court denied. Dr. Byrne then filed a motion seeking relief from the District Court's order upholding Lambert's disqualification, which the District Court also denied.

Dr. Byrne appealed to the United States Court of Appeals for the District of Columbia Circuit. Dominion filed a Motion to Dismiss for Lack of Jurisdiction, arguing that an order disqualifying counsel in a civil case is not a final judgment on the merits of the litigation and therefore the appellate court lacked jurisdiction. The D.C. Circuit agreed with Dominion and dismissed the appeal for lack of appellate jurisdiction. Byrne subsequently sought certiorari from the United States Supreme Court, which denied the petition.

On November 1, 2024, Dominion filed a motion requesting that the District Court set a new deadline for Lambert and Dr. Byrne to comply with the disqualification order and requesting that the court enter Dominion's proposed document destruction protocol. Dr. Byrne's opposition to Dominion's motion was due within fourteen days, on November 15, 2024. Byrne did not file a timely opposition or any opposition to the motion.

On March 31, 2026, Magistrate Judge Moxila A. Upadhyaya issued the Order

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

that is the subject of this appeal ("the Order"). [DE 175].  The Magistrate Judge treated Dominion's motion as conceded because Dr. Byrne had not filed a timely opposition.  The order lifted the stay that had been imposed on August 23, 2024, based on the reasoning that Byrne and Lambert had exhausted their rights to appeal.  The Order then granted Dominion's motion and imposed an elaborate regime of affidavits, document production, privilege logging, document sequestration, and access restrictions.

### Statement Of Facts

Patrick Byrne is the Defendant in a defamation lawsuit brought by Liberty Vote Holdings Inc., Liberty Vote USA Inc., and Dominion Voting Systems Corporation in the United States District Court for the District of Columbia, Case No. 1:21-cv-02131-CJN-MAU.  Stefanie Lambert served as counsel for Byrne in this litigation until her disqualification on August 13, 2024.

The disqualification of Lambert was based on concerns regarding the disclosure or release of documents protected by a Protective Order.  The District Court's disqualification order required Lambert and Byrne to provide sworn affidavits detailing information relating to such disclosure or release.  The order also required Dominion to propose a destruction protocol for handling documents.

On August 23, 2024, the District Court issued a stay of the deadline for Lambert and Byrne to submit their affidavits.  This stay was issued to allow Byrne

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

the opportunity to pursue his objections to the disqualification order.  During the relevant period, Lambert and Byrne was prevented from filing objections into the docket.

Dr. Byrne filed objections to the disqualification order, which the District Court denied.  Byrne then filed a motion seeking relief from the District Court's order upholding Lambert's disqualification, which the District Court also denied.  Byrne appealed to the United States Court of Appeals for the District of Columbia Circuit.

During the appellate proceedings, Dominion filed a Motion to Dismiss for Lack of Jurisdiction, arguing that an order disqualifying counsel in a civil case is not a final judgment on the merits of the litigation.  The D.C. Circuit agreed with this argument and dismissed Byrne's appeal for lack of appellate jurisdiction.  The United States Supreme Court subsequently denied Byrne's petition for certiorari.

On November 1, 2024, Dominion filed a motion requesting that the District Court set a new deadline for Lambert and Dr. Byrne to comply with the disqualification order and requesting that the court enter Dominion's proposed document destruction protocol.  The motion was filed in the District Court, and Byrne's opposition was due by November 15, 2024.  Although Dr. Byrne did not file an opposition to this motion, the case was nonetheless stayed.

On March 31, 2026, Magistrate Judge Moxila A. Upadhyaya issued the order

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

that is the subject of this appeal.  The Magistrate Judge treated Dominion's motion as conceded because Byrne had not filed a timely opposition.  The Order lifted the stay that had been imposed on August 23, 2024, based on the reasoning that Dr. Byrne and Lambert had exhausted their rights to appeal.

The March 31, 2026 Order imposed the following requirements: Lambert and Byrne must file affidavits by April 13, 2026, detailing information relating to disclosure or release of documents protected by the Protective Order.  Lambert must produce all Dominion Litigation Documents, all documents and communications discussing or referencing such documents, and all documents and communications discussing or referencing Dominion on the matter.  Electronic documents must be transferred to e-discovery vendors (iDiscovery Solutions and Innovative Driven) and sequestered with access denied to Lambert, Byrne, or anyone associated with them unless specifically authorized by the court.  Lambert must provide a detailed privilege log and sworn affidavit for any documents claimed to be protected by attorney-client privilege or work-product doctrine.  Current counsel Peter Ticktin must respond by April 10, 2026, regarding whether Lambert is still playing a role in the litigation, whether Lambert drafted or edited any of Byrne's filings since Ticktin entered his appearance, and whether Ticktin accessed Dominion-produced documents.

Stefanie Lambert is currently assisting in a related case, *Eric Coomer v.*

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

*Patrick Byrne, et al.*, Case No. 8:24-cv-00008, pending in the United States District Court for the Middle District of Florida. The Honorable Thomas Barber presides over that case. Judge Barber is aware of Magistrate Judge Upadhyaya's disqualification of Lambert in the Dominion case and has issued an order allowing Lambert to assist counsel of record in the Eric Coomer case, including at depositions. This permission was granted after Judge Barber considered the disqualification order issued by Magistrate Judge Upadhyaya.

Patrick Byrne has asserted attorney-client privilege and work-product doctrine protections with respect to communications and materials related to his representation by Lambert and other counsel. Byrne has invoked Federal Rule of Evidence 502 to protect the confidentiality of attorney-client communications and work-product materials.

The disqualification order issued on August 13, 2024, is not final for purposes of appellate jurisdiction. The D.C. Circuit's dismissal of Dr. Byrne's appeal for lack of jurisdiction was based on the determination that an order disqualifying counsel in a civil case is not a final judgment on the merits of the litigation.

## **Standard Of Review**

The standard of review applicable to this appeal varies depending on the nature of the issue presented.

The question of whether the Magistrate Judge exceeded her statutory and

9

constitutional authority is reviewed de novo.  The question of whether an order is dispositive in effect, and therefore requires district judge review under 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, is a legal question reviewed de novo. *Baylor v. Mitchell Rubenstein & Assocs., P.C.,* 429 U.S. App. D.C. 221, 227-28, 857 F.3d 939, 945-46 (2017).  The Magistrate Judge's determination of whether an order is dispositive is not entitled to deference, as it involves the proper allocation of judicial authority between magistrate judges and district judges.

The Magistrate Judge's application of procedural rules is reviewed de novo. The question of whether a party has waived its right to object to a motion is a legal question reviewed de novo.  *United States v. Olano*, 507 U. S. 725, 733, 113 S. Ct. 1770, 123 L. Ed. 2d 508 (1993) (quoting *Johnson v. Zerbst*, 304 U. S. 458, 464, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938)).  The Magistrate Judge's failure to address whether a court-ordered stay prevented the deadline from running is reviewed de novo, as it involves the proper application of procedural rules and the effect of a stay on deadlines.

### Summary of Argument

The March 31, 2026 Order issued by Magistrate Judge Moxila A. Upadhyaya should be vacated in its entirety.  The Order is fundamentally defective on multiple independent grounds, each of which independently warrants reversal.

First, the magistrate judge exceeded her constitutional and statutory authority

10

by issuing an order that is dispositive in effect without district judge review.  The Order compels sworn affidavits from counsel, mandates wholesale production of materials, adjudicates privilege claims, and imposes a comprehensive sequestration and access-denial regime.  These are not routine pretrial matters that a magistrate judge may resolve as final orders.  They are extraordinary remedies that materially affect the parties' claims, defenses, and core rights.  Under 28 U.S.C. § 636(b) and F.R.Civ.P. 72, such dispositive matters must be submitted as recommendations to the district judge for de novo review, not entered as final orders by the magistrate judge. *Baylor v. Mitchell Rubenstein & Assocs., P.C.*, 429 U.S. App. D.C. 221, 228, 857 F.3d 939, 946 (2017).

Second, the magistrate judge's treatment of Dominion's motion as conceded due to Byrne's failure to file an opposition cannot justify the extraordinary relief imposed.  A procedural default does not eliminate the court's obligation to ensure it has authority to grant relief and that such relief complies with the Federal Rules, privilege protections, and constitutional requirements.  Moreover, a stay was in place and that Stefanie Lambert and Dr. Byrne were prevented from filing into the docket, circumstances that undermine any inference of intentional waiver.  The magistrate judge did not address these factual circumstances or explain why the stay did not suspend the deadline for filing an opposition.

Third, the Order violates foundational attorney-client privilege and work-

11

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

product protections. The requirement that Lambert produce all documents and communications discussing or referencing Dominion Litigation Documents or Dominion on this matter is extraordinarily overbroad. That language necessarily sweeps in protected attorney-client communications, litigation strategy, and work-product materials. F.R.E. 501, F.R.E. 502. The requirement for a detailed privilege log across this overbroad universe predictably compels disclosure of protected information, mental impressions, and litigation strategy. The Order fails to establish any intentional waiver under Federal Rule of Evidence 502 and lacks the predicate findings necessary for subject-matter waiver. Additionally, the Order compels current counsel Peter Ticktin to disclose information about Lambert's drafting role, editing of filings, and access to Dominion-produced documents-information that is quintessentially protected by work-product doctrine and that impermissibly converts counsel into a witness against his own client.

Fourth, the Order effects an unconstitutional seizure of defense materials by requiring transfer of documents to Dominion and sequestration by third-party vendors while denying Dr. Byrne and his counsel access to those materials. That regime violates the Fifth Amendment Due Process Clause by depriving the defense of access to materials essential to litigation without notice, opportunity to be heard, or any articulated standard for regaining access. The regime is fundamentally asymmetrical: the opposing party receives the production while the defense is locked

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

out.  The Order lacks express findings of bad faith or willful misconduct, fails to consider narrower alternatives, and was entered without a full opportunity for the defense to be heard.

Fifth, the Order does not comply with the Federal Rules of Civil Procedure. It imposes sanctions-like restrictions without the procedural predicates and safeguards required by F.R.Civ.P. 37.  *Burns v. Georgetown Univ. Med. Ctr.*, 106 F. Supp. 3d 238, 240 (D.D.C. 2015).  It requires production of materials that may be protected by privilege in violation of Federal Rule of Civil Procedure 26.  It was not entered pursuant to a properly noticed motion under F.R.Civ.P. 26(c) with consideration of less restrictive alternatives.  The order contains no findings of non-compliance and lack of substantial justification, which are prerequisites to imposing sanctions under Rule 37.  The absence of such findings and the failure to comply with the procedural framework of the Federal Rules render the order arbitrary and unenforceable.

Sixth, Byrne did not waive his right to object to Dominion's motion.  The August 23, 2024, Minute Order establishes that a stay was in place and Byrne was prevented from filing into the docket.  Those circumstances fundamentally alter the analysis of whether Byrne's failure to file an opposition constitutes waiver.  Waiver requires express, affirmative, decisive, and unequivocal conduct demonstrating intentional relinquishment of a known right.  *In re United States*, 143 F.4th 411, 432

13

**THE TICKTIN LAW GROUP**
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

(D.C. Cir. 2025). Mere non-filing-particularly when a stay is in place and filing restrictions may exist-cannot constitute such conduct. The magistrate judge's order does not address whether the filing deadline was suspended by the stay or whether filing was practically possible given the asserted restrictions on Lambert's access to the docket.

Seventh, the magistrate judge erred in enforcing an interlocutory disqualification order that is not final and not ripe for enforcement. The D.C. Circuit dismissed Byrne's appeal of the disqualification order for lack of appellate jurisdiction, finding that an order disqualifying counsel in a civil case is not a final judgment on the merits of the litigation. That jurisdictional holding confirms that the disqualification order remains interlocutory. *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 430-31, 105 S. Ct. 2757, 2761 (1985). The magistrate judge's reliance on exhaustion of appellate rights as a substitute for finality is legally unsound. Exhaustion of appellate remedies is a procedural concept distinct from finality. An order that was interlocutory when the D.C. Circuit reviewed it remains interlocutory after certiorari is denied. The stay that preceded the magistrate judge's March 31, 2026 Order was entered to preserve rights pending appellate consideration. Lifting the stay based on appellate exhaustion contradicts the stay's purpose and punishes the parties for seeking review.

Finally, the Order improperly compels current counsel to disclose protected

14

information about attorney-client relationships, drafting involvement, and document access. Those matters are protected by attorney-client privilege and work-product doctrine. F.R.Civ.P. 26. *Wilderness Soc'y v. United States DOI*, 344 F. Supp. 2d 1, 17 (D.D.C. 2004). Compelling counsel to provide testimony about these matters violates the principle that work-product protection shields the mental impressions, litigation strategy, and internal decision-making processes of counsel. The Order thus impermissibly intrudes into the attorney-client relationship and the work-product doctrine by forcing counsel to become an instrument of disclosure regarding matters that should remain confidential.

For all these reasons, the March 31, 2026 Order should be vacated in its entirety.

## <u>Argument</u>

### The Magistrate Judge Exceeded Her Statutory Authority By Issuing An Order That Is Dispositive In Effect Without District Judge Review

The authority of a magistrate judge to enter binding orders in civil cases is strictly circumscribed by statute and rule. Federal courts distinguish sharply between two categories of pretrial matters: those that are non-dispositive of a party's claim or defense, and those that are dispositive. That distinction determines both the magistrate judge's authority and the standard of review applicable to the magistrate judge's action.

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

Under 28 U.S.C. § 636(b)(1)(A), a magistrate judge may be assigned to hear and decide non-dispositive pretrial matters and enter final orders. *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1016-17 (5th Cir. 1981). In contrast, when a magistrate judge is assigned a dispositive matter-one that materially affects a party's claim or defense-the magistrate judge must submit a recommended disposition to the district judge, not a final order. F.R.Civ.P. 72. The district judge must then conduct de novo review of any part of the magistrate judge's recommendation that is properly objected to.

The distinction between these two categories is not merely procedural; it reflects a fundamental principle that matters affecting the core rights and substantive positions of the parties require the direct involvement and independent judgment of the district court. *Baylor v. Mitchell Rubenstein & Assocs., P.C.*, 429 U.S. App. D.C. 221, 227-28, 857 F.3d 939, 945-46 (2017). A magistrate judge's authority to enter final orders is limited to matters that do not cross this threshold.

**The Order Is Dispositive in Effect Because It Compels Testimonial Affidavits, Adjudicates Privilege Claims, and Imposes Sanctions-Like Restrictions**

The Order entered by Magistrate Judge Upadhyaya on March 31, 2026 is dispositive in effect because it imposes coercive relief that materially affects the Defendant Byrne's claims and defenses and implicates core rights. The Order cannot be characterized as routine discovery management or scheduling housekeeping.

**THE TICKTIN LAW GROUP**
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

Rather, it comprises multiple components that individually and collectively constitute extraordinary relief requiring heightened judicial process and district court involvement.

The Order requires both Byrne and former counsel Stefanie Lambert to submit sworn affidavits by April 13, 2026. That requirement compels testimony from counsel-a form of coercive relief that goes beyond the scope of non-dispositive discovery management. Compelling a party's counsel to provide sworn testimony regarding their own conduct, knowledge, and communications is not a routine pretrial matter. Such compulsion implicates the attorney-client relationship, the attorney's professional obligations, and potentially the attorney's own legal interests.

The Order requires Lambert to produce broad categories of materials, including all Dominion Litigation Documents and communications referencing those documents or Dominion. The Order further requires privilege logging and a sworn affidavit attesting to the log. Those requirements do not constitute simple discovery disputes resolvable through routine discovery orders. Instead, they require the magistrate judge to adjudicate privilege claims and to compel production from counsel of materials that may be subject to attorney-client privilege or work product protection.

The adjudication of privilege claims is inherently a matter that affects the substantive rights of the parties. F.R.E. 501, F.R.E. 502. When a party asserts

17

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

privilege, the resolution of that assertion determines what information must be disclosed and what remains protected. That determination materially affects the parties' ability to prepare their cases and protect confidential communications. Such adjudication cannot be delegated to a magistrate judge as a final order; it requires de novo district court review. *Baylor v. Mitchell Rubenstein & Assocs., P.C.*, 429 U.S. App. D.C. 221, 227-28, 857 F.3d 939, 945-46 (2017).

The order requires that electronic materials be sequestered with third-party vendors (iDiscovery Solutions and Innovative Driven) with access barred to Lambert, Byrne, and their associates absent court authorization. That sequestration and access-denial mechanism is not a standard discovery measure. It is extraordinary relief that restricts a party's and counsel's access to materials relevant to the case. Such restrictions materially affect the parties' ability to prepare their defense and communicate with counsel. They constitute coercive relief that requires heightened judicial process and cannot be imposed by a magistrate judge as a final order without district court authorization and de novo review.

The Order requires current counsel Peter Ticktin to respond by April 10, 2026 regarding Lambert's role, drafting, and Ticktin's access to Dominion-produced documents. This requirement compels current counsel to provide information about the prior attorney's conduct and about counsel's own access to materials. Such compulsion affects the attorney-client relationship and the attorney's professional

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

obligations.  It is not a routine discovery matter but rather a coercive measure that requires district court involvement.

The Order contains no substantive findings explaining why these extraordinary measures are necessary or proportionate to any identified problem. The order does not explain why sequestration is required, why access must be denied to counsel and party, or why compelled affidavits from counsel are necessary.  The absence of such findings further demonstrates that the order exceeds the magistrate judge's authority.  Extraordinary relief requires justification; a magistrate judge cannot impose such relief without explanation and without district court authorization.

**The Order Should Be Treated as a Recommendation Requiring De Novo Review**

If the Order is to be treated as anything other than a nullity, it must be treated as a recommended disposition under 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).  Under that framework, the district judge must conduct de novo review of the magistrate judge's recommendation.  *Id*.  The parties must be afforded the opportunity to submit full briefing and to be heard before the district court before any coercive measures are imposed.

The de novo standard requires the district court to make its own independent determination regarding whether the extraordinary relief proposed by the magistrate

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

judge is appropriate. That process has not yet occurred. The Defendant, Dr. Byrne and his counsel have not had the opportunity to present full arguments to the district court regarding the propriety of the sequestration, access denial, privilege adjudication, and compelled affidavits. The district court has not made independent findings justifying these measures.

The First Circuit's decision in *ML-CFC 2007-6 P.R. Props., LLC v. BPP Retail Props., LLC* is instructive. There, the court held that certain motions are dispositive under Rule 72 and remanded for the district court to apply de novo review to the magistrate judge's unauthorized order. *ML-CFC 2007-6 P.R. Props., LLC v. BPP Retail Props., LLC*, 951 F.3d 41, 47 (1st Cir. 2020). The same remedy is appropriate here. The magistrate judge's Order crosses the line from non-dispositive pretrial management to dispositive adjudication, and de novo district court review is required.

**Procedural Default Cannot Justify Extraordinary Remedies Without Merits Analysis and Findings**

The magistrate judge's reliance on procedural default to grant Dominion's motion fundamentally misunderstands the limits of the concession doctrine. While local rules may provide that failure to timely oppose a motion can result in the motion being treated as conceded, this procedural consequence does not eliminate the court's independent obligation to ensure that it possesses authority to grant the

20

relief sought and that such relief complies with the Federal Rules of Civil Procedure, applicable privilege protections, and constitutional due process requirements.

The concession of a motion is a procedural default that affects the parties' burden of presentation, not a substantive waiver of the court's gatekeeping function. When a party fails to oppose a motion, the court may treat the motion as conceded, but this does not transform an otherwise unauthorized or improper remedy into a permissible one. The court must still determine whether the relief requested falls within its authority and whether granting it would violate established procedural rules or constitutional protections.

**The Relief Imposed Requires Merits Analysis, Not Entry by Default**

The remedies imposed by the magistrate judge's Order are qualitatively different from routine matters that might be resolved by default, such as scheduling orders or deadline extensions. The Order compels affidavits, which constitute testimony under oath. It mandates production of materials that may be privileged or protected. It imposes sequestration with access restrictions that effectively sanction the defense by preventing counsel and associates from accessing materials necessary to prepare the case.

The Federal Rules of Civil Procedure contemplate that certain matters, particularly those that are dispositive of a party's claim or defense, cannot be resolved without de novo review and findings by the district court. *Baylor v.*

21

*Mitchell Rubenstein & Assocs., P.C.*, 429 U.S. App. D.C. 221, 227-28, 857 F.3d 939, 945-46 (2017). The compelled affidavits and disclosures here function as a form of discovery sanction or contempt-like remedy. They restrict the defense's ability to prepare its case by sequestering materials and limiting access to counsel. These restrictions cannot be imposed by default. They require the court to make findings that the defense has engaged in conduct warranting such restrictions, that the restrictions are proportionate to any violation, and that they are consistent with the Federal Rules and due process.

The Order's requirement for a privilege log with sworn verification further illustrates why merits analysis is required. A privilege log is a discovery tool that requires the producing party to describe withheld materials in a manner that enables other parties to assess privilege claims without revealing privileged information itself. F.R.Civ.P. 26. *EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 697 (5th Cir. 2017). The requirement for sworn verification adds an additional layer of obligation. These requirements implicate the scope of discovery and the protection of privileged materials. They cannot be imposed by default; they require analysis of whether the requesting party has shown good cause for such detailed verification and whether the burden on the producing party is proportionate.

The sequestration with access restrictions is perhaps the most extraordinary remedy. It effectively prevents the defense from accessing materials necessary to

22

prepare its case unless the court grants authorization. That is a severe restriction that implicates due process concerns regarding the right to counsel and the right to prepare a defense. Such a restriction cannot be imposed by default. It requires explicit findings that the defense has engaged in conduct warranting such a severe remedy, that the remedy is necessary to prevent harm, and that it is proportionate to any violation.

**The Order Granted Relief Beyond What Procedural Default Can Support**

The scope of relief granted by the magistrate judge far exceeds what could reasonably be justified by the defense's failure to file a timely opposition. The concession doctrine operates within defined limits: it permits the court to treat a motion as conceded and to grant the relief requested in the motion, but it does not permit the court to grant relief that exceeds the scope of proper judicial authority.

The magistrate judge's Order imposed multiple, interconnected restrictions that collectively constitute a comprehensive regime of control over the defense's materials, communications, and ability to prepare its case. The combination of compelled affidavits, broad production, privilege log with sworn verification, sequestration with access restrictions, and compelled disclosures by current counsel suggests an order that is not merely granting discovery but imposing what amounts to a sanctions regime.

Even if the defense's failure to respond could justify granting the relief

23

explicitly requested in the motion, it cannot justify the court exceeding its authority or imposing relief that is not properly supported by the motion itself. The doctrine of ultra vires-action beyond the court's authority-is not waived by procedural default. A court cannot exceed its authority simply because a party fails to object.

The structure of Federal Rule of Civil Procedure 72 reinforces this principle. The rule distinguishes between dispositive and non-dispositive matters, requiring different standards of review for each. *Baylor v. Mitchell Rubenstein & Assocs., P.C.,* 429 U.S. App. D.C. 221, 227-28, 857 F.3d 939, 945-46 (2017). This distinction reflects the principle that certain matters are too important to be resolved without careful judicial scrutiny. If the relief granted here is dispositive in effect-that is, if it effectively determines the parties' ability to litigate the case-then it cannot be resolved by default under Rule 72(a)'s clearly erroneous standard. It requires de novo review under Rule 72(b). *Id.*

**The Order Violates Attorney-Client Privilege and Work-Product Doctrine**

The magistrate Order requires production of materials that are protected by attorney-client privilege and work-product doctrine. In federal proceedings, the common law as interpreted by United States courts governs a claim of privilege unless the United States Constitution, a federal statute, or rules prescribed by the Supreme Court provide otherwise. F.R.E. 501. The attorney-client privilege protects confidential communications between attorney and client made for the

24

purpose of obtaining or providing legal advice.  Similarly, Federal Rule of Civil Procedure 26(b)(3) protects materials prepared in anticipation of litigation or for trial, including tangible material or its intangible equivalent.  F.R.E. 502.

**The Production Categories Are Overbroad and Necessarily Sweep in Protected Materials**

The magistrate Order requires Lambert to produce all Dominion Litigation Documents, all documents and communications discussing or referencing such documents, and all documents and communications discussing or referencing Dominion on the matter.  That language is extraordinarily broad.  It encompasses not only documents directly related to Dominion's claims but also any communication that mentions Dominion, including internal attorney-client communications, litigation strategy discussions, and work-product materials.

If Lambert discussed litigation strategy with Byrne regarding how to respond to Dominion's claims, such communications would be protected by attorney-client privilege.  The Order's language would capture those protected materials.  If Lambert prepared internal memoranda analyzing Dominion's legal theories or developing defense strategies, such materials would be protected by work-product doctrine. F.R.Civ.P. 26.  Nonetheless, the Order would require production of those materials. If Lambert communicated with other members of the defense team about litigation strategy, such communications would be protected by attorney-client privilege and

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

work-product doctrine.  However, the Order would require production.

The breadth of this requirement necessarily sweeps in protected communications.  The Order attempts to address this concern by requiring a privilege log and sworn affidavit.  However, the requirement to produce a privilege log for materials that discuss or reference Dominion is itself problematic.

**The Privilege Log Requirement Compels Disclosure of Protected Strategy**

A privilege log must describe the materials with sufficient detail to allow assessment of the privilege claim, but it cannot disclose the privileged content. *EEOC v. BDO USA, L.L.P*., 876 F.3d 690, 697 (5th Cir. 2017).  When the universe of potentially privileged materials is as broad as all documents and communications discussing or referencing Dominion, the privilege log itself becomes a vehicle for disclosing protected strategy and communications.  The attorney must describe the materials in sufficient detail that the opposing party can assess the privilege claim, but in doing so, the attorney necessarily reveals the substance of the protected communications.

For example, if Lambert prepared a memorandum analyzing Dominion's legal theories and developing defense strategies, a privilege log entry might need to describe the subject matter of the memorandum in sufficient detail to permit assessment of the privilege claim.  That description, while necessary to allow assessment of the privilege claim, reveals the substance of the protected work

26

product. *Id.*

The Order does not appear to be tailored to the legitimate purposes of discovery. The original disqualification order was based on concerns about disclosure of documents protected by a protective order. The appropriate remedy would be to require production of documents that were actually disclosed in violation of the protective order, not all documents that mention Dominion. The overbroad language suggests the order is designed to compel disclosure of the defense's entire case file, not to remedy a specific violation.

**The Order Violates Federal Rule of Evidence 502**

The Order impermissibly compels disclosure without establishing that any valid waiver of privilege or work-product protection has occurred. Federal Rule of Evidence 502 provides critical safeguards. When disclosure is made in a federal proceeding and waives the attorney-client privilege or work-product protection, the waiver extends to an undisclosed communication or information in a federal or state proceeding only if the waiver is intentional, the disclosed and undisclosed communications or information concern the same subject matter, and they ought in fairness to be considered together. F.R.E. 502.

The order contains no finding that Byrne or counsel intentionally waived any privilege or protection. Absent such intentional waiver, the order cannot compel disclosure on the theory that waiver has occurred. Moreover, the order does not

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

establish that any subject-matter waiver condition is satisfied-that is, that disclosed and undisclosed materials concern the same subject matter and ought in fairness to be considered together.  F.R.E. 502. *US Airline Pilots Ass'n v. Pension Benefit Guar. Corp.*, 274 F.R.D. 28, 31 (D.D.C. 2011).  The order simply demands production across an expansive universe of materials without any such predicate finding.

Additionally, only the client can waive privilege.  The Order's demand that former counsel Lambert produce materials and provide a detailed privilege log and sworn affidavit does not constitute a waiver by the client, Byrne.  Compelling Lambert to produce materials and attest to privilege claims does not transform such production into a knowing, voluntary relinquishment of the privilege by the party entitled to assert it.

**The Order Compels Current Counsel to Disclose Protected Information**

The Order's requirement that current counsel Peter Ticktin answer questions about Lambert's ongoing role, whether she drafted or edited filings, and whether Ticktin accessed Dominion-produced documents and where constitutes an additional and distinct violation of work-product protection.  Those compelled statements concern the internal organization of the defense team, the division of labor among counsel, the drafting and editing of legal filings, and the access to and handling of litigation documents.  These matters are quintessentially work-product territory-they reveal the mental impressions, litigation strategy, and internal

28

decision-making processes of counsel.  F.R.Civ.P. 26.  *Jinks-Umstead v. England*, 227 F.R.D. 143, 153 (D.D.C. 2005).

Compelling Ticktin to provide testimony about these matters effectively converts current counsel into a witness against his own client.  That violates the principle that work-product protection shields not only the tangible materials prepared in anticipation of litigation but also the thought processes and strategic decisions of counsel.  *Wilderness Soc'y v. United States DOI*, 344 F. Supp. 2d 1, 17 (D.D.C. 2004).  When counsel is forced to testify about his own role, his colleague's role, and the handling of litigation materials, the privilege is breached at its core.

**The Order Effects an Unconstitutional Seizure of Defense Materials and Violates Due Process**

The March 31, 2026 magistrate Order imposes a regime that strips the defense of access to its own litigation materials and forces counsel to seek court permission to review documents necessary to litigate the case.  That extraordinary deprivation operates as a discovery sanction without the procedural predicates, findings, or safeguards mandated by the Federal Rules of Civil Procedure.  The Order violates due process by depriving the defense of access to materials essential to the adversarial process without notice, opportunity to be heard, or any articulated standard for regaining access.

29

**The Sequestration Order Functions as an Improper Discovery Sanction**

The Order's practical effect is to impose a severe sanction on the defense by denying access to materials in the defense's possession or control. That sanction regime lacks the procedural safeguards that govern discovery sanctions under the Federal Rules. Federal Rule of Civil Procedure 37 establishes that when a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and seek appropriate sanctions. F.R.Civ.P. 37.

However, the imposition of sanctions is not automatic or discretionary without limits. The Rules contemplate that sanctions must be imposed only after proper notice, an opportunity to respond, and a finding that the predicate for sanctions-a violation of the Rules-has occurred. The central requirement of Rule 37 is that any sanction must be just, which requires in cases involving severe sanctions that the district court consider whether lesser sanctions would be more appropriate for the particular violation. *Conseil Alain Aboudaram S.A. v. De Groote*, Civil Action No. 01-0006 (JDB), 2004 U.S. Dist. LEXIS 30093, at *7-9 (D.D.C. Aug. 31, 2004). *Davis v. D.C. Child & Family Servs. Agency*, 304 F.R.D. 51, 60 (D.D.C. 2014).

The order here contains no express findings of bad faith or willful misconduct in connection with the coercive restrictions imposed. Without such findings, the order cannot be justified as a sanction under the Rules framework. Moreover, the order was entered after treating Dominion's motion as conceded, meaning the

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

defense was not afforded a meaningful opportunity to be heard on the merits of the motion or to contest the factual predicates for such a severe remedy.

**The Regime Violates Due Process by Depriving the Defense of Access to Essential Materials**

The Fifth Amendment protects against deprivation of property without due process of law. The defense's interest in access to its own litigation materials-documents in its possession or control, necessary to mount a defense-constitutes a property interest protected by due process. The sequestration order deprives the defense of this interest by barring access to Byrne, Lambert, and anyone associated with them unless the court authorizes access.

The severity of this deprivation demands a correspondingly robust procedural safeguard. Due process requires notice and an opportunity to be heard that is commensurate with the gravity of the interests at stake. Here, the defense received no notice that such a drastic measure was being considered, no opportunity to present evidence or argument before the order was entered, and no articulated standard or procedure by which access might be regained. The Order provides no timeline, no criteria, and no mechanism for the defense to demonstrate that access should be restored. That absence of procedural regularity violates the fundamental fairness guaranteed by due process.

Furthermore, the regime creates an asymmetry that undermines the

31

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

adversarial process itself. The opposing party receives the production and may review, analyze, and use the materials in preparing its case. The defense, by contrast, is locked out and must petition the court for permission to review its own materials. This asymmetry is not justified by any articulated concern about the defense's conduct; it is simply imposed as a condition of the sequestration order. Such asymmetry is fundamentally at odds with the principle that both parties to litigation should have equal access to the evidence necessary to prepare their cases.

**The Order Fails to Consider Narrower Alternatives**

Rule 26(c) provides the proper mechanism for protecting discovery materials from disclosure or misuse. Under that rule, a party may move for a protective order, and the court may issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. F.R.Civ.P. 26(c). Critically, Rule 26(c) requires that the motion include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. *Id*. The Order here does not reflect any such conferral or any attempt to craft a narrowly tailored protective measure.

Moreover, protective orders issued under Rule 26(c) must be limited in scope and must not restrict dissemination of information if gained from other sources. *EEOC v. Nat'l Children's Ctr.*, 321 U.S. App. D.C. 243, 98 F.3d 1406, 1411 (1996). The sequestration order here goes far beyond a protective order; it is a blanket access

32

denial that prevents the defense from reviewing materials in its own possession. This is not a protective measure designed to prevent misuse of discovery; it is a coercive deprivation designed to exclude the defense from access to materials necessary to litigate.

The Order also fails to consider narrower alternatives that might address any legitimate concern about the handling of materials. For example, the court could have limited Lambert's access while permitting Byrne and other defense counsel to review materials; imposed a targeted clawback procedure allowing the defense to review materials subject to a requirement to identify and return any materials subject to privilege or protection; conducted an in camera review of disputed materials to determine which, if any, should be withheld; or enforced a protective order with specific conditions on use and dissemination, rather than imposing a blanket access denial.

The Order contains no explanation of why any of these alternatives would be insufficient. The absence of such analysis is fatal to the order's validity. A court imposing a severe sanction or restrictive measure must explain why less restrictive alternatives would not serve the legitimate purposes of the order. The magistrate's failure to do so suggests that the Order was entered without the careful deliberation required by the Rules and by due process.

33

**Byrne Did Not Waive His Right to Object**

The March 31, 2026 Order rests on a fundamental misunderstanding of what constitutes waiver in federal civil procedure. The magistrate judge treated the absence of an opposition filing as a concession of Dominion's motion, but this conclusion ignores controlling law on the nature of waiver and the factual circumstances that made filing either impossible or imprudent.

The August 23, 2024, Minute Order construed Byrne's Motion for Stay of Proceedings as a request from both Byrne and his former counsel, Lambert, and denied Byrne's request for a stay, which would have provided Byrne with time to file an Objection.

Waiver is not a passive concept. Courts have recognized that waiver and forfeiture are distinct legal concepts: forfeiture is the failure to make timely assertion of a right, while waiver is the intentional relinquishment or abandonment of a known right. *United States v. Olano*, 507 U. S. 725, 733, 113 S. Ct. 1770, 123 L. Ed. 2d 508 (1993) (quoting *Johnson v. Zerbst*, 304 U. S. 458, 464, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938)).

The distinction matters profoundly here. Mere non-filing-particularly when a stay is in place and filing restrictions may exist-cannot constitute the express, affirmative, decisive, and unequivocal conduct necessary to establish waiver. *In re United States*, 143 F.4th 411, 432 (D.C. Cir. 2025)

34

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

**The Stay and Filing Restrictions Preclude Finding of Intentional Waiver**

The record establishes that a stay was entered specifically to allow objections to the disqualification order.  This stay created a legal framework within which the parties were operating.  Additionally, Lambert was not permitted to file into the docket during the relevant period.  These circumstances fundamentally alter the analysis.  When a party is operating under a stay designed to preserve rights, and when filing restrictions may have prevented submission of opposition, the absence of a filing cannot reasonably be characterized as intentional relinquishment of a known right.

The magistrate judge's Order does not address whether the filing deadline was suspended by the stay, whether filing was practically possible given the asserted restrictions on Lambert's access to the docket, or whether the circumstances permitted Byrne and Lambert to make a deliberate choice to forgo opposition. Without resolving these threshold questions, the court cannot properly infer waiver from non-filing.  The order treats silence as concession without examining whether that silence was the product of legal constraint rather than voluntary abandonment. *Alvarado v. Rainbow Inn, Inc*., 312 F.R.D. 23, 30 (D.D.C. 2015).  Here, the circumstances go beyond excusable neglect-they involve affirmative legal barriers to filing. When a stay is in place and filing restrictions exist, the failure to file is not a matter of neglect but a matter of legal impossibility or constraint.

35

**Distinguishing Between Acting on Merits and Treating Motion as Conceded**

The D.C. Circuit has recognized an important distinction between cases where the district court relies on the absence of a response as a basis for treating the motion as conceded, and cases where the court acts on the merits. *Twelve John Does v. District of Columbia*, 326 U.S. App. D.C. 17, 117 F.3d 571, 577-78 (1997). Where the district court does not exercise its discretion to treat the motion as conceded, but acts on the merits, the concession rule does not appear to be a bar. *Id.*

Here, the magistrate judge explicitly stated that the motion was treated as conceded. However, the extraordinary nature of the relief granted suggests that the court should have acted on the merits rather than relying on procedural default. When the relief sought is dispositive in effect, when it implicates core constitutional and privilege protections, and when it imposes severe restrictions on a party's ability to litigate, the court cannot simply grant the motion by default. The court must examine the merits of the relief requested and determine whether it is appropriate, proportionate, and consistent with the Federal Rules and the Constitution.

**The Disqualification Order Is Not Final and the Magistrate Judge Erred in Enforcing an Interlocutory Order**

The magistrate judge's rationale for lifting the stay rests on a critical error: the premise that because Byrne and Lambert sought appellate review of the disqualification order and that review was denied, they have exhausted their

36

appellate rights and the disqualification order is now enforceable. That reasoning conflates appellate exhaustion with finality and misapplies the law governing interlocutory orders.

The D.C. Circuit's dismissal of the appeal for lack of jurisdiction is itself dispositive evidence that the disqualification order is not a final judgment. The circuit court did not reach the merits of the disqualification; instead, it determined that it lacked jurisdiction to review the order because the order was not final. This jurisdictional holding confirms that the disqualification order remains interlocutory-that is, it does not finally determine the parties' rights and is not ripe for appellate review as a matter of law.

The Supreme Court's denial of certiorari does not transform an interlocutory order into a final judgment. Denial of certiorari is a discretionary act that reflects no judgment on the merits and carries no implication that the lower court's reasoning was correct. The fact that appellate review was sought and denied does not alter the legal status of the underlying order. An order that was interlocutory when the D.C. Circuit reviewed it remains interlocutory after certiorari is denied.

The magistrate judge's reliance on exhaustion as a substitute for finality is unsound. Exhaustion of appellate remedies is a procedural concept distinct from finality. A party may exhaust available appellate remedies and still be subject to an interlocutory order that is not final. The magistrate judge appears to have reasoned

37

that because no further appellate review is available, the disqualification order must now be enforced. But that reasoning inverts the proper legal framework. Finality is a prerequisite to enforcement, not a consequence of exhaustion.

Courts have recognized that disqualification orders in civil cases occupy a narrow and contested space in appellate jurisprudence. The collateral-order doctrine permits immediate appeal of certain prejudgment orders that finally determine claims of right separable from the merits and are too important to be denied review. *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 430-31, 105 S. Ct. 2757, 2761 (1985). However, the doctrine is narrow, and its reach is limited to orders affecting rights that will be irretrievably lost absent immediate appeal. *Id.* The D.C. Circuit's jurisdictional dismissal suggests that it did not view the disqualification order as falling within this narrow exception. The magistrate judge cannot now enforce the order on the theory that appellate exhaustion has rendered it final.

**The Stay Was Entered to Preserve Rights Pending Appellate Consideration**

The stay that preceded the magistrate judge's March 31, 2026 Order was entered to allow objections to the disqualification order. That stay served a critical function: it preserved the status quo and protected the parties' ability to challenge the disqualification through available appellate channels. The stay was not a temporary measure pending a final determination of finality; it was a protective order acknowledging that the disqualification order's status remained contested.

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

When the D.C. Circuit dismissed the appeal for lack of jurisdiction, the proper response was not to treat that dismissal as a final resolution of the disqualification question. Rather, the dismissal meant that appellate review was not available at that stage-a conclusion that reinforces, rather than undermines, the interlocutory nature of the order. The magistrate judge's decision to lift the stay based on appellate exhaustion effectively punishes the parties for seeking review and then treats the unavailability of further review as a reason to enforce an order that was never finally determined.

This reasoning is circular and unjust. It says: You sought appellate review; the court lacked jurisdiction; therefore, the order you sought to appeal is now final and enforceable. But the lack of jurisdiction is itself evidence that the order was not final. The magistrate judge has used the D.C. Circuit's jurisdictional holding as a springboard for enforcement, rather than as a signal that the order remains interlocutory and subject to challenge in the district court.

**The Related Florida Case Demonstrates the Need for Precision in Handling Disqualification Issues**

The related case pending in the Middle District of Florida, *Eric Coomer v. Byrne,* Case No. 8:24-cv-00008-TPB-SPF, provides instructive context. In that case, Judge Thomas Barber, with full awareness of the D.D.C. disqualification order,

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

permitted Lambert to assist counsel of record.[1]  That permission reflects a judicial recognition that the handling of disqualification issues and the role of counsel must be addressed with precision and care, not through sweeping orders entered by default.

Judge Barber's decision to permit Lambert's assistance, despite knowledge of the D.D.C. disqualification, illustrates that disqualification orders do not automatically and universally prevent counsel from participating in related matters. The decision reflects a careful, fact-specific analysis of the circumstances.  By contrast, the magistrate judge's March 31, 2026 Order treats the disqualification as a basis for extraordinary enforcement measures-lifting a stay and treating a motion as conceded-without the careful analysis that the Florida court applied.

Moreover, the Florida case underscores the importance of addressing

---

[1] *Eric Coomer, PhD v. Patrick Byrne et* al., Dkt 216 states:  ENDORSED ORDER: "Plaintiff's Emergency Motion for Protective Order Pursuant to Federal Rule of Civil Procedure 26(c)" (Doc. 190) is granted in part and denied in part. The motion sought to preclude attorney Stefanie Lambert Junttila ("Lambert") from attending depositions or accessing confidential information covered by the protective order entered in this case (Docs. [162-1]; 163) unless and until the Court granted her special motion for admission as counsel for Byrne. The Court effectively granted the motion in part at the February 20, 2025, case management conference in this matter by staying all depositions until Lambert's motion for special admission could be determined. By separate order the Court has now denied Lambert's motion for admission. The Court will not at this time restrict Lambert's attendance at depositions or her receipt of confidential information other than as provided in the protective order but will impose one additional requirement. If Byrne has provided or intends to provide Lambert with any confidential documents or information, Byrne is directed to file with the Court the signed undertaking by Lambert required by the protective order. Failure by Byrne or Lambert to complete the signed undertaking as ordered could subject one, or both, to sanctions including contempt of court. Signed by Judge Thomas P. Barber on 6/10/2025. (EKB)

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

privilege protections and the handling of materials with precision.   F.R.E. 501, F.R.E. 502.   When disqualification issues intersect with questions about counsel's role and access to materials, courts must ensure that any orders protecting privilege or controlling document handling are entered with full consideration of the facts and the parties' rights.   The magistrate judge's Order, entered without opposition and without a merits determination, does not reflect this level of care.

## Conclusion

For the foregoing reasons, the Defendant Patrick Byrne respectfully requests that this Court vacate the March 31, 2026 order issued by Magistrate Judge Moxila A. Upadhyaya in its entirety.

The Order exceeds the magistrate judge's statutory and constitutional authority by imposing dispositive relief-compelled affidavits, wholesale document production, privilege adjudication, and sequestration with access denial-without district judge de novo review.   The Order violates attorney-client privilege and work-product doctrine by requiring production of overbroad categories of documents and by requiring a privilege log that itself discloses protected strategy.   The Order effects an unconstitutional seizure of defense materials by denying Byrne and his counsel access to materials necessary for litigation.   The Order does not comply with the Federal Rules of Civil Procedure, particularly Rule 37 and Rule 26, as it imposes sanctions without findings of non-compliance and lack of substantial justification

41

and requires production of materials that may be protected by privilege. Byrne did not waive his right to object, as a court-ordered stay and filing restrictions prevented timely opposition. The Order improperly enforces an interlocutory disqualification order that is not final and not ripe for enforcement, as the D.C. Circuit dismissed the appeal for lack of appellate jurisdiction, confirming the interlocutory nature of the disqualification order. Finally, the Order improperly compels current counsel to disclose protected information about attorney-client relationships and litigation strategy, forcing counsel to testify against his own client.

Alternatively, if the Court determines that further proceedings are warranted, the Defendant Byrne respectfully requests that this Court stay the March 31, 2026 order and remand the matter to the district court for de novo review under Federal Rule of Civil Procedure 72(b), with full briefing and an opportunity for the defense to respond before any coercive measures are imposed. The district court should be directed to address the threshold questions of waiver and finality, to conduct a merits analysis of any relief sought, to make explicit findings of fact and law supporting any restrictions on access or production, and to consider narrower, less restrictive alternatives to achieve any legitimate discovery objective.

The Defendant Patrick Byrne asserts attorney-client privilege and work-product doctrine protections with respect to all communications and materials related to his representation by Stefanie Lambert and other counsel. The Defendant

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

invokes Federal Rule of Evidence 502 to protect the confidentiality of attorney-client communications and work-product materials. Counsel for the Defendant has an obligation to assert these privileges on his behalf and does so at this time. The assertion of privilege is binding on this Court and requires the Court to respect the privilege protections afforded by law.

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 14, 2026, the foregoing document, was electronically filed with the Clerk of the Court using CM/ECF to serve on all counsel of record.

> */s/ Peter Ticktin*
> Peter Ticktin, Esquire
> Florida Bar No. 887935
> Serv512@LegalBrains.com
> Serv514@LegalBrains.com
> Serv600@LegalBrains.com
> **THE TICKTIN LAW GROUP**
> 270 SW Natura Avenue
> Deerfield Beach, Florida 33441
> Telephone: (561) 232-2222
> *Attorney for Patrick Byrne*

44