# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01513-RMR-NRN
Consolidated with Civil Action No. 23-cv-01522-RMR-NRN

GS HOLISTIC, LLC,

Plaintiff,

v.

VAPORTOKE INC d/b/a COLORADO VAPE & TOKE, and
MONJED ABED,

Defendants.

**ORDER**

**N. REID NEUREITER**
**United States Magistrate Judge**

This matter is before the Court on Plaintiff GS Holistic's ("Plaintiff" or "GS

Holistic") "Notice to Court Regarding Incorrectly Drafted Scheduling Orders," filed on

January 5, 2024. This filing requests an extension of time, to January 19, 2024, within

which to file corrected Scheduling Orders in its various cases, which were due on

December 15, 2023.

This request will be DENIED. Instead, all GS Holistic cases in the District of

Colorado except *GS Holistic, LLC v. Vaportoke Inc. et al*, No. 23-cv-01513-RMR-NRN

(D. Colo. filed June 15, 2023) [hereinafter *Vaportoke*], the lowest numbered case, are

hereby STAYED until further order of the Court. This includes all cases with GS Holistic

as Plaintiff, including those where no defendant has appeared or GS Holistic has sought

entry of default by the Clerk. Once the lowest numbered case is resolved, either by

dismissal, settlement, or trial, the Court will lift the stay on the next lowest numbered

case and GS Holistic will be permitted to prosecute that case. This ruling has become

necessary because GS Holistic and its counsel have proven themselves incapable of

simultaneously prosecuting the many cases they have filed in this District. Therefore, to

the extent GS Holistic continues to desire to prosecute these cases, it will have to do so

one at a time.

## BACKGROUND

In July and August of 2023, Plaintiff GS Holistic filed more than 50 nearly

identical trademark infringement cases against small owners of smoke/head shops or

vape shops in Colorado. From the beginning, based on GS Holistic's approach to these

numerous cases, it appeared that its strategy was more about intimidating small

business owners with the prospect of large adverse judgments than it was about the

proper prosecution of lawsuits by following the Federal Rules of Civil Procedure and the

Local Rules of this Court.

On August 22, 2023, after all the GS Holistic cases were collectively assigned to

Judge Regina M. Rodriguez and me (as magistrate judge) for scheduling and trial, I

issued an Order to Show Cause in every GS Holistic case requiring that Plaintiff show

cause why the cases should not all be stayed pending "submission of a written

verification, under oath, that the Plaintiff or Plaintiff's representative has engaged in

good faith, meaningful, negotiations to resolve the instant dispute with each specific

defendant." *See, e.g., Vaportoke*, Dkt. #11.

I noted in that Order to Show Cause, "For a single lawyer to bring more than fifty

lawsuits within a short period of time raises substantial doubt about the ability of Plaintiff

and its Colorado counsel to actively pursue these cases through the full litigation

2

process." *See id*. at 2. The fact that, soon after filing, Plaintiff moved to continue the scheduling conferences and delay the consent deadlines in many of the cases created the "suspicion that Plaintiff and its counsel lack the means or the desire to actually pursue through the normal litigation process the many cases that have been filed." *See id*. I further explained that "[t]he filing of fifty-plus nearly identical copy-cat lawsuits (all by a single lawyer), presumably without any pre-suit effort at resolution, imposes an extraordinary burden on the judicial system and raises legitimate questions about whether the lawsuits are being brought in good faith or are, instead, a means of litigation blackmail filed by a trademark 'troll.'" *See id*. at 1–2. There was also a fear that Plaintiff was simply not up to the task of litigating these cases properly. Its failure to conduct litigation consistent with the rules had been demonstrated in other districts across the country. *See, e.g., GS Holistic, LLC v. Kinder Combs 7 LLC*, Case No. 3:22-cv-1206-TJC-LLL, 2023 WL 5104701 (M.D. Fla. Aug. 9, 2023) (dismissing six trademark cases filed by GS Holistic for failure of GS Holistic to timely file case management report or timely move for clerk's default or default judgment).

The Show Cause Hearing was held on September 26, 2023. Plaintiff's lead counsel from Florida, Peter David Ticktin, and local counsel from Castle Rock, Christina Gilbertson, appeared on behalf of GS Holistic, as did GS Holistic's principal, Chris Folkerts. Ms. Gilbertson had signed each of the original complaints filed on behalf of GS Holistic. Mr. Ticktin sought to explain GS Holistic's approach to, and reasoning behind, bringing so many relatively low-dollar lawsuits against what appear to be small local businesses. Ms. Gilbertson also explained her role in signing the various complaints in these cases and what efforts she had made to verify the truth of the allegations in the

many complaints. Mr. Ticktin conceded that a number of errors were made, including the filing of two or three lawsuits (sometimes on the same day) against the very same defendants. *See, e.g., Vaportoke*, Dkt. #22. At the Show Cause Hearing, I also heard from defense counsel and some of the shop-owner defendants in these many cases. Defendants and their counsel expressed frustration at the inability to connect with or engage in meaningful settlement discussions with lawyers from Mr. Ticktin's firm, as well as frustration with the boilerplate nature of the cookie-cutter complaints, none of which contained any meaningful individualized detail about the nature of Defendants' conduct, or any factual allegations at all that would tend to support a claim of willfulness of the alleged violations.

Despite Plaintiff's chaotic and admittedly disorganized approach to litigating these cases, I allowed them to proceed. Plaintiff was ordered to move to consolidate any cases involving the same Defendants, and to engage in meaningful, direct settlement communications with any Defendant who had reached out to attempt to discuss settlement. *See id*. In addition, for the remaining live cases, I ordered Plaintiff's counsel to prepare proposed Scheduling Orders consistent with the forms available on the Court's website. Plaintiff's counsel was to circulate the proposed orders to all defense lawyers who entered an appearance in any of these cases, and GS Holistic was to endeavor in good faith to incorporate proposed suggestions or modifications by defense counsel. *See id*. at 4. I set a Scheduling Conference on all the GS Holistic cases for November 17, 2023.

At the November 17, 2023 Scheduling Conference, I spent a significant portion of the day addressing each pending case, and set various deadlines and limits for

4

discovery. *See, e.g., Vaportoke*, Dkt. #29. In cases where an attorney had entered an appearance, Plaintiff's counsel was to circulate to defense counsel a proposed Scheduling Order by December 8, 2023 and file by December 15, 2023, a proposed Scheduling Order reflecting the dates and limits decided at the Scheduling Conference. *See id.*

At the Scheduling Conference, a new Colorado counsel, Mr. Ken Falkenstein, appeared on behalf of Plaintiff. *See, e.g., id.* Shortly thereafter, the previous Colorado lawyer who had filed all these cases on behalf of GS Holistic, Ms. Gilbertson, withdrew from the representation. *See, e.g., Vaportoke*, Dkt. #32.

Alas, even this relatively simple task of filing Scheduling Orders (with dates and limits already decided in open) proved too much for Plaintiff's counsel. Although proposed Scheduling Orders were submitted to the Court on December 15, 2023, most of the proposed orders did not contain the discovery limitations that had been discussed at the scheduling conference. And in two cases (*Vaportoke* and *GS Holistic, LLC v. Daddy Dankz Inc. et al*, No. 23-cv-01772-RMR-NRN (D. Colo. filed July 12, 2023)), two identical and incorrect Scheduling Orders were submitted.

On January 5, 2024, in each of the pending GS Holistic cases, GS Holistic filed the subject document, the "Notice to Court Regarding Incorrectly Drafted Scheduling Orders." In that filing, Plaintiff explained that the law firm primarily responsible for prosecuting these cases on behalf of GS Holistic is the Ticktin Law Group ("TTLG"), based in Florida. Plaintiff admits that "most, if not all, of the scheduling orders that were drafted by TTLG and filed through its local counsel, Ken Falkenstein, contained mistakes." *See, e.g., Vaportoke*, Dkt. #36. These mistakes and "other issues in another

5

court" apparently prompted TTLG to fire the lawyer who was managing its Intellectual Property Department and to "thoroughly examine the way its staff and attorneys had been handling these cases generally, and numerous problems were identified." *See id*. at 1. Plaintiff claims that "personnel changes have been made" and "[s]ystemic changes are also being made to avoid these kinds of issues going forward." *Id*. Plaintiff wants until January 19, 2024 to submit the corrected Scheduling Orders. This will presumably be done by a "new managing attorney assigned to these cases and new systems will be implemented." *See id*. at 2.

This is unacceptable. It seems that the lawyers who are appearing in this Court and signing documents are not the ones doing, or even reviewing, the work. The Court has no confidence that some unnamed new "managing attorney," who has not entered an appearance in this case and is not a member of the bar of the Court, will improve the litigation practices of TTLG or GS Holistic in the District of Colorado. Mr. Ticktin professed errors when he appeared at the Show Cause Hearing, and promised they would be corrected. More errors occurred. The appearance of a new Colorado lawyer on the case suggested there would be improvements in the conduct. That has not happened. Something must be done to reduce the chaos and ensure that justice is served in an orderly fashion consistent with the Court's rules and orders.

## STAY ORDER

A court has broad discretion in managing its docket, which includes decisions regarding issuing stays for all or part of a proceeding. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("[T]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." (citing *Landis v. N. Am. Co.*, 299 U.S.

6

248, 254 (1936))). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55. Recognizing that district courts must exercise moderation in issuing stays, the Supreme Court of the United States has noted that there are no strict rules for the district court to apply, because "[s]uch a formula . . . is too mechanical and narrow." *Landis*, 299 U.S. at 255.

Here, in light if the numerous small-dollar cases filed by GS Holistic in the District of Colorado and the demonstrated inability of GS Holistic to pursue these cases simultaneously, Plaintiff's request that it be given until January 19, 2024 to submit corrected Scheduling Orders is DENIED. Instead, a stay will be issued on all but *Vaportoke*, the lowest numbered case.

Despite its demonstrated inability to simultaneously pursue the multiple cases it has filed in this District, Plaintiff does have an interest in vindicating its legal rights. At the same time, the many Defendants and defense counsel involved in these cases are entitled to an adversary with a lawyer (or lawyers) who has the time and ability to devote individual attention to the specifics of each case, including the individualized consideration of settlement proposals, and timely responses to conferrals that are required under the Local Rules. And, perhaps most important, the Court has a strong interest in these cases proceeding in a coherent way, with predictable deadlines and counsel that are familiar with the Local Rules and are able to follow Court orders in a timely manner.

The best way to ensure that these cases will progress in an efficient, non-chaotic manner is to require that Plaintiff and its counsel move forward one case at a time— starting with the lowest numbered case. Once a case is resolved, either by settlement, dismissal, summary judgment, or trial, then the Court will lift the stay on the next lowest numbered case. Addressing cases seriatim will in some respect mirror the approach of trying "bell-weather" cases in large multidistrict matters. The resolution of the first few cases will provide a roadmap, and perhaps a model, for resolution of later cases. It is apparent to the Court that Plaintiff and its counsel bit off more than they could chew by bringing more than 50 individual lawsuits simultaneously without the staff or wherewithal to competently prosecute all the matters. Going forward, they will now have to take baby bites and demonstrate the ability to digest each case, one at time.

The Court recognizes that a near-universal stay may impose some hardship on specific Defendants, depending on Defendants' individual circumstances. Having a pending lawsuit hanging over one's head can impose some negative consequences on a business. Therefore, if particular Defendants are in agreement and good cause is shown, then the Court would consider lifting stays in other cases on a case-by-case basis. Moreover, since counsel in *Vaportoke* represents Defendants in separate GS Holistic matters, the Court would consider lifting the stay to handle those cases simultaneously.

## CONCLUSION

It is hereby

**ORDERED** that, with the exception of *GS Holistic, LLC v. Vaportoke Inc. et al,* No. 23-cv-01513-RMR-NRN, all cases filed by GS Holistic in this District are hereby

**STAYED**, and no action shall be taken in those cases until further order of the Court. It is further

ORDERED that, with the exception of the deadlines and dates specified as to *GS Holistic, LLC v. Vaportoke Inc. et al,* No. 23-cv-01513-RMR-NRN, all deadlines and dates set at the comprehensive Scheduling Conference held on November 17, 2023 are hereby **VACATED**. It is further

ORDERED that GS Holistic's request in all cases to submit revised, corrected, Scheduling Orders by January 19, 2024 is **DENIED**, except with respect to the case of *GS Holistic, LLC v. Vaportoke Inc. et al*, No. 23-cv-01513-RMR-NRN. GS Holistic shall confer with defense counsel in the *Vaportoke* matter and submit a revised Scheduling Order by January 19, 2024, consistent with what was decided at the November 17, 2023 Scheduling Conference. It is further

ORDERED that the Status Conference currently set for March 1, 2024 at 9:30 a.m. will be limited to discussion of the *Vaportoke* case.

Finally, Plaintiff GS Holistic and its counsel are hereby placed on notice that any future failures to follow the local or federal rules, or orders of the Court, may result in dismissal of the case, or potentially, all cases.

Dated at Denver, Colorado this 12th day of January, 2024.

N. Reid Neureiter
United States Magistrate Judge

9