IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LIBERTY VOTE HOLDINGS
INC. et al.,                                        Case No. 21-cv-02131
                                                    Hon. Carl J. Nichols
                    Plaintiffs,

v.

PATRICK BYRNE,

                    Defendant.
_____/

**MS. LAMBERT'S REPLY IN SUPPORT OF**
**APPEAL TO THE MAGISTRATE JUDGE'S MARCH 31, 2026 ORDER**

Nonparty attorney Stefanie Lambert files this Reply in Support of Appeal to the Magistrate

Judge's March 31, 2026 Order, and states:

Introduction

Magistrate Judge Upadhyaya's March 31, 2026 Order is an unlawful order, that requires

Ms. Lambert to violate several criminal laws including, 18 U.S.C. 1519, and 18 U.S.C. 1512. Ms.

Lambert advised Judge Upadhyaya in April 2024, that the Dominion discovery documents

contained the most serious crimes in US history, and that Ms. Lambert had turned the criminal

discovery documents into law enforcement. Ms. Lambert received several subpoenas and

government requests for the Dominion discovery documents. Ms. Lambert filed several motions

to lift the protective order, but Judge Upadhyaya never ruled on the motions. Rather, Judge

Upadhyaya removed Ms. Lambert as Mr. Byrne's counsel and directed Dominion in August 2024

to "propose a document destruction protocol." The timing of Ms. Lambert's removal was just 5

days after the Department of Justice indicted Smartmatic employees and contractors and was just

weeks after Kamala Harris had announced her candidacy for President. Now, Dominion has yet

again played the identity laundering game, and it has a legal path with the Liberty takeover to

destroy Dominion discovery records just like it did with the Sequoia acquisition. Ms. Lambert's copy of Dominion discovery documents are inconvenient to the criminal enterprise when its co-conspirators are currently under federal indictment. Dominion and Judge Upadhyaya are united in an effort to intimidate Ms. Lambert through unlawful court orders and remove from her possession the very evidence that she said contained the most serious crimes in United States history.

Dominion in its Response brief urges this Honorable Court to join Judge Upadhyaya's conspiracy to remove the evidence from Ms. Lambert's possession, join it quickly, and extort Ms. Lambert if she does not quietly comply. Dominion feigns ignorance of open criminal cases and investigations related to its company, employees, and contractors, but Dominion knows that it was a subcontractor to the Philippines election that is the subject of the Smartmatic indictment, case no. 24-cr-20343.

Dominion has lied to state and federal governments, it has allowed foreign access to United States elections including China, Serbia, and Venezuela, and it has committed serious criminal offenses. The US Department of Justice, and the US intelligence agencies have open cases, and national security investigations related to Dominion/Liberty including identity laundering with Smartmatic/Sequoia. The stakes for Dominion to hide and conceal evidence of its crimes could not be higher, and to Dominion it is worth publicly asking a federal court to do its dirty work.

<u>Government Cases and Investigations</u>

1. *Smartmatic*

The United States Department of Justice unsealed an indictment against Roger Alejandro Pinate Martinez, Jorge Miguel Vasquez, Juan Andres Donato Bautista, and Elie Moreno, on August 8, 2024, case no. 24-cr-20343. The four Smartmatic individuals were charged with bribery and money laundering that involved a slush fund and fraudulent contracts. The four charged

Smartmatic individuals then laundered money through Asia, Europe, and United States. Subsequently, on October 16, 2025, the United States Department of Justice superseded the 24-cr-20343 indictment, and charged Roger Alejandro Pinate Martinez, Jorge Miguel Vasquez, Juan Andres Donato Bautista, and Smartmatic SGO Corporation Limited with violations of the Foreign Corrupt Practices Act, money laundering, international money laundering. Some of the indicted Smartmatic individuals are related to David Moreno of Dominion and worked with Dominion employees and contractors to execute a near identical money laundering scheme with the same vendors subject to the Smartmatic indictment. Moreover, Dominion retained approximately 30 individuals from Smartmatic/Sequoia including Venezuelans such as Ronald Morales. Ronald Morales was deposed as part of this litigation.

Dominion acquired Smartmatic/Sequoia after the CFIUS violation 2006 report by US Congresswoman, Carole Maloney. Rather than provide the required documents to the US government, Sequoia was then acquired by Dominion. Prior to the Dominion identity laundering, Seqouia/Smartmatic operated in the United States utilizing the Venezuelan created technology. Seqouia routinely brought Venezuelans to the United States in addition to the ones living and working here for the company. EXHIBIT 1. Smartmatic/Sequoia's big secrete requiring concealment from the US government was that the Venezuelan government owned almost 30% of Smartmatic. EXHIBIT 2. Smartmatic and Bitza share the same shareholders. EXHIBIT 3 and EXHIBIT 4. Bitza and Smartmatic both utilized the Smartmatic Automatic Electoral Solution (SAES) technology. EXHIBIT 5. The CFIUS investigation required quick action to destroy the Smartmatic/Sequoia documents and the Dominion acquisition was the perfect solution.

Dominion picked up where Smartmatic/Sequoia left off, and used Ronald Morales, Eric Coomer, and David Moreno to transition the Venezuelan methods of remote access data

manipulation to Dominion. Ronald Morales worked on transitioning the Venezuelan HAAT technology to Dominion and Morales worked with the Serbians to engineer methods to transfer ballot images with remote VPN access. The HAAT technology used by Dominion was created in Venezuela and was provided from Caracas to the Denver Smartmatic/Sequioa office along with the Remote Access Server. EXHIBIT 6. Case no. 24-cr-20343 is currently open with a scheduling order spanning through the end of 2026.

2. *Homeland Security and Federal Bureau of Investigations*

Two months prior to the Smartmatic superseding indictment, Homeland Security confirmed, on July 17, 2025, that it had made a referral to the Federal Bureau of Investigations to investigate "election security and systems used in the 2020 election." EXHIBIT 7.

3. *The Director of National Intelligence*

On March 16, 2026, The Director of National Intelligence, Tulsi Gabbard, released, and declassified the January 15, 2020 Memorandum from the National Intelligence Council, NICM 202-003, "Vulnerabilities in US 2020 Election Infrastructure." The "Key Takeaway" is that Russia, China, Iran, and North Korea have the capability to access and potentially manipulate data in the US election-related computer systems." EXHIBIT 8.

The January 15, 2020 Memorandum makes inaccurate conclusions that rely upon the false representations from Dominion to the US government related to the ability to remote access the equipment, foreign involvement with the vendor, and connectivity with the equipment. The Director of National Intelligence has conducted investigations in 2025 related to Dominion and has provided classified reports to the President of the United States.

4. *Nicolas Maduro and Hugo Carvajal*

Nicolas Maduro is charged with Hugo Carvajal Barrios, Director of Military Intelligence

4

of Venezuela and a Deputy in the National Assembly, Case No. 11-cr-205. On December 2, 2025, Hugo Carvajal proffered and disclosed that the head of IT of the National Electoral Council (CNE) reported to Carvajal. Carvajal revealed that Maduro was the senior regime official of the Cartel of the Suns, a narco-terrorist organization. Maduro and his terrorist regime maintained access to US election systems through Smartmatic tools that were deployed to the United States, and "regime operatives maintaining relationships with election officials and voting-machine companies inside your country." Carvajal cautioned "I do not claim that every election is stolen, but I state with certainty that elections can be rigged with software – and has been used to do so." EXHIBIT 9.

Carvajal further warned that "I was present when Russian intelligence came to Caracas to propose to Hugo Chaves that tapping the submarine cables that connect South America to the United States for the purpose of penetrating United States Government communications" and that "I warned Maduro that allowing Russian intelligence to build and run a listening post on La Orchila Island would one day invite American bombs." Maduro allowed Russia to continue spying on the US through the undersea cables utilizing the central switching station allowing Russia full access to telecommunications and US military secrets.

One month after the Carvajal proffer, Maduro was captured on January 3, 2026, by the United States military. He was then transferred to New York where he is charged with narco-terrorism and drug trafficking. The National Assembly of Venezuela invoked the Venezuelan constitution and declared Maduro had usurped power and was not the president of Venezuela. Since 2019, more than 50 countries including the US, have refused to recognize Maduro as Venezuela's head of state. EXHIBIT 10. Maduro recently voluntarily withdrew his Motion to Dismiss Indictment, and this case is open and pending.

Evidentiary Value of Dominion Discovery Documents

The Dominion discovery documents are corroborative evidence of the Nicolas Maduro, Hugo Carvajal, and the Smartmatic federal prosecutions. The Dominion discovery documents contain evidence of a criminal organization that spans almost 2 decades impacting the US elections, and is critical evidence to the FBI, DNI, DHS, and national security investigations conducted by US intelligence agencies. Ms. Lambert received her copy of the Dominion discovery documents provided in the course of this litigation, and she could be asked to testify as to how she came to possess the documents. Additionally, Ms. Lambert could be asked to testify as to the evidentiary value the documents contain of Dominion's criminal acts, and Ms. Lambert's ability to explain piece by piece the relevancy of each document without the ability to see the documents would hinder or prevent her ability to testify.

Moreover, the Dominion documents demonstrate Judge Upadhyaya had bias, perceived bias, and conflicts that were never disclosed, and Ms. Lambert will need to use the documents to address ethical violations with the District of Columbia Ethics Committee.

Judge Upadhyaya Canon 3, and 28 USC § 455 Violations

Magistrate Judge Upadhyaya failed to disclose serious conflicts of interest, impartiality, bias, and perception of bias related to her work prior to her appointment as Magistrate Judge in September 2022. Judge Upadhyaya, and her law firm Venable LLP, previously represented almost every party/witness in this litigation, but Patrick Byrne. Judge Upadhyaya, and her law firm represented Nicolas Maduro, the Venezuelan government, and the co-founders of Staple Street (76.2% ownership of Dominion). EXHIBIT 11. Moreover, Judge Upadhyaya appeared by pro hac vice in California on a federal case with the Venable LLP California office supervised by Doug Emhoff, the Second Gentleman.

6

1. *Judge Upadhyaya and her former law firm represented parties and witnesses involved in the instant litigation:*

   a. *Hootan Yaghoobzdeh:*

   Hootan Yaghoobzdeh, and Cerberus Capital Management, were clients of Venable LLP at the time Judge Upadhyaya worked at Venable and was partner at the firm. Hootan Yaghoobzdeh testified by deposition in this instant litigation, and Judge Upadhyaya presided over all discovery including depositions. Hootan Yaghoobzdeh was Senior Vice President at Cerberus Capital Management, and the co-founded Staple Street (76% ownership of Dominion for 2020). EXHIBIT 12. Venable LLP lobbied for Cerberus Capital Management during Judge Updahyaya's tenure, including Bushmaster Forearms International, Crysler LLC, and Remington Arms. EXHIBIT 13. Hootan Yaghoobzdeh and Staple Street both have an interest in successfully prevailing in this litigation against Mr. Byrne.

   b. *Stephen Owens*

   Stephen Owens, and Carlyle Group were also clients of Venable LLP at the time Judge Upadhyaya worked at Venable and was a partner at the firm. EXHIBIT 14. Stephen Owens was a Managing Director at the Carlyle Group and was also a co-founder of Staple Street. Stephen Owens and Staple Street both have an interest in successfully prevailing in this litigation against Mr. Byrne.

   c. *Nicolas Maduro and the Venezuelan Government*

   Judge Upadhyaya was the attorney of record *Rusoro Mining Ltd. v Bolivarian Republic of Venezuela*, USCA No. 18-7044 (D.C. Cir. Feb 22, 2019). Judge Upadhyaya represented the Venezuelan government and Nicolas Maduro. The

7

critical issue in the case was which firm-Venable or Arnold & Porter-spoke on behalf of the government following the 2018 Venezuelan election given both Maduro and Guaido's claims of victory. Judge Upadhyaya and Venable LLP advocated for Maduro. Maduro is currently indicted on federal charges, and his co-defendant has proffered and confessed that Maduro and Venezuela are currently accessing and interfering with US elections. Maduro has an interest in Dominion prevailing in this litigation against Mr. Byrne. Moreover, Venezuela owns a portion of Smartmatic, and Venezuela has an interest in Dominion prevailing in this litigation to benefit Smartmatic with its criminal federal charges, and civil litigation.

d. *Ronald Morales*

Ronald Morales is a Venezuelan witness was deposed in this litigation, and Judge Upadhyaya presided over all discovery in this instant case.  Ronald Morales lived in Venezuela and worked for Smartmatic in Venezuela. Morales was transferred and given a VISA to work in the US for Smartmatic/Sequoia and then became part of Dominion in the identity laundering. Morales, an engineer, worked with Smartmatic in Venezuela from 2005 to 2007 with "Quality Assurance" title. Prior to working for Smartmatic, Morales worked for Petroleos de Venezuela, and oil company. Maduro was appointed by Hugo Chavez as Minister of Foreign Affairs of Venezuela from 2006 to 2013. Nicolas Maduro had significant control over PDVSA. PDVSA is Venezuela's flagship energy company and is intertwined with the Maduro regime.

8

2. *Judge Upadhyaya worked directly with and for Second Gentleman Doug Emhoff*

   *Personal interest in litigation*

   Judge Upadhyaya filed appearances on cases in California with a pro hac vice status. Doug Emhoff was the managing supervisor of the Venable LLP office working with Judge Upadhyaya on the California litigation. At the time of the filing of the instant case, Doug Emhoff was serving as the Second Gentleman. Mr. Emhoff's wife, Kamala Harris, announced her candidacy for president in July 2024. A reasonable person could perceive bias with Judge Upadhyaya overseeing discovery and issuing critical orders in this case. Mr. Emhoff, and Ms. Harris had a personal interest in Dominion prevailing in the instant litigation against Mr. Byrne. Prevailing would have helped Ms. Harris in her campaign and she certainly would have bragged that her ticket won the 2020 election in a fair manner. A reasonable person could also perceive that it would be likely that Judge Upadhyaya would have likely received a nomination as an Article 3 judge if the Second Gentleman and Ms. Harris took office in January 2025.

This Honorable Court correctly stated in the Senate Judiciary Committee questionnaire at time of nomination to this Court, that judicial conflicts shall be evaluated pursuant to statute and canon. Judge Upadhyaya has violated the of Code of Conduct for United States Judges, Canon 3, and 28 USC § 455. Judge Upadhyaya never disclosed her representation or Venable LLP's representation of Nicolas Maduro, the Venezuelan government, Stephen Ownens and the Carlyle Group, Hootan Yaghoobzdeh and Cerberus Capital Management, or her work with and for Doug Emhoff, the Second Gentleman. The totality of these prior representations, conflicts of interests, and relationships demonstrates actual bias as well as perceived bias.

Judge Upadhyaya, shared with Dominion, the common goal, to destroy and remove

9

Dominion discovery documents from Ms. Lambert's possession, in violation of 18 USC § 1519, and 18 USC §1512. Ms. Lambert has repeatedly represented that anyone attempting to prevent such a reporting a crime is committing obstruction of justice.

Ms. Lambert is not able to blindly accepted evidence without scrutiny, and she certainly cannot participate in covering up criminal acts under a judicial protective order. Moreover, Ms. Lambert would have violated state and federal statutes, including 18 USC § 1519, for concealing documents.

### **Conclusion**

For the foregoing reasons, Ms. Lambert respectfully requests that the Court vacate the March 31, 2026 Order in its entirety. Additionally, Ms. Lambert requestions that this Honorable Court refer Magistrate Judge Upadhyaya to the United States District Court Committee on Grievances for ethical violations stemming from the unlawful March 31, 2026 Order by Judge Upadhyaya that requires Ms. Lambert and Mr. Byrne to violate criminal statutes, 18 U.S.C. 1519, and 18 U.S.C. 1512. Lastly, Ms. Lambert respectfully requests that this Honorable Court remove Judge Upadhyaya in her role as Magistrate Judge in this instant case due to her criminal actions, her ethical violations, and her failure to timely recuse herself and advise the parties of her conflicts of interest or perceived bias related to her past work at Venable LLP.

Respectfully submitted,

*/s/Stefanie Lambert*

Date: May 15, 2026                    Stefanie Lambert Junttila

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 15, 2026, the foregoing document, was electronically

filed with the Clerk of the Court using CM/ECF to serve on all counsel of record.


Date: May 15, 2026

*/s/ Stefanie Lambert*
Stefanie Lambert Junttila

11