**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| LIBERTY VOTE HOLDINGS INC., *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>PATRICK BYRNE,<br><br>*Defendant*. | Civil Action No. 1:21-cv-02131 (CJN) |

**<u>ORDER</u>**

Defendant Patrick Byrne and his former attorney, Stefanie Lambert, appeal an order from Magistrate Judge Upadhyaya, ECF 175, that specifies the next stage of compliance with her earlier order disqualifying Lambert from this case for "intentional, dangerous, and relentless misconduct." ECF 125; ECF 126 at 62.  For the reasons that follow, those appeals lack merit and therefore the Court denies both.

A district court judge "may designate a magistrate judge to hear and determine any pretrial matter pending before the court" except for certain enumerated motions, including motions for injunctive relief, for summary judgment, and to dismiss.  28 U.S.C. § 636(b)(1)(A).  Where a magistrate judge decides a designated pretrial matter, a district court judge "may reconsider" that decision "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.*  As to those matters, the district court judge "affirm[s] the magistrate judge's factual findings or discretionary decisions unless the court is left with the definite and firm conviction that a mistake has been committed" and "review[s] the magistrate judge's legal conclusions . . . de novo." *Nunnally v. District of Columbia*, 243 F. Supp. 3d 55, 63 (D.D.C. 2017) (citation and internal quotation marks omitted).

1

For the list of excepted motions, in contrast, a district court judge may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit . . . proposed findings of fact and recommendations for the disposition." 28 U.S.C. § 636(b)(1)(B). When reviewing such "proposed findings and recommendations," a district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1).

Federal Rule of Civil Procedure 72 further specifies that the standard of review for a magistrate judge's order depends on whether the matter is dispositive. *Compare* Fed. R. Civ. P. 72(a) (directing that a court "must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law" for a magistrate judge's order regarding "a pretrial matter not dispositive of a party's claim or defense"), *with id.* R. 72(b) (providing that a court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to" for "a pretrial matter dispositive of a claim or defense"). "The term 'dispositive motion' includes a motion that, if granted, would result either in the determination of a particular claim on the merits or elimination of such a claim from the case." *Burkhart v. WMATA*, 112 F.3d 1207, 1215 (D.C. Cir. 1997). "While most courts agree that the eight motions set forth in § 636(b)(1)(A) are 'dispositive,' this list has largely been deemed to be illustrative of the matters that could fall within the scope of Rule 72(b), rather than exhaustive." *Baylor v. Mitchell Rubenstein & Assocs., P.C.*, 857 F.3d 939, 946 (D.C. Cir. 2017).

As a threshold procedural matter, Byrne and Lambert object to Magistrate Judge Upadhyaya's disclosure order on the ground that she "exceeded her statutory authority by issuing an order that is dispositive in effect without district judge review." ECF 179 at 15–19; ECF 180 at 11–13. They contend in the alternative that the Court should treat the order "as a

recommendation requiring de novo review." ECF 179 at 19–20; ECF 180 at 14. Both arguments lack merit. The order does not address one of the excluded types of motions, so Magistrate Judge Upadhyaya plainly had statutory authority to issue it in light of the topics referred to her. *See* Min. Order of Jan. 31, 2024; Min. Order of Apr. 15, 2024. In addition, because the order was not dispositive of any claim or defense, she was not required by Rule 72 to issue only a report and recommendation. Nor does that Rule command that this Court must review all aspects of her order de novo. Byrne's and Lambert's suggestion that the order was dispositive "in effect" because it "materially affects" their "claims and defenses and implicates core rights" ignores Rule 72's plain language. ECF 179 at 16. To trigger de novo review, the ruling must be "dispositive of a claim or defense," Fed. R. Civ. P. 72(b)(1), not merely affect a claim or defense. Because the order concerns ensuring compliance with Magistrate Judge Upadhyaya's earlier orders addressing Byrne's and Lambert's discovery violations in this case, rather than resolving any of Byrne's claims or defenses, Rule 72(a)'s more deferential standard of review governs.

Byrne's and Lambert's substantive objections also lack merit. ECF 179 at 20–41; ECF 180 at 14–31. They argue that Magistrate Judge Upadhyaya failed to "make findings that the defense has engaged in conduct warranting such restrictions" and erroneously treated Dominion's[1] motion proposing a document destruction protocol as conceded. ECF 179 at 22. But these contentions ignore the procedural history. The disclosure order was simply the next step in enforcing the disqualification order, which already made extensive findings about Byrne's and Lambert's misconduct, ordered Byrne and Lambert to file affidavits about the scope of the violations of the protective order, and permitted Dominion to propose a protocol for document

---

[1] Although two of the Dominion entities in this suit have amended their legal names to Liberty Vote Holdings Inc. and Liberty Vote USA Inc., *see* ECF 169 at 1, the Court follows the Parties' lead in continuing to refer to Plaintiffs collectively as Dominion.

destruction. *See* ECF 125; ECF 126. Dominion then filed a motion proposing a specific protocol, ECF 146, that Magistrate Judge Upadhyaya later adopted into the disclosure order after Byrne failed to file any opposition to it, ECF 175 at 2; *see also* LCvR 7(b). The August 23, 2024, stay of the deadline for Byrne and Lambert to submit affidavits pursuant to the disqualification order did not prevent Byrne from responding to the protocol motion—both because that stay was limited to the affidavit obligations and expressly denied Byrne's request to stay other parts of the case, *see* Min. Order of Aug. 23, 2024, and because Byrne agreed in a later joint status report that Dominion's motion was "live for the Court's ruling" without suggesting any opposition to it, *see* ECF 167 at 17–18. Magistrate Judge Upadhyaya therefore had a legitimate basis for ruling the way she did in the order challenged here.

Byrne's and Lambert's further arguments protesting the obligations the disclosure order imposes on them are unconvincing. Their contention that the order improperly requires them to turn over privileged documents and work product ignores that the order already addresses this concern by allowing them to create a privilege log. Furthermore, to the extent that they complain that the requirements to transfer and limit access to documents are strict, their well-documented past misconduct justifies such obligations to ensure compliance with court orders. Finally, their suggestion that the disqualification order cannot be enforced because it is not a final order for purposes of appellate jurisdiction, *see* 28 U.S.C. § 1291, is frivolous and suggests a fundamental misunderstanding of basic principles of jurisdiction.[2] For all these reasons, the Court would affirm the disclosure order even under entirely de novo review.

---

[2] To the extent that Byrne and Lambert raise other arguments such as invoking Rule 26(c) and asserting that compliance with the order would expose them to criminal liability under federal obstruction statutes, the Court rejects them as frivolous. Indeed, many of these scattershot contentions lack any citation to law or precedent.

Despite Dominion's request, ECF 183 at 39–44, the Court declines to impose further sanctions on Byrne and his new counsel, Peter Ticktin, at this time. Dominion has put forth concerning allegations about unauthorized access to documents by individuals at Ticktin's firm and Lambert's continued involvement in this case, but the Court believes that Magistrate Judge Upadhyaya is best positioned to adjudicate those issues in the first instance. In fact, parts of the disclosure order will help establish a record for doing just that. Noncompliance and further attempts to evade enforcement of court orders, however, could certainly justify additional sanctions in the future.

Accordingly, it is hereby

**ORDERED** that Byrne's and Lambert's appeals, ECF 179; ECF 180, are **DENIED**; and it is further

**ORDERED** that Byrne, Lambert, and Ticktin shall comply with all the requirements—including the affidavit, production, transfer, privilege log, and response obligations—of the disclosure order, ECF 175, on or before July 15, 2026.

DATE:  July 1, 2026

_____
CARL J. NICHOLS
United States District Judge

5