**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| LIBERTY VOTE HOLDINGS INC., LIBERTY VOTE USA INC., and DOMINION VOTING SYSTEMS CORPORATION, | ) ) ) ) | Civil Action No. 1:21-cv-02131-CJN-MAU |
| Plaintiffs, | ) ) | Judge Carl J. Nichols |
| v. | ) ) ) | **JURY TRIAL DEMANDED** |
| PATRICK BYRNE, | ) ) | |
| Defendant. | ) | |

**PLAINTIFFS' OPPOSITION TO MOTION FOR PERMISSION TO COMPLY
WITH SUBPOENA TO PRODUCE**

**INTRODUCTION**

Stefanie Lambert's "Motion for Permission to Comply With Subpoena to Produce, ECF 166" (Dkt. No. 188) is the latest in a long line of attempts to circumvent the Protective Order governing this litigation. The premise of the motion is simple: Lambert wants this Court's blessing to hand Dominion's protected discovery materials to Joseph Oltmann ostensibly for use in a Colorado defamation case, *Coomer v. Oltmann*, Case No. 2020-cv-034319. The motion should be denied.

Lambert's motion fails for three independent reasons. ***First***, the Protective Order provides a framework for responding to third-party subpoenas, which Lambert has ignored. Paragraph 26 requires Lambert to object to the subpoena and allow Dominion to bear the burden of opposing enforcement—not to seek this Court's "permission" to produce. Dkt. No. 79, Protective Order ¶ 26. Lambert has not shown good cause for any departure from the procedure set out in the Protective Order. ***Second***, Lambert should not even possess the documents at issue. The Court's March 31, 2026 Order (Dkt. No. 175) required Lambert to return or sequester all Dominion Litigation Documents by April 13, 2026. The sequestered documents were to be provided to two identified ESI vendors who were instructed to deny access to Lambert or Byrne. That order has not been stayed, and Lambert has not complied with it. She cannot seek permission to produce documents she was ordered to return. ***Third***, Lambert's proffered justification—that Oltmann needs the documents to impeach Eric Coomer at trial—does not constitute good cause to modify the Protective Order, and her motion's repetition of false conspiracy theories about Dominion and election rigging underscores the continuing need for the Order's protections.

The Court should deny the motion.

1

## BACKGROUND

### I.    The Protective Order

Dominion and Byrne jointly moved the Court to enter the Protective Order in this case. Dkt. No. 45. Paragraph 1 provides that discovery material produced in the litigation "will be used solely for purposes of this Litigation and no Receiving Party will provide Discovery Material to any person or entity (including for any other litigation) or make any Discovery Material public except as permitted by this Order and in this Litigation." Dkt. No. 79, Protective Order ¶ 1.

Paragraph 26 sets the framework for third-party subpoenas: a person in possession of protected discovery who receives a subpoena must (1) give written notice to Dominion within three business days; (2) object to production on the grounds of the Protective Order; and (3) allow Dominion to bear the burden of opposing enforcement. If a court ultimately compels production, the recipient may comply without violating the Order. *Id.* ¶ 26.

### II.    Lambert's Disqualification

On August 13, 2024, Magistrate Judge Upadhyaya issued a 61-page Memorandum Opinion disqualifying Lambert, finding "truly egregious misconduct" including deliberate violations of court rules and orders, public dissemination of Dominion's protected discovery, and continued refusal to confirm she would comply with Paragraph 26's subpoena-objection procedure. Dkt. No. 126, Mem. & Op. at 2–3, 21–24, 32, 39-41. On October 22, 2024, Judge Nichols affirmed, emphasizing that Lambert's history of misconduct posed a "real and continuing risk" that she "might again leak confidential information." Dkt. No. 144 at 5.

### III.    The March 31, 2026 Order (Dkt. No. 175)

On March 31, 2026, the Court entered an Order lifting the prior stay as to document-return obligations and requiring Lambert, by April 13, 2026, to: (a) produce to Dominion all Dominion Litigation Documents in her possession; (b) produce all documents and communications

2

discussing or referencing those documents or their contents, and all documents and communications discussing or referencing Dominion or this matter; (c) serve electronic documents by secure file transfer to be sequestered with iDiscovery Solutions and Innovative Driven, who must deny access to Lambert, Byrne, or their associates absent Court authorization; (d) serve physical documents on Dominion via third-party courier; (e) produce privilege logs and supporting affidavits; and (f) certify compliance by April 14, 2026. Dkt. No. 175 at ¶¶ 4-5. The Order retained jurisdiction over Lambert to ensure compliance with the Status Quo Order, the Protective Order, and the Disqualification Order. *Id.* at ¶ 1. Judge Nichols affirmed. Dkt. No. 191.

As of the date of this filing, Lambert has not complied with the March 31 Order. The Order has not been stayed. Dominion advised the Court of Lambert's noncompliance in its June 24, 2026 Response (Dkt. No. 189).

## IV.    Lambert's Current Motion

On June 17, 2026, Lambert filed the instant motion, stating she was served with a subpoena by Oltmann requiring production of Dominion discovery documents for use in *Coomer v. Oltmann.* Rather than follow the Protective Order's prescribed procedure, Lambert asks this Court to grant her "permission" to produce the documents to Oltmann and Coomer's counsel, Cain & Skarnulis PLLC. Dkt. No. 188.

### LEGAL STANDARD

Courts have broad discretion to enter protective orders to protect litigants from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). A previously issued protective order may be modified within the trial court's informed discretion. *Alexander v. F.B.I.*, 186 F.R.D. 99, 100 (D.D.C. 1998). "Once the court has entered a protective order, it may be modified upon a showing of good cause." *Id.* The party seeking modification bears the burden of proving good cause. *Infineon Techs. AG v. Green Power Techs. Ltd.*, 247 F.R.D. 1, 2 (D.D.C.

3

2005)). To make that showing, the challenging party must "typically" demonstrate "a change in circumstances that obviates the underlying justification for the protective order." *United States v. Ogbenna*, 2023 WL 7384884, at *2 (D.D.C. Nov. 8, 2023) A court may also assess: (1) the nature of the protective order, (2) the foreseeability of the modification, (3) the parties' reliance on the order, and (4) the presence of good cause. *U.S. ex rel. Pogue v. Diabetes Treatment Centers of Am.*, 2004 WL 2009414, at *2 (D.D.C. May 17, 2004).

## ARGUMENT

### I. Lambert Has Not Shown Good Cause and Cannot Circumvent Paragraph 26's Framework.

Lambert's motion does not even attempt to demonstrate "a change in circumstances that obviates the underlying justification for the protective order." *Ogbenna*, 2023 WL 7384884, at *2. The existence of a subpoena is not good cause to lift or modify the Protective Order—particularly where the Protective Order already provides a mechanism for responding to subpoenas.

Paragraph 26 required Lambert to (1) notify Dominion of the subpoena; (2) object to production; and (3) allow Dominion the opportunity to oppose enforcement. Dkt. No. 79, Protective Order ¶ 26. If Oltmann's subpoena were ultimately enforced by a court of competent jurisdiction, either because Dominion did not object or because Dominion's objections were overruled, Lambert could comply without violating the Protective Order. Lambert does not argue that this framework is unworkable. Instead, she bypasses it entirely by asking this Court for "permission" to produce Dominion's documents—a procedure that does not exist in the Protective Order and that this Court admonished Lambert for attempting previously. *See* Dkt. No. 126, Mem. & Op. at 21–22.

Moreover, if Oltmann wants Dominion's documents, the proper channel is for him to subpoena Dominion directly—and he has done exactly that. Oltmann served a nearly identical

4

subpoena on Dominion in the *Coomer v. Oltmann* case, and Dominion has objected and moved to quash in the Colorado court that issued process. The Colorado court is the proper forum to adjudicate those objections. This Court need not—and should not—facilitate collateral discovery in parallel state proceedings by granting Lambert's request.

## II.    Lambert Should Not Possess or Access the Documents and Has Defied the Court's March 31, 2026 Order.

Lambert's motion should be denied for a more fundamental reason: she should not be in possession of the documents at all. The Court's March 31, 2026 Order (Dkt. No. 175) required Lambert to return or sequester all Dominion Litigation Documents by April 13, 2026. That Order has not been stayed. To the contrary, Judge Nichols affirmed it on July 1, 2026. Dkt. No. 191. Lambert has not complied with it. *See* Dkt. No. 189 (Dominion's June 24, 2026 Response).

The March 31 Order required Lambert to produce to Dominion all Dominion Litigation Documents, all communications discussing or referencing those documents, and all materials discussing Dominion or this matter. Electronic documents were to be served via secure file transfer and sequestered with iDiscovery Solutions and Innovative Driven, with access denied to Lambert, Byrne, or their associates absent Court authorization. Dkt. No. 175. Physical documents were to be served on Dominion via third-party courier. Lambert was required to certify compliance by April 14, 2026. *Id.*

Lambert cannot simultaneously defy the Court's return order and seek the Court's permission to produce the very materials she was ordered to surrender. Granting her motion would effectively reward noncompliance with Dkt. No. 175 by allowing Lambert to retain and disseminate documents she has no present authorization to access. The motion should be denied on this basis alone

**III.     Lambert's Impeachment and Truth-Defense Arguments Do Not Justify Lifting the Protective Order.**

Lambert argues that Oltmann needs Dominion's discovery materials to impeach Eric Coomer and present an affirmative truth defense at trial in *Coomer v. Oltmann*. Dkt. No. 188 at 2. This argument does not constitute good cause to modify the Protective Order.

The Protective Order does not prohibit lawful subpoenas served directly on Dominion. Oltmann's desire to use Dominion's documents at trial in a Colorado case is a matter for the Colorado court to adjudicate in response to Oltmann's subpoena to Dominion—which, as noted, is already before that court. Lambert's involvement as an intermediary is unnecessary and, given her history of misconduct with these very documents, inappropriate.

Moreover, Lambert's motion itself demonstrates the continuing need for the Protective Order. The motion devotes seven pages to false conspiracy theories about remote access to voting equipment, foreign nationals, and election manipulation—the same false and inflammatory allegations that form the basis of this defamation litigation, that prompted Dominion to seek the Protective Order in the first instance, and that have endangered Dominion's employees. The motion is a vehicle for the very dissemination the Protective Order was designed to prevent.

Lambert's motion confirms what the Court has found repeatedly: she cannot be trusted to handle Dominion's protected discovery responsibly. The motion should be denied, and the Protective Order should remain in full force and effect.

<strong>CONCLUSION</strong>

For the foregoing reasons, the Court should deny Stefanie Lambert's Motion for Permission to Comply With Subpoena to Produce (Dkt. No. 188). The Court should reaffirm the Protective Order's prohibition on dissemination of discovery materials outside this litigation and

6

should consider whether Lambert's continued noncompliance with the March 31, 2026 Order (Dkt. No. 175) warrants further relief.

Dated: July 1, 2026                             Respectfully submitted,

                                        By:    */s/ Davida Brook*
                                                Davida Brook (D.C. Bar No. CA00117)
                                                **SUSMAN GODFREY L.L.P.**
                                                1900 Avenue of the Stars, Suite 1400
                                                Los Angeles, CA 90067
                                                Tel: (310) 789-3100
                                                dbrook@susmangodfrey.com

                                                Stephen Shackelford, Jr. (D.C. Bar No. NY0443)
                                                Eve Levin (D.C. Bar No. 1672808)
                                                George El-Khoury *(Admitted pro hac vice)*
                                                **SUSMAN GODFREY L.L.P.**
                                                One Manhattan West, 50th Floor
                                                New York, NY 10001
                                                Tel: (212) 336-8330
                                                sshackelford@susmangodfrey.com
                                                elevin@susmangodfrey.com
                                                gel-khoury@susmangodfrey.com

                                                Jonathan Ross (D.C. Bar No. TX0027)
                                                **SUSMAN GODFREY L.L.P.**
                                                1000 Louisiana St., Suite 5100
                                                Houston, TX 77002
                                                Tel: (713) 651-9366
                                                jross@susmangodfrey.com

                                                Edgar Sargent (*Admitted pro hac vice*)
                                                **SUSMAN GODFREY L.L.P.**
                                                401 Union Street, Suite 3000
                                                Seattle, WA 98101
                                                Tel: (206) 516-3880
                                                esargent@susmangodfrey.com

                                                *Attorneys for Plaintiffs*

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of July 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which I understand to have served counsel for the parties.

/s/ Davida Brook
Davida Brook

8