**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

LIBERTY VOTE HOLDINGS INC.,
LIBERTY VOTE USA INC., and
DOMINION VOTING SYSTEMS
CORPORATION,

        Plaintiffs,

v.

PATRICK BYRNE,

        Defendant.

Civil Action No. 1:21-cv-02131 (CJN) (MAU)

## DEFENDANT'S MOTION TO DISQUALIFY MAGISTRATE JUDGE MOXILA A. UPADHYAYA PURSUANT TO 28 U.S.C. § 455 AND INCORPORATED <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

The Defendant, Patrick Byrne, by and through his undersigned counsel, hereby files this

his Motion to Disqualify Magistrate Judge Moxila A. Upadhyaya Pursuant to 28 U.S.C. § 455 and

Incorporated Memorandum of Points and Authorities, and states:

**TABLE OF CONTENTS**

I.   **Introduction** ...........................................................................................................4

II.  **Statement of Facts**.................................................................................................5

    A.  The Magistrate Judge's Role in This Litigation ........................................... 5

    B.  The Magistrate Judge's Prior Representation of the Staple Street Capital Co-Founders ....................................................................................................... 6

    C.  The Magistrate Judge's Prior Representation of Nicolás Maduro................ 6

    D.  The Magistrate Judge's Work Under Douglas Emhoff's Supervision ......... 7

    E.  The Deposition of Ronald Morales and the Smartmatic Continuity at Dominion....................................................................................................... 8

    F.  The Outstanding Affidavit Deadline ........................................................... 8

III. **Legal Standard** .....................................................................................................9

IV.  **Argument**...............................................................................................................10

    A.  The Magistrate Judge Presided Over the Depositions of Two of Her Own Former Clients, and Section 455(a) Requires Her Disqualification................. 10

    B.  The Maduro Representation Requires Disqualification Under Section 455(b)(1) and, in the Alternative, Under Section 455(a)................................. 12

    C.  The Emhoff Supervisory Relationship and the Cumulative Weight of the Magistrate Judge's Prior Relationships Independently Require Disqualification Under Section 455(a)........................................................................................ 14

V.   **Conclusion**...........................................................................................................15

**Local Civil Rule 7(m) Statement** ...............................................................................15

**Certificate of Service**....................................................................................................17

2

## TABLE OF AUTHORITIES

**Cases**

\* *Baker & Hostetler LLP v. U.S. Dep't of Commerce*, 471 F.3d 1355 (D.C. Cir. 2006)  passim

*In re Hawsawi*, 955 F.3d 152 (D.C. Cir. 2020) ............................................................10, 11

\* *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847 (1988) .................................9, 12

*Liteky v. United States*, 510 U.S. 540 (1994).............................................................10, 11

*Rusoro Mining Ltd. v. Bolivarian Republic of Venezuela*, No. 18-7044 (D.C. Cir.)...........6

\* *United States v. Heldt*, 668 F.2d 1238 (D.C. Cir. 1981)....................................................9, 11

\* *United States v. Microsoft Corp.*, 253 F.3d 34 (D.C. Cir. 2001) (en banc) (per curiam) .......9

**Statutes**

\* 28 U.S.C. § 455....................................................................................................... passim

**Rules**

LCvR 7(m) ...............................................................................................................15

**THE TICKTIN LAW GROUP**
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

### Introduction

Magistrate Judge Moxila A. Upadhyaya has presided over every deposition taken in this defamation action.  Two of those depositions were of her own former clients.

Stephen Owens and Hootan Yaghoobzadeh co-founded Staple Street Capital.  Staple Street Capital acquired a seventy-five percent ownership interest in Dominion Voting Systems Corporation ("Dominion") in July 2018 and held that controlling interest through the 2020 election cycle that gave rise to this suit.  The Magistrate Judge represented both men.  She then presided over their depositions and made discretionary rulings that affected the Defendant's ability to question them.

The record does not stop there.  The Magistrate Judge appeared as lead counsel for the Bolivarian Republic of Venezuela on behalf of the government of Nicolás Maduro, and she filed a brief telling a federal court that Maduro "remains the rightful leader of the Republic."  The legitimacy of Venezuelan elections conducted on Smartmatic technology under Maduro is not background detail in this case.  It is the subject of the broadcasts on which the Plaintiffs sue and the subject of the Defendant's truth defense.  The Magistrate Judge also worked on California litigation under the supervision of Douglas Emhoff, who was deposed in this case.

Against that backdrop, the Magistrate Judge removed the Defendant's counsel, Stefanie Lambert, immediately before the scheduled depositions of Kay Stimson and Goren Obradovic, and after Lambert had effectively questioned John Poulos, Dominion's Chief Executive Officer.  The Defendant never examined Stimson or Obradovic.

The Defendant does not contend that the Magistrate Judge harbors actual bias, and he need not.  Section 455(a) asks a different question: whether her impartiality might reasonably be questioned.  28 U.S.C. § 455(a).  A reasonable, informed observer who knew that the Magistrate

**THE TICKTIN LAW GROUP**
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

Judge once owed Owens and Yaghoobzadeh the duties of a lawyer, and who then watched her preside over their depositions, would question her impartiality. That is the whole of the statutory test, and it is met. This Court should disqualify the Magistrate Judge and refer this action to a different Magistrate Judge.

**Statement of Facts**

**The Magistrate Judge's Role in This Litigation**

Magistrate Judge Upadhyaya has presided over all discovery proceedings and depositions in this defamation action. Her rulings have determined which witnesses could be questioned, by whom, on what subjects, and under what constraints.

During discovery, the Magistrate Judge removed the Defendant's counsel, Stefanie Lambert, after Lambert filed a motion to lift a protective order. Before her removal, Lambert had effectively questioned John Poulos and other key witnesses. The removal occurred immediately before the scheduled depositions of Kay Stimson and Goren Obradovic, two witnesses with material knowledge relevant to the Defendant's defenses. The Magistrate Judge prevented Lambert from questioning Stimson and Obradovic.

**The Magistrate Judge's Prior Representation of the Staple Street Capital Co-Founders**

The Magistrate Judge previously represented Stephen Owens and Hootan Yaghoobzadeh, the co-founders of Staple Street Capital. Staple Street Capital acquired a seventy-five percent ownership stake in Dominion in July 2018 and owned that controlling interest through the 2020 election cycle.

Both Owens and Yaghoobzadeh were deposed in this case. Their testimony addressed Staple Street Capital's acquisition of Dominion, the company's governance and operations during the 2020 election, and matters bearing directly on the Plaintiffs' defamation claims and the

5

**THE TICKTIN LAW GROUP**
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

Defendant's truth defenses.  The Magistrate Judge presided over the depositions of her two former clients and made discretionary rulings that affected the Defendant's ability to question them.

**The Magistrate Judge's Prior Representation of Nicolás Maduro**

The Magistrate Judge previously represented Nicolás Maduro, the President of Venezuela, who is now in United States custody.  The representation occurred in *Rusoro Mining Ltd. v. Bolivarian Republic of Venezuela*, No. 18-7044 (D.C. Cir.).  On February 22, 2019, the Magistrate Judge filed an appearance as lead counsel for the Bolivarian Republic of Venezuela on behalf of the Maduro government.

That same day, she filed a response asserting that "President Maduro vigorously disputes that Mr. Guaidó is the President of the Republic and asserts that he remains the rightful leader of the Republic."  The brief further stated that "nor is Mr. Guaidó's place as the legitimate leader of Venezuela assured.  In fact, as a matter of Venezuelan law, there are serious issues with Mr. Guaidó's 'claim [which] derives from a certain creative interpretation of a constitutional provision rather than from popular will or the due process of law.'"

Smartmatic, an election technology company, has operated Venezuela's election systems under the Maduro government through the present.  The integrity of Venezuelan elections conducted using Smartmatic technology is directly relevant to the factual disputes in this action.

The Magistrate Judge's advocacy on behalf of Maduro contradicts positions taken by the Organization of American States ("OAS") and statements made in the broadcasts that form the basis of this action.  On January 10, 2019, the OAS issued a resolution encouraging the international community "to not recognize the legitimacy of Nicolas Maduro's new term as of the 10th of January 2019" following the 2018 election, and it called for "new Presidential elections" because of "an illegitimate electoral process."  One of the allegedly defamatory broadcasts

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

reported on that resolution, stating "that the international community must not recognize Venezuelan elections, adding the Maduro regime will manipulate the outcome of the vote," and quoting Rudy Giuliani: "Smartmatic, which is the ultimate software. originates, your know, with Venezuela, a dictatorship."

**The Magistrate Judge's Work Under Douglas Emhoff's Supervision**

While at Venable LLP, the Magistrate Judge worked on California litigation under the supervision of Douglas Emhoff.  Emhoff was deposed in this case, and his testimony addressed subject matter relevant to this action.

**The Deposition of Ronald Morales and the Smartmatic Continuity at Dominion**

Ronald Morales is a Venezuelan national who previously worked for Petróleos de Venezuela, S.A. ("PDVSA").  Morales worked for Smartmatic on election systems during the government of Hugo Chávez in Venezuela.  He was granted a visa to enter the United States, worked on United States election systems on behalf of Smartmatic and Sequoia, and then worked for Dominion from 2020 through 2024.  Morales continues to work with the same Smartmatic international organization.

Morales was deposed in this case.  These individuals implemented Smartmatic and Sequoia technology and operational protocols into Dominion's systems, an assertion central to the Defendant's truth defenses.

**The Outstanding Affidavit Deadline**

On March 31, 2026, Magistrate Judge Upadhyaya entered an Order requiring the Defendant to file an affidavit detailing information relating to the disclosure or release of documents protected by the Protective Order.  The Order set a deadline of July 15, 2026.

The Defendant's current counsel, Peter Ticktin, entered his appearance on November 14,

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

2025.

## Legal Standard

Section 455 governs the disqualification of federal judicial officers, and it applies by its terms to magistrate judges.  28 U.S.C. § 455(a).  A "proceeding" under the statute "includes pretrial, trial, appellate review, or other stages of litigation."  28 U.S.C. § 455(d)(1).  Discovery is therefore a proceeding to which the statute applies.

Subsection (a) requires a judicial officer to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  The test is objective and requires no proof of actual bias.  A showing of an appearance of bias sufficient to permit the average citizen reasonably to question a judge's impartiality is all that must be demonstrated to compel recusal under section 455.  *United States v. Heldt*, 668 F.2d 1238, 1271 (D.C. Cir. 1981).  Scienter is not an element of a violation of subsection (a), and a judge's own lack of knowledge of a disqualifying circumstance does not eliminate the risk that her impartiality might reasonably be questioned.  *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 859-60 (1988).  "The very purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible."  *Liljeberg*, 486 U.S. at 865.  The D.C. Circuit applies the same objective test and asks whether the circumstances would lead a reasonable, informed observer to question the judge's impartiality.  *United States v. Microsoft Corp.*, 253 F.3d 34, 114 (D.C. Cir. 2001) (*en banc*) (*per curiam*)

Subsection (b)(1) separately requires disqualification where the judicial officer "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  28 U.S.C. § 455(b)(1).

Subsections (a) and (b) occupy different ground, and the difference controls the analysis

8

here.  Subsection (a) "covers situations not addressed by 455(b)."  *Baker & Hostetler LLP v. U.S. Dep't of Commerce*, 471 F.3d 1355, 1357 (D.C. Cir. 2006) (Kavanaugh, J., on motion for recusal).

Where a circumstance falls within the scope of a subsection (b) paragraph, subsection (a) does not require disqualification that subsection (b) withholds, because it would be poor statutory construction to read subsection (a) as nullifying the limitations subsection (b) provides.  *Liteky v. United States*, 510 U.S. 540, 552-53 (1994); *In re Hawsawi*, 955 F.3d 152, (D.C. Cir. 2020).

Where subsection (b) does not speak to the circumstance, subsection (a) governs, and it requires disqualification in "rare and extraordinary circumstances."  *Baker & Hostetler*, 471 F.3d at 1358.

<u>**Argument**</u>

**The Magistrate Judge Presided Over the Depositions of Two of Her Own Former Clients, and Section 455(a) Requires Her Disqualification**

Stephen Owens and Hootan Yaghoobzadeh co-founded Staple Street Capital, which acquired a seventy-five percent controlling interest in Dominion in July 2018 and held it through the 2020 election cycle.  The Magistrate Judge represented both men.  Mr. Yaghoobzadeh was deposed, and Mr. Owens remains a witness in this case, and their testimony address Staple Street Capital's acquisition of Dominion, the company's governance and operations during the 2020 election, and the matters on which the Plaintiffs' claims and the Defendant's truth defenses turn. The Magistrate Judge presided over those depositions.

Section 455(b)(2) does not reach this conduct, and the Defendant does not contend otherwise.  That paragraph disqualifies a judge who "in private practice … served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter."  28 U.S.C. § 455(b)(2).  The matter in controversy is this defamation action.  The Magistrate Judge did not serve as a lawyer in it.  Congress drew the

**THE TICKTIN LAW GROUP**
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

recusal line for prior private practice at the matter in controversy, and judges must respect the line Congress drew. *Baker & Hostetler*, 471 F.3d at 1358.

Subsection (a) is the operative provision, and it applies for the same reason subsection (b)(2) does not. Subsection (b) nowhere addresses a judge who presides over the deposition of her own former client in a different matter. Subsection (a) "covers situations not addressed by 455(b)." *Baker & Hostetler*, 471 F.3d at 1357. The concern that animates *Liteky* and *Hawsawi*, that subsection (a) not be used to nullify limits Congress wrote into subsection (b), is absent here. Enforcing subsection (a) on these facts nullifies nothing. It fills the gap Congress left.

This is the rare and extraordinary case that subsection (a) reserves for itself. An attorney owes a former client duties of loyalty and confidentiality that survive the representation and do not evaporate when the attorney takes the bench. A reasonable, informed observer would know that the Magistrate Judge once owed those duties to Owens and Yaghoobzadeh. That observer would then watch her preside over their depositions and make discretionary rulings that affected the Defendant's ability to question them. The observer need not conclude that she favored them. The observer need only reasonably question whether she could be impartial, and on these facts the observer would. 28 U.S.C. § 455(a); *Heldt*, 668 F.2d at 1271.

The appearance is not abstract. The Magistrate Judge exercised control over the depositions of her former clients and made discretionary rulings that shaped the evidentiary record on which this case will be decided. She removed the Defendant's counsel immediately before the depositions of Kay Stimson and Goren Obradovic, and she did so after that counsel had effectively questioned Dominion's Chief Executive Officer. The Defendant never examined Stimson or Obradovic. A reasonable observer, told that the judge who made those rulings had represented two of the deposed witnesses, would question her impartiality. Section 455(a) asks for nothing

more.

The public interest points the same way.  Permitting a judge to preside over discovery involving her former clients places her in an untenable position and asks the public to accept the fairness of proceedings it has every reason to doubt.  "The very purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *Liljeberg*, 486 U.S. at 865.  Disqualification also protects the Magistrate Judge herself from the accusation that her rulings tracked her former allegiances.

**The Maduro Representation Requires Disqualification Under Section 455(b)(1) and, in the Alternative, Under Section 455(a)**

The Magistrate Judge appeared as lead counsel for the Bolivarian Republic of Venezuela on behalf of the Maduro government and filed a brief asserting that Maduro "remains the rightful leader of the Republic" and that there are "serious issues" with the competing claim to legitimacy. Smartmatic has operated Venezuela's election systems under the Maduro government.  Ronald Morales worked for Smartmatic on Venezuelan elections under Hugo Chávez, then worked on United States election systems for Smartmatic and Sequoia, and then worked for Dominion from 2020 through 2024.  Morales was deposed in this case.  Eric Coomer, Arnao, and others made the same transition and implemented Smartmatic and Sequoia technology and protocols into Dominion's systems.

The legitimacy of Venezuelan elections run on Smartmatic technology under Maduro is a disputed evidentiary fact in this proceeding.  The allegedly defamatory broadcasts said the international community should not recognize Venezuelan elections and that "the Maduro regime will manipulate the outcome of the vote."  The Defendant's truth defense turns on whether those statements, and the concerns about Smartmatic technology and personnel migrating into

11

Dominion's systems, were grounded in fact. The Magistrate Judge did not merely encounter that subject. She took a position on it in a federal court, on Maduro's behalf, and against the OAS finding of "an illegitimate electoral process."

Section 455(b)(1) requires disqualification where a judicial officer has "personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Knowledge the Magistrate Judge acquired representing Maduro on the legitimacy of his government and its elections is knowledge of a disputed evidentiary fact in this case.

At a minimum, subsection (a) requires disqualification on these facts. Subsection (b) does not address a judge who advocated a position on a disputed evidentiary subject for a former client in another forum, so subsection (a) governs. *Baker & Hostetler*, 471 F.3d at 1357. A reasonable, informed observer would know that the Magistrate Judge told a federal court Maduro was Venezuela's rightful leader, and would then be asked to accept her as the neutral arbiter of discovery into whether Venezuelan election technology and personnel compromised Dominion's systems. That observer would question her impartiality. 28 U.S.C. § 455(a). The Defendant does not suggest that the Magistrate Judge personally holds the views she advanced for her client. A lawyer's arguments are her client's. The point is narrower and sufficient: having publicly carried Maduro's brief on the legitimacy of his elections, she cannot now referee a dispute that turns on the same subject without a reasonable observer questioning her impartiality.

### The Emhoff Supervisory Relationship and the Cumulative Weight of the Magistrate Judge's Prior Relationships Independently Require Disqualification Under Section 455(a)

While at Venable LLP, the Magistrate Judge worked on California litigation under the supervision of Douglas Emhoff. Emhoff was deposed in this case. A supervisory relationship between a junior lawyer and a supervising lawyer creates professional bonds that do not disappear

12

when one of them becomes a judge.  A reasonable observer, knowing that the Magistrate Judge answered to Emhoff and later presided over his deposition, could question whether she could assess his testimony and rule on disputes about it impartially.  28 U.S.C. § 455(a).

Standing alone, the Emhoff relationship might not compel disqualification, and the Defendant does not rest on it alone.  It does not stand alone.  The Magistrate Judge represented Owens and Yaghoobzadeh, who were deposed.  She represented Maduro, whose government's elections are the subject of the broadcasts at issue.  She worked under Emhoff, who was deposed. Subsection (a) does not ask a court to evaluate each thread in isolation.  It asks whether the circumstances, taken together, would lead a reasonable observer to question the judge's impartiality, and three prior professional relationships with people and interests running through this record would do so.

That accumulation is what makes this the rare and extraordinary case subsection (a) exists to reach.  *Baker & Hostetler*, 471 F.3d at 1358.  Justice must not only be done but must be seen to be done, and it cannot be seen to be done here.

## Conclusion

The Magistrate Judge presided over the depositions of two of her own former clients in a case that turns on the conduct of the company those clients controlled.  She carried Nicolás Maduro's brief on the legitimacy of Venezuelan elections, and this case turns in part on whether concerns about Venezuelan election technology inside Dominion's systems were true.  She worked under a deposed witness.  A reasonable and informed observer, told all of it, would question whether she could preside impartially.  Section 455(a) requires no more, and it permits no less than disqualification.

WHEREFORE, the Defendant, Patrick Byrne, respectfully requests that this Honorable

13

Court enter an Order granting this Motion; disqualifying Magistrate Judge Moxila A. Upadhyaya from any further proceedings in this action; referring this action to a different Magistrate Judge; relieving the Defendant of the affidavit deadline entered by Magistrate Judge Upadhyaya, and of any other deadline she has imposed, pending reassignment; determining whether any prior ruling should be vacated and discovery reopened before a newly assigned Magistrate Judge; and grant such other and further relief as this Honorable Court may deem just and proper.

14

## LOCAL CIVIL RULE 7(M) STATEMENT

Pursuant to Local Civil Rule 7(m), undersigned counsel attempted to confer with counsel for the Plaintiffs regarding the relief sought in this Motion on July 15, 2026 by email.  Counsel for the Plaintiffs did not respond.  The Defendant is therefore unable to state the Plaintiffs' position and presumes that this Motion is opposed.

Dated: July 15, 2026

Respectfully submitted,

*/s/ Peter Ticktin*
Peter Ticktin
D.C. Bar No. [INSERT D.C. BAR NO.]
Serv512@LegalBrains.com
Telephone: (561) 232-2222
**THE TICKTIN LAW GROUP**
270 SW Natura Avenue
Deerfield Beach, Florida 33441
*Attorney for the Defendant,*
*Patrick Byrne*

15

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 15, 2026, a true and correct copy of the foregoing was

served upon all counsel of record via the Court's CM/ECF electronic filing system.


_/s/ Peter Ticktin_
PETER TICKTIN

16