**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| LIBERTY VOTE HOLDINGS INC., LIBERTY VOTE USA INC., and DOMINION VOTING SYSTEMS CORPORATION, | ) ) ) ) | Civil Action No. 1:21-cv-02131-CJN-MAU |
| Plaintiffs, | ) ) | Judge Carl J. Nichols |
| v. | ) ) ) | **JURY TRIAL DEMANDED** |
| PATRICK BYRNE, | ) ) | |
| Defendant. | ) | |

**PLAINTIFFS' OPPOSITION TO DEFENDANT PATRICK BYRNE'S MOTION TO
DISQUALIFY MAGISTRATE JUDGE UPADHYAYA (ECF NO. 193) AND STEFANIE
LAMBERT'S MOTION TO EXTEND COMPLIANCE WITH JULY 1, 2026, ORDER
AND TO FILE A MOTION TO DISQUALIFY (ECF NO. 194)**

**TABLE OF CONTENTS**

I.     INTRODUCTION ...............................................................................................................1

II.    BACKGROUND ................................................................................................................4

III.   LEGAL STANDARD........................................................................................................8

IV.   ARGUMENT.....................................................................................................................9

        A.     Mr. Byrne's Motion is an Untimely Procedural Weapon Designed to Delay Proceedings and Impugn the Reputation of the Federal Judiciary.........................................................................................................10

        B.     Mr. Byrne's Emhoff Theory Rests on a False Factual Premise and Is Legally Insufficient...........................................................................................11

        C.     The Court Previously Rejected Mr. Byrne's Venezuela Theory in *Smartmatic*.....................................................................................................12

        D.     Mr. Byrne's Staple-Street Theory Lacks Evidentiary Support and Fails to Warrant Disqualification as a Matter of Law. ...................................................14

        E.     Ms. Lambert's Extension Request is Baseless.........................................................16

V.    CONCLUSION................................................................................................................16

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Armenian Assembly of Am., Inc. v. Cafesjian*,
  783 F. Supp. 2d 78 (D.D.C. 2011) ...............................................................2, 9, 10, 15

*Cobell v. Kempthorne*,
  455 F.3d 317 (D.C. Cir. 2006) .........................................................................................8

*Doe v. Rogers*,
  498 F. Supp. 3d 59 (D.D.C. 2020) ...................................................................................8

*In re Aguinda*,
  241 F.3d 194 (2d Cir. 2001)..............................................................................................9

*In re Kaminski*,
  960 F.2d 1062 (D.C. Cir. 1992) ......................................................................................14

*Klayman v. Lim*,
  830 F. App'x 660 (D.C. Cir. 2020) .................................................................................10

*Nat'l Auto Brokers Corp. v. Gen. Motors Corp.*,
  572 F.2d 953 (2d Cir. 1978).......................................................................................4, 15

*Perkins Coie LLP v. U.S. Dep't of Just.*,
  775 F. Supp. 3d 431 (D.D.C. 2025) .............................................................................1, 10

*Philip Morris USA Inc. v. United States Food & Drug Admin.*,
  156 F. Supp. 3d 36 (D.D.C. 2016) ........................................................................ *passim*

*S.E.C. v. Loving Spirit Found. Inc.*,
  392 F.3d 486 (D.C. Cir. 2004) .......................................................................................11

*Sataki v. Broad. Bd. of Governors*,
  733 F. Supp. 2d 54 (D.D.C. 2010) .................................................................................10

*SEC v. Bilzerian*,
  729 F. Supp. 2d 19 (D.D.C. 2010) ...............................................................................8, 9

*Smartmatic USA Corp. v. Herring Networks, Inc.*,
  2023 WL 8697830 (D.D.C. Dec. 16, 2023)......................................................... *passim*

*United States v. Barrett*,
  111 F.3d 947 (D.C. Cir. 1997) ...........................................................................1, 2, 9, 10

*United States v. DeTemple*,
    162 F.3d 279 (4th Cir. 1998) ......................................................................................15

*United States v. Nixon*,
    267 F. Supp. 3d 140 (D.D.C. 2017) ..........................................................................8, 14

*United States v. Pollard*,
    959 F.2d 1011 (D.C. Cir. 1992) ..................................................................................8

*United States v. Siegelman*,
    561 F.3d 1215 (11th Cir. 2009) ...............................................................................2, 9

*Universal City Studios, Inc. v. Reimerdes*,
    104 F. Supp. 2d 334 (S.D.N.Y. 2000).......................................................................9, 10

*US Dominion, Inc. v. Fox News Network, LLC*,
    293 A.3d 1002 (Del. Super. Ct. 2023) .......................................................................13

**Statutes**

28 U.S.C. § 144.........................................................................................................................10

28 U.S.C. § 455(a) ............................................................................................. *passim*

28 U.S.C. § 455(b)(1) .........................................................................................8, 12, 14

28 U.S.C. § 455(b)(2) ...............................................................................................15

**Rules**

L. Civ. R. 7(m)...........................................................................................................2, 7

## I.    INTRODUCTION

At best, Defendant Patrick Byrne moved to disqualify Magistrate Judge Upadhyaya, ECF No. 193, "to manufacture recusal to delay proceedings"—a "threat[]" this Court has recognized as a reason the "presumption" against recusal exists. *Smartmatic USA Corp. v. Herring Networks, Inc.*, 2023 WL 8697830, at *4 (D.D.C. Dec. 16, 2023) (Upadhyaya, J.) (citations omitted). At worst, Mr. Byrne brought his motion as part of a "strategy … to impugn the integrity of the federal judicial system and blame any loss on the decision-maker rather than fallacies in the substantive legal arguments presented." *Perkins Coie LLP v. U.S. Dep't of Just.*, 775 F. Supp. 3d 431, 433 (D.D.C. 2025).

Plaintiffs do not offer these conclusions lightly, but they are clear from both the timing and substance of Mr. Byrne's motion.

Timing: Mr. Byrne moves for Judge Upadhyaya's disqualification only now—nearly ***two and a half years*** after all discovery disputes were referred to her,[1] and after having exhausted and failed in all challenges to Judge Upadhyaya's order disqualifying Mr. Byrne's former counsel Stefanie Lambert and requiring that both Mr. Byrne and Ms. Lambert disclose specific information detailing the scope of their violations of the Court's orders. Rather than comply with this order, Mr. Byrne moved for Judge Upadhyaya's disqualification ***the same day*** his and Ms. Lambert's disclosures were due.

Mr. Byrne's delay alone is a basis for denying this motion—particularly where, as here, the supposed justifications for disqualification were known or could have been known to Mr. Byrne back in January of 2024. Indeed, implied in § 455(a) is the obvious rule that "a litigant must raise the disqualification issue within a reasonable time after the grounds for it are known," *United*

---

[1] *See* Minute Order, Jan. 31, 2024.

*States v. Barrett*, 111 F.3d 947, 951 (D.C. Cir. 1997), and this "rule has been applied when the facts upon which the motion relies are public knowledge, even if the movant does not know them," *Armenian Assembly of Am., Inc. v. Cafesjian*, 783 F. Supp. 2d 78, 87 (D.D.C. 2011), *aff'd*, 758 F.3d 265 (D.C. Cir. 2014) (quoting *United States v. Siegelman*, 561 F.3d 1215, 1243 (11th Cir. 2009) (per curiam)). Mr. Byrne's motion is based on information that was knowable and publicly available years ago. OAN brought the same Venezuela theory (discussed more fully below) in a letter to Chambers on June 5, 2023—only five days after Judge Nichols referred all discovery disputes to Magistrate Judge Upadhyaya in that case—and OAN's letter was published on the public docket on June 23, 2023. *See Smartmatic*, 2023 WL 8697830, at *1; Order, *Smartmatic USA Corp. et al. v. Herring Networks, Inc.*, No. 21-cv-02900-CJN (D.D.C. June 23, 2023), ECF No. 75. And to the extent Mr. Byrne's Emhoff and Staple-Street theories could ever be supported by any facts, the theories arise from Judge Upadhyaya's previous affiliation with Venable, LLP— an affiliation that was a matter of public record long before this case was even filed.

Substance: The motion's lack of substance is at least as devastating to the motion as its belated timing. Mr. Byrne's motion rests on meritless disqualification theories that Judge Upadhyaya previously (i) worked under the supervision of Douglas Emhoff, who was supposedly deposed in this case; (ii) represented the Government of Venezuela in *Rusoro Mining Ltd. v. Bolivarian Republic of Venezuela*, No. 18-7044 (D.C. Cir.); and (iii) supposedly represented Staple Street Capital, the former majority owner of Plaintiffs.

However, Mr. Byrne does not present any evidence in support of these theories.[2] As this Court has held, a party moving for disqualification "must demonstrate by clear and convincing

---

[2] Nor did he articulate any of his theories when attempting to comply with Local Rule 7(m)'s meet-and-confer requirement. Ex. 2.

evidence that a judge has conducted herself in a manner supporting disqualification." *Smartmatic*, 2023 WL 8697830, at \*4. Yet Mr. Byrne does not support his motion with a single exhibit, declaration, or other competent piece of evidence. That failure alone warrants denial.

Even if the Court were to look past this glaring defect, Mr. Byrne's motion is rife with statements so demonstrably false as to suggest that the motion's author does not care about the representations he makes to the Court. As just a few examples:

- Claim: Mr. Byrne asserts—as one of his three bases for recusal—that "[w]hile at Venable LLP, the Magistrate Judge worked on California litigation under the supervision of Douglas Emhoff," and "***Emhoff was deposed in this case***." ECF No. 193 ("Mot.") at 7, 12 (emphasis added).

- Reality: Mr. Emhoff was ***not*** deposed in this or any other case brought by Plaintiffs. He was not even disclosed on any party's list of persons with knowledge. Counsel for Plaintiffs never even thought of Mr. Emhoff in relation to any of these cases, until Mr. Byrne made this bizarre false assertion.

- Claim: Mr. Byrne claims that Judge Upadhyaya "removed [Stefanie Lambert] immediately before the deposition[] of Kay Stimson," and "***Defendant never examined Stimson***." Mot. at 10 (emphasis added).

- Reality: Ms. Lambert ***herself deposed*** Ms. Stimson on August 8, 2024. Ex. 1.

- Claim: Mr. Byrne claims that Judge Upadhyaya "represented" Staple Street Capital and its co-founders Stephen Owens and Hootan Yaghoobzadeh, and that Judge Upadhyaya made "discretionary rulings that affected the Defendant's ability to question them." Mot. at 4.

- Reality: Mr. Byrne cites no evidence of this prior representation. Mr. Hootan Yaghoobzadeh has no memory of himself, Mr. Owens, or Staple Street Capital ever being represented by Venable or Judge Upadhyaya. To be certain, counsel for Plaintiffs checked with Venable, which confirmed that the law firm likewise has no record of any representation of Staple Street Capital or Messrs. Yaghoobzadeh or Owens, whether or not such representation involved Judge Upadhyaya. Moreover, Judge Upadhyaya was not called to rule on any issue during any deposition in this or related cases. When Judge Upadhyaya ruled on anything even relating to a deposition, it was to ***deny*** Plaintiffs' requests that certain depositions proceed remotely. *See* ECF No. 145 at 37:19-38:8.

The motion also should be denied for the following reasons. First, it is simply false that Mr. Emhoff was deposed in this case, and even if he was, courts have consistently held that a judge

3

is not required to recuse based solely on a prior professional relationship with a law firm or attorney. *See Philip Morris USA Inc. v. United States Food & Drug Admin.*, 156 F. Supp. 3d 36, 49-54 (D.D.C. 2016) (denying recusal where, among other things, the judge's former law firm represented party that advocated for the administrative action in dispute). Second, Mr. Byrne's Venezuela theory—that Judge Upadhyaya represented Venezuela in the *Rusoro Mining* case—is a repackaged version of the theory that this Court thoroughly examined and ***rejected*** in *Smartmatic*, 2023 WL 8697830. Mr. Byrne does not acknowledge this decision, much less explain why it would not control. Third, Mr. Byrne's Staple-Street theory does not put forward any evidence that Judge Upadhyaya or her former firm Venable actually represented Staple Street Capital or its founders, and regardless, it is well-settled that "[t]he prior representation of a party by a judge or his firm with regard to a matter unrelated to litigation before him does not automatically require recusal." *Nat'l Auto Brokers Corp. v. Gen. Motors Corp.*, 572 F.2d 953, 958 (2d Cir. 1978).

In sum, between the timing of Mr. Byrne's motion, his glaring misrepresentations, and his failure to cite any evidentiary or legal support, the Court should swiftly deny the motion in its entirety.

The Court also should deny Ms. Lambert's request to extend the time to move to disqualify Judge Upadhyaya. ECF No. 194. The motion she contemplates filing is already blatantly untimely. And Ms. Lambert is not a party or lawyer to any party to this action—her time for filing motions, let alone meritless and duplicative motions, is done.

## II.     BACKGROUND

On August 10, 2021, Plaintiffs filed this defamation action in the wake of Mr. Byrne's false and defamatory statements concerning Plaintiffs' involvement in the 2020 presidential election. ECF No. 1. After the Court denied Mr. Byrne's motion to dismiss, ECF No. 34, the case proceeded to discovery. On January 31, 2024, Judge Nichols referred all discovery issues to Judge

4

Upadhyaya. Minute Order, Jan. 31, 2024.

The parties proceeded to negotiate a strict Protective Order in this and related cases, providing that all discovery material produced in the litigation (whether stamped confidential or not) would be used "solely for purposes of this Litigation and no Receiving Party will provide Discovery Material to any person or entity (including for any other litigation) or make any Discovery Material public except as permitted by this Order and in this Litigation." ECF No. 79 at ¶ 1. Mr. Byrne expressly agreed to that Protective Order. ECF No. 45.

In March 2024, Plaintiffs discovered that Stefanie Lambert, before entering an appearance in this matter, had already begun representing Mr. Byrne, had obtained access to Plaintiffs' document productions, and had violated the Protective Order by filing Plaintiffs' documents in her Michigan criminal case and sharing them with a Michigan sheriff, Dar Leaf, who then posted the documents on X. ECF No. 126 at 8-9, 12-13, 45-46.

That conduct caused protracted litigation about the scope and extent of Ms. Lambert's and Mr. Byrne's breaches, whether Ms. Lambert could remain as counsel, and what further sanction should befall Mr. Byrne.[3] In resolving these issues, the Court held two multi-hour hearings, reviewed approximately 2,500 pages of briefing and exhibits, and provided Ms. Lambert with a multi-month period to demonstrate she could abide by this Court's orders. After Ms. Lambert failed to demonstrate she could do so, Judge Upadhyaya disqualified her on August 13, 2024, in a 62-page opinion. ECF Nos. 125, 126.

Relevant here, Judge Upadhyaya's disqualification order also ordered Ms. Lambert and Mr. Byrne to provide a full accounting—in the form of sworn affidavits—detailing the scope of

---

[3] The record is replete with evidence and argument demonstrating Ms. Lambert and Mr. Byrne's non-compliance with the Court's rules and orders. *See, e.g.*, ECF Nos. 75, 82, 102, 105, 108, 113, 118, 122, 125, 126, 128, 135, 141, 144, 146, 149, 151, 154, 155, 165, 167, 175, 189, 191.

their unauthorized disclosures. ECF No. 125 at 2. The Court also authorized Plaintiffs to propose a document destruction protocol. *Id.* at 3. On August 20, 2024, Plaintiffs proposed that protocol. ECF No. 128. On November 1, 2024, after the Court denied Mr. Byrne's objections to the disqualification order, ECF No. 144, Plaintiffs filed a motion requesting that the Court set a new deadline for Ms. Lambert and Mr. Byrne to comply with the affidavit requirement (which was stayed pending his objections, Minute Order, Aug. 23, 2024) and enter the previously proposed protocol, ECF No. 146.

The Court did not have the opportunity to order a new affidavit compliance date, nor enter the document destruction protocol, until recently. That is because Mr. Byrne and Ms. Lambert serially challenged the disqualification order, including through a motion for reconsideration, an appeal to the D.C. Circuit, and a petition for certiorari to the U.S. Supreme Court, all of which were denied. ECF No. 144 (affirming disqualification), ECF No. 154 (denying reconsideration); Per Curiam Order, No. 24-7195 (D.C. Cir. Mar. 24, 2025) (dismissing appeal); Per Curiam Order, No. 24-7195 (D.C. Cir. June 9, 2025) (denying en banc review); Order, No. 25-281 (U.S. Nov. 10, 2025) (denying certiorari).

After those challenges were exhausted, Judge Upadhyaya entered Plaintiffs' document destruction protocol on March 31, 2026, and set a deadline for Mr. Byrne and Ms. Lambert to comply with all outstanding orders, including the disqualification order's affidavit requirement by April 13, 2026. ECF No. 175.

Rather than comply, Mr. Byrne—through his new counsel, Peter Ticktin—appealed this order to Judge Nichols. ECF No. 179. Ms. Lambert filed a separate appeal, raising essentially the same arguments as Mr. Byrne. ECF No. 180.

On July 1, 2026, Judge Nichols found both "appeals lack[ed] merit" and "denie[d] both."

6

ECF No. 191 at 1. Judge Nichols further ordered Mr. Byrne to "comply with all the requirements—including the affidavit, production, transfer, privilege log, and response obligations—of the disclosure order, ECF 175, on or before July 15, 2026." *Id.* at 5. The Court warned that "[n]oncompliance and further attempts to evade enforcement of court orders … could certainly justify additional sanctions in the future." *Id.*

Rather than provide the long-ordered affidavit, Mr. Byrne instead moved to disqualify Judge Upadhyaya on the very day he was ordered to submit his affidavit. ECF No. 193. In his prayer for relief, Mr. Byrne asks the Court to "reliev[e] [him] of the affidavit deadline entered by Magistrate Judge Upadhyaya," Mot. at 14—even though Judge Nichols had independently affirmed the requirement and set the most recent deadline.

Moreover, prior to filing this motion, Mr. Byrne did not comply with the meet-and-confer requirement of Local Rule 7(m), which requires "counsel [to] discuss the anticipated motion with opposing counsel in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement." Rather than attempt to confer in good faith, Mr. Byrne's counsel, David Perry, emailed Plaintiffs' counsel at 5:09 p.m. EST on the day of the filing: "Dr. Byrne intends to file a motion to disqualify the magistrate judge on grounds of impropriety. Do you oppose the relief sought?" Ex. 2. At 7:07 p.m. EST, Plaintiffs' counsel responded: "It is impossible to evaluate your request based on the information provided, which does not satisfy this Court's meet and confer requirements. In any event, based on the information provided, Dominion objects." *Id.* Rather than provide additional information to Plaintiffs, Mr. Byrne filed his motion at or around 11:56 p.m. EST. Ex. 3. In it, Mr. Byrne falsely represented to this Court that "undersigned counsel attempted to confer with counsel for the Plaintiffs regarding the relief sought in this Motion on July 15, 2026 by email," but that "Counsel for the Plaintiffs did

not respond" and thus Mr. Byrne is "unable to state the Plaintiffs' position." Mot. at 15.

Ms. Lambert also did not comply with the Court's disclosure order. The very day her disclosure obligations came due, Ms. Lambert moved for a fourteen-day extension to move to disqualify Judge Upadhyaya. ECF No. 194. She, too, failed to meet and confer with Plaintiffs' counsel about her extension request. Instead, Ms. Lambert emailed Plaintiffs' counsel that she "intend[s] to file a motion today requesting disqualification of Magistrate Upadhyaya due to conflict," which Plaintiffs opposed, without stating that she would seek an extension of her court-ordered deadline to provide an affidavit. Ex. 4.

## III.    LEGAL STANDARD

Mr. Byrne seeks disqualification under 28 U.S.C. §§ 455(a) and (b)(1). Section 455(a) requires a judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455(b)(1) requires a judge to recuse "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."

Recusal is reserved for "truly extraordinary cases." *Doe v. Rogers*, 498 F. Supp. 3d 59, 77 (D.D.C. 2020) (quoting *Cobell v. Kempthorne*, 455 F.3d 317, 332 (D.C. Cir. 2006)). Recusal motions "should not be 'lightly granted.'" *United States v. Nixon*, 267 F. Supp. 3d 140, 146 (D.D.C. 2017) (quoting *United States v. Pollard*, 959 F.2d 1011, 1023 (D.C. Cir. 1992)). "[B]ecause judges are presumed to be impartial, the Court must begin its analysis of the allegations supporting … a request [for recusal] with a presumption against disqualification." *Philip Morris USA*, 156 F. Supp. 3d at 43 (quoting *SEC v. Bilzerian*, 729 F. Supp. 2d 19, 22 (D.D.C. 2010)). "To overcome this presumption, the moving party must demonstrate by clear and convincing evidence that a judge has conducted herself in a manner supporting disqualification." *Smartmatic*, 2023 WL 8697830, at *4. "[T]he grounds asserted in a recusal motion must be scrutinized with care, and

8

judges should not recuse themselves solely because a party claims an appearance of partiality." *Id.* (quoting *In re Aguinda*, 241 F.3d 194, 201 (2d Cir. 2001)).

"To deter unhappy litigants from abusing the recusal statute and to promote faith in the judicial system, courts have emphasized that a judge has as much an obligation not to recuse himself where there is no reason to do so as he does to recuse himself when proper." *Id.* (quoting *Bilzerian*, 729 F. Supp. 2d at 22). "The burden this presumption places on parties seeking recusal is necessary in light of the grave threats that potential abuses of this potent statutory tool pose to the judicial system." *Id.* (quoting *Bilzerian*, 729 F. Supp. 2d at 22).

"[A] litigant must raise the disqualification issue within a reasonable time after the grounds for it are known." *Barrett*, 111 F.3d at 951. This "rule has been applied when the facts upon which the motion relies are public knowledge, even if the movant does not know them." *Armenian Assembly of Am.*, 783 F. Supp. 2d at 87 (quoting *Siegelman*, 561 F.3d at 1243). In other words, litigants are "charged with knowledge of all facts known or knowable, if true, with due diligence from the public record or otherwise." *Id.* (quoting *Universal City Studios, Inc. v. Reimerdes*, 104 F. Supp. 2d 334, 349 (S.D.N.Y. 2000)).

## IV.    ARGUMENT

Mr. Byrne cites no evidence supporting any of his asserted disqualification theories—not a single exhibit, declaration, affidavit, or other form of evidence. Mr. Byrne has thus fallen far short of satisfying his burden to "demonstrate by clear and convincing evidence that [Judge Upadhyaya] has conducted herself in a manner supporting disqualification," *Smartmatic*, 2023 WL 8697830, at *4. The Court can deny his motion on this basis alone.

But even if the Court were to look beyond that issue, Mr. Byrne's motion fails for many other reasons: (A) his motion is untimely; (B) the Emhoff theory lacks evidentiary support, rests on a falsehood, and does not legally support disqualification; (C) the Venezuela theory was already

9

carefully considered and rejected by this Court; and (D) the Staple-Street theory lacks evidentiary support, rests on a falsehood, and does not support recusal under the law in any event.

### A. Mr. Byrne's Motion is an Untimely Procedural Weapon Designed to Delay Proceedings and Impugn the Reputation of the Federal Judiciary.

Mr. Byrne's motion is not a good-faith recusal request but instead a "procedural weapon" that is designed, at best, to delay proceedings and, at worst, "to tarnish the reputation of a federal judge." *Perkins Coie*, 775 F. Supp. 3d at 434 (citation omitted) (denying motion for disqualification under § 455). He brought the motion because, "[w]hen you can't attack the message, attack the messenger." *Id.* at 432.

Having exhausted and failed in all other attempts to avoid compliance with the Court's long-standing disclosure requirements, Mr. Byrne brought his motion the day his affidavit was finally due to the Court—and worse, based on supposed facts he could have brought to the Court's attention more than two years ago.

As explained above, § 455(a) requires a litigant to raise recusal issues within a reasonable time, *see Barrett*, 111 F.3d at 951, and litigants are "charged with knowledge of all facts known or knowable, if true, with due diligence from the public record or otherwise," *Armenian Assembly of Am.*, 783 F. Supp. 2d at 87 (quoting *Universal City Studios*, 104 F. Supp. 2d at 349). Courts in the D.C. Circuit have thus found recusal motions untimely where they were delayed by only "three months," *Sataki v. Broad. Bd. of Governors*, 733 F. Supp. 2d 54, 61 (D.D.C. 2010) (motion brought under 28 U.S.C. § 144), or "almost a year," *Klayman v. Lim*, 830 F. App'x 660, 663 (D.C. Cir. 2020) (motion brought under §§ 144 and 455(a)).

Mr. Byrne filed his motion 896 days after Judge Nichols referred all discovery disputes to Judge Upadhyaya, *see* Minute Order, Jan. 31, 2024, relying on information that was knowable and publicly available years earlier. As explained further below, OAN raised the identical Venezuela

10

theory in a letter to Chambers on June 5, 2023—just five days after the referral to Judge Upadhyaya—and that letter was docketed publicly on June 23, 2023. *See Smartmatic*, 2023 WL 8697830, at *1; Order, *Smartmatic USA Corp. et al. v. Herring Networks, Inc.*, No. 21-cv-02900-CJN (D.D.C. June 23, 2023), ECF No. 75. And to the extent Mr. Byrne's Emhoff and Staple-Street theories rest on any facts at all, those facts stem from Judge Upadhyaya's affiliation with Venable LLP—an affiliation that was a matter of public record long before the referral.

Mr. Byrne's delay, measured against information available to him from the outset, is precisely the kind of untimeliness that forecloses relief under § 455(a). In fact, while Plaintiffs are not seeking sanctions at this time, the D.C. Circuit has affirmed Rule 11 sanctions against a party who brought a recusal motion "two years after" the first event supposedly giving rise to recusal and "six months after the last." *S.E.C. v. Loving Spirit Found. Inc.*, 392 F.3d 486, 492-93 (D.C. Cir. 2004). As the D.C. Circuit explained, the "motion was not only untimely, but blatantly so," as "no case we know of permitted a delay even remotely as long as the one at issue here." *Id.* at 494. The same can be said of Mr. Byrne's motion.

### B. Mr. Byrne's Emhoff Theory Rests on a False Factual Premise and Is Legally Insufficient.

Mr. Byrne argues that Judge Upadhyaya should be disqualified under § 455(a) because "[w]hile at Venable LLP, the Magistrate Judge worked on California litigation under the supervision of Douglas Emhoff," and "***Emhoff was deposed in this case***." Mot. at 4, 12 (emphasis added). This claim is false. Mr. Emhoff was ***not*** deposed in this case, and Mr. Byrne has not articulated how or why Mr. Emhoff is relevant. Counsel for Plaintiffs never considered Mr. Emhoff in relation to this or any other related defamation case—at least not until Mr. Byrne made this bizarre false assertion. Moreover, Mr. Byrne cites no evidence that Judge Upadhyaya worked with or under the supervision of Mr. Emhoff. Nor would such a prior professional relationship warrant

disqualification in any event. *See Philip Morris USA*, 156 F. Supp. 3d at 49-54 (denying recusal where, among other things, the judge's former law firm represented party that advocated for the administrative action in dispute).

    **C.     The Court Previously Rejected Mr. Byrne's Venezuela Theory in *Smartmatic*.**

Mr. Byrne argues that Judge Upadhyaya should be disqualified under §§ 455(a) and 455(b)(1) because she represented Venezuela in the *Rusoro Mining* matter. Mot. at 6-7. But that theory is not new. It is the same recusal theory OAN advanced and lost in *Smartmatic*, 2023 WL 8697830.

Section 455(a): As Judge Upadhyaya explained in *Smartmatic*, § 455(a) does not warrant recusal based on her involvement in the *Rusoro Mining* matter because "a reasonable and fully-informed observer would not question my impartiality in this case based on my involvement in the *Rusoro Mining* appeal." *Id.* at *7.

> I was counsel in the *Rusoro Mining* appeal for approximately 17 days, from February 22, 2019 through March 11, 2019. *See generally Rusoro Mining* (18-7044) docket; ECF No. 91 at 6:17–7:1. My representation in the *Rusoro Mining* case was brief and limited to that period of time. *See id.* During my involvement in that case, there was no litigation or adjudication about any voting technology used in the 2020 U.S. election (which had not yet occurred), Smartmatic or otherwise; OANN; any voting technology used in the Venezuelan 2018 election; or the Maduro administration's alleged involvement in any voting company or technology.
>
> Moreover, during the representation, there was no development of facts or evidentiary issues on appeal. *See* ECF No. 91 at 7:2–9. I was not involved in any discovery or fact development at any time. *See id.* I was not involved in this case after Venable withdrew on March 11, 2019. *See id.* I have no personal knowledge of any facts in this case. *See id.* at 7:10–15. I have no personal knowledge of any facts relating in any way to any elections in Venezuela at any time, any voting machines used in those elections, or the ownership of any voting technology companies. Apart from my involvement in *Rusoro Mining* as stated, I have no connection past or present,

12

> personal or professional, to Venezuela. *See id.* I have no connection
> to any party or lawyer in this case. *See id.*

*Id.*

As Judge Upadhyaya further explained, "[d]uring the time I was involved in *Rusoro Mining*, one legal issue was raised: which firm—Venable or Arnold & Porter—spoke on behalf of the government following the 2018 Venezuelan election given both Maduro and Guaido's claims of victory?" *Id.* "The legal issue had nothing to do with Smartmatic, OANN, OANN's allegedly defamatory statements, or the 2020 U.S. election." *Id.*

Mr. Byrne does not mention this decision, much less explain why it would not control. It does. As in *Smartmatic*, "[t]he crux of this case [is Plaintiffs'] challenge to statements [Mr. Byrne] made regarding [Plaintiffs'] alleged involvement in the 2020 U.S. election." *Id.* "Significantly, the actual outcome of the 2018 Venezuelan election is not a disputed issue at trial," and Judge Upadhyaya "will not be asked to rule upon the outcome of or any disputed issues relating to the 2018 Venezuelan election." *Id.* "Neither the Maduro government nor any other entity acting on behalf of the government of Venezuela is a party to this suit, and no party has alleged that he or anyone acting on his behalf would be a witness in this case." *Id.*

Mr. Byrne's version of the Venezuela theory is, if anything, weaker than OAN's. The *Smartmatic* case at least involved Smartmatic—the company Mr. Byrne uses here as the first link in his conspiratorial chain running from the Chavez regime to Plaintiffs. Mot. at 6-7, 11-12. Plaintiffs are ***not*** Smartmatic, and Mr. Byrne's attempt to conflate the two is baseless. *See US Dominion, Inc. v. Fox News Network, LLC*, 293 A.3d 1002, 1038 (Del. Super. Ct. 2023) (granting summary judgment on falsity of statement that Plaintiffs were "owned by a company founded in Venezuela [Smartmatic] [allegedly] to rig elections for Hugo Chavez").

Section 455(b)(1): Nor does § 455(b)(1) warrant recusal. As Judge Upadhyaya previously explained in the *Smartmatic* matter:

> I have confirmed on the record that I have no personal knowledge about any of the allegations or disputed evidentiary facts in this case. OANN argues that, because the sole substantive filing in which I relayed legal arguments on behalf of Venable's client in the *Rusoro Mining* case cited a *New York Times* article that discussed the 2018 election in Venezuela, I must have personal knowledge of disputed facts at issue in ***this*** litigation. Not only is this inaccurate (as stated above), this unsupported statement is insufficient to meet OANN's high burden. None of the statements in the February 22, 2019 Response to Motion to Stay discuss OANN, voting technology used in any election, or the Venezuelan government's connection (or lack thereof) with any voting machine company. Nor does OANN cite any authority to support its claim that § 455(b)(1) requires my recusal in this circumstance. As such, recusal is not warranted under § 455(b)(1). *See Nixon*, 267 F. Supp. 3d at 147 (holding that a "judge should not grant a motion for recusal that is 'based upon conclusory, unsupported or tenuous allegations'") (quoting *In re Kaminski*, 960 F.2d 1062, 1065 n.3 (D.C. Cir. 1992) (per curiam)).

*Smartmatic*, 2023 WL 8697830, at *5 (emphasis in original). Mr. Byrne cites no evidence contradicting Judge Upadhyaya's statements in *Smartmatic*, and Plaintiffs are aware of no such evidence.

### D.    Mr. Byrne's Staple-Street Theory Lacks Evidentiary Support and Fails to Warrant Disqualification as a Matter of Law.

Mr. Byrne argues that Judge Upadhyaya should be disqualified under § 455(a) because she previously represented Staple Street Capital and its co-founders Hootan Yaghoobzadeh and Stephen Owens. Mot. at 4-6, 9-11. But he cites no evidence supporting this purported prior representation. Plaintiffs also reached out to Venable, LLP, which stated that the firm has no records of any prior representation of Staple Street Capital or Messrs. Yaghoobzadeh or Owens, regardless of whether such representation involved Judge Upadhyaya.

14

And regardless, the theory also fails as a matter of law. Mr. Byrne concedes that "Section 455(b)(2) does not reach this conduct" because Judge Upadhyaya "did not serve as a lawyer in [this defamation action]." Mot. at 6. And, leaving aside that Staple Street Capital is not a party in this case, numerous courts have held that § 455(a) does not require recusal even when a judge previously represented a party in an unrelated matter. *See Armenian Assembly of Am.*, 783 F. Supp. 2d at 89 (collecting cases holding 455(a) did not require recusal even when a judge previously represented a witness or party in an unrelated matter; the case involved a judge's alma mater; or the judge previously belonged to organizations that advocated for positions advanced by a party to the instant case); *Philip Morris USA*, 156 F. Supp. 3d at 49-54 (denying recusal where, among other things, the judge's former law firm represented party that advocated for the administrative action in dispute); *United States v. DeTemple*, 162 F.3d 279, 286-88 (4th Cir. 1998) (affirming denial of recusal motion where judge and his former law firm had represented creditor in Chapter 11 case underlying charge of bankruptcy fraud against defendant). Indeed, "[t]he prior representation of a party by a judge or his firm with regard to a matter unrelated to litigation before him does not automatically require recusal." *Nat'l Auto Brokers Corp.*, 572 F.2d at 958. These cases control.

The record also contradicts Mr. Byrne's suggestion that Judge Upadhyaya protected Messrs. Yaghoobzadeh or Owens from meaningful examination by making "discretionary rulings that affected the Defendant's ability to question them." Mot. at 4. Judge Upadhyaya was not asked to issue any rulings relating specifically to Mr. Yaghoobzadeh's deposition. When Plaintiffs moved to quash the deposition subpoena of Mr. Owens to prevent him from having to sit for a second deposition across these cases, Judge Upadhyaya ***denied*** it and ordered that his deposition must proceed and proceed in person. ECF No. 145 at 37:19-38:10.

15

Nor did Ms. Lambert's disqualification keep Mr. Byrne from examining those witnesses. Ms. Lambert deposed Mr. Yaghoobzadeh on July 23, 2024. Ex. 5. Before her disqualification, Ms. Lambert was offered the opportunity to depose Mr. Owens via Zoom on July 19, 2024, but she declined to do so. Ex. 6. OAN later issued a second deposition subpoena for Mr. Owens, and the Court denied Plaintiffs' motion to quash, ordering the deposition to proceed in person. Dkt. 145 at 37:19-38:10. By that point, Ms. Lambert had already been disqualified. But again, she could have deposed Mr. Owens via Zoom earlier, and Plaintiffs notified Mr. Byrne of the date, time, and location of Mr. Owens's in-person deposition and invited Mr. Byrne or new counsel to attend. Ex. 7. Neither he nor new counsel chose to appear. That absence was the result of Mr. Byrne's own choice, not anything Judge Upadhyaya did.[4]

### E.    Ms. Lambert's Extension Request is Baseless

Ms. Lambert separately moves for "an extension to file a Motion to Disqualify Magistrate Upadhyaya." ECF No. 194. The Court should deny this motion for several reasons. First, Ms. Lambert never met and conferred with counsel for Plaintiffs about an extension request. Ex. 4. Second, the motion is already nearly two and a half years late. Third, Ms. Lambert is not a party or lawyer to any party to this action and her time for filing motions, let alone blatantly meritless ones, is done.

### V.    CONCLUSION

The record confirms that Mr. Byrne's motion is not a genuine recusal request but at best another in a very long line of efforts to avoid compliance with the Court's orders requiring him to account for the disclosure of Plaintiffs' protected materials. The Court should deny his motion,

---

[4] Mr. Byrne cannot salvage his motion by aggregating three failed premises as "cumulative weight." Mot. at 12-13. A cumulative-weight theory cannot create a reasonable basis to question impartiality where each component is unsupported by evidence, factually false, legally insufficient, or already rejected by this Court. Zero plus zero plus zero is still zero.

ECF No. 193, in its entirety. The Court also should deny Ms. Lambert's extension request and deny her permission to move to disqualify Judge Upadhyaya. ECF No. 194.

Dated: July 29, 2026

Respectfully submitted,

By:   */s/Davida Brook*
      Davida Brook (D.C. Bar No. CA00117)
      **SUSMAN GODFREY L.L.P.**
      1900 Avenue of the Stars, Suite 1400
      Los Angeles, CA 90067
      Tel: (310) 789-3100
      dbrook@susmangodfrey.com

      Stephen Shackelford, Jr. (D.C. Bar No. NY0443)
      Eve Levin (D.C. Bar No. 1672808)
      George El-Khoury *(Admitted pro hac vice)*
      **SUSMAN GODFREY L.L.P.**
      One Manhattan West, 50th Floor
      New York, NY 10001
      Tel: (212) 336-8330
      sshackelford@susmangodfrey.com
      elevin@susmangodfrey.com
      gel-khoury@susmangodfrey.com

      Jonathan Ross (D.C. Bar No. TX0027)
      **SUSMAN GODFREY L.L.P.**
      1000 Louisiana St., Suite 5100
      Houston, TX 77002
      Tel: (713) 651-9366
      jross@susmangodfrey.com

      Edgar Sargent (*Admitted pro hac vice*)
      **SUSMAN GODFREY L.L.P.**
      401 Union Street, Suite 3000
      Seattle, WA 98101
      Tel: (206) 516-3880
      esargent@susmangodfrey.com

      *Attorneys for Plaintiffs*

17

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of July 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which I understand to have served counsel for the parties.

/s/Davida Brook
Davida Brook