IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LIBERTY VOTE HOLDINGS INC.,
LIBERTY VOTE USA INC., and
DOMINION VOTING SYSTEMS                Civil Action No. 1:21-cv-02131-CJN-MAU
CORPORATION,

                                       Judge Carl J. Nichols

            Plaintiffs,

v.

PATRICK BYRNE,

            Defendant.
                                          /

**DEFENDANT PATRICK BYRNE'S MOTION FOR SEVEN-DAY EXTENSION OF
TIME TO FILE REPLY IN SUPPORT OF
<u>MOTION TO DISQUALIFY MAGISTRATE JUDGE</u>**

The Defendant, Patrick Byrne, by and through his undersigned counsel, hereby files this

his Motion for Seven-Day Extension of Time to File Reply in Support of Motion to Disqualify

Magistrate Judge, and states:

1. On July 15, 2026, the Defendant filed his Motion to Disqualify Magistrate Judge Moxila

A. Upadhyaya Pursuant to 28 U.S.C. § 455 and Incorporated Memorandum of Points and

Authorities.  [ECF No. 193].

2. On July 29, 2026, the Plaintiffs filed and served their Opposition to Defendant Patrick

Byrne's Motion to Disqualify Magistrate Judge Upadhyaya (ECF No. 193) and Stefanie Lambert's

Motion to Extend Compliance with July 1, 2026, Order and to File a Motion to Disqualify (ECF

No. 194).  The Plaintiffs served the Opposition through the Court's CM/ECF system on July 29,

2026.  [ECF No. 195 at 22].

1

3. Under Local Civil Rule 7(d), a reply memorandum is due within seven days after service of the memorandum in opposition. Computed under Federal Rule of Civil Procedure 6(a)(1), that period expires on Wednesday, August 5, 2026. That date is the original deadline this Motion seeks to extend. Standing Order for Civil Cases § 9(b)(i) [ECF No. 15 at 3].

4. The Defendant requests that the Court extend the reply deadline by seven days, through and including Wednesday, August 12, 2026. August 12, 2026 is neither a Saturday, a Sunday, nor a legal holiday, so no adjustment under Federal Rule of Civil Procedure 6(a)(1)(C) is required.

5. This Motion is filed before the current deadline expires. Federal Rule of Civil Procedure 6(b)(1)(A) therefore governs, and the Court may extend the time for good cause.

6. This is the Defendant's first request to extend this particular reply deadline.]

7. Good cause supports the requested extension. The Opposition is a twenty-two page memorandum containing sixteen pages of substantive argument. It is supported by the Declaration of Davida Brook and seven exhibits. [ECF Nos. 195, 195-1 through 195-8]. The Opposition and its attachments total fifty-one pages.

8. The Opposition raises substantial factual, procedural, and legal matters that the Defendant did not reasonably anticipate from his opening motion. Without previewing the reply, those matters fall into four categories. First, the Opposition introduces new evidentiary material, consisting of a declaration and seven exhibits, including deposition transcript excerpts and email correspondence that were not previously in the record on this Motion. Second, the Opposition advances factual representations concerning matters outside the existing record, including statements attributed to a nonparty individual and to a nonparty law firm. Third, the Opposition relies on an entirely new body of legal authority, including a decision of this Court that the

2

Opposition contends controls the analysis.  Fourth, the Opposition advances threshold procedural contentions, including timeliness and compliance with Local Civil Rule 7(m), that the opening motion did not address.

9.  The Opposition cites twenty judicial decisions.  None of them appears in the Table of Authorities of the Defendant's opening motion.  Compare [ECF No. 193 at 3] with [ECF No. 195 at iii-iv].

10.  Responsible preparation of the reply requires work that cannot be completed by August 5, 2026.  Counsel must read and verify each of the twenty authorities the Opposition cites, including their pinpoint citations and the parentheticals attributed to them.  Counsel must compare the Opposition's factual representations against the deposition transcripts, correspondence, and other materials the Plaintiffs have submitted.  Counsel must examine additional docket materials the Opposition cites, including the transcript at ECF No. 145 and the record in Smartmatic USA Corp. v. Herring Networks, Inc., No. 21-cv-02900-CJN.  Counsel must then prepare a focused reply within the twenty-five page limit set by Local Civil Rule 7(e).

11.  Seven days is a modest extension reasonably tailored to that work.  The Defendant does not seek additional pages, additional briefing, a hearing, or any other relief.

13.  This Motion is made in good faith and is not sought for the purpose of delay.  A seven-day extension will not prejudice the Plaintiffs.

## MEMORANDUM OF POINTS AND AUTHORITIES

3

Federal Rule of Civil Procedure 6(b)(1)(A) provides that, when an act must be done within a specified time, the court may for good cause extend the time with or without motion if a request is made before the original time expires.  This Motion is filed before the reply period expires.  Local Civil Rule 7(d) establishes the seven-day reply period, and Federal Rule of Civil Procedure 6(a)(1) governs its computation.  Local Civil Rule 7(e) limits a reply memorandum to twenty-five pages.  Section 9 of this Court's Standing Order for Civil Cases sets the content requirements for motions for extension of time, each of which this Motion addresses.  [ECF No. 15 at 3-4].  The volume of the Opposition, the new evidentiary material and factual representations it introduces, the twenty authorities it cites that the opening motion did not, and the record verification those matters require establish good cause for a seven-day extension.

WHEREFORE, the Defendant, Patrick Byrne, respectfully requests that this Honorable Court enter an Order granting this Motion; extending the deadline for the Defendant to file his reply in support of his Motion to Disqualify Magistrate Judge Moxila A. Upadhyaya [ECF No. 193] from August 5, 2026 through and including August 12, 2026; and grant such other and further relief as this Honorable Court may deem just and proper.

### <u>LOCAL CIVIL RULE 7(M) STATEMENT</u>

As of the filing of this Motion, counsel has been unable to obtain the Plaintiffs' position on the relief sought.  The Defendant will promptly supplement this statement upon learning the Plaintiffs' position."

Respectfully submitted,

Dated: August 5, 2026

4

/s/ Peter Ticktin
Peter Ticktin, Esquire
Florida Bar No. 887935
Serv512@LegalBrains.com
Serv514@LegalBrains.com
**THE TICKTIN LAW GROUP**
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Telephone: (561) 232-2222
*Attorney for the Defendant,*
*Patrick Byrne*

5

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 6, 2026, a true and correct copy of the foregoing was served upon all counsel of record via the Court's CM/ECF electronic filing system.


*/s/ Peter Ticktin*
Peter Ticktin

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222