**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| LIBERTY VOTE HOLDINGS INC., LIBERTY VOTE USA INC., and DOMINION VOTING SYSTEMS CORPORATION, | ) | Civil Action No. 1:21-cv-02131-CJN-MAU |
| Plaintiffs, | ) | Judge Carl J. Nichols |
| v. | ) | **JURY TRIAL DEMANDED** |
| PATRICK BYRNE, | ) | |
| Defendant. | ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANT PATRICK BYRNE'S MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION TO PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

Plaintiffs respectfully submit this response to Defendant Patrick Byrne's Motion for Extension of Time to File Opposition to Plaintiffs' Motion for Default Judgment. Dkt. 200. Plaintiffs have prepared this response because, as explained herein, Mr. Byrne's counsel, Mr. Ticktin, did not state Plaintiffs' position in his motion and has yet to supplement the Court with Plaintiffs' position as he said he would. Dkt. 200.

For the third time since appearing in this matter, Mr. Ticktin has moved for an extension of time on the evening of Mr. Byrne's deadline. Dkts. 162, 197, 200. He has done so despite the Court's Standing Order requiring parties to seek any extensions at least four days before the deadline, Dkt. 15 at ¶ 9(b); despite the Court's specific warning that Mr. Ticktin must comply with this requirement, Minute Order, Nov. 26, 2025; and despite Plaintiffs' recent motion reiterating that Mr. Ticktin has continued not to comply with this rule, Dkt. 198 at 23-24. Despite all of this, Mr. Ticktin has yet again disregarded the Court's rules.

This extension request also is at least the third time since July 2026 that Mr. Ticktin has represented to the Court that he satisfied Local Civil Rule 7(m) when he plainly did not. Dkts. 193, 197, 200. On July 15, 2026, at 5:10 p.m., Mr. Ticktin's associate emailed Plaintiffs' counsel that Mr. Byrne would be moving to disqualify Magistrate Judge Upadhyaya "on grounds of impropriety"—but without providing any information as to what those grounds would be. Plaintiffs' counsel responded: "It is impossible to evaluate your request based on the information provided, which plainly does not satisfy this Court's meet and confer requirements. In any event, based on the information provided, Dominion objects." Rather than provide Plaintiffs with additional information, Mr. Ticktin filed Mr. Byrne's motion that evening, representing that he "attempted to confer with counsel for the Plaintiffs" but that "[c]ounsel for the Plaintiffs did not respond." Dkt. 193 at 15. Similarly, on August 5, 2026, Mr. Ticktin moved for a seven-day extension to file a reply in support of Mr. Byrne's disqualification motion. Dkt. 197. In it, he represented that "counsel has been unable to obtain the Plaintiffs' position on the relief sought," *id.* at 4, even though Plaintiffs' counsel has no record of any communication from Mr. Ticktin or his associate about that motion.

Mr. Ticktin's most recent filing is yet another example. He claims that "[u]ndersigned's office has sought concurrence from Plaintiff for a two-week extension, and he will file a supplement to this motion to advise this Court of Plaintiff's position." Dkt. 200. But Mr. Ticktin's associate emailed Plaintiffs' counsel only two hours before moving for the extension, stating: "Due to counsel attending trial this week, and emerging news from DHS, Dr. Byrne intends to move for a 14 day extension of time…." And Plaintiffs' counsel responded to Mr. Ticktin's associate before Mr. Byrne's motion was filed:

> Before we can consider your request, please identify the venue of the trial, the docket number, which attorneys are participating, and

> when the trial was scheduled. Please also let us know what DHS news is emerging and why it impacts Mr. Byrne's opposition.

Mr. Ticktin still has not answered any of Plaintiffs' questions, which go to Court's "good cause" requirement for seeking extensions. Dkt. 15 at ¶ 9(b)(ii) (requiring parties to include "the good cause supporting the motion"); *id.* at 3 n.2 ("If a Party cannot comply with this four-day requirement, it must explain why it cannot do so in its motion.").

Plaintiffs also note that, while Mr. Ticktin claims he could not prepare Mr. Byrne's opposition because he is "in trial this week out of state," Dkt. 200, he has managed to find time to appear on at least three different media programs this week, none of which appear to have anything to do with an out-of-state trial:

- August 21, 2026: Steve Bannon's *War Room*, https://rumble.com/v7egyia-ticktin-were-past-the-point-where-the-save-america-act-can-be-implemented-i.html.
- August 27, 2026: PBS NewsHour, https://www.pbs.org/newshour/show/jan-6-rioters-pursue-new-path-for-payments-from-trump-administration; and
- August 28, 2026: Right Side Broadcasting Network, https://www.youtube.com/watch?v=_RXBv5mYFLU.

Mr. Ticktin's availability for multiple media appearances this week—including the day of and morning after his filing—is difficult to reconcile with his representations about his trial schedule and inability to prepare Mr. Byrne's opposition.

Finally, Plaintiffs are concerned that even when extensions are granted, they are not complied with. Indeed, after the Court granted Mr. Ticktin a seven-day extension to file a reply in support of Mr. Byrne's disqualification motion, Minute Order, Aug. 7, 2026—a request Mr. Ticktin made to investigate the factual representations he made in his own brief, Dkt. 197—Mr. Ticktin filed nothing.

Dated: August 28, 2026

Respectfully submitted,

By: */s/Davida Brook*

Davida Brook (D.C. Bar No. CA00117)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
dbrook@susmangodfrey.com

Stephen Shackelford, Jr. (D.C. Bar No. NY0443)
Eve Levin (D.C. Bar No. 1672808)
George El-Khoury *(Admitted pro hac vice)*
**SUSMAN GODFREY L.L.P.**
One Manhattan West, 50th Floor
New York, NY 10001
Tel: (212) 336-8330
sshackelford@susmangodfrey.com
elevin@susmangodfrey.com
gel-khoury@susmangodfrey.com

Jonathan Ross (D.C. Bar No. TX0027)
**SUSMAN GODFREY L.L.P.**
1000 Louisiana St., Suite 5100
Houston, TX 77002
Tel: (713) 651-9366
jross@susmangodfrey.com

Edgar Sargent (*Admitted pro hac vice*)
**SUSMAN GODFREY L.L.P.**
401 Union Street, Suite 3000
Seattle, WA 98101
Tel: (206) 516-3880
esargent@susmangodfrey.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of August 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which I understand to have served counsel for the parties.

*/s/Davida Brook*
Davida Brook