**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **LIBERTY VOTE HOLDINGS, INC., *et al.*,**<br>*Plaintiffs,*<br>v.<br>**PATRICK BYRNE,**<br>*Defendant.* | Civil Action No.<br>1:21-cv-02131-CJN-MAU |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Patrick Byrne's Motion to Disqualify Magistrate Judge Moxila A. Upadhyaya Pursuant to 28 U.S.C. § 455. ECF No. 193. Plaintiffs Liberty Vote Holdings, Inc., Liberty Vote USA, Inc., and Dominion Voting Systems Corporation (collectively "Dominion") oppose the Motion. For the following reasons, Byrne's Motion is **DENIED**.

## BACKGROUND

Dominion has sued Byrne for defamation related to allegedly false statements he made about Dominion's role in the 2020 election. ECF No. 1 ¶¶ 152–63. The Court assumes that the Parties are familiar with the facts and extensive procedural history of this case. Accordingly, it will repeat only what is necessary to resolve this Motion.

On August 13, 2024, this Court granted Dominion's motion to disqualify Stefanie Lambert, Byrne's then-counsel in this case. ECF Nos. 125, 126 ("Disqualification Order"). After a hearing and extensive briefing, the Court found that, among other things, Lambert had deliberately disseminated thousands of sensitive Dominion litigation documents in violation of the applicable Protective Order. *See* ECF No. 126. As the Parties know, that Protective Order was one that the

Parties, including Byrne who was represented by counsel at that time, jointly moved this Court to enter. ECF No. 45.

As part of its Disqualification Order, the Court ordered that both Lambert and Byrne provide, through sworn affidavits, a full accounting of their access to and handling of Dominion's protected documents. ECF No. 125 at 2. Specifically, the pair were to detail, among other things, what materials they had accessed or downloaded, the steps, if any, they had taken to assess and halt any breach, and details of any disclosures made in violation of the Protective Order. *Id.*

To date, neither Lambert nor Byrne has complied with the Disqualification Order. Lambert continued to file motions on Byrne's behalf in violation of the Order and subsequent admonishments from the Court. *See* ECF Nos. 127, 129, 130; 1st Min. Ord. (Aug. 23, 2024); 2d Min. Ord. (Aug. 23, 2024). As was his right, Byrne, through Lambert, appealed the Disqualification Order to the District Judge. ECF No. 133. The District Judge affirmed this Court on October 22, 2024. ECF No. 144. The District Judge also denied Byrne's request for relief or reconsideration of that Order. *See* ECF Nos. 148, 154. Byrne then appealed the District Judge's Order to the U.S. Court of Appeals for the D.C. Circuit. ECF No. 156. On June 17, 2025, a panel of the D.C. Circuit unanimously dismissed Byrne's interlocutory appeal for lack of jurisdiction. *U.S. Dominion, Inc. v. Byrne*, USCA No. 24-7195, at *2 (D.C. Cir. June 17, 2025) (per curiam).

On March 31, 2026, this Court again ordered Byrne and Lambert to comply with the Disqualification Order by filing their affidavits by April 13, 2026 at 5:00 p.m. ET. ECF No. 175 at 2. Byrne again sought the intervention of the District Judge, who denied his motion for relief, and further ordered that Byrne, Lambert, and his current counsel, Peter Ticktin, comply with this Court's March 31, 2026 Order by July 15, 2026. ECF Nos. 180, 191.

At 11:56 p.m. on July 15, 2026, Byrne filed this Motion to Disqualify. ECF No. 193. Byrne, Lambert, and Ticktin still have not complied with the Disqualification Order.

**STANDARD OF REVIEW**

Byrne seeks "disqualification," which I construe to mean recusal under 28 U.S.C. § 455(a). Section 455(a) mandates "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

"[R]ecusal must be limited to truly extraordinary cases." *Cobell v. Kempthorne*, 455 F.3d 317, 332 (D.C. Cir. 2006). "The D.C. Circuit has recognized that a motion to recuse should not be 'lightly granted.'" *United States v. Nixon*, 267 F. Supp. 3d 140, 146 (D.D.C. 2017) (quoting *United States v. Pollard*, 959 F.2d 1011, 1023 (D.C. Cir. 1992)).

Judges are presumed to be capable of carrying out their sworn duties faithfully and impartially. *See, e.g.*, 28 U.S.C. § 455(a); *Cobell*, 455 F.3d at 332; *Philip Morris USA Inc. v. FDA*, 156 F. Supp. 3d 36, 43, 49–50 (D.D.C. 2016). "[B]ecause judges are presumed to be impartial, the Court must begin its analysis of [a recusal request] with a presumption against disqualification." *SEC v. Bilzerian*, 729 F. Supp. 2d 19, 22 (D.D.C. 2010) (quotation omitted); *United States v. Ali*, 799 F.3d 1008, 1017 (8th Cir. 2015) ("A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." (citation omitted)).

To overcome this presumption, "the moving party must demonstrate by clear and convincing evidence that disqualification is required by Section 455(a)." *Walsh v. FBI*, 952 F. Supp. 2d 71, 75 (D.D.C. 2013) (citation omitted); *see also Nixon*, 267 F. Supp. 3d at 147; *Doe v. Rogers*, 498 F. Supp. 3d 59, 77 (D.D.C. 2020). This is an objective standard. *SEC v. Loving Spirit Found. Inc.*, 392 F.3d 486, 493 (D.C. Cir. 2004) ("Recusal is required when 'a reasonable and

informed observer would question the judge's impartiality.'" (quoting *United States v. Microsoft Corp.*, 253 F.3d 34, 114 (D.C. Cir. 2001) (en banc) (per curiam))). As such, "[a] judge should not grant a motion for recusal that is 'based upon conclusory, unsupported or tenuous allegations.'" *Nixon*, 267 F. Supp. 3d at 147 (citing *In re Kaminski*, 960 F.2d 1062, 1065 n.3 (D.C. Cir. 1992) (per curiam)); *see also In re Aguinda*, 241 F.3d 194, 201 (2d Cir. 2001) ("[T]he grounds asserted in a recusal motion must be scrutinized with care, and judges should not recuse themselves solely because a party claims an appearance of partiality.").

"To deter unhappy litigants from abusing the recusal statute and to promote faith in the judicial system, courts have emphasized that a judge has *as much an obligation not to recuse himself where there is no reason to do so as he does to recuse himself when proper*." *Bilzerian*, 729 F. Supp. 2d at 22 (citing *United States v. Greenspan*, 26 F.3d 1001, 1005 (10th Cir. 1994)) (emphasis added). "The burden this presumption places on parties seeking recusal is necessary in light of the grave threats that potential abuses of this potent statutory tool pose to the judicial system. One of those threats is . . . *to manufacture recusal to delay proceedings*." *Id.* (emphasis added). Even when there is "no specific fear that the moving party is attempting to manipulate the court," judges must safeguard the proper use of Section 455 so that "the recusal process itself does not become a tool to undermine the legitimacy of the judicial system." *Nixon*, 267 F. Supp. 3d at 146.

## ANALYSIS

Although Byrne "does not contend that [I] harbor[] actual bias," he argues that, under Section 455(a), I should be disqualified from this case because my "impartiality might reasonably be questioned" for three reasons. ECF No. 193 at 4–5.[1] None provide a basis for recusal.

### I. Alleged Prior Representation of the Co-Founders of Staple Street Capital.

First, Byrne argues that I should recuse myself because, in this case, I allegedly "presided over the depositions of two of [my] own former clients . . . ." ECF No. 193 at 9. Specifically, Byrne claims that I "previously represented Stephen Owens and Hootan Yaghoobzadeh, the co-founders of Staple Street Capital." *Id.* at 5. According to Byrne, Staple Street Capital acquired a controlling interest in Dominion in July 2018 and held that interest through the 2020 election cycle. *Id.* at 9. Because Yaghoobzadeh was deposed and Owens is a witness in this case, Byrne argues I should recuse myself. *Id.* Byrne also argues that I made "discretionary rulings that affected [his] ability to question them." *Id.* at 4, 6.

Byrne fails to offer any detail or evidence to support the claim that I represented these individuals. He does not cite any court case, matter, transaction, or even the timeframe of my alleged representation of Owens, Yaghoobzadeh, or Staple Street Capital. He just proclaims that the "Magistrate Judge represented both men." *Id.*

In Dominion's response, Dominion notes that it contacted Yaghoobzadeh, who "has no memory of himself, Mr. Owens, or Staple Street Capital ever being represented by Venable or"

---

[1] In addition to Byrne's three grounds for recusal, he alleges that I disqualified Lambert "immediately before the scheduled deposition[] of [Dominion employee] Kay Stimson." ECF No. 193 at 5. Byrne suggests that Lambert's disqualification "prevented [her] from questioning Stimson," a witness "with material knowledge relevant to the Defendant's defenses." *Id.* This is false. As Dominion points out, Lambert deposed Stimson on August 8, 2024, approximately three weeks before Lambert was disqualified. ECF No. 195-2 at 3; ECF No. 133.

myself. ECF No. 195 at 7. Dominion's counsel also contacted my former law firm Venable LLP, which confirmed that "the law firm likewise has no record of representation of Staple Street Capital or Messrs. Yaghoobzadeh or Owens." *Id.* Further, as Dominion correctly points out, Byrne failed to raise any issue with me related to Owens, Yaghoobzadeh, or Staple Street Capital at the three discovery hearings. *See* ECF Nos. 103, 131, 145. Dominion further argues that, when I was called upon to rule on the Owens deposition by Byrne's co-defendant One America News Network ("OANN"), the only question was whether Dominion could require OANN to depose Owen remotely. ECF No. 145 at 37:21–38:05. Dominion correctly notes that I ruled against it and in favor of Defendants, holding that OANN had the right to depose Owens in person. *Id.*

To get to the nub of the issue, I do not know Owens or Yaghoobzadeh. Nor do I recall—now or at the time of the Owens discovery dispute—ever representing them or Staple Street Capital. All of this is bolstered by Venable's confirmation that it has no record of having represented any of them. *See* ECF No. 195 at 7.

Byrne's assertion rests on nothing but conclusory statements, which Dominion squarely rebuts. Byrne could have, but chose not to, reply to any of Dominion's points by introducing evidence or supporting his assertions beyond his mere statements. ECF No. 202 at 8. Byrne has failed to meet the clear and convincing evidence standard needed to rebut the presumption of judicial impartiality. *Nixon*, 267 F. Supp. 3d at 147; *Walsh*, 952 F. Supp. 2d at 75. Indeed, he has failed to carry even a fraction of his "heavy burden" of overcoming that presumption as to Owens, Yaghoobzadeh, and Staple Street Capital. *Ali*, 799 F.3d at 1017. In light of the absence of a factual basis or evidence to support recusal on these grounds, Byrne has failed to show that a "reasonable and informed observer" would have occasion to question my impartiality. *See Loving Spirit*

*Found. Inc.*, 392 F.3d at 493 (finding a party's recusal appeal frivolous when containing false statements and statements devoid of evidentiary support).

**II. Prior Representation of Venezuela in the D.C. Circuit.**

Second, Byrne argues that my seventeen-day appearance on behalf of Venezuela in a D.C. Circuit case, *Rusoro Mining Ltd. v. Bolivarian Republic of Venezuela*, USCA No. 18-7044 (D.C. Cir. Feb. 22, 2019) ("*Rusoro Mining*"), requires my recusal in this case. ECF No. 193 at 11. Byrne's arguments for recusal here are materially identical to those OANN raised in a coordinated case. *Smartmatic USA Corp. v. Herring Networks, Inc.*, Case No. 21-cv-2900 (D.D.C. Nov. 3, 2021). In that decision, I addressed in detail why my representation in *Rusoro Mining* does not require my recusal. *See Smartmatic USA Corp. v. Herring Networks, Inc.*, No. 21-cv-2900-CJN-MAU, 2023 WL 8697830 (D.D.C. Dec. 16, 2023). That analysis applies equally to Byrne's arguments here. Accordingly, I will not repeat it again, but attach that opinion as Appendix A.

**III. Douglas Emhoff.**

Finally, Byrne argues that I should recuse myself because of a purported case on which I worked with Douglas Emhoff while I was an attorney at Venable. Because Emhoff "was deposed in this case," Byrne argues, my past experience working on unspecified "California litigation under [Emhoff's] supervision" requires my recusal. ECF No. 193 at 4, 12. Again, Byrne fails to offer any evidence or cite any court case, subject matter, transaction, or timeframe of this alleged "California litigation" to support his assertion. Nor does he support his allegation that Emhoff was deposed in this case with, for example, a deposition transcript, date that the deposition allegedly occurred, or a reference to the deposition on the docket.

Dominion points out that the very premise of Byrne's argument is false. ECF No. 195 at 15. Specifically, Dominion notes that Emhoff was never deposed in this case. *Id.* Nor does the

docket reflect any deposition involving Emhoff. *See* Dkt. Further, the Court was never called upon to resolve any dispute related to Emhoff's deposition because, as Dominion correctly points out, that deposition never occurred in this case. *See* ECF No. 195 at 15. And having chosen not to reply to Dominion or equip his assertion with additional facts in a reply, Byrne left his motion to stand on its own. ECF No. 202 at 8 (acknowledging that the Court granted an extension for Byrne to file a reply in support of his Motion to Disqualify and stating that he "elect[s] to stand on the motion and the opposition rather than file more paper . . . ."). It therefore stands on nothing but conclusory, unsupported assertions.

To be clear, Emhoff and I were both partners at the same time while at Venable. I have no memory, however, of ever working with him on some unspecified "California litigation." Byrne has failed to satisfy his burden by any standard, let alone by the clear and convincing evidence standard. *See Walsh*, 952 F. Supp. 2d at 75. And by failing to respond to Dominion's opposition, Byrne has conceded both of his grounds for recusal—the allegation that I worked on "California litigation" under Emhoff's "supervision" and that Emhoff was deposed in this case. Byrne's conclusory, unsupported assertions simply do not overcome the well-settled presumption of impartiality. *See Nixon*, 267 F. Supp. 3d at 147. If anything, given the timing and lack of substance of Byrne's Motion, this appears to be an attempt to improperly delay his compliance with the Court's Disqualification Order issued two years ago. *See Bilzerian*, 729 F. Supp. 2d at 22.

## CONCLUSION

For the foregoing reasons, Byrne's Motion is **DENIED**.

**SO ORDERED.**

Date: September 11, 2026

MOXILA A. UPADHYAYA
United States Magistrate Judge