IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Case No. 1:21-cv-02131-CJN-MAU

LIBERTY VOTE HOLDINGS INC.,
LIBERTY VOTE USA INC., and
DOMINION VOTING SYSTEMS
CORPORATION,

Plaintiffs,

v.

PATRICK BYRNE,

Defendant.
____________________________________/

**DEFENDANT PATRICK BYRNE'S URGENT MOTION FOR CLARIFICATION OF THE SEPTEMBER 11, 2026 MINUTE ORDER, OBJECTION TO THE SEALING OF ECF NO. 204, AND FOR A LIMITED EXTENSION OF TIME**

The Defendant, Patrick Byrne ("Dr. Byrne"), by and through his undersigned counsel, hereby files his Urgent Motion for Clarification of the September 11, 2026 Minute Order, Objection to the sealing of his Corrected Response to Dominion's Motion for Default Judgment, ECF No. 204, and for a Limited Extension of Time, and states:

## Introduction

On September 11, 2026, at 2:42 p.m., Susman Godfrey, counsel for Dominion, sent an email, in violation of Local Rule 5.1(a), to the Court requesting that the Court issue an order. Exhibit 2. Within two hours, the Court issued a Minute Order at 4:36 p.m., sealing Dr. Byrne's Response, ECF No. 204, to Dominion's Motion for Default Judgment, and ordered Dr. Byrne to file "appropriately redacted versions" by September 14, 2026. Federal Rule of Civil Procedure 7(b) requires a request for an order to be made by motion unless it is made during a public hearing

or trial. Here, Dr. Byrne was deprived of the record, because apparently Dominion can just email the Court and get what it wants.

So now Dr. Byrne, without the benefit of standard motion practice on a public docket, struggles to understand how he is to redact his Response when he merely discussed press statements and press releases. In fact, undersigned does not possess the Dominion discovery documents subject to the protective order. Undersigned counsel has complained to this Court since filing his appearance that Dominion has not provided him with discovery. Undersigned counsel is required to respond zealously on behalf of his client, to Dominion's Motion for Default Judgment, and this required an analysis of the press statements and press releases related to Dominion's false statements of its Chinese vendors, and his client's public discussion of these lies.

There is no gag order on this case, and undersigned was required to assess independent source exceptions, independent derivation, prior public availability, independently obtained information, and public government communications. The United States Supreme Court held in *Bartnicki v. Vopper*, 532 U.S. 514 (2001), that the media cannot be held liable for publishing a document as long as the journalists played no part in the leak. Here, the heart of Dominion's Motion for Default Judgment is that Dr. Byrne participated in media interviews discussing national security and elections. Undersigned counsel sourced, for this Court, the media and press discussion of Dr. Byrne's statements subject of the motion related to Dominion's lies about its involvement with China.

It appears Dominion is frustrated with the government referrals, and press coverage of its lies, but that is not a basis for the Court to seal records. Government press releases are presumptively public, and Dr. Byrne has First Amendment rights to discuss this case, national security, and elections. Therefore, Dr. Byrne objects, pursuant to *United States v. Hubbard*, 650



THE TICKTIN LAW GROUP
270 SW Natura Avenue, Deerfield Beach, Florida 33441
Telephone: (561) 232-2222

F.2d 293 (D.C. Cir. 1980), to the Court's sealing of his Opposition and its exhibits.

**Dominion's September 11, 2026 Email Violates Local Civil Rule 5.1(a) and F.R.Civ.P. 7(b)**

Dominion's email told the Court that Dr. Byrne had filed "confidential discovery materials." That is not what happened. Undersigned counsel drew every exhibit from the press and from the public record, because Dominion accused Dr. Byrne of speaking about discovery, and counsel was required to show that Dr. Byrne spoke about what the press had already published. The Court cannot silence Dr. Byrne on what is in the press, and no gag order restrains him. The clarification Dr. Byrne needs is the line between press and discovery: an identification of which portions of the Corrected Opposition and its exhibits the Court believes came from anywhere other than the press and the public record. On counsel's review, there are none, so nothing should be redacted. (ECF No. 204).

That specification matters for a reason unique to current counsel. Undersigned counsel entered his appearance for Dr. Byrne on November 14, 2025. See ECF No. 161. He has never received Dominion's discovery documents, despite requesting discovery.

On March 21, 2024, the Court entered the Amended Protective Order, ECF No. 79. That Order permits counsel who execute the required Undertaking to receive Discovery Material, including material designated Confidential or Attorneys' Eyes Only, subject to the Order's restrictions. Undersigned counsel executed the Undertaking required by ECF No. 79 on January 6, 2026, and thereby agreed to access and use Discovery Material only as the Amended Protective Order permits. Execution of the Undertaking did not result in access to discovery.

On June 5, 2026, undersigned counsel conferred by email with counsel for Dominion and requested that access to the hosted repositories be restored for current defense counsel under ECF No. 79 and the executed Undertaking. He did not receive a substantive response. He has not been



THE TICKTIN LAW GROUP
270 SW Natura Avenue, Deerfield Beach, Florida 33441
Telephone: (561) 232-2222

provided with discovery. He therefore has no means to compare the images attached to ECF No. 204 against Dominion's production by Bates number, production volume, or repository search.

The lack of access is not for want of asking. Since taking on this case, undersigned counsel has requested the discovery in this litigation, and no assistance in obtaining it has come. Dominion has not provided it. No trial date has been set. Dr. Byrne cannot prepare his case for trial without the documents, and it has begun to appear that Dominion intends that he never have his day in court.

The exhibits attached to Dr. Byrne's Opposition were obtained from the press or from public sources. (ECF No. 204). Those sources include: (a) records that law enforcement, a nonparty, made the subject of official government referrals and then released to the press; (b) official government correspondence; (c) a declassified government record; (d) public dockets of this Court or other courts; (e) public internet pages; and (f) documents Dominion itself filed on the public docket with its Motion for Default Judgment, including Exhibits 17 and 18. (ECF No. 198). A source chart identifying the public origin of each exhibit, to the best of undersigned counsel's present knowledge, is attached as Exhibit 1. Counsel will supplement that chart if additional source information becomes available.

Paragraph 1 of ECF No. 79 expressly permits use of material "lawfully obtained independently of this Litigation." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34, 37 (1984).

Dr. Byrne therefore requests that the Court identify which portions of the Corrected Opposition and its exhibits the Court believes came from anywhere other than the press and the public record, and confirm that independently obtained press and public records need not be redacted merely because a similar or identical page also exists in Dominion's production. (ECF No. 204). On counsel's review, there are no such portions, so nothing should be redacted. Dr.

Byrne does not concede that any portion of the Corrected Opposition is Discovery Material. Counsel cannot Bates-match images against a repository he has never been permitted to open, and even Dominion, which holds its own production, identified the exhibits only at the level of whole docket entries.

Dr. Byrne further requests that the Court extend the deadline for the final public version to two business days after entry of the order on this Motion. In the alternative, the Court may accept the protective public redacted versions Dr. Byrne files on September 14, 2026, without waiver of the positions stated in this Motion, and permit a corrected public version within the same two business days. Either course leaves the complete sealed Corrected Opposition before the Court and Dominion in the interim, and neither impedes Dominion's September 21, 2026 reply. (ECF Nos. 198, 204).

This request complies with Section 9 of the Court's Standing Order. (ECF No. 15). The deadline this Motion seeks to extend is September 14, 2026. Dr. Byrne could not file this Motion four days before that deadline, because the Minute Order issued at 4:36 p.m. on Friday, September 11, 2026, and compliance came due the next business day. The Court has granted Dr. Byrne no previous extension of this September 14 deadline, and clarification of the Court's September 11, 2026 Minute Order is necessary to ensure compliance with the Order itself. The extension will not affect any other existing deadline, because Dominion's September 21, 2026 reply deadline stands and the complete sealed Corrected Opposition remains before the Court and Dominion in the interim. (ECF No. 204).

Pursuant to LCvR 7(m), undersigned counsel conferred with counsel for Dominion on September 14, 2026, by email. Counsel asked Dominion to identify every page or exhibit in the Corrected Opposition that Dominion contends is Discovery Material under the Amended



THE TICKTIN LAW GROUP
270 SW Natura Avenue, Deerfield Beach, Florida 33441
Telephone: (561) 232-2222

Protective Order and every page Dominion agrees came from the press or another public source. (ECF Nos. 204, 79). Dominion opposes the relief sought in this Motion.

The Court's September 11, 2026 Minute Order sealed ECF No. 204 in its entirety because the filing and attachments "appear" to violate ECF No. 79, and ordered "appropriately redacted versions" by September 14, 2026. The Order does not identify a page, exhibit, or Bates number. The seal did not follow a motion. It followed an email that Susman Godfrey sent to chambers at 2:42 p.m. on September 11, 2026, in violation of Local Civil Rule 5.1(a) and Federal Rule of Civil Procedure 7(b). Exhibit 2. The Minute Order issued two hours later.

Dr. Byrne objects to the seal. He does not concede that any portion of the Corrected Opposition is Discovery Material. (ECF No. 204). Every exhibit came from the press or from the public record: official government correspondence, a declassified government record, public court records, public internet pages, records a nonparty law-enforcement official referred officially and then released to the press, and documents Dominion itself placed on this docket. Current defense counsel has never received Dominion's production. He cannot Bates-match frames against a repository he does not have.

Clarification is a request for a map. Dr. Byrne asks the Court to identify whether it is requiring redaction of public-source documents and press reports, and to confirm that the Amended Protective Order still means what it says: material lawfully obtained independently of this Litigation is not converted into Discovery Material merely because Dominion also produced a similar page. (ECF Nos. 204, 79). The objection stands on separate ground. The Court sealed a forty-seven-page opposition and every attachment on the strength of an unfiled email. Those papers are judicial records. The public right of access attaches, and the *Hubbard* factors require

that the seal be lifted.

**Statement of Facts**

Dominion filed its Motion for Default Judgment on August 13, 2026, with eighteen exhibits on the public docket. (ECF No. 198). Dominion's supporting declaration asserts that Exhibits 17 and 18 reproduce social-media posts containing documents Dominion describes as produced, Bates-stamped, and confidential. Dominion did not file those exhibits under seal. Dominion has never moved to seal them. They remain public today.

On September 10, 2026, Dr. Byrne filed his Corrected Opposition. (ECF No. 204). The Opposition addressed the provenance of the documents depicted in Dominion's exhibits. Dominion accused Dr. Byrne of speaking about its discovery. Counsel was required to answer by showing that Dr. Byrne spoke about what the press had already published, including press coverage of Dominion's statements about its Chinese vendors. There is no gag order in this case. Dr. Byrne has First Amendment rights to discuss this case, national security, and elections. The United States Supreme Court held in *Bartnicki v. Vopper*, 532 U.S. 514 (2001), that the media cannot be held liable for publishing a document so long as the journalists played no part in the illegal interception. The same independent-source principle controls here. Counsel sourced, for this Court, the media and press discussion of the statements that Dominion put at issue.

Undersigned counsel appeared in this case on November 14, 2025. See ECF No. 161. He is not the attorney whose conduct prompted the Court's March 19, 2024 Status Quo Order, ECF No. 77. He has never been provided Dominion's discovery. He has complained to this Court since filing his appearance that Dominion has not produced it. He executed the Undertaking required by the Amended Protective Order, ECF No. 79, on January 6, 2026. Execution of the Undertaking did not result in access to discovery.



THE TICKTIN LAW GROUP
270 SW Natura Avenue, Deerfield Beach, Florida 33441
Telephone: (561) 232-2222

On June 5, 2026, undersigned counsel conferred by email with counsel for Dominion and requested that access be restored under ECF No. 79 and the executed Undertaking. He did not receive a substantive response. He therefore has no means to compare the images attached to ECF No. 204 against Dominion's production by Bates number. No trial date has been set. Dr. Byrne cannot prepare his case for trial without the documents.

Every exhibit attached to the Corrected Opposition was obtained from the press or from another public source, including records a nonparty law-enforcement official referred officially and released to the press, official government correspondence, declassified records, other courts' public dockets, public webpages, and pages Dominion filed with its own Motion for Default Judgment. (ECF Nos. 204, 198). See Ex. 1 (Source Chart). No exhibit was taken by undersigned counsel from Dominion's discovery. Counsel did not possess that production when the Corrected Opposition was prepared or filed. A production-style label on a page that already sat in a public release does not establish that the copy used in ECF No. 204 came from Dominion's repository.

Paragraph 1 of ECF No. 79 expressly permits use of material "lawfully obtained independently of this Litigation." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34, 37 (1984).

Dominion asked for the seal by email, not by motion. On September 11, 2026, at 2:42 p.m., counsel for Dominion at Susman Godfrey emailed the chambers of this Court and of Magistrate Judge Upadhyaya. Exhibit 2. The email told the Court that Dominion was "reaching out by email rather than through a formal filing" because Dominion did "not wish to draw further public attention" to what Dr. Byrne had filed. It asked the Court to direct listed exhibits "to be removed from the public docket" and to order that they be refiled under seal. It identified no page, no passage, and no Bates number. The email was not filed. It does not appear on the docket.

The seal followed within two hours. At 4:36 p.m. that same afternoon, the Court sealed



THE TICKTIN LAW GROUP
270 SW Natura Avenue, Deerfield Beach, Florida 33441
Telephone: (561) 232-2222

the Corrected Opposition and all attachments and set a September 14, 2026 deadline for redacted versions. (ECF No. 204). No motion was pending. Dr. Byrne had nothing to oppose and no occasion to be heard. The Minute Order does not identify the material to be redacted. The next business day was September 14.

On September 14, 2026, undersigned counsel conferred with counsel for Dominion by email pursuant to LCvR 7(m). Counsel asked Dominion to identify every page or exhibit in the Corrected Opposition that Dominion contends is Discovery Material, and every page Dominion agrees came from the press or another public source. (ECF Nos. 204, 79). Dominion opposes the relief sought in this Motion.

## **Legal Standard**

Rule 26(c) authorizes protection against harms arising from discovery. It is not a general license to restrict information acquired outside the discovery process. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34, 37 (1984). The Supreme Court upheld the order in *Seattle Times* because it was limited to pretrial discovery and did not restrict dissemination of information "gained from other sources." *Id.* at 37. ECF No. 79 ¶ 1 writes that same line into this case.

Federal Rule of Civil Procedure 7(b) requires that a request for a court order be made by motion, unless made during a hearing or trial. Local Civil Rule 5.1(a) provides that, except when requested by a judge, correspondence shall not be directed by the parties or their attorneys to a judge. A request that exhibits be stripped from the public docket is a request for an order. It must come by motion.

A separate standard governs judicial records. Before sealing a court filing, this Circuit requires consideration of the six *Hubbard* factors: (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has



THE TICKTIN LAW GROUP
270 SW Natura Avenue, Deerfield Beach, Florida 33441
Telephone: (561) 232-2222

objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings. *United States v. Hubbard*, 650 F.2d 293, 317–22 (D.C. Cir. 1980); *MetLife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665–66 (D.C. Cir. 2017). There is a "strong presumption in favor of public access to judicial proceedings." *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996). Any sealing must be no broader than necessary. *Johnson v. Greater Se. Cmty. Hosp. Corp.*, 951 F.2d 1268, 1277–78 (D.C. Cir. 1991). Targeted redaction is the ordinary accommodation. *Friedman v. Sebelius*, 672 F. Supp. 2d 54, 58–60 (D.D.C. 2009).

An order that requires a party to act must be specific enough to permit compliance. *Cf. Schmidt v. Lessard*, 414 U.S. 473, 476 (1974) (per curiam). "Appropriately redacted," without a page list, leaves two equally noncompliant choices: over-redact public records that ECF No. 79 ¶ 1 permits, or under-redact pages the Court had in mind.

## Argument

### Clarification Is Necessary Because the Minute Order Does Not Identify What Must Be Redacted

The Minute Order covers a forty-seven-page opposition and all attachments. Those papers are not one category of material. They include legal argument; official government letters and a declassified government record; public court records and public internet pages; records a nonparty official referred and released to the press before ECF No. 204 was filed; and any particular page the Court has matched to Dominion's production.

Those categories are not interchangeable under ECF No. 79. Paragraph 1 preserves independently obtained material. Current counsel cannot close any remaining gap by comparing



THE TICKTIN LAW GROUP
270 SW Natura Avenue, Deerfield Beach, Florida 33441
Telephone: (561) 232-2222

frames to discovery he has never received. A short order stating whether public-source and press reports must be redacted, and listing any affected pages, permits compliance. Without it, Dr. Byrne must guess.

**Dominion Sought the Seal by Email, in Violation of Local Rule 5.1(a) and Rule 7(b)**

The application that produced the Minute Order is not on the docket. Local Civil Rule 5.1(a) forbids correspondence to a judge except when the judge requests it. Rule 7(b) requires a request for an order to be made by motion unless it is made during a hearing or trial. A request that exhibits be removed from the public docket and refiled under seal is a request for an order. It comes by motion under LCvR 7, supported by a statement of points and authorities, after conferral under LCvR 7(m).

Dominion knew the correct path. Its own email offered it: "Should the Court prefer that Plaintiffs pursue this relief through a formal motion or other procedure, Plaintiffs are prepared to do so promptly." No motion was filed. No conferral occurred. Exhibit 2. This Court's own record applies that rule. In 2024, Dominion raised an alleged violation by submitting a letter. The Clerk rejected the submission "for being in the wrong format—a letter instead of a motion—and instructed it to refile, which it did the following day." (ECF No. 126 at 20 n.12). The same rule governed on September 11, 2026.

The email also shows why Dominion avoided the public docket. Dominion wrote that it was "reaching out by email rather than through a formal filing" because it did "not wish to draw further public attention" to what Dr. Byrne had filed. What Dr. Byrne filed is the press: public releases, official government correspondence, and a declassified government record, all bearing on the Corrected Opposition's showing concerning Dominion's Chinese vendors and related public reporting. (ECF No. 204). Frustration with government referrals and press coverage is not



THE TICKTIN LAW GROUP
270 SW Natura Avenue, Deerfield Beach, Florida 33441
Telephone: (561) 232-2222

a basis to seal judicial records. Government press releases are presumptively public.

Dr. Byrne objects to a seal entered on an application that never appeared on the docket. He asks the Court to direct Dominion to file the September 11, 2026 email. A reader of this docket today sees a sealing order and no application. Dominion's stated reason for skipping LCvR 7, avoiding "further public attention," is itself a *Hubbard* admission. Factor one (public need) and factor six (purpose of the filing) are at their strongest precisely when a party asks the Court to bury, off-docket, the public-source exhibits that explain why default should be denied.

**The Amended Protective Order Does Not Reach the Press or Independently Obtained Public Sources**

*Seattle Times* holds that a protective order may control information obtained through discovery, but a party remains free to use identical information obtained independently of the court's processes. *Seattle Times*, 467 U.S. at 34, 37. See also *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994); *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 7–8 (1st Cir. 1986); *Wilk v. Am. Med. Ass'n*, 635 F.2d 1295, 1299 (7th Cir. 1980). The Amended Protective Order is not broader than that rule. It is narrower, because it expressly preserves material "lawfully obtained independently of this Litigation." (ECF No. 79 ¶ 1).

The press is not discovery. No gag order restrains Dr. Byrne. The Amended Protective Order does not reach speech about material in the press. *Bartnicki* confirms that publication of newsworthy information obtained from a source who already put it in circulation is not converted into a legal wrong merely because someone else once held a private copy. 532 U.S. at 528–35. The Court cannot treat every public page as if the page had come from a production set.

A production-style label on a page that already sat in a public release may show that a document was produced at some point. It does not, standing alone, prove that the copy filed with



THE TICKTIN LAW GROUP
270 SW Natura Avenue, Deerfield Beach, Florida 33441
Telephone: (561) 232-2222

the Corrected Opposition came from Dominion's repository. (ECF No. 204). Dr. Byrne asks the Court to apply Paragraph 1 to every copy whose press or public provenance is shown. The Source Chart shows that provenance for every exhibit. Ex. 1.

**The Hubbard Factors Require Unsealing of the Corrected Opposition and Its Exhibits**

The Corrected Opposition and its exhibits are judicial records. They were filed to oppose entry of default. The common-law right of access therefore attaches, and the Court must apply the six *Hubbard* factors before any seal can stand. *MetLife*, 865 F.3d at 665–66; *Hubbard*, 650 F.2d at 317–22. Dominion has not overcome the presumption of access. The Minute Order does not show that the Court weighed the factors at all.

First, the need for public access is at its height. Factor one asks whether the public needs the sealed information, not whether the lawsuit as a whole is newsworthy. *Cable News Network, Inc. v. FBI*, 984 F.3d 114, 119 (D.C. Cir. 2021). The exhibits were offered to show provenance: that Dr. Byrne spoke about records already in the press and in official channels. Those records concern the supply chain and foreign-touch points of voting equipment used in American elections, including materials the public discussion has tied to China and to routing through Shanghai. Election administration is a matter of core public concern. When a voting-system vendor asks a federal court to black out, on an unfiled weekend email, the public-source documents that bear on that concern, the public's need is the need to see the record on which a default judgment may rest.

Secondly, previous public access is substantial. A nonparty official released compilations to the press. Official government correspondence and a declassified record are public by nature. Dominion itself placed related images on this public docket as Exhibits 17 and 18 and has never moved to seal them. (ECF No. 198). *Hubbard* treats prior public access as a factor that cuts strongly against a later seal. 650 F.2d at 318.



THE TICKTIN LAW GROUP
270 SW Natura Avenue, Deerfield Beach, Florida 33441
Telephone: (561) 232-2222

Thirdly, the objector is a private litigant seeking to suppress already-public records. Dominion is not the government asserting a classified-information privilege. It emailed chambers because it did "not wish to draw further public attention" to what Dr. Byrne had filed. Exhibit 2. A commercial party's desire to keep embarrassing public-source documents out of a judicial record is not the interest *Hubbard* treats as weighty.

Fourthly, the asserted confidentiality interest is weak as applied to independently obtained press and public records. Rule 26(c) and *Seattle Times* protect discovery obtained through the court's processes. They do not convert identical information "gained from other sources" into sealed Discovery Material. 467 U.S. at 34, 37; ECF No. 79 ¶ 1. Overlap with a produced Bates set is not, standing alone, a property interest sufficient to overcome public access to a copy taken from the press.

Fifthly, the relevant prejudice runs the other way. Embarrassment, or exposure of a China-related supply-chain record already in the press, is not the prejudice *Hubbard* protects. The prejudice that does matter is the prejudice to the public and to Dr. Byrne if the Court decides a default motion on a sealed opposition whose public version is a guess. Wholesale sealing also prejudices the integrity of the docket: a reader sees a seal and no motion. *Hubbard*, 650 F.2d at 315 n.79.

Sixthly, the documents were introduced for a central, merits-related purpose. Documents used to decide the controversy may not readily stay sealed. *Hubbard*, 650 F.2d at 317. The Corrected Opposition exists to defeat default. Its exhibits distinguish speech about what the press published from display of produced pages. If the Court is going to adjudicate willfulness, provenance, and sanctions on this record, the public is entitled to see the record the Court is using, or, at minimum, a page-specific redaction rather than a blanket seal.



THE TICKTIN LAW GROUP
270 SW Natura Avenue, Deerfield Beach, Florida 33441
Telephone: (561) 232-2222

Taken together, the *Hubbard* factors require unsealing of every exhibit whose press or public provenance the Source Chart establishes. Any residual seal must be no broader than the specific pages, if any, the Court identifies as Discovery Material obtained through this litigation rather than independently. *Johnson*, 951 F.2d at 1277–78; *Friedman*, 672 F. Supp. 2d at 58–60. On counsel's review, there are none.

**A Limited Extension Completes Compliance Without Prejudice**

The Minute Order issued late Friday, September 11. Compliance was due Monday, September 14. Counsel does not have the discovery against which to Bates-match images. This request complies with Section 9 of the Court's Standing Order. (ECF No. 15). The Court has granted Dr. Byrne no previous extension of this September 14 deadline. The extension will not affect Dominion's September 21, 2026 reply. The complete sealed Corrected Opposition remains before the Court in the interim. (ECF No. 204).

Dr. Byrne proposes two alternatives. First, extend the deadline until two business days after entry of the order on this Motion. Secondly, if the Court keeps September 14, accept the protective public redacted versions filed today, without waiver of the objection or of the press and independent-source positions, and permit a corrected public version within two business days after the order on this Motion.

WHEREFORE, the Defendant, Patrick Byrne, respectfully requests that this Honorable Court grant this Motion, clarify the September 11, 2026 Minute Order by clarifying whether this Court is requiring redactions of public-source documents and press reports, direct Dominion to file its September 11, 2026 email on the docket, extend the deadline for the final public version to two business days after entry of the order on this Motion, and grant such other and further relief as this Honorable Court may deem just and proper.



THE TICKTIN LAW GROUP
270 SW Natura Avenue, Deerfield Beach, Florida 33441
Telephone: (561) 232-2222

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2026, I will electronically file the foregoing with the Clerk of Court through the Court's CM/ECF system, which will send notice to all counsel of record.

*/s/ Peter Ticktin*
Peter Ticktin, Esquire
Florida Bar No. 887935
Serv512@LegalBrains.com
Serv514@LegalBrains.com
Serv600@LegalBrains.com
**THE TICKTIN LAW GROUP**
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Telephone: (561) 232-2222
*Attorney for Patrick Byrne*

**Index of Exhibits**

Exhibit 1: Source Chart for the Exhibits to the Corrected Opposition (ECF No. 204)

Exhibit 2: September 11, 2026 Email from Counsel for the Plaintiffs to the Chambers of Judge Nichols and Magistrate Judge Upadhyaya



THE TICKTIN LAW GROUP
270 SW Natura Avenue, Deerfield Beach, Florida 33441
Telephone: (561) 232-2222