# EXHIBIT 2

September 11, 2026 Email from Counsel for the Plaintiffs to Chambers

Outlook

**Liberty Vote Holdings Inc., et al. v. Byrne, No. 1:21-cv-02131 – Defendant's Opposition to Plaintiffs' Motion for Default Judgment**

**From** George El-Khoury <GEl-Khoury@susmangodfrey.com>
**Date** Fri 9/11/2026 2:42 PM
**To** Nichols_Chambers@dcd.uscourts.gov <Nichols_Chambers@dcd.uscourts.gov>; Courtney_Moore@dcd.uscourts.gov <Courtney_Moore@dcd.uscourts.gov>; upadhyaya_chambers@dcd.uscourts.gov <upadhyaya_chambers@dcd.uscourts.gov>
**Cc** Peter Ticktin <pt@legalbrains.com>; David Perry <DPerry@legalbrains.com>; Dominion SG Simplelist (dominion@simplelists.susmangodfrey.com) <dominion@simplelists.susmangodfrey.com>

1 attachment (29 KB)
2026-09-11 Dominion-Byrne Minute Order.pdf;

Dear Judge Nichols and Judge Upadhyaya:

Plaintiffs respectfully write to bring to the Court's attention an urgent matter concerning the public filing of confidential discovery materials on this Court's docket. Plaintiffs are reaching out by email rather than through a formal filing because they do not wish to draw further public attention to Mr. Byrne and his counsel's continued improper disclosures of confidential materials. Should the Court prefer that Plaintiffs pursue this relief through a formal motion or other procedure, Plaintiffs are prepared to do so promptly. Counsel for Mr. Byrne is copied on this email.

Yesterday evening, Mr. Byrne and his latest counsel Peter Ticktin took the remarkable step of publicly filing confidential discovery materials produced in this case on this Court's docket. Specifically, as part of their opposition to Plaintiffs' motion for default judgment (Dkt. 204), Mr. Byrne, through his counsel Mr. Ticktin, publicly filed seventeen exhibits that either consist of or describe the contents of Plaintiffs' confidential discovery materials: Dkt. 204-1 (Ex. A), Dkt. 204-3 (Ex. C-1), Dkt. 204-4 (Ex. C-2), Dkt. 204-5 (Ex. C-3), Dkt. 204-6 (Ex. C-4), Dkt. 204-7 (Ex. C-5), Dkt. 204-8 (Ex. C-6), Dkt. 204-9 (Ex. C-7), Dkt. 204-10 (Ex. C-8), Dkt. 204-11 (Ex. C-9), Dkt. 204-12 (Ex. C-10), Dkt. 204-13 (Ex. C-11), Dkt. 204-14 (Ex. C-11a), Dkt. 204-17 (Ex. D-3), Dkt. 204-18 (Ex. D-4), Dkt. 204-25 (Ex. I), and Dkt. 204-27 (Ex. J). The opposition also describes and quotes Plaintiffs' confidential discovery materials at length. Plaintiffs received no advance notice of Mr. Byrne's plan to file confidential discovery documents on the public docket whatsoever.

As Plaintiffs and the Court have addressed repeatedly—through multiple motions, hearings, and orders, including in the very motion for default judgment to which this opposition responds—such conduct is improper and violates multiple orders and rules

governing this litigation. For example, the Protective Order provides that no Receiving Party will "make any Discovery Material public except as permitted by this Order" and requires that any filing that "discloses, summarizes, describes, characterizes, or otherwise communicates Confidential or Attorneys' Eyes Only Discovery Materials" must be "filed with the Court under seal in accordance with Local Rule 5.1(h)." *See* Dkt. 79, Am. Protective Order at ¶¶ 1, 12. The Status Quo Order separately directs Mr. Byrne to "immediately desist from sharing, distributing, providing access to or discussing any discovery material" received in this case. *See* Dkt. 77, Status Quo Order at ¶ 1. Moreover, Magistrate Judge Upadhyaya's disqualification order makes unmistakably clear that parties may not rely on prior unlawful disclosures to justify the continued dissemination of protected materials, as Mr. Byrne and Mr. Ticktin appear to do in their opposition to default judgment. *See* Dkt. 126, Mem. Op. at 20 ("In other words, because the documents were already in the public domain due to Lambert's own unilateral actions, Lambert argued that they were no longer subject to the strictures of the Protective Order. In making the argument, Lambert relied on an exception to the Protective Order that did not exist. Nothing in the Court's Status Quo or Protective Orders shields a Party from sanctions for reposting or sharing documents already made public due to that Party's own violation of those Orders.").

Plaintiffs apologize for the need to bring yet another such matter to the Court's attention. However, as Plaintiffs' opening brief demonstrates—and as this latest filing only confirms—there is no responsible party on the other side willing to follow the rules. Plaintiffs respectfully request that the Court direct the seventeen confidential exhibits identified above to be removed from the public docket and that Mr. Byrne and his counsel be ordered to refile them under seal.

Plaintiffs will respond to the opposition by Thursday, September 17, pursuant to this Court's local rules.

Finally, we wish to bring to your attention that the Court issued a text order today on this case's docket that appears to be intended for another matter. The ECF notice attached for your convenience.

—

**George R. El-Khoury**
Associate | Susman Godfrey LLP
(212) 729-2063 (office)
(908) 337-1312 (cell)