**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| LIBERTY VOTE HOLDINGS INC.,<br>LIBERTY VOTE USA INC., and<br>DOMINION VOTING SYSTEMS<br>CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>PATRICK BYRNE,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:21-cv-02131-CJN-MAU<br><br>Judge Carl J. Nichols<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUR-REPLY**

Plaintiffs respectfully request leave to file the attached sur-reply, Ex. A, to address matters raised for the first time in Defendant Patrick Byrne's "Corrected Reply in Support of His Urgent Motion for Clarification of the September 11, 2026 Minute Order, Objection to the Sealing of ECF No. 204, and for a Limited Extension of Time." Dkt. 212. A sur-reply is necessary so Plaintiffs can point out that Mr. Byrne again publicly filed Plaintiffs' Bates-stamped, confidential documents, including documents this Court ordered sealed on September 11, 2026. *See* Dkts. 211-2, 211-5, 212-2, 212-5. Mr. Byrne also attached nine new exhibits, including a new declaration, that respond to nothing in Plaintiffs' opposition. *See* Dkts. 212-1 to 212-9.

Leave is warranted. Courts in this district grant leave to file a sur-reply when the movant raises new matters or evidence for the first time in reply. *See Lewis v. U.S. Parole Comm'n*, 351 F.R.D. 64, 76 (D.D.C. 2026); *Flanagan v. Wyndham Int'l Inc.*, 231 F.R.D. 98, 101 (D.D.C. 2005). The question is whether the sur-reply "would be helpful to the resolution of the pending motion[] and whether the movant would be unduly prejudiced were leave to be granted." *Lewis*, 351 F.R.D. at 76 (quoting *Banner Health v. Sebelius*, 905 F. Supp. 2d 174, 187 (D.D.C. 2012)). Each factor

favors leave. Plaintiffs could not have addressed a violation of the Court's orders that had not yet happened, and the Court should know about it before ruling on Mr. Byrne's objection to sealing. Nor could Plaintiffs have anticipated the nine exhibits Mr. Byrne attached for the first time to his reply, including a new declaration from Mr. Byrne himself. As the sur-reply explains, these exhibits should not be considered, and they are irrelevant. Finally, Mr. Byrne would suffer no prejudice. The sur-reply is three paragraphs long, it is limited to matters he raised for the first time in his reply, and Plaintiffs are filing it the day after his reply.

Therefore, Plaintiffs respectfully request leave from the Court to file their sur-reply. *See* Ex. A.

Dated: October 1, 2026

Respectfully submitted,

By: */s/Davida Brook*

Davida Brook (D.C. Bar No. CA00117)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
dbrook@susmangodfrey.com

Stephen Shackelford, Jr. (D.C. Bar No. NY0443)
Eve Levin (D.C. Bar No. 1672808)
George El-Khoury *(Admitted pro hac vice)*
**SUSMAN GODFREY L.L.P.**
One Manhattan West, 50th Floor
New York, NY 10001
Tel: (212) 336-8330
sshackelford@susmangodfrey.com
elevin@susmangodfrey.com
gel-khoury@susmangodfrey.com

Jonathan Ross (D.C. Bar No. TX0027)
**SUSMAN GODFREY L.L.P.**
1000 Louisiana St., Suite 5100
Houston, TX 77002
Tel: (713) 651-9366
jross@susmangodfrey.com

Edgar Sargent (*Admitted pro hac vice*)

**SUSMAN GODFREY L.L.P.**
401 Union Street, Suite 3000
Seattle, WA 98101
Tel: (206) 516-3880
esargent@susmangodfrey.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of October 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which I understand to have served counsel for the parties.

*/s/Davida Brook*
Davida Brook

**CERTIFICATE OF CONFERENCE**

Counsel for Plaintiffs emailed counsel for Defendant to advise of their intent to file this motion. Counsel for Defendant responded, "Of course, we oppose your motion for leave to file a sur-Reply."

*/s/Davida Brook*
Davida Brook