**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| LIBERTY VOTE HOLDINGS INC., LIBERTY VOTE USA INC., and DOMINION VOTING SYSTEMS CORPORATION, | ) | Civil Action No. 1:21-cv-02131-CJN-MAU |
| Plaintiffs, | ) | Judge Carl J. Nichols |
| v. | ) | **JURY TRIAL DEMANDED** |
| PATRICK BYRNE, | ) | |
| Defendant. | ) | |

**PLAINTIFFS' SUR-REPLY TO DEFENDANT PATRICK BYRNE'S CORRECTED REPLY IN SUPPORT OF HIS URGENT MOTION FOR CLARIFICATION OF THE SEPTEMBER 11, 2026 MINUTE ORDER, OBJECTION TO THE SEALING OF ECF NO. 204, AND FOR A LIMITED EXTENSION OF TIME**

Plaintiffs respectfully submit this sur-reply to bring to the Court's attention three issues that arose from Defendant Patrick Byrne's "Corrected Reply in Support of His Urgent Motion for Clarification of the September 11, 2026 Minute Order, Objection to the Sealing of ECF No. 204, and for a Limited Extension of Time." Dkt. 212.

***First***, the day after this Court issued an order remarking that Mr. Byrne and his counsel "have repeatedly and flagrantly violated the protective order throughout this litigation," Minute Order, Sept. 29, 2026,[1] Mr. Byrne once again chose to violate the clear Protective Order entered by Judge Nichols in this case by publicly filing Plaintiffs' Bates-stamped, confidential discovery documents. *See* Dkt. 212-2 (DOM_DC01459733); Dkt. 212-5 (DOM_DC00370194–0200). Adding insult to injury, Mr. Byrne admits that these documents are in the public domain only

[1] The Court's September 29, 2026, Minute Order contains a typographical error in stating that "***Plaintiff*** and his counsel have repeatedly and flagrantly violated the protective order throughout this litigation." The context of the Minute Order is clear that the Court intended to say "Defendant."

because his former, now-disqualified counsel previously leaked them. *See* Dkt. 212, Reply at 9, 11, 13. He likewise ignores that this Court unambiguously rejected his document-laundering exception to the Protective and Status Quo Orders. *See* Dkt. 126, Mem. Op. at 20; Dkt. 144, Order at 2–3. And worst of all, the documents he filed were ***specifically ordered by this Court to be maintained under seal only three weeks ago.*** *See* Minute Order, Sept. 11, 2026 (ordering the Clerk of Court to seal, among other documents, Dkt. 204-25 (Byrne Opp. Ex. I) (DOM_DC01459733) and Dkt. 204-27 (Byrne Opp. Ex. J) (DOM_DC00369777–9791, DOM_DC00369872–9874, DOM_DC00370184–0200)).

Plaintiffs respectfully request that the Court promptly and conditionally seal Dkts. 212-2 and 212-5, as it did with Dkts. 204-25 and 204-27, and take up the issue of whether to permanently seal these exhibits when resolving Mr. Byrne's Dkt. 207 motion. The Court also should seal Mr. Byrne's duplicative exhibits located at Dkts. 211-2 and 211-5, which he filed the day before filing his corrected brief. For all the reasons in Plaintiffs' opposition, those documents should remain sealed. *See* Dkt. 208.

***Second***, Mr. Byrne's reply is procedurally improper, including because it attaches a brand-new declaration from Mr. Byrne himself (notably, not the declaration the Court originally ordered over two years ago—for which the most recent deadline passed several months ago). A reply in support of a motion is not the place to submit evidence that could have been submitted in support of the motion. *See McAllister v. District of Columbia*, 689 F. App'x 646, 646–47 (D.C. Cir. 2017) ("The district court did not abuse its discretion in declining to address two cursory declarations, which contain no mention of specific rates and were submitted for the first time with plaintiffs' reply."). Plaintiffs will address the substance of Mr. Byrne's declaration and other exhibits in their reply in support of default judgment.

***Third***, Mr. Byrne's reply asks the Court to act urgently because "[a] federal election will take place in one month." Dkt. 212, Reply at 2. He declares that "[t]his Court is on notice" that if it does not go along with him, it will be subject to criminal "prosecution" for continuing "to silence, delay, disrupt, or interfere with criminal investigations and national security operations." *Id.* This is notable for many reasons, including because Mr. Byrne's misconduct is not winding down. It is escalating. In view of this escalation, Plaintiffs ask the Court to put their motion for default judgment back on the calendar, including by setting a date for Plaintiffs' reply and a hearing date as soon as practicable.

Dated: October 1, 2026

Respectfully submitted,

By: */s/Davida Brook*

Davida Brook (D.C. Bar No. CA00117)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
dbrook@susmangodfrey.com

Stephen Shackelford, Jr. (D.C. Bar No. NY0443)
Eve Levin (D.C. Bar No. 1672808)
George El-Khoury *(Admitted pro hac vice)*
**SUSMAN GODFREY L.L.P.**
One Manhattan West, 50th Floor
New York, NY 10001
Tel: (212) 336-8330
sshackelford@susmangodfrey.com
elevin@susmangodfrey.com
gel-khoury@susmangodfrey.com

Jonathan Ross (D.C. Bar No. TX0027)
**SUSMAN GODFREY L.L.P.**
1000 Louisiana St., Suite 5100
Houston, TX 77002
Tel: (713) 651-9366
jross@susmangodfrey.com

Edgar Sargent (*Admitted pro hac vice*)
**SUSMAN GODFREY L.L.P.**
401 Union Street, Suite 3000

Seattle, WA 98101
Tel: (206) 516-3880
esargent@susmangodfrey.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of October 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which I understand to have served counsel for the parties.

*/s/Davida Brook*
Davida Brook